IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JANE DOE, Plaintiff

v.

PAUL WANG, Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 11 2020

JEFFREY P. COLWELL
CLERK

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff JANE DOE, pursuant to Rules 3, 7(a) and 8(a) of the Federal Rules of Civil Procedure, commences this action by filing this Complaint against PAUL WANG and states and alleges as follows:

### PARTIES

1. JANE DOE ("Plaintiff") is a citizen of the State of California.

2. PAUL WANG ("Defendant") is a citizen of the State of Colorado who resides at 17 Cottonwood Ln, Greenwood Village, CO 80121, Tel: 720-323-1113.

### JURISDICTION

3. This Court may exercise subject matter jurisdiction over the claims set forth in this Complaint because of diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual citizens of different states and the amount in controversy exceeds $75,000).

4. Venue in this Court is proper because "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district, as described below. 28 U.S.C. § 1391(b)(2).

### STATEMENT OF FACTS

1

5. Plaintiff and Defendant were fellow students when attending junior high school in China between 1990 and 1993.

6. The pair went their separate ways after junior high. Defendant left China and came to the United States for college. He had been staying in the U.S. ever since but he reunited with Plaintiff 20 plus years later in China in late 2012.

7. Between late 2012 and late 2013 Plaintiff and Defendant were involved in a romantic relationship.

8. CHEN, was also a fellow student with Plaintiff and Defendant, sexually assaulted Plaintiff in a massage room in May 2013 with no other eyewitness present. At the time CHEN was a married man with a son.

9. CHEN was subsequently arrested and prosecuted by local law enforcement. A bench trial for the criminal prosecution was held private without public access.

10. Defendant was one of the few people who knew of the incident. Among those few who knew of CHEN's incident Defendant was the only person in the United States.

11. Plaintiff was a resident in China until early July 2013. In July 2013 Plaintiff came to the United States by Defendant's invitation.

12. After Plaintiff broke up with Defendant in late 2013 Defendant has started disclosing CHEN's incident behind Plaintiff's back without Plaintiff's consent or permission in order to humiliate Plaintiff.

13. Defendant not only disclosed CHEN's incident but also spread the word that Plaintiff falsely accused CHEN of sexual assault.

14. Not until this year Plaintiff has not been informed that Defendant has been engaging such despicable conduct for years. A cease and desist letter was served upon Defendant in Jul 2020.

## COUNT ONE
Unreasonable Disclosure of Private Facts

15. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the paragraphs above.

the intention of causing emotional injuries and economic damages to Plaintiff.

17. Defendant publicly disclosed private facts about Plaintiff.

18. Before Defendant's disclosure CHEN's incident was private.

19. At the time of the disclosure Defendant knew or should have known that the facts he was disclosing were private.

20. The disclosure made by Defendant would be highly offensive to a reasonable person.

21. The facts disclosed by Defendant were not of legitimate concern to the public.

22. As a result of Defendant's conduct, Plaintiff has suffered severe emotional distress and other non-economic damages to be proven at trial.

23. Defendant's actions were attended by circumstances of malice, willful and wanton conduct for the sole purposes to humiliate, embarrass, and re-traumatize Plaintiff.

## COUNT TWO
### Outrageous Conduct

24. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the paragraphs above.

25. Defendant engaged in extreme and outrageous conduct towards Plaintiff, not only by unreasonably disclosing private facts but also misrepresenting those facts with the intent of causing Plaintiff severe emotional distress.

## COUNT THREE
### Intentional Infliction of Emotional Distress

26. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the paragraphs above.

27. Defendant's conduct towards Plaintiff was intended to cause devastating effect on Plaintiff.

28. As a result of Defendant's conduct, Plaintiff has suffered severe emotional distress and other non-economic damages to be proven at trial.

## REQUEST FOR RELIEF

3

Wherefore, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:

a. Preliminary and permanent injunctive relief that prohibits Defendant from engaging in the conduct complained of herein;

b. An award of compensatory damages in an amount to be determined at trial;

c. An award of exemplary damages;

d. An award of prejudgment and post-judgment interest, as allowed by law;

e. An award of costs and attorney fees; and

f. Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff makes a jury demand consistent with Federal Rule of Civil Procedure 38.

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted this 9th day of September 2020.

*JANE DOE*
11151 Valley Blvd #4886,
El Monte, CA
Telephone: (626) 208-9665
Plaintiff in Pro Se