UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RBJ-MEH

JANE DOE,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

## SECOND AMENDED COMPLAINT AND JURY DEMAND

Pursuant to Fed. R. Civ. P. 15 and this Court's April 8, 2021 Minute Order (ECF 64), Plaintiff Jane Doe, for her Second Amended Complaint states as follows:

### PARTIES

1. Plaintiff, Jane Doe, is a resident of the State of California.

2. Defendant, Paul Wang, is a resident of the State of Colorado.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are diverse, and the amount in controversy exceeds $75,000.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

# GENERAL ALLEGATIONS

## The Parties' Relationship

5. Plaintiff and Defendant attended school together in China from 1990 through 1993.

6. The two parted ways when Defendant left China to attend college in the United States.

7. In late 2012, Defendant returned to China to visit.

8. During Defendant's visit, he and Plaintiff reconnected and began a romantic and intimate relationship.

9. Defendant returned to the United States and the couple decided to continue their relationship.

## A Mutual Acquaintance Sexually Assaults Plaintiff and is Charged With Rape

10. On May 18, 2013, Plaintiff attended a karaoke party.

11. Guochang Chen, a mutual acquaintance of Plaintiff and Defendant, also attended the party.

12. Plaintiff drank some alcohol at the party and eventually became unconscious, either due to alcohol intoxication or potentially from another partygoer slipping something into her drink.

13. At about 2:00 a.m. on May 19, 2013, Mr. Chen took Plaintiff—who was still unconscious—to the Dalangtaosha Elite Club.

14. The Dalangtaosha Elite Club was a massage center in the area.

15. Mr. Chen preceded to sexually assault Plaintiff while she was unconscious.

16.     Plaintiff awoke in a massage room and suspected that something happened to her as evidenced by the visible and physical injuries to her genitals.

17.     Plaintiff told Defendant what had happened to her, based on her limited recollection of the events that evening.

18.     Plaintiff told Defendant that she woke up naked in a massage room with Mr. Chen right beside her and that she felt pain in her genitals.

19.     Defendant encouraged Plaintiff to get a rape kit and Plaintiff preceded to report the assault to local authorities. Detectives interviewed Plaintiff.

20.     The only other people Plaintiff told about the incident was her own mother and her attorney at the time.

21.     On May 20, 2013, Mr. Chen was arrested by the Tiane District Suboffice of Guangzhou Public Security Bureau on suspicion of rape.

22.     On May 27, 2013, Mr. Chen was released from jail on bail pending trial.

23.     The case was referred to the procuratorate for investigation and prosecution (which is essentially the equivalent of an American prosecuting attorney) on July 19, 2013.

24.     The procuratorate interrogated the Mr. Chen and three separate witnesses.

25.     The procuratorate also reviewed the photos of the crime scene, photos of Plaintiff's injuries and audiovisual materials, such as surveillance videos.

26.     Stills from the surveillance videos clearly show that Plaintiff was unable to walk on her own accord.

27.     Stills from the surveillance videos show Plaintiff being walked around with Mr. Chen on one side of her and a woman that was unknown to Plaintiff on the other side.

28. On information and belief, the woman was an employee of the massage center.

29. Given Plaintiff's inability to walk on her own or even stay awake, she did not possess the mental capacity to consent to have sex.

30. Based on the procuratorate's investigation, it ruled that Mr. Chen "ignored national laws and violated the wishes of women by forcibly having sex with her. His behavior violated *Article 236 of the Criminal Law of the People's Republic of China*."

31. The procuratorate found that "[t]he facts of the crime were clear and the evidence was reliable and sufficient." Therefore, it decided to prosecute Mr. Chen for the crime of rape.

32. At that time, the prosecution was confidential.

33. In fact, Plaintiff's mother went to the courthouse on Mr. Chen's trial date, but was not permitted to observe the trial.

34. Mr. Chen was ordered to pay Plaintiff restitution.

35. By receiving restitution, Plaintiff was led to believe Mr. Chen was convicted of the rape charge.

36. However, Plaintiff does not know whether Mr. Chen suffered any other penalties, fines or imprisonment as a result of the rape.

**Plaintiff Moves to the United States to Live With Defendant, But the Relationships Ends Shortly Thereafter**

37. In July 2013, with Mr. Chen's rape charge still pending, Plaintiff moved to the United States to live with Defendant in Aurora, Colorado.

38. Plaintiff and Defendant lived together until October 2013.

39. At one point during that time, Defendant had purchased Plaintiff a plane ticket to return to China.

4

40. Plaintiff, however, lost her passport so she did not take that flight.

41. At that time, Plaintiff did not know whether her passport was lost or stolen.

42. As a result, she reported her lost passport to the Aurora Police Department, which is exactly what the U.S. Department of State—Bureau of Consular Affairs recommends in that situation.

43. On information and belief, the police report states that Plaintiff reported the passport as "lost/stolen"—she did not ever claim that it was stolen from her because she did not know that for sure. Rather, she simply knew her passport was missing and that missing passports should be reported to the police.

44. Plaintiff found her passport shortly thereafter, and therefore, did not pursue further remedies or investigation through the Aurora Police Department.

45. In October 2013, Plaintiff ended her relationship with Defendant and moved to California alone.

46. Defendant was angry after Plaintiff's termination of their relationship and repeatedly texted her after, but she never responded.

**Seven Years Later, Plaintiff Learns that Defendant is Spreading False Information About Her**

47. In 2020, Plaintiff learned through a separate lawsuit (*Doe v. Weamer*, Case No. C20-00827 (Super. Ct. Cali. 2020)), that is wholly unrelated to her allegations against Defendant in this case, that Defendant had made several false and incredibly damaging statements against Plaintiff.

48. First, Plaintiff learned through the *Weamer* litigation that Defendant made statements that Plaintiff falsely accused Mr. Chen of sexual assault.

5

49. On information and belief, prior to Defendant revealing that information to the defense in *Weamer*, no one in the United States knew of Mr. Chen's sexual assault of Plaintiff.

50. In fact, China is well-known for closed door proceedings, especially with respect to sexual assault criminal prosecutions.

51. Further, in China, sexual assault is considered taboo and victims of sexual assault are often rejected by society as the culture views women as solely responsible for the rape. Because of these cultural dynamics, Plaintiff did not reveal Mr. Chen's rape of her to anyone but Defendant, her own mother and her attorney.

52. Second, Plaintiff learned through the lawsuit that Defendant made written and oral statements that Plaintiff filed a false police report when she reported to the Aurora Police Department that she had lost her passport.

53. Both of these statements are objectively false because (a) Mr. Chen did rape Plaintiff and (b) Plaintiff's passport was lost at the time she reported it a lost.

54. Both of these statements are highly offensive because they accuse Plaintiff of committing crimes—making false police reports.

55. Neither of these statements are of public concern not only because they are false, but because Plaintiff is a private citizen.

56. If Defendant truly believed these were matters of public concern, he would have reported them to the appropriate authorities around the time they occurred. Instead, Defendant only made these statements after Plaintiff terminated their relationship and to help another party in another unrelated civil lawsuit.

6

57. Further, Plaintiff suffering a sexual assault eight years ago in another country is not of legitimate public concern. Neither is Plaintiff reporting a lost passport.

58. Defendant's conduct is malicious, vindictive and outrageous.

59. Further, Defendant's statements regarding the sexual assault have caused the re-victimization and re-traumatization of Plaintiff, which has manifested into psychological injuries to her.

## FIRST CLAIM FOR RELIEF
### (Defamation Per Se)

60. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 59 as if fully set forth herein.

61. Defendant knowingly made and/or published two false and defamatory oral and written statements about Plaintiff—(1) that Plaintiff falsely accused Mr. Chen of rape and (2) that Plaintiff filed a false police report in relation to her lost passport.

62. These statements directly referred to Plaintiff and were directed towards and heard by multiple parties, including the defendant and counsel in the *Weamer* litigation.

63. The substance of these statements were false at the time they were made.

64. At the time of the publication or utterance, Defendant knew that the statements were false or made the statements with reckless disregard as to whether they were false.

65. Because Defendant's statement accuses Plaintiff of committing crimes—filing false police reports—they are defamatory per se.

66. Defendant's defamatory statements have caused irreparable damage to Plaintiff and have opened her up to criminal prosecution.

67. As a result of Defendant's defamatory statements, Plaintiff has suffered and continues to suffer damages and losses, including special damages, in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Intentional Infliction of Emotional Distress/Outrageous Conduct)**

68. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 67 as if fully set forth herein.

69. Defendant engaged in the conduct of making false accusations against Plaintiff—namely, that she falsely accused Mr. Chen of sexual assault of her and filed a false police report.

70. Defendant engaged in this conduct and made these statement recklessly or with the intent to cause Plaintiff severe emotional distress.

71. Accusing Plaintiff of committing two separate crimes and re-traumatizing a rape survivor is extreme and outrageous.

72. Defendant's actions were attended by circumstances of malice and willful and wanton conduct.

73. As a result of Defendant's conduct and statements, Plaintiff has been re-traumatized by the sexual assault and put in fear of arrest and criminal prosecution.

74. Plaintiff has suffered severe emotional distress for which Plaintiff receives ongoing therapy.

75. As a result of Defendant's conduct and statements, Plaintiff has suffered and continues to suffer damages and losses, including special damages, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Unreasonable Disclosure of Private Facts)

76. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 75 as if fully set forth herein.

77. Plaintiff's sexual assault and her allegations against Mr. Chen were personal and private in nature because Mr. Chen's prosecution was behind closed doors in China and Plaintiff only told Defendant, her own mother and her attorney about the sexual assault.

78. Defendant unreasonably disclosed these personal and private facts to several individuals, including the defendant in the *Weamer* lawsuit.

79. Disclosure of a sexual assault, which was subject to closed-door proceedings in a foreign country, would be highly offensive to a reasonable person.

80. The disclosure of these facts is not of legitimate public concern because Plaintiff is a private citizen.

81. Defendant acted with reckless disregard of the private and sensitive nature of the facts disclosed.

82. Defendant's actions were attended by circumstances of malice and willful and wanton conduct.

83. The disclosure of these facts has caused emotional distress, humiliation and embarrassment to Plaintiff due to cultural norms of which Defendant is fully aware.

84. As a result of Defendant's conduct and statements, Plaintiff has suffered and continues to suffer damages and losses, including special damages, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment, in her favor and against Defendant, awarding economic, non-economic and exemplary damages in an amount to be determined at trial, pre-judgment and post-judgment interest as provided by law, expert witness fees, attorneys' fees, costs and such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury.

Dated:  April 22, 2021.                                  Respectfully submitted,


                                                         *s/ Clarissa M. Collier*
                                                         David J. Schaller
                                                         Clarissa M. Collier
                                                         Wheeler Trigg O'Donnell LLP
                                                         370 Seventeenth Street, Suite 4500
                                                         Denver, CO 80202
                                                         Telephone:   303.244.1800
                                                         Facsimile:    303.244.1879
                                                         Email:   schaller@wtotrial.com
                                                                      collier@wtotrial.com

                                                         Attorneys for Plaintiff,
                                                         Jane Doe

**CERTIFICATE OF SERVICE (CM/ECF)**

    I HEREBY CERTIFY that on April 22, 2021, I electronically filed the foregoing **SECOND AMENDED COMPLAINT AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

*s/ Kathy Mestas on behalf of Clarissa M. Collier*