IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

JANE DOE,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

**RENEWED MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

---

    Paul Wang, through his undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6) respectfully requests that the Court dismiss, with prejudice, Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted. As grounds therefor the Movant states:

*Relevant procedural history*

    1.    On September 11, 2020, Plaintiff filed a *pro se* complaint.

    2.    On February 28, 2021, Plaintiff filed a *pro se* amended complaint.

    3.    On March 3, 2021, the Court appointed *pro bono* counsel to represent Plaintiff.

    4.    On April 8, 2021, after Mr. Wang pointed out the amended complaint's deficiencies, the Court granted Plaintiff's motion to file a second amended complaint, with assistance of counsel.

5. On April 22, 2021, Plaintiff filed her second amended complaint.

*Applicable legal standards*

6. In considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's complaint is reviewed for a determination of whether it "'contains enough facts to state . . . claim[s] that [are] plausible on [their] face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "Facts," under the *Twombly* standard, need not be "detailed," but they must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

**The heightened pleading requirements in defamation/libel cases**

7. Under Colorado law, which applies to Plaintiff's claims, "[e]ach publication of a defamatory statement must be pled as a separate claim." *Corporon v. Safeway Stores, Inc.,* 708 P.2d 1385, 1390 (Colo. App. 1985) (citing *Lininger v. Knight*, 123 Colo. 213, 226 P.2d 809 (1951)). And because of the First Amendment implications of any defamation action, *see Diversified Mgmt., Inc. v. Denver Post, Inc*., 653 P.2d 1103 (Colo. 1982), particularity is required in the pleading of a defamation suit. *See, e.g., id.*

(citing *Walters v. Linhof,* 559 F. Supp. 1231 (D. Colo. 1983); *Martinez v. Winner*, 548 F. Supp. 278 (D. Colo. 1982)).

8. A plaintiff asserting a defamation claim must plead the exact statements claimed to be false and defamatory. *See, e.g., Walters v. Linhof*, 559 F. Supp. 1231, 1234 (D. Colo. 1983) (applying Colorado law and granting motion to dismiss defamation claim for failure to state a claim where "[p]laintiffs have not substantially set forth the words alleged to be defamatory and untrue"); *see also Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 698-99 (8th Cir. 1979) ("[T]he use of *in haec verba* pleadings on defamation charges is favored in the federal courts because generally knowledge of the exact language used is necessary to form responsive pleadings").

9. The Second Amended Complaint fails to plead each claim separately and also fails to state, with the requisite specificity, the words that Plaintiff alleges to be defamatory. Accordingly, Plaintiff's defamation claim fails to state a claim upon which relief can be granted.

### *Statute of Limitations*

10. Claims for defamation are governed by a one-year statute of limitations. Colo. Rev. Stat. § 13-80-103 (2020) As such, any claims based on Defendant's statements made prior to September 11, 2019 are barred.

### *Statements at issue*

11. Even assuming, arguendo, that the allegations in the Second Amended Complaint satisfied the above pleading requirements, the only potentially actionable allegations are that in 2020 Mr. Wang made two statements in the *Weamer* litigation, i.e.,

*Doe v. Weamer*, Case No. C20-00827 (Super. Ct. Cal. 2020), Sec. Am. Compl. ¶¶ 47-52, 61:

- "Plaintiff falsely accused Mr. Chen of sexual assault," *id*. ¶ 48,
- "Plaintiff filed a false police report when she reported to the Aurora Police Department that she had lost her passport," *id*. ¶ 52.

12. Notably, the Second Amended Complaint specifically alleges that when Mr. Wang provided the above information to counsel for Mr. Weamer, for use in that litigation, he did so "*to help another party [Mr. Weamer] in another unrelated civil lawsuit.*" *id*. ¶ 56 (emphasis added). Furthermore, the Second Amended Complaint also alleges that "prior to Defendant *revealing that information to the defense* in *Weamer*, no one in the United States knew of Mr. Chen's sexual assault of Plaintiff." *Id*. at 49 (emphasis added). Thus, the only allegedly actionable statements Mr. Wang made were those he uttered "to the defense in *Weamer*," in his capacity as *a potential witness* in that litigation.

### *The Court should dismiss Plaintiff's claims with prejudice because Mr. Wang's statements are protected by absolute litigation privilege*

13. Pursuant to Restatement (Second) of Torts, "[a] witness is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding or as a part of a judicial proceeding in which he is testifying, if it has some relation to the proceeding." Restatement (Second) of Torts § 588; *see also id*., cmt. e ("As to communications preliminary to a proposed judicial proceeding, the rule stated in this Section applies only when the communication has some relation to a proceeding that is actually contemplated in good faith and under

4

serious consideration by the witness or a possible party to the proceeding.").

14. Colorado has adopted the absolute litigation privilege. *See, e.g., Club Valencia Homeowners Ass'n. v. Valencia Associates*, 712 P.2d 1024, 1027-1028 (Colo. App. 1985); *Merrick v. Burns*, 43 P.3d 712, 714 (Colo. App. 2001); *McDonald v. Lakewood Country Club*, 461 P.2d 437, 444 (Colo. 1969); *Renner v. Chilton*, 142 Colo. 454, 351 P.2d 277 (1960). "The absolute privilege to defame in the course of judicial proceedings is not limited to statements during trial, but may extend to steps taken prior to trial such as conferences and other communications preliminary to the proceeding." *Club Valencia*, at 1027. "All doubt should be resolved in favor of its relevancy or pertinency. No strained or close construction will be indulged to exempt a case from the protection of privilege. Thus, letters sent to persons having collateral interests in the litigation are privileged to the extent that the alleged defamatory statements have some relation to the subject matter of the proposed litigation and are made in furtherance of the objective of the litigation." *Id*. (citations omitted). "The privilege applies, even though the publication was made outside the courtroom and no official function of the court or its officers was invoked." *Id.* at 1028.

15. "The determination of privilege is a question of law for the trial court." *Id.* at 1027.

16. The privilege provides a shield not only "from defamation claims arising from statements made during the course of litigation, but it also bars other non-defamation claims that stem from the same conduct" such as "claims of invasion of privacy[1] and

---

[1] Even if Mr. Wang's alleged statement concerning the prosecution against the Chinese man Plaintiff accused of raping her were not absolutely privileged, those statements are also non-

intentional infliction of emotional distress." *Buckhannon v. U.S. West Communs.*, 928 P.2d 1331, 1335 (Colo. App. 1996) (citing *Barker v. Huang*, 610 A.2d 1341 (Del. 1992)); *see also Peterson v. Grisham*, 594 F.3d 723, 730 (10th Cir. 2010); *Kesner v. Dow Jones & Co., Inc.*, No. 20-CV-3454 (PAE), 2021 U.S. Dist. LEXIS 14358, at 81-82, 2021 WL 256949, at *10-11 (S.D.N.Y. Jan. 26, 2021) (because each of Plaintiff's non-defamation claims duplicate her failed defamation claims, the non-defamation claims must be dismissed as a matter of law).

### *Conclusion*

17. The only specific allegations in the Second Amended Complaint regarding any statement(s) made by Mr. Wang within the statute of limitations were uttered by him as a potential witness in the *Weamer* litigation, which Plaintiff affirmatively pleads Mr. Wang uttered "to help another party [Mr. Weamer] in another unrelated civil lawsuit." *id*. ¶ 56. Accordingly, those statements are protected by the absolute litigation privilege as a matter of law. The court should therefore dismiss Plaintiff's claims with prejudice.

---

actionable for "invasion of privacy" as a matter of law. *See, e.g., Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371, 377 (Colo. 1997) (requiring that any statement alleged to invade one's privacy "cannot be of legitimate concern to the public"). It cannot be disputed that a prosecution for criminal rape is not a purely private matter under the law of the United States. In addition, "the requirement of public disclosure . . . requires communication *to the public in general or to a large number of persons*, as distinguished from one individual or a few." *Id*. Because the Second Amended Complaint does not include any allegation that Mr. Wang's alleged statements in the *Weamer* litigation were made to the public in general or a large number of persons, it fails to state a claim upon which relief can be granted.

6

Respectfully submitted this 9th day of July 2021.

*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO 80238
Tel. (720) 675-8584
Fax (720) 880-3142
katy@kdonnellylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2021, I served an electronic copy of the foregoing via CM/ECF to counsel of record.

Clarissa M. Collier
David J. Schaller
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
303.244.1800
collier@wtotrial.com
schaller@wtotrial.com

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Katayoun A. Donnelly*
　　　　　　　　　　　　　　　　　　　　　　　Katayoun A. Donnelly