UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

JANE DOE,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

---

**MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 2) TO ATTACHMENT FILED TO PLAINTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION TO DISMISS (ECF 79)**

---

Pursuant to D.C.COLO.LCivR 7.2, Plaintiff Jane Doe moves this Court for an order restricting public access, under Level 2 restricted access, to the attachment filed to Plaintiff's Response to Defendant's Renewed Motion to Dismiss (ECF 79-1). In support of this Motion, Plaintiff states as follows:

    1.    On July 20, 2021, Plaintiff filed her Response to Defendant's Renewed Motion to Dismiss (the "Response"). (ECF 79.)

    2.    As an attachment to the Response, Plaintiff filed her proposed Third Amended Complaint. (ECF 79-1.)

    3.    Plaintiff's counsel's office, however, inadvertently filed a draft of the proposed Third Amended Complaint and not the final version.

    4.    The draft that was filed is protected from disclosure by the work product doctrine and attorney-client privilege.

5. Plaintiff's counsel immediately called and notified the Court of this error in the filing. Upon notification, the Court restricted access to the attachment under Level 2, and requested that Plaintiff file a Motion to Restrict before the end of the day on July 20, 2021.

6. Pursuant to D.C.COLO.LCivR 7.1(a), on July 20, 2021, the undersigned counsel attempted to confer with counsel for Defendant before filing this motion and received her voicemail. Due to deadline imposed by the Court, undersigned counsel did not wait to receive a response to her attempt to confer.

7. Without the requested restricted access under Level 2, privileged and confidential information will be accessible to the public that Plaintiff nor her counsel intended to reveal. This would cause direct injury to Plaintiff by revealing confidential communications and the mental impressions of both Plaintiff and her attorney.

8. The interests of protecting inadvertently disclosed privileged information from public view significantly outweighs the presumption of public access. Further, Plaintiff will file an amended attachment to the Response, which will contain the final version of Plaintiff's proposed Third Amended Complaint and will be publicly accessible.

9. No alternative to restriction is practicable and only the requested restrictions will adequately protect Plaintiff's interests because the document is privileged and not discoverable by Defendant nor any other party. *See* Fed. R. Civ. P. 26(b)(3)

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Court issue an Order restricting public access, under Level 2 restricted access, to Attachment 1 of the Response (ECF 79-1).

Dated:  July 20, 2021.	Respectfully submitted,


*s/ Clarissa M. Collier*
David J. Schaller
Clarissa M. Collier
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   schaller@wtotrial.com
            collier@wtotrial.com

Attorneys for Plaintiff,
Jane Doe

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on July 20, 2021, I electronically filed the foregoing **MOTION TO RESTRICT PUBLIC ACCESS (LEVEL 2) TO ATTACHMENT FILED TO PLAINTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION TO DISMISS (ECF 79)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

*s/ Clarissa M. Collier*