IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02765-RMR-MEH

JANE DOE,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Renewed Motion to Dismiss ("Motion"). ECF 78. The Motion has been referred to this Court by District Judge Regina M. Rodriguez. ECF 82. Although Defendant has not yet filed a reply to the Motion, the Court does not find that further briefing would materially assist it in adjudicating the Motion. *See* D.C.Colo.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). For the following reasons, the Motion is denied without prejudice.

    A brief recitation of this matter's procedural history is necessary to put the Motion in context. Prior to March 2021, both parties proceeded in this matter pro se. Then, in early March 2021, counsel entered their appearances for both parties. ECF 52, 53, 54. The Court held informal conversations with both parties (*see* ECF 60), which led to the parties requesting a settlement conference. That conference was held on March 24, 2021, but no settlement was reached. ECF 63. Shortly thereafter, the Court held a status conference at which Plaintiff indicated that she would be filing a Second Amended Complaint ("SAC"). ECF 64. She did so fourteen days later. ECF 65. In response to the SAC, Defendant filed a motion to dismiss on May 25, 2021. ECF 69.

On May 26, 2021, District Judge R. Brooke Jackson denied the motion to dismiss for failing to comply with his practice standards. ECF 70. Judge Jackson's practice standards provide, in pertinent part, that before filing a motion to dismiss, "the moving party will file and serve a short letter (not to exceed three pages including signature block) setting forth the basis for the anticipated motion." Practice Standards at 2.[1] The opposing party is similarly given an opportunity to file a responsive letter. *Id.* After the letters have been filed, Judge Jackson "evaluate[s] the parties' positions and determine[s] what the next steps should be." *Id.*

On May 27, 2021, Defendant filed a letter in conformance with these practice standards. ECF 71. Plaintiff filed her responsive letter on June 10, 2021. ECF 75. On June 11, 2021, Judge Jackson issued the following order:

> The Court has reviewed the parties' letters and [ECF] 75 Response filed by Jane Doe. The Court agrees with Judge Hegarty's advice. The two parties are now represented by experienced and able counsel. A motion to dismiss is likely to be denied and a waste of time. You good lawyers should confer and either resolve this case or agree that plaintiff will file one more amended complaint that takes into account defendant's issues and pleads only what she believes she has evidence to prove. This does appear to be Marbury v. Madison.

ECF 76. For almost a month after this order, neither party filed anything with the Court. Then, on July 6, 2021, this case was reassigned to Judge Rodriguez upon her appointment to the bench. ECF 77. Three days later, Defendant filed his Motion, a near identical copy[2] of the motion Judge Jackson denied. ECF 78. On July 20, 2021, Plaintiff filed a response in opposition to the Motion, attaching a proposed Third Amended Complaint ("TAC") and arguing both that the Motion should be denied on the merits and for failing to adhere to Judge Jackson's order. ECF 79.

Although the judicial officer assigned to this matter changed, Judge Jackson's order is still an order of the court. Defendant did not file a motion seeking relief from or reconsideration of the

---

[1] Available online at http://www.cod.uscourts.gov/Portals/0/Documents/Judges/RBJ/RBJ_Practice_Standards.pdf?ver=2020-12-08-151330-180.

[2] The differences appear to be the signature date and that the Motion's title contains "renewed."

order. As such, the Court finds no basis to depart from Judge Jackson's ruling. The parties were clearly instructed to "either resolve this case or agree that plaintiff will file one more amended complaint." ECF 76. Defendant's Motion falls under neither option. Therefore, the Motion could be denied on that basis alone. Moreover, implicit in Defendant's filing of the Motion is that the parties cannot resolve this case without court intervention. Hence, the remaining option for the parties is to agree to the filing of another amended complaint. Plaintiff's response attaches the proposed TAC.[3] Since the parties cannot settle the case otherwise, the Court grants Plaintiff leave to file the TAC in compliance with Judge Jackson's order. Plaintiff shall file a clean copy (omit strikethroughs and underlines) of the TAC on or before July 29, 2021.

In light of this order, Defendant's Motion [filed July 9, 2021; ECF 78] is **denied without prejudice**. *See Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.") (citing *Miller v. Glanz*, 948 F. 2d 1562, 1565 (10th Cir. 1991)); *see also Robinson v. Dean Foods Co.*, No. 08-cv-01186-REB-CBS, 2009 WL 723329, at *4 (D. Colo. Mar. 18, 2009) (citation omitted) ("Generally, when an amended complaint is filed, the previous complaint is wiped out and the operative complaint is the most recently filed version.").

Dated at Denver, Colorado, this 27th day of July, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3] As noted in Plaintiff's motion to restrict (ECF 80), the attached TAC is a draft document, containing Plaintiff's counsel's edits. However, Plaintiff's counsel asserts that a completed version is ready to be filed.