UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

JANE DOE,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

## THIRD AMENDED COMPLAINT AND JURY DEMAND

Pursuant to Fed. R. Civ. P. 15 and this Court's June 11, 2021 Minute Order (ECF 76) and Order Denying Defendant's Renewed Motion to Dismiss Without Prejudice (ECF 84), Plaintiff Jane Doe, for her Third Amended Complaint states as follows:

### PARTIES

1. Plaintiff, Jane Doe, is a resident of the State of California.

2. Defendant, Paul Wang, is a resident of the State of Colorado.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are diverse, and the amount in controversy exceeds $75,000.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

## GENERAL ALLEGATIONS

### The Parties' Relationship

5. Plaintiff and Defendant attended school together in China from 1990 through 1993.

6. The two parted ways when Defendant left China to attend college in the United States.

7. In late 2012, Defendant returned to China to visit.

8. During Defendant's visit, he and Plaintiff reconnected and began a romantic and intimate relationship.

9. Defendant returned to the United States and the couple decided to continue their relationship.

### A Mutual Acquaintance Sexually Assaults Plaintiff and is Charged With Rape

10. On May 18, 2013, Plaintiff attended a karaoke party.

11. Chen Guochang ("Mr. Chen"), a mutual acquaintance of Plaintiff and Defendant, also attended the party.

12. Plaintiff drank some alcohol at the party and eventually became unconscious, either due to alcohol intoxication or potentially from another partygoer slipping something into her drink.

13. At about 2:00 a.m. on May 19, 2013, Mr. Chen took Plaintiff—who was still unconscious—to the Dalangtaosha Elite Club.

14. The Dalangtaosha Elite Club was a massage center in the area.

15. Mr. Chen preceded to sexually assault Plaintiff while she was unconscious.

16. Plaintiff awoke in a massage room and suspected that something happened to her as evidenced by the visible and physical injuries to her genitals.

17. Plaintiff told Defendant what had happened to her, based on her limited recollection of the events that evening.

18. Plaintiff told Defendant that she woke up naked in a massage room with Mr. Chen right beside her and that she felt pain in her genitals.

19. Defendant encouraged Plaintiff to get a rape kit and Plaintiff preceded to report the assault to local authorities. Detectives interviewed Plaintiff.

20. The only other people Plaintiff told about the incident was her own mother and her attorney at the time.

21. On May 20, 2013, Mr. Chen was arrested by the Tiane District Suboffice of Guangzhou Public Security Bureau on suspicion of rape.

22. On May 27, 2013, Mr. Chen was released from jail on bail pending trial.

23. The case was referred to the procuratorate for investigation and prosecution (which is essentially the equivalent of an American prosecuting attorney) on July 19, 2013.

24. The procuratorate interrogated the Mr. Chen and three separate witnesses.

25. The procuratorate also reviewed the photos of the crime scene, photos of Plaintiff's injuries and audiovisual materials, such as surveillance videos.

26. Stills from the surveillance videos clearly show that Plaintiff was unable to walk on her own accord.

27. Stills from the surveillance videos show Plaintiff being walked around with Mr. Chen on one side of her and a woman that was unknown to Plaintiff on the other side.

3

28. On information and belief, the woman was an employee of the massage center.

29. Given Plaintiff's inability to walk on her own or even stay awake, she did not possess the mental capacity to consent to have sex.

30. Based on the procuratorate's investigation, it ruled that Mr. Chen "ignored national laws and violated the wishes of women by forcibly having sex with her. His behavior violated *Article 236 of the Criminal Law of the People's Republic of China*."

31. The procuratorate found that "[t]he facts of the crime were clear and the evidence was reliable and sufficient." Therefore, it decided to prosecute Mr. Chen for the crime of rape.

32. At that time, the prosecution was confidential.

33. In fact, Plaintiff's mother went to the courthouse on Mr. Chen's trial date, but was not permitted to observe the trial.

34. Mr. Chen was ordered to pay Plaintiff restitution.

35. By receiving restitution, Plaintiff was led to believe Mr. Chen was convicted of the rape charge.

36. However, Plaintiff does not know whether Mr. Chen suffered any other penalties, fines or imprisonment as a result of the rape.

**<u>Plaintiff Moves to the United States to Live With Defendant, But the Relationships Ends Shortly Thereafter</u>**

37. In July 2013, with Mr. Chen's rape charge still pending, Plaintiff moved to the United States to live with Defendant in Aurora, Colorado.

38. Plaintiff and Defendant lived together until October 2013.

39. At one point during that time, Defendant had purchased Plaintiff a plane ticket to return to China.

4

40. Plaintiff, however, lost her passport so she did not take that flight.

41. At that time, Plaintiff did not know whether her passport was lost or stolen.

42. As a result, she reported her lost passport to the Aurora Police Department, which is exactly what the U.S. Department of State—Bureau of Consular Affairs recommends in that situation.

43. On information and belief, the police report states that Plaintiff reported the passport as "lost/stolen"—she did not ever claim that it was stolen from her because she did not know that for sure. Rather, she simply knew her passport was missing and that missing passports should be reported to the police.

44. Plaintiff discovered that she misplaced her passport and found her passport shortly thereafter. Therefore, she did not pursue further remedies or investigation through the Aurora Police Department.

45. In October 2013, Plaintiff ended her relationship with Defendant and moved to California alone.

46. Defendant was angry after Plaintiff's termination of their relationship and repeatedly texted her after, but she never responded.

**Seven Years Later, Plaintiff Learns that Defendant is Making False and Defamatory Statements**

47. In 2020, Plaintiff learned through a separate lawsuit, *Doe v. Weamer*, Case No. C20-00827 (Super. Ct. Cali. 2020) (the "Weamer Litigation"), that is wholly unrelated to her allegations against Defendant in this case, that Defendant made several false and incredibly damaging statements against Plaintiff.

5

48. First, Defendant stated that Plaintiff filed a false police report in relation to her lost passport. Specifically, in the Weamer Litigation, Plaintiff propounded written discovery that requested "Copies of any and all e-mails, chat history, or other electronically stored information that contain your communication discussing or commenting upon Plaintiff. This includes documents, communications or correspondence sent or received by you."

49. On August 23, 2020, Mr. Weamer responded to Plaintiff's written discovery (through his attorney, Dawn Ceizler of the Law Office of Dawn Ceizler) and produced documents responsive to Plaintiff's request.

50. The responsive documents produced by Mr. Weamer included a written statement from Defendant.

51. On information and belief, Defendant posted this written statement online before Plaintiff filed the Weamer Litigation.

52. In the written statement, Defendant states that Plaintiff "filed a false police report claiming her passport got stolen, and was issued a refund from the travel insurance company for half the ticket price."

53. This statement is false because, as explained above, Plaintiff reported her passport as lost/stolen based on her actually losing her passport.

54. Further, Defendant himself purchased the airline ticket and presumably the travel insurance—not Plaintiff.

55. Before Defendant posted this statement online, he was the only person who knew that Plaintiff reported her passport lost/stolen with the Aurora Police Department.

6

56. On information and belief, Ms. Ceizler later requested a copy of the police report from the Aurora Police Department based on Defendant's statement.

57. Second, Defendant stated that Plaintiff falsely accused Mr. Chen of sexual assault.

58. Specifically, on June 17, 2020, Mr. Weamer propounded Special Interrogatories to Plaintiff. In the Special Interrogatories, Mr. Weamer requested that Plaintiff: (a) "Identify the individual in China whom YOU alleged raped you in 2012" and (b) "Identify all allegations [she had] made against Chen GuoChang RELATED TO alleged sexual assault."

59. Plaintiff objected to these interrogatories on numerous grounds.

60. In seeking to compel responses to these interrogatories, on September 18, 2020, Mr. Weamer and Ms. Ceizler, stated that the requests related to a claim that "defense counsel believes relates to a former classmate of Plaintiff who she falsely accused of raping her."

61. On information and belief, Mr. Weamer and Ms. Ceizler based their "belief" on statements made by Defendant because he was the only person (other than local law enforcement, Plaintiff's own mother and attorney) who knew about Plaintiff's allegations against Mr. Chen.

62. On information and belief, Defendant also posted this same statement online. Specifically, on January 4, 2021, Plaintiff received a blog post through the course of litigation wherein the author states that Plaintiff "has [] made false allegation[s] of rape, … and filed a frivolous police report in Colorado about losing her passport."

63. On information and belief, Defendant authored this blog post because, again (other than local law enforcement, Plaintiff's own mother and attorney), he was the only person who knew about Plaintiff's rape allegations against Mr. Chen. Further, he is the only person who

7

knew that Plaintiff filed a police report regarding her passport and would know the specific dates of her travel since he purchased her original airline ticket.

64. On information and belief, prior to Defendant revealing this information, no one in the United States knew of Mr. Chen's sexual assault of Plaintiff.

65. In fact, China is well-known for closed door proceedings, especially with respect to sexual assault criminal prosecutions.

66. Further, in China, sexual assault is considered taboo and victims of sexual assault are often rejected by society as the culture views women as solely responsible for the rape. Because of these cultural dynamics, Plaintiff did not reveal Mr. Chen's rape of her to anyone but Defendant, her own mother and her attorney.

67. Defendant's statements against Plaintiff are objectively false because (a) Mr. Chen did rape Plaintiff; (b) Plaintiff's passport was lost at the time she reported it as lost; and (c) Plaintiff did not ever purchase or have travel insurance in 2013.

68. All of these statements are highly offensive because they accuse Plaintiff of committing crimes—making false police reports and committing insurance fraud.

69. Neither of these statements are of public concern not only because they are false, but because Plaintiff is a private citizen.

70. If Defendant truly believed these were matters of public concern, he would have reported them to the appropriate authorities around the time they occurred. Instead, Defendant only made these statements after Plaintiff terminated their relationship.

71. Defendant did not make these statements as a testifying witness in the Weamer Litigation or any other litigation. He has never been subpoenaed for documents or testimony in

that case or any other case involving Plaintiff. Further, he is not involved in or closely connected with any other litigation involving Plaintiff.

72. Further, Plaintiff suffering a sexual assault eight years ago in another country is not of legitimate public concern. Neither is Plaintiff reporting a lost passport.

73. Defendant's conduct is malicious, vindictive and outrageous.

74. Further, Defendant's statements regarding the sexual assault have caused the re-victimization and re-traumatization of Plaintiff, which has manifested into psychological injuries to her.

**FIRST CLAIM FOR RELIEF**
**(Defamation Per Se—Statement Regarding Plaintiff Filing a False Police Report and Committing Insurance Fraud in Relation to Her Lost Passport)**

75. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 74 as if fully set forth herein.

76. Defendant knowingly made and/or published the false and defamatory statement that Plaintiff filed a false police report in relation to her lost passport and obtained a refund from the travel insurance company based on that false report

77. This statement directly referred to Plaintiff, is publicly accessible and was directed towards and heard by multiple parties, including, but not limited to Mr. Weamer and Ms. Ceizler.

78. Plaintiff first became aware that Defendant made this statement on August 23, 2020.

79. The substance of this statements was false at the time it was made.

80. At the time of the publication or utterance, Defendant knew that this statement was false or made the statements with reckless disregard as to whether it was false.

81. Because Defendant's statement accuses Plaintiff of committing crimes—filing a false police report and committing insurance fraud—they are defamatory per se.

82. Defendant's defamatory statement has caused irreparable damage to Plaintiff and have opened her up to criminal prosecution.

83. As a result of Defendant's defamatory statement, Plaintiff has suffered and continues to suffer damages and losses, including special damages, in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Defamation Per Se—Statement Regarding Plaintiff Falsely Accusing Mr. Chen of Sexual Assault)**

84. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 83 as if fully set forth herein.

85. Defendant knowingly made and/or published the false and defamatory statement that Plaintiff falsely accused Mr. Chen of sexual assault.

86. This statement directly referred to Plaintiff and was directed towards and heard by multiple parties, including, but not limited to Mr. Weamer, Ms. Ceizler and Ms. Amanda G. Papac.

87. Plaintiff first became aware that Defendant made this statement on September 18, 2020 and then again on January 4, 2021.

88. The substance of this statement was false at the time it was made.

89. At the time of the publication or utterance, Defendant knew that this statement was false or made this statement with reckless disregard as to whether it was false.

90. Because Defendant's statement accused Plaintiff of committing a crime—filing a false police report—it is defamatory per se.

91. Defendant's defamatory statement has caused irreparable damage to Plaintiff and have opened her up to criminal prosecution and humiliation.

92. As a result of Defendant's defamatory statement, Plaintiff has suffered and continues to suffer damages and losses, including special damages, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress/Outrageous Conduct)**

93. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 92 as if fully set forth herein.

94. Defendant engaged in the conduct of making false accusations against Plaintiff—namely, that she falsely accused Mr. Chen of sexual assault, filed a false police report and committed insurance fraud.

95. Defendant engaged in this conduct and made these statements recklessly or with the intent to cause Plaintiff severe emotional distress.

96. Accusing Plaintiff of committing three separate crimes and re-traumatizing a rape survivor is extreme and outrageous.

97. Defendant's actions were attended by circumstances of malice and willful and wanton conduct.

98. As a result of Defendant's conduct and statements, Plaintiff has been re-traumatized by the sexual assault and put in fear of arrest and criminal prosecution.

99. Plaintiff has suffered severe emotional distress for which Plaintiff receives ongoing therapy.

100. As a result of Defendant's conduct and statements, Plaintiff has suffered and continues to suffer damages and losses, including special damages, in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**(Unreasonable Disclosure of Private Facts)**

101. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 100 as if fully set forth herein.

102. Plaintiff's sexual assault and her allegations against Mr. Chen were personal and private in nature because Chen's prosecution was behind closed doors in China and Plaintiff only told Defendant, her mother and her attorney about the sexual assault.

103. Defendant unreasonably disclosed these personal and private facts to several individuals, including but not limited to Mr. Weamer, Ms. Ceizler and Ms. Papac. His statements are also publicly accessible online.

104. Disclosure of a sexual assault, which was subject to closed-door proceedings in a foreign country, would be highly offensive to a reasonable person.

105. The disclosure of these facts is not of legitimate public concern because Plaintiff is a private citizen.

106. Defendant acted with reckless disregard of the private and sensitive nature of the facts disclosed.

107. Defendant's actions were attended by circumstances of malice and willful and wanton conduct.

108. The disclosure of these facts has caused emotional distress, humiliation and embarrassment to Plaintiff due to cultural norms of which Defendant is fully aware.

109. As a result of Defendant's conduct and statements, Plaintiff has suffered and continues to suffer damages and losses, including special damages, in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment, in her favor and against Defendant, awarding economic, non-economic and exemplary damages in an amount to be determined at trial, pre-judgment and post-judgment interest as provided by law, expert witness fees, attorneys' fees, costs and such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury.

Dated:  July 28, 2021.					Respectfully submitted,


							*s/ Clarissa M. Collier*
							David J. Schaller
							Clarissa M. Collier
							Wheeler Trigg O'Donnell LLP
							370 Seventeenth Street, Suite 4500
							Denver, CO 80202
							Telephone:   303.244.1800
							Facsimile:    303.244.1879
							Email:   schaller@wtotrial.com
								     collier@wtotrial.com

							Attorneys for Plaintiff,
							Jane Doe

14

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on July 28, 2021, I electronically filed the foregoing **THIRD AMENDED COMPLAINT AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

*s/ Clarissa M. Collier*