**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:20-cv-02765-RMR-MEH

JANE DOE,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

___

**MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**
___

Mr. Paul Wang, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully requests that the Court dismiss, with prejudice, Plaintiff's Third Amended Complaint for failure to state a claim upon which relief can be granted. As grounds therefor he states:

### I.   *Relevant procedural history*

1. On September 11, 2020, Plaintiff filed a *pro se* complaint.

2. On February 28, 2021, Plaintiff filed a *pro se* amended complaint.

3. On March 3, 2021, the Court appointed *pro bono* counsel to represent Plaintiff.

4. On April 8, 2021, after Mr. Wang pointed out the amended complaint's deficiencies, the Court granted Plaintiff's motion to file a second amended complaint with assistance of counsel.

5. On April 22, 2021, Plaintiff filed her second amended complaint.

1

6. On May 25, 2021, Mr. Wang filed a motion to dismiss the Second Amended Complaint.

7. On May 26, 2021, the then-presiding judge, the Honorable Brooke Jackson, issued an order pursuant to his unique practice standards denying the motion to dismiss without prejudice and directing the parties to exchange letters regarding the motion to dismiss.

8. On June 11, 2021, after reviewing the letters, Judge Jackson issued a minute order:

> The Court agrees with Judge Hegarty's advice. The two parties are now represented by experienced and able counsel. A motion to dismiss is likely to be denied and a waste of time. You good lawyers should confer and either resolve this case or agree that plaintiff will file one more amended complaint *that **takes into account defendant's issues** and **pleads only** what she believes **she has evidence to prove***. This does appear to be Marbury v. Madison.

The June 11, 2021 Minute Order (emphasis added).

9. On June 11, 2021, Mr. Wang reached out to plaintiff.

> The Court order states that you might be able to file **"**one more amended complaint *that takes into account defendant' issues* <u>and</u> pleads <u>only</u> what she believes *she has evidence to prove*." (emphasis added). Could you please, as soon as possible, send me the evidence you plan to rely on to prove any claims made in a third amended complaint (considering the deficiencies pointed out in our previous conversations, letter, and the motion to dismiss)?
>
> Specifically, could you **please provide copies of all written statements you contend Mr. Wang offered or published concerning your client, which could serve as the basis for your claims** and also identify by name and provide contact information for any witnesses who you know, at this time, will testify under oath that Mr. Wang made oral statements to them concerning your client? Please include the specific date and circumstances under which your client discovered each statement. May I anticipate receiving them by early next week, since you already have this is information in hand?

> Relevant portion of the June 11, 2021 email correspondence between counsel (italics in original; bolded text for emphasis).

10. Plaintiff did not provide any of the requested information. Instead, she provided Mr. Wang only with a copy of her proposed Third Amended Complaint—but not a single document evidencing any of the statements or publications she has pleaded to be false and defamatory that might serve as the basis for her claim against Mr. Wang.

11. On July 9, 2021, Mr. Wang notified Plaintiff's counsel that the proposed Third Amended Complaint did not comply with the Court's June 11, 2021 order.

> As to a motion for leave to file a third amended complaint, I am afraid *your draft does not cure the deficiencies we have pointed out in our previous conversations and the motion to dismiss; your new allegations involve statements that were made by third-parties – not Mr. Wang*; and you have not provided the evidence that could support your request to file a third amended complaint. (See attached [asking you to "please provide copies of all written statements you contend Mr. Wang offered or published concerning your client, which could serve as the basis for your claims and also identify by name and provide contact information for any witnesses who you know, at this time, will testify under oath that Mr. Wang made oral statements to them concerning your client? Please include the specific date and circumstances under which your client discovered each statement."]) *We are available to discuss this further, in a meaningful way, after you provide the evidence that could actually support your request*.
>
> Also, you are correct, Judge Rodriguez does not have the same practice standards. So, as a courtesy, we are notifying you that in light of this change we are renewing our motion to dismiss the pending complaint.

Relevant portion of the July 9, 2021 email correspondence between counsel (emphasis added).

12. Plaintiff's counsel stated that Plaintiff did not have an obligation to provide the requested information in support of the allegations in the proposed Third Amended Complaint.

13. This motion addresses the deficiencies already identified by Mr. Wang in Plaintiff's Third Amended Complaint, filed on July 28, 2021.

3

## II. Applicable legal standards

### A. Motions to dismiss for failure to state a claim—generally

14. In considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's complaint is reviewed for a determination of whether it "'contains enough facts to state . . . claim[s] that [are] plausible on [their] face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "Facts," under the *Twombly* standard, need not be "detailed," but they must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

### B. Plaintiff's Libel Claims Are Time-barred

15. In Colorado, a libel or defamation claim must be filed within a year of the "date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." *Burke v. Greene*, 963 P.2d 1119, 1121 (Colo. App. 1998); Colo. Rev. Stat. § 13-80-103. The cause of action for libel accrues when the defamatory statements are published. *Deatley v. Allard*, No. 14-CV-00100-RM-KMT, 2015 WL 134271, at *5 (D. Colo. Jan. 9, 2015) (citing *Russell v. McMillen*, 685 P.2d 255, 258

(Colo. App. 1984); *Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, No. 12-CV-00463-CMA-BNB, 2013 WL 212640, at *4 (D. Colo. Jan. 18, 2013).

16.     Dismissal of a claim as time-barred is treated as a dismissal for failure to state a claim. *See, e.g., Yoder v. Honeywell Inc.*, 104 F.3d 1215, 1224 (10th Cir.1997) (applying *de novo* review to district court's dismissal on the grounds that claim was time-barred for failure to state a claim).

17.     Even though, generally, the sufficiency of a complaint rests exclusively on its contents, *see Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010), in deciding a motion to dismiss courts may also consider:

> (1) documents that the complaint incorporates by reference, *see Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); *Oxendine*, 241 F.3d at 1275[1] (documents attached as exhibits to the complaint); (2) "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity," *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 941 (10th Cir. 2002); and (3) "matters of which a court may take judicial notice," *Tellabs, Inc*., 551 U.S. at 322, 127 S.Ct. 2499.

*Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).  Therefore, the statute of limitations may be presented as a defense in a motion to dismiss when the complaint itself (*and documents referred to therein*) establish that the claim is time-barred as a matter of law. *See, e.g., id.; Tellabs, Inc.,* 551 U.S. at 322-23.

### C.     The heightened pleading requirements in defamation/libel cases

18.     "Each *publication* of a defamatory statement must be pled as a separate claim." *Corporon v. Safeway Stores, Inc.,* 708 P.2d 1385, 1390 (Colo. App. 1985)

---

[1] *Oxendin v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

(emphasis added) (citing *Lininger v. Knight*, 123 Colo. 213, 226 P.2d 809 (1951)).[2] And because of the First Amendment implications of any defamation action, *see Diversified Mgmt., Inc. v. Denver Post, Inc.*, 653 P.2d 1103 (Colo. 1982), particularity is required in the pleading of a defamation suit. *See, e.g., id.* (*citing Walters v. Linhof,* 559 F. Supp. 1231 (D. Colo. 1983); *Martinez v. Winne*r, 548 F. Supp. 278 (D. Colo. 1982)).

19.    A plaintiff asserting a defamation claim must plead the exact statements claimed to be false and defamatory. *See, e.g., Walters v. Linhof*, 559 F. Supp. 1231, 1234 (D. Colo. 1983) (applying Colorado law and granting motion to dismiss defamation claim for failure to state a claim where "[p]laintiffs have not substantially set forth the words alleged to be defamatory and untrue"); *see also Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 698-99 (8th Cir. 1979) ("[T]he use of *in haec verba* pleadings on defamation charges is favored in the federal courts because generally knowledge of the exact language used is necessary to form responsive pleadings").

20.    In her Third Amended Complaint, Plaintiff identifies two statements (apparently in an unspecified number of *separate publications*) that she alleges Mr. Wang published online—although, tellingly, not with specificity (she did not identify, among other things, the dates and places of publication).

### III.    Facts: Statements at issue

21.    Plaintiff claims that Mr. Wang published the below two statements (1) in communications with counsel for Mr. Weamer in the litigation she filed against him in

---

[2] Notwithstanding that Plaintiff and her counsel were notified of this pleading requirement through Defendant's prior motion to dismiss and the Court's specific instructions, the Third Amended Complaint continues to plead multiple *publications* within a single count.

6

California (*Doe v. Weamer*, Case No. C20-00827 (Super. Ct. Cal. 2020)), Third Am. Compl. ¶¶ 47-62, and (2) in certain unidentified publication(s) he allegedly posted online prior to making the statements in the *Weamer* case. *Id*. ¶¶ 51, 55, 62.

First statement ("false report of missing passport in Colorado")

- "Defendant stated that Plaintiff filed a false police report in relation to her lost passport." ¶ 48,
- "On information and belief, **Defendant posted this written statement online *before*** Plaintiff filed the Weamer Litigation." ¶ 51 (emphasis added),
- "In the written statement, Defendant states that Plaintiff 'filed a false police report claiming her passport got stolen, and was issued a refund from the travel insurance company for half the ticket price.'" ¶ 52
- "***Before Defendant posted this statement online, he was the only person who knew that Plaintiff reported her passport lost/stolen with the Aurora Police Department***." ¶ 55 (emphasis added).

Second statement ("report of false rape accusation in China")

- "Defendant stated that Plaintiff falsely accused Mr. Chen of sexual assault." ¶ 57,
- "In seeking to compel responses to these interrogatories, on September 18, 2020, Mr. Weamer and Ms. Ceizler, stated that the requests related to a claim that 'defense counsel believes relates to a former classmate of Plaintiff who she falsely accused of raping her.'" ¶ 60,
- "On information and belief, Mr. Weamer and Ms. Ceizler based their "belief" on statements made by Defendant because he was the only person (other than local law enforcement, Plaintiff's own mother and attorney) who knew about Plaintiff's allegations against Mr. Chen." ¶ 61,
- "On information and belief, Defendant also posted **this same statement online**. Specifically, on January 4, 2021, Plaintiff received a blog post through the course of litigation wherein the author states that ***Plaintiff 'has [] made false allegation[s] of rape, … and filed a frivolous police report in Colorado about losing her passport***.'" ¶ 62 (emphasis added).

7

IV.     *Applying law to facts*

A.      **The Court should dismiss Plaintiff's claims with prejudice for failure to state a claim because the statements at issue, as Plaintiff admits, have been online since 2013 and are therefore time-barred**

22.     Here, in her *fourth* attempt to state a claim, Plaintiff has asserted, "on information and belief," that *"the author"* of a blog posting she allegedly received on January 4 of this year falsely charged her with having made a false rape accusation. *Id*., at ¶ 62.

23.     Plaintiff also claims that:

"On information and belief, Defendant authored this blog post [that she claims to have discovered only within the past eight months] because, again (other than local law enforcement, Plaintiff's own mother and attorney), he was the only person who knew about Plaintiff's rape allegations against Mr. Chen. Further, he is the only person who knew that Plaintiff filed a police report regarding her passport and would know the specific dates of her travel since he purchased her original airline ticket.

*Id*., ¶ 63, *see also id.* ¶¶ 55, 64.

24.     Finally, Plaintiff states:

"This statement directly referred to Plaintiff, is **publicly accessible** and was directed towards and heard by multiple parties, including, but not limited to Mr. Weamer and Ms. Ceizler."

*Id.,* ¶ 77 (emphasis added).

25.     The critical problem with Plaintiff's intentional failure to plead her claims with specificity is best illustrated by the fact that a year after filing her initial complaint she still refuses to provide even a link to this "publicly accessible" online publication, on which she is basing her Third Amended Complaint. Having now provided her three opportunities to remedy this deficiency, the Court should dismiss her claims with

8

prejudice.

26. Based on Plaintiff's allegations and the quote in ¶ 62 of the Third Amended Complaint, and pursuant to *Tellabs*, 551 U.S. 322, *Gee*, 627 F.3d at 1186, and Fed. R. Evid. 201(b)(2), Mr. Wang attaches the publication he believes is referenced (i.e., quoted verbatim) in the Complaint and requests that the Court take judicial notice of it, [3] https://████████wordpress.com/2013/12/16/████████better-known-as-████████-and-her-chinese-scam/ (last visited on Aug. 25, 2021); *see also* https://████████wordpress.com/2013/12/ (last visited on Aug. 25, 2021). (Attachment A.) [4]

27. Comparing the quote from ¶ 62 and the content of https://████████wordpress.com/2013/12/16/████████better-known-as-████████-and-her-chinese-scam/ and https://████████wordpress.com/2013/12/ ("Monthly Archives: December 2013") ("If you see or meet this person, be aware, she has already made false allegation of rape, false claims about other people as well, filed a frivolous police report in Colorado about losing her passport . . . .") (last visited on Aug. 25, 2021), there can be only one conclusion: the quote in ¶ 62 is from this online blog and was published in December 2013, almost eight years ago.

---

[3] The Court may take judicial notice of information appearing on the internet at a particular point in time. *See People v. Harper*, 294 P.3d 161, 162 n.2 (Colo. 2012) (taking judicial notice of attorney's address as it appears on a public website); *Shook v. Pitkin Cnty. Bd. of Cnty. Comm'rs*, 411 P.3d 158, 161 n.4 (Colo. App. 2015) (taking judicial notice of a publicly available website, noting that "[t]he contents of a webpage on a specific date and time are not subject to reasonable dispute").

[4] Due to her request to proceed under the pseudonym Jane Doe, Mr. Wang is redacting the information that could reveal her real identity in this public document but pursuant to D.C.COLO.LCivR 7.2(b), subject to Level 1 restrictions, is attaching an unredacted version of this motion and its attachments for the record.

28. Therefore, taking Plaintiff's allegations as true, her claims must be dismissed with prejudice as time-barred because they are premised on statements published in December 2013.[5] *See, e.g., Phillips v. World Pub. Co.*, 822 F. Supp. 2d 1114, 1122 (W.D. Wash. 2011) ("In the internet context, the statute of limitations begins to run when the allegedly infringing material is first posted on the internet.") (*citing Canatella v. Van De Kamp*, 486 F.3d 1128, 1134–36 (9th Cir. 2007))*; Bloom v. Goodyear Tire & Rubber Co.*, 2006 WL 2331135at *7 (D. Colo. Aug. 10, 2006); *Hoai Thanh v. Ngo*, No. PJM 14-448, 2016 WL 3958584, at *10–12 (D. Md. July 22, 2016), *aff'd sub nom. Hoai Thanh v. Hien T. Ngo*, 694 F. App'x 200 (4th Cir. 2017); *Wolk v. Olson*, 730 F. Supp. 2d 376, 378 (E.D. Pa. 2010); *Deatley v. Allard*, 2015 WL 134271, at *5; *Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, 2013 WL 212640, at *4.[6]

---

[5] Plaintiff filed her complaint on September 11, 2020. (Doc. # 1.) Therefore, her claims are barred. *See* Colo. Rev. Stat. § 13–80–102, § 13–80–103, or § 13-80-108.

[6] In addition, as Plaintiff and her counsel are aware, the blog post was *not* authored by Mr. Wang. A side-by-side review of the publication where the quoted statement in ¶ 62 appears ( https://█████████wordpress.com/2013/12/16/█████████better-known-as-█████████and-her-chinese-scam) (last visited on Aug. 25, 2021) with Plaintiff's blogs (Mr. Wang requests that the Court take judicial notice of these online publications as well. *See, supra,* fn 3.): https://█████████wordpress.com/ (last visited on Aug. 25, 2021) (Attachment B) and http://█████████blogspot.com/ ) (last visited on Aug. 25, 2021) (Attachment C) establishes that:

- Mr. Wang is not the author of the publication;
- Morgann Paraskevas, whom Plaintiff knows very well, is the author;
- Since at least December of 2013 Plaintiff has known (or should have known) about the publications; and
- Taking her own allegations as true that Mr. Wang was the only one (beside her, in the United States) who knew of the underlying facts, Third. Am. Compl ¶¶ 55, 63, then she knew (or should have known) about the causes of action in her Complaint in December 2013.

10

B.  **Mr. Wang's publication made in his capacity as a potential witness in Plaintiff's other litigations are absolutely privileged**

29. In addition, pursuant to Restatement (Second) of Torts, "[a] witness is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding or as a part of a judicial proceeding in which he is testifying, if it has some relation to the proceeding." Restatement (Second) of Torts § 588; *see also id.*, cmt. e ("As to communications preliminary to a proposed judicial proceeding, the rule stated in this Section applies only when the communication has some relation to a proceeding that is actually contemplated in good faith and under serious consideration by the witness or a possible party to the proceeding.").

30. Colorado has adopted the absolute litigation privilege as recognized by the Restatement (Second) of Torts. *See, e.g., Club Valencia Homeowners Ass'n. v. Valencia Associates*, 712 P.2d 1024, 1027-1028 (Colo. App. 1985); *Merrick v. Burns*, 43 P.3d 712, 714 (Colo. App. 2001); *McDonald v. Lakewood Country Club*, 461 P.2d 437, 444 (Colo. 1969); *Renner v. Chilton*, 142 Colo. 454, 351 P.2d 277 (1960). "The absolute privilege to defame in the course of judicial proceedings is not limited to statements during trial, but

---

Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. The inquiry, as several Courts of Appeals have recognized, is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard.

*Tellabs,* 551 U.S. 322–23 (internal citations omitted).

may extend to steps taken prior to trial such as conferences and other communications preliminary to the proceeding." *Club Valencia*, at 1027. "All doubt should be resolved in favor of its relevancy or pertinency. No strained or close construction will be indulged to exempt a case from the protection of privilege. Thus, letters sent to persons having collateral interests in the litigation are privileged to the extent that the alleged defamatory statements have some relation to the subject matter of the proposed litigation and are made in furtherance of the objective of the litigation." *Id*. (citations omitted). "The privilege applies, even though the publication was made outside the courtroom and no official function of the court or its officers was invoked." *Id.* at 1028.

31. "The determination of privilege is a question of law for the trial court." *Id.* at 1027.

32. The privilege provides a shield not only "from defamation claims arising from statements made during the course of litigation, but it also bars other non-defamation claims that stem from the same conduct" such as "claims of invasion of privacy[7] and intentional infliction of emotional distress." *Buckhannon v. U.S. West Communs.*, 928

---

[7] Even if Mr. Wang's alleged statement concerning the prosecution against the Chinese man Plaintiff accused of raping her were not absolutely privileged, those statements are also non-actionable for "invasion of privacy" as a matter of law. *See, e.g., Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371, 377 (Colo. 1997) (requiring that any statement alleged to invade one's privacy "cannot be of legitimate concern to the public"). It cannot be disputed that a prosecution for criminal rape is not a purely private matter under the law of the United States.
In addition, "the requirement of public disclosure . . . requires communication to the public in general or to a large number of persons, as distinguished from one individual or a few." *Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371, 377 (Colo. 1997). Because the quoted statement was published by Mr. Paraskevas and because the Third Amended Complaint does not include any allegation that Mr. Wang's alleged statements in the *Weamer* litigation were made to the public in general or to a large number of persons, it fails to state a claim upon which relief can be granted.

P.2d 1331, 1335 (Colo. App. 1996) (citing *Barker v. Huang*, 610 A.2d 1341 (Del. 1992));

*see also Peterson v. Grisham*, 594 F.3d 723, 730 (10th Cir. 2010); *Kesner v. Dow Jones &

Co., Inc.*, No. 20-CV-3454 (PAE), 2021 U.S. Dist. LEXIS 14358, at 81-82, 2021 WL

256949, at *10-11 (S.D.N.Y. Jan. 26, 2021) (because each of Plaintiff's non-defamation

claims duplicate her failed defamation claims, the non-defamation claims must be

dismissed as a matter of law).

33. Here, Plaintiff alleges that she first learned about the two sets of statements

at issue in this litigation during the *Weamer* case. *See, e.g.,* Third. Am. Compl. ¶ 47; *but

see supra* ¶ 26 . Plaintiff quotes Ms. Dawn Ceizler Esq. (Mr. Weamer's attorney). Third

Am. Compl. ¶ 60.

34. Pursuant to *Tellabs*, 551 U.S. 322 *and Gee*, 627 F.3d at 1186, and Fed. R.

Evid. 201(b)(2), Mr. Wang attaches Ms. Ceizler's referenced September 18, 2020

Declaration from the *Weamer* case file, (Attachment D), which specifically refers to Mr.

Wang as a witness in that case.

> 5. As part of preparing a defense in this matter, I have researched Ms. Doe on the Internet and **reached out to *witnesses*** who I believe may have relevant information about Ms. Doe's past false claims of sexual assault. My research has revealed that she has made claims of being taken advantage of sexually by Charlie Suarez (who she claims in publicly filed court records raped her after they went to dinner and got drunk together), **Paul Wang** (who she claims cheated on her and against whom she posted complaints on social media), and Morgann Paraskevas who she claims sexually harassed her while she couch[-]surfed at his home. …."

Attachment D, Affidavit of Dawn Ceizler Esq., *Doe v. Weamer*, Case No. C20-00827

(Cal Super. Ct. 2020), the referenced September 18, 2020 Declaration of Dawn Ceizler in

Support of Defendant Weamer's Motion to Compel Further Responses to Discovery and

for Monetary Sanctions Against Jane Doe, at ¶ 5 (emphasis added).[8]

35.     Because any allegedly false and defamatory statements about the Plaintiff made by Mr. Wang in his communications with attorney Dawn Ceizler were in his capacity as a potential witness, conveying information that Ms. Ceizler quite reasonably considered to be "pertinent" to that litigation, those statements are protected by the absolute litigation privilege as a matter of law. The court should therefore dismiss Plaintiff's claims with prejudice on this ground as well.

### V.     *Conclusion*

In her Third Amended Complaint, Plaintiff has provided what she claims are the false and defamatory "statements" Mr. Wang made, yet she continues to refuse to point Defendant or the Court to what she avers is a "publicly accessible" web posting. Taking Plaintiff's allegations as true—that Mr. Wang (not the actual blog post author)— published statements about her online in December 2013, establishes that that mass publication occurred in December 2013, which is when her claims "accrued" for purposes of the statute of limitations. Thus, any claims Plaintiff may have had premised on that eight-year old publication are time barred, as a matter of law. In addition, because Mr. Wang was/is a witness, identified as such in the *Weamer* litigation, any statements he made in the course of that litigation (including during pre-trial discovery) are protected by the absolute litigation privilege, under settled Colorado law.

---

[8] Also, in her Second Amended Complaint, Plaintiff affirmatively pleaded that Mr. Wang made his statements "to help another party [Mr. Weamer] in another unrelated civil lawsuit." *See* Sec. Am. Compl. ¶ 56.

WHEREFORE, the Court should dismiss Plaintiff's claims with prejudice.

Respectfully submitted this 25th day of August 2021.

>  */s/ Katayoun A. Donnelly*
> Katayoun A. Donnelly (#38439)
> Azizpour Donnelly, LLC
> 2373 Central Park Blvd., Suite 100
> Denver, CO  80238
> Tel. (720) 675-8584
> katy@kdonnellylaw.com
>
> *Attorney for Paul Wang*

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2021, I served an electronic copy of the foregoing via CM/ECF to counsel of record.

Clarissa M. Collier
David J. Schaller
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
303.244.1800
collier@wtotrial.com
schaller@wtotrial.com

                                                */s/ Katayoun A. Donnelly*
                                                Katayoun A. Donnelly