## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

JANE DOE,

     Plaintiff,

v.

PAUL WANG,

     Defendant.

---

### MOTION TO RECONSIDER THE NOVEMBER 10, 2020 ORDER
### ALLOWING PLAINTIFF TO PROCEED UNDER PSEUDONYM
### (with additional redactions)

---

Mr. Paul Wang, by and through his undersigned counsel, respectfully requests that the Court reconsider its November 10, 2020 Order granting Plaintiff's motion to proceed under a pseudonym. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.").

### CERTIFICATION OF CONFERRAL

Mr. Wang has conferred with Plaintiff. She objects.

1.     On November 4, 2020, Plaintiff filed a motion for "Protective Order and to proceed under a pseudonym." (Doc. 11)  Six days later, with no Response having been filed, the Court signed off on Plaintiff's proposed order. (Doc. 13)

1

2.  "The title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a).

> This requirement, though seemingly pedestrian, serves the vital
> purpose of facilitating public scrutiny of judicial proceedings and
> therefore cannot be set aside lightly. Certainly, "[i]dentifying the
> parties to the proceeding is an important dimension of publicness.
> The people have a right to know who is using their courts."

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008) (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir.1997) (Posner, J.)).

3.  Only in exceptional circumstances may a court permit a plaintiff to proceed under a pseudonym. *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Doe v. Merck & Co*., No. 11-CV-02680-RBJ-KLM, 2012 WL 555520, at *4 (D. Colo. Feb. 17, 2012) (quoting *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)).

4.  "[A] decision to allow or to deny parties to proceed anonymously must be based upon 'informed discretion', after taking all relevant factors into consideration." *Zavaras*, 139 F.3d at 803.  Among the relevant factors a court must consider are:

> (1) whether the litigation involves matters that are "highly sensitive and [of a]
> personal nature";
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to
> the ... party [seeking to proceed anonymously] or even more critically, to innocent
> non-parties;
>
> (3) whether identification presents other harms and the likely severity of those
> harms, including whether the injury litigated against would be incurred as a result
> of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . ., particularly in light of h[er] age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press h[er] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose h[er] identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (combining factors considered by different district and appellate courts to create a non-exhaustive list for courts' consideration) (internal quotation marks and citations omitted).

5.      At the time Plaintiff filed her motion and the Court granted it, Plaintiff had not yet served Mr. Wang. Accordingly, he did not have the opportunity to participate in and provide the relevant information necessary for the Court's application of the multifactor test above to determine whether Plaintiff's interest in privacy outweighs the public interest in access to open court proceedings. *See id.*; *Coe v. United States Dist. Court*, 676 F.2d 411, 418 (10th Cir. 1982).

6.      Here, applying the requisite factors to the facts demonstrates conclusively that Plaintiff has not met, and cannot meet, the test for overcoming the public's presumptive right to monitor judicial proceedings by having access to all parties' true identities:

3



- Plaintiff has been using her real name as a blogger when accusing others of sexually harassing her: (▮▮▮▮▮▮blogspot.com/ (last visited Aug. 25, 2021) ("▮▮▮▮ ▮▮ - victim of sexual harassment") and https://www.blogger.com/profile/▮▮▮▮▮▮▮▮ (last visited Aug. 25, 2021) (Attachment A).[1]

- Plaintiff's real name is found in multiple public court records. *See, e.g.,* https://trellis.law/case▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮VS-COUNTY-OF-LOS-ANGELES-ET-AL (last visited Aug. 25, 2021) (Attachment B); https://unicourt.com/case/ca-▮▮▮▮▮▮vs-▮▮▮▮▮▮▮9 (last visited Aug. 25, 2021) (Attachment C); https://casetext.com/case/▮▮▮v-▮ (last visited Aug. 25, 2021) (Attachment D).

- Plaintiff was also mentioned, by name▮ https://▮▮▮wordpress.com/ (last visited Aug. 25, 2021) (Attachment E) and on the public agenda for the County Commissioners ▮▮▮▮ County (last visited Aug. 25, 2021) (Attachment F), concerning her claim for discrimination against the county. *See* http://▮▮▮▮▮public//print/ag_memo_pdf_popup.cfm?seq=40943&rev_num=0&mode=CUSTOM (last visited Aug. 25, 2021) (Attachment G).[2]

7.     Moreover, in ▮▮ ▮ ▮▮▮ ▮ No. ▮▮▮ 2019 WL ▮▮ at *1 (Cal.

Ct. App. Aug. 29, 2019), the California Court of Appeals affirmed the District Court's issuance

of a domestic violence restraining order against her, identifying her by name.  After a hearing,

the court found that Plaintiff had committed acts of domestic violence on Mr. ▮▮▮ and issued

a DVRO ["domestic violence restraining order"] to expire in 2023. In so doing, it found Mr.

▮▮▮ and his evidence were credible and that Plaintiff "was evasive" regarding posting

pictures of plaintiff online. *Id*.

---

[1] Due to the November 10, 2020 Order Mr. Wang is redacting the information that could reveal Plaintiff's real identity in this public document but pursuant to D.C.COLO.LCivR 7.2(b), subject to Level 1 restrictions, is attaching an unredacted version of this motion and its attachments for the record.

[2] Mr. Wang, pursuant to Rule 201(b) of Federal Rules of Evidence, requests that the Court take judicial notice of these online publications.

8.      More recently, in *People v.* ███ ███ Plaintiff was convicted of three criminal

counts, including vandalism, violation of the above protective order, and disorderly conduct by

posting "revenge porn" photographs. Attachment H , Court notes in Orange County Superior

Court, Case. No. ███████ *see also* Attachment I (Decl. Dunkerly), ¶ 14.

9.      In ███ *v. City of El Monte, et al.,* Case Number ████████RGK-JDE, in the

Central District of California, which is now pending in the Ninth Circuit Court of Appeals in

██ *v. Jara, et al.*, Case Number ███████

> Plaintiff represented in her request to proceed anonymously that her case had
> "gained media attention from several journalists, including San Gabriel Valley
> Tribune, The Appeal, and BuzzFeed" as a reason for allowing her to proceed
> pseudonymously. (See Exhibit E at p. 4, lines 19–20.) However, she failed to
> inform the court that it was she who had contacted these three news entities with a
> tip and that despite her overtures, none of those news organizations had ever
> published anything about her. That she herself had tried to generate media interest
> in facts stemming from her alleged rape and investigation into that rape was not
> disclosed until her deposition in March 2021.

*See* Attachment I, Declaration of Erin R. Dunkerly Esq., ¶ 9  As Ms. Dunkerly explains:

> I asked [Ms. ███ to identify all lawsuits she had filed within the past five
> years, and she refused. Based on the fact that contrary to plaintiff's previous
> untrue representation that she required protection from media interest when it
> was she who tried to generate media interest in her own case by contacting
> three media outlets; the fact that during the course of my work on the ███ *v.*
> *City of El Monte, et al.* matter I have not received any information from
> plaintiff about anyone stigmatizing or retaliating against her as an alleged
> sexual assault victim; and based on the fact that plaintiff has repeatedly failed
> to disclose the existence of other lawsuits wherein she alleged personal injury
> and/or emotional distress damages that are either relevant or likely to lead to
> the discovery of admissible evidence in my case, I believe plaintiff has
> intentionally left defendants in the dark as to what other lawsuits she has filed
> to cut off defendants' access to that otherwise public and discoverable
> information.

*Id.* ¶ 11.

10.    Plaintiff has been sanctioned several times for her litigation conduct. *Id.* ¶ 12; *see also* Attachment J, Declaration of Dawn Ceizler Esq., counsel in *Doe v. Weamer*, Contra Costa County Superior Court Case No. C20-00827, ¶¶ 4-5.

11.    In addition, here,

- Plaintiff does not allege that Mr. Wang has sexually assaulted her;[3]

- Neither the filing of a police report nor the existence of a criminal sexual assault case is a private matter in the United States;

- Plaintiff's allegations of concern in her November 4, 2020 motion are purely speculative;

- Even if they could be arguably considered meritorious they have been mooted in light of the above mentioned facts and her own conduct;

- Grave prejudice has already been caused to Mr. Wang (and numerous other defendants) by allowing Plaintiff to proceed under a pseudonym, which has restricted their access to relevant information in the other cases[4] and discouraged them from participating as a witness in those proceedings;

---

[3] Plaintiff has repeatedly defamed Mr. Wang, by name, on the internet and has posted private information about him, his family, and friends. *See, e.g.*, Attachment K.

[4]  *See, e.g.*, *Jane Doe v. City of Concord, et al.,* United States District Court Northern District of California, Case Number ▮▮▮▮▮ *Jane Doe v. Newsom, et al.*, United States District Court Central District of California, Case Number 2:20-cv-▮▮▮▮JAK(PVCx); *Jane Doe v. County of Orange, et al.,* United States District Court Central District of California, Case Number SACV20-▮▮▮ODX(DJW); *Jane Doe v. County of* ▮▮▮▮▮▮▮ County Superior Court, Case Number ▮▮▮▮▮▮ (Attachment I at ¶ 10) *See also* ▮▮▮ ▮▮ *v. City of El Monte*, ▮▮▮ County Superior Court, Case Number ▮▮▮▮▮ and ▮▮▮

- Allowing Plaintiff to continue to proceed under a pseudonym is circumventing the courts' ability to determine, based on the totality of the circumstances in all these cases, whether Plaintiff is a vexatious litigant.[5]

- "The risk that a plaintiff may suffer some embarrassment is not enough to permit the plaintiff to proceed anonymously." *Berkshire Life Ins. Co. of Am.,* 2020 WL 3429152, at *1. Especially, where, as here, Plaintiff has repeatedly identified herself, by name, as an alleged "victim of sexual harassment" both on the internet and in publicly filed court documents. *See, e.g., supra,* ¶¶ 6-8. Plaintiff , therefore, should not be granted leave to proceed anonymously because "the injury of which plaintiff complains in his complaint has already occurred." *Doe v. Berkshire Life Ins. Co. of Am.*, No. 20-CV-01033-PAB-NRN, 2020 WL 3429152, at *3 (D. Colo. June 23, 2020) (citing *Doe v. FBI*, 218 F.R.D. 256, 260 (D. Colo. 2003).

- Further, she should not be allowed to force Mr. Wang to defend himself "publicly, while Plaintiff is permitted to hurl h[er] accusations from behind a cloak of anonymity." *Merck & Co.*, 2012 WL 555520, at *3 (internal quotations omitted)

---

*v. County of* ████████████████ County Superior Court, Case Number ██████ (filed August 26, 2021).

Mr. Wang, pursuant to Rule 201(b) of Federal Rules of Evidence, requests that the Court take judicial notice of these cases.

[5] *See Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (holding that a district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents).

7

(denying plaintiff's request to procced under a pseudonym); *see also Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D.Tex. 2007) (same).

12.     In sum, the prejudice caused to all the defendants and families impacted by the emotional and financial cost of these litigations, as well as the public interest in access to open court proceedings and the judicial interest in preventing vexatious litigants from wasting limited judicial resources, requires that Plaintiff proceed in this action using her real name.

WHEREFORE, Mr. Wang respectfully requests that the Court reconsider its November 10, 2020 Order and order Plaintiff to proceed with her real name. *See also*, *e.g., United Fin. Cas. Co. v. R.A.E., Inc.*, No. CV 20-2467-KHV, 2020 WL 6117895, at *2 (D. Kan. Oct. 16, 2020) (denying litigant's the request to proceed under a pseudonym); *Doe v. Bryant*, No. 04-M-1638 (Matsch J.) (same) (Attachment L).

Respectfully submitted this 27th day of August 2021.

/s/ Katayoun A. Donnelly
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Paul Wang*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2021, I served an electronic copy of the foregoing via

CM/ECF to counsel of record.

Clarissa M. Collier
David J. Schaller
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
303.244.1800
collier@wtotrial.com
schaller@wtotrial.com

*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly