**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:20-cv-02765-RMR-MEH

JANE DOE,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

**REPLY IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED
COMPLAINT (DOC. 90)**

---

Mr. Wang's motion to dismiss explained how the substantive and procedural laws governing Plaintiff's claims reveal the fatality of the flaws in her Third Amended Complaint. Plaintiff's response does not address the key arguments in Mr. Wang's motion and contains a series of requests to disregard the applicable law and information referenced in her own complaint.[1]

### I. Plaintiff asks the Court to disregard the applicable legal standards and information referenced in her complaint

#### A. Plausibility and heightened pleading standards apply

Plaintiff claims: "'[T]he complaint should not be dismissed for failure to state a

---

[1] Although Plaintiff appears displeased with the Motion's description of Mr. Wang's failed efforts to persuade her to comply with Judge Jackson's June 11, 2021 order, she nonetheless does not contest the accuracy of any of the statements in the Motion's recitation of the procedural history.

claim unless it appears **beyond doubt** that the plaintiff can prove **no set of facts** in support of [her] claim that would entitle [her] to relief.'" (Pl.'s Resp. at 2) (quoting *Stearns v. McGuire*, No. CIV.02-RB-1912(OES), 2004 WL 3174423, at *1 (D. Colo. July 26, 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) (emphasis added))).

Plaintiff's contention disregards the facts that (1) the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) transformed federal civil litigation by abolishing "notice" pleading—for which she is advocating—in favor of the heightened "plausibility" pleading regime, and (2) the plausibility standard applies to pleading elements of all civil claims, including defamation and other torts. *See, e.g., Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016).

Plaintiff also mistakenly contends that the requirement of pleading allegedly defamatory statements with particularity (and the circumstances surrounding each challenged publication) is solely a creature of Colorado procedural law, hence not applicable in federal court. *But see Walters v. Linhof,* 559 F. Supp. 1231 (D. Colo. 1983) ("Plaintiffs have not substantially set forth the words alleged to be defamatory and untrue nor any facts that would establish publication. The fourth claim for relief is dismissed for failure to state a claim."); *Martinez v. Winner*, 548 F. Supp. 278 (D. Colo. 1982) ("It is almost axiomatic that in defamation cases a certain degree of specificity is an essential in pleadings, that the language complained of must be set forth in words or words to that effect and that the **defendant should not be required to resort to the ofttimes expensive discovery process to drag from a litigant what he really intends to do to his adversary by a vehicle shrouded in mystery**." (citation omitted) (emphasis added)).

B.  **In deciding the motion to dismiss, the Court may take judicial notice of pleadings in another case, blog posts, and documents referenced in the complaint without converting the motion into one for summary judgment**

Contrary to Plaintiff's assertion, Pl. Resp., 3-5, the Court may take judicial notice of Attachments[2] A (blog post [the verbatim quote of the statements at issue, referenced in ¶¶ 62, 63 of the Third Amended Complaint]), B (blog post [Plaintiff's knowledge of the statements at issue, *see* ¶¶ 55, 63]), C (blog post [Plaintiff's knowledge of the statements at issue, *see* ¶¶ 55, 63]), and D (pleading from another case [Declaration of Dawn Ceizler in Support of Defendant Weamer's Motion to Compel Further Responses to Discovery and for Monetary Sanctions Against Jane Doe, referenced in ¶ 60 of the Third Amended Complaint]; *see also* ¶¶ 61, 63) without converting the motion to dismiss it into one for summary judgment. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998); *see also Mirlis v. Greer*, 952 F.3d 51, 63 n.11 (2d Cir. 2020) ("The court was entitled to take judicial notice of Dressler's blog posts, as are we. See Fed. R. Evid. 201. Further, their public availability on the internet site that Dressler concededly controlled cannot reasonably be contested; they continue to be available as of this writing."); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of pleadings filed in another action as a public record pursuant to Federal Rule of Evidence 201(b) in deciding a motion to dismiss without converting that motion into a motion for summary judgment); *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F .3d 396, 401 n. 15 (3d Cir. 2006) (courts may "'take

---

[2] These are attachments to Mr. Wang's Unredacted Motion to Dismiss the Third Amended Complaint. (Doc. 90)

judicial notice of newspaper articles for the fact of their publication'" (citation omitted)); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (district courts may consider "documents incorporated by reference in the complaint . . . without converting the motion to dismiss into a motion for summary judgment.").

### C. Plaintiff's claims are both improperly pled and time-barred

The Third Amended Complaint continues to plead multiple *publications* within a single count. It identifies two statements (apparently in an unspecified number of separate publications) that Plaintiff alleges Mr. Wang published online—although, tellingly, not with specificity (she did not identify, among other things, the dates and places of publication). And in her response, Plaintiff seems to allege that the state law requirements do not apply to her but fails to explain how the body of federal case law cited above, which include these same requirements, does not apply to her.

Relying on the only quote in ¶ 62 of the Third Amendment Complaint, which includes both statements at issue, and taking judicial notice of the publication (Attachment A to Doc. 90) and its date (it was published in 2013) and ¶ 63 and taking them as true, the Court should dismiss the Third Amended Complaint with prejudice.[3] *See, e.g., Phillips v. World Pub. Co.*, 822 F. Supp. 2d 1114, 1122 (W.D. Wash. 2011) ("In the internet context, the statute of limitations begins to run when the allegedly infringing material is first posted on the internet.") (*citing Canatella v. Van De Kamp*, 486 F.3d 1128, 1134–36 (9th Cir. 2007))*; Bloom v. Goodyear Tire & Rubber Co*., 2006 WL 2331135at *7 (D. Colo. Aug. 10,

---

[3] Dismissal of a claim as time-barred is treated as a dismissal for failure to state a claim. *See, e.g., Yoder v. Honeywell Inc*., 104 F.3d 1215, 1224 (10th Cir. 1997) (applying de novo review to district court's dismissal on the grounds that claim was time-barred for failure to state a claim).

2006); *Hoai Thanh v. Ngo*, No. PJM 14-448, 2016 WL 3958584, at *10–12 (D. Md. July 22, 2016), *aff'd sub nom. Hoai Thanh v. Hien T. Ngo*, 694 F. App'x 200 (4th Cir. 2017); *Wolk v. Olson*, 730 F. Supp. 2d 376, 378 (E.D. Pa. 2010); *Deatley v. Allard*, 2015 WL 134271, at *5; *Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, 2013 WL 212640, at *4.[4]

### D. Any of Mr. Wang's Statements Made to Counsel in the *Weamer* Litigation are Absolutely Privileged

Plaintiff argues that Mr. Wang's statements made to an attorney actively engaged in civil litigation, in response to her inquiry seeking information from him *for use in that litigation*, is not subject to the "litigation communications" privilege. Pl. Resp., 6-8. That it is incorrect. Any allegedly false and defamatory statements about the Plaintiff that Mr. Wang may have communicated to attorney Dawn Ceizler were unquestionably in his capacity as a potential witness, and that information was quite reasonably considered to be "pertinent" to that litigation. And, indeed, Plaintiff has expressly so pleaded. *See* Sec. Am. Compl. ¶ 56 (averring that Mr. Wang made his statements "to help another party [Mr. Weamer] in another unrelated civil lawsuit."); *see also* Attachment D to Doc. 90 (Declaration of Dawn Ceizler in Support of Defendant Weamer's Motion to Compel Further Responses to Discovery and for Monetary Sanctions Against Jane Doe, referenced in ¶ 60 of the Third Amended Complaint). Accordingly, those statements are protected by the absolute litigation privilege as a matter of law. *See* Def. Mot. Dismiss Third Am. Compl., 11-14; *see also Carter v. Spirit Aerosystems, Inc.*, No. 16-1350-EFM-GEB, 2017 WL 5270428, at *4 (D. Kan. Nov. 13, 2017), aff'd, 827 F. App'x 864 (10th Cir. 2020) ("Carter's defamation claim relies entirely on statements Shulda made to the DOL

---

[4] Plaintiff does not address these legal authorities either.

investigator during Carter's administrative proceedings. Shulda's communications to the DOL investigator are entitled to an absolute privilege, which is an affirmative defense to Carter's defamation claim. Therefore, Carter's defamation claim is dismissed and it is unnecessary for the Court to consider whether Carter's claim was brought within the statute of limitations."). The court should therefore dismiss Plaintiff's claims with prejudice on this ground as well.

## II. Conclusion

Despite repeated requests that she do so, Plaintiff refuses to point Defendant or the Court to what she avers is a "publicly accessible" web posting, upon which she premises her claims. Such conduct is consistent with how Plaintiff has litigated multiple other cases—some as "Jane Doe," others in her own name—and for which she has been sanctioned by other courts. The Court should not countenance tactics such as claiming that the court should not consider the online publications that recite verbatim the statements she alleges are defamatory because she intentionally did not attach them to her complaint, while refusing to identify the online, publicly available statements referenced in her complaint; and at once relying on the publicly available online blog post as a sufficiently reliable source on which she can base her claims, Third Am. Compl., ¶¶ 62, 62, but denying the blog post's trustworthiness when it comes to application of the statute of limitations. Pl. Resp. at 2, 4.

Taking Plaintiff's allegations as true establishes that her claims "accrued" in 2013. Thus, any claims Plaintiff may have had premised on that eight-year-old publication are time barred, as a matter of law. In addition, because the Complaint affirmatively pleads

that Mr. Wang was/is a witness, identified as such in the *Weamer* litigation, any statements he made in the course of that litigation (including during pre-trial discovery) are protected by the absolute litigation privilege, under settled Colorado law.

WHEREFORE, the Court should dismiss Plaintiff's claims with prejudice.

Respectfully submitted this 28$^{8h}$ day of September 2021.

*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Paul Wang*

**CERTIFICATE OF SERVICE**

   I hereby certify that on September 28, 2021, I served an electronic copy of the foregoing via CM/ECF to counsel of record.

Clarissa M. Collier
David J. Schaller
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
303.244.1800
collier@wtotrial.com
schaller@wtotrial.com

                */s/ Katayoun A. Donnelly*
                Katayoun A. Donnelly