IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

JANE DOE,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

**REDACTED REPLY IN SUPPORT OF MOTION TO RECONSIDER THE NOVEMBER 10, 2020 ORDER ALLOWING PLAINTIFF TO PROCEED UNDER PSEUDONYM (DOC. 94)**

---

Mr. Paul Wang respectfully requests that the Court reconsider its November 10, 2020 Order granting Plaintiff's motion to proceed under a pseudonym. Mr. Wang does not object to Plaintiff's request to redact or grant protected status to information regarding Plaintiff's other cases where there is an existing court order allowing her to proceed under pseudonym.

**Plaintiff did not make a proper attempt to serve Mr. Wang until 23 days after the Court granted her motion to proceed under pseudonym**

On November 4, 2020, Plaintiff filed a motion for "Protective Order and to proceed under a pseudonym." (Doc. 11) On November 10, 2020, the Court signed off on Plaintiff's proposed order. (Doc. 13) Plaintiff's first attempt to serve Mr. Wang, as attested to by the U.S. Marshal's office was at the wrong address and not until three days after the Court had granted the motion. (Doc. 15, at 1, 2.) Based on her own words, it was not until December 3, 2020, twenty-three days after her motion was granted, that Plaintiff mailed a copy of the complaint to Mr. Wang's

1

correct address. (Doc. 31, pp. 1, 2.) As such, Mr. Wang was never given the notice and opportunity to respond to Plaintiff's motion.

### 375 pages of unchallenged evidence support Mr. Wang's motion for reconsideration of its order

Plaintiff has not asserted any claims of sexual assault against Mr. Wang. Nonetheless, she asks the court to allow her to proceed as a victim—without extending the presumption of innocence to the person (who is not Mr. Wang) she accused of sexually assaulting her.

Extensive public debate on this subject has raised important questions as to how to support victims and take their claims seriously while also considering whether and how to respect the accused individual's right to the presumption of innocence.[1] In a court of law, however, this is not a matter of choice, but law. And Plaintiff—who herself was recently the beneficiary of the presumption of innocence before a jury of her peers who entered a verdict finding her guilty beyond a reasonable doubt—is asking the Court to apply one presumption but not the other.

In fact, Plaintiff actually blames Mr. Wang for recognizing and respecting the sensitivity and seriousness of crimes against women and for conducting due diligence, for weeks, before filing his well-researched motion and supporting exhibits that document her litigation conduct during the past few years (including cases where she has proceeded in her own name) in her own words and in the words of officers of the court and judges.

---

[1] "In July 2013, with Mr. Chen's rape charge still pending, Plaintiff moved to the United States to live with Defendant in Aurora, Colorado." Third Am. Compl. ¶ 37. "By receiving restitution, Plaintiff was led to believe Mr. Chen was convicted of the rape charge." *Id.,* ¶ 35.

She describes as a "smear campaign" the 378 pages of evidence of her own pleadings, the jury verdict (finding her guilty beyond a reasonable doubt), orders of judges sanctioning her for refusing to respond to discovery requests, her deposition testimony regarding her representation to other courts to allow her to proceed under a pseudonym, declarations of judicial officers who have observed her conduct, and the protective order issued against her, in her own name, for harassment (which was upheld on appeal).

Black's Law Dictionary (11th ed. 2019) defines "smear campaign" as "The deliberate telling and repetition of untrue or distorted stories about a person in order to make others lose respect for that person." But Plaintiff's Response makes no claim that any of the evidence presented in support of Mr. Wang's motion for reconsideration is either false or inaccurate. And every one of those exhibits are either sworn declarations, court records, or other information of which the Court can take judicial notice of under Federal Rule of Evidence 201. *See, e.g., Estate of McMorris v. C.I.R.*, 243 F.3d 1254, 1258 n. 8 (10th Cir. 2001) (explaining that the Court can take judicial notice of documents and docket materials filed in other courts); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of pleadings filed in another action as a public record pursuant to Federal Rule of Evidence 201(b)); *Mirlis v. Greer*, 952 F.3d 51, 63 n.11 (2d Cir. 2020) ("The court was entitled to take judicial notice of Dressler's blog posts, as are we. *See* Fed. R. Evid. 201. Further, their public availability on the internet site that Dressler concededly controlled cannot reasonably be contested; they continue to be available as of this writing."); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1224 (10th Cir. 2007) (holding district court abused its discretion in failing to take judicial notice of party's website to establish damages).

Plaintiff does claim that she is not the author of the blog posts containing her correspondence with some of the individuals with whom she has been involved and her claims against them. Even if that were true,[2] though, the other 375 pages of evidence are enough to support Mr. Wang's request for reconsideration.

In light of Plaintiff's documented refusal to respond to discovery requests, Mr. Wang should not be subjected to additional costs of discovery and further litigation, as other defendants have been subjected by this exceedingly litigious plaintiff. Mr. Wang respectfully requests that the Court hold a hearing so that Plaintiff can testify under oath that she is *not* the author of those blogs and prove the falsity of or distortions in the 378 pages of evidence she sweeps aside as a "smear campaign."

**New evidence: On July 26, 2021, Plaintiff was convicted by a jury for, among other things, disorderly conduct by posting "revenge porn" photographs**

"Motions to reconsider are generally an inappropriate vehicle to advance new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

On July 26, 2021, Plaintiff was convicted of three criminal counts, including vandalism, violation of the above protective order, and disorderly conduct by posting "revenge porn" photographs. *See* Attachment H to Mot. Recon.; *see also* Attachment I (Decl. Dunkerly, ¶ 14). Plaintiff was also sanctioned for her litigation conduct, by another court, on July 22, 2021. *See, e.g.,* Attachment J to Mot. Recon. (Decl. Ceizler Esq., ¶¶ 4-5).

---

[2] It is hard to imagine who, other than Plaintiff, would have access to the information posted on these blogs or would benefit from publishing this information. And Plaintiff has not offered any explanation to the Court.

This Court issued its order allowing the Plaintiff to proceed anonymously more than half a year before the criminal convictions were entered and additional sanctions were imposed against Plaintiff. Furthermore, after Mr. Wang retained counsel, it took weeks to gather this and other relevant information (some of which Plaintiff had diligently kept out of public records). And, soon after this new information came to light, Mr. Wang filed the motion for reconsideration.

In addition, after a jury convicted Plaintiff in July 2021, the court ordered her to continue to comply with the protection orders against her which prohibited her from disseminating information (similar to what she has disseminated about Mr. Wang) about the victim. Shortly after, Plaintiff filed a motion in the civil case, asking the court to lift the stay so she could continue to post information about the victim, who she referred to as a sexual predator. *See* Attachment M³ at 2 (Minute Order from the criminal case) ("Court orders defendant be released on own recognizance on condition(s): abide by current protective order, not post any new things online about this case or Mr. ▮▮▮ and violate no law."); Exhibit N at 6, 10 (Pdf.) (Plaintiff's August 24, 2021 motion) ("▮▮▮ ("▮▮▮ a sexual predator who utilized online dating service for free sexual favor, started texting ▮▮▮ ("▮▮▮ after he got ▮▮▮ phone number through a dating APP in mid August 2018." at 6. "▮▮▮ has found no legitimate reason on why she should be refrained, for public interest, from posting any picture or

---

³ The last Attachment to the motion for reconsideration was Attachment L. Attachments to the reply will continue with the order of the numbering. Also, it appears that Attachment B was not completely uploaded. Mr. Wang is also attaching the correct version of Attachment B herein.

likeness of ▬▬▬ or refer to him by name on any social media website." at 10).⁴ Mr. Wang requests that the Court take judicial notice of these court documents.

Plaintiff is simultaneously asserting her right (as a convicted criminal) to continue to refer to the victim in the criminal case as a sexual predator, using her real name, while in this case asking the Court to protect her identity because in China victims of sexual crimes are stigmatized. This motion alone highlights why she should not be allowed to force Mr. Wang to defend himself "publicly, while Plaintiff is permitted to hurl h[er] accusations from behind a cloak of anonymity." *Merck & Co.*, 2012 WL 555520, at *3 (internal quotations omitted) (denying plaintiff's request to procced under a pseudonym); *see also Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D.Tex. 2007) (same).

This relevant information is necessary for the Court's application of the multifactor balancing test to determine whether the party's interest in privacy outweighs the public interest in access to open court proceedings. *See Coe v. United States Dist. Court*, 676 F.2d 411, 418 (10th Cir. 1982).

**Considering the totality of the circumstances in this case, Plaintiff should not be allowed to proceed under pseudonym.**

"[A] decision to allow or to deny parties to proceed anonymously must be based upon '**informed discretion**', after **taking all relevant factors into** consideration." *Zavaras*, 139 F.3d at 803 (emphasis added). Federal courts have considered the below relevant factors, *see Sealed*

---

⁴ Due to the November 10, 2020 Order Mr. Wang is redacting the information that could reveal Plaintiff's real identity in this public document. But pursuant to D.C.COLO.LCivR 7.2(b), subject to Level 1 restrictions, he is submitting an unredacted version of this motion and its attachments for the record.

*Plaintiff v. Sealed Defendant*, 537 F.3d 190 (2d Cir. 2008) (combining factors considered by different district and appellate courts to create a non-exhaustive list for courts' consideration), nearly all of which weigh in favor of disclosure of Plaintiff's real identity. Mr. Wang's analysis of these factors is included under each.

(1) whether the litigation involves matters that are highly sensitive and of a personal nature,
   a. In United States, allegations of sexual assault and police reports are not private matters. Plaintiff's privacy arguments are based on Chinese values. She does not explain how these Chinese values can prevent application of American laws in American courts.

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties,
   a. There is no realistic risk of retaliatory physical or mental harm in this case.
   b. Quite the contrary, as mentioned above, Plaintiff has been insisting that the First Amendment allows her to speak freely about the victim in her criminal case. If her speech regarding behavior of the victim whom she calls a sexual predator does not put her at a risk of retaliatory physical or mental harm it is hard to imagine how the statements at issue in this case could.
   c. Plaintiff's allegations of concern in her November 4, 2020 motion are purely speculative. And even if they could be arguably considered meritorious they have been mooted in light of the above mentioned facts and her own conduct.

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,
   a. *See* (2)a-c.

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure,
   a. *See* (2)a-c.

(5) whether the suit is challenging the actions of the government or that of private parties,
   a. Private parties.

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court,
   a. *See infra*.

(7) whether the plaintiff's identity has thus far been kept confidential,

- a. No, as explained above and in the motion for reconsideration, Plaintiff's identity has not been kept confidential in all cases and has been mentioned in several online publications. Further, as explained above, she has exercised her right to speak about other claims of a sexual nature in public documents and on the Web.

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity,
- a. Yes, especially considering how allowing Plaintiff to proceed under pseudonyms has prevented our courts from conducting an analysis of whether she is a vexatious litigant. *See* Motion for Reconsideration, at 6-7.

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and
- a. No. *See* (8)a.

(10)   whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff
- a. Mr. Wang does not object to protecting information regarding Plaintiff's identity in cases where there is an existing order allowing her to proceed under a pseudonym. Plaintiff does not provide any other alternative.

**Forcing Mr. Wang to spend thousands of dollars in costs and attorneys' fees to gain access to what should have been a part of public records and to continue to litigate the case against a judgment-proof plaintiff who has been sanctioned by other courts for refusing to respond to discovery is an unfair and unjustified burden.**

As established by declarations of attorneys in the California state and federal cases that Plaintiff has filed, Plaintiff has, to this day, refused to even reveal how many cases she has filed, in which courts, what her claims are in each case, in how many she has been sanctioned, in how many she has paid the sanctions, or how many of these cases have been dismissed. *See* Attachments I & J to Mot. Recon. Nonetheless, considering the seriousness of the nature of Plaintiff's claims, Mr. Wang has taken the steps necessary to carefully gather the necessary information before filing a motion to reveal Plaintiff's identity.

Unfortunately, not all litigants can afford to pay for such due diligence—nor should they be forced to bear such unnecessary costs to defend themselves against a vexatious litigant. Plaintiff seems to consider it a victory that she has forced Mr. Wang to incur thousands of dollars in fees, and his counsel to expend dozens of hours, to collect data that should be available through public court records. And that does not even take into account the additional squandering of judicial resources in having to resolve the issue of Plaintiff's desire to "fly under the radar" lest her modus operandi be exposed.

Contrary to Plaintiff's assertion, though, such prejudice should not be tolerated. Allowing Plaintiff to continue to proceed under a pseudonym is circumventing the ability of courts to determine, based on the totality of the circumstances in all these cases, whether Plaintiff is a vexatious litigant. This is one of the many reasons that only in exceptional circumstances may a court permit a plaintiff to proceed under a pseudonym. *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998).

WHEREFORE, Plaintiff should be ordered to proceed with her real name.

Respectfully submitted this 30th day of September 2021.

*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Paul Wang*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2021, I served an electronic copy of the foregoing via CM/ECF to counsel of record.

Clarissa M. Collier
David J. Schaller
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
303.244.1800
collier@wtotrial.com
schaller@wtotrial.com

                                                                                */s/ Katayoun A. Donnelly*
                                                                                Katayoun A. Donnelly