IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

XINGFEI LUO,
  Plaintiff,

v.

PAUL WANG,
  Defendant.

Case No. 1:20-cv-02765

**Motion to Intervene and Unrestrict Document**

Eugene Volokh moves to intervene in this case for the limited purpose of unrestricting access to the Nov. 8, 2021 Order Granting Motion for Reconsideration (ECF No. 114).

Counsel for defendant, with whom Volokh conferred by e-mail and by telephone on Nov. 15, 2021, takes no position on the motion. Counsel for plaintiff, with whom Volokh conferred by e-mail on Nov. 14-18, 2021, opposes the motion.

    Respectfully submitted,

    /s/ Eugene Volokh

    Eugene Volokh, pro se
    Scott & Cyan Banister
    First Amendment Clinic
    UCLA School of Law
    385 Charles E. Young Dr. E
    Los Angeles, CA 90095
    (310) 206-3926
    volokh@law.ucla.edu

**Memorandum**

Eugene Volokh is a professor of law at UCLA School of Law, where he writes on First Amendment law, including libel law, and on pseudonymity. He has written a draft law review article called *The Law of Pseudonymous Litigation*, a draft of which was posted on Oct. 20, 2021, http://www.law.ucla.edu/volokh/pseudonym.pdf. The article mentions this case at pp. 13-14 n.61, and Volokh would like to discuss the case further both in the article and on his blog, http://reason.com/volokh; he particularly wants to discuss the Nov. 8, 2021 Order that depseudonymized the case. He is acting in this case on his own behalf, and (as is customary with academics) not on behalf of UCLA or any other institution.

**I.   A motion to intervene is the proper tool for third parties to challenge a sealing order, and Volokh has Article III standing to intervene**

"The courts have widely recognized that the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). The same is true of sealing orders. "[P]ermissive intervention under Rule 24(b) is an appropriate procedural vehicle for non-parties seeking access to judicial records in civil cases." *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015); *see also, e.g., Parson v. Farley*, 352 F. Supp. 3d 1141, 1149 (N.D. Okla. 2018); *SanMedica Int'l v. Amazon Inc.*, No. 2:13-CV-00169, 2015 WL 668022, *2 (D. Utah Nov. 2, 2015).

And Volokh has standing to intervene to unrestrict access to court records, just as Harvard law professor Rebecca Tushnet was found to have such standing to intervene to unseal records in *SanMedica*, and just as Volokh himself was so found in *Parson*.

1

"Volokh has shown a concrete and particularized injury to his right of public access caused by the [sealing of the order] because, but for the [sealing], Volokh would be able to gather information from the record and disseminate his opinion regarding this litigation through his blog." *Parson*, 352 F. Supp. 3d at 1149. He would also be able to further write about the case in his forthcoming law review article. This also shows redressability, because "if this Court lifts the Sealing Order and unseals the requested judicial records, Volokh's injury will be redressed." *Id.* at 1148.

Because this is a case seeking the unrestricting of access to a document, rather than seeking to vacate a protective order, *Young v. Glanz*, 2018 WL 1588026 (N.D. Okla. Mar. 31, 2018) is not on point, as *Parson*, 352 F. Supp. 3d at 1147-49, recognizes. When an intervenor challenges a protective order that restricts the speech of the parties, lifting the order might not redress the intervenor's injury: Perhaps none of the parties would want to talk to the intervenor even in the absence of the order. Indeed, that was the basis for this Court's decision in *Young*—the intervenors did not show redressability, partly because they did not offer evidence of a "party's willingness to disseminate" the materials to them. *Young*, 2018 WL 1588026, at *7.

But here, Volokh is seeking access to the court record. An order lifting the seal would redress his inability to access certain documents, because he would get the documents directly from the court file, regardless of the parties' preferences. *Parson*, 352 F. Supp. 3d at 1148; *SanMedica*, 2015 WL 668022, *4.

## II. The common-law right of access strongly applies to opinions

The public has a presumptive common-law right to access judicial records in civil

2

proceedings. *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011). "[S]ecret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996). "It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter." *Vega v. Wiley*, No. CIV.A. 07-CV-01357LT, 2007 WL 4287730, at *1 (D. Colo. Dec. 5, 2007).

This right of access especially includes access to this Court's opinions. *See, e.g., United States v. Mentzos*, 462 F.3d 830, 843 n.4 (8th Cir. 2006) (concluding that defendant's "motion to file this opinion under seal" should be denied "because the decisions of the court" are presumptively "a matter of public record"). "[I]t should go without saying that [a] judge's opinions and orders belong in the public domain." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). "Opinions are not the litigants' property. . . . They belong to the public, which underwrites the judicial system that produces them." *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) (Easterbrook, J., one-judge order). "Without access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014). "There is no doubt that the court orders themselves are judicial records. . . . The issuance of public opinions is core to the transparency of the court's decisionmaking process." *In re Application of Jason Leopold*, 964 F.3d 1121, 1128 (D.C. Cir. 2020).

If the opinion contains any confidential information, that information should be redacted, rather than having the entire opinion be sealed. *See* D.C.COLO.LCivR

7.2(d) (expressing a preference for "alternative[s] to restriction" such as "redaction, summarization, [or] restricted access to exhibits or portions of exhibits").

### III. This court should also recognize a First Amendment right of access to judicial opinions in civil proceedings

Besides this common-law right of access, there is also a First Amendment right of access to court documents in civil proceedings. There is a First Amendment right of access to criminal trials, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980) (plurality op.); *id.* at 585 (Brennan, J., concurring in the judgment), and courts have concluded that "the justifications for access to the criminal courtroom apply as well to the civil trial." *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1178 (6th Cir. 1983). "[T]he First Amendment does secure to the public and to the press a right of access to civil proceedings." *Westmoreland v. Columbia Broad. Sys. Inc.*, 752 F.2d 16, 23 (2d Cir. 1984); *see also Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984); *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983); *Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1308 (7th Cir. 1984); *Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014). This right extends to "pretrial court records" as much as to trial proceedings. *Mokhiber v. Davis*, 537 A.2d 1100, 1119 (D.C. 1988).

The Tenth Circuit has not yet ruled on whether such a First Amendment right of access exists in civil cases, *see United States v. Pickard*, 733 F.3d 1297, 1302 n.4 (10th Cir. 2013), but the precedents from every circuit that has passed judgment on the question support recognizing such a right. As courts have recognized, the First Amendment right of access attaches to judicial documents in civil cases if there is "(1)

4

a historical tradition of accessibility, and (2) a significant positive role for public access in the functioning of the judicial process in question." *IDT Corp. v. Ebay*, 709 F.3d 1220, 1224 n.* (8th Cir. 2013). The judicial documents in this case satisfy both prerequisites.

First, "[t]here is a long tradition of public access to court orders," *Hardy v. Equitable Life Assurance Soc'y*, 697 F. App'x 723, 725 (2d Cir. 2017). "[S]ince at least the time of Edward III, judicial decisions have been held open for public inspection." *Application of Leopold*, 964 F.3d at 1128.

Second, access to judicial opinions plays a significant positive role in the functioning of the judicial process. "Without access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." *Pub. Citizen,* 749 F.3d at 267. "Without monitoring[,] . . . the public [can] have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Ensuring public access to judicial opinions is crucial to our justice system. "As ours is a common-law system based on the 'directive force' of precedents, its effective and efficient functioning demands wide dissemination of judicial decisions." *Lowenschuss v. West Pub. Co.*, 542 F.2d 180, 185 (3d Cir. 1976). "Practicing attorneys must be able easily to locate authoritative precedents for their positions. Courts must be able to rely on briefs and citations of attorneys practicing before them and on their own research efforts to direct them quickly to the relevant cases." *Id.* And this logic applies for persuasive precedents as well as binding precedents.

5

The First Amendment right of access calls for an even more demanding test than does the common-law right of access: "With respect to those proceedings and documents to which the First Amendment right of access applies, sealing is only appropriate if the district court makes specific, on the record findings demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. McVeigh*, 119 F.3d 806, 814 (10th Cir. 1997) (cleaned up) (citing *Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1, 13-14 (1986)). For the reasons given above, this test cannot be satisfied here.

## Conclusion

The public, including Volokh, has a First Amendment and common-law right to access to the Nov. 8 order and opinion. Volokh therefore asks for leave to intervene to assert this right, and asks that this Court unrestrict access to the order and opinion, if necessary with suitable redactions.

Respectfully submitted,

*Eugene Volokh*

Eugene Volokh, pro se

## Certificate of Service

I certify that on November 19, 2021, I served this material by ECF on all parties.

*Eugene Volokh*

Eugene Volokh, pro se

6