## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

XINGFEI LUO,
   Plaintiff,

v.

PAUL WANG,
   Defendant.

Case No. 1:20-cv-02765-RMR-MEH

### Motion to Unrestrict Documents Nos. 101, 105 & 109

Eugene Volokh moves to unrestrict documents No. 101, 105 & 109, the party-filed memoranda related to Defendant's Motion for Reconsideration re Protective Order.

Counsel for defendant, with whom Volokh conferred by e-mail and by telephone on Nov. 29, 2021, takes no position on the motion. Counsel for plaintiff, with whom Volokh conferred by e-mail on Nov. 29, 2021, opposes the motion.

Respectfully submitted,

Eugene Volokh, pro se
Scott & Cyan Banister
First Amendment Clinic
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

## Memorandum

**1.** Eugene Volokh seeks to get access, consistent with D.C.COLO.LCivR 7.2, to the filings in this case, for reasons similar to those mentioned in his Motion to Intervene and Unrestrict filed Nov. 19, 2021 (No. 116). He would need to be granted intervenor status, but he has already sought it in his Motion to Intervene (No. 116), and does not repeat those arguments here.

**2.** The chief distinction between this motion and Volokh's Nov. 19 motion is that this one seeks public access to the filings that led to this Court's Nov. 8 Order Granting Motion for Reconsideration (No. 113), while the Nov. 19 motion sought access to the Order itself. But this distinction should make no difference in this case, because the public rights of access under the common law and the First Amendment extend to filings that lead to court orders (and indeed to "all documents filed with the court and all court proceedings," D.C.COLO.LCivR 7.2(a)).

"An adjudication," such as this Court's decision to grant the Motion for Reconsideration and to depseudonymize this case, "is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). "[T]he presumption that the public has a right to see and copy judicial records attaches to those documents which . . . are relevant to the adjudication," *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412-13 (1st Cir. 1987), precisely because such documents shed light on the court's decision, *id.* at 410. This presumption is "so basic to the maintenance of a fair and open judicial system and to fulfilling the public's right to know" that it "cannot be easily overcome." *Id.* at 413; *see also, e.g.*, *Colony Ins. Co. v. Burke*, 698 F.3d 1222,

1241 (10th Cir. 2012) (recognizing right of access to appellate briefs); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (likewise, as to complaint).

Thus, whether or not this Court unseals its Nov. 8 order, it should unseal the motion papers that led to that order. Because of the presumption that judicial proceedings are open to the public, "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat; this requires rigorous justification." *Matter of Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992). And even if some portions of those papers contain highly confidential material, that should (at most) call for redacting those portions and not sealing the entire documents, so long as such redaction is feasible. *See* D.C.COLO.LCivR 7.2(c)(4) (expressing a preference for "alternative[s] to restriction" such as "redaction, summarization, [or] restricted access to exhibits or portions of exhibits").

**3.** The party filings related to the motion for reconsideration were filed in the open court record on Aug. 31, 2021 (ECF No. 101), Sept. 16, 2021 (ECF No. 105), and Sept. 30, 2021 (ECF No. 109). They have thus been publicly available for nearly two to nearly three months on PACER, and are available for free at https://www.courtlistener.com/docket/18432158/luo-v-wang/. Volokh has copies (though he would like to be able to use them without concern about their having later been sealed), and unknown other members of the public may as well. As a result, the logic of *Gunn v. WCA Logistics, LLC*, No. 13-cv-02197-WJM-MEH, 2016 WL 7868827, \*1 (D. Colo. Jan. 12, 2016) (some citations omitted), squarely applies here, simply changing "Defendants" to "Plaintiff":

The documents at issue . . . were not filed under restriction. . . . Only [weeks later] did Defendants seek to restrict the documents. Because Defendants failed to avail themselves of the protections provided by the District's local rules in filing [the document], any claim to confidentiality has been waived. The cat has already been let out of the bag. *Cf. Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) ("Once the cat is out of the bag, the ball game is over.") . . . . After-the-fact sealing should not generally be permitted. *See id.* at 144 (". . . We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again.").

The documents therefore ought to be returned to the public record.

## Conclusion

The public, including Volokh, has a First Amendment and common-law right to access the filings that led to the Nov. 8 order and opinion. The Court therefore asks that this Court unrestrict access to ECF Nos. 101, 105, and 109, if necessary with suitable redactions.

Respectfully submitted,

Eugene Volokh, pro se
Scott & Cyan Banister
First Amendment Clinic
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

## Certificate of Service

I certify that on November 29, 2021, I served this material by ECF on all parties.

Eugene Volokh, pro se