IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

XINGFEI LUO,
   Plaintiff,

v.

PAUL WANG,
   Defendant.

Case No. 1:20-cv-02765-RMR-MEH

**Objection to Motion to Restrict (No. 120)**

Eugene Volokh objects, under D.C.COLO.LCivR 7.2(d), to plaintiff's Motion for Leave to Restrict Objections to Magistrate Judge Hegarty's November 8, 2021 Order Granting Defendant's Motion to Reconsider (No. 120). The motion was posted to this Court's website on Nov. 23, 2021, see https://www.cod.uscourts.gov/Seal.aspx?FileID=3902, so this objection is timely.

The chief distinction between this objection and Volokh's Nov. 19 motion to unrestrict (No. 116) is that this objection seeks public access to plaintiff's Objections to the Nov. 8, 2021 Order, while the Nov. 19 motion sought access to the Order itself. But this distinction should make no difference in this case, because the public rights of access under the common law and the First Amendment extend to filings that ask courts to issue or modify or withdraw their orders; indeed, they extend to "all documents filed with the court and all court proceedings," D.C.COLO.LCivR 7.2(a).

"An adjudication," such as any decision by this Court to uphold, modify, or reverse the Nov. 8 Order, "is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). "[T]he presumption that the public has a right to see

1

and copy judicial records attaches to those documents which . . . are relevant to the adjudication," *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412-13 (1st Cir. 1987), precisely because such documents shed light on the court's eventual decision, *id.* at 410. This presumption is "so basic to the maintenance of a fair and open judicial system and to fulfilling the public's right to know" that it "cannot be easily overcome." *Id.* at 413; *see also, e.g.*, *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (recognizing right of access to appellate briefs); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (likewise, as to complaint).

Thus, whether or not this Court unrestricts the Nov. 8 order, it should not allow the restriction of any filings seeking to reverse or modify the order. Because of the presumption that judicial proceedings are open to the public, "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat; this requires rigorous justification." *Matter of Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992). And even if some portions of the plaintiff's Objection contain highly confidential material, that should (at most) call for redacting those portions and not restricting the entire document, so long as such redaction is feasible. *See* D.C.COLO.LCivR 7.2(c)(4) (expressing a preference for "alternative[s] to restriction" such as "redaction, summarization, [or] restricted access to exhibits or portions of exhibits").

**Conclusion**

The public, including Volokh, has a First Amendment and common-law right to access the filings that seek to cause the Nov. 8 Order to be reversed or modified. Volokh therefore asks that this Court deny plaintiff's motion for leave to restrict (ECF No. 120).

                                        Respectfully submitted,

                                        Eugene Volokh, pro se
                                        Scott & Cyan Banister
                                        First Amendment Clinic
                                        UCLA School of Law
                                        385 Charles E. Young Dr. E
                                        Los Angeles, CA 90095
                                        (310) 206-3926
                                        volokh@law.ucla.edu

**Certificate of Service**

I certify that on November 29, 2021, I served this material by ECF on all parties.

                                        Eugene Volokh, pro se