UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

---

## SCHEDULING ORDER

---

**I.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

    A.  Date of Conference: **December 1, 2021**

    B.  **Counsel for Plaintiff:**

        Clarissa M. Collier
        Wheeler Trigg O'Donnell LLP
        370 17 Street, Suite 4500
        Denver, CO 80202
        (303) 244-1800
        collier@wtotrial.com

    C.  **Counsel for Defendant:**

        Katayoun Azizpour Donnelly
        Azizpour Donnelly LLC
        2373 Central Park Blvd., Suite 100
        (720) 675-8584
        Katy@kdonnellylaw.com

II.     **STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

III.    **STATEMENT OF CLAIMS AND DEFENSES**

A.      **Plaintiff's Claims**

This case concerns certain false and damaging statements made by Defendant about Plaintiff that have caused her significant emotional distress and opened her up to potential criminal prosecution. Plaintiff and Defendant have a long history starting as two peers in junior high school in China and evolving into a romantic relationship. While the couple was dating, in May 2013, a mutual acquaintance of the parties sexually assaulted Plaintiff while she was still living in China. Plaintiff told Defendant about the assault and reported her attacker to the Chinese authorities. Plaintiff's attacker was arrested by Chinese authorities and referred for prosecution.

After the assault, Plaintiff came to the United States to live with Defendant. During their time living together, Plaintiff lost her passport. She reported the lost passport to the Aurora Police Department, which is what the U.S. Department of State—Bureau of Consular recommends passport holders do in that situation. Plaintiff later found her passport and did not pursue further remedies or investigation through the Aurora Police Department.

Eventually, Plaintiff and Defendant ended their relationship. After ending the relationship, and in 2020, Plaintiff learned through another lawsuit that Defendant had made several false and damaging statements about her. First, she learned that Defendant had stated that Plaintiff filed a false police report for her lost passport. In this statement, Defendant also claimed that Plaintiff was issued a refund from the travel insurance company for half the ticket price

based on Plaintiff filing the false police report. In other words, Defendant accused Plaintiff of making a false police report and committing insurance fraud. Second, she learned that Defendant stated that Plaintiff falsely accused her attacker in China of sexual assault. Thus, again, Defendant is claiming that Plaintiff made a false police report. These statements have caused Plaintiff emotional injuries and opened her up to criminal prosecution. Based on these statements, Plaintiff asserts four claims for relief:

1.  **First Claim**: Defamation Per Se for Defendant's Statement Regarding Plaintiff Filing a False Police and Committing Insurance Fraud in Relation to Plaintiff's Lost Passport.

2.  **Second Claim**: Defamation Per Se for Defendant's Statement Regarding Plaintiff Falsely Accusing Her Chinese Attacker of Sexual Assault

3.  **Third Claim**: Intentional Infliction of Emotional Distress/Outrageous Conduct

4.  **Fourth Claim**: Unreasonable Disclosure of Private Facts

B.  **Defendant's Defenses**

Mr. Wang categorically denies that he has committed any tortious act. To the contrary, it is he who has been victimized by Ms. Luo's conduct both prior to, and throughout, this frivolous and vexatious lawsuit. Plaintiff's abuse of the judicial system has been the subject of numerous sanctions, yet she persists in continuing that pattern.

Mr. Wang will pursue all defenses available to him. *See* briefings in Mr. Wang's Motions to Dismiss and Motion to Reconsider the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym. In addition, he will seek the entry of an order requiring both the Plaintiff and her counsel to reimburse him for having to defend this action.

**IV.    UNDISPUTED FACTS**

The following facts are undisputed:

A.      Plaintiff and Defendant attended middle school together in China.

B.      In 2013, the Plaintiff reported to the Aurora Police Department that her passport had been lost or stolen.

**V.    COMPUTATION OF DAMAGES**

**Plaintiff:** Plaintiff seeks nominal, compensatory, and special damages to the fullest extent permitted by the law, as well as reasonable attorneys' fees and costs. Plaintiff seeks compensatory damages for her emotional injuries. At this time, she does not seek lost past or future wages. She reserves the right to seek punitive damages.

**Defendant:** Defendant seeks attorney fees and costs, jointly and severally, against Plaintiff and her counsel.

**VI.    REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

A.      Rule 26(f) meeting was held on: November 17, 2021

B.      Names of each participant and party he/she represents:

Counsel for Plaintiff, Clarissa Collier and counsel for Defendant, Katayoun Donnelly participated.

C.      Statement as to when Rule 26(a)(1) disclosure will be made:

December 1, 2021 per Fed. R. Civ. P. 26(a)(1)(C).

D.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)

Not applicable.

E.      Statement concerning any agreements to conduct informal discovery.

None

F.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit number system.

The parties agree to take all reasonable steps to reduce discovery and reduce costs to the extent feasible. Accordingly, considering Plaintiff's litigation history, *see* Mr. Wang's Motions to Dismiss and Motion to Reconsider the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym and his replies in support of those motions, Defendant, at the appropriate time, will be filing a motion to stay all discovery pending the Court's ruling on his motion to dismiss.

G.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff anticipates that her claims or defenses will involve discovery of electronically stored information, including, but not limited to, social media information (including posts, messages, chats), email, and text messages. To the extent that Plaintiff has any electronically stored information subject to discovery in this case in her possession or control, Plaintiff will take steps necessary to preserve that information.

Defendant anticipates the same.

H.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

There is little possibility of settlement.

VII.   **CONSENT**

All parties do not consent to the exercise of jurisdiction of a magistrate judge.

VIII.   **DISCOVERY LIMITATIONS**

A.     Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

No modifications. The presumptions of 10 depositions per side and 25 interrogatories per party shall apply.

B.     Limitations which any party proposes on the length of depositions**.**

None. The presumption of 1 day for 7 hours shall apply.

C.     Limitations which any party proposes on the number of requests for production and/or requests for admissions.

The parties agree to limit the number of requests for production and requests for admission to no more than 25 each per party.

D.     Other Planning or Discovery Orders

Plaintiff anticipates the need for a protective order allowing for designation of certain records as Confidential; such records may include documents such as Plaintiff's medical records and potentially financial records. Plaintiff will endeavor to provide the Court with a Joint Motion and proposed Protective Order regarding the same.

Considering Plaintiff's litigation history, *see* Mr. Wang's Motions to Dismiss and Motion to Reconsider the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym and his replies in support of those motions, at the appropriate time, Defendant will be filing a motion to stay discovery pending the Court's ruling on his motion to dismiss.

6

Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov. *See* Fed. R. Civ. P. 16, cmt. 2015 Amend. The Court will determine at the conference whether to grant the movant leave to file the motion.

IX.     **CASE PLAN AND SCHEDULE**

    A.     Deadline for Joinder of Parties and Amendment of Pleadings: January 15, 2022.

    B.     Discovery Cut-Off: **August 1, 2022**

    C.     Dispositive Motion Deadline**: September 16, 2022**

    D.     Expert Witness Disclosure:

        1.     The parties shall identify anticipated fields of expert testimony, if any:

            a.     Plaintiff anticipates calling one expert to opine on Plaintiff's damages and the effects of disseminating false information.

            b.     Defendant anticipates calling an expert to opine on the impact of vexatious litigation.

        2.     Limitations which the parties propose on the use or number of expert witnesses: The parties will each be limited to 2 experts.

        3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information required under Fed. R. Civ. P. 26(a)(2) on or before **April 16, 2022.**

        4.     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 31, 2022.**

E.      Identification of Persons to be Deposed:

| Name of Deponent | | Expected Length of Deposition |
|---|---|---|
| Xingfei Luo | | TBD |
| Paul Wang | | TBD |
| Edward Weamer | | TBD |
| Dawn Ceizler | | TBD |
| Chen Guochang | | TBD |
| Amanda G. Papac | | TBD |

## X.      DATES FOR FURTHER CONFERENCES

None.

## XI.      OTHER SCHEDULING MATTERS

A.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: Plaintiff does not agree that all discovery in this case should be stayed, as Defendant maintains is the appropriate course, pending the resolution of the Defendant's motion to dismiss with prejudice.

B.      Anticipated length of trial and whether trial is to the court or jury: The parties are agreeable to a 4-day jury trial.

C.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Avenue, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2505; or the U.S.

Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

      Not applicable.

## XII.    NOTICE TO COUNSEL AND PRO SE PARTIES

      The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

      Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

      With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

      Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## XIII.  AMENDMENTS TO SCHEDULING ORDER

      This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at this 1st day of December, 2021

                           BY THE COURT


                           S/Michael E. Hegarty
                           United States Magistrate Judge

APPROVED ON NOVEMBER 18, 2021

*s/ Clarissa M. Collier*

Clarissa M. Collier
David Schaller
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:   303.244.1879
Email:   collier@wtotrial.com
               schaller@wtotrial.com

*Attorneys for Plaintiff*


*s/Katayoun Donnelly*

Katayoun Donnelly
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO 80238
Telephone: (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Defendant*