IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

**RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE HEGARTY'S NOVEMBER 8, 2021 ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER**

---

    Paul Wang, Pursuant to Fed. R. Civ. P. 72, respectfully submits his response to Plaintiff's Objections to Magistrate Judge Hegarty's November 8, 2021 Order Granting Defendant's Motion to Reconsider, Doc. 113. Doc. 117.

    Courts "do not have the power . . . to make what has thus become public private again." *Gambale v. Deutsche Bank Ag*, 377 F.3d 133, 144 (2d Cir. 2004) (cleaned up) ("Once the cat is out of the bag, the ball game is over."); *see also Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016); *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834-835 (9th Cir. 2014); *In re Copley Press, Inc.*, 518 F.3d 1022, 1024 (9th Cir. 2008); *Gunn v. WCA Logistics, LLC*, No. 13-CV-02197-WJM-MEH, 2016 WL 7868827, at *1 (D. Colo. Jan. 12, 2016) (quoting *Gambale*); Charles Alan Wright et al., 13C Federal Practice & Procedure § 3533.3.1 n.35 (collecting cases where relief was denied because the information had already been made public).

1

As such, Plaintiff waived her right to object to Judge Hegarty's Order, granting Mr. Wang's motion to reconsider, because not only in her response to the motion, Doc. 105 (Response to Defendant's Motion to Reconsider the November 10, 2020 Order Allowing Plaintiff to Proceed Under a Pseudonym), she did not request that a ruling granting Mr. Wang's request be stayed pending appeal she also did not immediately move to stay it after the order was issued. In fact, she waited two weeks to file her objection, *see* Doc. 117 (Plaintiff's Objections to Magistrate Judge Hegarty's November 8, 2021 Order Granting Defendant's Motion to Reconsider (ECF 113), and *before* filing her objection (on Nov. 22, 2021) she *herself* used her real name when she filed the proposed scheduling order. *See* Doc 115 (filed Nov. 18, 2021). Even if Plaintiff had not waived any objections she might have had, for the reasons stated in Mr. Wang's unredacted Motion to Reconsider the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym and the reply filed in its support, *see* Docs. 94 and 107 (incorporated herein), and the reasons stated in Intervener's pleadings *see* Docs. 116, 122, 125, and126 (incorporated herein), Plaintiff's objections lack merit.

WHEREFORE, Plaintiff's objections should be denied.

Respectfully submitted this 6th day of December 2021.

/s/ Katayoun A. Donnelly
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Paul Wang*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2021, I served an electronic copy of the foregoing via CM/ECF to counsel of record.

Clarissa M. Collier
David J. Schaller
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
303.244.1800
collier@wtotrial.com
schaller@wtotrial.com

*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly