UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

                Plaintiff,

v.

PAUL WANG,

                Defendant.

---

### RESPONSE TO DEFENDANT'S MOTION FOR IMPOSITION OF SANCTIONS, PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE AGAINST PLAINTIFF AND HER COUNSEL

Plaintiff submits her Response to Defendant's Motion for Imposition of Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure (the "Motion") (ECF 132).

## INTRODUCTION

Plaintiff and undersigned counsel are well-aware of their obligations under Rule 11 and have complied with them fully at all times. Plaintiff is entitled to pursue her claims in good faith, including discovery to support her claims and respond to Defendant's contentions. Throughout this action, Defendant has tried to deprive Plaintiff of her day in court, including through questionable litigation tactics to prevent the lawsuit from moving forward. Defendant's Motion is more of the same. Rather than conducting <u>any</u> discovery to establish a valid defense, Defendant and his counsel have focused their time and energy on filing duplicative motions to dismiss, depriving Plaintiff of her anonymity, and now improperly seeking sanctions against her and her counsel.

Defendant's Motion presents the same legal arguments that have previously been rejected by this Court. Namely, Defendant relies here on the same arguments asserted in two separate

motions to dismiss—both denied—and his currently pending third motion to dismiss. (ECF 69, 78, 92.) Even though Defendant's third Motion to Dismiss (ECF 92) addresses virtually the exact same issues, Defendant has chosen to wait no longer for a ruling on the motion, conduct no discovery and rush to creating a misplaced sanctions dispute.

Defendant's Motion is meritless, transparently attempting to intimidate Plaintiff and her counsel out of pursuing a good faith claim for relief. Neither Plaintiff nor her counsel have violated any of the provisions of Rule 11(b). The Court should deny Defendant's Motion and order Defendant to pay Plaintiff's "reasonable expenses, including attorney's fees" in defending against the Motion. *See* Fed.R.Civ.P.11(c)(2).[1]

## BACKGROUND

Undersigned counsel accepted this case through the FFA Pro Bono Program, as she frequently does, and entered her appearance in March 2021. (ECF 51, 52.) Plaintiff previously had filed her original Complaint and First Amended Complaint ("FAC"). She was proceeding under a pseudonym because her Complaint and FAC alleged matters of a highly sensitive and private nature. Thereafter, Defense counsel entered the case. (ECF 54.) Because both parties had been *pro se*, the parties jointly moved to stay all pending deadlines. (ECF 55.) The Court granted the motion and ordered that "All pending deadlines [] **stayed** until further order of the Court." (ECF 57) (emphasis in original). During a March 18, 2021 Status Conference, the parties agreed to participate in Magistrate-led mediation, but did not reach a settlement. (ECF 61, 62.) The Court scheduled a second Status Conference for April 8, 2021, and requested Plaintiff to appear

---

[1] Since Plaintiff's counsel is appearing on a pro bono basis, Plaintiff will donate any attorney's fees and/or costs awarded to the Faculty of Federal Advocates ("FFA") Civil Pro Bono Panel Reimbursement Fund.

in person. Plaintiff did so, traveling from California to Colorado at her own expense to personally appear for a thirty-minute conference. It is during that Status Conference that Defendant began employing the litigation strategy that he continues today—avoid discovery at all costs. Defendant stated his intention to seek dismissal of the FAC, but ultimately agreed to the filing of an amendment when the Court ordered defense counsel "**to discuss with** [Plaintiff's] **counsel what you think the infirmities are**" in the FAC. (Pl. Ex. 1, Apr. 8, 2021 Conf. Tr. 11:9-16.) Defendant also stated he would seek a stay of discovery and challenge Plaintiff proceeding anonymously. (*Id.* at 16:9-10, 18:5-13.)

Based on the Court's order, Plaintiff's counsel contacted defense counsel that afternoon. Instead of conferring as ordered, defense counsel responded: "Since we agreed to allow Ms. Doe to file a second amended complaint now that she is represented by counsel, that issue is moot" and indicated that she would confer only after seeing the Second Amended Complaint. (Pl. Ex. 2, Apr. 8, 2021 emails.) With Defendant refusing to discuss the alleged "infirmities" of the FAC as ordered by the Court, Plaintiff filed her Second Amended Complaint. (ECF 65.) Defendant requested two extensions of time to respond and Plaintiff agreed to the requests. During those conferrals, Defendant did not confer on a motion to dismiss as ordered by the Court. (Pl. Ex. 3, May 3-10, 2021 emails.)

On May 25, 2021, without prior conferral as ordered by the Court and requested by Plaintiff, Defendant filed his motion to dismiss (the "First MTD"). (ECF 69.) The Court denied the First MTD without prejudice for failing to comply with the Judge's practice standards. (ECF 70.) After conferral, and pursuant to Judge Jackson's Practice Standards, Defendant filed a request for leave to re-file the First MTD. (ECF 71.) In the letter, Defendant made virtually the

same arguments that he makes now—that Plaintiff's defamation claims are time barred and/or all of her claims are barred by the absolute litigation privilege. (ECF 71 p. 2.) Plaintiff responded, explaining that (1) the defamation claims are timely based on the application of the discovery rule (C.R.S. § 13-80-108(1)) and (2) the absolute litigation privilege does not apply. (ECF 75)

On June 11, 2021, the Court denied Defendant leave to re-file the First MTD finding that it was "likely to be denied and a waste of time." (ECF 76.) The Court ordered the parties to "resolve this case or agree that plaintiff will file one more amended complaint that takes into account defendant's issues and pleads only what she believes she has evidence to prove." (*Id.*) Given the parties' inability to reach a settlement, Plaintiff attempted to comply with the order by sharing a draft of her proposed Third Amended Complaint ("TAC") with Defendant on June 18, 2021. With no deadline for initial disclosures, no protective order in place to protect Plaintiff's information, and nothing requiring Plaintiff to participate in informal discovery, Plaintiff did not produce documents with her draft TAC.

On July 6, 2021, the case was reassigned to Judge Rodriguez. (ECF 77.) After the reassignment, Plaintiff again contacted Defendant to get his position on the TAC. Defense counsel responded that she did not believe that the amendment addressed the issues in the First MTD and that Defendant would "renew" his motion to dismiss. (Pl. Ex. 4, July 9, 2021 emails.) Fifteen minutes later, Defendant filed his motion (the "Second MTD"), which the Court deemed to be "a near identical copy of the motion previously denied." (ECF 84.) The Court denied the Second MTD, without allowing Defendant an opportunity to reply, finding "no basis to depart from Judge Jackson's ruling," and granting Plaintiff leave to file her TAC as previously ordered. (ECF 84 p. 3.) Plaintiff complied by timely filing the amendment on July 28, 2021 (ECF 85).

The TAC asserts four causes of action: (1) defamation per se regarding Defendant's statement that Plaintiff filed a false police report and committed insurance fraud in relation to her lost passport; (2) defamation per se regarding Defendant's statement that Plaintiff falsely accused their acquaintance of sexual assault; (3) intentional infliction of emotional distress/outrageous conduct; and (4) unreasonable disclosure of private facts. (ECF 85 ¶¶ 75-109.)

On August 25, 2021, Defendant filed his third Motion to Dismiss (the "Third MTD") making virtually the same arguments presented in his prior MTDs. (ECF 92.)[2] Two of these arguments serve as the basis for the instant Motion; namely, that the statute of limitations bars Plaintiff's Second Claim for Relief and the absolute litigation privilege bars all of her claims. (ECF 132.) On November 3, 2021, to move the case forward as required by the rules[3], Plaintiff attempted to schedule a Rule 26(f) conference. Defense counsel refused to participate, arguing that the case had been stayed. (Pl. Ex. 5, Nov. 3, 2021 emails.) Plaintiff disagreed, believing that the parties only intended to stay all _pending_ deadlines—not all future discovery into perpetuity. As an efficient and expeditious way to resolve the issue, Plaintiff's counsel proposed contacting Judge Hegarty's chambers for clarification. (_Id._) Defendant objected to Plaintiff initiating "any off-record conversations with the court" and insisted that Plaintiff file a motion. (_Id._) Seeing no

---

[2] The Third MTD is fully briefed (ECFs 104, 106) and pending before the Court. Even if the Court grants the Third MTD, that "does not mean that Plaintiff's claims [were] so unreasonable" that they had "absolutely no chance of success." _In re Merrill Lynch Tyco Rsch. Sec. Litig._, No. 03 CV 4080(MP), 2004 WL 305809, at *5 (S.D.N.Y. Feb. 18, 2004) (internal quotations and citation omitted); _Burlington Res. Oil & Gas Co. v. Colorado Oil & Gas Conservation Comm'n Dep't of Nat. Res_., 986 F. Supp. 1351, 1355–56 (D. Colo. 1997) (unpersuasive legal arguments do not warrant sanctions).

[3] Fed. R. Civ. P. 41(b) allows for involuntary dismissal "[i]f plaintiff fails to prosecute ..." _See also Malibu Media, LLC v. Fantalis_, No. 12-CV-00886-MEH, 2012 WL 5187840, at *5 (D. Colo. Oct. 18, 2012) (D. Colo. Oct. 18, 2012) ("[W]ithout a formal stay of proceedings the parties are obligated to participate in discovery ... A pending motion to dismiss does not, in itself, justify any failure to participate in discovery ...").

need for expensive and time-consuming motions practice, Plaintiff contacted the Court, copied defense counsel and noted his objection. (Pl. Ex. 6, Nov. 3, 2021 email.) On November 4, 2021, the Court entered its Minute Order agreeing that "the parties did not intend for a permanent stay" and formally lifting the stay. (ECF 112 p. 1.) The Court advised that Defendant could file a motion to stay, "if he chose to do so." (*Id.*)

Instead of filing a motion to stay, Defendant sent Plaintiff's counsel a draft of his Rule 11 motion the <u>very next day at 8:48 a.m.</u> (Pl. Ex. 7, Nov. 5, 2021 email.) After further conferral regarding Plaintiff's timely-made disclosures, Defendant filed the Motion.[4] The filing came over three months after Plaintiff filed her TAC, which Defendant claims is the basis for the Motion, but just one day after the Court formally lifted the "stay."

## ARGUMENT

"A Rule 11 violation occurs where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands." *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 610–11 (D. Colo. 2006); *see also Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990) ("[C]reative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment."). "The standard is one of reasonableness under the circumstances." *Anesthesia Advantage, Inc. v. Metz Grp.*, 708 F. Supp. 1180, 1182 (D. Colo. 1989) (citation omitted). Rule 11 should not be used to "scare parties or attorneys away from pursuing their

---

[4] Defendant states that he served "a copy of this Motion" on Plaintiff (ECF 132 n. 1), but the Motion that Defendant served is a far cry from the Motion that was filed. (Pl. Ex. 8, Comparison of Served Motion versus Filed Motion.) Rather than argue over this issue, however, Plaintiff and her counsel would prefer to put Defendant's threats and motion behind them and have the Court consider, and deny, the Rule 11 Motion on the merits.

lawsuits or articulating theories of recovery,"—its sole purpose is deterrence. *Domenico v. Haschak*, 2011 WL 13175223, at *2 (D.N.M. Sept. 30, 2011).

# I.      PLAINTIFF AND HER COUNSEL HAVE COMPLIED WITH RULE 11[5]

## A.      Plaintiff Did Not Present Her TAC for An Improper Purpose

Defendant does not explicitly or clearly argue that Plaintiff violated Rule 11(b)(1). He does, however, allege that "Plaintiff has **in this case** demonstrated the same pattern of vexatious litigation abuse that has caused her to have been sanctioned" in other cases. (*Id.* at pp. 3-4) (emphasis added). In doing so, Defendant provides *no* examples of "vexatious litigation abuse" *in this case* because there are none. Plaintiff has complied with all of the Court's orders and applicable rules. As demonstrated through the exhibits to this response, Plaintiff's counsel has meaningfully conferred on all disputes. Plaintiff filed the TAC after the Court deemed Defendant's First MTD a "waste of time" and granted her leave to do so since the parties did not settle. Defendant has presented absolutely no evidence that Plaintiff filed the TAC to "harass, cause unnecessary delay, or needlessly increase the cost of litigation." In fact, if anyone has caused "unnecessary delay" or "needlessly increased the cost of litigation" in this case, it is Defendant himself. Therefore, Plaintiff has not violated Rule 11(b)(1). *See Cornwell v. Union Pac. R. Co.,* No. 08-CV-638-JHP-TLW, 2011 WL 2441884, at *6 (N.D. Okla. June 14, 2011) (no improper purpose where plaintiff exhibited no intent to evade court's rulings and exhibited no improper purpose in the case).

---

[5] In his introductory paragraph, Defendant states that he files the Motion under Rule 11(c)(1)(A) (ECF 132 p. 1). That subparagraph does not exist. Therefore, Plaintiff addresses each potentially applicable subparagraph based on her interpretation of the Motion.

**B.      Plaintiff's Second Claim for Relief Has Evidentiary Support**

Rule 11 "requires inquiry, not proof," and the inquiry need not be "such a thorough

investigation that discovery will be unnecessary." *See Infant Swimming Rsch., Inc. v. Faegre &*

*Benson, LLP*, No. CIV. 07-CV-00839-LTB, 2007 WL 3274431, at *2 (D.Colo. Nov. 5, 2007).

The "factual allegations do not need to be perfect." *Id.* Further, Rule 11 "does not abrogate a

signer's ability to plead on the basis of information and belief, which is generally permitted"

under the Rules. *Id.* In fact, "[p]leading on information and belief is a desirable and necessary

expedient when matters that are necessary to complete the statement of a claim are not within the

knowledge of the plaintiff but [she] has sufficient data to justify interposing an allegation on the

subject ... The same is true whenever the pleader must rely on information furnished [her] by

others." *Id.*

The heart of Plaintiff's Second Claim is that Defendant made oral *and* written statements

that Plaintiff falsely accused Chen GuoChang of sexual assault. Plaintiff has several objectively

reasonable bases for her claim. On June 17, 2020, the defendant (known as "Weamer" in this

case) in unrelated litigation propounded discovery relating to Plaintiff's allegations against Chen

based on Weamer's "belief" that Plaintiff falsely accused Chen of sexual assault. (Pl. Ex. 9, Pl.

Decl. ¶ 3.) Plaintiff reasonably believes that Weamer received this information from Defendant

because Defendant was the only person in the United States who knew about Plaintiff's

allegations against Chen and knew Chen was the perpetrator. (*Id*. at ¶ 4.)[6] Then, in January 2021,

Plaintiff received another document containing the *same* defamatory statement through discovery

---

[6] Weamer also produced a statement from Defendant Wang regarding Plaintiff's lost passport, which
serves as the basis for her First Claim for Relief. (*Id.* at ¶ 5.) Defendant has ignored that statement in the
Motion and the Third MTD. Further, to date, Defendant has not denied that he authored that statement or
argued that her claim arising therefrom is time barred.

in a federal lawsuit involving two Californian cities. (*Id.* at ¶ 4; Pl. Ex. 10, Pl. _000037). The document also states that Plaintiff filed a false police report in relation to her lost passport. [7] Plaintiff reasonably believes that Defendant authored this statement not only for the reasons above, but also because Defendant is the only person who knew that Plaintiff had filed a police report regarding her lost passport and knew her specific travel dates to San Francisco. Defendant knew of Plaintiff's specific travel dates because Defendant purchased Plaintiff's airline ticket. (Pl. Ex. 9, Pl. Decl. ¶ 7.) In other words, Plaintiff reasonably relies on the information she received from Weamer in June 2020 *and* the written statement that she received in the City litigation in January 2021, as the bases for her Second Claim. It is of no moment that Plaintiff currently only possesses one physical document to support her Second Claim—especially where she alleges defamation and not just libel. That is more than sufficient for purposes of Rules 8 and 11. Additionally, prior to the filing of the TAC, Defendant did not argue that he had made no defamatory statements about Plaintiff and presented no evidence that Plaintiff knew of his defamatory statements prior to 2020.[8] Plaintiff is entitled to discovery on these issues.

Nevertheless, Defendant argues that Plaintiff's Second Claim lacks all evidentiary support based on two issues of fact. First, Defendant claims that his written statement was published eight years ago.[9] Second, Defendant claims that the written statement was authored by

---

[7] Again, this is the *exact* same statement that serves as the basis for Plaintiff's First Claim for Relief, which Defendant has *never* denied making or argued that it was time barred. *Supra* n. 6.

[8] Plaintiff anticipates that, if the Court denies the Third MTD, Defendant will then use "truth" as a defense. (ECF 115 p. 3) (Defendant stating he will "pursue all defenses available to him."); *see also Gomba v. McLaughlin*, 180 Colo. 232, 235–36, 504 P.2d 337, 338 (1972) (truth is an absolute defense to defamation).

[9] Contrary to Defendant's contention, Plaintiff did not deny the "trustworthiness" of the alleged date of publication in her response to Defendant's Third MTD. (ECF 132 p. 7.) Rather, she properly noted that the Court should not consider it because that date was not referred to in the TAC, and the Court may only

someone else. (ECF 132 p. 4.) With respect to the former, it does not matter when the written statement was published because Plaintiff relies on the discovery rule in determining when the limitations period began to run. "The 'discovery rule' of tort law [] provides that a statute of limitations does not start to run until the time when the plaintiff knew or, through the exercise of reasonable diligence should have known ... the wrongful act." *Trinity Broad. of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 923 (Colo.1993). Plaintiff first "discovered" Defendant's statements regarding her sexual assault in 2020 and gained further support for her claim in 2021. (Pl. Ex. 9, Pl. Decl. ¶¶ 3-7.) Plaintiff filed her original Complaint in 2020 and TAC in 2021. Therefore, under the discovery rule, Plaintiff's Second Claim is not time barred. Surely, if Plaintiff were as vexatious of a litigant as Defendant makes her out to be and she had learned of this statement in 2013, she would have filed suit then. Regardless, if Defendant believes that Plaintiff learned of this information before 2020 or 2021, then he should conduct discovery on that issue. *See Abbondanza v. Weiss*, No. 19-CV-00328-JLK, 2019 WL 10255013, at *8 (D. Colo. Oct. 23, 2019) (refusing to impose sanctions "before the parties have even had a chance to conduct discovery").

Similarly, if Defendant claims he is not the author of the statement, then the parties should conduct discovery on that issue and, Plaintiff should be able to use discovery to find out the full extent of Defendant's direct or indirect involvement in the post. The time for informal

consider matters within the complaint on a motion to dismiss. (ECF 104 p. 6) Further, although Plaintiff understands from third parties that the document originally came from the internet, she did not originally receive it from the internet or from a link, such as Defendant continues to demand. She received the information in the form of a document that was attached to a declaration in unrelated litigation. Plaintiff has produced both the document *and* the declaration. That document properly serves as one legitimate basis for Plaintiff's Second Claim for Relief. Therefore, that is what she produced with her disclosures even though Defendant continues to claim that Plaintiff has "refused" to provide the same.

discovery as Defense counsel keeps pushing for has long passed. Defendant's "side-by-side" review of a separate blog post (that does *not* contain the defamatory statement regarding Plaintiff's sexual assault) to show the similarities between it and the document at issue, and his own self-serving statements do not show that Plaintiff's Second Claim lacks any evidentiary support. To the contrary, they merely show that there is a factual dispute, which is not appropriate for the Court to resolve on a Rule 11 motion or motion to dismiss. *See e.g., Profita v. Puckett,* No. 15-CV-01237-DME-CBS, 2017 WL 1491003, at *27 (D.Colo. Apr. 25, 2017), report and recommendation adopted, 2017 WL 4225451 (D.Colo. June 6, 2017) ("Rule 11 ... is not an appropriate vehicle for resolving legal or factual disputes.") (internal quotation omitted); *Cook v. Rockwell Intern. Corp.,* 147 F.R.D. 237, 248 (D.Colo.1993) ("Defendants' disputes with Plaintiffs' factual contentions ... are not [a] proper basis for a dismissal under Rule 11"). Defendant's position is akin to telling Plaintiff to "take his word for it or else" and it is far from unreasonable for Plaintiff to refuse to take her adversary's "word for it."

Defendant also baselessly suggests some nefariousness on Plaintiff/her counsel's part. These allegations are inappropriate. Defendant states that Plaintiff did not attach the referenced document to her TAC. But, at that time, she was appearing under a pseudonym and did not want to publicly file documents that could potentially reveal her identity, attract more attention to her case, or further spread the defamatory statements. Nor was Plaintiff required to do so to satisfy Rule 8. Further, Defendant points to Plaintiff's request for the Court to strike the documents attached to the Third MTD or convert the motion to one for summary judgment as somehow frivolous. But, Defendant chose to present his motion with numerous matters outside of the pleadings, so it is hardly frivolous for Plaintiff to make such a request. Finally, Defendant

complains that the TAC was the first time Plaintiff included the quoted statement made by

Defendant. But, the addition of the exact quote was a direct result of the Court's Order, which

required Plaintiff to "take into account Defendant's issues" with the Second Amended

Complaint, which included lack of specificity. (ECF 69 ¶ 9.) Therefore, Plaintiff's Second Claim

which originally accrued in 2020, and she identified further support for in January 2021, does not

violate Rule 11(b)(3). *See Infant Swimming Rsch., Inc.,* 2007 WL 3274431, at *2 (D.Colo. Nov.

5, 2007) (even though factual allegations in complaint were "extremely tenuous and

speculative," the court could not "conclude at this early stage in the litigation that they are

wholly lacking in evidentiary support ...").

### C.   Neither the Applicable Statute of Limitations Nor the Absolute Litigation Privilege Render Plaintiff's Claims Meritless

Defendant argues in his Motion (and his Third MTD) that "any claims Plaintiff may have

had premised on th[e] eight-year-old publication are no longer cognizable, as a matter of law."

(ECF 132 p. 4.) Further, Defendant argues that Plaintiff has no chance of success on any of her

claims because the absolute litigation privilege bars them. (*Id*. at 8). Defendant is incorrect.

Colorado law governs the statute of limitations in this diversity action. *Oaster v.*

*Robertson*, 173 F. Supp. 3d 1150, 1168 (D.Colo. 2016). The statute of limitations for defamation

claims is one year. *See* C.R.S. § 13-80-103(1)(a). However, Colorado recognizes the discovery

rule in tort actions, which provides that the statute of limitations does not run until the plaintiff

knew, or should have known, of defendant's wrongful acts. *See Trinity Broad. of Denver, Inc.*,

848 P.2d at 923; C.R.S. § 13-18-108(1). Plaintiff first knew that Defendant made defamatory

statements about her in 2020 and gained further support for her claim in 2021. (Pl. Ex. 9, Pl.

Decl. ¶¶ 3-6.) She filed this lawsuit in 2020. Therefore, Plaintiff's Second Claim is not time barred as a matter of law.[10]

Second, the absolute litigation privilege only applies in certain circumstances. Those circumstances include cases in which the defendant is a testifying witness and where the defendant is "involved in and closely connected" with the other case. *See Weise v. Colorado Springs, Colorado,* 421 F. Supp. 3d 1019, 1034 (D.Colo. 2019) (refusing to apply absolute litigation privilege where defendants failed to cite any allegations showing that they were testifying as a witness); *Club Valencia Homeowners Ass'n, Inc. v. Valencia Assocs.*, 712 P.2d 1024, 1027 (Colo. App. 1985) ("[T]he maker of the statement ... must be involved in and closely connected with the proceeding."). Here, Defendant has not established these circumstances. While Defendant characterizes himself as a "witness in that case," (ECF 132 p. 8.) he never testified during a deposition or hearing in any cases involving Plaintiff and therefore, was not a "testifying witness." (Pl. Ex. 9, Decl. ¶ 9.) Further, Defendant was not "involved in" or "closely connected" with the California litigation since he never testified in any capacity and, to Plaintiff's knowledge, was never subpoenaed. (*Id.* at ¶¶ 10.) These types of factual issues are not

---

[10] The cases cited by Defendant require no different result. *Phillips v. World Pub. Co*., 822 F. Supp. 2d 1114, 1122 (W.D. Wash. 2011), analyzed whether the statute of limitations barred plaintiff's defamation claim that was based *solely* on an internet post under Washington and Oklahoma state law. *Id.* at 1122. Of course, neither of those state's laws apply to this case. Further, the court found that plaintiff's allegations in the complaint tended to show that he knew the defendant was publishing false statements about him at a much earlier date than he claimed. *Id.* at 1122. Here, there is nothing in the TAC that tends to show that she knew about Defendant's statements prior to 2020 and 2021. *Bloom v. Goodyear Tire & Rubber Co*., 2006 WL 2331135 at *7 (D.Colo. Aug. 10, 2006), involved unjust enrichment and commercial disparagement claims—not defamation. *Id.* at *3-7. And although the court discussed defamation in terms of whether the "continuing tort" doctrine applied—it made no mention of the discovery rule. Further, in *Bloom*, it was *undisputed* that the plaintiff was aware of the disparagement at an earlier date because of deposition testimony from plaintiff's vice-president that conclusively established the same. *Id.* at *5 Again, there is no such evidence in this case.

suitable for determination on a Rule 11 motion or motion to dismiss. Therefore, Plaintiff's

position on the absolute litigation privilege is warranted by existing law.

## II.     THE COURT SHOULD DENY DEFENDANT'S REQUEST FOR ATTORNEY'S FEES AND COSTS

Defendant has not and cannot show a violation of Rule 11(b). But, even if he had, he has

utterly failed to show that Defendant's egregious demand for payment of $75,000 in attorneys'

fees and costs would be an appropriate sanction.[11] *See Alcohol Monitoring Sys., Inc. v. Actsoft,*

*Inc.,* No. 07-CV-02261-PAB-MJW, 2012 WL 4476623, at *1 (D.Colo. Sept. 28, 2012) (denying

request for fees where party "failed to articulate why an award of attorney's fees, ... [was] the

most appropriate sanction ..."). "Rule 11 sanctions are an extraordinary remedy." *Greeley Pub.*

*Co.,* 233 F.R.D. at 611. Thus, Rule 11(c)(4) provides that any "sanction imposed ... must be

limited to what suffices to deter repetition of the conduct" and provides other deterrents.

Sanctions are limited because the "rule 'is not intended to chill an attorney's enthusiasm or

creativity in pursuing factual or legal theories.'" *Davis,* 906 F.2d at 538 (11th Cir. 1990). The

sanction requested by Defendant would do exactly that, especially when Plaintiff's counsel is

appearing pro bono. Moreover, Defendant has established none of the circumstances required to

---

[11] Plaintiff reserves the right to object to the purported reasonableness of defense counsel's fees and whether such fees were incurred in relation to the purported Rule 11 issues claimed by Defendant. Defense counsel has spent an inordinate amount of time arguing with Plaintiff's counsel (oftentimes over things the Court has already ordered), filing serial motions to dismiss, and depriving Plaintiff of her anonymity. Therefore, any declaration submitted by defense counsel will be objected to for reasonableness, if appropriate. *See* Fed.R.Civ.P. 11(c)(4) ("The sanction may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses **directly resulting from the violation**.") (emphasis added); *Watson v. City of Salem,* 934 F. Supp. 666, 667 (D.N.J. 1996) ("The purpose of Rule 11 is to deter wrongful attorney conduct and not to act as a general fee shifting statute."); *Greeley Pub. Co.,* 233 F.R.D. at 612 (in denying motion for sanctions, court noted it was "struck by the time, energy and expense expended in litigating the Rule 11 issues" where the "efforts" did not "materially advance[] the litigation or any party's interests. Counsel are reminded that Rule 11 should never be used as a litigation tactic.").

levy monetary sanctions against Plaintiff or her counsel.  *See Greeley Pub. Co.*, 233 F.R.D. at 610-611 (setting forth six considerations for "assessing the appropriateness of" monetary sanctions versus a reprimand)[12]. Therefore, the Court should deny Defendant's request for fees and costs.

## CONCLUSION

Plaintiff requests that the Court deny Defendant's Motion with prejudice. Denial with prejudice is warranted based on Defendant's prior conduct in this case, which demonstrates he will not hesitate to file the exact same motion twice—even if denied. Denial with prejudice will ensure that Plaintiff will not have to fend off the same motion at a later date. Further, the Court should award Plaintiff "the reasonable expenses, including attorney's fees and costs" in defending against Defendant's baseless Motion, Fed.R.Civ.P. 11(c)(2).[13] The circumstances and timing surrounding the filing of the Motion warrants such a remedy.

Dated: December 9, 2021

Respectfully submitted,

*s/ Clarissa M. Collier*

David J. Schaller
Clarissa M. Collier
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:   303.244.1879
Email:   schaller@wtotrial.com
              collier@wtotrial.com

---

[12] In undersigned counsel's over 13 years of practice at two prominent Denver law firms, and hundreds of hours of pro bono legal work performed each year, she has never been accused of a Rule 11 violation—much less had a Rule 11 motion filed against her.

[13] Undersigned counsel's standard rate is $480 per hour. Upon the Court's request, she will provide an affidavit itemizing the time she spent conferring on, and opposing, the Motion and explaining why such time and her hourly rate are reasonable for purposes of Rule 11(c)(2).

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

       I HEREBY CERTIFY that on December 9, 2021, I electronically filed the foregoing **RESPONSE TO DEFENDANT'S MOTION FOR IMPOSITION OF SANCTIONS, PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE AGAINST PLAINTIFF AND HER COUNSEL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

*s/ Clarissa M. Collier*