| | |
|---|---|
| **From:** | Collier, Clarissa <Collier@wtotrial.com> |
| **Sent:** | Friday, July 9, 2021 12:46 PM |
| **To:** | Katayoun Donnelly |
| **Subject:** | RE: Doe v. Wang: Proposed Third Amended Complaint |

Katy,

I just saw the renewed Motion to Dismiss. I'm not sure what "courtesy" you were providing by notifying me of the filing 15 minutes before it was filed.

I also find it interesting that you left out a significant portion of the procedural history, including the Judge's order stating that he would deny the Motion and requesting the parties to settle or agree to the filing of a Third Amended Complaint.

Regardless, I will make sure to set forth the full procedural history in Plaintiff's response, and if she prevails on the Motion to Dismiss, then I guess that can moot our conversations about filing a Third Amended Complaint.

Clarissa

**Clarissa M. Collier | Of Counsel**
**Wheeler Trigg O'Donnell LLP**
370 17th Street | Suite 4500 | Denver CO  80202
P 303.244.0155 | F 303.244.1879
collier@wtotrial.com | wtotrial.com **|** vCard



This email contains confidential information from the law firm of Wheeler Trigg O'Donnell LLP and is attorney-client privileged and attorney work product.  The information is intended solely for the use of the recipients.  The unauthorized disclosure, copying, distribution, or use of the contents of this email is strictly prohibited.  If you have received this email in error, please notify us at 303.244.1800 immediately.

**From:** Collier, Clarissa
**Sent:** Friday, July 9, 2021 12:35 PM
**To:** Katayoun Donnelly <katy@kdonnellylaw.com>
**Subject:** RE: Doe v. Wang: Proposed Third Amended Complaint

Katy,

First, as you know, Plaintiff is not required to provide you with any evidence before the case is at issue and without the Court ordering her to do so. You made that request only <u>after</u> the Court stated it would deny the Motion to Dismiss. I have talked to my client about your request and she has rejected it. Plaintiff will provide all evidence in support of her claims (and potential defenses to any asserted counterclaims) with her initial disclosures in accordance with Rule 26. And it seems like we are still far away from getting to that point since it sounds like we will now need to brief a contested Motion to Amend as well as a Motion to Dismiss. Further, if your Motion to Dismiss is granted, there will be

**EXHIBIT 4**

(of course) no need to provide you with any evidence. Therefore, Plaintiff will stand on her refusal to provide you with evidence before the Complaint has even been answered.

Second, I disagree that the draft does not address the issues noted in your Motion to Dismiss and letter. Specifically, your letter noted the following deficiencies that were cured with the following information contained in the Third Amended Complaint:

1. Failure to adequately plead independent claims for defamation (ECF 71 § 1) because:
    a. Plaintiff allegedly failed to identify the specific statements she contends were false and defamatory of her, the approximate date of the publication and the recipients. (ECF 71, p. 1.)
        i. Cured by ¶¶ 49-52 (which reference a written statement made by Mr. Wang himself—not some third party as you state below) and ¶¶ 58, 60-63
    b. Each separate challenged publication must be pleaded as a separate count (note, I do not agree this is even required under the Federal Rules, but addressed this issue anyways) (ECF 71, p. 1.)
        i. Cured on pages 9 and 10, which now allege two separate defamation claims based on the separate statements.

2. Statements published prior to September 11, 2019 are time barred (ECF 71, § 2)
    a. She did not discover Defendant's defamatory statements until the Summer of 2020 and then again in January 2021 (¶¶ 49, 58, 60, 62). Therefore, her claims are not time barred.

3. The Only Statements Challenged in the Complaint that Are Not Time-Barred Are Entitled to Colorado's Absolute Privilege for Statements Made in the Course of Judicial Proceedings (ECF 71 § 3)
    a. Cured by ¶¶ 50-51, 55, 62, 63, and 72.

These are the <u>only</u> issues raised in Defendant's Motion to Dismiss and Letter so these are the only issues that are addressed in Plaintiff's proposed Third Amended Complaint—not your later request for all of Plaintiff's evidence.

Finally, as a defense attorney, I have never settled a case without my client paying some sort of monetary amount to the plaintiff. I do not anticipate being able to convince my client to do anything different in this case. Therefore, since your client has no interest in paying any amount to settle, we will continue with litigation. **To that end, please state clearly whether Defendant will oppose the Motion to Amend**. If so, we will go ahead and get an opposed Motion ready for filing next week.

Regards,
Clarissa

**Clarissa M. Collier | Of Counsel**
**Wheeler Trigg O'Donnell LLP**
370 17th Street | Suite 4500 | Denver CO  80202
P 303.244.0155 | F 303.244.1879
collier@wtotrial.com | wtotrial.com | vCard

This email contains confidential information from the law firm of Wheeler Trigg O'Donnell LLP and is attorney-client privileged and attorney work product.  The information is intended solely for the use of the recipients.  The unauthorized disclosure, copying, distribution, or use of the contents of this email is strictly prohibited.  If you have received this email in error, please notify us at 303.244.1800 immediately.

**From:** Katayoun Donnelly <katy@kdonnellylaw.com>
**Sent:** Friday, July 9, 2021 11:46 AM

EXHIBIT 4

**To:** Collier, Clarissa <Collier@wtotrial.com>
**Cc:** Katayoun Donnelly <katy@kdonnellylaw.com>
**Subject:** Re: Doe v. Wang: Proposed Third Amended Complaint

**External Email**

Dear Clarissa,

Thanks for your note.

As to a motion for leave to file a third amended complaint, I am afraid your draft does not cure the deficiencies we have pointed out in our previous conversations and the motion to dismiss; your new allegations involve statements that were made by third-parties – not Mr. Wang; and you have not provided the evidence that could support your request to file a third amended complaint. (See attached [asking you to "please provide copies of all written statements you contend Mr. Wang offered or published concerning your client, which could serve as the basis for your claims and also identify by name and provide contact information for any witnesses who you know, at this time, will testify under oath that Mr. Wang made oral statements to them concerning your client? Please include the specific date and circumstances under which your client discovered each statement."]) We are available to discuss this further, in a meaningful way, after you provide the evidence that could actually support your request.

Also, you are correct, Judge Rodriguez does not have the same practice standards. So, as a courtesy, we are notifying you that in light of this change we are renewing our motion to dismiss the pending complaint.

As to the possibility of settlement, we are always open to discussing settlement. Please send me your proposal (keeping in mind that, as we discussed during the ENE process, considering the particular circumstances of this case, for it to be reasonable it cannot include any payment by Mr. Wang).

Have a nice weekend.

Talk soon,
Katy

**Katayoun A. Donnelly**

***Azizpour Donnelly LLC***
***2373 Central Park Blvd. | Suite 100***
***Denver | Colorado | 80238***
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
katy@kdonnellylaw.com
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Thursday, July 8, 2021, 8:49:48 AM MDT, Collier, Clarissa <collier@wtotrial.com> wrote:

**EXHIBIT 4**

Hi Katy,

I hope you enjoyed your time off.

As I'm sure you saw, we have a new Judge (Judge Rodriguez), which adds an extra layer of confusion as to where we go from here (especially since she has no practice standards in place). But I'm assuming we should still proceed based on the last Order of the Judge which requested that we settle or that Plaintiff file a Third Amended Complaint taking into consideration the points made by Mr. Wang in his Letter Regarding Dismissal. I'm assuming the former option is still a non-starter, but please let me know if that is changed and whether there is any appetite for settlement.

If there is no possibility of settlement, then I write to follow up on the below and attached. Please let me know whether your client will oppose the filing of the attached. If Mr. Wang opposes, please state the basis of the opposition so I can accurately reflect your position in the conferral section of Plaintiff's Motion for Leave.

Thanks,

Clarissa

**Clarissa M. Collier | Of Counsel**

**Wheeler Trigg O'Donnell LLP**

370 17th Street | Suite 4500 | Denver CO  80202
P 303.244.0155 | F 303.244.1879

collier@wtotrial.com | wtotrial.com | vCard



This email contains confidential information from the law firm of Wheeler Trigg O'Donnell LLP and is attorney-client privileged and attorney work product.  The information is intended solely for the use of the recipients.  The unauthorized disclosure, copying, distribution, or use of the contents of this email is strictly prohibited.  If you have received this email in error, please notify us at 303.244.1800 immediately.

---

**From:** Collier, Clarissa
**Sent:** Friday, June 18, 2021 9:08 PM
**To:** Katayoun Donnelly <katy@kdonnellylaw.com>
**Subject:** Doe v. Wang: Proposed Third Amended Complaint

Hi Katy,

**EXHIBIT 4**

Please see attached Plaintiff's Proposed Third Amended Complaint in redline. Sorry I couldn't get this to you before you left for your trip, which is hopefully a vacation. I moved offices, which caused numerous unexpected interruptions this week. :/

Note, that by revising certain things (for example, separating Mr. Wang's defamatory statements into different claims) I am not agreeing that your position on those legal issues is correct. Rather, we are attempting to comply with the Court's Order that requested we settle (which seems unlikely, unfortunately) or "file one more amended complaint that takes into account defendant's issues ..." (ECF 76).

I understand that I may not hear back from you for 10+ days, but when you return, let me know whether your client will oppose the amendment.

Safe travels,

Clarissa

**Clarissa M. Collier | Of Counsel**

**Wheeler Trigg O'Donnell LLP**

370 17th Street | Suite 4500 | Denver CO  80202
P 303.244.0155 | F 303.244.1879

[collier@wtotrial.com](mailto:collier@wtotrial.com) | wtotrial.com | vCard



**EXHIBIT 4**