| | |
|---|---|
| **From:** | Katayoun Donnelly <katy@kdonnellylaw.com> |
| **Sent:** | Wednesday, November 3, 2021 12:58 PM |
| **To:** | Collier, Clarissa |
| **Cc:** | Katayoun Donnelly |
| **Subject:** | Re: Doe v. Wang: Time for Rule 26(f) Conference |

**External Email**

Dear Clarissa,

Mr. Wang objects to initiation of any off-record conversations with the court regarding substantive matters, such as this. Please add that to our position statement, if you choose to email the court over our objection.


Best,
Katy

**Katayoun A. Donnelly**

*Azizpour Donnelly LLC*
**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.


On Wednesday, November 3, 2021, 12:49:41 PM MDT, Collier, Clarissa <collier@wtotrial.com> wrote:


I am relying on the Federal Rules and controlling case precedent. *See Sutton v. Everest Nat'l Ins. Co.,* No. 07 CV 00425 WYD BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007) ("The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'").


There is nothing that I see in the rules that requires a Rule 16(f) conference be set for the parties to engage in the Rule 26(f) conference. Moreover, the Rule 16(f) conference is oftentimes triggered by the need for the Court to enter a Scheduling Order, which is entered **after** the parties have filed their Rule 26(f) report from the conference. *See* Fed. R. Civ. P. 16(b).

EXHIBIT 5

Nevertheless, I realize we are in an awkward procedural posture so I intend to email Judge Hegarty's Chambers for guidance (given that he entered ECF 55). I will copy you on that communication and note your objections and baseless threats of Rule 11 sanctions when my attempts to confer with you clearly have basis in fact and law, and all I'm trying to do is clarify where we are and whether we can move forward.

I do not appreciate your continued threats under these circumstances—in fact, you are the first attorney in my 13 years of practice to have ever threatened me with such a course of action. I will proceed with contacting the Judge and will attach our communications.

Clarissa

---

**From:** Katayoun Donnelly <katy@kdonnellylaw.com>
**Sent:** Wednesday, November 3, 2021 12:33 PM
**To:** Collier, Clarissa <Collier@wtotrial.com>
**Cc:** Katayoun Donnelly <katy@kdonnellylaw.com>
**Subject:** Re: Doe v. Wang: Time for Rule 26(f) Conference

**External Email**

---

I am sorry if I can't understand your position, Clarissa – I am not sure how one can take a position that discovery has not been stayed, considering that there is no pending Rule 16 scheduling conference date and there has been no Rule 26 discovery. *See* also Doc. 55, 57 (re joint motion to stay and convert the scheduling conference to a status conference). Please let me know what you are relying on in support of your position. And please include our position in any pleadings you decide to file.

> As you know, all deadlines have been stayed. If you are planning to file a motion to lift the stay, please note in your motion that we object for all the reasons stated in our motions to dismiss and for reconsideration of the Nov. 10 order allowing plaintiff to proceed under pseudonym, and for the reasons discussed in our email exchanges preceding the filing of those motions, where you confirmed compliance with Rule 11.

(Please also note that Mr. Wang will be adding any additional fees and costs to his Rule 11 motion.)

Best,

Katy

**EXHIBIT 5**

**Katayoun A. Donnelly**

*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**

**Denver | Colorado | 80238**

**Phone:(720) 675-8584**

**Fax:(720) 880-3142**

**katy@kdonnellylaw.com**

http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Wednesday, November 3, 2021, 11:53:38 AM MDT, Collier, Clarissa <collier@wtotrial.com> wrote:

Both parties would have to comply with Fed. R. Civ. P. 26(a)(1) **after** we have the Rule 26(f) conference. The Rule 26(f) conference triggers the initial disclosures required under Rule 26(a)(1). *See* Rule 26(a)(1)(C) ("**A party must make the initial disclosure at or within 14 days after the parties' Rule 26(f) conference** unless a different time is set by stipulation or court order ...") (emphasis added).

Since we haven't had a Rule 26(f) conference, neither party has been required to make their disclosures under Rule 26(a)(1)(C). Once confer under Rule 26(f), that will trigger both parties obligations to make disclosures and various other deadlines in the case.

Therefore, I will again, what are you relying on in saying that all discovery has been stayed? That is a pretty clear question and if you can provide authority for that assertion, I can consider whether I dispute it. Thanks.

**From:** Katayoun Donnelly <katy@kdonnellylaw.com>
**Sent:** Wednesday, November 3, 2021 11:45 AM
**To:** Collier, Clarissa <Collier@wtotrial.com>
**Cc:** Katayoun Donnelly <katy@kdonnellylaw.com>
**Subject:** Re: Doe v. Wang: Time for Rule 26(f) Conference

**External Email**

I am not sure I understand your question - wouldn't you have to at the very lest comply with Rule 26(a)(1), if discovery was not stayed?

Best,

Katy

**Katayoun A. Donnelly**

*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**

**Denver | Colorado | 80238**

**Phone:(720) 675-8584**

**Fax:(720) 880-3142**

**katy@kdonnellylaw.com**

http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Wednesday, November 3, 2021, 11:38:41 AM MDT, Collier, Clarissa <collier@wtotrial.com> wrote:

**EXHIBIT 5**

Hi Katy,

I am asking you for the basis of that assertion so that I can determine whether I dispute it. Thanks.

Clarissa

**From:** Katayoun Donnelly <katy@kdonnellylaw.com>
**Sent:** Wednesday, November 3, 2021 11:37 AM
**To:** Collier, Clarissa <Collier@wtotrial.com>
**Subject:** Re: Doe v. Wang: Time for Rule 26(f) Conference

**External Email**

Dear Clarissa,

Are you disputing whether discovery has been stayed?

Best,

Katy

**Katayoun A. Donnelly**

*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**

**Denver | Colorado | 80238**

**Phone:(720) 675-8584**

**EXHIBIT 5**

---

Fax:(720) 880-3142

katy@kdonnellylaw.com

http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Wednesday, November 3, 2021, 11:26:36 AM MDT, Collier, Clarissa <collier@wtotrial.com> wrote:

Hi Katy,

Can you send me or provide me with the docket number of the Order that you are referencing that stayed all deadlines that you believe still applies to discovery/the Rule 26 conferral? I recall Judge Hegarty staying all deadlines in his March 9, 2021 Order (ECF 57), but since that time the Court also entered several orders imposing deadlines (e.g., ECF 64) and the parties have taken numerous actions in this case pursuant to deadlines. So, clearly, deadlines are not stayed under that Order anymore. If you disagree, and ECF 57 is the only thing you are relying on, I will file a Motion for Clarification regarding that Order.

If there is something else you are relying on, please let me know so that I may proceed accordingly. Thanks.

Clarissa

---

**From:** Katayoun Donnelly <katy@kdonnellylaw.com>
**Sent:** Wednesday, November 3, 2021 11:11 AM
**To:** Collier, Clarissa <Collier@wtotrial.com>
**Cc:** Katayoun Donnelly <katy@kdonnellylaw.com>
**Subject:** Re: Doe v. Wang: Time for Rule 26(f) Conference

**External Email**

EXHIBIT 5

Good morning,

As you know, all deadlines have been stayed. If you are planning to file a motion to lift the stay, please note in your motion that we object for all the reasons stated in our motions to dismiss and for reconsideration of the Nov. 10 order allowing plaintiff to proceed under pseudonym, and for the reasons discussed in our email exchanges preceding the filing of those motions, where you confirmed compliance with Rule 11.

Hope all is well.

Best,

Katy

**Katayoun A. Donnelly**

*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**

**Denver | Colorado | 80238**

**Phone:(720) 675-8584**

**Fax:(720) 880-3142**

katy@kdonnellylaw.com

http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

**EXHIBIT 5**

On Thursday, October 28, 2021, 09:49:57 AM MDT, Collier, Clarissa <collier@wtotrial.com> wrote:

Hi Katy,

Given the time it is taking for the Court to rule on your client's Motion to Dismiss, I wanted to set up a time to hold the Rule 26(f) conference so that the parties can keep the case moving.

I am out most of tomorrow and all day on Monday, but I could do pretty much any time on Tuesday (11/2), Wednesday afternoon (11/3) or before noon on Friday (11/5). Please let me know your availability. Thanks!

Clarissa

**Clarissa M. Collier | Of Counsel**

**Wheeler Trigg O'Donnell LLP**

370 17th Street | Suite 4500 | Denver CO  80202
P 303.244.0155 | F 303.244.1879

collier@wtotrial.com | wtotrial.com | vCard



**EXHIBIT 5**