IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

~~JANE DOE,~~

XINGFEI LUO,

  Plaintiff,

v.

PAUL WANG,

  Defendant.

___

**DEFENDANT'S MOTION FOR IMPOSITION OF SANCTIONS, PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AGAINST PLAINTIFF AND HER COUNSEL**

___

  Mr. Paul Wang respectfully asks this Honorable Court, pursuant to Federal Rule of Civil Procedure 11(c)(1)(A), to impose sanctions jointly and severally on Plaintiff and her counsel for ~~having filed the Second and Third Complaints (Doc. 65, 85), and for~~ refusing, after proper notice of this motion, [1] to withdraw ~~those~~ the claims~~, which~~ that are devoid of legal or factual basis. As grounds therefor, Mr. Wang states:

### ARGUMENT

 A. **Applicable Legal Standard**

[1] ~~Pursuant to Fed. R. Civ. P. 11(c) (2), a copy of this Motion was served on Plaintiff's counsel with a request that she voluntarily dismiss all of Plaintiff's claims against Mr. Wang. See **Exhibit 1**.~~

  Rule 11 of the Federal Rules of Civil Procedure "allows the court to sanction a party, if the court determines that the party has violated Rule 11(b) by making false, misleading, improper, or frivolous representations to the court." *Williamson v. Recovery Ltd. P'ship*, 542

F.3d 43, 51 (2d Cir. 2008). Pursuant to Rule 11(b), a party's or an attorney's signature on a

---

[1] Pursuant to Fed. R. Civ. P. 11(c) (2), a copy of this Motion was served on Plaintiff's counsel with a request that she voluntarily dismisses the claims against Mr. Wang. *See* **Exhibit 1**.

**EXHIBIT 8**

pleading or motion constitutes a certification that, among other things, "to the best of the person's knowledge, information, and belief, formed *after reasonable inquiry* under the circumstances . . . the claims, . . . and other legal contentions are warranted by existing law or *by a nonfrivolous argument for extending, modifying, or reversing existing law* . . . [and] *the factual contentions have evidentiary support*" (emphasis added). The certification requirement mandates that "all signers consider their behavior in terms of the duty they owe to the court system to conserve its resources and avoid unnecessary proceedings." 5A C. Wright & A. Miller, *Federal Practice & Procedure* § 1335, at 57-58 (2d ed. 1990).

A party or an attorney need not act willfully or in bad faith to be subject to sanctions under Rule 11. *Nikols v. Chesnoff*, 435 F. App'x 766, 773 (10th Cir. 2011) (reversing and remanding denial of motion for sanctions where the district court appeared to require a showing of bad faith); *Storage Partners II v. Storage Tech, Corp.*, 117 F.R.D. 675, 680 (D. Colo. 1987). Rather, to avoid sanctions under Rule 11 a party and an attorney must meet a standard of objective reasonableness. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990); *Marotta v. Cooper*, No. 10-CV-01687-WJM-CBS, 2011 WL 2784423, at *8 (D. Colo. July 13, 2011) ("Rule 11 applies a standard of objective reasonableness, that is, whether a reasonable attorney admitted to practice before the District Court would file such a document."). A subjective good faith belief in the merits of asserted claims does not suffice to meet this standard. *White*, 908 F.2d at 680. Instead, that belief must "be in accord with what a reasonable, competent attorney would believe under the circumstances." *Id*.; *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with

**EXHIBIT 8**

the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'").

Under Rule 11, a signing attorney has a "*nondelegable* responsibility" to "personally . . . validate the truth and legal reasonableness of the papers filed." *Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 126 (1989) (emphasis added). The "heart of Rule 11" is the message conveyed by the signer's certification that counsel "has conducted a reasonable inquiry *into the facts* and the law and is satisfied that the document is well grounded *in both*." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 542 (1991) (emphasis added).

Sanctions are properly imposed against parties, counsel, and any associated law firm for filing papers that (1) "harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) contain legal contentions that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) contain factual contentions that have no "evidentiary support" and that are not "likely" to have evidentiary support even after a reasonable opportunity for discovery; or (4) contain denials that are not "warranted on the evidence or, if specifically so identified, [not] reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b).

**B.   The Court Should Impose Sanctions on Plaintiff and Her Counsel, Jointly and Severally, Ordering Them to Reimburse Mr. Wang for the Reasonable Attorney's Fees and Costs He Has Incurred**

The Plaintiff and her counsel have acted in concert to present a set of ~~claims~~ allegations that are not merely without merit but that both know to be without merit. Plaintiff has in this case demonstrated the same pattern of vexatious litigation abuse that has caused her to have

been

**EXHIBIT 8**

sanctioned by several other courts previously. Her only specified[2] ~~claims~~ allegations in her second claim against Mr. Wang are premised on a web posting *published eight years ago*~~,~~ *by someone else*. (Doc. 85 ¶¶ 62-3~~.) And despite being put~~ ; *see also* **Exhibit 1 (confirming that the documents produced in Plaintiff's Rule 26 disclosures, which has only one reference to any allegation related to a claim of rape—which is a printed version of https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as- ophelia-luo-and-her-chinese-scam/ (last visited on Dec. 3, 2021)—constitute the entirety of the documents on which her claim is based)). And despite being** on notice that those claims ~~are clearly time-barred, both~~ , even if they referred to a publication by Mr. Wang, are clearly time-barred—because this a 2013 publication of which Plaintiff has been aware of since 2013—both she and her counsel have refused to withdraw them. **Exhibit 1 (which includes the attachment to the Dec. 3, 2021 email correspondence);** *see also* Exhibit A to Motion to Dismiss the Third Amended Complaint, https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/ (same document).

As demonstrated in Mr. Wang's pending motion to dismiss, (Doc. 69, 92, 106), any claims Plaintiff may have had premised on this eight-year-old publication are no longer cognizable, as a matter of law. Therefore, even in her *fourth* attempt to plead her claims, Plaintiff has failed to state a claim upon which relief can be granted.

---

[2] *Martinez v. Winner*, 548 F. Supp. 278 (D. Colo. 1982) ("It is almost axiomatic that in defamation cases a certain degree of specificity is an essential in pleadings, that the language complained of must be set forth in words or words to that effect and that the **defendant should not be required to resort to the ofttimes expensive discovery process to drag from a litigant what he really intends to do to his adversary by a vehicle shrouded in mystery**." (citation omitted) (emphasis added)); *see also* (Doc. 106, 4-5).

4

**EXHIBIT 8**

~~² *Martinez v. Winne*r, 548 F. Supp. 278 (D. Colo. 1982) ("It is almost axiomatic that in defamation cases a certain degree of specificity is an essential in pleadings, that the language complained of must be set forth in words or words to that effect and that the **defendant should not be required to resort to the ofttimes expensive discovery process to drag from a litigant what he really intends to do to his adversary by a vehicle shrouded in mystery**." (citation omitted) (emphasis added)); *see also* (Doc. 106, 4-5.)~~

Indeed, her Second and Third Amended Complaints represent more than a mere failure to adequately *plead* Plaintiff's claims against Mr. Wang. They, coupled with Plaintiff's litigation history (she is currently subject to sanctions by multiple ~~courts, as~~ courts—including the dismissal with prejudice in the *Weamer* case today—as fully explained in Mr. Wang's motion for reconsideration of the November 10, 2020 order allowing Plaintiff to proceed under pseudonym, (Doc. 101, 109)), demonstrate a deliberate disregard of the fact that the ~~statements~~ statement at issue cannot give rise to liability against Mr. Wang. Those alleged statements—which Plaintiff avers are publicly accessible, Third Am. Compl. ¶ 77, and which she claims only Mr. Wang knew about, *id*., ¶ 63, *see also id*. ¶¶ 55, 64—were actually posted on the internet (by another party), and yet Plaintiff has failed to notify the Court that they have been publicly available *since* 2013.³ *See* **Exhibit 1**. ~~*2013*.³~~ So, by her own pleaded averments, Plaintiff's claims are ~~unquestionably~~ time-barred.⁴ *See, e.g., Phillips v. World Pub. Co*., 822 F. Supp. 2d 1114, 1122 (W.D. Wash. 2011) ("In the internet context, the statute of limitations begins to run when the allegedly infringing material is first posted on the internet.") (*citing Canatella v. Van De Kamp*, 486 F.3d 1128, 1134–36 (9th Cir.~~2007)); *Bloom v. Goodyear Tire & Rubber Co*., 2006 WL 2331135 at *7 (D. Colo. Aug. 10, 2006).~~

---

³ *Compare*

> On information and belief, Defendant also posted **this same statement online**. Specifically, on January 4, 2021, Plaintiff received a blog post through the course of litigation wherein the author states that **Plaintiff "has [] made false allegation[s] of rape, … and filed a frivolous police report in Colorado about losing her passport**."

Third Am. Compl., ¶ 62 (emphasis added), *with*

https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/ ~~(last visited on Nov. 3, 2021)~~; *see also* https://xingfeiluo.wordpress.com/2013/12/ ~~(last visited Nov. 3, 2021)~~ ("**. . . she has already made false allegation of rape, false claims about other people as well, filed a frivolous police report in Colorado about losing her passport . . . .**").

~~In addition, Mr. Wang notified Plaintiff and her counsel that the blog post was *not* authored by him and that a side-by-side review of the publication where the quoted statement in ¶ 62 appears, (https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam) (last visited on Nov. 3, 2021), with Plaintiff's blogs, https://eserinusa.wordpress.com/ (last visited on Nov. 3, 2021) and http://xingfeiluo.blogspot.com/ (last visited on Nov. 3, 2021), establishes that:~~

- ~~Mr. Wang is not the author of the publication;~~
- ~~Morgann Paraskevas, whom Plaintiff knows very well, is the author;~~
- ~~Since at least December of 2013 Plaintiff has known (or should have known) about the publications; and~~
- ~~Taking her own allegations as true that Mr. Wang was the only one (beside her, in the United States) who knew of the underlying facts, Third. Am. Compl ¶¶ 55, 63, then she knew (or should have known) about the causes of action in her Complaint in December 2013.~~

---

[4] *See* Colo. Rev. Stat. § 13–80–102, § 13–80–103, or § 13-80-108.

2007)); *Bloom v. Goodyear Tire & Rubber Co.*, 2006 WL 2331135 at *7 (D. Colo. Aug. 10, 2006).

Not only have Plaintiff and her counsel pressed forward with ~~these~~ the stale claims, they have also, jointly, intentionally refused to provide the Court the alleged publications *of Mr. Wang* upon which Plaintiff's claims arising out of ¶ 62 are based. Notably, considering Plaintiff's first three failed attempts to state a claim upon which relief could be granted, the Court's June 11, 2021 Order specifically directed her to plead "<u>only</u> what she believes *she **has evidence** to prove*." (emphasis added). Thereafter, Mr. Wang requested that Plaintiff's counsel produce copies of all written statements Plaintiff contends that Mr. Wang had published concerning her, upon which her claims were premised. Mr. Wang also asked that Plaintiff identify and provide contact information for any witnesses who she knew would testify under oath that Mr. Wang had made oral statements to them concerning her. *See* **Exhibit 2**.

In response, Plaintiff's counsel did not provide any of the requested information. Instead, ~~Plaintiff's counsel~~ they provided Mr. Wang only with a copy of Plaintiff's proposed Third Amended Complaint, which, *for the first time*, included ~~one~~ the quoted statement Plaintiff claimed Mr. Wang had ~~made— but~~ made— but not a single document evidencing any of the statements or publications that the draft pleading alleged Mr. Wang had published about Plaintiff that were false and defamatory. When Mr. Wang brought to Plaintiff's counsel's attention that he was not the author of the quoted statement, renewed his request that they produce the evidence that support their allegation that he is the author, and offered to discuss the deficiencies in the proposed Third Amended Complaint further, in a meaningful way, after they provide the

**EXHIBIT 8**

evidence that could actually support their allegations, Plaintiff's counsel declared that Plaintiff was not obligated to provide the requested evidence in support of the allegations in her proposed Third Amended Complaint. *See* **Exhibit 3.**

When Mr. Wang provided the Court a link to the website where the quoted statements at issue appeared on the internet, (Doc. 90 at 9), Plaintiff's counsel argued that the Court could not consider those online publications, which recite verbatim the statements Plaintiff alleges are defamatory—because Plaintiff and her counsel intentionally chose not to attach them to the Third Amended Complaint. (Doc. 104 at 1-2, 4). They also refused to disclose (either to the Defendant or to the Court) the URL for the publicly available statements that they referenced in the Third Amended Complaint. *See id. at* 2, 4. Finally, they denied the trustworthiness of the statements for the purpose of applying the statute of limitations, *id*.—while at the same time presenting them as a sufficiently reliable source for Plaintiff's claims. Third Am. Compl., ¶¶ 62, 63.

Mr. Wang notified Plaintiff and her counsel that the blog post was not authored by him and that a side-by-side review of a) the publication where the quoted statement in ¶ 62 appears, (https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam), with b) Plaintiff's blogs, https://cserinusa.wordpress.com/ (last visited on Nov. 3, 2021) and http://xingfeiluo.blogspot.com/ (last visited on Nov. 3, 2021), clearly establishes that:

- Mr. Wang is not the author of the publication;
- Morgann Paraskevas, whom Plaintiff knows very well, is the author;
- Plaintiff has known (or should have known) about the publications since at

least December of 2013; and

EXHIBIT 8

- Taking her own allegations as true that Mr. Wang was the only one (beside her, in the United States) who knew of the underlying facts, Third. Am. Compl ¶¶ 55, 63, then she knew (or should have known) about the causes of action in her complaint in December 2013.

*See* Motion to Dismiss the Third Amended Complaint; Reply in Support of the Motion to Dismiss the Third Amended Complaint; Exhibits 1, 2, and 3.

Furthermore, Plaintiff's December 2, 2021 Rule 26 disclosures in fact contained not a single document including the quoted statement in ¶ 62 or mentioning any statement regarding an alleged rape, other than Mr. Paraskevas' 2013 publication that Mr. Wang had already brought to the Court's attention in his Motion to Dismiss the Third Amended Complaint (Exh. A to Mot. Dismiss. Third. Am. Compl. (https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/)—which Plaintiff moved to strike, Pl. Resp. Mot. Dismiss. Third. Am. Compl., 1-2; but now relies on as the only evidence of any statements mentioning allegations of rape.

Similarly, despite the fact that the declaration of Mr. Weamer's counsel specifically identifies Mr. Wang as a witness in that case as well as Plaintiff's affirmative pleading in the Second Amended Complaint that Mr. Wang made his statements "to help another party [Mr. Weamer] in another unrelated civil lawsuit," (Doc. 65 ¶ 56), and knowing that under settled Colorado law any such witness statements made in the course of that litigation (including during pre-trial discovery) are protected by the absolute litigation privilege, Plaintiff's counsel have continued to press forward with claims based on statements made in the *Weamer* litigation. (Doc. 90 at 11-14 and Doc. 104 at 6-8.)

In addition to these improper tactics with regard to the basis for Plaintiff's ~~claims~~claim, Plaintiff's counsel have, to this day, refused to articulate a justifiable reason for not withdrawing

**EXHIBIT 8**

~~the~~ these baseless claims, which ~~have~~ has put an immense financial and emotional burden on Mr. Wang and his young family. In light of Plaintiff's assertions of being indigent (such that the Court has appointed *pro bono* counsel to represent her), Mr. Wang has no choice but to request that the Court hold Plaintiff's counsel accountable for their failure to comply with their Rule 11 obligations.

Admittedly, "Rule 11 sanctions are an extraordinary remedy . . . . intended to discourage frivolous litigation, not to punish litigants." *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 611 (D. Colo. 2006). Nevertheless, upon reviewing the course of proceedings herein, the Court will find this case presents strong justification for imposing such sanctions against both the Plaintiff and her counsel.

C. **The Court Should Enter an Order Requiring Plaintiff and Her Counsel, Jointly and Severally, to Pay Mr. Wang All Costs and Reasonable Attorney's Fees He Has Incurred, Including Those Devoted to Litigating This Motion**

When assessing whether to award attorneys' fees as a sanction under Rule 11, "a district court must expressly consider," among other things, the reasonableness of any fee request pursuant to the lodestar method. *See White*, 908 F.2d at 684 (applying previous version of Rule 11 which also contained reference to reasonable attorney's fees); *see also Wasko v. Moore*, 122 F. App'x 403, 407 (10th Cir. 2005) ("'The plain language of the rule requires that the court independently analyze the reasonableness of the requested fees and expenses.'") (quoting *White*, 908 F.2d at 684 in relation to case involving amended version of Rule 11); *Guidry v. Clare*, 442 F. Supp. 2d 282, 293 (E.D. Va. 2006) (concluding that a Rule 11 "fee applicant . . . bears the burden of establishing by clear and convincing evidence the amount of ~~a reasonable fee in the circumstances").[5] Here, Mr . Wang has incurred, to this date,~~

9

EXHIBIT 8

[5] *See also* Fed. R. Civ. P. 11, adv. cmt. notes on the 1993 Amendments ("Any . . . award [of attorney's fees] to another party . . . should not exceed the expenses and attorneys' fees for the services directly and unavoidably caused by the violation of the certification requirement.").

9

**EXHIBIT 8**

~~$380.⁶ Mr. Wang has also incurred $____ costs to date. Mr. Wang intends to further~~ a reasonable fee in the circumstances").[5] Here, Mr . Wang has incurred, to this date, approximately $75,000 in attorney's fees and costs in defending the present action. That figure includes approximately 200 hours of time by attorney Katayoun Donnelly, at an hourly rate of $380.[6] Mr. Wang has also incurred approximately $2500 costs to date. Mr. Wang intends to further substantiate these amounts with sworn Declarations when he supplements the amount of fees and costs he is seeking following full briefing and (if applicable) any hearing conducted on the present motion and his pending motions, and the fees and costs incurred as a result of any further proceedings based on this claim in this case.

## CERTIFICATION

Counsel for Mr. Wang hereby certifies that a ~~copy~~ draft of this motion was served on Plaintiff's counsel on November 5, 2021. Thus, pursuant to Federal Rule of Civil Procedure 11(c)(1)(A), Plaintiff and her counsel had twenty-one days to voluntarily dismiss Plaintiff's claims against Mr. Wang. As the record shows, they have failed to do so.

Counsel for Mr. Wang further certifies, pursuant to Federal Rule of Civil Procedure 7.1(A), that on ~~November~~December 3, 2021 the parties fully conferred on the matters addressed in this motion~~,~~ and Plaintiff indicated she would oppose the Court's granting ~~of~~ the relief sought herein. **Exhibit 1.**

---

[5] *See also* Fed. R. Civ. P. 11, adv. cmt. notes on the 1993 Amendments ("Any . . . award [of attorney's fees] to another party . . . should not exceed the expenses and attorneys' fees for the services directly and unavoidably caused by the violation of the certification requirement.").

[6] Ms. Donnelly is a sole practitioner with 15 years of litigation experience.

**EXHIBIT 8**

**CONCLUSION**

For the reasons set forth above, Mr. Wang respectfully requests that this Court impose sanctions, pursuant to Fed. R. Civ. P. 11, against Plaintiff and her counsel, jointly and severally, in the form of reimbursing Mr. Wang for all costs and reasonable attorney's fees he has been <ins>and will be</ins> forced<del>, unjustifiably,</del> to incur.

<del>⁶ Ms. Donnelly is a sole practitioner with 15 years of litigation experience.</del>

Respectfully submitted this <del>26ᵗʰ</del> <ins>3ʳᵈ</ins> day of <del>November</del> <ins>December</ins> 2021.

/s/ *Katayoun A. Donnelly*
Katayoun A. Donnelly
(#38439) Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO 80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Paul Wang*

## CERTIFICATE OF SERVICE

I hereby certify that on ~~November 26~~<ins>December 3</ins>, 2021, I served an electronic copy of the foregoing via CM/ECF to counsel of record.

Clarissa M.
Collier David J.
Schaller
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
303.244.1800
collier@wtotrial.com
schaller@wtotrial.com

/s/ *Katayoun A. Donnelly*
Katayoun A. Donnelly

**EXHIBIT 8**