UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

### PLAINTIFF'S RESPONSE TO MOTION TO INTERVENE AND UNRESTRICT DOCUMENT

Plaintiff submits her Response to Eugene Volokh's Motion to Intervene and Unrestrict Document (the "Motion") (ECF 116). Plaintiff does not object to Mr. Volokh intervening in this case for the limited purpose of challenging the restriction of access to a document, but does object to unrestricting the Nov. 8, 2021 Order Granting Motion for Reconsideration (the "Order") (ECF No. 114).

### INTRODUCTION

Plaintiff is a sexual assault survivor who seeks damages from Defendant based on him making defamatory and damaging statements about her. These statements include that Plaintiff falsely accused a mutual acquaintance of sexual assault while living in China. Because of the highly sensitive nature of and stigma attached to sexual assault, Plaintiff sought to proceed under a pseudonym. (ECF 11 p. 1). The Court granted Plaintiff's request on November 10, 2020 (the "Pseudonym Order"). (ECF 13.)

On August 27, 2021, nearly ten months after entry of the Pseudonym Order, Defendant filed a Motion to Reconsider the Order (ECF 101.) On November 8, 2021, Magistrate Judge

Hegarty granted Defendant's Motion to Reconsider, directed the Clerk of the Court to alter the case caption to reflect Plaintiff's legal name, and directed that its Order be placed under Restriction Level 1. (ECF 113 at 10.) The Court explained it was placing the Order under restriction because it (and the related briefing) discussed other litigation in which Plaintiff was allowed to proceed under a pseudonym. Thus, to avoid overruling other court's orders, it ruled that the Order and briefing should be kept under Level 1 Restriction.

For this same reason, and others identified below, the Court should refuse to unrestrict the Order. Further, Plaintiff filed timely Objections to the Order and those Objections are still pending. Thus, the Court should delay ruling on Mr. Volokh's Motion until after the District Court Judge rules on the Objections. Alternatively, if the Court decides to revisit the decision it entered less than two months ago, and before the Objections are resolved, then it should redact the identifying information and discussion of cases in which Plaintiff proceeded under a pseudonym and enter only the redacted version of the Order in the public record. If Mr. Volokh's motion is granted and the Court agrees redaction is acceptable, Plaintiff will email the Court a proposed redacted copy of the Order for the Court's consideration within three business days of the Court's ruling.

## ARGUMENT

Plaintiff acknowledges that there is a presumption "that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor non-disclosure," including cases involving matters of a highly sensitive and personal nature. *Does v. United States Olympic Comm.,* No. 19-CV-00737-PAB-KMT, 2019 WL 2992031, at *1 (D. Colo. July 9, 2019). Here, this Court's

decision to restrict the Order is supported by a strong interest in not undermining the orders of other courts that have ruled Plaintiff may proceed anonymously in cases identified in the Order, and by Plaintiff's privacy interests. In contrast, the public's interest in accessing the Order is relatively weak because the Order does not involve trial exhibits or the disposition of substantive claims and defenses. Thus, the Court should deny Mr. Volokh's Motion.

I.   **RESTRICTION OR REDACTION IS NEEDED TO AVOID OVERRULING ORDERS OF OTHER COURTS**

This Court was correct to restrict access to the Order and should continue the restriction to avoid effectively overruling the judgments of trial courts in other jurisdictions. The Order identifies and discusses two other cases—one state and one federal—in which the court ruled that Plaintiff should be allowed to proceed under a pseudonym. Granting the present Motion would render these protective orders that other courts have independently entered entirely meaningless. This Court should not essentially overrule trial courts in other jurisdictions. *See, e.g., United States v. Sater,* No. 98-CR-1101 (ILG), 2019 WL 3288389, at *4–5 (E.D.N.Y. July 22, 2019) ("In the interests of judicial comity, information sealed by the Southern District . . . should remain sealed here as well."); *Doe v. Lerner*, 688 Fed. Appx. 49, 50-51 (2d. Cir. 2017) ("The District Court ... properly determined that sealing was appropriate for . . . documents sealed in related proceedings . . ."); *Davcon, Inc. v. Roberts & Morgan*, 110 Cal. App. 4th 1355, 1361, 2 Cal. Rptr. 3d 782, 787–88 (2003) (recognizing "general principle that one trial court judge may not reconsider and overrule a ruling by another trial court judge, unless the first judge is unavailable"); *Pickwick-Greyhound Lines v. Shattuck*, 61 F.2d 485, 486 (10th Cir. 1932) ("Where the question presented is not one of jurisdiction it is improper for a judge to vacate or overrule a prior order or decision made in the case by another judge of equal rank. Such practice

3

has been uniformly condemned."). To avoid overruling the orders of other courts that have determined other cases involving Plaintiff should proceed under a pseudonym, the Order (ECF 113) that discusses such cases should continue under restricted access.

Alternatively, the Court could allow Plaintiff to submit proposed redactions of the Order. If acceptable, the Court could accept the redactions and redact the portions of the Order that identify and describe cases in which Plaintiff has been allowed to proceed under a pseudonym. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (concluding that "it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document"). This would avoid overruling the orders of other courts while allowing the public ample opportunity to evaluate the Court's reasoning for the Order. Defendant is already aware of the case names identified in the Order, has full access to the unredacted Order, and his defense will not be inhibited by the subsequent redactions.

**II.    RESTRICTION OR REDACTION IS SUPPORTED BY PRIVACY INTERESTS**

Judicial records may be sealed when the "public's right of access is outweighed by interests which favor non-disclosure," such as where a case involves "matters of a highly sensitive and personal nature." *Does v. United States Olympic Comm*., No. 19-CV-00737-PAB-KMT, 2019 WL 2992031, at *1 (D. Colo. July 9, 2019).

Both the present case and the two cases identified in the Order relate to matters of a highly personal and sensitive nature. If the two cases become de-anonymized by the unsealing of the Order, Plaintiff will suffer additional harm by the publication of highly personal facts. Courts routinely allow a plaintiff to proceed under a pseudonym or seal records in cases filed by sexual

assault victims because they concern highly sensitive and personal subjects. *See id*. at *2 (finding allegations of "unlawful sexual contact" to "involve intensely personal issues"); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("Fictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *E.E.O.C. v. Spoa, LLC*, No. CCB-13-1615, 2013 WL 5634337, at *3, *4 (D.Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal matter"); *Roe v. St. Louis Univ.,* No. 08-cv-1474-JCH, 2009 WL 910738, at *5 (E.D.Mo. Apr. 2, 2009) (allowing use of pseudonym because rape is a "personal matter of the utmost intimacy").

"[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation. . . . Such interests . . .are a venerable common law exception to the presumption of access" to court documents. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[E]mbarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id*. at 1051. *See Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) ("social stigma attached to the plaintiff's disclosure [in certain cases]" is "enough to overcome the presumption of openness in court proceedings."); *see also Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020) (district court erred by failing "to consider that, in other cases, we have held that 'social stigma' is sufficient to warrant proceeding anonymously."); *Doe v. Hartford Life & Acc. Ins. Co*., 237 F.R.D. 545, 549-50 (D.N.J. 2006) (magistrate clearly erred in refusing to allow plaintiff to proceed anonymously while challenging denial of disability benefits based on bipolar disorder); *Proctor v. United Parcel Serv.,* 502 F.3d 1200, 1215 (10th Cir. 2007) (granting motion to file

portion of appendix under seal in an Americans with Disabilities Act retaliation case). Accordingly, the sensitive and personal nature of the cases discussed in the Order weighs against lifting the restriction on the Order and de-anonymizing the cases discussed therein.

**III.     THE PUBLIC'S INTEREST IN COURT PROCEEDINGS DOES NOT OUTWEIGH THE INTEREST IN PRESERVING OTHER COURT'S ORDERS AND PLAINTIFF'S PRIVACY**

   **A.     Common Law Right to Access**

"[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts.'" *IDT Corp. v. eBay*, 709 F.3d 1220, 1223–25 (8th Cir. 2013). "Once the weight of the presumption is determined, a court must balance competing considerations against it." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).The public's interest in court orders is lessened when the order relates to collateral matters such as sealing. In *Riker v. Fed. Bureau of Prisons*, the Tenth Circuit explained that where a "court considered the documents only to determine whether to seal them," complaint documents "had little to do with the district court's exercise of judicial power" and "the public's interest in access to the documents is weak." 315 F. App'x 752, 754–55 (10th Cir. 2009) (concluding complaint was properly sealed). *See IDT Corp. v. eBay*, 709 F.3d 1220, 1223–25 (8th Cir. 2013) (concluding "the court properly treated as minimal the public's interest in access to this antitrust complaint" containing confidential information where "the court never adjudicated any aspect of the claims on the merits"); *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (explaining that court's findings as to whether specific information should be redacted "may be sealed to the extent that their articulation reveals information that should not be disclosed").

Here, the Order relates solely to whether Plaintiff can proceed anonymously in the present case, not to an adjudication of substantive claims or defenses. Thus, the public's interest in accessing the order is weak and the Court should maintain Level 1 Restriction on the Order. In the alternative, if this Court redacts the Order to eliminate identifying information and descriptions for the cases in which Plaintiff has been allowed to proceed under a pseudonym, the public will have access to the bulk of the Order and be able to evaluate the Court's reasoning and diligence.

### B.     First Amendment Right to Public Access in Civil Cases

The Tenth Circuit has not yet ruled on whether a First Amendment right of access to court records ever exists in civil cases. *See United States v. Pickard*, 733 F.3d 1297, 1302 n.4 (10th Cir. 2013). Even if a First Amendment right of access exists, it is a qualified right that does not apply to all court documents. For example, in *United States v. McVeigh*, 119 F.3d 806, (10th Cir. 1997), the Court held that in the criminal context, "[T]he press has no right of access to exhibits produced under subpoena and not yet admitted into evidence, hence not yet in the public domain." *Id*. at 813 (quoting *United States v. Gurney*, 558 F.2d 1202, 1210 (5th Cir. 1977). It explained "press access to such evidence will not play a significant positive role in the functioning of the criminal process." If the First Amendment does not require press access to exhibits to understand a court's ruling on suppression, it would also not require public access to confidential information about cases in which Plaintiff proceeded under a pseudonym to understand the Court's Order.

In *IDT Corp. v. Ebay*, 709 F.3d 1220, 1224 n.* (8th Cir. 2013), the Eighth Circuit noted it had not decided whether a First Amendment right of access to court records ever exists in civil

cases, but explicitly rejected the argument that it applied to the sealed complaint in the civil case at issue. The court explained that, at a minimum, for a First Amendment right to access court records "to be recognized, the Supreme Court's decisions establish at least two prerequisites: (1) a historical tradition of accessibility, and (2) a significant positive role for public access in the functioning of the judicial process in question." *Id*. (citing *Press–Enterprise Co. v. Superior Court of Cal., Cnty. of Riverside*, 478 U.S. 1, 8 (1986)). The court then explicitly rejected the argument that a sealed civil filing met this standard: "public access to the complaint would add little if any value to the judicial process where, as here, the court's only action was to seal the complaint and sign a stipulated dismissal." *Id.*

In practice, courts that recognize a First Amendment right of access to court records often treat it similarly to the common law right of access. "Both the common law and the First Amendment create presumptions that certain types of documents should be publicly available . . . but the presumptions of access are simply presumptions—they do not automatically mean that the documents should be unsealed." *Hardy v. Equitable Life Assurance Soc'y of United States*, 697 F. App'x 723, 725 (2d Cir. 2017) (citation omitted). "[T]he First Amendment presumption, like the common law presumption, may be overcome by competing values." *Id*. (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)). In light of this precedent, it is doubtful that a First Amendment right of public access to the Order regarding whether to allow Plaintiff to proceed under a pseudonym exists. Thus, the Motion should be denied. However, even if it does exist and the Court grants the Motion, Plaintiff's alternative remedy of redacting the Order to eliminate identifying information and descriptions of cases in which Plaintiff was allowed to proceed anonymously meets the First Amendment standard.

### IV. TIMING OF DECISION

Plaintiff requests that if this Court decides to grant Volokh's Motion and unrestrict the Order without redactions, it delays the effective date of its ruling to allow Plaintiff time to evaluate whether to object to such decision under Fed. R. Civ. P. 72(a). Moreover, Plaintiff requests that the Court delay its decision on Professor Volokh's Motion until after the pending Objections to the Order are resolved, which could result in a ruling that Plaintiff's privacy interests outweigh the public interest in knowing her identity and that she should be allowed to revert to a pseudonym in the present case.

### **CONCLUSION**

This Court should deny Eugene Volokh's Motion to Unrestrict the Nov. 8, 2021 Order Granting Motion for Reconsideration (ECF No. 114) in order to avoid overruling orders of other courts that allowed Plaintiff to proceed anonymously in cases identified in the Order and to protect the privacy interests underlying the other court's decisions. Alternatively, if the Court grants the Motion, it should redact the Order to remove information that identifies and describes cases in which a court has ruled that Plaintiff may proceed under a pseudonym.

Dated: December 10, 2021  Respectfully submitted,

*s/ Clarissa M. Collier*
David J. Schaller
Clarissa M. Collier
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:  303.244.1800
Facsimile:   303.244.1879
Email:   schaller@wtotrial.com
             collier@wtotrial.com

9

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on December 10, 2021, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO MOTION TO INTERVENE AND UNRESTRICT DOCUMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

- **Eugene Volokh**
  volokh@law.ucla.edu

*s/ Clarissa M. Collier*