IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

XINGFEI LUO,
  Plaintiff,

v.

PAUL WANG,
  Defendant.

Case No. 1:20-cv-02765

**Reply to Plaintiff's Response (No. 138) to**
**Volokh's Motion (No. 116) to Intervene and Unrestrict Document**

**1.** Being able to read court orders and opinions is critical for the public to understand how courts are exercising government power. Indeed, the only case that plaintiff cites in her response that dealt with total sealing of court orders, *Hardy v. Equitable Life Assurance Soc'y of United States*, 697 F. App'x 723, 725-26 (2d Cir. 2017), took the view that such sealing would requiring unusually strong and publicly provided justification:

> The First Amendment also creates a presumption of public access that likewise attaches to court orders. There is a long tradition of public access to court orders, *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("[I]t should go without saying that the judge's opinions and orders belong in the public domain."); they are judicial documents, *Lugosch*, 435 F.3d at 120 ("The courts that have undertaken this type of [First Amendment] inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness."); and public access plays a significant role in the judicial approval of class action and derivative settlements. But the First Amendment presumption, like the common law presumption, may be overcome by competing values. *Lugosch*, 435 F.3d at 120.
>
> On remand, the district court shall consider whether any interests can overcome the common law and First Amendment presumptions of access to the two court orders. Any decision that the documents should remain sealed must be supported by "specific, on the record findings" and must explain why sealing "is essential to preserve higher values and is narrowly tailored to serve that interest."

And this powerful right of public access extends to orders related to pseudonymity, since those orders implicate the "public interest" in knowing the names of the parties. *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 418 (10th Cir. 1982). Indeed, some circuits have stated that orders related to pseudonymity implicate the public's First Amendment rights of access. *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *see also DePuy Synthes Prod., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1370 (Fed. Cir. 2021) (endorsing *Doe v. Stegall*'s conclusion "that designating party identity as confidential implicates First Amendment rights"). There is thus an especially strong reason for the public to be able to know how courts resolve such matters.

Plaintiff is correct that many courts have allowed litigants who allege sexual assault to proceed pseudonymously. *See* Plaintiff's Response to Volokh's Motion to Intervene and Unseal at 4-5. But many others have not. *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011), for instance, concluded that "courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment'" (though it reversed the denial of pseudonymity in that particular case). *Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, *4 (E.D.N.Y. Oct. 14, 2020), likewise asserted that there is a "general trend to disfavor anonymity in sexual assault-related civil cases." Several other examples just from the last three years are

2

cited in the footnote.[1] It is important for the public to know how courts are deciding which parties who allege sexual assault are entitled to pseudonymity and which are not.

**2.** Orders and opinions related to pseudonymity are also important to future litigants who are trying to evaluate their prospects of success, or who are trying to construct effective legal arguments. Indeed, both Volokh's motion and Plaintiff's response rely heavily on past court decisions; where possible, they rely on decisions from this District. Likewise, future litigants need to be able to see the Nov. 8 order and opinion, so that they can rely on it as well.

**3.** If this Court concludes that there is indeed a compelling reason to redact certain information from the opinion—such as the citations to sealed cases from other courts—then such redaction would be a proper "alternative to restriction," D.C.COLO.LCivR 7.2(c)(4). A court must consider whether "unsealing redacted versions of the . . . documents or other restrictions short of sealing would adequately serve the . . . interest in keeping the documents sealed." *United States v. Pickard*, 733 F.3d 1297, 1304 (10th Cir. 2013).

**4.** Finally, Volokh would ask that the decision to unseal the Nov. 8 order be made as quickly as possible, without waiting for the Objections to the Order to be resolved.

---

[1] *Doe v. Sheely*, 781 F. App'x 972, 973-74 (11th Cir. 2019); *Rapp v. Fowler*, No. 20-CV-9586 (LAK), 2021 WL 1738349, *8 (S.D.N.Y. May 3, 2021); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020); *Doe v. County of Lehigh,* No. 5:20-CV-03089, 2020 WL 7319544, *4 (E.D. Pa. Dec. 11, 2020); *Doe v. Townes*, No. 19-cv-8034, 2020 WL 2395159, *3, *7 (S.D.N.Y. May 12, 2020); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405, 408 (S.D.N.Y. 2019); *Doe v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV, 2019 WL 5102450, *2 (S.D. Fla. Oct. 11, 2019).

First, to properly understand any resolution of those Objections, Volokh would in any event need to be able to see the Order to which the objections were made. Second, "timely access to judicial decisions and the documents which comprise the bases of those decisions is essential." *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 898 (7th Cir. 1994), *superseded by rule on other grounds as stated in Bond v. Utreras*, 585 F.3d 1061, 1068 n.4 (7th Cir. 2009).

Respectfully submitted,

*/s/ Eugene Volokh*

Eugene Volokh, pro se
Scott & Cyan Banister
First Amendment Clinic
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

**Certificate of Service**

I certify that on December 10, 2021, I served this material by ECF on all parties.

*/s/ Eugene Volokh*

Eugene Volokh, pro se