UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO RESTRICT OBJECTIONS TO MAGISTRATE JUDGE HEGARTY'S NOVEMBER 8, 2021 ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER**

Plaintiff submits this Reply in Support of her Motion for Leave to Restrict Objections to Magistrate Judge Hegarty's November 8, 2021 Order Granting Defendant's Motion to Reconsider (ECF 120) (the "Motion to Restrict") in response to the Objection to Motion to Restrict filed by Eugene Volokh ("Volokh's Objection") (ECF 126).

## INTRODUCTION

On November 10, 2020, this Court granted Plaintiff's motion to proceed under a pseudonym because of the highly sensitive nature of the case and stigma attached to sexual assault. (ECF 13.) On August 27, 2021, Defendant filed a Motion to Reconsider that Order (ECF 101.) On November 8, 2021, Magistrate Judge Hegarty granted Defendant's Motion to Reconsider, directed the Clerk of the Court to alter the case caption to reflect Plaintiff's legal name, and directed that its Order be placed under Restriction Level 1 (the "Order"). (ECF 113 at 10.) The Court explained that it was placing the Order under restriction because it (and the related briefing) discussed other litigation in which Plaintiff was allowed to proceed under a pseudonym.

Thus, to avoid overruling other court's orders, it ruled that the Order and briefing should be kept under Level 1 Restriction. On November 19, 2021, Eugene Volokh filed a Motion to Intervene and Unrestrict the Order. (ECF 116.)

On November 22, 2021, Plaintiff filed timely Objections to the Order pursuant to Federal Rule of Civil Procedure 72(a) arguing that Plaintiff should be allowed to revert back to using a pseudonym (ECF 117) ("Objections"), and filed the Motion to Restrict. (ECF 120.) Plaintiff requests leave to file under seal because her Objections seek relief from an Order that is also under seal. In other words, the Objections contain, and relate to, the very same information that the Court sought to protect by sealing the Order and related briefing. On November 29, 2021, Mr. Volokh filed his objection to the Motion to Restrict. (ECF 126.)

On December 10, 2021, Plaintiff filed its Response to Mr. Volokh's Motion to Unrestrict the Order explaining why the Order should not be unrestricted and why, at a minimum, the Order should be redacted before allowing public access. (ECF 138.)

## ARGUMENT

This Court should grant the Motion to Restrict because Plaintiff's Objections relate entirely to an Order that is itself restricted and that cannot be unrestricted without undermining orders of courts in other jurisdictions and Plaintiff's privacy interests. Like the Order at issue in ECF 138, Plaintiff's Objections discuss cases from other jurisdictions in which Plaintiff was allowed to proceed anonymously that would be undermined by public disclosure in this case. Significant interests in comity and privacy outweigh the limited interest of the public in accessing a court order that relates to the collateral issue of sealing rather than the disposition of substantive claims or defenses. These arguments are explained in depth in Plaintiff's Response to

2

Mr. Volokh's Motion to Unrestrict the Order (ECF 138), which arguments Plaintiff incorporates as if fully set forth herein.

Moreover, Plaintiff's Motion to Restrict should be granted because the public's interest in accessing motions or other documents filed by the parties is significantly less than the public's interest in accessing court orders (the subject of ECF 138). This is especially true where, as here, the Motion to Restrict and Objections are not dispositive and relate to no substantive issues in the case. *Hardy v. Equitable Life Assurance Soc'y of United States*, 697 F. App'x 723, 725–26 (2d Cir. 2017) (noting "strongest presumption [of public access] is reserved in civil cases for documents "used to determine litigants' substantive legal rights" and concluding presumption for other court orders was of "middling strength") (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016)).

I. **PRESUMPTION OF PUBLIC ACCESS IS LESS FOR MOTIONS**

"[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts.'" *IDT Corp. v. eBay*, 709 F.3d 1220, 1223–25 (8th Cir. 2013). "Once the weight of the presumption is determined, a court must balance competing considerations against it." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).The public's interest in court orders is lessened when the order relates to collateral matters, such as sealing. In *Riker v. Fed. Bureau of Prisons*, the Tenth Circuit explained that where a "court considered the documents only to determine whether to seal them," complaint documents "had little to do with the district court's exercise of judicial power" and "the public's interest in access to the documents is weak." 315 F. App'x 752, 754–55 (10th Cir. 2009) (concluding

3

complaint was properly sealed). See *IDT Corp*, 709 F.3d at 1223–25 (8th Cir. 2013) (concluding "the court properly treated as minimal the public's interest in access to this antitrust complaint" containing confidential information where "the court never adjudicated any aspect of the claims on the merits"); *Amodeo*, 44 F.3d at 147 (explaining that court's findings as to whether specific information should be redacted "may be sealed to the extent that their articulation reveals information that should not be disclosed"); *United States v. Sater,* No. 98-CR-1101 (ILG), 2019 WL 3288389, at *4–5 (E.D.N.Y. July 22, 2019) (ordering that "prior unsealing motions" be sealed to protect informant).

In fact, "[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo*, 71 F.3d at 1050 (citation omitted). The Objections will play virtually no role in the Court's performance of its Article III duties. The Objections will merely determine how Plaintiff will be referred to going forward in this case and in any potential appeal that may arise from this case. The Objections will not determine Plaintiff's or Defendant's substantive rights to warrant the strong weight to be accorded public access. *Amodeo*, 71 F.3d at 1049 (in cases granting public access, "the strong weight to be accorded the public right of access to judicial documents was largely derived from the role those documents played in determining litigants' substantive rights—conduct at the heart of Article III."). Further, they do not relate to a dispositive motion or any other final determination of substantive legal rights. *See In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1342 n. 3 (D.C.Cir.1985) (where district court "denied the summary judgment motion, essentially postponing a final determination of substantive legal rights," the public

interest in access "is not as pressing."). Therefore, the presumption of public access to the Objections is low and the Court should grant the Motion to Restrict over Volokh's Objection.

## TIMING OF THE COURT'S DECISION

Plaintiff's Objections are still pending and so is Mr. Volokh's Motion to Unrestrict the Order. To avoid creating inconsistent rulings, the Court should keep Plaintiff's Objections under Level 1 Seal until the Court has determined Mr. Volokh's Motion to Unrestrict the Order. Of course, if the Court denies Mr. Volokh's Motion to Unrestrict the Order, it should keep Plaintiff's Objections under seal as well. Alternatively, if the Court denies Plaintiff's Motion to Restrict based on Volokh's motion, it should allow Plaintiff to submit proposed redactions to the Objections within three business days of the Court's ruling, and prior to the Objections being unsealed.

## CONCLUSION

This Court should grant Plaintiff's Motion to Restrict because her Objections relate to an Order that is sealed by the Court. Granting the Motion to Restrict will also prevent inconsistent rulings and avoid overruling orders of other courts that allowed Plaintiff to proceed anonymously in cases identified in the Order. Therefore, the Court should grant the Motion and keep the Objections under Level 1 restriction.

Dated:  December 13, 2021						Respectfully submitted,

									*s/ Clarissa M. Collier*
									David J. Schaller
									Clarissa M. Collier
									Wheeler Trigg O'Donnell LLP
									370 Seventeenth Street, Suite 4500
									Denver, CO 80202
									Telephone:   303.244.1800
									Facsimile:    303.244.1879
									Email:   schaller@wtotrial.com
									             collier@wtotrial.com

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on December 13, 2021, I electronically filed the foregoing **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO RESTRICT OBJECTIONS TO MAGISTRATE JUDGE HEGARTY'S NOVEMBER 8, 2021 ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

- **Eugene Volokh**
  volokh@law.ucla.edu

*s/ Clarissa M. Collier*