UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

**PLAINTIFF'S REPLY IN SUPPORT OBJECTIONS TO MAGISTRATE JUDGE HEGARTY'S NOVEMBER 8, 2021 ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER (ECF 113)**

Plaintiff respectfully submits her Reply in Support of Objections to Magistrate Judge Hegarty's Order Granting Defendant's Motion to Reconsider the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym (the "Order"). For the reasons stated below, the Court should disregard Defendant's "Response" to the Objections as procedurally improper. (ECF 133.) Alternatively, if the Court considers Defendant's "Response," it should find that Plaintiff did not waive her right to object to the Order and decide the Objections, in Plaintiff's favor, on the merits.

## ARGUMENT

**I. THE COURT SHOULD DISREGARD THE RESPONSE BECAUSE RULE 72(a) DOES NOT PROVIDE FOR A "RESPONSE" AND DEFENDANT DID NOT SEEK LEAVE TO FILE HIS RESPONSE**

Rule 72(a) provides, "A party may serve and file objections to the order within 14 days after being served with a copy. ... The District judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Unlike Rule 72(b) that applies to objections to dispositive motions, notably missing from Rule

72(a), is an opportunity to respond. *Compare* Fed.R.Civ.P. 72(a) to 72(b)(2). Simply put, Rule 72(a) and the Local Rules do not provide for a response, and Defendant did not seek leave to file one. Therefore, the Court should disregard Defendant's improperly filed "Response" in ruling on the Objections. *See* RMR Practice Standards IV(D)(2) and (3) (allowing Court to strike or ignore "noncomplying ... responses" and defining a "noncomplying" response as one that "does not conform ... to the procedural ... requirements of the ... rules of civil procedure."); *Schall v. Suzuki Motor of Am., Inc.*, No. 4:14-CV-00074-JHM, 2018 WL 283266, at *1 (W.D. Ky. Jan. 3, 2018) (striking response to objections because Federal Rules and local rules did not permit responses to objections to a magistrate judge order without leave of court).

## II.     PLAINTIFF DID NOT "WAIVE" HER RIGHT TO OBJECT TO THE ORDER

If the Court decides to consider Defendant's procedurally improper "Response," it should find that Plaintiff did not "waive" her right to object to the Order. First, Rule 72(a) expressly provides a fourteen day deadline to object to non-dispositive orders. Plaintiff filed her objection by that deadline. Plaintiff should not be penalized for taking the time allotted by the rules to research, analyze and determine whether she had an adequate basis in law and fact to lodge the Objections.[1] Plaintiff should also not be penalized for choosing Objections over seeking to "stay" an Order that, much to her surprise, was placed into effect immediately. *See Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (district court gave Doe one week to file amended complaint under her own name); *Doe ex rel. Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, No. CIV.08-00359JMS/BMK, 2009 WL 308351, at *1–2 (D. Haw. Feb. 6, 2009) (magistrate judge denied motion to proceed anonymously but stayed disclosure of Plaintiff's

---

[1] This is especially true where Plaintiff and her counsel have already been accused of violating Rule 11 in this case. (ECF 132.)

identity for 10 days to allow objections and then extended stay to 15 days from final resolution of objections); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Fed. Ins. Co.*, No. 13-CV-00079-PAB-KMT, 2016 WL 9735734, at *1–2 (D. Colo. June 9, 2016) (magistrate judge ordered that settlement agreement be produced but stayed execution of order for 14 days to allow time for the parties to object to the Order). As a practical matter, with the caption and status quo already changed immediately upon entry of the Order, before Plaintiff had notice and an opportunity to prevent it, a "stay" (i.e., inaction of the Court) is not what was needed, but rather a reversal of the Order, which is what Plaintiff timely requested in her Objections.

Second, the cases Defendant cites for the proposition that resealing is not available once the "cat" is "out of the bag" are distinguishable and do not prevent resealing or reapplication of a pseudonym where, as here, the information has not yet been widely circulated and the Plaintiff did not voluntarily publicly file the information she seeks to keep private. *See Gunn v. WCA Logistics, LLC*, No. 13-CV-02197-WJM-MEH, 2016 WL 7868827, at *1 (D. Colo. Jan. 12, 2016) (declining to seal documents where party did not request the documents be sealed until weeks after publicly filing them); *Constand v. Cosby*, 833 F.3d 405, 406, 408 (3d Cir. 2016) (finding that resealing would grant "no meaningful relief" because the documents at issue had already received "extensive publicity" by the Associated Press and major news outlets and were referenced in 81,200 Google results); *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834–35 (9th Cir. 2014) (finding that injunction to purge information about political contributors from government's website would provide no effective relief where information had already been publicly available for nearly five years and had been reproduced on numerous websites, including those of two major newspapers and Time magazine); *Gambale v. Deutsche Bank AG*,

377 F.3d 133, 144 & n.10 (2d Cir. 2004) (finding that redacting statement in court opinion that improperly disclosed magnitude of confidential settlement amount would not provide meaningful relief where the statement was not only accessible through Westlaw and Lexis, but also "has apparently been disseminated prominently elsewhere," including a New York Times article); *In re Copley Press, Inc.*, 518 F.3d 1022, 1024 (9th Cir. 2008) (not addressing information that had become public, but holding that court order to unseal is reviewable under collateral order doctrine because effective relief would be unavailable if litigants were required to wait for final judgment to challenge decision). In contrast, in the present case, Plaintiff has consistently sought to keep her identity confidential and Defendant presents no evidence that Plaintiff's identity and the facts of this case have already been widely publicized.

Courts recognize there are circumstances in which it is appropriate to re-restrict information despite prior disclosure. *See In re People v. Bryant*, No. 04SA200, 94 P.3d 624, 638 (Colo. 2004) (en banc) (upholding injunction against media dissemination of material released to seven media entities by accident that related to the alleged victim in a high-profile rape prosecution); *Doe v. N. Homes, Inc.,* No. 18-CV-3419 (WMW/LIB), 2019 WL 3766380, at *5 (D. Minn. Aug. 9, 2019) (reversing magistrate judge's order that denied plaintiff's motion to proceed under a pseudonym even though plaintiff had previously identified herself as the victim of the criminal sexual conduct at issue in a public comment to a Facebook post). For example, in *North Homes, Inc.*, the court concluded:

> [T]he record does not establish that Doe's identity as the victim of Wood's criminal sexual conduct is so widely known that any benefit obtained from protecting her privacy in this case is defeated. Moreover, the comment does not unambiguously identify Doe as the victim. Doe's identity is not readily discernable. **Any prior disclosure of Doe's identity is merely one factor weighing against granting Doe's motion. It is not per se a bar to proceeding**

4

**under a pseudonym**. 2019 WL 3766380, at *5(emphasis added), *rev'd and remanded on unrelated grounds*, 11 F.4th 633 (8th Cir. 2021).

Defendant also argues that Plaintiff somehow waived her Objections by complying with the Court order requiring Plaintiff to use her real name in the case caption. However, Plaintiff has strived to comply with every order entered by the Court in this case, including the Order. Just because Plaintiff disagreed with, and objected to, the Order did not mean she could simply pretend the Order did not exist or defy the Order by continuing to use an incorrect case caption.[2]

Finally, the "cat" is <u>not</u> out of the bag with respect to future filings, trial and any appeal that may arise from this case. In other words, sustaining the objections will allow Plaintiff to make any future filings under a pseudonym, proceed anonymously at the jury trial, and appeal any orders from this case under a pseudonym. Although harm has already been done by the Order, that harm will increase the longer Plaintiff's legal name remains on the caption and in unredacted documents. Leaving Plaintiff's legal name on the caption increases the chances that her real name and deeply personal details of her case will be publicized by the professor who seeks to intervene or others in the media and academia, making these private details easily found by others. Therefore, Plaintiff did not waive her right to file the Objections and the Court should consider them on their merits.

---

[2] Again, Plaintiff has already had a Rule 11 motion filed against her and her counsel in this case. (ECF 132.) Therefore, it should be no surprise that Plaintiff did not find it prudent to violate the Order by continuing to use a pseudonym when the case caption was changed upon entry of the Order.

## CONCLUSION

Based on the foregoing, Plaintiff requests that the Court disregard Defendant's improperly filed "Response," find that Plaintiff did not waive her timely Objections and sustain the Objections on the merits.

Dated: December 17, 2021    Respectfully submitted,

*s/ Clarissa M. Collier*
David J. Schaller
Clarissa M. Collier
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   schaller@wtotrial.com
            collier@wtotrial.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on December 17, 2021, I electronically filed the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S NOVEMBER 8, 2021 ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER (ECF 113)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

- **Eugene Volokh**
  volokh@law.ucla.edu

*s/ Clarissa M. Collier*