UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

       Plaintiff,

v.

PAUL WANG,

       Defendant.

**PLAINTIFF'S RESPONSE TO MOTION TO UNRESTRICT DOCUMENTS NOS. 101, 105 & 109**

Plaintiff submits her Response to Eugene Volokh's "Motion to Unrestrict Documents Nos. 101, 105 & 109" (the "Motion") (ECF 125).

**INTRODUCTION**

On November 10, 2020, this Court granted Plaintiff's motion to proceed under a pseudonym because of the highly sensitive nature of the case and stigma attached to sexual assault. (ECF 13.) On August 27, 2021, Defendant filed a Motion to Reconsider that Order (ECF 101.) On November 8, 2021, Magistrate Judge Hegarty granted Defendant's Motion to Reconsider, directed the Clerk of the Court to alter the case caption to reflect Plaintiff's legal name, and directed that its Order and related briefing (i.e., the Motion to Reconsider filed at ECF 101, Plaintiff's Response to the Motion to Reconsider filed at ECF 105, and the Defendant's Reply in Support of the Motion to Reconsider filed at ECF 109) be placed under Restriction Level 1 (the "Order"). (ECF 113 at 10.) The Court explained that it was placing the Order and related briefing (the "Pseudonym Briefing") under restriction because they discussed other litigation in which Plaintiff was allowed to proceed under a pseudonym. Thus, to avoid

overruling other court's orders, it ruled that the Order and briefing should be kept under Level 1 Restriction. On November 25, 2021, Eugene Volokh filed the Motion (ECF 125.) Mr. Volokh has also filed a Motion to Unrestrict the Order itself (ECF 116) and that motion is now fully briefed. (ECF 138 and 139.) For the same reason that the Court ordered to keep the Pseudonym Briefing under seal, and other reasons identified below, the Court should refuse to unrestrict the briefing.

Further, Plaintiff filed timely Objections to the Order that arose from the Pseudonym Briefing. Those Objections are still pending. Thus, the Court should delay ruling on Mr. Volokh's Motion until after the District Court Judge rules on the Objections. Alternatively, if the Court decides to revisit the decision it entered less than two months ago and before the Objections are resolved, then it should require redaction of the Pseudonym Briefing and all exhibits attached to them. Specifically, the Court should require redaction of all identifying information and discussion of cases in which Plaintiff proceeded under a pseudonym in the briefing and exhibits, and only enter redacted versions into the public record. If Mr. Volokh's motion is granted and the Court agrees that redaction is an acceptable alternative, the Court should allow Plaintiff five business days to submit proposed redacted copies of the Pseudonym Briefing for the Court's consideration.

## **ARGUMENT**

The Court should deny the Motion because the Pseudonym Briefing led to an Order that is itself restricted and neither can be unrestricted without undermining orders of courts in other jurisdictions and Plaintiff's privacy interests. Like the Order, the Pseudonym Briefing and their exhibits discuss cases from other jurisdictions in which Plaintiff was allowed to proceed

anonymously and that would be undermined by public disclosure in this case. As this Court already decided by keeping the Pseudonym Briefing under seal, significant interests in comity and privacy outweigh the limited interest of the public in accessing a court order that relates to the collateral issue of proceeding under a pseudonym rather than the disposition of substantive claims or defenses. *Does v. United States Olympic Comm.,* No. 19-CV-00737-PAB-KMT, 2019 WL 2992031, at *1 (D. Colo. July 9, 2019) ("[D]ocuments essential to the judicial process are to be available to the public, **but they may be sealed when the public's right of access is outweighed by interests which favor non-disclosure.")** (emphasis added). These arguments are explained in depth in Plaintiff's Response to Mr. Volokh's Motion to Unrestrict the Order (ECF 138), which arguments Plaintiff incorporates as if fully set forth herein.

Moreover, the Court should deny the Motion because the public's interest in accessing motions and briefing filed by the parties is significantly less than the public's interest in accessing court orders (the subject of ECF 138). This is especially true where, as here, the Pseudonym Briefing is not dispositive, has already been adjudicated and relates to no substantive issues in the case. *Hardy v. Equitable Life Assurance Soc'y of United States*, 697 F. App'x 723, 725–26 (2d Cir. 2017) (noting "strongest presumption [of public access] is reserved in civil cases for documents "used to determine litigants' substantive legal rights" and concluding presumption for other court orders was of "middling strength") (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016)).

I.     PRESUMPTION OF PUBLIC ACCESS IS LESS FOR MOTIONS

"[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such

3

information to those monitoring the federal courts." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223–25 (8th Cir. 2013). "Once the weight of the presumption is determined, a court must balance competing considerations against it." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). The public's interest in court orders is lessened when the order relates to collateral matters, such as sealing. In *Riker v. Fed. Bureau of Prisons*, the Tenth Circuit explained that where a "court considered the documents only to determine whether to seal them," complaint documents "had little to do with the district court's exercise of judicial power" and "the public's interest in access to the documents is weak." 315 F. App'x 752, 754–55 (10th Cir. 2009) (concluding complaint was properly sealed). *See IDT Corp*, 709 F.3d at 1223–25 (8th Cir. 2013) (concluding "the court properly treated as minimal the public's interest in access to this antitrust complaint" containing confidential information where "the court never adjudicated any aspect of the claims on the merits"); *Amodeo*, 44 F.3d at 147 (explaining that court's findings as to whether specific information should be redacted "may be sealed to the extent that their articulation reveals information that should not be disclosed"); *United States v. Sater,* No. 98-CR-1101 (ILG), 2019 WL 3288389, at *4–5 (E.D.N.Y. July 22, 2019) (ordering that "prior unsealing motions" be sealed to protect informant).

In fact, "[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo*, 71 F.3d at 1050 (citation omitted). The Pseudonym Briefing will play absolutely no role in the Court's performance of its Article III duties. The briefing has already resulted in a ruling—the Order—and therefore, will not determine anything in this case. The Pseudonym Briefing will not determine Plaintiff's or

4

Defendant's substantive rights to warrant the strong weight to be accorded public access. *Amodeo*, 71 F.3d at 1049 (in cases granting public access, "the strong weight to be accorded the public right of access to judicial documents was largely derived from the role those documents played in determining litigants' substantive rights—conduct at the heart of Article III."). Further, the Pseudonym Briefing does not relate to a dispositive motion or any other final determination of substantive legal rights. *See In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1342 n. 3 (D.C.Cir.1985) (where district court "denied the summary judgment motion, essentially postponing a final determination of substantive legal rights," the public interest in access "is not as pressing."). Therefore, the presumption of public access to the Pseudonym Briefing is low and the Court should deny the Motion.

## II.     RESTRICTION OR REDACTION IS NEEDED TO AVOID OVERRULING ORDERS OF OTHER COURTS

This Court was correct to restrict access to the Pseudonym Briefing and should continue the restriction to avoid effectively overruling the judgments of trial courts in other jurisdictions. The Order itself identifies and discusses two other cases—one state and one federal—in which the court ruled that Plaintiff should be allowed to proceed under a pseudonym. And the Pseudonym Briefing and exhibits identify and discuss far more. Granting the present Motion would render protective orders that other courts have independently entered entirely meaningless. It would also render the Order that this Court entered only recently meaningless. The Court should not essentially overrule trial courts in other jurisdictions or itself within a matter of months. *See, e.g., United States v. Sater,* No. 98-CR-1101 (ILG), 2019 WL 3288389, at *4–5 (E.D.N.Y. July 22, 2019) ("In the interests of judicial comity, information sealed by the Southern District . . . should remain sealed here as well."); *Doe v. Lerner*, 688 Fed. Appx. 49,

5

50-51 (2d. Cir. 2017) ("The District Court ... properly determined that sealing was appropriate for . . . documents sealed in related proceedings . . ."); *Davcon, Inc. v. Roberts & Morgan*, 110 Cal. App. 4th 1355, 1361, 2 Cal. Rptr. 3d 782, 787–88 (2003) (recognizing "general principle that one trial court judge may not reconsider and overrule a ruling by another trial court judge, unless the first judge is unavailable"); *Pickwick-Greyhound Lines v. Shattuck*, 61 F.2d 485, 486 (10th Cir. 1932) ("Where the question presented is not one of jurisdiction it is improper for a judge to vacate or overrule a prior order or decision made in the case by another judge of equal rank. Such practice has been uniformly condemned."). To avoid overruling the orders of other courts that have determined other cases involving Plaintiff should proceed under a pseudonym, the Pseudonym Briefing should continue under restricted access.

Alternatively, if the Court decides that the public's interest in accessing the Pseudonym Briefing somehow outweighs the considerations that the Court itself deemed sufficient for restriction, the Court should allow Plaintiff to submit proposed redactions of the Pseudonym Briefing and exhibits for the Court's consideration. If acceptable, the Court could accept the redactions and redact the portions of the briefing and exhibits that identify and describe cases in which Plaintiff has been allowed to proceed under a pseudonym. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (concluding that "it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document"). This would avoid overruling the orders of other courts while allowing the public ample opportunity to evaluate the non-substantive and already decided Pseudonym Briefing. Defendant is already aware of the case names identified in the Order, has

full access to the unredacted Pseudonym Briefing and exhibits, and his defense will not be inhibited by subsequent redactions.

### III.     TIMING OF DECISION

Plaintiff requests that if this Court decides to grant Mr. Volokh's Motion and unrestrict the Pseudonym Briefing without redactions, it delays the effective date of its ruling to allow Plaintiff time to evaluate whether to object to such decision under Fed. R. Civ. P. 72(a). Moreover, Plaintiff requests that the Court delay its decision on Mr. Volokh's Motion until after the pending Objections to the Order are resolved, which could result in a ruling that Plaintiff's privacy interests outweigh the public interest in knowing her identity and that she should be allowed to revert to a pseudonym in the present case.

### CONCLUSION

This Court should deny the Motion in order to avoid overruling orders of other courts that allowed Plaintiff to proceed anonymously in cases identified in the Pseudonym Briefing and exhibits and to protect the privacy interests underlying the other court's decisions. Alternatively, if the Court grants the Motion, it should redact the Pseudonym Briefing and exhibits to remove information that identifies and describes cases in which a court has ruled that Plaintiff may proceed under a pseudonym.

| | |
|---|---|
| Dated: December 20, 2021 | Respectfully submitted, |
| | *s/ Clarissa M. Collier* |
| | David J. Schaller |
| | Clarissa M. Collier |
| | Wheeler Trigg O'Donnell LLP |
| | 370 Seventeenth Street, Suite 4500 |
| | Denver, CO 80202 |
| | Telephone:   303.244.1800 |
| | Facsimile:    303.244.1879 |
| | Email:   schaller@wtotrial.com |
| | collier@wtotrial.com |

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on December 20, 2021, I electronically filed the foregoing **RESPONSE TO MOTION TO UNRESTRICT DOCUMENTS NOS. 101, 105 & 109** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

- **Eugene Volokh**
  volokh@law.ucla.edu

*s/ Clarissa M. Collier*