IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Eugene Volokh, a professor at UCLA School of Law, has filed two motions seeking to intervene in this case and un-restrict certain documents. ECF 116; ECF 125. Specifically, he requests that the Court remove the Level 1 restrictions on ECF 101, ECF 105, and ECF 109 (i.e., the briefing on the motion for reconsideration) and ECF 113 (i.e., the order on the motion for reconsideration). Plaintiff opposes the un-restricting of these filings, or, in the alternative, requests an opportunity to redact the documents instead of removing the restriction level. ECF 138; ECF 142. Also, Plaintiff has filed her own motion to place under restriction Level 1 her objections to this Court's order on the motion for reconsideration. ECF 120. Professor Volokh opposes such restriction. ECF 126. All three motions have been referred to this Court. ECF 136.

**I.    Intervention**

    As an initial matter, prior to being able to seek leave to un-restrict documents, Professor Volokh must first be able to intervene in this matter. For her part, Plaintiff "does not object to Mr. Volokh intervening in this case for the limited purpose of challenging the restriction of access to

a document . . ." ECF 138 at 1. "The courts have widely recognized that the correct procedure for a non-party to challenge a protective order is through intervention for that purpose." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *see also Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) ("[P]ermissive intervention under Rule 24(b) is an appropriate procedural vehicle for non-parties seeking access to judicial records in civil cases."). For the reasons stated in Professor Volokh's motion, and noting no opposition, his request to intervene in this matter solely to challenge the restriction of documents is granted.

**II.     Restriction**

On November 8, 2021, this Court granted Defendant's motion to reconsider Plaintiff's use of a pseudonym in this case. ECF 113. In doing so, the Court cited to other cases in which Plaintiff continues to be permitted to proceed anonymously. The Court imposed a Level 1 restriction on its order and the briefing on the motion in an abundance of caution for purposes of comity so as to avoid indirectly overruling the orders of other courts. Professor Volokh wishes to remove these restrictions, arguing that "[t]he public has a presumptive common-law right to access judicial records in civil proceedings." ECF 116 at 2–3 (citing *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011)). He adds that the briefing on the motion to reconsider was filed un-restricted and should therefore be returned to the public record. ECF 125 at 3–4 (citing *Gunn v. WCA Logistics, LLC*, No. 13-cv-02197-WJM-MEH, 2016 WL 7868827, at *7 (D. Colo. Jan. 12, 2016) ("The cat has already been let out of the bag.")). Professor Volokh also asks the Court to recognize a First Amendment right of access to judicial opinions, citing authority from other circuits. As Professor Volokh recognizes, the Tenth Circuit has not decided whether a First Amendment right of access exists in civil cases. *See United States v. Pickard*, 733

2

F.3d 1297, 1302 n.4 (10th Cir. 2013). Regardless, the Court need not reach that precise issue to decide the pending motions.

While Professor Volokh's arguments provide persuasive reasoning as to the general presumption of the public's access to judicial documents, he has not specifically addressed the unusual circumstances of this case. For example, he correctly contends that the "right of public access extends to orders related to pseudonymity." ECF 139 (citing *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998)). Yet, this Court's order did not simply concern anonymity in this case, but it also implicated the anonymity Plaintiff enjoys in other cases. Because the Court relied, in part, on those other cases, the Court risked undermining the orders granting pseudonymous status by not restricting its order or the briefing. This Court believes this to be a strong consideration for restriction. *See Doe v. Lerner*, 688 F. App'x 49, 50–51 (2d. Cir. 2017) ("The District Court . . . properly determined that sealing was appropriate for . . . documents sealed in related proceedings . . ."). Professor Volokh has not specifically refuted this point.

However, the Court, of course, recognizes that this District's Local Rules provide that the Court must consider "why no alternative to restriction is practicable" when considering whether to restrict a document. D.C.Colo.LCivR 7.2(c)(4). Here, both Plaintiff and Professor Volokh have asserted that redactions would be preferable if either her or his outcome is not obtained. ECF 138; ECF 139 ("If this Court concludes that there is indeed a compelling reason to redact certain information from the opinion—such as the citations to sealed cases form other courts—then such redaction would be a proper 'alternative to restriction.'") (citation omitted). In other words, both parties believe redaction would be a viable alternative option to restriction. Weighing the public's interests in judicial filings with the need to protect Plaintiff's anonymity in other cases as ordered by those tribunals, the Court agrees that redaction would be appropriate here.

Plaintiff requested that she be given the opportunity to apply redactions to the filings, send them to the Court, and then allow the Court to accept or reject the redactions. Professor Volokh did not comment on that proposition, but the Court finds it to be an appropriate procedure. Therefore, Plaintiff shall redact ECF 101, 105, 109, 113, and 117 for all identifying information regarding cases in which Plaintiff proceeded under a pseudonym.[1] Plaintiff shall email copies of each to Chambers (copying all parties) to hegarty_chambers@cod.uscourts.gov within five business days of this Order. The Court will then proceed expeditiously in reviewing the redactions, making any appropriate changes, and filing the documents on the public record. Because the Court will be filing redacted versions of the documents at issue, the Court will continue to maintain the original filings under restriction Level 1.

**III.   Conclusion**

Accordingly, Professor Volokh's motion to intervene [filed November 19, 2021; ECF 116] and motion to un-restrict [filed November 29, 2021; ECF 125] are **granted in part** as stated herein. Plaintiff's motion to restrict [filed November 22, 2021; ECF 120] is **granted**, understanding that a redacted version of Plaintiff's objections will be filed.

Dated at Denver, Colorado, this 22nd day of December, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] As a preface to this process, the Court is sympathetic to Professor Volokh's arguments that the briefing on the motion to reconsider was once public record. In reviewing those filings again, the Court notes that large portions of Defendant's filings are already redacted. Hence, the need for additional redactions should be minimal.

4