IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR
IMPOSITION OF SANCTIONS, PURSUANT TO RULE 11 OF THE FEDERAL RULES
OF CIVIL PROCEDURE, AGAINST PLAINTIFF AND HER COUNSEL**

---

    Burying one's head in the sand does not provide a cognizable exemption to the non-delegable duty to investigate under Federal Rule of Civil Procedure 11.

### Ms. Luo's Counsel Violated Rule 11 and More

    Ms. Luo and Mr. Wang were *pro se* litigants. The Court appointed *pro bono* counsel for Ms. Luo. Mr. Wang retained counsel. Counsel for the parties entered their appearances within days of each other. Acknowledging that both counsel needed time to prepare and to avoid imposing on Mr. Wang (the only party paying for legal services) the additional cost of briefing motions to dismiss the First Amended Complaint and opposition to filing a second amended complaint, Mr. Wang did not object to allowing Ms. Luo to amend her complaint for the second time. The Court granted this request and set the deadline for Plaintiff to file her second amended complaint. *See* Exhibit 1 [Tr. Apr. 8, 2021], at 11-12.

1

Ms. Luo's counsel, however, before filing the second amended complaint or providing a draft of it to Mr. Wang's counsel, requested that Mr. Wang's counsel provide grounds for dismissal of Ms. Luo's complaint. Resp. Rule 11 Mot. (hereinafter "Resp."), Exh 2. Considering that, by then, the Court had already ruled that Ms. Luo could file a second amended complaint, Mr. Wang's counsel explained that she would be happy to confer and discuss the infirmities of the second amended complaint after she was provided a copy—it would not be possible to state grounds for dismissal before seeing the complaint—and before filing a motion to dismiss. *Id*. This was consistent with the practice standards of the judges of this court. Federal Rule of Civil Procedure 12 does not require conferral before filing a motion to dismiss. Judge Jackson's relatively new practice standards (applicable to cases filed after December 1, 2019) state: "**Before filing a motion to dismiss**, the parties *should* meet and confer in a good faith, substantive, and meaningful way." Hon. R. Brooke Jackson, Practice Standards, at 1 (emphasis added). As such, contrary to Ms. Luo's counsel's assertions, Resp. at 3, neither the federal rules of civil procedure nor the practice standards in this district put a burden on defense counsel to, in violation of their duties to their clients, assist plaintiffs' counsel in drafting their complaint and curing deficiencies before even a draft of the amended complaint is provided. Ms. Luo's counsel's court-appointed status does not create an exception.

Ms. Luo's counsel also contends that Judge Jackson considered Mr. Wang's argument "a waste of time." Resp. at 4, 7. They, however, fail to provide the context for this remark. The Second Amended Complaint did not include the actual alleged statements made by Mr. Wang. (It only generally described statements Ms. Luo allegedly received in the course of the *Weamer* litigation. Sec. Am. Compl., ¶¶ 47-48, 52-56, 62.) It did, however, specifically state that "***Defendant only made these statements . . . to help another party in another unrelated civil***

2

*lawsuit*." *Id*., ¶ 56 (emphasis added). Based on this admission, Mr. Wang asserted the doctrine of absolute litigation privilege. ECF 71. In her response letter regarding the motion to dismiss, ECF 75, Ms. Luo stated for the first time that her allegations were not limited to the statements made in the course of the *Weamer* litigation but will include statements Mr. Wang allegedly made to the public within the statute of limitations and not in connection with any litigation. *Id.*, at 3. Based on these specific representations, Judge Jackson concluded that *if* Ms. Luo in fact has such evidence then addressing the motion to dismiss *would* be a waste of time. He therefore specifically directed Ms. Luo's counsel to "file one more amended complaint that takes into account ***defendant's issues*** and pleads only what she believes she ***has evidence to prove***." ECF 76 (emphasis added). In other words, before filing the Third Amended Complaint, Ms. Luo's counsel received specific direction from the Court to plead only those claims she "has evidence to prove"; i.e., to plead with requisite specificity the precise statements allegedly made by Mr. Wang to the public unrelated to his role as a potential witness.

Ms. Luo sent Mr. Wang a draft of the Third Amended Complaint. Mr. Wang brought to her counsel's attention that the draft did not address the above-mentioned concerns, Rule 11 Mot. (hereinafter "Mot."), Exh. 3, and asked counsel to provide the evidence that could support the claims. *Id*. Ms. Luo's counsel refused and asserted that they had no obligation to produce the evidence until initial disclosures. *Id*. They then filed the Third Amended Complaint, without, as the Court required, taking into account the legal issues that had been raised in Mr. Wang's letter setting forth the bases for a motion to dismiss and the email correspondence between counsel. *Id*.

Mr. Wang's briefings of the motions to Dismiss the Third Amended Complaint (hereinafter "Motion to Dismiss"), ECF 92, 106, and Reconsideration of the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym (hereinafter "Motion for


Reconsideration"), ECF 101, 109, further highlighted the lack of factual and legal support for the claims and explained why Ms. Luo's counsel could not reasonably rely on her statements to state a claim. Mr. Wang then provided the requisite notice of his intent to file a Rule 11 sanctions motion, which allowed Ms. Luo's counsel adequate time to withdraw the Third Amended Complaint.[1]

When Ms. Luo's counsel finally produced the documents that form the basis for the Third Amended Complaint, on December 2, 2021, those documents confirmed that (1) the online quoted statement in ¶ 62 is in fact from https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/#comments—a link that Ms. Luo's counsel had asked the Court to strike, and on its face shows that it **was published in 2013 by Morgann Paraskevas** and (2) there is no representation from anyone in the *Weamer* or *El Monte* litigations that the quoted statements in ¶ 52 and ¶ 62 were Mr. Wang's statements.

The following day, Mr. Wang specifically asked Ms. Luo's counsel to provide the URLs for the statements from Mr. Wang that they claimed he had published to the public, Third. Am. Compl. ¶¶ 51, 55, 62, 103 ("*His statements* are also publicly accessible online." (emphasis added). Mot. Exh. 1. Ms. Luo's counsel responded: "My office *produced the document you are referencing in the same form that it was provided to us* and *I did not retrieve the document from the internet*. So your request for a 'link' is puzzling, especially in light of your knowledge of the bases for my client's claim." Mot. Exh. 1 (emphasis added). In other words, counsel

---

[1] Ms. Luo's counsel claim that Mr. Wang represented to this court that he served a "copy" of the Rule 11 motion on November 5, 2021. This is incorrect. Mr. Wang's motion specifically uses the term "draft" not "copy" because Mr. Wang explained his December 3 efforts in the motion. A redline comparison of the draft and the filed motion is attached, which illustrates that the only substantive changes are on pages 4 and 8 explaining the events of December 3. *See* Exhibit 2 (moving a part of footnote 3 to the text on page 7-8). Mr. Wang would withdraw and refile the Rule 11 motion but Ms. Luo's counsel have specifically waived any argument regarding adequacy of notice and opportunity to correct and have requested that the Court reach the merits of the motion. Resp. fn 4.

acknowledge that they had not themselves even attempted to access the document online. And when asked to supply the URL—the only way to publicly access an online document—counsel expressed puzzlement! This conduct, and admission of it, demonstrates conclusively that Plaintiff's counsel have failed to comply with their Rule 11 duties of independent factual investigation and justifies imposing appropriate sanctions for the severe consequences of that violation for Mr. Wang.

First, Judge Jackson allowed filing a third amended complaint based on Ms. Luo's counsel's representation that she was in possession of actual documentary evidence to support the claim that "His [Mr. Wang's] statements are also publicly accessible online." However, Ms. Lou's counsel admit that before filing the third amended complaint they did not investigate whether the statements at issue were Mr. Wang's and actually publicly accessible online—not even a simple Google search with three or four words from the first page of the document, *e.g.*, Xingfei Luo, Chinese, and scam, which could have given them the URL for the document, so they could confirm that the quoted statement was in fact published online *and by whom* (i.e., not Mr. Wang) before pleading that it was Mr. Wang's statement. *See, e.g., Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567 (5th Cir.2006) (stating that an attorney has a duty "to conduct a reasonable inquiry into the facts or law before filing the lawsuit" (internal quotations omitted)). These obligations are "personal [and] nondelegable," *Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 126 (1989). This violation is particularly significant because Ms. Luo does not question the trustworthiness of the date this statement was published. As such, on its face, any defamation claim based on that 2013 publication is unquestionably time-barred.[2] *See, e.g,*

---

[2] When the tort claims are based on online publications, the date of the publication triggers the "should have known" requirement for the purpose of the discovery rule. *See* Mot. Dismiss at 10, Reply 4-5 (citing *Phillips v. World Pub. Co.*, 822 F. Supp. 2d 1114, 1122 (W.D. Wash. 2011) ("In the internet context, the statute of limitations begins to run when the allegedly infringing material is first posted on the internet.") (citing *Canatella v. Van De Kamp*, 486 F.3d

*White v. General Motors Corp.*, 908 F.2d 675, 682 (10th Cir. 1990) (finding assertion of a claim with a clear, insurmountable procedural or jurisdictional defect sanctionable conduct).

Second, contrary to Ms. Luo's counsel's representation, Resp. fn 9, they did not produce the documents in the same form that they were provided to them. Ms. Luo did *not* produce the complete version of the document produced in *Weamer*, which included the page she created about Mr. Wang, to which the quote in ¶ 52 responded, nor did she produce the document authored by Mr. Morgann Paraskevas, which contained the quote in ¶ 62. Similarly, she did *not* produce the initial version of Ms. Papac's declaration, which included the quoted statements in ¶ 62 as Exhibit L. Compare Exhibit 3 (Ms. Luo's related initial disclosures)[3] with Exhibit 4 (Ceizler Decl., attaching *Weamer* production as Exhs. A and B) and Exhibit 5 (Papac Decl., attaching *El Monte* production as Exh. A). And, contrary to Ms. Luo's counsel's representation, the documents produced in both *Weamer* and *El Monte*, which Ms. Luo did *not* include in her initial disclosures, *included the URLs for the quoted statements. See* Exh. 4 (WEAMER 0003-0009, Exh 5 at 1, ¶ 4.

Third, these omissions demonstrate that Ms. Luo, who has possession and control of the documents necessary to establish whether her claim based on the quoted statement in ¶ 52 is time-barred, failed to disclose this information to the Court and in her initial disclosures. She could tell the Court when she created the page and when the comment to her defamatory post about Mr. Wang, quoted statement in ¶ 52, was published. *See* Exh. 4, at 4-5 (WEAMER 0003-

---

1128, 1134–36 (9th Cir. 2007)); *Bloom v. Goodyear Tire & Rubber Co.*, 2006 WL 2331135at *7 (D. Colo. Aug. 10, 2006); *Hoai Thanh v. Ngo*, No. PJM 14-448, 2016 WL 3958584, at *10–12 (D. Md. July 22, 2016), *aff'd sub nom. Hoai Thanh v. Hien T. Ngo*, 694 F. App'x 200 (4th Cir. 2017); *Wolk v. Olson*, 730 F. Supp. 2d 376, 378 (E.D. Pa. 2010); *Deatley v. Allard*, 2015 WL 134271, at *5; *Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, 2013 WL 212640, at *4). Neither in her response to the motion to dismiss nor here does Ms. Luo provide any authority contrary to these holdings, including this Court's holding in *Bloom*.

[3] Mr. Wang objects to Ms. Luo's designation of these documents as confidential. He files Exhibits 3 and 5 under Level 1 restriction pending the Court's decision on whether they should remain restricted.

0004). But she has not. And she has failed to carry her burden. Where, as here, the defendant timely raises a statute-of-limitations defense, the plaintiff bears the burden of establishing compliance with the statute of limitations by presenting evidence that the tort was committed within the limitations period or by establishing an exception to the limitations period. *United States v. DeLia*, 906 F.3d 1212, 1217 (10th Cir. 2018); *see also Hansen v. Lederman*, 759 P.2d 810 (Colo. App. 1988). Ms. Luo has failed to establish that the response to her post was published within the one-year statute of limitations.

Fourth, in light of Ms. Luo's counsel's representation that their client's claims are based on documents obtained from the *Weamer* and *El Monte* litigations, the bare minimum for any reasonable investigation to satisfy their Rule 11 obligation would have been to contact the counsel who produced those documents. They did not contact Ms. Ceizler or Ms. Papac, *See* Exh. 4 at 1; Exh. 5 at 1, both of whom came across these statements in the course of their own independent investigation about Ms. Luo, *see* Exh. 4 at 1; Exh. 5 at 6-7 (pdf)—which Ms. Luo's counsel admit they did not do. Furthermore, Mr. Wang's name was not mentioned in Ms. Papac's declaration, on which Ms. Luo relied. *See* Exh. 5, Exh. A. And in neither litigation was there any allegation that the quoted statements in ¶ 52 and ¶ 62 were authored by Mr. Wang. *See* Exh. 4, ¶ 3; Exh. 5, ¶ 3. Mr. Wang's name is mentioned in the *Weamer* litigation only in discovery, in relation to the fact that he was listed as a witness in that case. *See* Exh. 4, ¶¶ 3-4[4] Therefore, even if Rule 11 would have allowed Ms. Luo's counsel to delegate their duty to

---

[4] Ms. Luo and her counsel still seem to insist that "they"—not the counsel for the opposing party—are in charge of deciding who is a witness. *See* Resp. at 12-3; *id*. Exh. 9, ¶ 9. It is not surprising that they cannot provide any legal authority for this argument. *But see Marley v. Wright*, 137 F.R.D. 359, 363 (W.D. Okla. 1991) (civil rights suit against judges was sanctionable because of well-settled precedent of absolute judicial immunity), *aff'd without o*p., 968 F.2d 20 (10th Cir. 1992).

7

investigate to other counsel—which it does not[5]—there was nothing here on which they could rely.

Fifth, long after being put on notice of Ms. Luo's online publication of the statements at issue, Ms. Luo's counsel submitted a declaration from Ms. Luo that re-represents to this Court that "I did not know that Defendant Paul Wang had made any false statements regarding the sexual assault or the police report I filed in relation to my lost passport until 2020." Resp. Exh. 9, ¶¶ 7-8. She also re-asserted that she knew Mr. Wang was the author of the "blog" because "he was the only person who knew about Plaintiff's rape allegations against Mr. Chen. Further, he is the only person who knew that Plaintiff filed a police report regarding her passport and would know the specific dates of her travel since he purchased her original airline ticket." *Id.,* at ¶¶ 3-4; Third Am. Compl., ¶ 63.

Ms. Luo's counsel submitted this affidavit, even though, when confronted with the facts that Ms. Luo herself in 2013 published a letter in her page, https://cserinusa.wordpress.com/2013/12/17/lets-see-what-a-funny-jerk-did/ from Mr. Morgann Paraskevas, the author of the "blog", i.e., statements at issue in ¶ 62, which were published at https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/#comments, Ms. Luo *did not deny* that

- she is the author of https://cserinusa.wordpress.com/2013/12/17/lets-see-what-a-funny-jerk-did/; https://cserinusa.wordpress.com/, or

---

[5] 
> Rule 11 imposes the obligation, **at the time of certification**, of personal knowledge that the paper is well-grounded in fact—not the opportunity to gamble on the certification of some other lawyer that **at the time he or she signed the pleading, it was well-grounded in facts known to that lawyer**.

*In re Marathon Home Loans Fed. Sec. Litig.,* 995 F.2d 232 (9th Cir. 1993) (emphasis added); *see also White*, 908 F.2d at 682.

8

- a side-by-side comparison of https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/#comments and https://cserinusa.wordpress.com/2013/12/17/lets-see-what-a-funny-jerk-did/ reveals that the author of https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/#comments, morgann070 or anonymous123177, is Morgann Paraskevas, whose ID, morgann070, is also included in Ms. Luo's 2013 post about him, https://cserinusa.wordpress.com/2013/12/17/lets-see-what-a-funny-jerk-did/; https://cserinusa.wordpress.com/. *See* Exhibit 6 (comparing Ms. Luo's and Mr. Paraskevas's 2013 online publications). It is important to note that Ms. Luo knows Mr. Paraskevas very well and that in the case in which she was criminally convicted, she moved to suppress the evidence of her relationship with Mr. Paraskevas. *See* Exhibit 7 at 18 ("7/27/21: "Motion by Defense made to exclude any and all past interactions or relationship between Ms. Luo and one Morgan [sic] Paraskevas."

Ms. Luo's counsel's only response is to incorrectly state that Mr. Paraskevas' letter which Ms. Luo posted in 2013, https://cserinusa.wordpress.com/2013/12/17/lets-see-what-a-funny-jerk-did/, does not mention her alleged rape in China. Resp. at 11. As Ms. Luo and her counsel are aware, that letter, like his post, https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/#comments, included facts about both statements. In addition, minimal investigation (such as opening Ms. Luo's page on a LG 4K IPS monitor and using the FPS gaming setting, which Mr. Wang is prepared to demonstrate in court) allows anyone to read the text beneath the poorly redacted letter, which specifically mentions the alleged rape. Exhibit 8 (Mr. Paraskevas' 2013 letter to Ms. Luo [which included both statements] in the 2013 post on Ms. Luo's page).

The repeated knowing misrepresentations to this Court by Ms. Luo and her counsel regarding the timing of her discovery of the statements at issue violate Rule 11, especially considering Ms. Luo's counsel's actual knowledge about Ms. Luo's conduct, as summarized in the briefing of the Motion for Reconsideration. Applying the objectively reasonable standard, under these circumstances no reasonable counsel would rely on statements from a client with Ms. Luo's history, without independent investigation. *See Battles v. City of Ft. Myers*, 127 F.3d 1298, 1300 (11th Cir. 1997) (affirming sanctions on attorney where district court found that the attorney did not make reasonable inquiry prior to trial to ensure that he could procure evidence to support his client's positions); *Lloyd v. Schlag*, 884 F.2d 409, 412-13 (9th Cir. 1989) (sanctions imposed on counsel who relied on client's mistaken assurance that all necessary steps had been taken to record and protect copyright); *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99 Civ. 10175 (JSM), 2002 U.S. Dist. LEXIS 491 at *2 (S.D.N.Y. Jan. 16, 2002) (sanctioning attorneys who "simply closed their eyes to the overwhelming evidence that statements in [their] client's affidavit were not true"); *Schiebel Elektronische Geraete Gmbh v. Polestar Tech., Inc.*, No. 97-10231, 1998 U.S. Dist. LEXIS 17998, at *5 (D. Mass. Aug. 3, 1998) (despite earlier dealings with client, "the very nature of the assurances [the lawyer] was receiving . . . created a compelling need for him to press for more supporting information from his own client"); *Bayan El Dada v. Oil Mart Corp.*, No. 94 C 3829, 1995 U.S. Dist. LEXIS 13740, at *2-3 (N.D. Ill. Sept. 19, 1995) (sanctioning attorney under Rule 11 and 28 U.S.C. § 1927 where attorney "continued to press ahead with [the] lawsuit well after a reasonable attorney should have become suspicious of his client's assertions").

Other courts have awarded fees and costs to the litigants, as an appropriate sanction under Rule 11, for much less severe violations. *See, e.g., Worrell v. Houston Can! Acad.*, 287 F. App'x

320, 326 (5th Cir. 2008) (affirming district court's grant of $6,000 for twelve hours of work at a rate of $500.00 per hour against plaintiff's law firm to have improperly named defendant dismissed); *Ideal Instruments, Inc. v. Rivard Instruments, Inc*., 243 F.R.D. 322, 348–49 (N.D. Iowa 2007); *Marceaux v. Lafayette Consol. Gov't*, 2014 U.S. Dist. LEXIS 50649, 32–33 (W.D. La. Jan. 9, 2014) (imposing $2,500 award for attorney's fees for hours spent writing briefs and opinions as well as ten hours spent in hearings dealing with erroneous allegations raised in the pleadings); *TXCAT v. Phoenix Group Metals*, LLC, 2010 U.S. Dist. LEXIS 132614, 2010 WL 5186824 (S.D. Tex. Dec. 14, 2010) (awarding fees and expenses incurred in Defendant's preparation and filing of their reply and the motions for sanctions). Mr. Wang's respectfully requests that the Court do the same.

## Conclusion

Sanctions should be sufficient to deter repetition of similar conduct. See Fed. .R. Civ. .P. 11(c)(4). Mr. Wang respectfully requests that this Court hold Ms. Luo and her counsel jointly and severally liable for all costs and reasonable attorney's fees he has been, and will be, forced to incur.

Respectfully submitted this 23rd day of December 2021.

*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Paul Wang*

11

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2021, I served an electronic copy of the foregoing via CM/ECF to counsel of record.

Clarissa M. Collier
David J. Schaller
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
303.244.1800
collier@wtotrial.com
schaller@wtotrial.com

/s/ Katayoun A. Donnelly
Katayoun A. Donnelly

12