UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

JANE DOE,

              Plaintiff,

v.

PAUL WANG,

              Defendant.

---

**RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER THE NOVEMBER 10, 2020 ORDER ALLOWING PLAINTIFF TO PROCEED UNDER A PSEUDONYM**

Plaintiff Jane Doe submits the following Response to Defendant's Motion to Reconsider the November 10, 2020 Order Allowing Plaintiff to Proceed Under a Pseudonym (the "Motion") (ECF 13).

## INTRODUCTION

Through the Motion, Defendant seeks to reveal Plaintiff's identity based on the false premise that Plaintiff proceeding under a pseudonym has restricted access to relevant information and hidden that she is a "vexatious litigant." Yet, Defendant then goes on to cite and attach numerous cases and online postings involving Plaintiff that he clearly had no trouble finding, accessing and relying on in support of the Motion. Defendant is talking out of both sides of his mouth.

In doing so, Defendant focuses so much on smearing Plaintiff that he forgets to identify any "extraordinary circumstances" that would warrant the Court's untimely reconsideration of its Order Allowing Plaintiff to Proceed Under a Pseudonym. Alternatively, if the Court decides that reconsideration of the Order is appropriate, it should still reach the same conclusion and allow

Plaintiff to continue litigating this case under a pseudonym. Therefore, the Court should deny the Motion.

## **BACKGROUND**

Plaintiff filed her *pro se* Complaint against Defendant on September 11, 2020. (ECF 1.) Plaintiff's Complaint alleges, among other things that Defendant made false and defamatory statements about a sexual assault she suffered while living in China. Plaintiff forwarded the summons and Complaint to the U.S. Marshal for service on September 15, 2020. (ECF 8.) As described in Plaintiff's Motion for Continuance of Rule 16(b) Scheduling Conference, Plaintiff had difficulty serving Defendant. (ECF 10.) These difficulties included Defendant's refusal to waive service and avoiding service altogether until January 25, 2021. (ECF 22.) In fact, this Court found that Defendant lacked good cause to sign and return Plaintiff's request for waiver of service and imposed on him the expenses she incurred in making service.

While actively making efforts to serve Defendant or get him to return the waiver of service as he was required to do under Federal Rule of Civil 4, Plaintiff filed her Request for Protective Order and to Proceed Under a Pseudonym. (ECF 11.) She filed the request on November 4, 2020, (ECF 11) or nearly two months after she first began attempting to serve Defendant. The Court granted Plaintiff's request and entered the Order on November 10, 2020. (ECF 13.) Since that time, and now for over ten months Plaintiff has proceeded in this case under a pseudonym. Now suddenly, over ten months after the Court entered the Order and over six months since Defense counsel entered her appearance (ECF 54), Defendant seeks reconsideration of the Order. The Court should deny Defendant's lethargic and untimely response to the Order and deny the Motion.

## ARGUMENT

I. **DEFENDANT HAS NOT ESTABLISHED SUFFICIENT GROUNDS FOR RECONSIDERATION OF THE ORDER**

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Courts in the Tenth Circuit apply these factors because motions to reconsider "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.* Thus, in the absence of "extraordinary circumstances, not present here, the basis for the second motion must not have been available at the time the first motion was filed." *Id.* In other words, a Court may grant a motion to reconsider "where the court has misapprehended the facts, a party's position or the controlling law." *Id.*

Defendant makes a passing mention of the legal standards applicable to a motion to reconsider (ECF 101 p. 1), but makes no attempt to explain how these factors warrant reconsideration of the Order. Presumably, that is because there are no "extraordinary circumstances" to justify the Court's reconsideration of the Order.

First, Defendant has identified no intervening changes in the controlling law and there are none. Second, there is no "new evidence previously unavailable." In fact, the majority of litigation and proceedings involving Plaintiff that Defendant cites to in support of the Motion existed at the time Plaintiff filed this Complaint and her Request to Proceed Under a Pseudonym back in November 2020. (ECF 11.) The cases and proceedings cited by Defendant are not "new evidence" and Defendant directs the Court to no other "new evidence." Therefore, Defendant has

3

made no showing of the first two grounds that would justify granting the Motion and reconsidering the Order.

With respect to the third ground, while not explicitly stating so, it appears that Defendant argues that equitable considerations warrant reconsideration. Specifically, Defendant alleges that "he did not have the opportunity to participate in and provide the relevant information necessary for the Court's" determination of whether it should grant Plaintiff's request to proceed under a pseudonym. (ECF 101 ¶ 5.) However, Defendant himself is solely responsible for his failure to "participate in and provide [] relevant information" because he was avoiding service and ignored Plaintiff's properly issued Rule 4(d)(1) letter requesting that he waive service.

Further, since Defendant was served he has had 10 months to challenge the Order. His counsel, who entered an appearance in March 2021, has had six months to challenge the Order and offers no reasoning as to why Defendant took no action regarding the Order until now. Defendant sat on his hands and did nothing—making his current Motion untimely, which in and of itself justifies the Court denying the Motion. *See* Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. **A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.**") (emphasis added); *Derrick v. Standard Nutrition Co.,* 829 F. App'x 857, 863–64 (10th Cir. 2020) (denying motion to reconsider magistrate judge's order denying motion for sanctions as untimely where movant filed the motion "nearly two months after the magistrate judge issued a memorandum opinion"); *Adelman v. Smith*, No.

2:13-CV-0096-ABJ, 2015 WL 11108640, at *1 (D. Wyo. Oct. 30, 2015) (denying plaintiff's

motion for reconsideration of grant of summary judgment where plaintiff filed motion two and a

half months after court issued its order); *Farney v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*

126 F.R.D. 74, 75 (D. Kan. 1989) (denying motion to reconsider as untimely where party waited

five months to bring the motion). In light of the untimeliness of the Motion, and Defendant's

failure to explain what "extraordinary circumstances" warrant reconsideration of the Order, the

Court should deny the Motion.

## II.   ALTERNATIVELY, IF THE COURT DETERMINES THAT "EXTRAORDINARY CIRCUMSTANCES" EXIST, IT SHOULD STILL ALLOW PLAINTIFF TO PROCEED UNDER A PSEUDONYM

If the Court sets aside the untimeliness of Defendant's Motion and his utter failure to

identify any "extraordinary circumstances" justifying reconsideration of the Order, it should still

deny the Motion on the merits.

Plaintiff acknowledges that there is a presumption "that documents essential to the

judicial process are to be available to the public, but they may be sealed when the public's right

of access is outweighed by interests which favor non-disclosure." *Does v. United States Olympic

Comm.*, No. 19-CV-00737-PAB-KMT, 2019 WL 2992031, at *1 (D. Colo. July 9, 2019). This

Court has discretion to decide whether Plaintiff should be permitted to continue to proceed under

a pseudonym in this case. *Id.* (citing *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998)). In

exercising its discretion, the Court must determine whether this case involves matters of a

"highly sensitive and personal nature," present "real danger of physical harm," or "where the

injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* (citation omitted).[1]

Here, the first and third circumstances strongly support allowing Plaintiff to litigate this case under a pseudonym. First, Plaintiff's Complaint revolves around a sexual assault that she experienced in China and Defendant made defamatory statements about. This is exactly the type of "highly sensitive and personal" matter that justifies allowing Plaintiff to continue using a pseudonym. In fact, courts routinely allow a plaintiff to litigate under a pseudonym in cases filed by sexual assault victims because they concern highly sensitive and personal subjects. *See Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("Fictitious names are allowed when necessary to protect the privacy of ... rape victims, and other particularly vulnerable parties or witnesses."); *E.E.O.C. v. Spoa, LLC*, No. CCB-13-1615, 2013 WL

---

[1] Plaintiff need not address the ten factors listed by Defendant in the Motion that are approved by the Second Circuit—not the Tenth Circuit, which has clearly stated the three factors it considers when determining whether a party may proceed under a pseudonym. (ECF 101 ¶ 4(1)-(10).) To the extent, the Court deems a response required, Plaintiff submits that the totality of these factors weighs in favor of denying the Motion. First, the litigation involves matters that are "highly sensitive and of a personal nature" because this case involves a sexual assault victim who was raped in a country known for stigmatizing rape victims. Second, revealing Plaintiff's identity poses a risk of mental harm to her through re-victimization, public shame and embarrassment. Third, identification of Plaintiff presents other harms, including essentially undoing all other prior court orders allowing Plaintiff to proceed under a pseudonym by allowing all of the details of Defendant's 300+ smear campaign to the public record. In other words, revealing Plaintiff's identity in this case would be tantamount to revealing her identity in any other cases. Fourth, as a sexual assault victim and woman struggling with certain traumatization and mental issues, Plaintiff is particularly vulnerable to the possible harms of disclosure. Fifth, the suit is challenging the actions of a private party, so Plaintiff concedes this one factor weighs in favor of Defendant. Sixth, Defendant will suffer no prejudice if Plaintiff is allowed to pursue her claims anonymously. Defendant makes vague references to access being restricted to relevant information, but clearly that is false since he was able to dig up over 300 pages of "dirt" on Plaintiff. Seventh, Plaintiff's identify has been kept confidential for ten months. Eighth, the public interest of open courts and litigation is the presumption. Ninth, there is little public interest in knowing the litigants' identities where these are two individuals in a one-on-one dispute with issues that are of scant public interest. Tenth, and finally, Plaintiff can think of no other way to protect her confidentiality and Defendant proposes none. Therefore, the majority of these non-applicable factors weigh in favor of denying the Motion.

5634337, at *3, *4 (D.Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal matter"); *Roe v. St. Louis Univ.*, No. 08-cv-1474-JCH, 2009 WL 910738, at *5 (E.D.Mo. Apr. 2, 2009) (allowing use of pseudonym because rape is a "personal matter of the utmost intimacy").

Second, the very injury that Plaintiff is litigating against would further be incurred as the result of the disclosure of her identify—and that is her re-vicitimization. Re-victimization and harm is particularly acute, and extends beyond mere embarrassment and humiliation, when victims of sex crimes have their identities or other private information revealed when they want it to remain private. *See Latimore v. Sielaff,* 561 F.2d 691, 694-95 (7th Cir. 1977) ("The ordeal of describing an unwanted sexual encounter before persons with no more than a prurient interest in it aggravates the original injury."). As one court explained, "[t]o force the plaintiff to proceed without the protection of the pseudonym Jane Doe could only subject the plaintiff to additional psychological harm and emotional distress." *Doe v. Firn*, No. CV065001087S, 2006 WL 2847885, at *5 (Conn. Super. Ct. Sept. 22, 2006). Refusing victims the opportunity to access justice without sacrificing privacy is one form of re-victimization. *See, e.g., Bloch v. Ribar,* 156 F.3d 673, 686 (6th Cir. 1998) (concluding that "a rape victim has a fundamental right of privacy in preventing government officials from gratuitously and unnecessarily releasing the intimate details of rape where no penalogical purpose is being served.")

Moreover, Defendant will suffer no prejudice by Plaintiff continuing to appear under a pseudonym. Clearly, Defendant has had no trouble finding "dirt" to smear Plaintiff as evidenced by the 300+ pages that he filed in support of the unrestricted version of this Motion. Further, the parties have been litigating this case for nearly ten months since the Court entered the Order.

Thus, Defendant will suffer no prejudice or have difficulty in mounting a defense to Plaintiff's claims based on her not revealing her identity to the public. *See Roe v. St. Louis Univ.*, Case No. 4:08CV1474, 2009 WL 910738, at *5 n.5 (E.D. Mo. Apr. 2, 2009) (allowing plaintiff to proceed anonymously where defendant's ability to seek discovery and challenge plaintiff's credibility was not impaired).

Finally, the Court should reject the smear campaign launched against Plaintiff through the Motion. Defendant's claim that Plaintiff has personally identified herself "victim of sexual harassment" in public forums (ECF 101, p. 7) is simply false. Plaintiff did not author the referenced blog posts and requests the Court disregard them and the slew of other exhibits attached to Defendant's un-redacted motion for lack of authenticity and foundation. Nevertheless, even if Plaintiff has stated in the past that she was a victim of sexual <u>harassment</u>, that far different than her publicly stating that she was are a victim of sexual <u>assault</u>. This is especially true where the sexual assault occurred in a nation whose traditional cultural norms hold that being raped is shameful and should be kept private. Indeed, and unfortunately, rape is taboo in Chinese culture and Chinese society often rejects the victim and views him/her as responsible for the assault. This type of cultural shaming rises far above the level of mere "embarrassment" and justifies protecting Plaintiff's identity/

Further, in attaching 300+ pages of records from the internet and other cases, Defendant has made it impossible for the Court to grant the Motion. Defendant specifically identifies other cases involving Plaintiff—some of which she is proceeding (or has proceeded) under in using a pseudonym. Thus, if the Court grants the instant Motion, Plaintiff's identity will not only be revealed in this case, <u>but in all other cases Defendant references in the motion</u>. In other words,

granting the Motion will render other protective orders that other courts have independently entered entirely meaningless. This Court should not accept Defendant's invitation to essentially overrule trial courts in other jurisdictions based on Defendants' belated challenge to the Order. *See, e.g., Calloway v. Ford Motor Co.,* 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972) ("[I]t is well established … that no appeal lies from one [trial court] judge to another … and that ordinarily one [trial court] judge may not modify, overrule, or change the judgment of another [trial court] judge …"); *Micro/Vest Corp. v. Superior Ct*., 150 Cal. App. 3d 1085, 1090, 198 Cal. Rptr. 404, 407 (Ct. App. 1984) (holding trial court judge exceeded his jurisdiction by reconsidering rulings made by other trial courts). Adverse court rulings and involvement in other legal proceedings alone is not a sufficient reason to suddenly overturn an Order that has been in place for ten months based on facts and legal arguments that Defendant has known of (or could have found) all along. Therefore, the Court should not strip Plaintiff of her ability to continue under a pseudonym because of her other cases or their outcomes.

## **CONCLUSION**

Based on the foregoing, the Court should deny Defendant's untimely Motion and allow

Plaintiff to continue to litigate this case under a pseudonym.

Dated: September 16, 2021                    Respectfully submitted,

*s/ Clarissa M. Collier*
David J. Schaller
Clarissa M. Collier
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   schaller@wtotrial.com
              collier@wtotrial.com

*Attorneys for Plaintiff Jane Doe*

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on September 16, 2021, I electronically filed the foregoing **RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER THE NOVEMBER 10, 2020 ORDER ALLOWING PLAINTIFF TO PROCEED UNDER A PSEUDONYM** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

*s/ Clarissa M. Collier*