IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02765-RMR-MEH

JANE DOE,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's "Motion to Reconsider the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym." ECF 101. Plaintiff opposes the Motion, raising three arguments against reconsideration: (i) the Motion is untimely; (ii) Defendant has not established sufficient grounds for reconsideration; and (iii) the Court should exercise its discretion to allow Plaintiff to continue proceeding under a pseudonym. ECF 105. For the following reasons, the Motion is granted.

**I.    Background**

    Plaintiff initiated this suit, proceeding pro se, on September 11, 2020. ECF 1. Following initial review by Magistrate Judge Gordon P. Gallagher, the case was reassigned to District Judge R. Brooke Jackson and drawn to the undersigned. ECF 5. On September 15, 2020, this Court issued an order setting the scheduling conference for November 30, 2020. On November 4, 2020, Plaintiff filed a motion to continue to the scheduling conference due to lack of service on Defendant (ECF 10) and a motion for a protective order to proceed under a pseudonym (ECF 11).

The Court granted both motions and issued Plaintiff's proposed protective order as the order of the Court. ECF 13. Despite being given additional time, Plaintiff still was unable to serve Defendant. ECF 15. On January 11, 2021, Plaintiff filed a motion for the Clerk of the Court to issue a new summons with an updated address for Defendant and to again continue the scheduling conference. ECF 19. The Court granted this motion and rescheduled the scheduling conference for April 19, 2021. ECF 21. Subsequently, an executed summons was returned indicating Defendant had been served on January 25, 2021. ECF 23.

Defendant began participating in the case, pro se, on February 18, 2021, when he filed several motions. ECF 35–37. By March 8, 2021, both parties became represented with the entry of appearances by current counsel. ECF 52–54. ON July 6, 2021, upon her appointment to the bench, this Case was reassigned to District Judge Regina M. Rodriguez. ECF 77. Since that time, Plaintiff filed additional amended pleadings (ECF 65, ECF 85), Defendant filed a (pending) motion to dismiss (ECF 92), and Defendant filed the present Motion.

II.     Analysis

Defendant requests the Court reconsider its protective order granting Plaintiff leave to proceed under a pseudonym. "The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Menocal v. Geo Grp., Inc.*, No. 14-cv-02887-JLK, 2015 WL 13614120, at *1 (D. Colo. Aug. 26, 2015) (citing *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). The authorization for such a motion is implied by Rule 54(b), which states in part that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). Motions for reconsideration, thus, "fall within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Spring Creek Expl. & Prod.*

*Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015). In order to avoid the inefficiency of repeatedly re-adjudicating interlocutory orders, generally judges in this District have imposed limits on the broad discretion to revisit interlocutory orders. *Id*. "A motion for reconsideration is an extreme remedy to be granted in rare circumstances." *Menocal*, 2015 WL 13614120, at *1 (quotation omitted).

Instead, grounds warranting a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete,* 204 F.3d 1005, 1012 (citation omitted). "In determining whether to revisit an interlocutory order, courts generally consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Hubbard v. Nestor*, No. 16-cv-00444-CMA-STV, 2019 WL 1331981, at *2 (D. Colo. Mar. 25, 2019) (quotation omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Roe v. Catholic Health Initiatives Colorado*, No. 11-cv-02179-WYD-KMT, 2012 WL 1394523, at *1 (D. Colo. Apr. 23, 2012) (quotation omitted). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation omitted).

1. <u>Timeliness</u>

Plaintiff's first argument in opposition to the Motion is that it is untimely filed. Plaintiff points to the fact that the Motion comes nearly eight months after Defendant first participated in the case and seven months after counsel entered appearances. But Rule 54(b) plainly states that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than

3

all the parties . . . may be revised *at any time before the entry of a judgment*." Fed. R. Civ. P. 54(b) (emphasis added). Plaintiff has cited no case which holds that reconsideration under Rule 54(b) is subject to a particular deadline (other than a judgment, of course).[1] In the Rule 60(b) context, courts have held that a "motion should be brought within a reasonable time, which is determined by balancing the interests of finality with the reasons for any delay in bringing the motion." *Farney v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 126 F.R.D. 74, 75 (D. Kan. 1989). Defendant asserts that the delay is explained by his "conducting due diligence" to identify all necessary information to seek the requested relief. The Court finds that such reasoning is sufficient cause to explain the delay in bringing the motion. *See Oliver v. Arnold, Ross and Associates, LLC*, No. 05-cv-00043-PSF-OES, 2005 WL 8172510, at *1–2 (D. Colo. Sept. 12, 2005) (finding that a party who proceeds with due diligence may establish good cause to excuse delay). Thus, the Court will not deny the Motion on timeliness grounds.

2. <u>Grounds for Reconsideration</u>

As to the merits of the Motion, Defendant must demonstrate an intervening change of law, new evidence previously unavailable, or a need to correct clear error or prevent manifest injustice. *Servants of Paraclete*, 204 F.3d at 1012. Defendant does not argue that there has been an

---

[1] Plaintiff also raises the argument that Fed. R. Civ. P. 72(a) precludes the ability to file a motion for reconsideration in this case because Defendant failed to object to this Court's order. Resp. at 4. It is true that failure to object to a Magistrate Judge's order may waive future argument on appeal. *Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (finding firm waiver rule applies to non-dispositive orders). However, the Court is unaware of, and Plaintiff does not cite, authority that failure to timely object under Rule 72(a) prevents altogether a motion for reconsideration in the same forum. Regardless, when Plaintiff entered this case, he was pro se. The Court's order did not alert Defendant of the ability to object, so the firm waiver rule, even on appeal, likely does not apply. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2015) (holding firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

intervening change, focusing instead on new evidence previously unavailable. Plaintiff disputes that any of this evidence is "new" because "the majority of litigation and proceedings involving Plaintiff that Defendant cites to in support of the Motion existed at the time Plaintiff filed this Complaint." Resp. at 3. But it is new evidence to the Court. When the Court permitted Plaintiff to proceed anonymously, Defendant was not in the case, and Plaintiff did not divulge any of the presented information to the Court. As such, the Court has never considered it in relation to Plaintiff's request to proceed under a pseudonym. Even if this were not "new" evidence, the Court finds that this is also the case in which reconsideration would be warranted under a need to prevent manifest injustice or correct clear error. Defendant did not have the opportunity to respond to Plaintiff's original motion. Even if there was some delay in bringing this Motion, the interest of judicial fairness weighs in favor of the Court considering Defendant's arguments now in the event that permitting Plaintiff to use a pseudonym was done in error.

3. Reconsideration

"The Tenth Circuit historically has looked to the Eleventh Circuit's jurisprudence regarding whether a plaintiff should be allowed to proceed anonymously." *Doe v. Merck & Co.*, No. 11-CV-02680-RBJ-KLM, 2012 WL 555520, at *2 (D. Colo. Feb. 17, 2012) (citing *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2012)). Following that jurisprudence, courts look to three, exceptional contexts in which a pseudonym is appropriate: (1) "matters of a highly sensitive and personal nature;" (2) situations involving a "real danger of physical harm;" and (3) cases "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, 227 F.3d at 1246 (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).[2] In

---

[2] Defendant cites to *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) for a list of ten, non-exhaustive factors the Court must consider on the issue of anonymity. However, Defendant has cited no Tenth Circuit case adopting these factors. Therefore, the Court considers

considering these contexts, "[t]he risk that a plaintiff may suffer some embarrassment is not enough." *Does v. United States Olympic Committee*, No. 19-cv-00737-PAB-KMT, 2019 WL 2992031, at *1 (D. Colo. July 9, 2019). Additionally, the Tenth Circuit has found it "proper to weigh the public interest in determining whether some form of anonymity is warranted." *Id.* (citing *M.M. v. Zavara*, 139 F.3d 798, 802–03 (10th Cir. 1998)).

Defendant has provided two declarations in support of his Motion. The first is from [redacted], a [redacted] licensed attorney and counsel of record for the defendants in the lawsuit titled [redacted], in the [redacted] of [redacted]. ECF 94 at 51, ¶ 1. After reviewing the Third Amended Complaint in this case, the complaint in [redacted],[3] communications with [redacted] and Defendant's counsel, and "other research [she has] performed and others have performed at [her] direction as to the various names and aliases for [redacted] concludes that the plaintiff in the [redacted] case is the same "Jane Doe" in the [redacted] case and in this matter. *Id.* at 51, ¶ 2 (citing *id.,* Exh. A, Compl., at 69–70, ¶¶ 39–40).

Further, Ms. [redacted] avers that the [redacted] case revolves around Plaintiff's "efforts to have a man she had been dating arrested and charged for a sexual assault that allegedly took place in



---

them only to the extent they conform with the three contexts enumerated by the Tenth Circuit as appropriate for the use of pseudonyms.

[3] Defendant requests that the Court take judicial notice of these other cases, along with the materials submitted from these and other courts. Plaintiff states no objection to this request. Because the Court may take judicial notice of other courts' proceedings, the Court will take judicial notice of Defendant's exhibits that are judicial materials, including orders and briefs. *Allen v. Clements*, 930 F. Supp. 2d 1252, 1259 (D. Colo. 2013) (ruling a court may take notice of state court pleadings and matters of public record). The Court notes taht Plaintiff essentially concedes that the cases cited by Defendant involve her. Resp. at 8–9 ("Defendant specifically identifies other cases involving Plaintiff—some of which she is proceeding (or has proceeded) under in using a pseudonym."). Indeed, the Third Amended Complaint cites to some of them. *E.g.*, ECF 85 at 5, ¶ 47 (citing the [redacted] case).
6

early April 2019." *Id.* at 52, ¶ 5. Plaintiff's resulting claim in the ▇ case stemmed from the defendants' decision not to prosecute the alleged sexual assault. *Id.*, Exh. C, Order dated ▇, at 156. Disputing that claim, Ms. ▇ argues that "messages on plaintiff's phone from late May 2019 confirmed that plaintiff had become angry at the man [accused of rape] for allegedly cheating on her; he accused plaintiff of posting negative information about him on the internet; and when he confronted plaintiff[,] she threatened to take action regarding his job." *Id.* The court in that case initially denied Plaintiff's request to proceed anonymously, *id.* at 157, but later granted the request to proceed using her initials. *Id.* at 52, ¶ 7–8. Ms. ▇ asserts that although Plaintiff proffered that growing media attention necessitated the need for anonymity, it was Plaintiff who had contacted the media and that this information was not disclosed until her deposition in March 2021. *Id.* at 53, ¶ 9.

During the course of that litigation, Ms. ▇ learned two relevant pieces of information. First, Plaintiff "had filed at least three other lawsuits against other private individuals and public entities in addition to the matter against [her] clients and the present matter in Colorado." *Id.* at 53, ¶ 10. Second, Plaintiff

> confirmed to [▇] that she is a criminal defendant in an Orange County Superior Court case. The victim in that case is another man with whom plaintiff appears to have had a romantic relationship. Based on [her] review of public records related to that case, on July 26, 2021, [Plaintiff] was convicted of three counts (California Penal Code section 594 (a)/(b)(2)(A) Vandalism; California Penal Code section 273.6 (a) Disobeying domestic relations court order; and California Penal Code section 647(j)(4)(A) Disorderly conduct unlawful dissemination of private photographs and recordings).

*Id.* at 55, ¶ 14.

The second declaration Defendant provides is from ▇, a ▇ licensed attorney and counsel of record for the defendant in the ▇ case. *Id.* at 194, ¶ 1. Ms. ▇ declares that the claims against her client stemmed from a relationship between him and Plaintiff

7

between November 2013 and July 2014.  *Id.* ¶ 2.  According to Ms. ██████, "[f]ive years after they broke up, Plaintiff claims she 'learned' that she was raped by [the defendant] during their consensual relationship."  *Id.*  In the ██████ case, Plaintiff was sanctioned $2,000 for discovery conduct that included failing to propound appropriate discovery and obstructing the meet and confer process.  *Id.* at 194–95, ¶ 3 (citing *id.*, Exh. A, Order dated ██████, at 199).

Defendant also attaches several pages of blog posts that he contends Plaintiff wrote. However, Plaintiff disputes her authorship of these writings and asks the Court not to consider them for "lack of authenticity and foundation."  Resp., ECF 105 at 8.  The disagreement over authorship creates a dispute of fact that the Court cannot resolve without an evidentiary hearing. Defendant requests "such a hearing so that Plaintiff can testify under oath that she is *not* the author of those blogs."  Reply, ECF 109 at 4 (emphasis in original).  However, the Court finds that it can adjudicate the Motion without the need for an evidentiary hearing or reliance on the blog posts. Accordingly, the request for a hearing is denied.

It is the responsibility of this Court to consider the specific circumstances of this case and weigh whatever privacy interest Plaintiff has against the public's right to know these proceedings. *Zavaras*, 139 F.3d at 802–03.  First, the Court finds that Plaintiff does have some privacy interest in this matter. The Third Amended Complaint asserts various claims against Defendant for his alleged disclosure of (and his allegedly false representations about) Plaintiff's sexual assault.  ECF 85.  Sexual misconduct, including assault, certainly falls under the category of "matters of highly sensitive and personal nature."  *E.g., Doe v. Boulder Valley Sch. Dist. No. RE-2*, No. 11-cv-02107-PAB, 2011 WL 3820781, at *2 (D. Colo. Aug. 30, 2011) (finding allegations of "unlawful sexual contact" to "involve intensely personal issues").

But that is not the end of the inquiry. The public has a legitimate interest in knowing the facts of this case and the parties involved. *Doe v. U.S. Dep't of Justice*, 93 F.R.D. 483, 484 (D. Colo. 1982) ("[L]awsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among the facts is the identity of the parties."). Plaintiff has filed numerous lawsuits, several of which involve circumstances similar to this case. In some she has been permitted to proceed anonymously; in others, she has not. Regardless, Defendant maintains that Plaintiff is a "vexatious litigant." Reply at 8. This goes directly to Plaintiff's credibility, and Defendant should not be hampered in pursuing that defense. *Merck & Co., Inc.*, 2012 WL 555520, at *2 (noting that a court may consider "whether proceeding anonymously creates 'a unique threat of fundamental unfairness to the defendant'" (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011))). Nor should the public be prevented from reaching its own conclusions in this case. However, that will not occur, and Defendant will be substantially prejudiced, if he were forced to defend himself publicly while "Plaintiff is permitted to hurl [her] accusations from behind a cloak of anonymity." *Id*. at *3 (quotation marks omitted).

Moreover, this is not a case in which "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Zavaras*, 139 F.3d at 803. Here, the lawsuit is premised entirely on Defendant's alleged disclosure of Plaintiff's assault. In other words, "Plaintiff is not suing in this Court in order to prevent the disclosure of [her] private [matter]; rather, [s]he is suing for compensation for disclosure that has already happened." *Doe v. F.B.I.*, 218 F.R.D. 256, 260 (D. Colo. 2003). Plaintiff argues that forcing the disclosure of her identity subjects her to re-victimization. Resp. at 7. That is a valid concern in these types of cases. However, this is far from the typical case. While Plaintiff may be a victim of sexual assault,

9

Defendant alleges that he too is a victim of Plaintiff's dissemination of sensitive material.[4] Additionally, Defendant is not accused of being the one to sexually assault Plaintiff. Put differently, the need to divulge any details about the assault will be minimal, if not nonexistent. The prejudice to Defendant and the nature of the parties' claims and defenses' weigh against whatever threat of re-victimization may occur in this particular case.

The Court has considered the totality of the circumstances in this matter in determining whether to continue to permit Plaintiff to operate under a pseudonym. In this unusual case, the balance of all facts before the Court weighs in favor of disallowing Plaintiff from continuing to proceed under "Jane Doe." *See Merck & Co., Inc.*, 2012 WL 555520, at *1 ("Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court."). Accordingly, Defendant's Motion [filed August 31, 2021; ECF 101] is **granted**. The Court directs the Clerk of the Court to alter the case caption to reflect Plaintiff's legal name as found throughout the document filed at ECF 107, including paragraphs 7 and 8.

In doing so, the Court is cognizant that Plaintiff has been permitted to use a pseudonym in some of her other cases. In prohibiting that here, the Court potentially runs afoul of other court orders. Plaintiff argues as much. Resp. at 8 ("[I]f the Court grants the instant Motion, Plaintiff's identity will not only be revealed in this case, but in all other cases Defendant references in the motion.") (emphasis removed). To prevent this from occurring, the Court pursuant to D.C.Colo.LCivR 7.2 directs the Clerk of the Court to place under Restriction Level 1 this Order, the Motion filed at ECF 101, the Response filed at ECF 105, and the Reply filed at ECF 109 until further order of the Court.

---

[4] Again, the Court recognizes that Plaintiff denies doing so.

Dated at Denver, Colorado, this 8th day of November, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge