UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE HEGARTY'S NOVEMBER 8, 2021 ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER (ECF 113)**

Pursuant to Fed. R. Civ. P. 72(a), Plaintiff respectfully submits her Objections to Magistrate Judge Hegarty's Order Granting Defendant's Motion to Reconsider the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym (the "Order").

## INTRODUCTION

Plaintiff is a sexual assault survivor who seeks damages from Defendant based on him making defamatory and damaging statements about her. These statements include that Plaintiff falsely accused a mutual acquaintance of sexual assault while living in China.[1] Because of the highly sensitive nature of and stigma attached to sexual assault, particularly one that took place in a country where cultural norms hold that being raped is shameful[2], Plaintiff sought to proceed

---

[1] For purposes of these Objections Plaintiff focuses on Defendant's statements regarding her sexual assault because the highly sensitive and private nature of sexual assault is the basis for Plaintiff seeking to proceed anonymously. However, Plaintiff also seeks damages for Defendant's false statement that she made a false police report and committed insurance fraud in relation to a passport that she lost while living with Defendant.

[2] Sadly, although the United States has made some progress in this regard, sexual assault victims are still frequently blamed for the assault, especially where the assault involves an acquaintance, such as in Plaintiff's case. *See* C. Gravelin et al., Blaming the Victim of Acquaintance Rape: Individual, Situational

under a pseudonym. (ECF 11 p. 1) (requesting to proceed under pseudonym to "prevent further harm from the stigma that can attach to victims of sexual assault.") Magistrate Judge Hegarty (the "Magistrate Judge") granted Plaintiff's request on November 10, 2020 (the "Pseudonym Order"). (ECF 13.)

Over ten months after entry of the Pseudonym Order, over six months after defense counsel entered an appearance in this case, and nearly five months after defense counsel stated on the record that Defendant would challenge the Pseudonym Order, Defendant filed a Motion to Reconsider the order (the "Motion"). (ECF 101.) Plaintiff opposed the Motion arguing: (1) the motion was untimely and (2) Defendant failed to establish "extraordinary circumstances" warranting reconsideration. (*See generally* ECF 105.) Alternatively, Plaintiff argued that, even if the Magistrate Judge determined that "extraordinary circumstances" existed, it should allow Plaintiff to continue litigating this case under a pseudonym. (*Id.*) On November 8, 2021, the Magistrate Judge granted the Motion and entered the Order (ECF 113.)

In the Order, the Magistrate Judge made several clearly erroneous findings. First, the Magistrate Judge clearly erred in refusing to deny the Motion on timeliness grounds. Second, the Magistrate Judge clearly erred in finding that reconsideration was appropriate to prevent "manifest injustice" because "Defendant did not have the opportunity to respond to Plaintiff's original motion" (ECF 113 p. 5) where Defendant alone denied himself that opportunity. Third, the Magistrate Judge clearly erred by applying the wrong standard in determining whether Defendant's evidence was "new" thereby justifying reconsideration of the Pseudonym Order.

---

and Sociocultural Factors, Front. Pscyhol., available at https://doi.org/10.3389/fpsyg.2018.02422 (Jan. 21, 2019).

Fourth, the Magistrate Judge clearly erred in holding that the "balance of all facts" weighed in favor of disallowing Plaintiff to continue proceeding under "Jane Doe." (ECF 113 p. 10.) When, in fact, the "balance of all facts" shows that Plaintiff will suffer significant shame, humiliation, embarrassment and re-victimization, while Defendant's point of prejudice is his claimed inability to mount a "vexatious litigant" defense even though he is well aware of Plaintiff's true identity. Finally, the Magistrate Judge's attempts to prevent overruling other courts orders allowing Plaintiff to proceed under a pseudonym by keeping the Order and related briefing sealed is a clearly erroneous remedy. Therefore, the Court should set aside the Order and allow Plaintiff to resume litigating this case under a pseudonym.

**ARGUMENT**

Where a magistrate judge's order relates to "a pretrial matter not dispositive of a party's claim or defense," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under the clearly erroneous standard, the reviewing court [must] affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc.,* 468 F.3d 642, 658–59 (10th Cir. 2006) (internal quotations and citation omitted). Here, the Magistrate Judge clearly erred in several respects.

**I. THE MAGISTRATE JUDGE CLEARLY ERRED IN REFUSING TO DENY THE MOTION AS UNTIMELY**

In Plaintiff's Response to the Motion, she requested that the Magistrate Judge deny the motion as untimely relying on Rule 72(a)'s 14-day deadline. (ECF 105 at p. 4.) The Magistrate Judge rejected Plaintiff's reliance on Rule 72(a) in a footnote stating, "the Court is unaware of, and Plaintiff does not cite, authority that failure to timely object under Rule 72(a) prevents

3

altogether a motion for reconsideration in the same forum." (ECF 113 n. 1.) However, numerous federal courts hold otherwise. *See, e.g., Hernandez v. Loans,* No. 16CIV3755GBDHBP, 2016 WL 6561415, at *2 (S.D.N.Y. Oct. 24, 2016) (denying motion to reconsider because plaintiff waived objections to the same by failing to timely file objections under Rule 72); *Manhattan Constr. Co. v. Phillips*, No. 1:09-CV-1917-WSD, 2012 WL 13001895, at *7 (N.D. Ga. June 20, 2012) (same). As explained by one court:

> It is unusual for a Motion for Reconsideration of a [non-dispositive] ruling be made in lieu of objections with the District Court under Fed.R.Civ.P. 72. Objections filed under Rule 72 preserve assignments of error for appeal, while a motion for reconsideration does not. But, as the 14-day deadline for filing objections has now passed with plaintiff instead choosing to file a motion for reconsideration, any arguments plaintiff might have had have been waived.

*Vann-Forman v. Illinois Cent. R.R. Co.,* No. 19 C 8069, 2021 WL 1209154, at *1 (N.D. Ill. Mar. 31, 2021) (citing *Davis v. Kayira*, 938 F.3d 910, 917 (7th Cir. 2019). Therefore, the Magistrate Judge's finding as to the potential applicability of Rule 72 is clear error.

The Magistrate Judge focused his timeliness holding on Fed. R. Civ. P. 54(b). But even under that rule, timeliness matters. *See Lujan v. City of Sante Fe*, 122 F. Supp. 3d 1215, 1252 (D.N.M. 2015) (courts should "consider … the motion for reconsideration's timeliness relative to the ruling it challenges"); *see also Miami Tribe of Oklahoma v. United States*, No. CIV.A.03-2220-DJW, 2006 WL 3848949, at *4 (D. Kan. Dec. 29, 2006) ("While Rule 54(b) does not provide a deadline …, this Court agrees … that Defendants' Motion …, filed ten months after the entry of the adjudication to which it relates, is too long of a delay and further justifies denial of the motion."). Further, the Magistrate Judge's wholesale acceptance of Defendant's claim that he was "conducting due diligence" to identify all necessary information to file the Motion belies the record in

4

this case. (ECF 113 p. 4.) As far back as April 2021, defense counsel stated on the record that Defendant would challenge Plaintiff proceeding under a pseudonym "**based on all the cases that are currently pending in multiple states**." (*See* Ex. 1, April 8, 2021 Scheduling Conf. Tr. 15:24-16:2, 18:5-10) (emphasis added). Defense counsel has repeatedly brought up these cases to Plaintiff's counsel in numerous conferrals since that time, including their very first teleconference in March 2021. Even though Defendant knew about Plaintiff's other cases as far back as March/April 2021, he took no action for nearly five months. Defendant sat on his hands until he received several adverse rulings denying his serial motions to dismiss (ECF 70, 76, 84). The Court should not encourage such dilatory conduct by litigants. Based on the foregoing, and the time limitations provided for in Rule 72(a), the Magistrate Judge's timeliness ruling was clearly erroneous.

## II. THE MAGISTRATE JUDGE CLEARLY ERRED IN FINDING SUFFICIENT GROUNDS TO RECONSIDER THE PSEUDONYM ORDER

"The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Menocal v. Geo Grp., Inc.*, No. 14-CV-02887-JLK, 2015 WL 13614120, at *1 (D. Colo. Aug. 26, 2015) (citing *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995)). As such, "[a] motion for reconsideration 'is an extreme remedy to be granted in rare circumstances.'" *Id.* (quoting *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)); *see also United States v. Herula,* No. CIV06-CV-02445REBCBS, 2010 WL 1856298, at *1 (D. Colo. May 7, 2010) ("The bases for granting reconsideration are extremely limited."). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to

5

correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Magistrate Judge clearly erred in finding sufficient grounds to grant the Motion under the last two grounds for reconsideration. (ECF 113 p. 5.)

### A. The Magistrate Judge Clearly Erred in Finding "New Evidence"

In the Order, the Magistrate Judge held that the evidence attached to the Motion was "new" because it was "new evidence to the Court." (*Id.*) This holding is clear error because whether evidence is "new" to the Court is not the correct standard to determine whether evidence is "new" for purposes of reconsideration. For purposes of reconsideration, "new evidence" is evidence that was **not available** at the time of the briefing. *See Servants of Paraclete*, 204 F.3d at 1012 ("[T]he basis for the second motion must not have been available at the time the first motion was filed."); *FidoTV Channel, Inc. v. Inspirational Network, Inc.*, No. 18-CV-02295-CMA-NYW, 2020 WL 417586, at *3 (D. Colo. Jan. 24, 2020) (denying motion to reconsider where affidavit that plaintiff claimed constituted "new evidence" was previously available).

Virtually all of Defendant's evidence attached to the Motion was available to him at the time Plaintiff filed her motion to proceed under a pseudonym. Understanding that Defendant had not appeared in the case yet (albeit by his own actions because he was dodging service), and going one step further, virtually all of Defendant's "new evidence" was available to his counsel when she entered her appearance on March 8, 2020. (*See* ECF 94 Attach. A dated Nov. 12, 2018; Attach. B with case filed date of Dec. 13, 2019; Attach. D dated Aug. 29, 2019; Attach. E dated Dec. 16, 2013, Attach. F dated Feb. 11, 2020; Attach.G dated Feb. 11, 2020; Attach. H with first hearing occurring on Aug. 12, 2019; Attach. I wherein the Declarant discusses a case filed on Jan. 27, 2020; Attach. J wherein the Declarant discusses a case filed in 2019; Attach. K dated

6

March 6, 2014; Attach. L dated Oct. 6, 2014.) Therefore, the Magistrate Judge clearly erred in applying the incorrect legal standard and finding that Defendant presented new evidence because it was new to the Judge. *See Roe v. Cath. Health Initiatives Colorado*, No. 11-CV-02179-WYD-KMT, 2012 WL 1394523, at *2 (D. Colo. Apr. 23, 2012) ("[M]otions for reconsideration are not appropriate if the movant asks the court to hear … supporting facts that could have been presented originally.").

### B. The Magistrate Judge's Finding that Manifest Injustice Would Result in Failing to allow Defendant to Respond is Clearly Erroneous

In the Order, the Magistrate Judge also found that reconsideration of the Pseudonym Order was appropriate to prevent "manifest injustice" because "Defendant did not have the opportunity to respond to Plaintiff's original motion." (ECF 113 p. 5.) But Defendant deprived himself of that opportunity by avoiding service and ignoring Plaintiff's properly issued Fed. R. Civ. P. 4(d)(1) letter requesting waiver of service. The Magistrate Judge even found that Defendant had violated Rule 4(d)(1) and imposed the expenses incurred by Plaintiff in effecting service on Defendant. (ECF 64.) Further, Defendant has had since at least March 2021 to challenge the Pseudonym Order through competent counsel, but he continued to deprive himself of that opportunity through no fault of Plaintiff. Defendant depriving himself of an opportunity to respond to, or timely challenge, the Pseudonym Order does not constitute a "manifest injustice." *Cf. Beene v. Ford Motor Co.,* No. 08-CV-01086-MSK-BNB, 2011 WL 765982, at *2 (D. Colo. Feb. 25, 2011) ("The Court has significant reservations against finding that a party's regret over an unwise tactical choice is the kind of 'manifest injustice that Rule 16(e) is intended to encompass."); *Bridgestone Sports Co. Ltd. v. Acushnet Co.*, No. 05-132-JJF, 2007 WL 625851, at *2 (D. Del. Feb. 26, 2007) (no manifest injustice even though the result foreclosed a

viable defense, because the movant's "inability to pursue his defense is the result of his own strategic litigation decisions, and the Court will not rescue [the movant] from its choices"); *Raya v. Calbiotech*, No. 3:18-CV-2643-WQH-AHG, 2019 WL 11504688, at *3–4 (S.D. Cal. Nov. 26, 2019) ("[T]hat a Court's order prejudices a party is not enough to constitute a manifest injustice, especially when that party's strategic decisions are partly to blame."). Therefore, the Magistrate Judge clearly erred in finding "manifest injustice."

### III. THE MAGISTRATE JUDGE CLEARLY ERRED IN FINDING THAT THE "BALANCE OF THE FACTS" WEIGHED IN FAVOR OF REVERSING THE PSEUDONYM ORDER

"The Tenth Circuit historically has looked to the Eleventh Circuit's jurisprudence regarding whether a plaintiff should be allowed to proceed anonymously." *Doe v. Merck & Co.*, No. 11-CV-02680-RBJ-KLM, 2012 WL 555520, at *2 (D. Colo. Feb. 17, 2012) (citing *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2012)). The Eleventh Circuit has enumerated three contexts in which a pseudonym is appropriate—two of which are relevant here: (1) matters of a highly sensitive and personal nature and (2) instances where the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity. *Id.* (citations omitted). The Court must also weigh the public interest in determining whether some anonymity is warranted. *Id.* However, "the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter" such as the one here. *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1979). Here, the Magistrate Judge held that Defendant's and the public's interests outweighed Plaintiff's on the "balance of the facts." This holding is based on several clearly erroneous findings.

8

### A. The Magistrate Judge Clearly Erred in Finding Defendant Would be "Hampered" from Pursuing A "Vexatious Litigant Defense"

First, the Magistrate Judge clearly erred in finding that Plaintiff proceeding anonymously would prejudice Defendant by "hamper[ing]" him from pursuing a "vexatious litigant" defense. (ECF 113 p. 9.) In other words, as argued by Defendant, "[a]llowing Plaintiff to continue to proceed under a pseudonym" would "circumvent[] the court's ability to determine … whether Plaintiff is a vexatious litigant." (ECF 96.) Neither Defendant nor the Magistrate Judge provided any reasoning for why that would be so given that both Defendant, her counsel and the Magistrate Judge knew her real identity. And neither of the cases relied on by the Magistrate Judge in reaching this conclusion—*Merck & Co.*, 2012 WL 555520, at *2 and *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011)—involved allegations of a vexatious litigant. Clearly, as evidenced by the over 300 pages of materials attached to the Motion, there is nothing "hampering" Defendant from pursuing his "vexatious litigant" defense.

The Eleventh Circuit has rejected similar arguments where, as here, defendant knows plaintiff's identity and, therefore, can conduct adequate discovery into available defenses. *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2011). In reversing the trial court, the court in *Aware Woman Center*, found this argument was "eviscerated by [plaintiff's] offer to disclose her name to the defendants for discovery purposes." *Id.* The court concluded that was the more "reasonable way to reconcile the [parties'] competing interests." *Id.* Here, Plaintiff's privacy interests are no less worthy of protection than those of the plaintiff in *Aware Woman Center* or any other abortion cases. And the District of Colorado reached the same conclusion in *Catholic Health Initiatives Colorado*, 2012 WL 12840, at *4 when it held:

9

> **[T]he potential burden upon the Court or the opposing party is not a factor used to determine whether the use of a pseudonym is appropriate**. Rather, "'[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Heil,* 2008 WL 4889550, at * 2 (quoting *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992)). Here, the plaintiff filed a verification of the Complaint disclosing Plaintiff's true name to the defendants. Thus, the court finds Defendant's ability to conduct discovery or mount a defense will not be impaired.

2012 WL 12840, at *5 (emphasis added). Moreover, the Eleventh Circuit has held that the "social stigma attached to the plaintiff's disclosure [in certain cases]" is "enough to overcome the presumption of openness in court proceedings." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *see also Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020) (district court erred by failing "to consider that, in other cases, we have held that 'social stigma' is sufficient to warrant proceeding anonymously."). The cases identified in *Frank* were cases involving mental illness, homosexuality, and transsexuality. 951 F.2d at 324 (citing cases omitted); *see also Doe v. Hartford Life & Acc. Ins. Co.,* 237 F.R.D. 545, 549-50 (D.N.J. 2006) (magistrate clearly erred refusing to allow plaintiff to proceed anonymously while challenging denial of disability benefits based on bipolar disorder).

Here, the social stigma attached to Plaintiff's sexual assault significantly outweighs the presumption of openness in this proceeding. That would be true even if Plaintiff's assault occurred in the United States. But, as noted by Plaintiff in her response, it is especially true where the assault occurred in a country well-known for stigmatizing rape victims. (ECF 105 n. 1.) For example, studies have found that "the rape myths shifting the blame from perpetrators to victims are pervasive and generally accepted in China." *See* Posey, Jacquie, <u>Penn Study: Victim-blaming Rape Myths Prevalent in China,</u> https://penntoday.upenn.edu/news/penn-study-victim-

blaming-rape-myths-prevalent-china (Sept. 8, 2016). These cultural norms deserved recognition and credence, yet the Magistrate Judge did not even give them a passing mention. (*See generally* 113.); *Neverson*, 820 F. App'x at 988 ("The district court erred by treating Ms. Doe's motion as merely alleging personal embarrassment without accounting for what she actually alleged"—that her devout Muslim cultural beliefs held that rape brings shame to families).

In sum, allowing Plaintiff to proceed under a pseudonym presents no unique or extraordinary threat of fundamental unfairness to Defendant. Defendant already knows Plaintiff's true identity, has located significant information about Plaintiff, is clearly in contact with several different attorneys/litigants in Plaintiff's other cases, and can seek additional information to support his "vexatious litigant" defense through discovery. Having Plaintiff's real name appear in the case caption does absolutely nothing to help Defendant obtain evidence. Therefore, the Magistrate Judge clearly erred.

### B. The Magistrate Judge Clearly Erred in Finding that The Injury Litigated Against Would Not be Incurred if Plaintiff's Identity Were Revealed

The Magistrate Judge held that "this is not a case in which the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." (ECF 113 p. 9) The Magistrate Judge is incorrect. One of Plaintiff's claims is for "Unreasonable Disclosure of Private Facts." (Third Am. Compl. ¶¶ 101-109.) By ordering the clerk to add Plaintiff's legal name to the case caption, the Magistrate Judge publicly disclosed the very same private facts about which Plaintiff brought this lawsuit.[3] The Order allows public disclosure of extremely sensitive and private facts about Plaintiff's rape. This public disclosure is far worse than the

---

[3] In her First Amended Complaint, Plaintiff also sought injunctive relief to prevent Defendant from further disseminating the false statements regarding Plaintiff's sexual assault. (ECF 57 p. 5.) The Order does exactly what Plaintiff was trying to prevent.

11

initial wrongful disclosure in that it is much broader, making Plaintiff's private information available to anyone who reads court orders or who searches for Plaintiff's name in the future.

In fact, just five days after the Court entered the Order, counsel received a "media query" regarding the Order from UCLA Professor, Eugene Volokh who seeks to unseal the Order. (Exhibit 2, Nov. 13, 2021 email from Prof. Volokh.) On November 19, 2021, Professor Volokh filed his Motion to Intervene and Unrestrict Document. (ECF 116.) In his motion, the Professor seeks to unseal the Order so that he may discuss it in a publicly available article that he is writing. (*Id.* at 1.) In other words, entry of the Order immediately resulted in increased attention to this case from the media and academia. This type of unwarranted and unsolicited attention will only result in further dissemination of Plaintiff's private facts and Defendant's defamatory statements by Professor Volokh and potentially others. Professor Volokh's Motion to Intervene has only increased Plaintiff's emotional distress as she fears having this information spread further and now having to fend off Professor Volokh's and potentially other third parties' attempts to interject into this extremely sensitive case.

The cases cited by the Magistrate Judge in support of this holding are distinguishable. (ECF 113 pp. 9-10.) For example, in *Doe v. F.B.I.*, 218 F.R.D. 256, 260 (D. Colo. 2003), the plaintiff already successfully obtained a protective order in a separate proceeding that required the improperly disclosed file to be sealed, and the question was whether the plaintiff could use a pseudonym in a <u>subsequent</u> action solely for money damages. *Id.* at 257. Further, the court found that allowing the plaintiff to proceed by pseudonym would be "a futile act" because the improperly disclosed information had already been widely disseminated, including in newspaper reports and court proceedings, which is not yet the case here. *Id.* at 260. Finally, *Doe v. F.B.I.*

involved the propriety of actions by state court judges, the F.B.I., and Attorney Regulation Counsel, which is of far greater public interest than a dispute between two private individuals about the disclosure of personal information. The other cases cited by the Magistrate Judge are also readily distinguishable. *See M.M. Zavara*, 139 F.3d 798, 803 (10th Cir. 1998) (denying request to proceed anonymously where plaintiff alleged that correction officials denied her funds for transportation and expenses for abortion services because the public has an interest in knowing how state revenue is spent); *Doe v. U.S. Dep't of Justice*, 93 F.R.D. 483, 484 (D. Colo. 1982) (denying request to proceed anonymously to a judge because "[n]o prolix recitation of authority should be required to establish that the public interest in the conduct of its business by public officials is of paramount importance.").

This case is more analogous to *Catholic Health Initiatives Colorado*, 2012 WL 12840, at *4, in which the Court allowed a plaintiff to proceed under a pseudonym when alleging that her employer unlawfully collected and disclosed her confidential medical information in violation of the American with Disabilities Act. As here, the plaintiff in that case argued that "should she be forced to litigate her privacy claims under her own name, she would be required to publicly disclose the confidential [] information unlawfully gathered … and thereby exacerbate the very privacy violations underlying her lawsuit." *Id*. at *4. The court agreed, explaining that, "if it requires Plaintiff to proceed under her own name, the court itself may be violating at least the spirit of the provisions of the ADA … The court is not inclined to do so." *Id*. at *5; *see also In re Ashley Madison Customer Data Sec. Breach Litig.,* 2016 WL 1366616, at *2 –4 (E.D. Mo. Apr. 6, 2016) (allowing plaintiff to proceed anonymously in seeking damages for data breach of defendant's website that was designed to facilitate intimate relationships for married individuals,

13

concluding this was a "case where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."). Therefore, the Order will cause the injury litigated against because it will allow further disclosure of private facts regarding Plaintiff's assault.

The Magistrate Judge also clearly erred in finding that the purported prejudice to Defendant outweighed "whatever threat of re-victimization" to Plaintiff. (ECF 113 p. 10.) The Magistrate Judge concluded that Plaintiff's "need to divulge any details about the assault will be minimal, if not existent." (*Id.*) Again, the Magistrate Judge is incorrect. First, forcing Plaintiff to endure the social stigma attached to sexual assault is in and of itself re-victimization. Second, Plaintiff's Third Amended Complaint asserts a defamation per se claim based on Defendant's statement that Plaintiff falsely accused Chen of sexual assault. (ECF 85 p. 10.) Truth is an absolute defense to defamation. *Gomba v. McLaughlin*, 180 Colo. 232, 235–36, 504 P.2d 337, 338 (1972). And Defendant has made clear that he will "pursue all defenses available to him," (ECF 115 p. 3) which would include that his statements were true. To rebut this defense, of course, Plaintiff will have to divulge details about the assault. Therefore, the Magistrate Judge clearly erred in disregarding Plaintiff's arguments regarding re-victimization based on the faulty premise that she will not need to divulge details of the assault in this lawsuit.

**IV.  THE MAGISTRATE JUDGE'S ATTEMPT TO PREVENT OVERRULING OTHER COURTS IS INSUFFICIENT AND CLEARLY ERRONEOUS**

In the Order, the Magistrate Judge stated he was "cognizant that Plaintiff has been permitted to use a pseudonym in some of her other cases. In prohibiting that here, the Court potentially runs afoul of other court orders." (ECF 113.) The Magistrate Judge's "remedy" to try and "prevent this from occurring" was to keep the Order and related briefing under seal. (*Id.*) While Plaintiff appreciates the Magistrate Judge's attempt to avoid essentially undoing courts in

other jurisdiction's orders, the remedy is insufficient. ▮▮▮▮▮, Plaintiff specifically identifies how she learned of Defendant's defamatory statements—through another lawsuit ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiff is proceeding under a pseudonym in that case ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Therefore, by entering the Order and immediately changing the caption in this case, the Magistrate Judge already ran afoul of the ▮▮▮▮▮▮▮▮▮▮ protective order and numerous other court orders. The Magistrate Judge lacks jurisdiction and legal authority to overrule decisions made by other courts in other jurisdictions. *See generally* 28 U.S.C. § 636. Therefore, his remedy and the Order are clearly erroneous.

## CONCLUSION

Based on the foregoing, Plaintiff requests that the Court vacate the Order, allow Plaintiff to proceed under a pseudonym, and order the Clerk of Court to alter the case caption to reflect "Jane Doe" as the Plaintiff in this case.

Dated: November 22, 2021   Respectfully submitted,

*s/ Clarissa M. Collier*
David J. Schaller
Clarissa M. Collier
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:  303.244.1800
Facsimile:   303.244.1879
Email:   schaller@wtotrial.com
             collier@wtotrial.com

*Attorneys for Plaintiff Jane Doe*

15

## CERTIFICATE OF SERVICE (CM/ECF)

  I HEREBY CERTIFY that on November 22, 2021, I electronically filed the foregoing **PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S NOVEMBER 8, 2021 ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER (ECF 113)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

              *s/ Clarissa M. Collier*