IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

**SUPPLEMENT TO REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR IMPOSITION OF SANCTIONS, PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AGAINST PLAINTIFF AND HER COUNSEL**

---

    In her discovery responses, which were recently provided (subsequent to the filing of Defendant's Reply), Ms. Luo now admits that she *is* the author of the blog that published, in 2013, a letter containing the "defamatory" statements at issue in this case. Plaintiff's counsel, however, have failed to notify the Court of the untrue averments of the Third Amended Complaint and the knowingly false testimony contained in the affidavit of their client. Instead, they opposed Mr. Wang's motion to stay discovery pending the Court's ruling on his motion to dismiss and have knowingly continued to burden Mr. Wang with the costs of this vexatious litigation.

    **Ms. Luo's counsel have continuously represented to this Court that *until 2020* Ms. Luo did not know about the two statements at issue in this case.**

    The Third Amended Complaint (TAC) states: "Before Defendant posted this statement online, he was the only person who knew that Plaintiff reported her passport lost/stolen with the

1

Aurora Police Department," ¶ 55, and "prior to Defendant revealing this information, no one in the United States knew of Mr. Chen's sexual assault of Plaintiff." ¶ 64.

The TAC claimed that: "In 2020, Plaintiff [first] learned through a separate lawsuit . . . that Defendant made several false and incredibly damaging statements against Plaintiff." ¶ 47. "First, Defendant stated that Plaintiff filed a false police report in relation to her lost passport." ¶ 48. "Second, Defendant stated that Plaintiff falsely accused Mr. Chen of sexual assault." ¶ 57. It also claimed that "*on January 4, 2021, Plaintiff received a blog post* through the course of litigation wherein the author states that Plaintiff "has [] made false allegation[s] of rape, … and filed a frivolous police report in Colorado about losing her passport." ¶ 62 (emphasis added).

Plaintiff's counsel continued to rely on these averments of fact in defending against Mr. Wang's motion seeking dismissal of Ms. Luo's claims and against his motion seeking sanctions under Rule 11 (hereinafter "Sanctions Motion"). Specifically, in their Response to the Motion to Dismiss, Plaintiff's counsel continued to assert that Ms. Luo's claims are not time barred and, in response to the Sanctions Motion, they insisted on the accuracy of these representations and even submitted a declaration from Ms. Luo, which stated that she *"did not know* that Defendant Paul Wang had made any false statements regarding the sexual assault or the police report I filed in relation to my lost passport *until 2020.*" Resp. Exh. 9, ¶¶ 7-8 (emphasis added). Ms. Luo also asserted that she knew Mr. Wang was the author of the "blog" because "he was the only person who knew about Plaintiff's rape allegations against Mr. Chen and the only person who knew that Plaintiff filed a police report regarding her passport and would know the specific dates of her travel since he purchased her original airline ticket." *Id.,* at ¶¶ 3-4; Third Am. Compl., ¶ 63.

They conclude: "Plaintiff *first 'discovered'* Defendant's statements regarding her sexual assault in 2020 and gained further support for her claim in 2021." Response to Sanctions Motion,

2

at 10 (filed Dec. 9, 2021) (emphasis added). "Plaintiff filed her original Complaint in 2020 and TAC in 2021. Therefore, under the discovery rule, Plaintiff's Second Claim is not time barred." *Id*. "Surely, *if Plaintiff were as vexatious of a litigant as Defendant makes her out to be and she had learned of this statement in 2013, she would have filed suit then*." *Id*. (emphasis added).

> **There is no difference between Ms. Luo's conduct in this case and her conduct in multiple other cases in which she has appeared *pro se*. Ms. Luo's counsel have been advocating for similar frivolous claims of a recognized vexatious litigant who has now admitted that she has known about both statements at issue since 2013.**

In her response to Mr. Wang's discovery requests, Ms. Luo has now admitted that she is indeed the author of https://cserinusa.wordpress.com, *see* **Exhibit A** (Relevant part of Ms. Luo's discovery responses), Ms. Luo discovery response to Request for Admission No. 3. It was at that website where Ms. Luo posted, ***on December 17, 2013***, the letter from Mr. Morgann Paraskevas, which included information about both statements at issue—statements that her complaint claims no one but Mr. Wang knew about. *See* Exhibit 8 to Reply in Support of Sanctions Motion. In fact, in this post she tells Mr. Paraskevas that she "exactly" knows how he got this information:



https://cserinusa.wordpress.com (last visited May 20, 2022).

As demonstrated in Mr. Wang's Reply in support of the Sanctions Motion and Exhibit 8 attached thereto, at page 9, a part of what Ms. Luo had redacted was a statement about the "rape case in China".



Despite this and despite Ms. Luo's admission that she knew the source for Mr. Paraskevas' accusation that she had falsely reported her passport stolen or lost (Mr. Wang) in December 2013, however, her counsel have not alerted the Court to the material inaccuracy of the averments in the TAC and in their responses to the Motion to Dismiss and the Sanctions Motion. Nor have they moved to voluntarily dismiss Ms. Luo's quite obviously time-barred claims. Instead, they successfully opposed Mr. Wang's Motion to Stay Discovery and continue to burden Mr. Wang with the cost of this vexatious litigation.

In short, Plaintiffs' counsel have enabled, aided, and abetted the same kind of litigation abuse by Ms. Luo that has resulted in her being sanctioned by several other courts. *See* Mr. Wang's Motion for Reconsideration of the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym (hereinafter "Motion for Reconsideration") and Reply in its support, ECF 101, 109.[1]

---

[1] The recent opinions of the Ninth Circuit further support this conclusion. In two separate decisions in the past six weeks, that court admonished Ms. Luo for flagrant abuse of the judicial process. Both there and here Ms. Luo has attempted to hide her identity and prevent other litigants from accessing information relevant to her frivolous claims against multiple innocent defendants. On May 12, 2022, the Ninth Circuit held:

> [Ms. Lou]. has filed similar cases in other courts involving different individuals and municipalities. Decl. of Erin R. Dunkerly at 13–14, O.L. v. City of El Monte, et al., No. 21-55246 (9th Cir. Aug. 9, 2021), ECF No. 5; *see, e.g., Doe v. City of Concord*, No. 22-15384 (9th Cir. docketed March 15, 2022); *Doe v. U.S Dist. Ct. for the Cent. Dist. of Cal.*, No. 22-70056 (9th Cir. denied April 19, 2022). In those other cases, as here, she proceeds either as Jane Doe or by initials (which may or may not be her own). While O.L. makes it difficult to track her cases because she uses initials or pseudonyms, **we caution that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants**." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

*O. L. v. Jara*, No. 21-55740, 2022 WL 1499656, at *3, n. 1 (9th Cir. May 12, 2022); *id*., n. 2 (declining Ms. Luo's request to redact or seal documents on appeal). Similarly, here, Ms. Luo's counsel have filed an objection to Magistrate Judge Hegarty's decision not to allow her to proceed under a pseudonym.

On April 13, 2022, the Ninth Circuit referred another case to the District Court to allow it to determine whether Ms. Luo's "in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." **Exhibit B** (*Doe v. City of Concord*, Case No. 22-15384 (9th Cir.). On May 13, 2022, the District Court determined: "***Plaintiff's action has no arguable basis in fact or law, and her in forma pauperis status is consequently revoked***." **Exhibit C** (*Doe v. City of Concord*, Case No. 20-cv-02432-JD (N.D. Cal.), filed May 13, 2022), at 3.  Mr. Wang will be filing a motion challenging Ms. Luo's entitlement to proceed *in forma pauepris* in this action, which, if granted, would require her present counsel to withdraw.

6

**Conclusion**

Based on the foregoing and for the reasons fully briefed in Mr. Wang's motions and reply briefs, the Court should grant Mr. Wang's Sanctions Motion, bringing this frivolous and vexatious litigation to an end, and order both Ms. Luo and her counsel, jointly, to make him whole for having been forced to defend it.

Respectfully submitted this 20th day of May 2022.

                                                    */s/ Katayoun A. Donnelly*
                                                  Katayoun A. Donnelly (#38439)
                                                  Azizpour Donnelly, LLC
                                                  2373 Central Park Blvd., Suite 100
                                                  Denver, CO  80238
                                                  Tel. (720) 675-8584
                                                  katy@kdonnellylaw.com

                                                  *Attorney for Paul Wang*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, I served an electronic copy of the foregoing via CM/ECF to counsel of record.


Clarissa M. Collier
David J. Schaller
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
303.244.1800
collier@wtotrial.com
schaller@wtotrial.com


                                                    */s/ Katayoun A. Donnelly*
                                                   Katayoun A. Donnelly