UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

            Plaintiff,

v.

PAUL WANG,

            Defendant.

---

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUPPLEMENT TO REPLY IN SUPPORT OF DEFENDANT'S MOTION OF SANCTIONS PURSUANT TO RULE 11, OR IN THE ALTERNATIVE, PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS**

---

Plaintiff moves to strike Defendant's Supplement to Reply in Support of Defendant's Motion of Sanctions Pursuant to Rule 11 (the "Proposed Supplement") because Defendant did not seek leave of Court to supplement the Reply he filed in December 2021 (ECF 144.) Additionally, the Court should strike the Proposed Supplement because it purports to add new Rule 11 allegations without providing proper notice of the same to Plaintiff pursuant to Fed. R. Civ. P. 11(c)(2). Alternatively, if the Court decides to consider Defendant's Proposed Supplement, Plaintiff hereby seeks leave to file and contemporaneously submits her Supplemental Response, the substance of which conclusively establishes that Plaintiff's claims against Defendant are not time barred and, at the very least, have the evidentiary support required by Rule 11.

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Plaintiff has conferred with Defense counsel. Defendant opposes the motion and Defense counsel specifically requested that Plaintiff

note Defendant's opposition as follows: "for all the reasons stated in Mr. Wang's Rule 11

motion, the reply it [sic] its support, and the supplement filed after receiving Ms. Luo's

discovery responses, Mr. Wang opposes Ms. Luo's motion."

## ARGUMENT

I.   **THE COURT SHOULD STRIKE DEFENDANT'S IMPROPERLY FILED
     PROPOSED SUPPLEMENT**

   A.   **Defendant Failed to Request Leave from the Court Before Filing the
        Proposed Supplement**

Nearly five months after  the parties fully briefed Defendant's Motion for Imposition of

Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Against Plaintiff and her

Counsel (the "Rule 11 Motion"), Defendant now seeks to Supplement his briefing without any

advanced notice to Plaintiff's counsel, conferral, or leave of Court. However, the Court should

"not tolerate an attorney filing repetitive supplements and corrections to prior filings without

leave (particularly filings effecting substantive changes to motions and briefs occurring after the

deadline for filing those motions or briefs had passed)[.]" *Felix v. City & Cnty. of Denver*, 729 F.

Supp. 2d 1243, 1247 (D. Colo. 2010), opinion adhered to on reconsideration, No. 08-CV-02228-

MSK-KMT, 2011 WL 1085766 (D. Colo. Mar. 24, 2011), and aff'd, 450 F. App'x 702 (10th Cir.

2011), and aff'd, 450 F. App'x 702 (10th Cir. 2011). This is so because "[s]uch filings pose a

significantly increased burden on the Court, which must attempt to sift through an artificially-

expanded docket to locate the numerous filings that constitute the motion papers, and burdens

the [the other party], who must constantly respond to ever-evolving arguments, often with a

shortened response period." *Id.*

The parties have already extensively briefed Defendant's misplaced Rule 11 Motion.

Further delay in ruling on the motion through additional supplementation does not serve the

interests of justice and will prevent finality on this issue. *See, e.g., Clark v. Roche*, No. CV 03-0666 LH/ACT, 2004 WL 7337502, at *1 (D.N.M. Oct. 28, 2004) (refusing to consider "supplemental response" that "was filed beyond the deadline for briefs on [the] motion and without leave of Court[.]"); *Turner v. XL Specialty Ins. Co.*, No. CIV-19-451-R, 2020 WL 6531228, at *2 (W.D. Okla. June 2, 2020) (where "there ha[d] already been extensive briefing" on defendant's motion for summary judgment, court denied "Plaintiff leave to file supplemental briefing and evidence in support of his response."). Therefore, the Court should strike the Supplement, refuse to consider it, and determine the Rule 11 Motion on the briefing that the parties completed on December 27, 2021. (ECF 132, 137, 144.)

**B.     Defendant's Proposed Supplement Alleges Additional Rule 11 Violations That He Did Not Provide Proper Notice of Under Rule 11(c)(2)**

The Court should also strike Defendant's Proposed Supplement for failing to comply with Rule 11(c)(2). In Defendant's Proposed Supplement he essentially alleges for the first time that Plaintiff has now committed perjury and that Plaintiff's counsel has aided and abetted her in that effort. (ECF 160 pp. 1.) Defendant's accusation is unwarranted and patently false. It also amounts to yet another contrived allegation of Rule 11 violation that he did not provide proper notice of under the rules.

Rule 11(c)(2) provides that "[a] motion for sanctions ... must describe the specific conduct that allegedly violates Rule 11(b)" and that it "must be served" and not "filed or []" presented to the court" for 21 days. This requirement is "designed to 'protect[] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior ..." *Kazazian v. Emergency Serv. Physicians, P.C.*, 300 F.R.D. 672, 677

(D. Colo. 2014). Yet, Defendant provided Plaintiff and her counsel with no notice that he intended to now accuse Plaintiff of committing perjury. Defendant's failure to provide sufficient notice of this new allegation under Rule 11 violates Plaintiff and her counsel's due process rights and, therefore, must be stricken. *See Brandon Steven Motors, LLC v. Landmark Am. Ins. Co.*, No. 19-CV-02659-HLT-GEB, 2021 WL 2913556, at *3 (D. Kan. July 12, 2021) ("A party seeking Rule 11 sanctions must satisfy the mandatory procedural requirements of the Rule 11(c)(2) safe harbor provision before a court is permitted to order sanctions.").

## II. ALTERNATIVELY, IF THE COURT CONSIDERS DEFENDANT'S PROPOSED SUPPLEMENT, IT SHOULD ALSO CONSIDER PLAINTIFF'S SUPPLEMENT

Defendant filed his Rule 11 Motion based on Plaintiff's refusal to succumb to Defendant's demand that Plaintiff voluntarily dismiss her lawsuit against him with prejudice. Defendant alleged, among other things, that Plaintiff's claims are time barred. In making his most-recent argument, Defendant now asserts that the "Wordpress" blog that is imbedded in his Proposed Supplement establishes that Plaintiff knew that Defendant had made the defamatory statements about her at issue in this action, in 2013. Defendant is, again, mistaken as a matter of fact and law.

### A. Defendant's Continued Reliance on the Wordpress Blog is Misplaced Because That Document Does not Serve as the Basis of Plaintiff's Complaint Against Him

Misleadingly, Defendant continues to point to a "WordPress" blog post that does not, in fact, serve as the basis for Plaintiff's claims against him. From the outset, Plaintiff has alleged that she learned of Defendant's defamatory statements in 2020. (ECF 1 ¶ 14.) Indeed, in the operative Complaint, Plaintiff stated that she learned Defendant was defaming her through a separate lawsuit referred to therein as the Weamer Litigation. (ECF 85 ¶ 47.) Specifically, in that

lawsuit Mr. Weamer asked Plaintiff interrogatory questions about Chen Guochang and Plaintiff's filing of a police report in relation to her lost passport. (ECF 137-9 ¶¶ 3, 5.) Then, in January 2021, Plaintiff received the blog post that she attached to her Declaration in Support of Response to Motion for Sanctions, which she believes the Defendant authored. (ECF 137-10.) As the Court can clearly see, this blog post is not the same blog post contained in the Supplement. (ECF 160, p. 4.)

Further, Plaintiff clearly stated in her affidavit that she believed that Defendant made defamatory statements about her to Mr. Weamer because (to her knowledge) Defendant was the only person in the United States "who knew the name of the perpetrator (Chen Gouchang)," and knew "specific information regarding" her travel to San Francisco on certain dates. (ECF 137-9 ¶¶ 4, 7.) Yet, the blog post that Defendant seems to believe is somehow his "silver bullet" contains none of that specific information, does not mention Defendant, and does not mention Mr. Weamer who is the person that Defendant made the defamatory statements to. Therefore, the "WordPress" blog post imbedded in Defendant's Proposed Supplement is irrelevant to Plaintiff's claims and to the Court's determination of whether her claims against Defendant are time barred. This is especially true where, as stated below, Plaintiff now has conclusive proof that Defendant made the defamatory statements at issue as recently as May 2020.

**B.    Defendant's Own Text Messages Conclusively Establish that Plaintiff's Claims are Not Time Barred**

Defendant's own text messages, produced through discovery, conclusively confirm that Plaintiff's claims are not time barred. Through discovery, Plaintiff obtained the following text message exchanges on May 27 and July 29, 2020 between Defendant and Mr. Weamer

(Defendant's messages are in blue text message boxes and Mr. Weamer's are in black text message boxes):







Thus, it is now <u>undisputed</u> that Defendant made both defamatory statements to Mr. Weamer in May 2020 just as Plaintiff has alleged all along. Plaintiff filed her Original Complaint on September 11, 2020—or well within the one year statute of limitations period applicable to her claims. *Conrad v. The Educ. Res. Inst.*, 652 F. Supp. 2d 1172, 1186 (D. Colo. 2009) ("A one-year statute of limitation applies to Plaintiff's defamation/libel claim.") (citing Colo.Rev.Stat. § 13–80–103(1)(a).). Therefore, Defendant's statute of limitations argument is not only baseless, but it is disingenuous and the Court should deny the Rule 11 Motion.

## CONCLUSION

Defendant's continued use of Rule 11 as a sword and substitute for awaiting a ruling on his Motion to Dismiss or filing a Motion for Summary Judgment is improper. *See Ross v. Mukasey*, No. CIV.A. 08-CV-00643-P, 2009 WL 4250124, at *2 (D. Colo. Nov. 24, 2009) ("[U]nlike a motion for summary judgment or other established means for addressing the merits of a case, Rule 11 lacks a framework under which factual issues may be settled."); *Mover's & Warehousemen's Ass'n of Greater New York, Inc. v. Long Island Moving & Storage Ass'n, Inc.*, No. 98 CV 5373 (SJ), 1999 WL 1243054, at *8 (E.D.N.Y. Dec. 16, 1999) ("Effective representation, particularly in difficult cases, should not be inhibited by re-creating Rule 11 as a modern-day sword of Damocles. The rulemakers clearly intended Rule 11 as a shield against frivolous litigation, not a sword disposing of all innovation in the law."). For these reasons, and the reasons set forth in Plaintiff's Response to the Rule 11 Motion (ECF 137), the Court should

deny the motion and award Plaintiff the costs and fees incurred in responding to Defendant's

Rule 11 filings.[1]

Dated: May 23, 2022                          Respectfully submitted,

                                             s/ Clarissa M. Collier
                                             David J. Schaller
                                             Clarissa M. Collier
                                             Wheeler Trigg O'Donnell LLP
                                             370 Seventeenth Street, Suite 4500
                                             Denver, CO 80202
                                             Telephone:   303.244.1800
                                             Facsimile:    303.244.1879
                                             Email:   schaller@wtotrial.com
                                                      collier@wtotrial.com

---

[1] As stated in Plaintiff's Response to the Rule 11 Motion, because counsel is representing her on a pro bono basis through the FFA Pro Bono Program, counsel will donate any fees rewarded to that program.

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

     I HEREBY CERTIFY that on May 23, 2022, I electronically filed the foregoing **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUPPLEMENT TO REPLY IN SUPPORT OF DEFENDANT'S MOTION OF SANCTIONS PURSUANT TO RULE 11, OR IN THE ALTERNATIVE, PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com

*s/ Clarissa M. Collier*