**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

      Plaintiff,

v.

PAUL WANG,

      Defendant.

---

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AND REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S SUPPLEMENT TO HIS MOTION FOR  IMPOSITION
OF SANCTIONS, PURSUANT TO  RULE 11 OF THE FEDERAL RULES OF CIVIL
PROCEDURE, AGAINST PLAINTIFF AND HER COUNSEL**

---

      Ms. Luo and her counsel are asking the Court to wipe from the record in this case the

supplemental evidence of the pattern of ***"flagrant abuse of the judicial process"***, *O. L. v. Jara*,

No. 21-55740, 2022 WL 1499656, at *3, n. 1 (9th Cir. May 12, 2022) (describing Ms. Luo's

behavior in the slew of litigation she has brought against several defendants) (emphasis added).

      <u>**Ms. Luo and Her Counsel Cannot and Do Not Deny That They Have Made
Inaccurate Material Representations of Fact to This Court**</u>

      Ms. Luo and her counsel admit that they have continuously represented to the Court that:

- "Before Defendant posted this statement online, he was the only person who

  knew that Plaintiff reported her passport lost/stolen with the Aurora Police

  Department," Third Amended Complaint (TAC), ¶ 55, and "prior to Defendant

  revealing this information, no one in the United States knew of Mr. Chen's sexual

  assault of Plaintiff." *Id*., ¶ 64; *see also* Resp. Motion for Sanctions, Exh. 9 Doc.

  No. 137-9), ¶¶ 4, 7 .

1

- **"[Ms. Luo] did not know that Defendant Paul Wang had made _any_ false statements regarding the sexual assault or the police report I filed in relation to my lost passport _until 2020_."** Exhibit 9 to her Response to Sanctions Motion (Ms. Luo's December 8, 2021 Declaration. Doc. No. 137-9) (emphasis added).

Ms. Luo and her counsel also admit that on May 4, 2022, in Ms. Luo's discovery responses, she finally acknowledged that she is the author of the blog where, on ***December 17, 2013***, she, herself, posted a letter (from Mr. Morgann Paraskevas) that contained statements both regarding her allegation of sexual assault in China and her report of a stolen/missing passport to the police. And she told Morgann Paraskevas in that same post that she "exactly" knows how he got this information, https://cserinusa.wordpress.com—which, according to her complaint and sworn Declaration, could only have been Mr. Wang.

So, in fact, she now (finally) admits that she knew Mr. Wang had communicated that information to Mr. Paraskevas as early as 2013 and that the information had been published online in 2013. (She published the letter on her blog but, to this day, has not produced the unredacted version).

IMAGE

# Let's see what a funny jerk did



**FROM**



**#ORGANN070**
Rockville
Maryland
**United States**

- **VERIFIED MEMBER (3)** more info
- Last Login: 2 hrs ago
- Member since: March 29th, 2010
- Gender: Male
- Username: MORGANN070
- Couch Available: Yes
- Couchsurf Requests Replied To: 100%

[do not respond directly to this email, use the link]

This is the last chance I am giving you to remove your blog.

I have received calls offering me money to get it removed, so apparently it's a typical chinese scam from what my lawyers told me. People write a bad blog, then someone contacts you and offers to remove it for a fee, or money. I will never pay for this of course.

We did not have a good experience but I don't think anyone wins by bringing harm to the other. We can put this behind now or there will be legal consequences.

Take it off now and we can put it behind. If you don't, tomorrow I will file my police report (that I already made right after you left your place) and file it with the commissioners office. Meaning that at that point, they will put a warrant for your arrest when you return back to the US.

I hired a private investigator so I know more about you then you think. For example,



I have [redacted] and other people who you have

If I don't hear from you by tomorrow morning my time, I will be heading to the commissioners office. When your police friend in the US sees what you have been doing, I don't think he will be your friend anymore. I also have a copy of a passport you claimed was stolen or lost and then

Morgann Paraskevas, if you could take legal actions why didn't you do it in Sep? Why did you find out your money was stolen ten days after I left your place? Why could I come back home if you did file a police report? I didn't steal anything so bluffing didn't work for me. I already called police department 1st District Station (Rockville): 240-773-6070 and told them what happened. Why do you think you can bluff me just because you got my private information? I exactly know where you got it from. I look weak but not as weak as you thought. I have bunch friends in legal enforcement too.

December 17, 2013          Posted in Uncategorized
                           Leave a reply



**<u>Even in The Motion to Strike Plaintiff and Her Counsel Continue to Make Inaccurate Material Representations of Fact to This Court</u>**

Having published the letter from Morgann Paraskevas, which included both statements, in her blog in 2013, Ms. Luo also knew with certainty that Mr. Paraskevas, not Mr. Wang, was the author of the statement in paragraph 62 of the TAC, which accused her of having: "made false allegation[s] of rape, … and filed a frivolous police report in Colorado about losing her passport." *See* Reply in Support of Motion for Sanctions, at 9.

In her Motion to Strike, filed May 23, 2022, though, Plaintiff again represents to this Court that she believes statements in a blog post she claims *to have first discovered in January 2021* (in the *Weamer* litigation) was authored by Mr. Wang. Motion to Strike, at 5 (citing ECF No. 137-10). Both Plaintiff and her counsel are well aware that upon receiving that document,

produced in the *Weamer* case, Ms. Luo knew that it was authored by one Morgann Paraskevas, the same person whose letter she copied and posted on her own blog in 2013.

ECF No. 137-10 is a reproduction of a portion of a blog posting from December 16, 2013, on a website bearing the headline (in ALLCAPS text):



**XINGFEI LUO BETTER KNOWN AS OPHELIA LUO or OLIVIA LUO , AND HER CHINESE SCAM. BEWARE, DEFAMATION SPECIALIST.**

POSTED BY ANONYMOUS123177 IN UNCATEGORIZED          ≈ 3 COMMENTS

*See* https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam  (last visited May 24, 2022).

A side-by-side comparison of Mr. Paraskevas' blog post (https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/#comments) and Ms. Luo's blog post (https://cserinusa.wordpress.com/2013/12/17/lets-see-what-a-funny-jerk-did/) reveals that the author of the former blog post, "morgann070" or "anonymous123177," is the same Morgann Paraskevas, whose "morgann 070" identifier appeared in Ms. Luo's **2013** post about him, https://cserinusa.wordpress.com/2013/12/17/lets-see-what-a-funny-jerk-did/ ; *See* Reply in Support of Motion for Sanctions, Exhibit 6 (comparing Ms. Luo's and Mr. Paraskevas's 2013 online publications).

Mr. Wang respectfully requests that the Court grant him the opportunity to demonstrate this in Court.



And if that were not enough, in his **December 16, 2013** blog post, Mr. Paraskevas, on the

same page that the quote from TAC ¶ 62 appears, specifically refers to a police report *he* filed

against Ms. Luo claiming that she stole money from him, making it unmistakably clear that he is

the author of the blog. (There are no allegations in this case that at any time Mr. Wang has claimed to have filed a police report against Ms. Luo for theft).



"

*"If you see or meet this person, be aware, she has already made false allegation of rape, false claims about other people as well, filed a frivolous police report in Colorado about losing her passport then ironically used that same passport at a San Francisco airport on December 2nd 2013."*

*"I have filed a police report about her stealing money from me as well."*

https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/ (last visited May 24, 2022). (This is also in both "Exhibit L" to declaration of Amanda Papac Esq., which was produced in the *O.L. v. City of Del Monte* case and in disclosures in *Weamer*. *See* **Exhibit A** (Ms. Papac's Declaration, which includes that declaration and Exhibit L thereto. The complete version of Ms. Papac's Declaration is attached to Mr.

7

Wang's Reply in Support of the Sanctions Motion [Doc. No. 144-5].); *id.*, ¶ 4 ("[W]e provided O.L. the <u>unredacted links to all websites</u> cited in my declaration and <u>unredacted copies of their contents</u> were attached as exhibits to the declaration." [emphasis added]); **Exhibit B** (Declaration of Dawn Ceizler Esq., Exhibit B (similar disclosures to Ms. Luo in *Weamer*).

This is the same police report about stolen money that on **December 17, 2013**, (i.e., **the very next day**), Ms. Luo addressed when she posted Mr. Paraskevas' letter on (what she now admits is) her own blog: "Morgann Paraskevas, if you could take legal actions why didn't you do it in Sep? Why did you find out your money was stolen ten days after I left your place? Why could I come back home if you did file a police report? I didn't steal anything so bluffing didn't work for me." https://cserinusa.wordpress.com/2013/12/17/lets-see-what-a-funny-jerk-did/   (last visited May 24, 2022).

# Let's see what a funny jerk did



Yet, to this date, without a scintilla of evidence to support her allegation, and in the face of the undeniable evidence to the contrary, Ms. Luo and her counsel continue to falsely represent to this Court that she believes Mr. Wang (not Mr. Paraskevas) was the author of the blog post referenced in TAC ¶ 62, *See* Motion to Strike, at 5.

Curiously, too, when she filed Mr. Paraskevas' blog post in this Court, as an exhibit to her Declaration (ECF 137-9), she attached *only the first page* of what was, in fact, a 4-page exhibit produced to her in the *O.L. v. Jara* case. *Compare* **Exhibit A** (containing the complete 4-page "Exhibit L" to Declaration of Amanda G. Papac) and **Exhibit B** (which also includes this crucial information) with **Exhibit C** (The one-page version of the document that Ms. Luo submitted to the Court, Doc. No. 137-10, which **leaves out** the sentence ***"I have filed a police report about her stealing money from me as well."***).

### The Attempts to Divert the Court's Attention From the Rule 11 Violations Fall Far Short and Introduce Additional Inaccurate Material Representations of Fact

Rather than acknowledge the undisputed evidence of their intentional inaccurate representations to the Court, Ms. Luo and her counsel try to divert the Court's attention from the pending motion seeking the imposition of appropriate sanctions.

First, they argue that Ms. Luo's pattern of defrauding the courts (and committing perjury by filing knowingly false testimony) had not been included in Mr. Wang's original Rule 11 motion. That is incorrect. Whether Ms. Luo has knowingly prevaricated about her knowledge of these statements since 2013 has been at the center of Mr. Wang's arguments in the Motion for Sanctions and its reply, *see* Motion for Sanctions (Doc. No. 132), 4-5, 7-8; Reply in support of Motion for Sanctions (Doc. No. 144), 4-5, 8-9, as well as his briefings of the Motion to Dismiss (Doc. No. 92), 8-10, 14; Reply (Doc. No. 106); 4, 6. To pretend that this is a new issue and to

use it as the basis for filing the Motion to Strike is another attempt to drain Mr. Wang's financial

resources as punishment for agreeing to be a witness against Ms. Luo in the *Weamer* case.

Second, they argue that the Court should ignore their intentional inaccurate

representations because Mr. Wang also made both of these statements to Mr. Weamer in 2020.

This argument is even more intriguing since it both includes, on its face, an **additional**

inaccurate representation of a material fact and ignores the fact that this was a private one-on-one

conversation (exchange of instant messages) protected under the well-established "litigation

communications privilege".

Ms. Luo and her counsel represent to this Court that Mr. Wang made actionable

statements to Mr. Weamer and they imbed in their Motion to Strike a few text messages Mr.

Wang and Mr. Weamer exchanged in 2020. Thus, Ms. Luo's counsel represents to this Court that

her client's claim is not time barred because Mr. Wang made an actionable statement to Mr.

Weamer in 2020. Motion to Strike, at 9 ("Thus, it is now underlined undisputed that Defendant made both

defamatory statements to Mr. Weamer in May 2020 just as Plaintiff has alleged all along.")

It is, however, striking that at no point during these private conversations between a

potential witness and defendant (in a case that has since been dismissed and during which Ms.

Luo has been sanctioned for litigation abuse) did Mr. Wang make any statement about a "**false**"

claim of rape. Motion to Strike, pp. 6-8. Mr. Wang's statements to Mr. Weamer regarding this

issue is nothing but an objective description of Ms. Luo's admitted actions: that she ***accused***

someone of raping her, which she has admitted in her complaints and other pleadings. *See, e.g.,*

TAC, at 3.



*Id*. at 6.

Thus, the "evidence" Ms. Luo herself advances shows, undisputedly, that there is nothing false or defamatory in his statement: she *did* accuse someone of rape (in fact, she has done so multiple times, here in the United States). Mr. Wang did *not* say she had done so "falsely."

Further, Ms. Luo and her counsel intentionally leave out a critical part of a document they present to this Court, namely, the very first exchange between Mr. Weamer and Mr. Wang, where Mr. Weamer asks him to provide information *for use in litigation*, and to potentially serve as a witness in Mr. Weamer's case.[1]

---

[1] Ms. Luo and her counsel also continue to disregard the declaration of Mr. Weamer's counsel specifically stating that Mr. Wang *is* a witness in the *Weamer* case (and remains one until she exhausts her appellate remedies). *See* Reply in Support of Sanctions Motion, at 7; *id.*, Exh. 4 (Decl.of D. Ceizler, Esq.), ¶¶ 3-4; **Exhibit B**, ¶¶ 3-4.



**I'm dealing with a legal issue [from] [M]s Luo and I'm trying to find information to provide my lawy[e]r.**

One would be hard-pressed, indeed, to demonstrate a clearer case of (1) a person responding to an express request for information by a self-proclaimed litigant for information to be used in that litigation (i.e., clear cut application of the "litigation communications privilege") or (2) a deliberate effort by Ms. Luo and her counsel to hide from this Court *the actual context* in which Mr. Wang's statements were communicated to Mr. Weamer.

Finally, even *if* arguendo, Mr. Wang's statements in private text messages to Mr. Weamer were not protected by the absolute litigation privilege (which they quite clearly are), she would still have the burden to prove her claims related to the statements she alleges that Mr.

Wang (not Mr. Paraskevas) *published on the internet,* TAC ¶ 52, 62, are not time-barred under the single publication rule.[2] To date, she has failed to produce a single piece of evidence that could prove anything Mr. Wang posted to the internet was within the statute of limitations.

**Conclusion**

The Court should deny Ms. Luo's Motion to Strike. The intentional inaccurate representations to this Court, now with the assistance of counsel, regarding when Ms. Luo first learned of these statements and the nature and context of those statements are fully consistent with her well-documented pattern of abuse of the judicial process. It is high time for this Court to join the Ninth Circuit and put an end to it.

Respectfully submitted this 24th day of May 2022.

/s/ Katayoun A. Donnelly
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Paul Wang*

---

[2] When tort claims are based on online publications, the date the material first appeared online triggers the "should have known" requirement for the purpose of the discovery rule. *See* Mot. Dismiss at 10, Reply 4-5 (citing *Phillips v. World Pub.Co.*, 822 F. Supp. 2d 1114, 1122 (W.D. Wash. 2011) ("In the internet context, the statute of limitations begins to run when the allegedly infringing material is first posted on the internet.") (citing *Canatella v. Van De Kamp*, 486 F.3d 1128, 1134–36 (9th Cir. 2007)); *Bloom v. Goodyear Tire & Rubber Co.*, 2006 WL 2331135at *7 (D. Colo. Aug. 10, 2006); *Hoai Thanh v. Ngo*, No. PJM 14-448, 2016 WL 3958584, at *10–12 (D. Md. July 22, 2016), *aff'd sub nom.Hoai Thanh v. Hien T. Ngo*, 694 F. App'x 200 (4th Cir. 2017); *Wolk v. Olson*, 730 F. Supp. 2d 376, 378 (E.D. Pa. 2010); *Deatley v. Allard*, 2015 WL 134271, at *5; *Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, 2013 WL 212640, at *4).

13

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2022, I served an electronic copy of the foregoing via

CM/ECF to counsel of record.


Clarissa M. Collier
David J. Schaller
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
303.244.1800
collier@wtotrial.com
schaller@wtotrial.com


*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly

14