IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| XINGFEI LUO,<br>    Plaintiff,<br><br>v.<br><br>PAUL WANG,<br>    Defendant. | Case No. 1:20-cv-02765-RMR-MEH |

**Unopposed Motion to Unrestrict Document**

Intervenor Eugene Volokh moves to unrestrict access to this Court's June 13, 2022 Order (ECF No. 165). Volokh has conferred with counsel for both parties, and both state that they have no objection to this motion.

Date: June 23, 2022

Respectfully submitted,

*/s/ Eugene Volokh*

Eugene Volokh, pro se
Scott & Cyan Banister
First Amendment Clinic
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

**Memorandum**

Eugene Volokh is a professor of law at UCLA School of Law, where he writes on First Amendment law, including libel law, and on pseudonymity. He has written a draft law review article called *The Law of Pseudonymous Litigation*, which should be published within a few weeks, http://www.law.ucla.edu/volokh/pseudonym.pdf; the article mentions this case at pp. 101 n.†, 118-19 & nn.74-75, 121 & nn.86-90, 122-23 nn.95 & 100, and 136 & n.165. Volokh also publishes a blog at the *Reason* Magazine site, http://reason.com/volokh, where he has written about this case at https://reason.com/volokh/2022/01/12/court-depseudonymizes-plaintiff-after-evidence-arises-related-to-plaintiffs-past-cases-emerges/ and https://reason.com/volokh/2022/05/19/no-pseudonymity-for-plaintiff-suing-over-errors-in-criminal-history-report/.

He would like to further discuss the case, and in particular the June 13, 2022 Order that decided various important motions. He is acting on his own behalf, and (as is customary with academics) not on behalf of UCLA or any other institution.

Judge Hegarty's Order of Dec. 22, 2021, ECF No. 143, at 2, stated that Volokh's "request to intervene in this matter solely to challenge the restriction of documents is granted." If, however, this Court wishes to see a separate motion to re-intervene to challenge the restriction of this new document (Order, ECF No. 165), Volokh would be happy to file such a motion.

### I.   The common-law right of access strongly applies to opinions

The public has a presumptive common-law right to access judicial records in civil cases. *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th

Cir. 2011). "[S]ecret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996). "It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter." *Vega v. Wiley*, No. CIV.A.07-CV-01356-LTB-0MEH, 2007 WL 4287730, at *1 (D. Colo. Dec. 5, 2007).

This right of access especially includes access to this Court's opinions. *See, e.g., United States v. Mentzos*, 462 F.3d 830, 843 n.4 (8th Cir. 2006) (concluding that defendant's "motion to file this opinion under seal" should be denied "because the decisions of the court" are presumptively "a matter of public record"). "[I]t should go without saying that [a] judge's opinions and orders belong in the public domain." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). "Opinions are not the litigants' property. . . . They belong to the public, which underwrites the judicial system that produces them." *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) (Easterbrook, J., one-judge order). "Without access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014). "There is no doubt that the court orders themselves are judicial records. . . . [T]he issuance of public opinions is core to the transparency of the court's decisionmaking process." *In re Application of Jason Leopold*, 964 F.3d 1121, 1128 (D.C. Cir. 2020) (cleaned up).

If the opinion contains any confidential information, that information should be redacted, rather than having the entire opinion be sealed. *See* D.C.COLO.LCivR

7.2(c)(4) (expressing a preference for "alternative[s] to restriction" such as "redaction, summarization, [or] restricted access to exhibits or portions of exhibits"); Order, ECF No. 143, at 3 ("Weighing the public's interests in judicial filings with the need to protect Plaintiff's anonymity in other cases as ordered by those tribunals, the Court agrees that redaction would be appropriate here.").

## II. This court should also recognize a First Amendment right of access to judicial opinions in civil proceedings

Besides this common-law right of access, there is also a First Amendment right of access to court documents in civil proceedings. There is a First Amendment right of access to criminal trials, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573, 580 (1980) (plurality op.); *id.* at 585 (Brennan, J., concurring in the judgment), and courts have concluded that "the justifications for access to the criminal courtroom apply as well to the civil trial." *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1178 (6th Cir. 1983). "[T]he First Amendment does secure to the public and to the press a right of access to civil proceedings . . . ." *Westmoreland v. Columbia Broad. Sys. Inc.*, 752 F.2d 16, 23 (2d Cir. 1984); *see also Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984); *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1178 (6th Cir. 1983); *Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1308 (7th Cir. 1984); *Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014). This right extends to "pretrial court records" as much as to trial proceedings. *Mokhiber v. Davis*, 537 A.2d 1100, 1108 (D.C. 1988).

The Tenth Circuit has not yet ruled on whether such a First Amendment right of access exists in civil cases, *see United States v. Pickard*, 733 F.3d 1297, 1302 n.4 (10th

Cir. 2013), but the precedents from every circuit that has passed judgment on the question support recognizing such a right. As courts have recognized, the First Amendment right of access attaches to judicial documents in civil cases if there is "(1) a historical tradition of accessibility, and (2) a significant positive role for public access in the functioning of the judicial process in question." *IDT Corp. v. Ebay*, 709 F.3d 1220, 1224 n.* (8th Cir. 2013). The documents in this case satisfy both prerequisites.

First, "[t]here is a long tradition of public access to court orders." *Hardy v. Equitable Life Assurance Soc'y*, 697 F. App'x 723, 725 (2d Cir. 2017). "[S]ince at least the time of Edward III, judicial decisions have been held open for public inspection." *Application of Leopold*, 964 F.3d at 1128.

Second, access to judicial opinions plays a significant positive role in the functioning of the judicial process. "Without access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." *Pub. Citizen,* 749 F.3d at 267. "Without monitoring[,] . . . the public [can] have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Ensuring public access to judicial opinions is crucial to our justice system. "As ours is a common-law system based on the 'directive force' of precedents, its effective and efficient functioning demands wide dissemination of judicial decisions." *Lowenschuss v. West Pub. Co.*, 542 F.2d 180, 185 (3d Cir. 1976). "Practicing attorneys must be able easily to locate authoritative precedents for their positions." *Id.* And this logic applies to persuasive precedents as well as binding precedents.

4

The First Amendment right of access calls for an even more demanding test than does the common-law right of access: "With respect to those proceedings and documents to which the First Amendment right of access applies, sealing is only appropriate if the district court makes 'specific, on the record findings demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *United States v. McVeigh*, 119 F.3d 806, 814 (10th Cir. 1997) (cleaned up) (quoting *Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1, 13-14 (1986)). For the reasons given above, this test cannot be satisfied here; and if this Court concludes that there is a compelling interest in concealing some items within the opinion, the solution to that would be redaction rather than outright sealing, see Order, ECF No. 143, at 2.

## Conclusion

The public, including Volokh, has a First Amendment and common-law right to access this Court's June 13, 2022 Order. Volokh therefore asks for leave to intervene to assert this right, and asks that this Court unrestrict access to that order, if necessary with suitable redactions.

    Respectfully submitted,

    */s/ Eugene Volokh*

    Eugene Volokh, pro se
    Scott & Cyan Banister
    First Amendment Clinic
    UCLA School of Law
    385 Charles E. Young Dr. E
    Los Angeles, CA 90095
    (310) 206-3926
    volokh@law.ucla.edu

**Certificate of Service**

I certify that on June 23, 2022, I served this material by ECF on all parties.

Eugene Volokh, pro se