IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

      Plaintiff,

v.

PAUL WANG,

      Defendant.

---

## ORDER

---

Pending before the Court are Defendant Paul Wang's Motion to Dismiss the Third Amended Complaint, ECF Nos. 90, 92;[1] Defendant's Motion for Imposition of Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Against Plaintiff and Her Counsel, ECF No. 132; Plaintiff Xingfei Luo's Motion to Strike Defendant's Supplement to Reply in Support of Defendant's Motion of Sanctions Pursuant to Rule 11, or in the Alternative, Plaintiff's Supplemental Response to Defendant's Motion for Sanctions, ECF No. 161; and Plaintiff's Objections to Magistrate Judge Hegarty's November 8, 2021 Order Granting Defendant's Motion to Reconsider (ECF 113), ECF Nos. 117, 123.

---

[1] Where the Court cites to a document filed under restriction, the Court's first citation is to the Electronic Case Filing ("ECF") numbers of both the restricted document and public filing; the Court's subsequent citations are to the ECF number of only the restricted document.

For the reasons stated below, Defendant's Motion to Dismiss, ECF No. 90, is GRANTED IN PART and DENIED IN PART; Defendant's Motion for Sanctions, ECF No. 132, is DENIED; Plaintiff's Motion to Strike Defendant's Supplement to its Reply in Support of its Motion for Sanctions, ECF No. 161, is DENIED AS MOOT; and Plaintiff's Objections to Magistrate Judge Hegarty's Order Granting Defendant's Motion to Reconsider, ECF No. 117, are OVERRULED, and Magistrate Judge Hegarty's Order, ECF No. 113, is AFFIRMED.

## I.    BACKGROUND

On September 11, 2020, Plaintiff, proceeding *pro se*, filed the first Complaint in this case.  ECF No. 1.  In November of 2020, before Defendant was served and before either party was represented by counsel, Magistrate Judge Hegarty granted Plaintiff's Motion for Protective Order, ECF No. 11, and allowed Plaintiff to proceed under a pseudonym (the "Pseudonym Order").  ECF No. 13.  Defendant was served on January 25, 2021.  ECF No. 23.  On February 16, 2021, Magistrate Judge Hegarty entered an order appointing pro bono counsel for Plaintiff.  ECF No. 33.  On March 5, 2021, Plaintiff's counsel entered their appearances, ECF Nos. 52–53, and on March 8, 2021, Defendant's counsel entered her appearance, ECF No. 54.

Over the next several months, without ruling on the substantive merits, the Court denied without prejudice several motions to dismiss filed by Defendant, including one filed before he was represented by counsel, *see* ECF Nos. 36, 54, either because Plaintiff filed an Amended Complaint that superseded the previous pleading or because the motion failed to comply with the Practice Standards of Judge R. Brooke Jackson, the previously

presiding District Judge.  *See* ECF Nos. 36, 50, 69, 70.  On May 27, 2021, Defendant filed a Letter, pursuant to Judge Jackson's Practice Standards, regarding Defendant's intention to file a Motion to Dismiss, ECF No. 71, to which Plaintiff responded on June 10, 2021, ECF No. 75.  On June 11, 2021, Judge Jackson issued an order denying leave to file a motion to dismiss and ordering that the parties should either "resolve this case" or "agree that plaintiff will file one more amended complaint that takes into account defendant's issues and pleads only what she believes she has evidence to prove."  ECF No. 76.

This matter was reassigned to the undersigned on July 6, 2021.  ECF No. 77. Three days later, Defendant filed a Renewed Motion to Dismiss, ECF No. 78, which Magistrate Judge Hegarty denied without prejudice, noting that Judge Jackson's June 11, 2021 order was "still the order of the court" and that, pursuant to that order, Plaintiff had leave to file a Third Amended Complaint.  On July 28, 2021, Plaintiff filed her Third Amended Complaint, which is now the operative complaint in this matter.  ECF No. 85.

The Third Amended Complaint alleges that Plaintiff and Defendant have a personal relationship that began when they attended school together in China from 1990 through 1993 and that resumed when Defendant visited China in 2012 and "he and Plaintiff reconnected and began a romantic and intimate relationship."  *Id*. ¶¶ 5, 8.  The Third Amended Complaint goes on to describe an incident in May of 2013 in which Plaintiff, who was still in China, attended a karaoke party, after which she believed that she was sexually assaulted by a Mr. Chen Guochang while she was unconscious.  *Id*. ¶¶ 10–16.  Plaintiff alleges that Defendant was one of the only people whom she told

about this incident, other than the local authorities, her mother, and her attorney at the time.  *Id.* ¶¶ 17–18, 20.  According to the Third Amended Complaint, Plaintiff moved to Colorado to live with Defendant in July of 2013, until October of 2013, when Defendant purchased a plane ticket for Plaintiff to return to China.  *Id.* ¶¶ 27–39.  Plaintiff alleges that she lost her passport and did not take that flight and filed a police report regarding a "lost/stolen" passport with the Aurora Police Department, after which she "discovered that she misplaced her passport and found her passport shortly thereafter."  *Id.* ¶¶ 40–44.

In the Third Amended Complaint, Plaintiff brings claims for defamation, intentional infliction of emotional distress, and unreasonable disclosure of private facts against Defendant.  *Id.* ¶¶ 75–109.  Plaintiff alleges that she "learned through a separate lawsuit" that Defendant has "made several false and incredibly damaging statements against Plaintiff":

- "First, Defendant stated that Plaintiff filed a false police report in relation to her lost passport."  *Id.* ¶ 48.

- "Second, Defendant stated that Plaintiff falsely accused Mr. Chen of sexual assault."  *Id.* ¶ 57.

Plaintiff alleges that these statements were made in blog posts on the internet and to individuals involved in the "separate lawsuit" through which Plaintiff claims to have learned that Defendant made these statements.  *Id.* ¶¶ 51, 62, 77, 86.  On August 25, 2021, Defendant moved to dismiss the Third Amended Complaint, and that motion is pending before the Court.  ECF No. 90.

On November 8, 2021, Magistrate Judge Hegarty granted Defendant's motion to reconsider the Pseudonym Order, ECF No. 101, filed on August 31, 2021. ECF No. 113. Plaintiff filed objections to that order on November 22, 2021. ECF No. 117. Those objections are currently pending before the Court.

Finally, on December 3, 2021, Defendant filed a motion for the imposition of sanctions against Plaintiff and her counsel pursuant to Federal Rule of Civil Procedure 11. ECF No. 132. That motion is fully briefed and pending before the Court. In addition, on May 20, 2022, Defendant filed a supplement to his reply in support of the motion for sanctions, ECF No. 160, which Plaintiff has now moved to strike, ECF No. 161.

## II.    SUBJECT MATTER JURISDICTION

The claims in this case are for torts arising under state law. Therefore, the Court's jurisdiction arises under 28 U.S.C. § 1332(a) because, first, the parties are diverse. The allegations in the Third Amended Complaint suggest that, for purposes of diversity jurisdiction, Plaintiff is a citizen of California, while Defendant is a citizen of Colorado. *See* ECF No. 85 ¶¶ 1–2, 3, 45. Second, Plaintiff alleges that the amount in controversy exceeds $75,000. *Id.* ¶ 3.

## III.    LEGAL STANDARD

A defendant may move to dismiss a complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* "Although for the purposes of a motion to dismiss, [courts] must take all of the factual allegations in the complaint as true," *id.*, "[c]ourts are permitted to review 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the document's authenticity.'" *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)).

## IV.     ANALYSIS

### A.     Defendant's Motion to Dismiss

As stated, the Third Amended Complaint alleges that in 2020, Plaintiff "learned through a separate lawsuit, ████████████████████████████████████ ████) (the "Weamer Litigation") . . . that Defendant made several false and incredibly damaging statements against Plaintiff." ECF No. 85 ¶ 47.  Plaintiff alleges that Defendant made two false statements against her, in particular: one regarding Plaintiff filing a false police report and one regarding Plaintiff making false accusations of rape or sexual assault in the past. *Id.* ¶¶ 51–52, 57–62, 75–83, 84–92.  Plaintiff alleges that Defendant made these statements in blog posts prior to the Weamer Litigation, *id.* ¶¶ 51, 62, but also appears to allege that Defendant made these statements directly to participants in

the Weamer Litigation, *id.* ¶¶ 77, 86. The Colorado Court of Appeals has held that "each separate publication constitutes a separate and distinct claim for libel." *Russell v. McMillen*, 685 P.2d 255, 258 (Colo. App. 1984); *see also Corporon v. Safeway Stores, Inc.*, 708 P.2d 1385, 1390 (Colo. App. 1985). Therefore, to the extent Plaintiff alleges that Defendant published each of the statements twice (once in a blog post before the Weamer Litigation, ECF No. 85 ¶ 51, 62, and once to the participants in the Weamer Litigation, *id.* ¶ 77, 86), each of those statements constitute a "separate and distinct claim." *See Russell*, 685 P.2d at 258. Therefore, there are four operative defamation claims here:

1. a statement posted on the internet before the Weamer Litigation, stating "that Plaintiff 'filed a false police report claiming her passport got stolen, and was issued a refund from the travel insurance company for half the ticket price,'" ECF No. 85 ¶¶ 51–52, 75–83;

2. a statement to Mr. Weamer and Ms. Ceizler during the Weamer Litigation "that Plaintiff 'filed a false police report claiming her passport got stolen, and was issued a refund from the travel insurance company for half the ticket price,'" *Id.* ¶¶ 51–52, 75–83;

Plaintiff alleges that she first became aware of these statements on August 23, 2020. *Id.* ¶ 78.

3. a statement posted on the internet before the Weamer Litigation, stating "that Plaintiff 'has [] made false allegation[s] of rape" or "sexual assault," *id.* ¶¶ 57–62, 84–92; and

4.  a statement to Mr. Weamer, Ms. Ceizler, and Ms. Papac during the Weamer
    Litigation, stating "that Plaintiff 'has [] made false allegation[s] of rape" or
    "sexual assault," *id.* ¶¶ 57–62, 84–92.

Plaintiff alleges that she first became aware of these statements on September 18, 2020
"and then again on January 4, 2021." *Id.* ¶ 87.  Plaintiff filed her first Complaint in this
case on September 11, 2020, ECF No. 1, and she filed the currently operative Third
Amended Complaint on July 28, 2021, ECF No. 85.

Because this Court has subject matter jurisdiction over this case based on diversity
of citizenship, the substantive law of the forum state applies to the claims, including
Colorado law regarding the statutes of limitations applicable to Plaintiff's defamation
claims.  *See, e.g.*, *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996)
("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and
federal procedural law"); *Guaranty Tr. Co. v. York*, 326 U.S. 99, 109–10 (1945)
(discussing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)) (holding that "a federal court in
a diversity case should follow State law" regarding applicable statutes of limitations),
*overruled on other grounds by Hanna v. Plumer*, 380 U.S. 460 (1965).  The parties do not
dispute that Colorado law governs Plaintiff's defamation claims.  ECF No. 90 at 4; ECF
No. 104 at 6; ECF No. 106 at 4–6.

Defendant argues that Plaintiff's Third Amended Complaint should be dismissed
because Plaintiff does not meet the heightened pleading standards for defamation cases;
the defamation claims are time-barred; and Defendant's statements as a potential witness

in other litigations are absolutely privileged.  Each of these arguments are addressed below, in turn.

### 1.    Pleading Standard

The Court first addresses Defendant's argument that Plaintiff has failed to meet what Defendant describes as the "heightened" pleading standard for defamation cases. Defendant cites *Walters v. Linhof*, 559 F. Supp. 1231, 1234 (D. Colo. 1983) for the proposition that "[a] plaintiff asserting a defamation claim must plead the exact statements claimed to be false and defamatory."[2]  ECF No. 90 at 6.  However, that case was decided at the motion for summary judgment stage, rather than the motion to dismiss stage. Defendant also cites *Martinez v. Winner*, 548 F. Supp. 278, 334 (D. Colo. 1982), in which the District Court granted a motion to dismiss.  ECF No. 90 at 5–6.  However, although that case states that "[i]t is almost axiomatic that in defamation cases a certain degree of specificity is an essential in the pleadings," it goes on to state that pleading the exact words of the defamatory statement is not necessary and that "the substance of the matter complained of must be alleged."  *Martinez*, 548 F. Supp. at 334, *reversed and remanded in part*, 771 F.2d 424 (10th Cir. 1985); *see also Corporon v. Safeway Stores, Inc.*, 708 P.2d 1385, 1390 (Colo. App. 1985) (finding that the "degree of specificity" required for a defamation claim was "lacking" where the claim only alleged that "defendants published or did cause to be published . . . defamatory statements"), *cited in* ECF No. 90 at 5–6.

Here, the Third Amended Complaint sets forth the substance of the allegedly defamatory statements, as described above.  *See* ECF No. 85 ¶¶ 47–74, 76, 85.

---

[2] Defendant also cites an Eighth Circuit case, which the Court need not address.

Defendant has not cited to case law stating that the Plaintiff must provide a copy, URL, or other reference to the exact publication(s) that she is alleging are defamatory in order to withstand a motion to dismiss. Therefore, Plaintiff has, for now, withstood dismissal of her claims regarding the two alleged statements that were published in blog posts.[3]

### 2. Statute of Limitations

Given that Plaintiff has not alleged or admitted the exact blog post or other publication where Defendant allegedly made the defamatory statements, the Court is unable at this time to address Defendant's statute of limitations arguments. Although Defendant has provided a blog post with the author name "anonymous123177," dated December 16, 2013, that he "believes" Plaintiff's claims refer to and that contains the language Plaintiff alleges constitutes the defamatory statements, ECF No. 90 at 9, 18–19, Plaintiff has not alleged or admitted that this is the blog post to which she refers in the Third Amended Complaint.[4]

The "general weight and trend of authority" in this area of the law indicates that the statute of limitations in this context is determined by the date of publication.[5] *See Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 666 (10th Cir. 2007). Colorado statute provides

---

[3] However, it strikes the Court that the Plaintiff should know what blog posts serve as the basis for her claims and that, therefore, protracted discovery should not be necessary to answer that question. Further, the Court reminds the parties that in a prior order of the Court, Plaintiff was instructed to "file one more amended complaint that . . . pleads only *what she believes she has evidence to prove.*" ECF No. 76 (emphasis added). Therefore, if, as Defendant suggests in his Motion for Sanctions, Plaintiff knows, and has known at least since before filing the Third Amended Complaint, that the blog posts at issue were not written by Defendant, ECF No. 132 at 3–4; ECF No. 144 at 4, or that for any other reason the claims based on the blog posts would be frivolous, *see, e.g.*, ECF No. 160 at 1–5, then the Court would advise the parties to proceed with caution in any further pursuit of such claims at the expense of the time and resources of both parties and this Court.

[4] *See supra* note 3.

[5] *See infra* Section IV.B.

that tort actions for libel and slander "shall be commenced within one year after the cause of action accrues, and not thereafter." Colo. Rev. Stat. § 13-80-103(1)(a). Further, "a cause of action for injury to person . . . [or] reputation . . . shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." *Id.* § 13-80-108(1).

The Court must "apply Colorado law in determining how best to interpret a Colorado statute in a case resting on diversity jurisdiction." *Allen v. United Servs. Auto. Ass'n*, 907 F.3d 1230, 1237 (10th Cir. 2018). "In cases arising under diversity jurisdiction, the federal court's task is . . . simply to ascertain and apply the state law." *Wade*, 483 F.3d at 665 (internal quotations and citations omitted). "The federal court must follow the most recent decisions of the state's highest court. Where no controlling state decision exists, the federal court must attempt to predict what the state's highest court would do." *Id.* at 665–66 (internal quotations and citations omitted). "In doing so, [the Court] may seek guidance from decisions rendered by lower courts in the relevant state, appellate decisions in other states with similar legal principles, district court decisions interpreting the law of the state in question, and the general weight and trend of authority in the relevant area of law." *Id.* at 666 (internal quotations and citations omitted).

In 1984, the Colorado Court of Appeals held that "[a] cause of action in libel accrues when the defamatory statements are published." *Russell*, 685 P.2d at 258. However, the Colorado Court of Appeals later held that this rule "ha[d] been superseded by the General Assembly's enactment in 1986 of § 13-80-108(1)." *Taylor v. Goldsmith*, 870 P.2d 1264, 1265 (Colo. App. 1994); *see also Burke v. Greene*, 963 P.2d 1119, 1121

(Colo. App. 1998) (citing Colo. Rev. Stat. § 13-80-108(1)) ("Such a claim accrues on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."), *cited in* ECF No. 90 at 4.

Neither the parties nor the Court has identified Colorado case law interpreting Colo. Rev. Stat. § 13-80-108(1)'s provision that a claim accrues when the injury and its cause "*should have been known* by the exercise of reasonable diligence," as providing that a plaintiff "should . . . know[]" of a defamatory statement upon the date of its publication. However, the Court finds that "appellate decisions in other states with similar legal principles, district court decisions interpreting the law of the state in question, and the general weight and trend of authority" in this area of the law, *Wade*, 483 F.3d at 666, indicate that the statute should be interpreted in this way, such that defamation claims accrue upon the date of publication. *See, e.g.*, *Deatley v. Allard*, No. 14-cv-00100-RM-KMT, 2015 WL 134271, at *5 (D. Colo. Jan. 9, 2015) (Moore, J.); *Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, No. 12-cv-00463-CMA-BNB, 2013 WL 212640, at *4 (D. Colo. Jan. 18, 2013) (Arguello, J.)); *Phillips v. World Publ'g Co.*, 822 F. Supp. 2d 1114, 1122 (W.D. Wa. 2011) (citing *Canatella v. Van De Kamp*, 486 F.3d 1128, 1134–36 (9th Cir. 2007)). Therefore, without allegations in the complaint, taken as true for purposes of a motion to dismiss, about the specific blog post(s) containing the allegedly defamatory statements and their date(s) of publication, the Court cannot at this time determine whether the blog post(s) underlying Plaintiff's claims were published outside of the statute of limitations.[6]

---

[6] *See supra* note 3.

### 3.    Litigation Privilege

However, the Court agrees with Defendant that any statements made in connection with the Weamer Litigation are protected by the absolute litigation privilege. The Colorado Court of Appeals has held that "[t]o be privileged, the alleged defamatory matter must have been made in reference to the subject matter of the proposed or pending litigation, although it need not be strictly relevant to any issue involved in it." *Club Valencia Homeowners Ass'n, Inc. v. Valencia Assocs.*, 712 P.2d 1024, 1027 (Colo. App. 1985). "The pertinency required is not technical legal relevancy, but rather a general frame of reference and relation to the subject matter of the litigation. Thus, the privilege embraces anything that possibly may be relevant." *Id.* (citations omitted). "The absolute privilege to defame in the course of judicial proceedings is not limited to statements during trial, but may extend to steps taken prior to trial such as conferences and other communications preliminary to the proceeding." *Id.* "Thus, letters sent to persons having collateral interests in the litigation are privileged to the extent that the alleged defamatory statements have some relation to the subject matter of the proposed litigation and are made in furtherance of the objective of the litigation." *Id.* The absolute litigation privilege shields not only defamation claims "but it also bars other non-defamation claims that stem from the same conduct," such as intentional infliction of emotional distress and invasion of privacy. *Buckhannon v. US West Commc'ns, Inc.*, 928 P.2d 1331, 1335 (Colo. App. 1996) (citing *Barker v. Huang*, 610 A.2d 1341 (Del. 1992)).

The Court may take judicial notice of the Declaration filed by the attorney Dawn Ceizler in the Weamer Litigation that states that she had "reached out to witnesses who

[she] believe[d] may have relevant information" and that she learned that the Plaintiff in the Weamer Litigation posted complaints about Paul Wang on social media and claimed that he cheated on her. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Allen v. Clements*, 930 F. Supp. 2d 1252, 1259 (D. Colo. 2013) ("[A] court may properly consider facts subject to judicial notice, state court pleadings, and matters of public record without converting a motion to dismiss into a motion for summary judgment."); ECF No. 90 at 40.  To the extent any of the claims against Defendant in Plaintiff's Third Amended Complaint pertain to statements made as a witness in the Weamer Litigation, those claims are DISMISSED as protected by the absolute litigation privilege.

### B.    Defendant's Motion for Sanctions

Defendant moves for sanctions against Plaintiff and her counsel under Rule 11 of the Federal Rules of Civil Procedure.  ECF No. 132.  Defendant's arguments in favor of sanctions are largely premised on Defendant's arguments in his motion to dismiss, especially his argument that Plaintiff's claims are time-barred by the statute of limitations. However, as stated above, the Court has declined, for now, to dismiss Plaintiff's claims as time-barred.  *See supra* Section IV.A.2.

As for Defendant's other arguments for sanctions against Plaintiff and her counsel, which are also largely premised on the grounds for Defendant's motion to dismiss, the

Court is not, at this stage, inclined to impose sanctions, particularly not against counsel who appear as appointed pro bono counsel. As Defendant acknowledges, "Rule 11 sanctions are an extraordinary remedy." ECF No. 132 at 9 (quoting *Greeley Publ'g Co. v. Hergert*, 233 F.R.D. 607, 611 (D. Colo. 2006) (Shaffer, Mag. J.)). As noted above, Defendant's arguments rest on his belief that Plaintiff's Third Amended Complaint refers to the specific publications that he attaches to his motion to dismiss, *see* ECF No. 90 at 9, 17–18, but discovery has not progressed far enough to confirm Defendant's theory that these are the publications in question.[7] *See, e.g.*, *Infant Swimming Rsch., Inc. v. Faegre & Benson, LLP*, No. 07-cv-00839-LTB-BNB, 2007 WL 3274431, at *2 (D. Colo. Nov. 5, 2007) (Babcock, J.) ("While it appears that the factual allegations alleged in the amended complaint are, at best, extremely tenuous and speculative, I cannot conclude at this early stage in the litigation that they are wholly lacking in evidentiary support to the extent that sanctions are warranted.").

For these reasons, the Court DENIES Defendant's motion for sanctions, ECF No. 132. Therefore, the Court further DENIES AS MOOT Plaintiff's motion to strike Defendant's supplement in support of the motion for sanctions, ECF No. 161.

### C.    Plaintiff's Objection to Magistrate Judge Hegarty's Order

Plaintiff also objects to Magistrate Judge Hegarty's November 8, 2021 Order, ECF No. 113, granting Defendant's Motion to Reconsider, ECF No. 101, the Pseudonym Order, ECF No. 13. Plaintiff argues that Magistrate Judge Hegarty clearly erred in refusing to deny Defendant's motion to reconsider on untimeliness grounds; by applying

---

[7] *See supra* note 3.

the wrong standard in determining whether Defendant presented "new" evidence that justified reconsideration of the Pseudonym Order; and in finding that reconsideration was appropriate to prevent "manifest injustice" and that the "balance of all facts" weighed in favor of disallowing Plaintiff to continue to proceed under a pseudonym. ECF No. 117 at 2–14.

Magistrate judges are authorized to hear and determine any non-dispositive matter referred to them. *Portley-El v. Milyard*, No. 06-cv-00146-PSF-MJW, 2006 WL 3371642, at *2 (D. Colo. Nov. 21, 2006) (Figa, J.); *see* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order will be deemed "clearly erroneous or contrary to law" only if the reviewing court, on the entire evidence, is left with the "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The "contrary to law" standard permits "plenary review as to matters of law," but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (Martínez, J.).

First, the Court finds that Magistrate Judge Hegarty did not clearly err in refusing to deny Defendant's motion for reconsideration on untimeliness grounds. In arguing otherwise, Plaintiff does not address the fact that, as Magistrate Judge Hegarty's November 8, 2021 Order points out, the Pseudonym Order did not alert Defendant—who had not yet be served with the Complaint and, like Plaintiff, was not represented by

counsel—that he may object to that order within 14 days.  *See* ECF No. 13.  Because the Pseudonym Order lacks this warning, the firm waiver rule likely does not apply.  *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2015) (holding that the firm waiver rule "does not apply . . . when . . . a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").  Counsel did not enter their appearances for either party until four months after the Pseudonym Order was entered.  *See* ECF Nos. 52–54.  Magistrate Judge Hegarty's other reasons for finding that any delay in Defendant's motion for reconsideration were justified are similarly not clearly erroneous or contrary to law.

Second, Plaintiff argues that Defendant had the opportunity to respond to the previous motion for a protective order because, even though he had not yet been served, he was "avoiding service," and therefore the evidence of what had transpired in the other lawsuits against Plaintiff was not "new evidence" for purposes of the motion for reconsideration.  However, the Court finds no error in Magistrate Judge Hegarty's decision that this evidence was not available to Defendant at the time of the Motion for Protective Order, ECF No. 11, and Pseudonym Order, ECF No. 13, because he had not yet been served in this case.

Third, the Court finds no error in Magistrate Judge Hegarty's finding that reconsideration was appropriate to prevent "manifest injustice" and that the "balance of all facts" weighed in favor of disallowing Plaintiff to continue to proceed under a pseudonym.  In particular, the Court finds no error in Magistrate Judge Hegarty's finding that the balance of all facts lend themselves to the conclusion that it would be manifestly

unjust to permit Plaintiff to "hurl [her] accusations from behind a cloak of anonymity," while Defendant is forced to defend himself publicly.  ECF No. 113 at 9 (quoting *Doe v. Merck & Co., Inc.*, No. 11-cv-02680, 2012 WL 555520, at *3 (D. Colo. Feb. 17, 2012) (Mix, Mag. J.)).  Plaintiff does not deny the information in the declarations of attorneys from other cases in which Plaintiff is involved, of which Magistrate Judge Hegarty took judicial notice, one of which states that Plaintiff, herself, contacted the media regarding one of those other cases.  ECF No. 113 at 7 (citing ECF No. 94 at 53 ¶ 9).  Nor, the Court might add, does Plaintiff deny that she, herself, has put blog posts on the internet concerning the subject matter at issue in this litigation.  *See* ECF Nos. 160, 160-1.  Even if those blog posts do not contain her name, the Court finds that it would not prevent "manifest injustice" to allow Plaintiff to continue to litigate "from behind a cloak of anonymity" after having already attempted to drum up attention on the internet about the subject matter of this and other cases in which she has claimed the need for anonymity.

For these reasons, the Court OVERRULES Plaintiff's objections, ECF No. 117, and AFFIRMS Magistrate Judge Hegarty's November 8, 2021 Order, ECF No. 113. Plaintiff shall not continue to operate under a pseudonym in this case.  However, pursuant to D.C.COLO.LCivR 7.2, the Court DIRECTS the Clerk of the Court to place this Order under Level 1 Restriction for the same reasons that Magistrate Judge Hegarty placed his November 8, 2021 Order under Restriction.[8]

---

[8] To the extent Plaintiff maintains that Magistrate Judge Hegarty's or this Court's solution of placing these orders under Level 1 Restriction to avoid running afoul of other court orders to maintain Plaintiff's anonymity is insufficient, ECF No. 117 at 3, 14–15, Plaintiff may file a motion to restrict the other documents in this case that she believes are inappropriately revealing her identity in connection with those other cases.

## V.    CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss, ECF Nos. 90, 92, is GRANTED IN PART and DENIED IN PART; Defendant's Motion for Sanctions, ECF No. 132, is DENIED; Plaintiff's Motion to Strike Defendant's Supplement to its Reply in Support of its Motion for Sanctions, ECF No. 161, is DENIED AS MOOT; and Plaintiff's Objections to Magistrate Judge Hegarty's Order Granting Defendant's Motion to Reconsider, ECF Nos. 117, 123, are OVERRULED, and Magistrate Judge Hegarty's Order, ECF Nos. 113, 114, is AFFIRMED.  The Clerk of the Court is DIRECTED pursuant to D.C.COLO.LCivR 7.2 to place this Order under Level 1 Restriction.


DATED:  June 13, 2022

                                                    BY THE COURT:

                                                    _____
                                                    REGINA M. RODRIGUEZ
                                                    United States District Judge