IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on August 30, 2022.**

    Before the Court is Plaintiff's "Motion to Restrict and Redact." ECF 183. Plaintiff requests that the Court impose Level 2 restriction (i.e., restrict to Plaintiff and the Court) on the documents at ECF 65, 79-1, 81-1, 85, 92, 106, 115, 128, 144, 144-3, 160, 160-2, 160-3, 162-, 162-1, 162-2, 167-, 174, 174-1, and 181-1. *Id.* After restricting them, Plaintiff asks that the Court "replace" them with versions that she has redacted and attached to her Motion. *Id.* Plaintiff indicates that both Defendant and Intervenor Volokh oppose this request. *Id.* Although no response has been filed, the Court finds that further briefing would not materially assist the Court at this time. *See* D.C.Colo.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

    There are some issues with Plaintiff's Motion. First, Plaintiff does not address the requirements of D.C.Colo.LCivR 7.2(c). Specifically, though not exclusively, she fails to "identify a clearly defined and serious injury that would result if access is not restricted," especially considering that many of the documents were submitted by her (while represented by counsel) without redaction. D.C.Colo.LCivR 7.2(c)(3). Second, given prior orders in this case, Plaintiff should be familiar with at least some of the legal arguments for and against restriction, yet she provides no legal analysis in her Motion. For instance, she seeks to restrict and redact documents that have been public for many months. *E.g.*, ECF 115 (proposed scheduling order). Intervenor Volokh previously argued that documents filed un-restricted should stay in the public record. ECF 125 at 3–4 (citing *Gunn v. WCA Logistics, LLC*, No. 13-cv-02197-WJM-MEH, 2016 WL 7868827, at *7 (D. Colo. Jan. 12, 2016) ("The cat has already been let out of the bag.")). Plaintiff provides no legal argument for why this Court should restrict currently public documents.

For these reasons, Plaintiff's Motion [<u>filed August 24, 2022; ECF 183</u>] is **denied without prejudice**,[1] with leave to refile with appropriate legal analysis supporting the relief Plaintiff requests.

---

[1] Within fourteen (14) days after service of a copy of this Minute Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (finding firm waiver rule applies to non-dispositive order); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2015) (holding firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").