IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

___

**EXPEDITED MOTION TO DICLOSE THE IDENTITY OF THE AUTHOR(S) OF XINGFEI LUO'S FILINGS AND TO DETERMINE IF MS. LUO NEEDS AN INTERPRETER FOR HER SEPTEMBER 22, 2022 DEPOSITION**
___

Defendant Paul Wang, pursuant to Federal Rules of Civil Procedure 11, requests that this Honorable Court order Plaintiff Xingfei Luo to disclose the identity of the author(s) of her filings. Mr. Wang also requests that the Court hold a hearing to determine whether Ms. Luo needs an interpreter. As grounds Mr. Wang sates:

***Conferral***—Mr. Wang has conferred with Ms. Luo. She objects to this motion.

On July 8, 2022, the Court granted Ms. Luo's appointed counsel's motion to withdraw. (Doc. 178.) Since then, Ms. Luo has been proceeding *pro se* and has submitted multiple filings to this Court and the Tenth Circuit Court of Appeals. Doc. 183; *see also* Attachment A (Ms. Luo's filings at the Tenth Circuit, *Doe v. Wang*, 22-1200). On August 25, 2022, in an email exchange with Judge Michael Hegarty, Ms. Luo requested that Mr. Wang provide her (at his expense) a Cantonese interpreter during her deposition, which is scheduled on September 22, 2022.

### *The Tenth Circuit requires pro se litigants to disclose the author(s) of their filings*

Applying Federal Rule of Civil Procedure 11(a), the Tenth Circuit has held that "any ghostwriting of an otherwise *pro se* brief must be acknowledged by the signature of the attorney involved" and "an attorney must refuse to provide ghostwriting assistance unless the client specifically commits herself to disclosing the attorney's assistance to the court upon filing." *Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) (cleaned up).

Considering the sophistication of the legal content and presentation of Ms. Luo's filings, *see* Doc. 183; Attachment A, and her simultaneous request for an interpreter, it appears that either she is not the author of these filings or that her request for an interpreter is yet another example of her litigation behavior that the Ninth Circuit has described as "flagrant abuse of the judicial process." *O.L. v. Jara*, 2022 WL [withheld], *3 n.1 (9th Cir. May 12, 2022).

As such, Mr. Wang respectfully requests that the Court, pursuant to *Duran*, order Ms. Luo to disclose the identity of the author(s) of her filings.

### *The Court should hold a hearing to determine whether Ms. Luo needs an interpreter*

Even in cases where defendants in judicial proceedings instituted by the United States have a statutory right to an interpreter —Ms. Luo is a vexatious[1] plaintiff in a defamation case, not a defendant in a case brought by the government—the circuit courts of appeals have required the district courts to first make a determination on the record whether the defendant is entitled to an interpreter.  *See, e.g., United States v. Osuna*, 189 F.3d 1289, 1292 (10th Cir. 1999); *United States v. Johnson*, 248 F.3d 655, 661 (7th Cir. 2001) (same); *United States v. Si*, 333 F.3d 1041, 1044–45 (9th Cir. 2003).

---

[1] During the August 24, 2022 hearing, Ms. Luo admitted that she violated this Court's order to "pleads only what she believes she has evidence to prove", Doc. 76. Mr. Wang will address this issue in a separate emotion.

Considering the content of Ms. Luo's *pro se* filings, her litigation history, *see, e.g.*, Mr. Wang's briefings of the Motion for Reconsideration of the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym, Docs. 101, 109, and motion for sanctions, Doc. 132, 144, 160, 162; Ms. Luo's admitted violation of this Court's order, *see* n. 1, and the Ninth Circuit's holding regarding Ms. Luo in *O.L. v. Jara*, 2022 WL [withheld], *3 n.1; Mr. Wang respectfully requests that the Court hold a hearing to determine whether Ms. Luo needs an interpreter. (It should also be noted that, despite Ms. Luo's previous appointed counsel's withdrawal, the court granted Ms. Luo's request to appoint a counsel to represent her during the September 22, 2022 deposition.)

**Conclusion**

Mr. Wang requests that this Honorable Court order Ms. Luo to disclose the identity of the author(s) of her filings and hold a hearing to determine whether Ms. Luo needs an interpreter.

Respectfully submitted this 6th day of September 2022.

/s/ Katayoun A. Donnelly
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Paul Wang*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2022, I served an electronic copy of the foregoing on the parties.

                                                 */s/ Katayoun A. Donnelly*
                                                 Katayoun A. Donnelly