FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:17 am, Sep 16, 2022
JEFFREY P. COLWELL, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

       Plaintiff,

v.

PAUL WANG,

       Defendant.

---

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE HEGARTY'S SEPTEMBER 14, 2022 ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION AND/OR FOR A PROTECTIVE ORDER (ECF 196) AND MOTION FOR A PROTECTIVE ORDER**

---

Pursuant to Fed. R. Civ. P. 72, Plaintiff respectfully submits her Objections to Magistrate Judge Hegarty's Order denying Plaintiff's Motion to Quash Subpoena to Testify at a Deposition and/or for a protective order (the "Order") and moves for a protective order.

## INTRODUCTION

Plaintiff resides over 1,000 miles away from Denver and was recently tested positive for Covid due to her last trip to Denver. Despite no formal arguments were made related to a deposition and no valid court order or justification on the record requiring Plaintiff to fly to Denver for a deposition, the Magistrate Judge denied Plaintiff's Motion to Quash Subpoena to Testify at a Deposition and required Plaintiff to attend the deposition at her own expenses by mischaracterizing an informal discussion of discovery plan as a court order.

Therefore, the Court should set aside the Order and grant Plaintiff a protective order (requiring Plaintiff's deposition to be completed remotely or in California, or in the alternative, requiring Defendant to pay for all Plaintiff's travel expenses, including, but not limited to,

airfare, food, ground transportation, lodging, and other incidentals necessary for in person

deposition completed in Denver.)

## **ARGUMENT**

Where a magistrate judge's order relates to "a pretrial matter not dispositive of a party's

claim or defense," the district judge "must consider timely objections and modify or set aside any

part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under the

clearly erroneous standard, the reviewing court [must] affirm unless it on the entire evidence is

left with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase,*

*Inc.,* 468 F.3d 642, 658–59 (10th Cir. 2006) (internal quotations and citation omitted). Here, the

Magistrate Judge clearly erred in several respects.

## I.   THE MAGISTRATE JUDGE CLEARLY ERRED IN CONCLUDING THAT THERE WAS A VALID COURT ORDER TO ORDER PLAINTIFF TO APPEAR FOR A DEPOSITION ON SEPTEMBER 22, 2022

Plaintiff flew in from California and appeared in person for a status conference held on

August 24, 2022 by the Magistrate Judge. Decl, Luo ¶2.

During the August 24, 2022 status conference the Magistrate Judge asked defense

counsel whether she would depose Plaintiff before filing a motion for summary judgment and

defense counsel said so. Decl, Luo ¶3.

Then the Magistrate Judge proceeded to inquire when and where defense counsel would

like to take the deposition. Defense counsel answered she would like to take the deposition in the

court house in Denver. Decl, Luo ¶4.

The Magistrate Judge therefore made inquiry about Plaintiff's availability and decided

September 22, 2022 was mutually available. Decl, Luo ¶5.

During the entire status conference there was never any indication that defendant was seeking a court order to compel Plaintiff to appear for the deposition. Decl, Luo ¶6.

During the entire status conference neither side made argument as it appeared it was an informal discussion of defense counsel's discovery plan. Therefore, there was no indicator to warn Plaintiff that she should make objection to this informal discussion. Decl, Luo ¶7.

After the August 24, 2022 status conference Plaintiff emailed defense counsel asking for a formal notice of deposition and she agreed to do so. A true and correct copy of email correspondence is attached hereto as Exhibit 1. Neither Defendant alleged nor Plaintiff was informed in any way that there was any court order to order her to appear for a deposition on September 22, 2022 at her own expenses. Plaintiff believed any objection should be made after she received a formal notice of deposition. Decl, Luo ¶8.

After the August 24, 2022 status conference Plaintiff was tested positive for Covid due to the extensive travel to Denver. Decl, Luo ¶9.

On September 8, 2022 Plaintiff served defendant her objections to his subpoena and Defendant booked Plaintiff the hotel for the deposition. A true and correct copy of email correspondence is attached hereto as Exhibit 2. Decl, Luo ¶10. In essence, defendant already acted in stipulating to bear Plaintiff's travel expenses.

### A. Defendant Did Not Seek Leave of Court to Depose Plaintiff

Under Rule 30(a)(2), a party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

(A) if the parties have not stipulated to the deposition and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

(ii) the deponent has already been deposed in the case; or

(iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or

(B) if the deponent is confined in prison.

There is no circumstance in this case that requires Defendant to seek leave of court to depose Plaintiff. There is also no record showing that Defendant ever sought leave of court to depose Plaintiff.

**B.  Defendant Did Not Seek Any Court Order to Depose Plaintiff**

Nowhere in the courtroom minutes - status conference dated on August 24, 2022 (ECF 182) indicates that Defendant ever made an oral motion or request for a court order to depose Plaintiff. The sentence "Plaintiff's deposition will take place in Courtroom A501 of the Alfred A. Arraj Courthouse on September 22, 2022, at 9:00 a.m." simply reflects the result of the informal discussion of defendant's discovery plan. ECF 182, p. 2. Defendant's later course of action supports such informal discussion. Decl, Luo ¶2-11.

**II.   THE MAGISTRATE JUDGE CLEARLY ERRED IN ORDERING PLAINTIFF TO BE DEPOSED 1,000 MILES AWAY AT HER OWN EXPENSES ABSENT ANY EXCEPTIONAL OR UNUSUAL CIRCUMSTANCES**

The Federal Rules provide a clear-cut procedure for obtaining discovery. Rule 30(a)(1) authorizes a party to take the deposition of "any person," generally **without the court's permission**. The deponent's attendance may be compelled by subpoena under Rule 45.

Case 1:20-cv-02765-RMR-MEH   Document 201   Filed 09/16/22   USDC Colorado   Page 5 of 19

If a party to an inter partes proceeding wishes to take the trial testimony of an adverse party or an official of an adverse party who is unwilling to appear voluntarily, then the examining party must secure attendance of the deponent by subpoena. See *Health-Tex, Inc. v. Okabashi (U.S.) Corp*., 18 U.S.P.Q.2d 1409, 1410 (T.T.A.B. 1990).

As such, the deponent's attendance cannot be compelled inconsistent with Rule 45. The case law as to whether a court can compel the deponent's attendance should be equally applied to whether a court can order the deponent's attendance. See *University of Texas at Austin v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996) (Holding that the district court's order was not authorized by, and is in contravention of, federal rules concerning discovery.)

In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party. See *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo.) (M.J. Borchers) (internal citations omitted). See also *In re Byrd, Inc.*, 927 F.2d 1135, 1136 n.1 (10th Cir. 1991) (Holding a subpoena is invalid for violation of Rule 45(c).)

Even assume ECF 182 is a valid court order to compel Plaintiff to appear for a deposition in person in Denver, such order cannot be justified by abandoning Rules 30 and 45 and stripping all protection entitled to Plaintiff which is authorized by law while this order gives no reason for that, especially as to why Plaintiff should be ordered to appear at a deposition over 1,000 miles away from her home knowing that Plaintiff is indigent and was tested positive for Covid due to her last trip to Denver, as well as why Defendant does not need to take reasonable steps to avoid imposing undue burden or expense on a person subject to deposition. See *Couveau v. Am.*

*Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000) (Holding that a court order "that fails to disclose the district court's reasons runs contrary to the interest of judicial efficiency by compelling the appellate court to scour the record. . . . It also increases the danger that litigants . . . will perceive the judicial process to be arbitrary and capricious."); *Raz v. United States*, 217 F. App'x 820 (10th Cir. 2007) (Vacating the two minute orders for failure to state the reason(s); *Browder v. City of Moab*, 427 F.3d 717, 723 (10th Cir. 2005) (Reversing a district court's denial of costs because it gave no reason for the denial.)

Courts always have authority to resolve raised issues as fairness requires. In sum, there is clearly no justification on the record to impose such undue burden on Plaintiff, financially, physically, and emotionally. Decl, Luo ¶11.

## III. THE MAGISTRATE JUDGE CLEARLY ERRED IN RULING ON PLAINTIFF'S MOTION WITHOUT CONSIDERING DEFENDANT'S RESPONSE

Prior to defendant's response, the Magistrate Judge immediately ruled on Plaintiff's motion. Had the Magistrate Judge allowed Defendant to respond it would have been clear that Defendant already acted in stipulating to pay Plaintiff's travel expenses and therefore there was no disputes in that regard. Decl, Luo ¶10.

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff requests that the Court vacate the Order as to her Motion to Quash Subpoena to Testify at a Deposition and grant Plaintiff a protective order (requiring Plaintiff's deposition to be completed remotely or in California, or in the alternative, requiring Defendant to pay for all Plaintiff's travel expenses, including, but not limited to, airfare, food, ground transportation, lodging, and other incidentals necessary for in person deposition completed in Denver.)

Dated: September 15, 2022                    Respectfully submitted,

                                             */s/ Xingfei Luo*
                                             Plaintiff in Pro Se

## <u>DECLARATION OF XINGFEI LUO</u>

I, Xingfei Luo, declare and state:

1.    I am the plaintiff in this case. I have personal knowledge of the facts in this declaration. If called on to testify, I could and would competently do so under oath.

2.    I flew in from California and appeared in person for a status conference held on August 24, 2022 by the Magistrate Judge.

3.    During the August 24, 2022 status conference the Magistrate Judge asked defense counsel whether she would depose me before filing a motion for summary judgment and defense counsel said so.

4.    Then the Magistrate Judge proceeded to inquire when and where defense counsel would like to take the deposition. Defense counsel answered she would like to take the deposition in the court house in Denver.

5.    The Magistrate Judge therefore made inquiry about my availability and decided September 22, 2022 was mutually available.

6.    During the entire status conference there was never any indication that defendant was seeking a court order to compel me to appear at the deposition.

7.    During the entire status conference it appeared to me it was an informal discussion of defense counsel's discovery plan. Therefore, there was no indicator to warn me that I should make objection to this informal discussion.

8.    After the August 24, 2022 status conference I emailed defense counsel asking for a formal notice of deposition and she agreed to do so. A true and correct copy of email correspondence is attached hereto as Exhibit 1. I was not informed that there was any court order to order me to appear at a deposition on September 22, 2022. I believed any objection should be made after I received a formal notice of deposition.

9.    After the August 24, 2022 status conference I was tested positive for Covid due to the extensive travel.

10.  On September 8, 2022 I served defendant my objections to his subpoena and defendant booked me the hotel for the deposition. A true and correct copy of email correspondence is attached hereto as Exhibit 2. A true and correct copy of my objections is attached hereto as Exhibit 3.

11.  Since I was granted to proceed IFP my financial condition has not changed.

I declare under penalty of perjury, that the foregoing is true and correct.

Dated: September 15, 2022

*/s/ Xingfei Luo*

EXHIBIT 1



## Re: 20-cv-02765-RMR-MEH Luo v. Wang

**From:**    "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:**      co20_2765@mail.com, "Hegarty Chambers" <hegarty_chambers@cod.uscourts.gov>, "Michael Hegarty" <michael_e_hegarty@cod.uscourts.gov>
**Date:**    Aug 25, 2022 9:22:17 AM

Good morning, Ms. Luo,

Thanks for your note. I will email you the notice of the Sep. 22 deposition later today.

Regarding your request for an interpreter, I believe Judge Hegarty determined that you are fluent in English and did not have any problem communicating during the hearing yesterday. I am coping the chambers here so we can seek guidance from the Court on this issue.

Best,

Katy Donnelly

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*
**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

Sent from my iPhone

On Thursday, August 25, 2022, 10:08 AM, co20_2765@mail.com wrote:

Ms Donnelly,
Please send me your official deposition notice ASAP. Since you are not happy with my English level please provide Cantonese interpreter at the deposition.
Thanks.

> **Sent:** Wednesday, August 24, 2022 at 9:14 PM
> **From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
> **To:** "co20_2765@mail.com" <co20_2765@mail.com>, "Chris Bach" <Chris_Bach@cod.uscourts.gov>
> **Subject:** Re: 20-cv-02765-RMR-MEH Luo v. Wang
>
> Thank you.
>
> Best,

EXHIBIT 2



# Re: Hotel info

**From:**   "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:**     "co20_2765@mail.com" <co20_2765@mail.com>
**Date:**   Sep 8, 2022 4:50:54 PM

It is a private room, rated 8 out of 10.

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Thursday, September 8, 2022 at 05:49:56 PM MDT, Katayoun Donnelly <katy@kdonnellylaw.com> wrote:

It is a single room.

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Thursday, September 8, 2022 at 05:23:50 PM MDT, <co20_2765@mail.com> wrote:

What is this? Hostel? You booked a private room or dorm room?

**Sent:** Thursday, September 08, 2022 at 3:58 PM
**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>
**Subject:** Hotel info



| | 11th Avenue Hostel | | CHECK-IN | CHECK-OUT | UNITS | NIGHTS |
|---|---|---|---|---|---|---|
| | **Address:** 1112 Broadway Avenue, Denver, CO 80203, United States of America | | **21** | **23** | **1** | **/ 2** |
| | **Phone:** +1 303 894 0529 | | SEPTEMBER | SEPTEMBER | | |
| | **GPS Coordinates:** N 039° 44.046, W 104° 59.263 | | *Wednesday* | *Friday* | | |
| | | | ⏱ 2:00 PM - 12:00 AM | ⏱ 7:00 AM - 11:00 AM | | |

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
Phone:**(720) 675-8584**
Fax:**(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

**Attachments**

- Untitled



## Re: Notice of Deposition and Subpoena

**From:**  co20_2765@mail.com
**To:**  katy@kdonnellylaw.com
**Cc:**  "Hegarty Chambers" <hegarty_chambers@cod.uscourts.gov>, "Michael Hegarty" <michael_e_hegarty@cod.uscourts.gov>
**Date:**  Sep 7, 2022 1:02:48 PM

Please see attached. At this moment I can afford only the flights. Please book the hotel and send me the booking info by Sep 19, 2022 for me to complete the trip. Thanks.

**Sent:** Wednesday, September 07, 2022 at 11:19 AM
**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>
**Cc:** "Hegarty Chambers" <hegarty_chambers@cod.uscourts.gov>, "Michael Hegarty" <michael_e_hegarty@cod.uscourts.gov>
**Subject:** Re: Notice of Deposition and Subpoena

Good morning,

Ms. Luo, could you please send us the booking information for your September 22 lodging and travel expenses - pursuant to 28 USC § 1821 fee guidelines.

Best,
Katy

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
katy@kdonnellylaw.com
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Tuesday, September 6, 2022 at 05:36:02 PM MDT, <co20_2765@mail.com> wrote:

Yes, since you have not cured other issues, e.g. I cannot finish a sentence when speaking English.

EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

                    Plaintiff,

v.

PAUL WANG,

                    Defendant.

**PLAINTIFF'S OBJECTIONS TO SUBPOENA TO TESTIFY
AT A DEPOSITION IN A CIVIL ACTION**

Pursuant to Federal Rule of Civil (FRCP) Rules 26, 30, and 45 Plaintiff hereby objects to the entirety of Paul Wang's subpoena to testify at a deposition in a civil action dated on September 4, 2022.

The subpoena fails to comply with FRCP Rule 45(c)(1)(B). A subpoena may command a person to attend a deposition only within the state where the person resides, is employed, or regularly transacts business in person, if the person is a party. Plaintiff resides in Los Angeles County, California and the place set for deposition is not within the state of California.

The subpoena fails to comply with FRCP Rule 45(d)(1) as it imposes undue burden and expense. The deposition is set over 1,000 miles away from where Plaintiff resides despite the alternatives of a telephone or other remote means are available. See FRCP Rule 30(b)(4). The commands to produce documents seek document that are unlikely to lead to the discovery of admissible evidence.

Plaintiff objects to the commands to produce documents as they seek information that is not relevant to the claims or defenses of any party as required under Fed. R. Civ. P. 26(b)(1).

Specifically, Plaintiff's prior deposition or testimony has no tendency to make a fact at issue in this case more or less probably than it would be without the evidence.

Plaintiff objects to the commands to produce documents as overly broad, harassing, and unduly burdensome to the extent they purport to require Plaintiff to perform any unreasonable additional search or inquiry for documents or information.

Plaintiff objects to the commands to produce documents to the extent they seek the disclosure of confidential information that is protected by court orders and Plaintiff's right of privacy or the disclosure of which would violate the right of privacy of Plaintiff's family members.

Plaintiff objects to the commands to produce documents seek information already obtained or obtainable from sources that are more convenient, less burdensome, or less expensive, as set out in the Federal Rules of Civil Procedure.

Plaintiff objects to the extent the burden or expense of the commands to produce documents outweighs her likely benefit, as set out in the Federal Rules of Civil Procedure.

Plaintiff objects to the production of any information or documents which fall within the scope of the attorney-client privilege, joint defense privilege, or other statutory or common law privileges, or which constitute protected work product.

Dated: September 8, 2022                    Respectfully submitted,

                                            */s/ Xingfei Luo*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. The CM/ECF system will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

_/s/ Xingfei Luo_