**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:20-cv-02765-RMR-MEH

JANE DOE,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

**RESPONSE TO MOTIONS TO QUASH SUBPOENA
(DOCS. 193 AND 194)**

---

Mr. Paul Wang, by and through his undersigned counsel, responds to Ms. Luo's motion to quash the subpoena served on Los Angeles Sherriff Department (LASD). It appears that Ms. Luo's submissions in Docs. 193 and 194 have identical content. As such Mr. Wang combines his responses to both below.

In her request to quash Mr. Wang's subpoena, which requests that LASD produce the data copied from Ms. Luo's cellphone in LASD's possession, Ms. Luo seems to assert three reasons for her request:[1]

- Inconvenience, undue burden, and expenses imposed on the third party.
- Relevance.

---

[1] Considering the cost of responding to this motion, Mr. Wang renews his request for disclosure of the identity of the author of Ms. Luo's motions. *Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) ("We hold today, however, that any ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved.").

- Vague assertion of a potential privacy right.[2]

    Per FRCP 26(b)(2)(C), on motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is **more convenient, less burdensome, or less expensive**; (ii}the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is **outside the scope permitted by Rule 26(b)(l)**.

Document 194, p. 1 (emphasis in original).

> Defendant's catch-all subpoena with no time and scope is overly broad, vague, ambiguous, confusing, harassing, and oppressive as it seeks information that is unlikely to lead to the discovery of admissible evidence. It also seeks the disclosure of privileged and confidential information, including information is protected by court orders and Plaintiffs right of privacy. It also seeks the disclosure of information that would violate the right of privacy of Plaintiffs family members, friends, and co-workers. It further seeks information already. obtained or obtainable from sources that are more convenient, less burdensome, or less expensive, as set out in the Federal Rules of Civil Procedure.

*Id.,* pp. 3-4.

*Applicable Legal Standards*

Rule 45 governs the issuance of subpoenas during litigation. Rule 45(a) allows a party to issue a subpoena commanding a person to produce designated documents at a specified time and place. Fed. R. Civ. P. 45(a)(1)(iii). "The scope of material obtainable pursuant to a Rule 45 subpoena is as broad as what is otherwise permitted under Rule 26(b)(1)." *In re Kleimar N.V. v. Benxi Iron & Steel Am., Ltd.*, 2017 WL 3386115, at *7 (N.D. Ill. Aug. 7, 2017) (internal quotation marks and citation omitted).

---

[2] Ms. Luo's inaccurate allegations regarding the subpoena to the insurance company and Mr. Wang's child's age are not relevant to the analysis of the motion to quash. Mr. Wang reserves the right to address them at a later appropriate time.

Rule 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Under Rule 45(d), the district court on timely motion must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). A burden is considered undue when "the burden of compliance would exceed the benefit of production of the material sought by [the subpoena]." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). To assess whether such an undue burden exists, the court considers numerous factors, including "the likelihood that compliance will result in production of the information, whether the discovery is unreasonably cumulative or duplicative, [and] whether the information sought is readily obtainable from another, more convenient, less burdensome (but equally reliable) source[.]" *Mosely v. City of Chi.*, 252 F.R.D. 421, 427 (N.D. Ill. 2008).

A party moving to quash has the burden of demonstrating that an undue burden exists. *Pac. Century Int'l, Ltd. v. Does*, 1-37, 282 F.R.D. 189, 193 (N.D. Ill. 2012). Ultimately, the decision whether to quash or modify a subpoena is within the discretion of the district court. *See Griffin v. Foley*, 542 F.3d 209, 223–24 (7th Cir. 2008); *Nw. Mem'l Hosp.*, 362 F.3d at 928.

### *Ms. Luo's standing*

As a general rule, a party to a lawsuit does not have standing to object to a subpoena issued to a third party. *See e.g., In re Capuccio*, 558 B.R. 930, 933 (Bankr. W.D. Okla. 2016); *Shirazi v. Childtime Learning Center, Inc.*, 2008 WL 4792694 (W.D.Okla.2008) (unpublished

3

opinion); *Transcor, Inc., v. Furney Charters, Inc*., 212 F.R.D. 588, 590 (D.Kan.2003); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979). An exception to the general rule occurs where the challenging party asserts that a "personal right or privilege with respect to the material subpoenaed" exists. *Shirazi*, 2008 WL 4792694; Brown, 595 F.2d at 967.

As such, as to her assertions regarding inconvenience, undue burden, and expenses imposed on LASD, Ms. Luo has no standing to address them because she has failed to provide any explanation as to how LASD's compliance with the subpoena would impact **her**. *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 815 (N.D. Ill. 2015) ("[A] number of courts have held that generally, ... a party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden.") (citing cases); *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-CV-4161, 2017 WL 5478297, at *3 (N.D. Ill. Nov. 15, 2017) ("As a non-recipient of the subpoena, Plaintiff has no interest in any undue burden that compliance would require, and Plaintiff thus has no standing to object on that basis."); *Auto Owners Ins. Co*., 231 F.R.D. at 429 ("Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds."); *Parker v. Four Seasons Hotels, Ltd*., 291 F.R.D. 181, 187 (N.D. Ill. 2013) ("Relevance, burden or service objections fall to the subpoena's recipient to make.").

- Privacy

As to her assertion regarding privacy, Ms. Luo's vague and generic assertion of a privacy interest does not provide adequate information to allow Mr. Wang to properly respond. Further, it is not sufficient, as she is the plaintiff in this case and any information related to her claims and

Mr. Wang's defenses is discoverable. But even if she could establish a valid privacy interest, any such interest is already protected by the protective order in place in this case, Docs. 129, 131.

- Relevance

In addition, Ms. Luo has not provided any reason why the data copied from her cell phone, as listed in **Attachment 1**, pp. 4-6, is not relevant to the discovery of evidence related to her claims and Mr. Wang's defenses in this case. *See* Mr. Wang's discovery requests, **Attachment 2**; and Ms. Luo's responses, **Attachment 3**. The data stored in her cellphone (e.g., electronic data, including but not limited to call logs, device locations, passwords, searched items, web history, texts, databases, documents, user accounts, calendar, emails, photographs, bank information, videos, and audio) contains crucial evidence in this case. It contains the very information Ms. Luo has failed to disclose in her responses to Mr. Wang's discovery requests. *See* **Attachments 2 and 3**. It also contains information that she has repeatedly attempted to destroy. *See, e.g.*, **Attachment 4** (Ms. Luo's deposition testimony, admitting that she sold the phone that contained the data—evidence— soon after the Los Angeles Sheriff department returned it to her), pp. 34-35, 37; *see also id.*, 31-39, *passim* (demonstrating her litigation tactics, refusing to provide the relevant information during the deposition. This is consistent with her litigation conduct here, e.g., her assertion that she no longer has a copy of one of the most important pieces of evidence in response to the Court's inquiry as to her compliance with the order to produce the redacted or unredacted copy of Mr. Morgann Paraskvas's letter, which she posted on her blog).

Contrary to her assertion, the subpoenaed information is central to Mr. Wang's defenses, considering Ms. Luo's denial that she is the author of the blog Mr. Wang's comment was posted on. It will, among other things, establish that she did create the blog and therefore has

5

information about the date the comment was posted. It also contains information about the credential she has used to create the other blogs where she posted Mr. Wang's private information (including photos of him and his family and friends)—conduct similar to that which she was convicted for in *People v. Xingfei Luo*, Orange County Superior Court, Case. No. 19CM06724 (2022)—as well as information about the alleged rape in China, etc.—again showing that, contrary to the statements in her affidavit, she knew about both statements long before she filed this lawsuit.

Considering Ms. Luo's prior misrepresentations to this Court, such as her assertion that the information produced in the *Weamer* and *El Monte* litigations did not include the links to the statements at issue in this case—which was rebutted in the Declarations of Dawn Ceizler and Amanda Papac, Doc. 144, Exhibit 4 (Ceizler Decl.), ¶ 5; *id*., Exhibit 5 (Papac Decl.), ¶ 5—and considering her litigation conduct in this and other cases, including refusing to provide defendants relevant information, this is the only reliable avenue for Mr. Wang to obtain the evidence essential to his defense. *See, e.g.,* Docs. 94, 107, 132, 144, 160, 162 and exhibits attached (providing documentation of Ms. Luo's litigation conduct).

Finally, contrary to Ms. Luo's assertion, Mr. Wang cannot subpoena the information from Cheeterland.com, which hosted her blog, https://cheaterland.com/paul-wang-highlands-ranch-co.html—the blog Mr. Wang commented on, *see* Doc. 144, Exhibit 4 (Ceizler Decl.), pp. 5-6 (WEAMER 0003-0004)—because Cheeterland.com has been down (last visited Sep. 17, 2022) and does not provide any information for service of subpoenas.

*Conclusion*

Based on the foregoing, the Court should deny Ms. Luo's motion to quash the subpoena. Mr. Wang requests that the Court schedule a hearing on this matter to allow him to assist the Court and respond to any questions the Court might have regarding this subpoena.

Respectfully submitted this 17th day of September 2022.

                                                */s/ Katayoun A. Donnelly*
                                                Katayoun A. Donnelly (#38439)
                                                Azizpour Donnelly, LLC
                                                2373 Central Park Blvd., Suite 100
                                                Denver, CO  80238
                                                Tel. (720) 675-8584
                                                katy@kdonnellylaw.com

                                                *Attorney for Paul Wang*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2022, I served an electronic copy of the foregoing on the parties via CM/ECF and email.

                                                        */s/ Katayoun A. Donnelly*
                                                        Katayoun A. Donnelly