Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 1 of
Case 2:20-cv-00797-RGK-JDE   Document 283-2   Filed 04/26/21   Page 1 of 86   Page ID
#:6892

**Erin R. Dunkerly, Esq. (State Bar No. 260220)**
**Amanda G. Papac, Esq. (State Bar No. 328899)**
**COLLINS + COLLINS LLP**
**790 E. Colorado Boulevard, Suite 600**
**Pasadena, CA 91101**
**(626) 243-1100 – FAX (626) 243-1111**
**Email:  edunkerly@ccmslaw.com**
**Email:  apapac@ccmslaw.com**

Attorneys for Defendants,
LILIANA JARA and RICHARD RUIZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| O.L., | CASE NO. 2:20-CV-00797-RGK-JDE |
| Plaintiff, | *[Reassigned to Magistrate Judge John D. Early – Courtroom 6A]* |
| vs. | **DECLARATION OF AMANDA G. PAPAC IN SUPPORT OF DEFENDANTS LILIANA JARA AND RICHARD RUIZ'S MOTION FOR TERMINATING SANCTIONS** |
| CITY OF EL MONTE; COUNY OF LOS ANGELES; DAVID REYNOSO; MARTHA TATE; MICHAEL BUCKHANNON; ALEX VILLANUEVA; LILIANA JARA; RICHARD RUIZ; JACKIE LACEY; PETER CAGNEY; KAREN THORP; JUNE CHUNG; and DOES 1-10, inclusive, | |
| | Complaint Filed:   2/3/2020 |
| Defendants. | Trial Date:        None |

///

///

22240

COLLINS COLLINS
MUIR + STEWART LLP
790 E. Colorado Boulevard,
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax   (626) 243-1111

1

**PAPAC DECLARATION RE: MOTION FOR TERMINATING SANCTIONS**

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 2 of
Case 2:20-cv-00797-RGK-JDE   Document 223-2   Filed 04/26/21   Page 2 of 86   Page ID
#:6893

## DECLARATION OF AMANDA G. PAPAC

I, Amanda G. Papac, declare and state as follows:

1.  I am licensed to practice law in California, and I am an association with the law firm of Collins + Collins, LLP, counsel of record for defendants Liliana Jara and Richard Ruiz. I make this declaration in support of the defendants' Motion for Terminating Sanctions. This declaration is based upon my personal knowledge, and if called upon as a witness, I could and would testify truthfully under oath as to the facts stated herein.

2.  On April 2, 2021, I prepared, and my office sent, a meet and confer letter to Plaintiff outlining the issues that are the subject of this Motion. Attached hereto as **Exhibit A** is a true and correct copy of the correspondence dated April 2, 2021.

3.  On April 12, 2021, myself, Erin Dunkerly, and Plaintiff attended a telephonic conference on this Motion. The conference commenced at approximately 2:00 p.m. and lasted for approximately twenty-four (24) minutes. We asked Plaintiff if she would sit for a third volume of her deposition or produce the withheld discovery to which Plaintiff refused and told us twice to bring this motion.

4.  Plaintiff did not identify a single witness or produce any documents in her Initial Disclosure in August 2020, as did not supplemented her initial disclosure until the date this declaration was finalized on April 15, 2021, which was long after the discovery cutoff of February 3, 2021.

5.  Plaintiff did not serve Defendants with the discovery responses she was ordered to provide in the January 11 order on or before March 22, 2021. She served late and incomplete responses on March 26, 2021. The responses she did serve were not verified as ordered by the Court on January 11.

6.  Plaintiff did not identify any lawsuits in response to Jara's Interrogatory No. 19, which, subject to this court's order dated January 11, 2021, requested Plaintiff to identify lawsuits she has initiated in the past five years. Plaintiff responded to this interrogatory by simply alleging: "[i]n the last 5 (five) years Plaintiff has not initiated any

22240

COLLINS COLLINS
MUIR + STEWART LLP
790 E. Colorado Boulevard,
Suite 600
Pasadena, CA 91101
Phone  (626) 243-1100
Fax     (626) 243-1111

2

**PAPAC DECLARATION RE: MOTION FOR TERMINATING SANCTIONS**

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 3 of
Case 2:20-cv-00797-RGK-JDE   Document 223-2   Filed 04/26/21   Page 3 of 86   Page ID
#:6894

lawsuits alleging identical or very similar facts or damages relating to this action." As mentioned in a prior declaration of Erin Dunkerly dated October 21, 2021(see Docket No. 101-1 at ¶¶ 12 – 16 and Exhibits C – E thereto), Plaintiff has filed at least three other lawsuits under pseudonyms against other private individuals and public entities in which she alleges similar personal injury and emotional distress damages. For example, Plaintiff's lawsuit against Governor Newsom and former Attorney General Xavier Becerra alleges that the Los Angeles Sheriff's Department failed to investigate her criminal report against Carlos "Charlie" Suarez. Yet, Plaintiff failed to identify this or any other lawsuit in response to Interrogatory No. 19. The fact that Plaintiff is going by a pseudonym in this and other lawsuits makes it impossible for Defendants to identify all her recent and pending lawsuits independently. This information is relevant to whether she is seeking duplicative damages, making duplicative claims, and to whether a motion to deem her as a vexatious litigant is warranted.

7.     On March 16, 2021, Defendants served Plaintiff with an amended deposition notice. That amended notice was prepared by me. I removed from the amended notice document the requests this Court ordered Plaintiff need not respond to in the January 11 order. I then renumbered the remaining requests. Attached hereto as **Exhibit B** is a true and correct copy of the amended deposition notice for Plaintiff's deposition.

8.     On Monday, March 22, 2021, Erin Dunkerly, my colleague, took the second volume of the deposition of plaintiff (Plaintiff having failed to appear at the first volume of her deposition in November 2020). Attached hereto as **Exhibit C** is a true and correct copy of excerpted portions of the deposition transcript.

9.     On March 16, 2021, Erin Dunkerly emailed the Courtroom Deputy inquiring about the status of this Court's monetary sanctions order (Dkt. 162). Plaintiff responded to the email stating in part, "This email is to inform you that whether the court grants or to what extent the court grants your request for sanction I have no financial resource to pay anything." Attached hereto as **Exhibit D** is a true and correct copy of the

22240

COLLINS COLLINS
MUIR + STEWART LLP
790 E. Colorado Boulevard,
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

3

**PAPAC DECLARATION RE: MOTION FOR TERMINATING SANCTIONS**

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 4 of
Case 2:20-cv-00797-RGK-JDE   Document 283-2   Filed 04/26/21   Page 4 of 86   Page ID
#:6895

1    email chain dated March 16, 2021.

2        10.    Plaintiff posted a publicly accessible GoFundMe webpage on July 22, 2019,

3    seeking funding for this lawsuit against Defendants and she references that webpage in

4    her operative pleading. Attached hereto as **Exhibit E** is a true and correct copy of

5    Plaintiff's GoFundMe webpage dated July 22, 2019. I was able to access the GoFundMe

6    webpage as of April 8, 2020, at https://www.gofundme.com/f/2twqa2. As of June 2020,

7    the GoFundMe webpage is no longer accessible, and plaintiff confirmed in her deposition

8    that she deleted it.

9        11.    Defendants are unduly prejudiced by Plaintiff's failure to obey court orders

10    to provide or permit discovery and her admitted disposal of key evidence at a time she

11    was contemplating legal proceedings against Defendants. She did not identify any

12    witnesses or produce a single document in her initial disclosures. She did not appear for

13    her first court ordered deposition in November of 2020 and delayed her deposition until

14    the end of March 2021, through excessive and unmeritorious motion practice. She still

15    has not served full and compliant responses to the discovery Defendants served in

16    September of 2020, despite this Court ordering her to do so. She refuses to identify a

17    single one of the many lawsuits she is currently pursuing, hides her income from

18    Defendants and yet continues to rely on her purported "poverty" asserting that she is

19    judgment proof. All the while, Plaintiff has been in possession of verified discovery

20    responses confirming that neither Jara nor Ruiz searched her cellphone data and she

21    herself has confirmed that she does not have any evidence of an unlawful search beyond

22    her mere speculation of a generic motive to "violate her privacy". She has now informed

23    Defendants at her recent deposition that the very evidence she relies on to assert her

24    claims has been disposed of by her after she had lodged a complaint about Defendant

25    Jara and was contemplating litigation.  She also now claims she is bringing a failure to

26    train and supervise claim against Ruiz, which claim has already been dismissed by this

27    Court. In a recent meet and confer teleconference, when confronted about her failure to

28    train and supervise claim already having been dismissed, she told me she would seek

22240

COLLINS COLLINS
MUIR + STEWART LLP
790 E. Colorado Boulevard,
Suite 600
Pasadena, CA  91101
Phone  (626) 243-1100
Fax     (626) 243-1111

4

**PAPAC DECLARATION RE: MOTION FOR TERMINATING SANCTIONS**

Case 1:20-cv-02765-RMR-MEH Document 203-4 Filed 09/17/22 USDC Colorado Page 5 of
Case 2:20-cv-00797-RGK-JDE Document 283-2 Filed 04/26/21 Page 5 of 86 Page ID
#:6896

1    leave to amend her complaint to rename the dismissed cause of action. This will

2    undoubtedly force Defendants to incur further unjustified fees for opposing a motion that

3    Plaintiff herself could not identify grounds for bringing in meet and confer discussions.

4    She is sandbagging Defendants and the abuse of the court process has no end in sight.

5    This lawsuit appears to be nothing more than retaliation for Jara assisting the Santa Ana

6    Police Department in Plaintiff's arrest (see Docket 40, at p. 24, lines 2-4). She has filed

7    motions related to nearly every single item of discovery she has propounded and received

8    in this case, as well as several ex parte applications, which total more than thirty (30) as

9    of the date of this declaration. She has also filed two to improper appeals. Meet and confer

10   efforts are fruitless as Plaintiff's refuses to concede her positions in the face of well-

11   established law. Defendants have been forced to defend themselves through multiple

12   oppositions and motions to compel, which cause them to incur fees and costs and takes

13   significant time away from preparing their defense of this case, preparing dispositive

14   motions, and preparing for trial. For these reasons, Plaintiff's lawsuit lacks merit. All of

15   this works undue prejudice to Defendants.

16        I declare under penalty of perjury under the laws of the State of California and the

17   United States of America that the foregoing is true and correct.

18        Executed on April 15, 2021, in Los Angeles, California.

20   By: _Amanda G. Papac_____

21        AMANDA G. PAPAC

22

23

24

25

26

27

28

**COLLINS COLLINS
MUIR + STEWART** LLP
790 E. Colorado Boulevard,
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

22240

5

**PAPAC DECLARATION RE: MOTION FOR TERMINATING SANCTIONS**

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 6 of
Case 2:20-cv-00797-RGK-JDE   Document 223-2   Filed 04/26/21   Page 6 of 86   Page ID
#:6897

# EXHIBIT A

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 7 of
Case 2:20-cv-00797-RGK-JDE   Document 203-2   Filed 04/26/21   Page 7 of 86   Page ID
#:6898

**COLLINS COLLINS
MUIR + STEWART** LLP

AMANDA PAPAC
Los Angeles County Office
1100 El Centro Street
South Pasadena, CA 91030
T 626-243-1100
F 626-243-1111
apapac@ccmslaw.com

April 2, 2021

***VIA EMAIL***

Courtproceeding9@gmail.com
Ms. ▉
11151 Valley Blvd., Suite #4886
El Monte, CA 91734

Re:   *O.L. v. County of Los Angeles, et al.*
      Our File Number:       22240

Dear Ms. ▉

The purpose of this correspondence is to meet and confer regarding defendants Liliana Jara and Richard Ruiz's anticipated motion for terminating sanctions.  Below is a brief summary of the grounds that justify an award of sanctions against you.  In accordance with Local Rule 37-1, we request a telephonic conference to meet and confer with you on the proposed motion on or before ***April 12, 2021***.

## YOU HAVE FAILED TO OBEY AN ORDER TO PROVIDE OR PERMIT DISCOVERY

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides as follows:

> If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rules 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated mattes in evidence;
> (iii)  striking pleadings in whole or in part;
> (iv)   staying further proceedings until the order is obeyed;
> (v)    dismissing the action or proceeding in whole or in part;

Los Angeles County
Orange County
San Diego County
Northern California
Inland Empire

www.ccmslaw.com

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 8 of
Case 2:20-cv-00797-RGK-JDE   Document 203-2   Filed 04/26/21   Page 8 of 86   Page ID
#:6899

O.L.
April 2, 2021
Page 2

      (vi)   rendering a default judgment against the disobedient party; or

     (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

As further outlined below, you have failed to obey an order to provide or permit discovery in relation to the discovery and deposition the Court ordered on January 11. (Docket No. 145.)

### *You Failed to Produce Court Ordered Discovery*

Per the January 11 Order, you were to provide responses to discovery, and appear for deposition, within ten days of the Court's Order, or by January 21, 2021. (Docket No. 145, at p. 38.) On January 15, the Court issued and order staying enforcement of the January 11 Order so that you could seek District Court review. (Docket No. 157.) Per this Court's January 15 Order, "the discovery and discovery motion cutoff dates are extended as to all discovery that was ordered to be provided by Plaintiff in the [January 11] Order, including the taking of her deposition, by the number of days the stay is in effect." (*Id*.) The stay was lifted when this Court denied you motion for District Court review on March 15, 2021. (Docket No. 194.) When the stay went into effect, four of the ten days had already been exhausted, leaving six days within which to comply. Thus, with the tenth day falling on a weekend, you were required to produce court ordered discovery responses and appear for deposition six days thereafter by Monday, March 22, 2021.

You did not serve Defendants with the court ordered discovery responses on or before March 22, 2021. You did not serve the responses until March 26, 2021 and therefore did not comply with the January 11 order. Additionally, the responses you did untimely serve on March 26, failed to comply with the January 11 order. For example, you did not identify any lawsuits in response to Jara's Interrogatory Number 19. Defendants have previously presented the Court with several lawsuits you have initiated within the last five years (Docket No. 101-1), yet, you failed to identify any of these lawsuits in response to Interrogatory Number 19. Your discovery responses are also not verified.

### *You Failed to Produce Court Ordered Discovery in Relation to Your Deposition*

Per the January 11 Order, you were required to undertake a search and produce documents responsive to the requests for production of documents that accompanied the deposition notice with an exception to Deposition Request Nos. 18-21 and 26-27, which were in the original notice and later removed from our amended notice. Deposition Request Nos. 18-21 seek documents relating to your communications with Charlie Suarez and those persons representing him and Nos. 26-27 seek health insurance information and income documentation. The Court overruled your objections as to all other document requests in the January 11 Order. Despite the Court's Order, during your deposition on March 22, 2021, you stated that you had not conducted a full search for documents and also would not produce responsive documents to Document Request Nos. 7, 8, 19, and 20, none of which request

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 9 of
Case 2:20-cv-00797-RGK-JDE   Document 203-2   Filed 04/26/21   Page 9 of 86   Page ID
#:6900

O.L.
April 2, 2021
Page 3

health insurance, income documentation, or your communications with Mr. Suarez and his representatives. This was in violation of the January 11 Order which ordered you to "produce all documents in [your] possession, custody, or control responsive to the Requests for Production served with the prior deposition notice, except Request Nos. 18-21 and 26-27, at or before start time of the deposition."

### *You Failed to Cooperate in Your Court Ordered Deposition*

Per the January 11 Order, you were ordered to appear at deposition and the court denied your requests to limit the scope of topics to be covered at the deposition. Despite the Court's Order, you refused to answer several questions on the basis that they were "irrelevant" or that they violated third-party privacy rights on baseless grounds. For example, you refused to answer questions regarding the names of non-retained attorneys you have talked to about this case, the names of friends you have stayed with in the last calendar year, the address of your therapist, and information regarding the other lawsuits you are or have recently pursued. Ms. Dunkerly informed you repeatedly that the objections you were lodging did not provide valid grounds to justify your outright refusal to answer these questions, but to no avail. This conduct was in violation of the Court's January 11 Order.

### YOU HAVE FAILED TO PRESERVE ELECTRICALLY STORED INFORMATION

Rule 37(e) of the Federal Rules of Civil Procedure provides as follows:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

The factual basis for your unlawful search and seizure claim against Richard Ruiz as stated by you in your Second Amended Complaint is that he challenged you about a GoFundMe webpage which allegedly evidences that "LASD Officers misused state resources to conduct [an] illegal search and seizure." (SAC, ¶ 96.) Therefore, your GoFundMe webpage is evidence in this matter relating to your claims against Ruiz. During your deposition on March 22, 2021, you admitted to deleting this key evidence at a time when you were anticipating instituting litigation against Defendants. You created

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 10 of
Case 2:20-cv-00797-RGK-JDE   Document 228-2   Filed 04/26/21   Page 10 of 86   Page ID
#:6901

O.L.
April 2, 2021
Page 4

a GoFundMe webpage on or about July 21, 2019. That same GoFundMe webpage was accessible via the internet as of April 8, 2020, as evidenced by date stamp on the webpage which was produced as an exhibit during your deposition. When asked if you deleted the GoFundMe webpage, you responded "probably." You filed this lawsuit on January 27, 2020, and the GoFundMe webpage appears to have been created for the sole purpose of raising money for this lawsuit. You have violated Rule 37(e) as you deleted this webpage on or after April 8, 2020, while litigation was already underway.

Additionally, your Fourth Amendment claim as to Jara centers on the search of your cell phone. You admitted to trading in the cell phone, including its contents. This includes all your messages you shared with Detective Jara in your July 2, 2019 meeting. In your Second Amended Complaint, you allege Jara exceeded the scope of her search of your cell phone based on a single word in a message from you to a friend being translated from Chinese to English. For this key piece of evidence, you confirmed you deleted that very text message and its metadata and have no unredacted copy of your text exchange with your friend. You confirmed you did this at time you were anticipating instituting litigation against Defendants. This too was done in violation of Rule 37(e).

Monetary sanctions have previously been ordered against you with the precise sum of sanctions still pending with the court. You have previously emailed counsel stating that you do not have the financial ability to satisfy any monetary sanctions that have been awarded against you. Given the above conduct, your repeated failures to abide by Court orders and the Local Rules, and your representation that you will not be satisfying any award of monetary sanctions, Defendants are left with no other recourse but to request terminating sanctions.

In accordance with Local Rule 37-1, we would like to hold a telephonic conference to further discuss Defendants' motions for sanctions as outlined above. Please let me know what times you are available for a telephonic conference on or before *April 12, 2021*, to discuss these issues.

Very truly yours,

COLLINS COLLINS MUIR + STEWART LLP

AMANDA G. PAPAC
AGP:hle

*22240*

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 11 of
36
Case 2:20-cv-00797-RGK-JDE   Document 223-2   Filed 04/26/21   Page 11 of 86   Page ID
#:6902

# EXHIBIT B

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 12 of
Case 2:20-cv-00797-RGK-JDE   Document 28-2   Filed 04/26/21   Page 12 of 86   Page ID
#:6903

1  **Erin R. Dunkerly, Esq. (State Bar No. 260220)**
2  **Amanda G. Papac, Esq. (State Bar No. 328899)**
   **COLLINS COLLINS MUIR + STEWART LLP**
3  **1100 El Centro Street**
4  **South Pasadena, CA  91030**
   **(626) 243-1100 – FAX (626) 243-1111**
5  **Email:  edunkerly@ccmslaw.com**
6  **Email:  apapac@ccmslaw.com**

7  Attorneys for Defendants,
8  LILIANA JARA and RICHARD RUIZ

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  O.L.,                          )  CASE NO. 2:20-CV-00797-RGK-JDE
                                    )  *[Reassigned to Magistrate Judge John D.*
13              Plaintiff,          )  *Early – Courtroom 6A]*
                                    )
14       vs.                        )
                                    )  **AMENDED NOTICE OF DEPOSITION**
15                                  )  **AND REQUESTS FOR DOCUMENTS**
16  CITY OF EL MONTE; COUNY OF      )  **TO PLAINTIFF O.L.**
    LOS ANGELES; DAVID REYNOSO;     )
17  MARTHA TATE; MICHAEL            )  **DATE:      March 22, 2021**
18  BUCKHANNON; ALEX                )  **TIME:      9:00 a.m.**
    VILLANUEVA; LILIANA JARA;       )  **PLACE:    via Zoom**
19  RICHARD RUIZ; JACKIE LACEY;     )
20  PETER CAGNEY; KAREN THORP;      )  Complaint Filed: 2/3/2020
    JUNE CHUNG; and DOES 1-10,      )  Trial Date:       None
21  inclusive,                      )
                                    )
22                                  )
                Defendants.         )
23  _____ )

24

25  **TO PLAINTIFF O.L. IN PRO PER:**

26       **PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30

27  and the order of the court dated January 11, 2021, Defendants LILIANA JARA and

28  RICHARD RUIZ ("Defendants") will take the deposition by oral examination of

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

22240

1

**AMENDED NOTICE OF DEPO AND REQUEST FOR PRODUCTION TO PLAINTIFF**

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 13 of
Case 2:20-cv-00797-RGK-JDE   Document 28-2   Filed 04/26/21   Page 13 of 86   Page ID
#:6904

1    Plaintiff O.L. ("Deponent") via Zoom on March 22, 2021, at 9:00 a.m. Alternatively,

2    Defendants reserve the right to conduct this deposition utilizing the secure web-based

3    deposition option in the alternative video teleconferencing (VTC) services, or

4    telephonically, only to provide remote access for those parties wishing to participate

5    in the deposition via the internet and/or telephone.

6         Also take notice that the court reporter may also be remote via one of the options

7    above for the purposes of reporting the proceeding and may or may not be in the presence

8    of the deponent. Please contact the noticing attorney at least three (3) business days prior

9    to the deposition to advise that it is your desire to appear via this remote participating

10   means so that the necessary credentials, call-in numbers, testing and information, if

11   necessary, can be provided to you prior to the proceedings. In addition, we also reserve

12   the right to utilize instant visual display technology such that the court reporter's writing

13   of the proceeding will be displayed simultaneous to their writing of same on one's laptop,

14   iPad, tablet, or other type of display device connected to the court reporter.

15        This deposition will be taken pursuant to FRCP 30 et seq. and before an officer

16   authorized by law to administer oaths, and shall be recorded by a stenographer. In

17   addition to being recorded by stenographic method, the deposition may be digitally video

18   recorded. Such video recording may be used by Defendants at trial. If this deposition is

19   not completed on said date, the taking thereof will continue from day to day thereafter,

20   at the same time and place, until so completed.

21        The deponent, who is a party to this action, is required to produce the following

22   documents, records or other materials at said deposition.

23   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

24        Any and all DOCUMENTS that support YOUR contention that the LOS

25   ANGELES COUNTY SHERIFF'S DEPARTMENT  translated YOUR message with

26   YOUR female friend from Chinese to English. (For the purpose of these requests, the

27   terms "DOCUMENT" or "DOCUMENTS" shall mean a writing, recording, or

28   photographs as defined by Federal Rules of Evidence section 1001, and include originals

**COLLINS COLLINS**
**MUIR + STEWART** LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax   (626) 243-1111

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 14 of
Case 2:20-cv-00797-RGK-JDE   Document 28-2   Filed 04/26/21   Page 14 of 86   Page ID
#:6905

or a copies of handwriting, typewriting, printing, photographing, videos, tapes, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them; the terms "YOU" and "YOUR" refer to Plaintiff, O.L., and any and all persons acting or purporting to act on his behalf, including but not limited to YOUR insurer, current or former attorneys, investigators, physicians, experts, employees, or agents. The term "LOS ANGELES COUNTY SHERIFF'S DEPARTMENT" means and refers to the Los Angeles Sherriff's Department, including but not limited to defendants Liliana Jara and/or Richard Ruiz, and any and all persons acting or purporting to act on behalf of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.)

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Any and all DOCUMENTS, including but not limited to medical records, medical reports, and medical statements RELATED TO injuries that YOU allege were proximately caused by the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT as alleged in YOUR COMPLAINT. (For the purposes of these requests, the terms "RELATE TO", "RELATES TO", "RELATED TO", "RELATING TO", and "REGARDING" shall mean and refer to reflecting, referring, evidencing, describing, constituting, showing, memorializing, or in any way being logically connected with the matter identified; the term "COMPLAINT" shall refer to the Second Amended Complaint that YOU filed in this lawsuit, case number 2:20-cv-00797-RGK-JDE.)

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Any and all DOCUMENTS RELATED TO general damages that were proximately caused by an unreasonable search and seizure in violation of the Fourth Amendment by defendant Liliana Jara.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Any and all DOCUMENTS RELATED TO COMPENSATORY DAMAGES that were proximately caused by an unreasonable search and seizure in violation of the Fourth Amendment by defendant Liliana Jara. (For purposes of these requests , the phrase

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

22240

3

**AMENDED NOTICE OF DEPO AND REQUEST FOR PRODUCTION TO PLAINTIFF**

1  COMPENSATORY DAMAGES shall mean and refer to lost earnings, medical

2  expenses, loss of earning capacity, compensation for physical pain and suffering,

3  emotional distress, and any other form of compensatory damage YOU seek to recover

4  in this case.)

5  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

6  Any and all DOCUMENTS RELATED TO the exemplary damages that were

7  proximately caused by an unreasonable search and seizure in violation of the Fourth

8  Amendment by defendant Liliana Jara.

9  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

10  Any and all DOCUMENTS that support YOUR claim for any and all damages as

11  identified in YOUR COMPLAINT.

12  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

13  Any and all DOCUMENTS that support YOUR contention that the consent YOU

14  gave the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT to search YOUR

15  cellphone was limited to a search for only messages between YOU and Charlie Suarez.

16  (For the purpose of these requests, the term "LOS ANGELES COUNTY SHERIFF'S

17  DEPARTMENT" means and refers to the Los Angeles Sherriff's Department, including

18  but not limited to defendants Liliana Jara and/or Richard Ruiz, and any and all persons

19  acting or purporting to act on behalf of the LOS ANGELES COUNTY SHERIFF'S

20  DEPARTMENT.)

21  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

22  Any and all DOCUMENTS RELATED TO any and all alleged criminal conduct

23  of Charlie Suarez, including but not limited to any reports or DOCUMENTS YOU

24  provided to law enforcement such as the El Monte Police Department, the LOS

25  ANGELES COUNTY SHERIFF'S DEPARTMENT, and the Los Angeles County

26  District Attorney's Office.

27  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

28  Any and all COMMUNICATIONS between YOU and PERSONS acting on

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

22240

4

**AMENDED NOTICE OF DEPO AND REQUEST FOR PRODUCTION TO PLAINTIFF**

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 16 of 28
Case 2:20-cv-00797-RGK-JDE   Document 88-2   Filed 04/26/21   Page 16 of 86   Page ID
#:6907

behalf of LOS ANGELES COUNTY SHERIFF'S DEPARTMENT. (The terms "COMMUNICATIONS" and/or "COMMUNICATIONS" shall mean and of the following: (1) any letter, memorandum or other DOCUMENT exchanged, received, or transmitted; (2) any oral conversation between two or more persons, whether such conversation was by chance or prearranged, formal, or informal, by telephone or in person; (3) any meeting between two or more persons, whether such contact was by chance ore pre-arranged, formal or informal, or (4) any DOCUMENTS summarizing or describing such DOCUMENTS, exchange, oral COMMUNICATIONS or meeting; the terms "PERSON" or "PERSONS" shall refer to any individual, corporation, partnership, limited liability company, trust, joint stock company, business trust, unincorporated association, joint venture, governmental authority, or other entity of any nature whatsoever.)

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Any and all COMMUNICATIONS between YOU and PERSONS acting on behalf of the El Monte Police Department RELATING TO the criminal report that YOU made against Charlie Suarez as alleged in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

Any and all COMMUNICATIONS between YOU and PERSONS acting on behalf of the County of Los Angeles Districts Attorney's Office RELATING TO the criminal report that YOU made against Charlie Suarez.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Any and all COMMUNICATIONS between YOU and defendant Liliana Jara.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Any and all postings by YOU on the Internet, including but not limited to Facebook, blogs, GoFundMe, WeChat, and/or any and all other webpages or Internet applications, or similar social media postings RELATED TO YOUR allegations against defendant Liliana Jara.

///

22240

**AMENDED NOTICE OF DEPO AND REQUEST FOR PRODUCTION TO PLAINTIFF**

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Any and all postings by YOU on the Internet, including but not limited to Facebook, blogs, GoFundMe, WeChat, and/or any and all other webpages or Internet applications, or similar social media postings RELATED TO the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Any and all DOCUMENTS that support YOUR claim for unreasonable search and seizure in violation of the Fourth Amendment against defendant Liliana Jara.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

An unredacted copy of the screen shot of YOUR messages with YOUR friend "Vanessa" that YOU attached to YOUR Motion for Preliminary Injunction as Exhibit 2.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

Any and all messages on YOUR cellphone that YOU alleged were translated by the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, in their native format with all metadata, including but not limited to the screenshot identified by YOU in YOUR initial disclosure.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Any and all declarations identified by YOU in YOUR initial disclosure.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Any and all DOCUMENTS YOU submitted to the Los Angeles County Sheriff's Department in which YOU limit YOUR consent for the Los Angeles County Sheriff's Department to search your cellphone.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Any and all DOCUMENTS YOU submitted to the Los Angeles County Sheriff's Department in which YOU revoke YOUR consent for the Los Angeles County Sheriff's Department to search your cellphone.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Any and all DOCUMENTS RELATED TO services YOU received from any and

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax    (626) 243-1111

*22240*

6

AMENDED NOTICE OF DEPO AND REQUEST FOR PRODUCTION TO PLAINTIFF

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 18 of
Case 2:20-cv-00797-RGK-JDE   Document 28-2   Filed 04/26/21   Page 18 of 86   Page ID
#:6909

all health care providers, including but not limited to medical doctors and/or nurses of any kind, hospitals, urgent care centers, alternative medicine providers, and/or mental healthcare practitioners, RELATED TO any and all damages that were proximately caused by an unreasonable search and seizure in violation of the Fourth Amendment by defendant Liliana Jara, including but not limited to files, notes, bills, and invoices.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

Any and all DOCUMENTS RELATED TO YOUR claim for loss of earning capacity.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

Any and all DOCUMENTS RELATED TO general damages that were proximately caused by an unreasonable search and seizure in violation of the Fourth Amendment by defendant Richard Ruiz.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

Any and all DOCUMENTS RELATED TO COMPENSATORY DAMAGES that were proximately caused by an unreasonable search and seizure in violation of the Fourth Amendment by defendant Richard Ruiz.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

Any and all DOCUMENTS RELATED TO the exemplary damages that were proximately caused by an unreasonable search and seizure in violation of the Fourth Amendment by defendant Richard Ruiz.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

Any and all COMMUNICATIONS between YOU and defendant Richard Ruiz.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

Any and all postings by YOU on the Internet, including but not limited to Facebook, blogs, GoFundMe, WeChat, and/or any and all other webpages or Internet applications, or similar social media postings RELATED TO YOUR allegations against defendant Richard Ruiz.

///

22240

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

7

**AMENDED NOTICE OF DEPO AND REQUEST FOR PRODUCTION TO PLAINTIFF**

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 19 of
Case 2:20-cv-00797-RGK-JDE   Document 88-2   Filed 04/26/21   Page 19 of 86   Page ID
#:6910

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

Any and all DOCUMENTS that support YOUR claim for unreasonable search and seizure in violation of the Fourth Amendment against defendant Richard Ruiz.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

Any and all DOCUMENTS that support YOUR contention that defendant Richard Ruiz learned about YOUR GoFundMe webpage through a search of YOUR cellphone.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

Any and all DOCUMENTS RELATED TO services YOU received from any and all health care providers, including but not limited to medical doctors and/or nurses of any kind, hospitals, urgent care centers, alternative medicine providers, and/or mental healthcare practitioners, RELATED TO any and all damages that were proximately caused by an unreasonable search and seizure in violation of the Fourth Amendment by defendant Richard Ruiz, including but not limited to files, notes, bills, and invoices.

DATED:  March 16, 2021          COLLINS COLLINS MUIR + STEWART LLP


By:  _Amanda G. Papac_____
          AMANDA G. PAPAC
          ERIN R. DUNKERLY
          Attorneys for Defendants,
          LILIANA JARA and RICHARD RUIZ

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

22240

8

AMENDED NOTICE OF DEPO AND REQUEST FOR PRODUCTION TO PLAINTIFF

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 20 of
86
Case 2:20-cv-00797-RGK-JDE   Document 228-2   Filed 04/26/21   Page 20 of 86   Page ID
#:6911

**PROOF OF SERVICE**
(CCP §§ 1013(a) and 2015.5; FRCP 5)

State of California,                )
                                    )  ss.
County of Los Angeles.              )

I am employed in the County of Los Angeles. I am over the age of 18 and not a party to the within action. My business address is 1100 El Centro Street, South Pasadena, California  91030.

On this date, I served the foregoing document described as **AMENDED NOTICE OF DEPOSITION AND REQUESTS FOR DOCUMENTS TO PLAINTIFF O.L.** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

O.L.
11151 Valley Blvd., Suite #4886
El Monte, CA 91734
courtproceeding9@gmail.com
***PLAINTIFF PRO SE***

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in South Pasadena, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at South Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in South Pasadena, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached Service List on: _____March 16, 2021_____ (Date) _____

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (626) 243-1111 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on March 16, 2021  at South Pasadena, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Helen Esparza
hesparza@ccmslaw.com

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

22240

9

**AMENDED NOTICE OF DEPO AND REQUEST FOR PRODUCTION TO PLAINTIFF**

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 21 of
86
Case 2:20-cv-00797-RGK-JDE   Document 228-2   Filed 04/26/21   Page 21 of 86   Page ID
#:6912

# EXHIBIT C

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 22 of
Case 2:20-cv-00797-RGK-JDE   Document 238-2   Filed 04/26/21   Page 22 of 86   Page ID
#:6913

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O.L.,                                    )
                                         )
                    Plaintiff,           )
                                         )
          vs.                            ) **CASE NO.** 2:20-CV-00797-RGK-JDE
                                         )
CITY OF EL MONTE; COUNTY OF              )
LOS ANGELES; DAVID REYNOSO;              )
MARTHA TATE; MICHAEL                     )
BUCKHANNON; ALEX VILLANUEVA;             )
LILIANA JARA;  RICHARD RUIZ;             )
JACKIE LACEY;  PETER CAGNEY;             )
KAREN THORP; JUNE CHUNG; and             )
DOES 1-10, inclusive,                    )
                                         )
                    Defendants.          )
_____  )

## DEPOSITION OF
O.L.


**DATE:**        Monday, March 22, 2021

**REPORTER:**    Tara Thomas, CSR No. 8495


## Via Remote Video Technology



# HINES REPORTERS

**INTERNATIONAL TOWER**

**888 S. FIGUEROA STREET, SUITE 940, LOS ANGELES, CALIFORNIA 90017**

**866.432.4300; 213.688.7887**

**WWW.HINESREPORTERS.COM**

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 23 of
Case 2:20-cv-00797-RGK-JDE   Document 286-2   Filed 04/26/21   Page 23 of 86   Page ID
#:6914
O.L. vs. City of El Monte, et al.                                          Deposition of O.L.

1        Q.    Moving on to request for production

2   number six.   It seeks any and all documents that

3   support your claim for any and all damages as

4   identified in your complaint.

5              Did you conduct a search for

6   documents responsive to request number six?

7        A.    Yes.

8        Q.    Did you locate any documents

9   responsive to request number six?

10       A.    Yes.

11       Q.    And what documents are responsive

12  to request number six?

13       A.    All of the documents that I just

14  sent you and the documents that were previously

15  produced by defendants.

16       Q.    So your contention is that each and

17  every document you produced in this case supports

18  your claims for damages?

19       A.    Yes.

20       Q.    Moving on to request for production

21  number seven.   It seeks any and all documents that

22  support your contention that the consent you gave

23  the Los Angeles County Sheriff's Department to

24  search your cellphone was limited to a search for

25  only messages between you and Charlie Suarez.

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 24 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 24 of 86   Page ID
#:6915

O.L. vs. City of El Monte, et al.                                                Deposition of O.L.

1           Did you conduct a search for

2   documents responsive to request number seven?

3           A.    No.

4           Q.    Why not?

5           A.    Because this request assumes truth

6   of it being a fact.

7           Q.    Ms. OL, there's a court order

8   requiring you to comply with this document

9   request.

10          So am I to understand you did not

11  to conduct a search for documents responsive to

12  that request?

13          A.    Because I didn't give any consent

14  to search my cellphone, so I cannot conduct any

15  search.

16          MS. DUNKERLY:  Move to strike as

17  nonresponsive.

18          Q.    You did not produce any documents

19  responsive to request number seven, correct?

20          A.    I am not able to produce any

21  documents.

22          Q.    You did not conduct a search for

23  any documents responsive to request number seven,

24  correct?

25          A.    I didn't.

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 25 of
Case 2:20-cv-00797-RGK-JDE   Document 286-2   Filed 04/26/21   Page 25 of 86   Page ID
#:6916

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1        Q.    Moving on to request for production
2  number eight.  Request for production number eight
3  seeks, any and all documents related to any and
4  all alleged criminal conduct of Charlie Suarez
5  including but not limited to any reports or
6  documents you provided to law enforcement such as
7  the El Monte Police Department, the Los Angeles
8  County Sheriff's Department, and Los Angeles
9  County District Attorney's office.
10             Did you conduct a search for
11  documents in response to request for production
12  number eight?
13        A.    Yes.
14        Q.    And did you locate any documents
15  responsive to request number eight?
16        A.    I remember the judge ordered that I
17  need not produce this.  I didn't want to respond
18  to this request.
19        Q.    Ms. OL, we've removed from this
20  deposition notice the request for production that
21  the court said you no longer had to respond to.
22             So while the numbering may have
23  changed, this request was not one of the ones the
24  court said you didn't have to respond to.
25             So you did not -- so you conducted

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 26 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 26 of 86   Page ID
#:6917

O.L. vs. City of El Monte, et al.                                                Deposition of O.L.

1   a search for documents?  Did you locate any

2   documents responsive to this request?

3            A.   I did not respond to this request.

4            Q.   On what basis?

5            A.   The court's order.

6            Q.   Which court's order?

7            A.   Document 145.

8            Q.   Moving on to request for production

9   number nine.  Request for production number nine

10  seeks any and all communication between you and

11  persons acting on behalf of the Los Angeles County

12  Sheriff's Department.

13           Did you conduct a search for

14  documents responsive to request for production

15  number nine?

16           A.   Yes.

17           Q.   Did you locate any documents

18  responsive to request for production number nine?

19           A.   Yes.

20           Q.   Did you produce those documents?

21           A.   Yes.

22           Q.   Which documents?

23           A.   One second.  PLTF 16.  Oh, no.

24  Sorry.  I get the wrong number.  PLTF 9.  PLTF 11,

25  PLTF 12 to 15.

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 27 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 27 of 86   Page ID
#:6918

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1    any and all documents that support your claim for

2    unreasonable search and seizure in violation of

3    the Fourth Amendment against defendant Liliana

4    Jara.

5                  Did you produce any documents

6    responsive to request No. 15?

7          A.    Yes.

8          Q.    Did you locate any documents

9    responsive to request No. 15?

10         A.    Yes.

11         Q.    And did you produce documents?

12         A.    Yes.

13         Q.    And which documents did produce

14   that were in response to request for production

15   No. 15?

16         A.    PLTF 1 to 18.

17         Q.    Moving on to request for production

18   No. 16 seeks an unredacted copy of the screen shot

19   of your messages with your friend "Vanessa" that

20   you attached to your Motion For Preliminary

21   Injunction as Exhibit 2.

22                  Did you conduct a search for

23   documents responsive to request for production No.

24   16?

25         A.    Yes.

**H I N E S   R E P O R T E R S**                                  30

Case 1:20-cv-02765-RMR-MEH  Document 203-4  Filed 09/17/22  USDC Colorado  Page 28 of
Case 2:20-cv-00797-RGK-JDE  Document 283-2  Filed 04/26/21  Page 28 of 86  Page ID
#:6919

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1            Q.    Did you locate any documents

2     responsive to request No. 16?

3            A.    Yes.

4            Q.    Did you produce any documents

5     responsive to request No. 16?

6            A.    Yes.

7            Q.    Which documents did you produce

8     that is responsive to request No. 16?

9            A.    PLTF 10.

10           Q.    I'm looking at what is in the

11    document that's marked for identification as

12    Exhibit 2, at PLTF page 10.

13              Ms. OL, this document at PLTF page

14    10 is still redacted.  This request No. 16 seeks

15    an unredacted copy.

16              Do you have the unredacted copy?

17           A.    No.

18           Q.    There appears to be like black

19    markers, marks on this page.  Do you know who made

20    those markings?

21           A.    I don't recall.

22           Q.    Did you make the marks, the black

23    markings on what has been -- what is in exhibit or

24    marked for identification as 2, Plaintiff's page

25    10?

Case 1:20-cv-02765-RMR-MEH  Document 203-4  Filed 09/17/22  USDC Colorado  Page 29 of
Case 2:20-cv-00797-RGK-JDE  Document 288-2  Filed 04/26/21  Page 29 of 86  Page ID
#:6920
O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1           A.    Can you say that again.

2           Q.    Did you make the black markings on

3    PLTF 10?

4           A.    I guess, yes.

5           Q.    I just want to be abundantly clear,

6    it is important that your deposition testimony be

7    as accurate, as truthful as possible.  While I'm

8    entitled to your best estimate, I don't want you

9    to guess in answering any of the these questions.

10   "I guess", isn't suitable when testifying under

11   penalty of perjury.  I need your most accurate and

12   truthful answer.

13           So do you know who marked in black

14   on the page PLTF 10?

15           A.    I don't recall.

16           Q.    Can you tell me about the document

17   that is in PLTF 10.  Where did this document come

18   from?

19           A.    It comes from a screen shot.

20           Q.    So is this a screen shot of a

21   message on your phone?

22           A.    It used to be.

23           Q.    What do you mean it used to be?

24           A.    Because I don't possess the

25   original screen shot anymore.

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 30 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 30 of 86   Page ID
#:6921

```
 1                Q.   What happened -- so did you take

 2     the original screen shot of this, of these

 3     messages in PLTF 10 yourself?

 4                A.   Can you repeat your question.

 5                Q.   How -- I'll rephrase.

 6                     How did this screen shot that is

 7     PLTF 10, how was the screen shot created?

 8                A.   It was created by screen shot --

 9                Q.   Who took the screen shot?

10                A.   Me.

11                Q.   How did you take the screen shot?

12                A.   Using an app.

13                Q.   What app did you use?

14                A.   I don't recall.

15                Q.   Was it an app only for screen shots

16     or some other type of app?

17                A.   An app for screen shot.

18                Q.   And so you took the screen shot

19     yourself.  And then what did you do once you made

20     the screen shot?

21                A.   I think I made the screen shot back

22     in 2019.

23                Q.   My question is, after you made the

24     screen shot, what did you do with the image?

25                A.   I don't recall.  Like I said, I
```

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 31 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 31 of 86   Page ID
#:6922

**O.L. vs. City of El Monte, et al.**                                                    **Deposition of O.L.**

```
 1   took the screen shot back in 2019.

 2            Q.   Did you send the screen shot to,

 3   for instance, an e-mail address of yours?

 4            A.   Probably.

 5            Q.   Again, I don't want you to guess.

 6                 How is it that the screen shot came

 7   to be printed in a PDF document?

 8            A.   It comes from my computer.

 9            Q.   And when you say you probably

10   e-mailed the screen shot to yourself, what e-mail

11   address would you have sent that screen shot to?

12            A.   My personal e-mail address is

13   confidential.

14            Q.   Your personal e-mail address is not

15   confidential.  What is your personal e-mail

16   address?

17            A.   No. I designate that my e-mail,

18   personal e-mail address is confidential.

19            Q.   Okay.  So how many e-mail addresses

20   do you have?

21            A.   I don't recall.

22            Q.   Can you give me your best estimate

23   as to how many e-mail addresses you have?

24            A.   Three or four.

25            Q.   When you were conducting a search
```

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 32 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 32 of 86   Page ID
#:6923

**O.L. vs. City of El Monte, et al.**                                          **Deposition of O.L.**

1    for documents responsive to request for production

2    No. 16, did you look through your personal e-mail

3    accounts to look for a screen shot that you

4    originally e-mailed to yourself?

5              A.    No.

6              Q.    Why not?

7              A.    Because it's not there.

8              Q.    How do you know it's not there?

9              A.    It's wiped out.

10             Q.    What is wiped out?  What is the

11   "it" in that sentence?

12             A.    I -- I probably deleted it.  I

13   really don't recall.

14             Q.    What makes you think that you

15   probably deleted the e-mail?

16             A.    I don't understand your question.

17             Q.    You told me that you did not --

18   that you did not look in your personal e-mail for

19   the e-mail that -- with the screen shot and you

20   say you probably deleted it.

21                   I'm asking why do you think you

22   probably deleted it?  Do you have a memory of

23   deleting the screen shot e-mail?

24             A.    I don't recall.

25             Q.    What's your basis for saying that

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 33 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 33 of 86   Page ID
#:6924

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1    you probably deleted the e-mail with the screen

2    shot?

3              A.    Sometimes I download the documents

4    and I deleted the e-mail.

5              Q.    Do you have a memory of deleting

6    this particular e-mail with the screen shot?

7              A.    I do not have a vivid memory.

8              Q.    Do you have any memory you did it

9    or not?

10             A.    (No response.)

11             Q.    Ms. OL, do you have any memory?

12             A.    I don't have a vivid memory.

13             Q.    Do you have any memory, is my

14   question?

15             A.    I do not know what is the

16   difference.

17             Q.    I would like to know if you have

18   any recollection whatsoever of deleting the e-mail

19   that you sent yourself, that is the screen shot

20   that is in Exhibit 2, at Plaintiff, PLTF 10?

21             A.    I don't have a clear recollection.

22             Q.    Okay.  And after you e-mailed the

23   screen shot to your personal e-mail account, did

24   you then print it out and then mark with the black

25   marker, as we see in the document marked PLTF 10?

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 34 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 34 of 86   Page ID
#:6925

O.L. vs. City of El Monte, et al.                                          Deposition of O.L.

```
 1    application was this text message exchanged in
 2    that is in PLTF 10?
 3           A.    WeChat.
 4           Q.    Are the WeChat messages stored on
 5    your phone or are they stored in the cloud?
 6           A.    The phone.
 7           Q.    When did you replace your phone?
 8           A.    Early 2020.
 9           Q.    Do you recall the month?
10           A.    I don't recall.
11           Q.    And where did you trade your phone
12    in?
13           A.    I traded it on-line.
14           Q.    Where on-line?
15           A.    Craig's List.
16           Q.    Who specifically on Craig's list?
17           A.    I don't recall, because it's been
18    awhile and --
19           Q.    Who did you trade your phone into
20    on Craig's list?
21           A.    I don't keep her number.
22           Q.    Okay.  Ms. OL, I am entitled to
23    your best estimate.  Do you recall when you -- if
24    you traded your phone in, for instance, January of
25    2020 or February of 2020 or March of 2020?
```

Case 1:20-cv-02765-RMR-MEH  Document 203-4  Filed 09/17/22  USDC Colorado  Page 35 of
Case 2:20-cv-00797-RGK-JDE  Document 258-2  Filed 04/26/21  Page 35 of 86  Page ID
#:6926

O.L. vs. City of El Monte, et al.                                          Deposition of O.L.

1          A.    Probably January or February.

2          Q.    What was the model of phone that

3    you traded it?  What was the model of phone that

4    this text message exchange was on?

5          A.    Samsung S6.

6          Q.    Who is your cellphone carrier for

7    the Samsung S6?

8          A.    I don't have any carrier.

9          Q.    Who provides your cellphone service

10   for that phone?

11         A.    That phone had no service.

12         Q.    Who did service the phone when it

13   was in operation in May of 2019?

14         A.    Can you repeat your question?

15         Q.    Who provided the cellphone

16   connection service for your Samsung cellphone in

17   May of 2019?

18         A.    There is no.

19         Q.    So your contention is that your

20   cellphone had no cellphone service provider?

21         A.    Correct.

22         Q.    And back to the text message PLTF

23   page 10.  Did you print out any other copies of

24   this screen shot?

25         A.    What do you mean by other copy?

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 36 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 36 of 86   Page ID
#:6927
O.L. vs. City of El Monte, et al.                                          Deposition of O.L.

| | |
|---|---|
| 1 | A.   I don't recall. |
| 2 | Q.   And just so I'm clear, you do not |
| 3 | have in your possession, custody or control a copy |
| 4 | of the Bates number PLTF 10 that is unredacted, |
| 5 | correct? |
| 6 | A.   Correct. |
| 7 | Q.   And you don't remember the contents |
| 8 | of any of the other portions of PLTF 10 that has |
| 9 | been covered up in black marker, correct? |
| 10 | A.   Can you repeat your question. |
| 11 | MS. DUNKERLY:  I'll ask the court |
| 12 | reporter to read my question back. |
| 13 | (Record read.) |
| 14 | THE WITNESS:  Correct. |
| 15 | BY MS. DUNKERLY: |
| 16 | Q.   And you no longer have access to |
| 17 | the chain of communication between you and Vanessa |
| 18 | from which this screen shot was taken, correct? |
| 19 | A.   Correct. |
| 20 | Q.   And you no longer have the phone, |
| 21 | Samsung phone that this message was on, correct? |
| 22 | A.   Correct. |
| 23 | Q.   When you created this screen shot |
| 24 | in, and you created this screen shot, I'm sorry, |
| 25 | in around October or November of 2019, right? |

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 37 of
Case 2:20-cv-00797-RGK-JDE   Document 28-2   Filed 04/26/21   Page 37 of 86   Page ID
#:6928

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1          A.    Yeah.

2          Q.    What was your reason for creating

3  the screen shot?  Was it because you suspected

4  someone other than you had translated the message?

5          A.    Yes.

6          Q.    And why is it that you -- what

7  makes you suspect that someone else had translated

8  this message?

9          A.    My phone was pass code protected

10  and finger print protected; and the other than

11  myself, and Los Angeles County Sheriff Department,

12  nobody ever possessed my phone.

13          Q.    When did you receive your phone

14  back from the L.A. Sheriff's Department?

15          A.    October 2019.

16          Q.    Do you recall the date?

17          A.    I don't recall the exact date.

18          Q.    Generally, was it early October,

19  mid October, late October?

20          A.    Between mid and late October.

21          Q.    And when did you discover this

22  message was translated?

23          A.    After I got my phone back.

24          Q.    Yes.  I understand that.

25                Was it in November or -- when did

**H I N E S   R E P O R T E R S**                          45

Case 1:20-cv-02765-RMR-MEH  Document 203-4  Filed 09/17/22  USDC Colorado  Page 38 of
Case 2:20-cv-00797-RGK-JDE  Document 286-2  Filed 04/26/21  Page 38 of 86  Page ID
#:6929

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1     Q.   At some point you came to the

2   understanding or you formed the impression that

3   someone in the Sheriff's Department translated the

4   messages; is that right?

5     A.   Yes.

6     Q.   And other than that, did you have

7   any idea specifically as to who at the Sheriff's

8   Department translated the message on your phone

9   that is in PLTF page 10?

10    A.   Can you repeat your question.

11    Q.   Do you have, do you know who in the

12   Sheriff's Department you contend translated the

13   message that is in PLTF 10?

14    A.   My estimation is Liliana Jara.

15    Q.   What do you base that on?

16    A.   Because there are very few people

17   who possessed my phone.

18    Q.   And who are those few people that

19   possessed your phone?

20    A.   Liliana Jara and -- what's the name

21   of the -- Southern California High Tech Force.

22    Q.   And so what makes you think that

23   Jara is the one that translated this message?

24    A.   Because from the documents that

25   produced by, during the discovery, I don't recall

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 39 of
Case 2:20-cv-00797-RGK-JDE   Document 233-2   Filed 04/26/21   Page 39 of 86   Page ID
#:6930

O.L. vs. City of El Monte, et al.                                          Deposition of O.L.

1    his name.  The person in -- in Southern California

2    High Tech Force.  He wouldn't have any -- no

3    reason to translate the message.

4             Q.   Are you implying that Detective

5    Jara had a motive to translate this message?

6             A.   Yes.

7             Q.   And what was that motive?

8             A.   To violate my privacy.

9             Q.   Why would Detective Jara be

10   motivated to violate your privacy?

11            A.   Objection.  Speculation.  I cannot

12   read Liliana Jara's mind.

13            Q.   But you just said that Detective

14   Jara's motive was to violate your privacy.

15            What is the basis for you saying

16   that Detective Jara had a motive to violate your

17   privacy?

18            A.   The basis of the motive is her

19   behavior.

20            Q.   What specifically are you talking

21   about?

22            A.   She translated my message without

23   my consent.

24            Q.   Ms. OL, you just testified that

25   Detective Jara had a motive to violate your

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 40 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 40 of 86   Page ID
#:6931
O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1    privacy because of how she was behaving.

2                My question is how was she behaving

3    that led you to believe that she had a motive to

4    violate your privacy?

5          A.    Her behavior is to translate my

6    message without my consent.

7          Q.    What do you base that on?  Why

8    would Detective Jara want to violate your privacy?

9    What do you believe would be her basis for

10   violating your privacy?

11         A.    Objection.  Speculation.

12         Q.    You are the one, Ms. OL, who

13   contended that Detective Jara had a motive to

14   violate your privacy.  I'm inquiring as to the

15   basis for your testimony that you believe that

16   Detective Jara wanted to violate your privacy.

17         A.    The basis for my understanding of

18   her motive is her behavior to translate the

19   message without my consent.

20         Q.    Just so I'm crystal clear here.

21               You're testimony is that you

22   believe the message was translated by Detective

23   Jara just because she wanted to violate your

24   privacy; is that correct?

25         A.    Could you repeat your question.

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 41 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 41 of 86   Page ID
#:6932

O.L. vs. City of El Monte, et al.                                          Deposition of O.L.

1          Q.    And so why did you print out this
2    screen shot?
3          A.    I was confused why my message was
4    translated.
5          Q.    How long after you printed out this
6    screen shot did you apply the black marker?
7          A.    I don't recall.
8          Q.    What is your best estimate?
9          A.    I really don't recall.  I don't
10   want to give you a wrong answer.
11         Q.    When did you first decide to pursue
12   a claim against Detective Jara?
13         A.    I don't recall the exact time, but
14   it's probably November.
15         Q.    And you filed your lawsuit on your
16   own, correct, without an attorney; is that right?
17         A.    Yes.
18         Q.    When did you start preparing your
19   lawsuit against Detective Jara?
20         A.    December.
21         Q.    Do you recall approximately when in
22   December; like, the beginning or the middle or
23   end?
24         A.    Probably early December.
25         Q.    Okay.

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 42 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 42 of 86   Page ID
#:6933

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1    Q.    Moving on to request for production

2    No. 19.  This says, any and all documents you

3    submitted to the Los Angeles County Sheriff's

4    Department in which you limit your consent for the

5    Los Angeles County Sheriff's Department to search

6    your cellphone.

7            Did you conduct a search for

8    documents responsive to request No. 19?

9    A.    No.

10   Q.    Why not?

11   A.    I didn't give any consent for the

12   LASD to search my phone.

13   Q.    Is it your contention that the

14   Sheriff's Department took your cellphone from you

15   without you -- without your consent at all?

16   A.    No.

17   Q.    So if they didn't take your phone

18   by force, did you hand your phone over to them

19   voluntarily?

20   A.    I was led to believe the purpose

21   for them to take my phone is to download certain

22   messages.

23   Q.    Which certain messages did you

24   believe they were going to download?

25   A.    My messages between me and the

Case 1:20-cv-02765-RMR-MEH Document 203-4 Filed 09/17/22 USDC Colorado Page 43 of
Case 2:20-cv-00797-RGK-JDE Document 288-2 Filed 04/26/21 Page 43 of 86 Page ID
#:6934

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1    suspect.

2             Q.    And what is the name of the

3    suspect?

4             A.    Charlie Suarez.

5             Q.    Okay.

6             Do you have any documents that

7    support your contention that the Sheriff's

8    Department was only going to download messages

9    between you and Carlos Suarez?

10            A.    With the declaration.

11            Q.    The declaration you identified in

12   Plaintiff's 1 through 8?

13            A.    Correct.

14            Q.    Moving on to request for production

15   No. 20.  Any and all documents you submitted to

16   the Los Angeles County Sheriff's Department in

17   which you revoke your consent for the Los Angeles

18   Sheriff's Department to search your cellphone.

19            Did you look for any documents

20   responsive to request No. 20?

21            A.    No.

22            Q.    Why not?

23            A.    I didn't give consent for LASD to

24   search my cellphone.

25            Q.    Moving on to request for production

Case 1:20-cv-02765-RMR-MEH  Document 203-4  Filed 09/17/22  USDC Colorado  Page 44 of
Case 2:20-cv-00797-RGK-JDE  Document 288-2  Filed 04/26/21  Page 44 of 86  Page ID
#:6935

O.L. vs. City of El Monte, et al.                                                                  Deposition of O.L.

1  had with other people about this lawsuit; and

2  asking who you have been residing with is a

3  typical question in a deposition.

4          A.    Your question should be who I ever

5  talked about this lawsuit, instead of who I reside

6  with.

7          Q.    Ms. OL, who have you been residing

8  with within the last calendar year?

9          A.    No one.

10          Q.    So you have not stayed with any of

11  your friends in the last calendar year?

12          A.    I stay with those.  Does not mean

13  that I live with them.

14          Q.    Okay.  What are the names of the

15  friends that you have stayed with within the last

16  calendar year?

17          A.    It's my privacy.

18          Q.    Are you refusing to answer this

19  question?

20          A.    Yes.

21          Q.    On what grounds are you refusing to

22  answer that question?

23          A.    It's my privacy.  Relevance.

24          Q.    Okay.

25                What kind of park are you staying

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 45 of
Case 2:20-cv-00797-RGK-JDE   Document 236-2   Filed 04/26/21   Page 45 of 86   Page ID
#:6936

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1    inside or outside has anything to do with the

2    lawsuit.

3              Q.    Okay.  If you're contending that

4    your housing situation has nothing to do with the

5    lawsuit, I'm okay with that.

6                    Have you spoken to anyone about

7    this case?

8              A.    Anyone?  Can you define anyone?

9              Q.    Anyone as in any person, as in a

10   human being.

11             A.    Yes.

12             Q.    Who have you spoken to about this

13   case?

14             A.    They're attorney.  I cannot tell

15   you the names.

16             Q.    Why can't you tell me their names?

17             A.    Because they are not retained.

18             Q.    On what basis -- do you not

19   remember their names?

20             A.    Some of them I remember.

21             Q.    All right.  What are the names of

22   the attorneys you have talked to about this case

23   that you have not retained, whose names you do

24   remember?

25             A.    Objection.  Relevance.

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 46 of
Case 2:20-cv-00797-RGK-JDE   Document 233-2   Filed 04/26/21   Page 46 of 86   Page ID
#:6937

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1    Q.    Okay.  You can still answer the

2    question even though you've objected based on

3    relevance.

4         What is the answer?

5    A.    I refuse to answer.

6    Q.    On what basis do you refuse to

7    answer?

8    A.    What does this means have anything

9    to do with the lawsuit?

10   Q.    Ms. OL, I'm inquiring as to who

11   else you have talked to about this case with,

12   which is discoverable.

13        You represented that you talked to

14   attorneys about this case and that you have not

15   retained these attorneys.  And that you recall the

16   names of some of these attorneys.  I am therefore

17   asking you for the names of the attorneys that you

18   have not retained and that you recall.

19   A.    Objection.  Relevance.  I refuse to

20   answer.

21   Q.    On what grounds do you refuse to

22   answer.

23   A.    What is your basis?

24   Q.    Ms. OL, if you've made statements

25   to anyone else about this case, those statements

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 47 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 47 of 86   Page ID
#:6938

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1   are discoverable; and so this is discoverable

2   information I'm seeking.

3            What are the names of the attorneys

4   you have talked to about this case, who you have

5   not retained?

6        A.   Whether or not I retained them, our

7   conversation is private, confidential, privileged.

8        Q.   If you have not retained them, they

9   are not your attorney.

10       A.   Yes.

11       Q.   How is the conversation privileged?

12       A.   Yes.  Because before we had the

13   conversation, we had the agreement that our

14   conversation is privileged.

15       Q.   So it sounds like you didn't retain

16   these people to be your attorney, then?

17       A.   No.

18       Q.   Okay.  Ms. OL, even if you did

19   retain an attorney in this case, the names of the

20   attorneys isn't confidential.  The contents of

21   your conversation with attorneys who you retained

22   can be confidential.  But the names of the

23   attorneys are not.

24            On what grounds are you refusing to

25   answer as to the names of the attorneys?

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 48 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 48 of 86   Page ID
#:6939

O.L. vs. City of El Monte, et al.                                Deposition of O.L.

 1              A.    Relevance.

 2              Q.    Ms. OL, aside from relevance,

 3    that's not a sufficient basis to refuse to answer

 4    a question in a deposition.

 5              Do you have any other grounds for

 6    refusing to provide the names of attorneys who

 7    have spoken to about this case, but have not

 8    retained?

 9              A.    What is your question?

10              Q.    What are the names of the attorneys

11    you have spoken to about this case, but you have

12    not retained?

13              A.    I refuse to answer that question.

14              Q.    Okay.  We'll move on.

15              Aside from attorneys, have you

16    talked to anyone else about this case?

17              A.    Yes.

18              Q.    Who?

19              A.    I talked about the facts.  But they

20    don't actually know what I was talking about was a

21    lawsuit.

22              Q.    Who is they?

23              A.    My therapist.

24              Q.    What is your therapist's name?

25              A.    And my therapist and my friends.

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 49 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 49 of 86   Page ID
#:6940
O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1    question.

2              Q.    Ms. OL, you said that there were

3    reasons why you stopped working as much as you had

4    been before in May of 2019.  And you indicated one

5    of the reasons was you were having difficulty in

6    sleeping.

7              I'm asking were there any other

8    reasons why you worked less from May 2019 on?

9              A.    Well, I started have eating

10   disorder.

11             Q.    When did you start having an eating

12   disorder?

13             A.    Since May 2019.

14             Q.    Other than your difficulty in

15   sleeping and your eating disorder, was there any

16   other reason why you worked less from May 2019 on?

17             A.    That's what I can recall.

18             Q.    Okay.

19             Ms. OL, have you filed -- other

20   than this lawsuit against my clients, Jara and

21   Ruiz, what other lawsuits do you have currently

22   pending?

23             A.    Can you give me a scope?

24             Q.    As of today, what other lawsuits,

25   if any, do you have currently pending?

Case 1:20-cv-02765-RMR-MEH  Document 203-4  Filed 09/17/22  USDC Colorado  Page 50 of
Case 2:20-cv-00797-RGK-JDE  Document 286-2  Filed 04/26/21  Page 50 of 86  Page ID
#:6941

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

```
 1              A.    Can you give me a subject?
 2              Q.    Any lawsuit filed by you that's
 3   currently pending.
 4              A.    Can you give me a subject?
 5              Q.    I'm not making it subject specific.
 6   I want to know how may lawsuits you have currently
 7   pending anywhere right now.
 8              A.    Because you didn't give me a scope
 9   or subject, I cannot answer your question.
10              Q.    Why can't you answer my question?
11   Are you unaware of what lawsuits you have
12   currently pending?
13              A.    It's not that I'm not aware.  You
14   didn't give me a scope or subject.
15              Q.    I'm giving you a subject.  I want
16   to know if you have filed as a plaintiff any civil
17   lawsuit in any jurisdiction that is currently
18   pending?
19              A.    What's the relevance?
20              Q.    I'm asking the question.  You can
21   object based on relevance, but you still have to
22   answer.
23              A.    I refuse to answer.
24              Q.    On what grounds are you refusing to
25   answer?
```

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 51 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 51 of 86   Page ID
#:6942

**O.L. vs. City of El Monte, et al.**                                                    **Deposition of O.L.**

1          A.   Because you didn't give me any

2     scope or subject.  Timeline.

3          Q.   Okay.  Ms. OL, I have given you a

4     timeline.  I want to know what lawsuits are

5     currently pending where you are the plaintiff?

6          A.   (No response.)

7          Q.   You have one against other people

8     and entities that are pending right now, correct?

9          A.   Correct.

10         Q.   And how many lawsuits?

11         A.   I don't recall.

12         Q.   What's your best estimate?

13              (Technical Difficulty.)

14    BY MS. DUNKERLY:

15         Q.   So you don't have any recollection

16    as to how many lawsuits you have that are

17    currently pending; is it more than two?

18         A.   Yes.

19         Q.   Is it more than five?

20         A.   I'm not sure.

21         Q.   Do you have -- you have the ability

22    of looking up information as to what lawsuits that

23    you have currently pending, correct?  Presumably

24    you get served with documents in them, correct?

25         A.   Correct.

Case 1:20-cv-02765-RMR-MEH Document 203-4 Filed 09/17/22 USDC Colorado Page 52 of
Case 2:20-cv-00797-RGK-JDE Document 288-2 Filed 04/26/21 Page 52 of 86 Page ID
#:6943

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1           Q.    You have your computer in front of
2   you, right?
3           A.    Yes.
4           Q.    Why don't you look on your computer
5   and access whatever information you need to count
6   how many lawsuits you have currently pending.
7           A.    Why would I do so?
8           Q.    To answer this question.  I'm
9   asking you to answer under oath in a deposition.
10          A.    I refuse to answer.
11          Q.    On what grounds, Ms. OL?
12          A.    Relevance.
13          Q.    That's -- you cannot refuse to
14  answer a question in a deposition based on
15  relevance.  Do you have some other grounds for
16  refusing to answer the question?
17          A.    No.
18          Q.    Ms. OL, we're going to move to
19  compel an answer to this question.
20                In the last five years, have you
21  listed for me all lawsuits you have filed in the
22  United States of America?
23          A.    (No response.)
24          Q.    Ms. OL, can you answer the
25  question?

**H I N E S   R E P O R T E R S**                                    **115**

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 53 of
Case 2:20-cv-00797-RGK-JDE   Document 286-2   Filed 04/26/21   Page 53 of 86   Page ID
#:6944

 1          A.    Can I list?

 2          Q.    Yes.

 3          A.    No.

 4          Q.    Why not?

 5          A.    (No response.)

 6          Q.    Ms. OL?

 7          A.    I recall the court -- one second.

 8                (Pause.)

 9                The purpose that you already

10    propounded this interrogatory.  It's Liliana Jara

11    Interrogatory No. 19.  And the court ruled

12    defendant maintaining several lawsuits all under

13    pseudonyms alleging identical or very similar

14    facts or damages against different government

15    actors.  And I don't have any lawsuits alleging

16    identical or very similar facts or damages against

17    other government actors.

18          Q.    Ms. OL, I'm not asking an

19    interrogatory.  And the court did in its order on

20    January 11th permit a question as to prior

21    lawsuits extending back five years.

22                We're now in your deposition.

23    There is no court order limiting what I ask you.

24    I will abide by the five year limit; and ask you

25    again, what lawsuits have you filed in the United

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 54 of
Case 2:20-cv-00797-RGK-JDE   Document 203-2   Filed 04/26/21   Page 54 of 86   Page ID
#:6945
O.L. vs. City of El Monte, et al.                                                    Deposition of O.L.

 1   States of America in the last five years?

 2          A.    I don't recall.

 3          Q.    You don't recall any of the

 4   lawsuits you've filed in the United States of

 5   America in the last five years?

 6          A.    I don't recall any lawsuits that

 7   alleging similar facts or damages against other

 8   government entities.

 9          Q.    This lawsuit isn't against a

10   government entity.  This lawsuit is against two

11   individuals.

12                In the last five years how many

13   lawsuits have you filed alleging emotional

14   distress damages?

15          A.    I am not able to answer your

16   question.

17          Q.    Why are you not able to answer my

18   question?

19          A.    (No response.)

20          Q.    Ms. OL, you are taking a really

21   long pause in response to many of my questions.

22                Why are you not able to answer my

23   question?

24          A.    (No response.)

25          Q.    Ms. OL, you are taking a long time

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 55 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 55 of 86   Page ID
#:6946

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1  to answer.  Will you please respond to my

2  question.

3           A.   (No response.)

4           Q.   Ms. OL?

5           A.   I refuse to answer your question.

6           Q.   On what grounds are you refusing to

7  answer my question?

8           A.   (No response.)

9           Q.   Ms. OL, do you have any grounds for

10  refusing to answer my question?

11           A.   Relevance.

12           Q.   That is not a valid ground for

13  refusing to answer my question.

14           A.   Overly broad.

15           Q.   That's not a valid ground for

16  refusing to answer a question in a deposition.

17           Do you have any valid grounds to

18  refuse to answer my question?

19           A.   (No response.)

20           Q.   Ms. OL, you are taking long pauses

21  and I feel you are deliberately taking pauses in

22  order to string out the length of this deposition

23  which would be in bad faith and an abuse of this

24  discovery process.

25           Now, Jara's interrogatory No. 19

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 56 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 56 of 86   Page ID
#:6947

O.L. vs. City of El Monte, et al.                                              Deposition of O.L.

1    asks you to identify every lawsuit initiated in

2    the last ten years, including any lawsuits under a

3    pseudonym or using your initials.  The court

4    limited that to the last five years.

5              So I'll give you one more

6    opportunity before we move to compel.  I'm asking

7    you, what lawsuits have you filed in the last five

8    years?

9          A.    The court ruled because defendants

10   assert plaintiff is currently maintaining several

11   lawsuits all under pseudonyms alleging identical

12   or very similar facts or damages against different

13   government actors.  And I don't have any.

14         Q.    Ms. OL, the order of the court

15   specifically says the court finds that defendant

16   meets the threshold for relevance with respect to

17   lawsuits initiated within the prior five years.

18            The court then limited our

19   questions only insofar as it's five years instead

20   of ten.  The court did not limit the subject

21   matter of that interrogatory.  Regardless, for

22   purposes of this -- this is separate and apart

23   from your Jara's interrogatories to you.  I am

24   aligning with the court's order by limiting it to

25   the last five years.  And you appear to be

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 57 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 57 of 86   Page ID
#:6948

O.L. vs. City of El Monte, et al.                                      Deposition of O.L.

1    refusing to identify every lawsuit you filed in

2    the last five years; is that correct?

3            A.    Correct.

4            Q.    The court's order further stated,

5    quote, The interrogatory is limited to lawsuits

6    initiated by plaintiff.  Limited to five years.

7    The court made no other limitation in its order as

8    to the subject matter.

9            Therefore, we are going to be

10   moving to compel your testimony.  And I remind you

11   that the court previously ordered sanctions

12   against you for failure to appear at your prior

13   deposition.  So we are going to ask for more

14   severe sanctions this time around, in a motion to

15   compel due to your basic refusal with no valid

16   grounds given to not respond to this question.

17   Okay?

18           A.    No.  It's not okay.  Because the

19   court ruling, it was conditional.

20           Q.    You -- where in the court's ruling

21   is it conditional in terms of the subject matter,

22   Ms. OL?

23           A.    That the third time I read the

24   court's ruling.  Quote, defendant assert plaintiff

25   is currently maintaining several lawsuits all

HINES REPORTERS                                   120

Case 1:20-cv-02765-RMR-MEH  Document 203-4  Filed 09/17/22  USDC Colorado  Page 58 of
Case 2:20-cv-00797-RGK-JDE  Document 88-2  Filed 04/26/21  Page 58 of 86  Page ID
#:6949

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1          Q.    Was it during April 2019?

2          A.    I don't recall.  I don't recall.

3  It's between April and the end of April or May.

4          Q.    Okay.

5                And were these texts from you to

6  Mr. Suarez among those that you downloaded to your

7  computer?

8          A.    Yes.

9          Q.    And your texts with Mr. Suarez,

10  those were in English, correct?

11          A.    Correct.

12          Q.    What was your, at the time, what

13  was your phone's selected language for WeChat?

14          A.    Probably English.

15          Q.    You stated previously that you

16  found out that Mr. Suarez was active on-line every

17  day and therefore cheating on you; is that

18  correct?

19          A.    Active on-line?  Can you rephrase

20  your question?

21          Q.    Sure.  Hold on one second.

22                I would like to mark a new exhibit.

23  Your GoFundMe page.  Exhibit next in order.

24          (Defendant's Exhibit 4 was marked for

25          identification.)

**H I N E S   R E P O R T E R S**                                    **155**

Case 1:20-cv-02765-RMR-MEH  Document 203-4  Filed 09/17/22  USDC Colorado  Page 59 of
Case 2:20-cv-00797-RGK-JDE  Document 283-2  Filed 04/26/21  Page 59 of 86  Page ID
#:6950

O.L. vs. City of El Monte, et al.                                              Deposition of O.L.

1          MS. DUNKERLY:  Hold on.  I'm looking for

2     a reference.

3          THE WITNESS:  I need to make an

4     objection.  You said this is my GoFundMe page, but

5     I didn't authenticate this document.

6          MS. DUNKERLY:  I haven't started asking

7     you questions about this document yet.

8                    (Pause.)

9          Q.    How is it that you found out that

10    Mr. Suarez was cheating on you?

11         A.    He was out hunting.

12         Q.    What specifically led you to

13    discover that?

14         A.    You can use the app.  There's a

15    function to see the people nearby.  So he's out

16    there hunting people nearby.

17         Q.    So I'm sorry.  Can you tell through

18    the WeChat app that Mr. Suarez was near to you?

19         A.    Yes.

20         Q.    And what about that led you to

21    conclude that he was cheating on you?

22         A.    He's out hunting.

23         Q.    What do you mean by that?  How can

24    you tell that he was out hunting?  What was he

25    hunting for?

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 60 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 60 of 86   Page ID
#:6951

O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

1          Q.    Would you have deleted the screen

2     shot from your cellphone?

3          A.    Yes.

4          Q.    Okay.

5                When would you have deleted the

6     screen shot from your cellphone?

7          A.    I don't recall.

8          Q.    What's your best estimate?

9          A.    I can't estimate.  I have no

10    information to make that estimation.

11         Q.    You are the one that possessed the

12    phone and would have deleted the screen shot,

13    correct?

14         A.    Yes.  But you don't remember your

15    every action to your phone.

16         Q.    Okay.

17                Looking at Exhibit 4, which is on

18    the screen right now.  Do you recognize this

19    document?

20         A.    No, I do not.

21         MS. DUNKERLY:  Ms. Papac, would you

22    scroll through the document so she can see each

23    page.

24                We're showing you various pages of

25    what has been marked as Exhibit 4.  We've scrolled

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 61 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 61 of 86   Page ID
#:6952

O.L. vs. City of El Monte, et al.                                          Deposition of O.L.

1    through Exhibit 4, Ms. OL.  Do you now recognize

2    this document?

3            A.    No, I do not.

4            Q.    At any point in time, Ms. OL, did

5    you create a GoFundMe fundraising website or page?

6            A.    Yes.

7            Q.    What was the purpose of your

8    creating a GoFundMe fundraising page?

9            A.    To raise money.

10           Q.    What was the purpose of raising

11   money?

12           A.    To be honest, it looks like I was

13   trying to raise money, but after I posted it, I

14   already forget about it.  So I cannot tell you the

15   purpose of putting up a GoFundMe page to raise

16   money, because after I posted it, I forgot about

17   it.

18           Q.    When did you post your GoFundMe

19   page to raise money?

20           A.    In July 2019.

21           Q.    What was the substance of your

22   GoFundMe webpage?

23           A.    It's how I was mistreated by law

24   enforcement.

25           Q.    You discuss the GoFundMe webpage in

Case 1:20-cv-02765-RMR-MEH Document 203-4 Filed 09/17/22 USDC Colorado Page 62 of
Case 2:20-cv-00797-RGK-JDE Document 288-2 Filed 04/26/21 Page 62 of 86 Page ID
#:6953
O.L. vs. City of El Monte, et al.                                    Deposition of O.L.

 1           A.   Correct.

 2                Q.   And are you saying that Exhibit 4

 3  is not a copy of the GoFundMe page that you

 4  created?

 5                A.   I cannot authenticate this

 6  document, because I did not read it line by line.

 7                Q.   Okay.  Let's go off the record now.

 8  I would like you to read Exhibit 4 line by line in

 9  order to authenticate it.

10                A.   And I cannot even read line by

11  line.  I don't have the information to

12  authenticate.

13                Q.   What information do you need in

14  order to authenticate Exhibit 4 as your GoFundMe

15  page?

16                A.   Because I don't remember each word

17  I wrote.

18                Q.   Did you keep a copy of your

19  GoFundMe page?

20                A.   I don't think so.

21                Q.   You don't think that you kept a

22  copy of your GoFundMe page?

23                A.   I do not.

24                MS. DUNKERLY:  Off the record.

25                     (Recess.)

Case 1:20-cv-02765-RMR-MEH  Document 203-4  Filed 09/17/22  USDC Colorado  Page 63 of
Case 2:20-cv-00797-RGK-JDE  Document 288-2  Filed 04/26/21  Page 63 of 86  Page ID
#:6954

O.L. vs. City of El Monte, et al.                                      Deposition of O.L.

1    Q.    And you have not logged into your

2    GoFundMe account to try to obtain a copy of that

3    GoFundMe page, correct?

4    A.    Because I don't believe there is a

5    copy.

6    Q.    But you have not logged in to check

7    your GoFundMe account, correct?

8    A.    You don't have to log in to go to

9    the GoFundMe page to check.

10    Q.    You have a memory of deleting your

11    GoFundMe page, Ms. OL?

12    A.    Probably.

13    Q.    Okay.

14    At what point would you have

15    deleted your GoFundMe page?

16    A.    I don't recall.

17    Q.    What's your best estimate as to

18    when you deleted your GoFundMe webpage?

19    A.    I have no information to make that

20    estimation.

21    Q.    You created your GoFundMe page in

22    July of 2019.  Do you know if you deleted it in

23    July of 2020 or before or after July of 2020?

24    A.    I have no recollection.

25    Q.    What is your best estimate as to

HINES  REPORTERS                                        168

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 64 of
Case 2:20-cv-00797-RGK-JDE   Document 283-2   Filed 04/26/21   Page 64 of 86   Page ID
#:6955

O.L. vs. City of El Monte, et al.                                        Deposition of O.L.

1          Q.    Other than you alleging that

2    Lieutenant Ruiz failed to supervisor Detective

3    Jara, and other than you alleging that Lieutenant

4    Ruiz failed to properly train Detective Jara, do

5    you have any other basis for your allegation

6    against Lieutenant Ruiz?

7          A.    No.

8          Q.    Okay.

9                Were you experiencing depression

10   before your July 2, 2019 interview with Detective

11   Jara?

12         A.    Yes.

13         Q.    Were you experiencing anxiety

14   before your July 2, 2019 interview with Detective

15   Jara?

16         A.    Yes.

17         Q.    Have you received any treatment for

18   any of your emotional distress related injuries

19   that you are alleging against Detective Jara or

20   Lieutenant Ruiz?

21         A.    I seek counseling.

22         Q.    Who have you obtained counseling

23   from?

24         A.    Arcadia Mental Health Center and

25   Pacific Clinic.

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 65 of
Case 2:20-cv-00797-RGK-JDE   Document 203-2   Filed 04/26/21   Page 65 of 86   Page ID
#:6956

O.L. vs. City of El Monte, et al.                                          Deposition of O.L.

 1   STATE OF CALIFORNIA          )

 2                                )

 3   COUNTY OF LOS ANGELES        )

 4

 5

 6             I, Tara Thomas, CSR No. 8495, a

 7   Certified Shorthand Reporter in and for the State

 8   of California, do hereby certify:

 9             That the foregoing deposition was taken

10   before me at the time and place therein set forth,

11   at which time the witness was put under oath by

12   me; that the testimony of the witness and all

13   objections made at the time of the examination

14   were recorded stenographically by me to the best

15   of my ability and were thereafter transcribed

16   under my direction; that the foregoing is a true

17   record of the testimony and of all objections made

18   at the time of the examination.

19

20             In witness whereof, I have subscribed my

21   name this 29th day of March, 2021.

22

23   _____

24   Tara Thomas
     Certified Shorthand Reporter
     No. 8495
25

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 66 of
Case 2:20-cv-00797-RGK-JDE   Document 228-2   Filed 04/26/21   Page 65 of 86   Page ID
#:6957



**EXHIBIT**

**2**

1    O.L.
     11151 Valley Blvd #4886,
2    El Monte, CA 91734
3    626-208-9665

4
     O.L.
5    Plaintiff in Pro Per

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10

11   O.L.,                              No. 2:20-cv-00797-RGK-JDE

12                 Plaintiff,          **NOTICE OF MOTION FOR PRELIMINARY
                                        INJUNCTION WITH DELARATION**
13          vs.

14   CITY OF EL MONTE; COUNTY OF
     LOS ANGELES; DAVID REYNOSO;
15   MARTHA TATE; MICHAEL                Date: Apr 30, 2020
     BUCKHANNON; ALEX VILLANUEVA;        Time: 10:00am
16   LILIANA JARA; RICHARD RUIZ;         Judge: Hon. John D. Early
17   JACKIE LACEY; PETER CAGNEY;         Action Filed: Jan 27, 2020
     KAREN THORP; JUNE CHUNG; and        Trial Date: Not set
18   DOES 1 - 10, inclusive,

19                 Defendants.

20

21       To defendants and to their attorney(s) of record:

22       NOTICE IS HEREBY GIVEN that on Apr 30, 2020, at 10:00am, or as soon thereafter as the

23   matter may be heard, in Courtroom 6A of this court, located at 411 W. Fourth St., Santa Ana, CA

24   92701, O.L. will, and hereby does, move for the issuance of a preliminary injunction.

25
         O.L. ("Plaintiff") respectfully moves the Court, pursuant to Rule 65(a) of the Federal Rules of
26
27   Civil Procedure and Local Rule 65.1(b), for a preliminary injunction against Defendants COUNTY

28   OF LOS ANGELES; ALEX VILLANUEVA; LILIANA JARA; RICHARD RUIZ; JACKIE

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 67 of
Case 2:20-cv-00797-RGK-JDE   Document 238-2   Filed 04/26/21   Page 67 of 86   Page ID
#:6958

LACEY; PETER CAGNEY; KAREN THORP; JUNE CHUNG; and DOES 1 - 10, inclusive. In

support thereof, Plaintiff states as follows:

  1.  On Feb 3, 2020, Plaintiff filed her First Amended Complaint for Damages and Injunctive

Relief, alleging that Defendants violated Plaintiff's right to be free from unreasonable search and

seizure under the Fourth Amendment.

  2.  On Feb 19, 2020 Plaintiff filed her Second Amended Complaint as a matter of course within

21 days of Defendants' filing of the Motion to Dismiss.

  3.  Plaintiff seeks a preliminary injunction enjoining Defendants, and each of them, and their

employees, agents, and persons acting with Defendants, from using, copying, transferring,

distributing, disclosing, or releasing Plaintiff's electronic data (including but not limited to photos,

videos, app data, messages, emails, google search content etc.) other than her message conversations

with Carlos Suarez (aka Charlie Suarez).

  4.  The Federal Rules of Civil Procedure provide for the issuance of a preliminary injunction

under the circumstances present here.

  5.  In support of this motion, Plaintiff submits a Memorandum of Law, together with supporting

exhibits and declarations, addressing all necessary elements for the entry of a preliminary injunction.

  6.  Plaintiff seeks leave to present oral argument in support of this Motion pursuant to Local

Civil Rule 65.1(b).


Dated: Mar 23, 2020

_____

Signature
O.L., In Pro Per

NOTICE OF MOTION FOR PRELIMINARY INJUNCTION

PLTF 02

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 68 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 68 of 86   Page ID
#:6959

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

O.L. states:

1. I am the plaintiff in this case. I make this declaration in support of my motion for a preliminary injunction to ensure that Defendants, and each of them, and their employees, agents, and persons acting with Defendants, are ORDERED TO CEASE and are hereby PRELIMINARILY ENJOINED FROM reading, exploring, using, copying, transferring, distributing, disclosing, or releasing my electronic data (including but not limited to photos, videos, app data, messages, emails, google search content etc.) other than my message conversations with Carlos Suarez (aka Charlie Suarez).

2. On Jan 27, 2020 I filed my initial application for TRO but it was denied by Hon. R. Gary Klausner due to failure of notice requirement and demonstration of pending occurrence.

3. On Feb 13, 2020 my First Amended Complaint was served upon County of Los Angeles and its employees.

4. On Feb 25, 2020 I emailed Erin R. Dunkerly, counsel for County of Los Angeles and its employees, to advise her of my ex parte application that would be filed on Feb 27, 2020. On Feb 26, 2020 Defendants opposed my application after we discussed about the need for TRO and preliminary injunction, and relevant evidence.

5. On Feb 27, 2020 I sent Ms Dunkeyly all relevant documents and filed my second ex parte for TRO and later the court recommends me to bring a motion for preliminary injunction.

6. On Mar 2, 2020 my second ex parte application for TRO was denied by Hon. R. Gary Klausner and the Court recommends a preliminary injunction motion ("PI motion").

7. On Mar 3, 2020 I notified Ms Erin R. Dunkerly of my preliminary injunction motion.

PLTF 03

Case 1:20-cv-02765-RMR-MEH    Document 203-4    Filed 09/17/22    USDC Colorado    Page 69 of
Case 2:20-cv-00797-RGK-JDE    Document 228-2    Filed 04/26/21    Page 69 of 86    Page ID
#:6960

8.  On Mar 5, 2020 I filed my first PI motion and it has been rendered moot since Mar 19, 2020 I
    filed second amended complaint.

9.  On Mar 21 2020 I emailed Ms Dunkely and Ms Papac to meet and confer but neither of them
    responded.

10. The purpose of this motion is to prevent future abuse by Defendants and restrain the ability of
    Defendants, and each of them, and their employees, agents, and persons acting with Defendants,
    to read, explore, use, copy, transfer, distribute, disclose or release the private data Defendants
    illegally obtained from my smart phone.

11. I am the owner of the data on my smartphone and Defendants had no legal authorities to search,
    copy and store my private data exceeding my consent.

12. The possession of my private data by Defendants and the ability to freely handle those data by
    Defendants are continuing violation of my privacy.

13. Without this remedy, Defendants, and each of them, and their employees, agents, and persons
    acting with Defendants, are able to read, explore, use, copy, transfer, distribute, disclose or
    release my private data anytime they want.

14. Given the fact that I was violated by law enforcement personnel, without this remedy, there is
    possibility I will be violated by my government again.

15. Simply being law enforcement personnel does not necessarily mean they are not law breakers. It
    almost cost my life to learn this brutal truth.

16. In June 2019 I attempted to download my message conversations with Carlos Suarez (aka Charlie
    Suarez, hereinafter "Suarez", the suspect who raped me) from the mobile app in order to store
    them in digital form but I realized the mobile app itself did not have such function that would
    allow users to download specific message history.

PLTF 04

17. As set forth in the Second Amended Complaint in this case, on July 2, 2019 during my interview with Defendant Liliana Jara ("Jara"), a detective with Sheriff's Department of Los Angeles County ("LASD"), I showed her nothing else but only my message conversations with Suarez. Jara announced the need to download those messages.

18. As I knew the mobile app did not have a function that would allow users to download messages I told Jara "I am not sure if you can download the messages." Then Jara assured that their technical personnel would be able to download those messages.

19. I gave plain and actual consent to Jara that I agreed to let her download my message conversations with Suarez. Other than those messages I had a reasonable expectation of privacy in anything else on my smartphone.

20. As a victim of crime I did not grant consent to search my phone to Jara or anyone else.

21. I asked Jara how long it would take to download those messages Jara told me it would take **a couple of weeks**.

22. Through our conversation, Jara had full knowledge of my actual consent and sole purpose to give her my smartphone which was to download my messages with Suarez. At the time I fully trusted my government and I thought I was being protected by law.

23. In July and August 2019 I repeatedly requested for the return of my smartphone but LASD didn't release my phone until October 2019.

24. I never told anyone, including my family and friends, about my gofundme page. None of my text messages would show I have a gofundme page.

25. In August 2019 I was attacked by Defendant Lt Richard Ruiz ("Ruiz") about my gofundme page which was a direct result of LASD's illegal search and seizure. At the time I was helpless because I was violated by law enforcement personnel who were supposed to protect me.

PLTF 05

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 71 of
Case 2:20-cv-00797-RGK-JDE   Document 288-2   Filed 04/26/21   Page 71 of 86   Page ID
#:6962

26. Ruiz did not personally search my phone. LASD technical personnel conducted a complete search and seizure then stored my private data and submitted them to Ruiz.

27. On information and belief, my actual consent was abused and transformed into a complete illegal search and seizure as if I were a criminal in violation of Fourth Amendment.

28. I am suffering irreparable harm in the form of continuing violation of privacy which has resulted in my constant anxiety, dissociation, depression, and suicidal thoughts. Simply thinking of this violation makes me throw up, not to mention it keeps me awake at nights, causes me chest tightness, and takes away my appetite. Those symptoms would never go away due to the nature of the harm caused by Defendants.

29. Physical injury may take days or weeks to heal but psychological injury could take unlimited time to heal.

30. On Aug 16, 2019 I visited ER for dysfunctional menstrual bleeding.

31. On Aug 30, 2019 I was transported to the hospital and put on suicide watch for five days.

32. In early October 2019 District Attorney Peter Cagney emailed and informed me that he would request text messages from LASD. (Ex. 1)

33. In late October 2019 I retrieved my phone from LASD and noticed that my message conversation with my female friend was translated from my mother language (non-English) into English by LASD personnel. I was stunned and devastated. (Ex. 2)

34. In October and November 2019 I had been trying to retain an attorney but I couldn't afford any legal service.

35. On Nov 28, 2019 I attempted suicide by trying to overdose sleeping aid.

36. On Dec 2, 2019 I notified the County of Los Angeles regarding the Fourth Amendment violation and they acknowledged the receipt of my notice on Dec 5, 2019.

PLTF 06

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 72 of
Case 2:20-cv-00797-RGK-JDE   Document 228-2   Filed 04/26/21   Page 72 of 86   Page ID
#:6963

37. With all my available resources, I could not take any legal action until 45 days after County's acknowledgement of the violation.

38. Continued as today I have to endure tremendous amount pain and harm caused by the government that I was supposed to rely on. The feeling of hopeless and helpless is difficult to put into words.

39. With all the available resources I took my legal action as soon as I could to stop Defendants' violation.

40. For the reasons set forth in the memorandum of law filed with this motion, I am entitled to a preliminary injunction enjoining Defendants, and each of them, and their employees, agents, and persons acting with Defendants, from reading, exploring, using, copying, transferring, distributing, disclosing, or releasing my electronic data (including but not limited to photos, videos, app data, messages, emails, google search content etc.) other than my message conversations with Carlos Suarez (aka Charlie Suarez).

41. For the foregoing reasons, the court should grant my motion in all respects.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: Mar 23, 2020

_____
Signature
O.L., In Pro Per

PLTF 07

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 73 of
Case 2:20-cv-00797-RGK-JDE   Document 28-2   Filed 04/26/21   Page 73 of 86   Page ID
#:6964

1

## CERTIFICATE OF SERVICE

2

3

I, O.L., declare and say as follows:

4

I am over the age of eighteen years of age and am a party to this action. I reside in the County

5

of Los Angeles, State of California. My business address is 11151 Valley Blvd #4886, El Monte, CA

6

91734, in said county and state.

7

On Mar 23, 2020 I electronically filed the following document(s):

8

- **NOTICE OF MOTION FOR PRELIMINARY INJUCTION WITH DELARATION**

9

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

10

- [PROPOSED] **ORDER GRANTING PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION**

11

12

with the United States District Court, Central District of California. Participants in the case

13

who are registered CM/ECF users will be served by the CM/ECF system.

14

15

Dated: Mar 23, 2020

16

17

18

_____

O.L.

19

Plaintiff in Pro Se

20

21

22

23

24

25

26

27

28

8
NOTICE OF MOTION FOR PRELIMINARY INJUNCTION    PLTF 08

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 74 of
Case 2:20-cv-00797-RGK-JDE   Document 228-2   Filed 04/26/21   Page 74 of 86   Page ID
#:6965

 Gmail

## Case # 2:20-cv-00797-RGK-JDE

@gmail.com>                                                 Fri, May 22, 2020 at 9:46 PM To: rruiz@lasd.org

Dear Lt Ruiz,

Attached please see the court order.

Regards,

On Sat, Feb 15, 2020 at 11:43 AM @gmail.com> wrote:

Dear Lt Ruiz,

Hope this email finds you well. The attached summons and complaint have been received by Sgt Betty Lascano on your behalf on Feb 13, 2020.

Should you have any questions please have your attorney contact me any time.

Regards,

📄 **54 Preliminary injunction granted.pdf**
163K

PLTF 09

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 75 of
Case 2:20-cv-00797-RGK-JDE   Document 28-2   Filed 04/26/21   Page 75 of 86   Page ID
#:6966



tonight

WeChat Translate

PLTF 10

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 76 of
SMSBackup Case 3:20-cv-00797-RGK-JDE   Document 223-2   Filed 04/26/21   Page 76 of 86   Page ID
#:6967
Page 1 of 1

Conversation with (562)522-5194 Mike

Jul 3, 2019

**Me**: Detective Jara didn't even bother to ask how I left the motel not to mention she wouldn't get the security footage. From the beginning she assumed I don't remember having sex. She questioned my intent to come forward instead of focusing on the law and facts. She has no knowledge about how a victim would process a crisis. I wonder how she would conduct a thorough investigation coz she kept saying this case was going nowhere. She even accused me of not acting like being raped. Is it professional?

12:45 AM

**(562)522-5194 Mike**: I will have my supervisor call you later today

7:48 AM

**Me**: Thank you

7:49 AM

**Me**: I just realized detective Jara never asked me if that guy and me at any point talked about sex before he took me to the motel. If not how did I give consent? I have no clue what detective Jara has been doing

1:42 PM

PLTF 11

Case 2:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 77 of
Case 2:20-cv-00797-RGK-JDE   Document 228-2   Filed 04/26/21   Page 77 of 86   Page ID
#:6968

Conversation with (213)265-0706 Jara

Jun 18, 2019
**Me**: Hi detective, my name is Redacted. My case # is 019-07341-0563-021. Just wondering if you
have any questions for me. Thanks.
1:57 PM
Jul 2, 2019
**(213)265-0706 Jara**: Good morning Redacted, I will see you here at 1pm Industry Sheriff Station 150
N. Hudson Ave, Industry, Ca 91744
8:37 AM
**Me**: Ok, thanks
8:37 AM
**Me**: Hi, I am at the lobby
12:56 PM
**(213)265-0706 Jara**: I'm on my way to get you
1:00 PM
Jul 3, 2019
**Me**: "Tight vagina: Is my vagina too tight?" https://www.medicalnewstoday.com/articles/320961.php
2:13 AM
**Me**: I hope the above article can enrich your knowledge about a woman's body
2:14 AM
**(213)265-0706 Jara**: Ms. Redacted, Thank you for the article. I have explained to you what the prob-
lems are with this case because there are several where this case cannot be proven beyond a reason-
able doubt. Should you have a problem with my investigation on this case, you can contact my super-
visor Mike Silva 562-522-5194.
6:29 AM
**Me**: That's why you would have to get his confession. How and when did he get my consent? How
did he take off my clothes?
7:41 AM
**Me**: Hi, Detective Jara. Yesterday you didn't ask me if that guy and me at any point talked about sex
before he took me to the motel. If not, how did I give consent? A consent should be given before and
during intercourse, not after
2:55 PM
**(213)265-0706 Jara**: Ma'am your case will be submitted to the District Attorney's office once the
forensic examination on your phone has been completed, along with the audio recorded interviews
and reports. When I receive a deposition from the District Attorney, I will notify you. Should you
have any other questions regarding the status of your case, contact me anytime.
3:06 PM
**Me**: Thanks
3:07 PM
Jul 21, 2019
**Me**: Hi, wondering when I can have my phone back. JSYK the guy got a new phone after he raped
me. If he took pictures or filmed while I was unconscious those files could be in his computer instead
of his phone
8:55 AM
Aug 6, 2019
**(213)265-0706 Jara**: Good afternoon Redacted, what time are you available this Thursday to come in
to the station for follow up questions regarding this investigation ?
3:33 PM

PLTF 12

Case 2:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 78 of
Case 2:20-cv-00797-RGK-JDE   Document 223-2   Filed 04/26/21   Page 78 of 86   Page ID
#:6969

**Me**: I am available anytime and I would really appreciate if a victim advocate can be present
3:35 PM

**(213)265-0706 Jara**: Ok I will let you know what time by tomorrow. Thank you.
3:39 PM

**Me**: Thanks
3:39 PM

Aug 7, 2019

**(213)265-0706 Jara**: Good afternoon Redacted, please be at the industry Sheriff's station at 10am to-morrow, 8/8
5:42 PM

**(213)265-0706 Jara**: Thank you
5:42 PM

**(213)265-0706 Jara**: When you arrive to the station please call or text me so that I can get you from the lobby.
5:44 PM

**Me**: I will be there on time. Can you request a victim advocate for me?
6:11 PM

**(213)265-0706 Jara**: Yes
6:14 PM

**Me**: Thanks
6:14 PM

Aug 8, 2019

**Me**: Hi, I am at the lobby
9:50 AM

**(213)265-0706 Jara**: Ok. Be there in a few
9:51 AM

Aug 22, 2019

**Me**: Hi, detective. When can I get my cell phone back? And when can I have a copy of the incident report?
9:15 AM

**(213)265-0706 Jara**: Good morning Redacted. Your cell phone is evidence in this case and the de-fense has a right to have that evidence available to have examined if they choose to. Your phone will be returned to you once the investigation is over. Currently your case is being review with the Pomona DA office.
11:01 AM

**(213)265-0706 Jara**: Should the case get filed, your phone will not be available until after all the court proceedings. If the DA declines the case I will return the phone to you within reasonable time.
11:04 AM

**Me**: When can I have a copy of the incident report?
11:04 AM

**(213)265-0706 Jara**: When this investigation is over as well. The same timeline as your phone. However for the report you would contact the same person you've contacted before for it.
11:07 AM

**(213)265-0706 Jara**: Once the investigation is over
11:08 AM

Aug 23, 2019

**(213)265-0706 Jara**: Good afternoon Redacted, the District Attorney in Pomona reviewed your case and declined it due to lack of sufficient evidence. I will provide you an estimated time of when and where you can pick up your phone once I am told when I can pick it up. Should you have any ques-tions you

PLTF 13

Case 2:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 79 of
Case 2:20-cv-00797-RGK-JDE   Document 226-2   Filed 04/26/21   Page 79 of 86   Page ID
#:6970

can call or text me.

9:10 AM

**Me**: They didn't even interview me. How can they make such decision?

9:29 AM

**Me**: I just called Pomona DA but they didn't find my case. Would you please provide me with the prosecutor's name or DA's case number?

9:46 AM

Aug 26, 2019

**(213)265-0706 Jara**: Good morning Redacted, The DA in charge is June Chung. You can speak with her regarding your case.

7:46 AM

**(213)265-0706 Jara**: There is no case number because the case was not filed. DA Chung reviewed your case and will know how to look it up. Should you have any other questions you can call or text.

7:47 AM

Aug 27, 2019

**Me**: How come my case was sent to Pomona instead of sex crime division?

7:51 AM

**(213)265-0706 Jara**: Your case was presented to the VIP unit at Pomona court. That is the specialized unit specifically for sex crimes.

7:53 AM

Sep 26, 2019

**Me**: Hi detective, when and how can I get my phone back?

11:39 AM

**(213)265-0706 Jara**: Hello, you will be able to pick it up from Industry Sheriff Station. I will inform you when it is ready for pick up.

11:48 AM

Oct 17, 2019

**(213)265-0706 Jara**: Good afternoon Redacted, this is Detective Jara. I wanted to inform you that your phone is ready for pick up at the Walnut Sheriff's Station 21695 E. Valley Blvd, Walnut Ca 909-595-2264. You must call the station to make an appointment with the evidence custodian to pick up your phone.

2:46 PM

**Me**: Thanks

7:31 PM

Oct 18, 2019

**Me**: I called that number and I was told they would not make appointment and they didn't know who you are. I tried to give them my case number but they said they don't have that information. Who should I speak to at Walnut station?

8:44 AM

Oct 21, 2019

**(213)265-0706 Jara**: Good morning Redacted, when you call the number, you should ask for the evidence custodian, Mona Malik, to schedule an appointment to pick up your phone. I am not sure why you were given the information you were; however this is the correct process to retrieve your phone. Please make sure you have you report number to also look up the information.

8:30 AM

**Me**: Thanks. I just called. Mona was off last Friday. That's why

8:50 AM

Feb 15, 2020

PLTF 14

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 80 of
84
Case 2:20-cv-00797-RGK-JDE   Document 228-2   Filed 04/26/21   Page 80 of 86   Page ID
#:6971

**Me**: Hello. There is a lawsuit filed against you at U.S. District Court. The summons and complaint have been received by Lt Christopher Garcia on your behalf on Feb 13, 2020. Should you have any questions please have your attorney contact me any time.
12:25 PM

PLTF 15

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 81 of
Case 2:20-cv-00797-RGK-JDE   Document 228-2   Filed 04/26/21   Page 81 of 86   Page ID
#:6972

 Gmail  @gmail.com>

---

## Meeting follow-up

**Peter Cagney** <PCagney@da.lacounty.gov>                                    Fri, Oct 11, 2019 at 10:29 AM
To: ~~~~~~~~~~~~@gmail.com>
Cc: Elyse Alvarez <Elyse@peaceoverviolence.org>

Thank you for your email.  We have already contacted LASD to acquire the texts and recorded interview.  This review is going to take me weeks to do so I ask for your patience.



Peter J. Cagney
**HEAD DEPUTY DISTRICT ATTORNEY**
Pomona Branch Office

400 Civic Center Plaza, Room 201
Pomona, CA 91766
Tel.: (909) 620-3349
Fax: (909) 629-6876
E-mail: pcagney@da.lacounty.gov

JACKIE LACEY   •   DISTRICT ATTORNEY   •   LOS ANGELES COUNTY

This email is covered by Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521 and is legally privileged. This message and any attachments hereto may contain confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this email from your computer. The sender does not waive any privilege in the event this message was inadvertently disseminated.

PLTF 16

Case 1:20-cv-02765-RMR-MEH Document 203-4 Filed 09/17/22 USDC Colorado Page 82 of
Case 2:20-cv-00797-RGK-JDE Document 228-2 Filed 04/26/21 Page 82 of 86 Page ID
#:6973

 **Gmail**

Redacted@gmail.com>

---

## Why I was told it was not a rape?

**Cramer, Ernie** <ecramer@elmontepd.org>
To: Redacted@gmail.com>
Cc: "Cramer, Ernie" <ecramer@elmontepd.org>

Fri, Jun 7, 2019 at 10:23 AM

Redacted,

We have taken a report. Due to the confidential nature of what you have reported and the fact our emails can be viewed as public information I can't specifically comment on your case. You can come in and talk about your report. Although we are not defining at as a 261 at this time, that does not mean that circumstances will not change the coding of the report in the future. This will be forwarded to the detective bureau and they will have to conduct further follow up investigation. It would then be forwarded to the DA's office for filing consideration. As a department we take any victim reported crime seriously especially those involving a crime against a person. Please understand that these investigations are time consuming and detail oriented.


Your report number is #19-024117.


Ernie


*Ernie Cramer #500*

*Lieutenant*

*El Monte Police Department*

*11333 Valley Blvd.,*

*El Monte, Ca. 91731*

*Office: (626) 580-2109*

*Email: ecramer@elmontepd.org*




---

**From:** Redacted@gmail.com]
**Sent:** Friday, June 07, 2019 9:52 AM
**To:** Watch Commanders
**Subject:** Why I was told it was not a rape?


Hi,

I went to the station today and told the police someone I just met a few hours ago had sex with me when I passed out. After the interview I was told that it was not being considered a rape. Could you explain to me why it was not a rape when someone had sex with me when I was unable to know what I was doing? Is it DA's job to determine whether or not it was a rape?

In California a drunk night that ends in a sexual encounter can very well turn into lifetime sex offender registration and up to 8 years in prison. Many Californians are unaware of California Penal Code section 261 (a)(3), which reads:

PLTF 17

*Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator where a person is prevented from resisting by any intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused.*

**"Date rape"** is a term commonly used to describe nonconsensual sexual intercourse that takes place between people who (1) are or were dating, or (2) are voluntarily spending time together.  While **date rape** sounds more casual than a typical California rape charge, the two are, in fact, one and the same. Both are prosecuted and punished under Penal Code 261 PC, California's rape law.

Thanks.

PLTF 18

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 84 of
Case 2:20-cv-00797-RGK-JDE   Document 208-2   Filed 04/26/21   Page 84 of 86   Page ID
#:6975

# EXHIBIT D

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 85 of
Case 2:20-cv-00797-RGK-JDE   Document 228-2   Filed 04/26/21   Page 85 of 86   Page ID
#:6976

| From: | Jane Doe |
|---|---|
| To: | Erin R. Dunkerly |
| Cc: | JDE_Chambers@cacd.uscourts.gov; Amanda G. Papac |
| Subject: | Re: 2:20-cv-00797-RGK (JDEx) O.L. v. City of El Monte, et al. (22240) |
| Date: | Tuesday, March 16, 2021 5:27:45 PM |

Ms Dunkerly,

This email is to inform you that whether the court grants or to what extent the court grants your request for sanction I have no financial resource to pay anything. Your request for sanction was based on distorted information.

Regards,
O.L.


On Tue, Mar 16, 2021 at 3:55 PM Erin R. Dunkerly <edunkerly@ccmslaw.com> wrote:

Dear Ms. Barr:


Good afternoon. I represent defendants Jara and Ruiz in the above-referenced matter.

I'm writing to inquire as to the status of a monetary sanctions order. Plaintiff O.L. and my co-counsel Ms. Papac are copied on this correspondence as well.


On January 27, 2021, at Docket No. 162 at page 11, the Honorable John D. Early found sanctions against plaintiff were warranted and instructed defendants to submit within three days evidence regarding their actual attorney fees incurred and plaintiff in turn had three days from then to file her response. The parties have complied with that order:


On January 28, 2021 at Docket No. 165, I filed the requested evidence in the form of a supplemental declaration.

On January 29, 2021 at Docket No. 167, plaintiff O.L. filed her response.


On March 8, 2021, the Court denied plaintiff O.L.'s motion to reconsider its order. (See Docket No. 191.)


Given the above, could you advise us as to the status of the monetary sanctions award?


Sincerely,

Case 1:20-cv-02765-RMR-MEH   Document 203-4   Filed 09/17/22   USDC Colorado   Page 86 of
Case 2:20-cv-00797-RGK-JDE   Document 228-2   Filed 04/26/21   Page 86 of 86   Page ID
#:6977

**Erin R. Dunkerly**
Attorney at Law

**T**: 626-243-1100 | **C**: 626-755-7233
**F**: 626-243-1111
1100 El Centro Street
South Pasadena, CA 91030
edunkerly@ccmslaw.com

# COLLINS COLLINS
## MUIR + STEWART LLP

www.ccmslaw.com
South Pasadena 626-243-1100 - Orange 714-823-4100 - San Diego 760-274-2110
Oakland 510-844-5100 - Inland Empire 909-581-6100

PLEASE NOTE: The information contained in this e-mail transmission is intended to be sent only to the stated recipient of the e-mail. If the reader of this message is not the intended recipient or the intended recipient's agent, you are hereby notified that we do not intend to waive any privilege that might ordinarily attach to this communication and that any dissemination, distribution, or copying of the information contained in this e-mail is therefore prohibited. You are further asked to notify us of any such error in transmission as soon as possible at the telephone number shown below and to delete the e-mail. Thank you for your cooperation.