**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
**2:35 pm, Sep 16, 2022**
**JEFFREY P. COLWELL, CLERK**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

      Plaintiff,

v.

PAUL WANG,

      Defendant.

---

## PLAINTIFF'S AMENDED MOTION TO RESTRICT AND REDACT

Pursuant to D.C.COLO.LCivR 7.2(b), and the Court's June 13, 2022 Order (ECF 165)[1], Plaintiff respectfully requests that the Court impose Level 2 restriction on ECF 065, 079-1, 081-1, 085, 092, 106, 115, 128, 144, 144-3, 160, 160-2, 160-3, 162, 162-1, 162-2, 167, 174, 174-1, 187 and replace them with redaction of information[2] that inappropriately reveals her identity in connection with other cases she has been permitted to proceed pseudonymously.

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff has conferred with defendant Paul Wang (Wang) and intervenor Eugene Volokh (Volokh). Both have indicated they would oppose.

Volokh moved to intervene in this case for the limited purpose of unrestricting access to the Nov. 8, 2021 Order Granting Motion for Reconsideration, unrestrict documents No. 101, 105 & 109, and unrestrict access to the District Court's June 13, 2022 Order. Dkts. 116, 125, 166. His

---

[1] Plaintiff may file a motion to restrict the other documents in this case that she believes are inappropriately revealing her identity in connection with those other cases to maintain Plaintiff's anonymity. ECF 165 p. 18.

[2] Each proposed redaction is the information, alone or combined with other information, inappropriately reveals plaintiff's identity in connection with those other cases she has received a protective order.

motions do not set out the claim or defense for which intervention is sought. Volokh did not move to represent Wang. This court granted Volokh's motions to intervene solely to challenge the restriction of certain documents. Dkt. 143.

Courts have interpreted FRCP Rule 24(a)(2) to require a party seeking intervention as a right to demonstrate that:

(1) [their] application to intervene is timely; (2) [they have] an interest relating to the property or transaction which is the subject of the action; (3) [they are] so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest; and (4) [their] interest is represented inadequately by the existing parties to the suit.

Volokh bears the burden of proof to establish **all four bases** for intervention as a matter of right. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *Stone*, 371 F.3d at 1308.

Since Wang has indicated he would oppose this motion, Volokh has no right to intervene as he cannot establish all four bases for intervention. In the event Volokh files any opposition to this motion Plaintiff will move the court to strike his opposition.

## ARGUMENT

In the November 8, 2021 Order (ECF 151-4), the court identified, why the interests to be protected outweighed the presumption of public access, identified a clearly defined and serious injury that would result if access was not restricted, and explained why no alternative to restriction was practicable.

The ultimate objective of pseudonymity orders, or permitting to proceed anonymously, is to protect the substantial privacy rights of the plaintiffs, e.g. to protect the plaintiffs from being

identified to the public. This court admits that it should not run afoul of other court orders. ECF 151-4, p. 10.

One factor that weighs in favor of sealing documents is when the release of the documents will cause harm. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013); *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016). "[I]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (emphasis added) (quoting *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598 (1978); see also *Apple Inc. v. Psystar Corp*., 658 F.3d 1150, 1162 (9th Cir.2011). The improper purposes, or the relevant harm in the context of this case is to deprive Plaintiff's of protection of her privacy rights.

The public's right to view judicial records has been properly preserved by a redacted version of the documents.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court impose Level 2 restriction on ECF 065, 079-1, 081-1, 085, 092, 106, 115, 128, 144, 144-3, 160, 160-2, 160-3, 162, 162-1, 162-2, 167, 174, 174-1, 187 and replace them with redaction to prevent from inappropriately revealing Plaintiff's identity in connection with other cases she has been permitted to proceed pseudonymously.

Dated: September 16, 2022          Respectfully submitted,

*/s/ Xingfei Luo*

3

## DECLARATION OF XINGFEI LUO

I, Xingfei Luo, declare and state:

1.    I am the plaintiff in this case. I have personal knowledge of the facts in this declaration. If called on to testify, I could and would competently do so under oath.

2.    A true and correct copy of the proposed redacted ECF 65 is attached hereto as Exhibit 1.

3.    A true and correct copy of the proposed redacted ECF 79-1 is attached hereto as Exhibit 2.

4.    A true and correct copy of the proposed redacted ECF 81-1 is attached hereto as Exhibit 3.

5.    A true and correct copy of the proposed redacted ECF 85 is attached hereto as Exhibit 4.

6.    A true and correct copy of the proposed redacted ECF 92 is attached hereto as Exhibit 5.

7.    A true and correct copy of the proposed redacted ECF 106 is attached hereto as Exhibit 6.

8.    A true and correct copy of the proposed redacted ECF 115 is attached hereto as Exhibit 7.

9.    A true and correct copy of the proposed redacted ECF 128 is attached hereto as Exhibit 8.

10.  A true and correct copy of the proposed redacted ECF 144 is attached hereto as Exhibit 9.

11.  A true and correct copy of the proposed redacted ECF 144-3 is attached hereto as Exhibit 10.

12.  A true and correct copy of the proposed redacted ECF 160 is attached hereto as Exhibit 11.

13.  A true and correct copy of the proposed redacted ECF 160-2 is attached hereto as Exhibit 12.

14.   A true and correct copy of the proposed redacted ECF 160-3 is attached hereto as Exhibit 13.

15.   A true and correct copy of the proposed redacted ECF 162 is attached hereto as Exhibit 14.

16.   A true and correct copy of the proposed redacted ECF 162-1 is attached hereto as Exhibit 15.

17.   A true and correct copy of the proposed redacted ECF 162-2 is attached hereto as Exhibit 16.

18.   A true and correct copy of the proposed redacted ECF 167 is attached hereto as Exhibit 17.

19.   A true and correct copy of the proposed redacted ECF 174 is attached hereto as Exhibit 18.

20.   A true and correct copy of the proposed redacted ECF 174-1 is attached hereto as Exhibit 19.

21.   A true and correct copy of the proposed redacted ECF 187 is attached hereto as Exhibit 20.

I declare under penalty of perjury, that the foregoing is true and correct.

Dated: September 16, 2022

*/s/ Xingfei Luo*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. Parties registered with the CM/ECF system will be notified of such filing through CM/ECF system.

Dated: September 16, 2022

*/s/ Xingfei Luo*