EXHIBIT 11

EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

     Plaintiff,

v.

PAUL WANG,

     Defendant.

---

**SUPPLEMENT TO REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR IMPOSITION OF SANCTIONS, PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AGAINST PLAINTIFF AND HER COUNSEL**

     In her discovery responses, which were recently provided (subsequent to the filing of Defendant's Reply), Ms. Luo now admits that she *is* the author of the blog that published, in 2013, a letter containing the "defamatory" statements at issue in this case. Plaintiff's counsel, however, have failed to notify the Court of the untrue averments of the Third Amended Complaint and the knowingly false testimony contained in the affidavit of their client. Instead, they opposed Mr. Wang's motion to stay discovery pending the Court's ruling on his motion to dismiss and have knowingly continued to burden Mr. Wang with the costs of this vexatious litigation.

     **Ms. Luo's counsel have continuously represented to this Court that *until 2020* Ms. Luo did not know about the two statements at issue in this case.**

     The Third Amended Complaint (TAC) states: "Before Defendant posted this statement online, he was the only person who knew that Plaintiff reported her passport lost/stolen with the

1

Aurora Police Department," ¶ 55, and "prior to Defendant revealing this information, no one in the United States knew of Mr. Chen's sexual assault of Plaintiff." ¶ 64.

The TAC claimed that: "In 2020, Plaintiff [first] learned through a separate lawsuit . . . that Defendant made several false and incredibly damaging statements against Plaintiff." ¶ 47. "First, Defendant stated that Plaintiff filed a false police report in relation to her lost passport." ¶ 48. "Second, Defendant stated that Plaintiff falsely accused Mr. Chen of sexual assault." ¶ 57. It also claimed that "*on January 4, 2021, Plaintiff received a blog post* through the course of litigation wherein the author states that Plaintiff "has [] made false allegation[s] of rape, … and filed a frivolous police report in Colorado about losing her passport." ¶ 62 (emphasis added).

Plaintiff's counsel continued to rely on these averments of fact in defending against Mr. Wang's motion seeking dismissal of Ms. Luo's claims and against his motion seeking sanctions under Rule 11 (hereinafter "Sanctions Motion"). Specifically, in their Response to the Motion to Dismiss, Plaintiff's counsel continued to assert that Ms. Luo's claims are not time barred and, in response to the Sanctions Motion, they insisted on the accuracy of these representations and even submitted a declaration from Ms. Luo, which stated that she *"did not know* that Defendant Paul Wang had made any false statements regarding the sexual assault or the police report I filed in relation to my lost passport *until 2020.*" Resp. Exh. 9, ¶¶ 7-8 (emphasis added). Ms. Luo also asserted that she knew Mr. Wang was the author of the "blog" because "he was the only person who knew about Plaintiff's rape allegations against Mr. Chen and the only person who knew that Plaintiff filed a police report regarding her passport and would know the specific dates of her travel since he purchased her original airline ticket." *Id.,* at ¶¶ 3-4; Third Am. Compl., ¶ 63.

They conclude: "Plaintiff *first 'discovered'* Defendant's statements regarding her sexual assault in 2020 and gained further support for her claim in 2021." Response to Sanctions Motion,

at 10 (filed Dec. 9, 2021) (emphasis added). "Plaintiff filed her original Complaint in 2020 and TAC in 2021. Therefore, under the discovery rule, Plaintiff's Second Claim is not time barred." *Id*. "Surely, *if Plaintiff were as vexatious of a litigant as Defendant makes her out to be and she had learned of this statement in 2013, she would have filed suit then*." *Id*. (emphasis added).

> **There is no difference between Ms. Luo's conduct in this case and her conduct in multiple other cases in which she has appeared *pro se*. Ms. Luo's counsel have been advocating for similar frivolous claims of a recognized vexatious litigant who has now admitted that she has known about both statements at issue since 2013.**

In her response to Mr. Wang's discovery requests, Ms. Luo has now admitted that she is indeed the author of https://cserinusa.wordpress.com, *see* **Exhibit A** (Relevant part of Ms. Luo's discovery responses), Ms. Luo discovery response to Request for Admission No. 3. It was at that website where Ms. Luo posted, **on December 17, 2013**, the letter from Mr. Morgann Paraskevas, which included information about both statements at issue—statements that her complaint claims no one but Mr. Wang knew about. *See* Exhibit 8 to Reply in Support of Sanctions Motion. In fact, in this post she tells Mr. Paraskevas that she "exactly" knows how he got this information:

IMAGE

# Let's see what a funny jerk did



Morgann Paraskevas, if you could take legal actions why didn't you do it in Sep? Why did you find out your money was stolen ten days after I left your place? Why could I come back home if you did file a police report? I didn't steal anything so bluffing didn't work for me. I already called police department 1st District Station (Rockville): 240-773-6070 and told them what happened. Why do you think you can bluff me just because you got my private information? I exactly know where you got it from. I look weak but not as weak as you thought. I have bunch friends in legal enforcement too.

| December 17, 2013 | Posted in Uncategorized |
| | Leave a reply |

https://cserinusa.wordpress.com (last visited May 20, 2022).

4

As demonstrated in Mr. Wang's Reply in support of the Sanctions Motion and Exhibit 8 attached thereto, at page 9, a part of what Ms. Luo had redacted was a statement about the "rape case in China".



Despite this and despite Ms. Luo's admission that she knew the source for Mr. Paraskevas' accusation that she had falsely reported her passport stolen or lost (Mr. Wang) in December 2013, however, her counsel have not alerted the Court to the material inaccuracy of the averments in the TAC and in their responses to the Motion to Dismiss and the Sanctions Motion. Nor have they moved to voluntarily dismiss Ms. Luo's quite obviously time-barred claims. Instead, they successfully opposed Mr. Wang's Motion to Stay Discovery and continue to burden Mr. Wang with the cost of this vexatious litigation.

In short, Plaintiffs' counsel have enabled, aided, and abetted the same kind of litigation

abuse by Ms. Luo that has resulted in her being sanctioned by several other courts. *See* Mr.

Wang's Motion for Reconsideration of the November 10, 2020 Order Allowing Plaintiff to

Proceed Under Pseudonym (hereinafter "Motion for Reconsideration") and Reply in its support,

ECF 101, 109.[1]

---

[1] The recent opinions of the Ninth Circuit further support this conclusion. In two separate decisions in the past ▮▮▮▮▮, that court admonished Ms. Luo for flagrant abuse of the judicial process. Both there and here Ms. Luo has attempted to hide her identity and prevent other litigants from accessing information relevant to her frivolous claims against multiple innocent defendants. On ▮▮▮▮▮, the Ninth Circuit held:

> [Ms. Lou]. has filed similar cases in other courts involving different individuals and municipalities. Decl. of Erin R. Dunkerly at 13–14, ▮▮▮▮▮▮ et al., No. ▮▮▮▮▮), ECF No. 5; *see, e.g.,* ▮▮▮▮▮▮ ▮▮▮▮▮▮ *the Cent. Dist. of Cal.,* ▮▮▮▮▮▮ In those other cases, as here, she proceeds either as ▮▮▮▮▮▮). While ▮▮. makes it ▮▮▮▮▮▮s, ***we*** ▮▮▮▮▮▮ ***"[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants***." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

▮▮▮▮▮▮); *id.*, n. 2 (declining Ms. Luo's request to redact or seal documents on appeal). Similarly, here, Ms. Luo's counsel have filed an objection to Magistrate Judge Hegarty's decision not to allow her to proceed under a pseudonym.

On ▮▮▮▮▮, the Ninth Circuit referred another case to the District Court to allow it to determine whether Ms. Luo's "in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." **Exhibit B** (▮▮▮▮▮▮ Cir.). On ▮▮▮▮▮, the District Court determined: "***Plaintiff's action has no arguable basis in fact or law, and her in forma pauperis status is consequently revoked***." **Exhibit C** (▮▮▮▮▮▮, ▮▮▮▮▮▮), at 3.  Mr. Wang will be filing a motion challenging Ms. Luo's entitlement to proceed *in forma pauepris* in this action, which, if granted, would require her present counsel to withdraw.

6

**Conclusion**

Based on the foregoing and for the reasons fully briefed in Mr. Wang's motions and reply briefs, the Court should grant Mr. Wang's Sanctions Motion, bringing this frivolous and vexatious litigation to an end, and order both Ms. Luo and her counsel, jointly, to make him whole for having been forced to defend it.

Respectfully submitted this 20th day of May 2022.

*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Paul Wang*

EXHIBIT 12

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

████████,

          Plaintiff - Appellant,

v.

          ████████████; et al.,

          Defendants - Appellees.

████████

D.C. No.████████████

U.S. District Court for ██████

████████████

**REFERRAL NOTICE**

This matter is referred to the district court for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines,* 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous).

If the district court elects to revoke in forma pauperis status, the district court is requested to notify this court and the parties of such determination within 21 days of the date of this referral. If the district court does not revoke in forma pauperis status, such status will continue automatically for this appeal pursuant to Fed. R. App. P. 24(a).

This referral shall not affect the briefing schedule previously established by this court.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Cyntharee K. Powells
Deputy Clerk
Ninth Circuit Rule 27-7

EXHIBIT 13

EXHIBIT 13

1
2
3
4
5
6            UNITED STATES DISTRICT COURT
7
8
9    ▮▮▮▮▮▮▮▮                      Case ▮▮▮▮▮▮▮▮▮▮
10           Plaintiff,
11       v.                         **ORDER REVOKING PLAINTIFF'S**
                                     **IN FORMA PAUPERIS STATUS**
12   ▮▮▮▮▮▮▮▮, et al.,
13           Defendants.
14        In ▮▮▮▮▮▮ pending appeal, the Ninth Circuit made a limited referral back to this Court
15   to determine whether a prior grant of in forma pauperis status should continue, or whether the
16   appeal is frivolous or taken in bad faith.  Dkt. No. 65.
17        An indigent party who cannot afford the expense of pursuing an appeal may file a motion
18   for leave to proceed in forma pauperis.  Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1).  Pursuant
19   to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to
20   appeal in forma pauperis must file a motion in the district court."  The party must attach an
21   affidavit that (1) shows in detail "the party's inability to pay or to give security for fees and costs,"
22   (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on
23   appeal."  Fed. R. App. P. 24(a)(1).  But even if a party provides proof of indigence, "[a]n appeal
24   may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good
25   faith."  28 U.S.C. § 1915(a)(3).  An appeal is in "good faith" where it seeks review of any issue
26   that is "non-frivolous."  *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  An
27   issue is "frivolous" if it has "no arguable basis in fact or law."  *See O'Loughlin v. Doe*, 920 F.2d
28   614, 617 (9th Cir. 1990).

United States District Court
Northern District of California

United States District Court
Northern District of California

1      The appeal is frivolous. Despite amending her complaint twice, pro se plaintiff ████████

2  was unable to state a ███████████████████ against defendants the ████████████████

3  ███████████████████████████; and individuals in the █████████████

4  Department, █████████████████████████████████████, and

5  ███████████████████████. ███████████████████████████████████

6  ████████████████████████████████████████████████████████████

7  ██████████████████████████████████████████████

8  ██████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ███████████████████████████████████████████, *Thornton v. City of*

14 *St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005), which is not an adequate basis for pleading an

15 ████████████ claim. ███████████████████████ theory is also deficient as a matter

16 of law where, unlike the circumstances in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000),

17 ████████████████████████████████████████████████████████

18 ████████████████████████. *See Engquist v. Oregon Dept. of Agriculture*, 553 U.S.

19 591, 601-02 (2008) (citations omitted).

20      Without a viable 42 U.S.C. ████████████, ████s conspiracy claim under ██████ and the

21 municipal liability claims, ███████████████████, are also not viable. *See Olsen v. Idaho State*

22 *Board of Medicine*, 363 F.3d 916, 930 (9th Cir. 2004); *Nurre v. Whitehead*, 580 F.3d 1087, 1092

23 n.3 (9th Cir. 2009). And with no federal claim left at this early stage of the case, it is appropriate

24 to decline supplemental jurisdiction over the state claims. 28 U.S.C. § 1367(c)(3); *Parra v.*

25 *PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

26 //

27 //

28 //

1    Plaintiff's action has ███████████   ████████, and her in forma pauperis status is

2  consequently revoked.  The Clerk is requested to forward this order to the Ninth Circuit in Case

3  █████████

4    **IT IS SO ORDERED.**

5  Dated:  ███████████



United States District Judge

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

### RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AND REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENT TO HIS MOTION FOR IMPOSITION OF SANCTIONS, PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AGAINST PLAINTIFF AND HER COUNSEL

Ms. Luo and her counsel are asking the Court to wipe from the record in this case the supplemental evidence of the pattern of ***"flagrant abuse of the judicial process"***, 

) (describing Ms. Luo's behavior in the slew of litigation she has brought against several defendants) (emphasis added).

### Ms. Luo and Her Counsel Cannot and Do Not Deny That They Have Made Inaccurate Material Representations of Fact to This Court

Ms. Luo and her counsel admit that they have continuously represented to the Court that:

- "Before Defendant posted this statement online, he was the only person who knew that Plaintiff reported her passport lost/stolen with the Aurora Police Department," Third Amended Complaint (TAC), ¶ 55, and "prior to Defendant revealing this information, no one in the United States knew of Mr. Chen's sexual assault of Plaintiff." *Id.*, ¶ 64; *see also* Resp. Motion for Sanctions, Exh. 9 Doc. No. 137-9), ¶¶ 4, 7 .

1

- "**[Ms. Luo] did not know that Defendant Paul Wang had made _any_ false statements regarding the sexual assault or the police report I filed in relation to my lost passport _until 2020_**." Exhibit 9 to her Response to Sanctions Motion (Ms. Luo's December 8, 2021 Declaration. Doc. No. 137-9) (emphasis added).

Ms. Luo and her counsel also admit that on May 4, 2022, in Ms. Luo's discovery responses, she finally acknowledged that she is the author of the blog where, on **_December 17, 2013_**, she, herself, posted a letter (from Mr. Morgann Paraskevas) that contained statements both regarding her allegation of sexual assault in China and her report of a stolen/missing passport to the police. And she told Morgann Paraskevas in that same post that she "exactly" knows how he got this information, https://cserinusa.wordpress.com—which, according to her complaint and sworn Declaration, could only have been Mr. Wang.

So, in fact, she now (finally) admits that she knew Mr. Wang had communicated that information to Mr. Paraskevas as early as 2013 and that the information had been published online in 2013. (She published the letter on her blog but, to this day, has not produced the unredacted version).

IMAGE

# Let's see what a funny jerk did



FROM

#ORGANN070
Rockville
Maryland
United States

- VERIFIED
  MEMBER (2)
  more info
- Last Login: 1
  hrs ago
- Member since:
  March 29th,
  2010
- Gender: Male
- Username:
  MORGANNN070
- Couch
  Available: Yes
- Couchsurf
  Requests
  Replied To:
  100%

[do not respond directly to this email, use the link]

This is the last chance I am giving you to remove your blog.

I have received calls offering me money to get it removed, so apparently it's a typical chinese scam from what my lawyers told me. People write a bad blog, then someone contacts you and offers to remove it for a fee, or money. I will never pay for this of course.

We did not have a good experience but I don't think anyone wins by bringing harm to the other. We can put this behind now or there will be legal consequences.

Take if off now and we can put it behind. If you don't, tomorrow I will file my police report (that I already made right after you left your place) and file it with the commissioners office. Meaning that at that point, they will put a warrant for your arrest when you return back to the US

I hired a private investigator so I know more about you then you think. For example,

I have [redacted] other people who you have

If I don't hear from you by tomorrow morning my time, I will be heading to the commissioners office. When your police friend in the US sees what you have been doing, I don't think he will be your friend anymore. I also have a copy of a passport you claimed was stolen or lost and then

Morgann Paraskevas, if you could take legal actions why didn't you do it in Sep? Why did you find out your money was stolen ten days after I left your place? Why could I come back home if you did file a police report? I didn't steal anything so bluffing didn't work for me. I already called police department 1st District Station (Rockville): 240-773-6070 and told them what happened. Why do you think you can bluff me just because you got my private information? I exactly know where you got it from. I look weak but not as weak as you thought. I have bunch friends in legal enforcement too.

December 17, 2013          Posted in Uncategorized
                           Leave a reply

3



**<u>Even in The Motion to Strike Plaintiff and Her Counsel Continue to Make Inaccurate Material Representations of Fact to This Court</u>**

Having published the letter from Morgann Paraskevas, which included both statements, in her blog in 2013, Ms. Luo also knew with certainty that Mr. Paraskevas, not Mr. Wang, was the author of the statement in paragraph 62 of the TAC, which accused her of having: "made false allegation[s] of rape, … and filed a frivolous police report in Colorado about losing her passport." *See* Reply in Support of Motion for Sanctions, at 9.

In her Motion to Strike, filed May 23, 2022, though, Plaintiff again represents to this Court that she believes statements in a blog post she claims *to have first discovered in January 2021* (in the *Weamer* litigation) was authored by Mr. Wang. Motion to Strike, at 5 (citing ECF No. 137-10). Both Plaintiff and her counsel are well aware that upon receiving that document,

4

produced in the *Weamer* case, Ms. Luo knew that it was authored by one Morgann Paraskevas, the same person whose letter she copied and posted on her own blog in 2013.

ECF No. 137-10 is a reproduction of a portion of a blog posting from December 16, 2013, on a website bearing the headline (in ALLCAPS text):



*See* https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam  (last visited May 24, 2022).

A side-by-side comparison of Mr. Paraskevas' blog post (https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/#comments) and Ms. Luo's blog post (https://cserinusa.wordpress.com/2013/12/17/lets-see-what-a-funny-jerk-did/) reveals that the author of the former blog post, "morgann070" or "anonymous123177," is the same Morgann Paraskevas, whose "morgann 070" identifier appeared in Ms. Luo's **2013** post about him, https://cserinusa.wordpress.com/2013/12/17/lets-see-what-a-funny-jerk-did/ ; *See* Reply in Support of Motion for Sanctions, Exhibit 6 (comparing Ms. Luo's and Mr. Paraskevas's 2013 online publications).

Mr. Wang respectfully requests that the Court grant him the opportunity to demonstrate this in Court.

5



And if that were not enough, in his **December 16, 2013** blog post, Mr. Paraskevas, on the

same page that the quote from TAC ¶ 62 appears, specifically refers to a police report *he* filed

against Ms. Luo claiming that she stole money from him, making it unmistakably clear that he is

the author of the blog. (There are no allegations in this case that at any time Mr. Wang has claimed to have filed a police report against Ms. Luo for theft).



"

"If you see or meet this person, be aware, she has already made false allegation of rape, false claims about other people as well, filed a frivolous police report in Colorado about losing her passport then ironically used that same passport at a San Francisco airport on December 2nd 2013."

"I have filed a police report about her stealing money from me as well."

https://xingfeiluo.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/ (last visited May 24, 2022). (This is also in both "Exhibit L" to declaration of Amanda Papac Esq., which was produced in the ███████████ case and in disclosures in *Weamer*. *See* **Exhibit A** (Ms. Papac's Declaration, which includes that declaration and Exhibit L thereto. The complete version of Ms. Papac's Declaration is attached to Mr.

Wang's Reply in Support of the Sanctions Motion [Doc. No. 144-5].); *id.*, ¶ 4 ("[W]e provided

█████ the unredacted links to all websites cited in my declaration and unredacted copies of their

contents were attached as exhibits to the declaration." [emphasis added]); **Exhibit B** (Declaration

of █████████ Esq., Exhibit B (similar disclosures to Ms. Luo in *Weamer*).

    This is the same police report about stolen money that on **December 17, 2013**, (i.e., **the**

**very next day**), Ms. Luo addressed when she posted Mr. Paraskevas' letter on (what she now

admits is) her own blog: "Morgann Paraskevas, if you could take legal actions why didn't you do

it in Sep? Why did you find out your money was stolen ten days after I left your place? Why

could I come back home if you did file a police report? I didn't steal anything so bluffing didn't

work for me." https://cserinusa.wordpress.com/2013/12/17/lets-see-what-a-funny-jerk-did/ (last

visited May 24, 2022).

# Let's see what a funny jerk did



Morgann Paraskevas, if you could take legal actions why didn't you do it in Sep? Why did you find out your money was stolen ten days after I left your place? Why could I come back home if you did file a police report? I didn't steal anything so bluffing didn't work for me. I already called police department 1st District Station (Rockville): 240-773-6070 and told them what happened. Why do you think you can bluff me just because you got my private information? I exactly know where you got it from. I look weak but not as weak as you thought. I have bunch friends in legal enforcement too.

Yet, to this date, without a scintilla of evidence to support her allegation, and in the face of the undeniable evidence to the contrary, Ms. Luo and her counsel continue to falsely represent to this Court that she believes Mr. Wang (not Mr. Paraskevas) was the author of the blog post referenced in TAC ¶ 62, *See* Motion to Strike, at 5.

Curiously, too, when she filed Mr. Paraskevas' blog post in this Court, as an exhibit to her Declaration (ECF 137-9), she attached *only the first page* of what was, in fact, a 4-page exhibit produced to her in the ███████ case. *Compare* **Exhibit A** (containing the complete 4-page "Exhibit L" to Declaration of Amanda G. Papac) and **Exhibit B** (which also includes this crucial information) with **Exhibit C** (The one-page version of the document that Ms. Luo submitted to the Court, Doc. No. 137-10, which **leaves out** the sentence ***"I have filed a police report about her stealing money from me as well."***).

### The Attempts to Divert the Court's Attention From the Rule 11 Violations Fall Far Short and Introduce Additional Inaccurate Material Representations of Fact

Rather than acknowledge the undisputed evidence of their intentional inaccurate representations to the Court, Ms. Luo and her counsel try to divert the Court's attention from the pending motion seeking the imposition of appropriate sanctions.

First, they argue that Ms. Luo's pattern of defrauding the courts (and committing perjury by filing knowingly false testimony) had not been included in Mr. Wang's original Rule 11 motion. That is incorrect. Whether Ms. Luo has knowingly prevaricated about her knowledge of these statements since 2013 has been at the center of Mr. Wang's arguments in the Motion for Sanctions and its reply, *see* Motion for Sanctions (Doc. No. 132), 4-5, 7-8; Reply in support of Motion for Sanctions (Doc. No. 144), 4-5, 8-9, as well as his briefings of the Motion to Dismiss (Doc. No. 92), 8-10, 14; Reply (Doc. No. 106); 4, 6. To pretend that this is a new issue and to

use it as the basis for filing the Motion to Strike is another attempt to drain Mr. Wang's financial resources as punishment for agreeing to be a witness against Ms. Luo in the *Weamer* case.

Second, they argue that the Court should ignore their intentional inaccurate representations because Mr. Wang also made both of these statements to Mr. Weamer in 2020. This argument is even more intriguing since it both includes, on its face, an **additional** inaccurate representation of a material fact and ignores the fact that this was a private one-on-one conversation (exchange of instant messages) protected under the well-established "litigation communications privilege".

Ms. Luo and her counsel represent to this Court that Mr. Wang made actionable statements to Mr. Weamer and they imbed in their Motion to Strike a few text messages Mr. Wang and Mr. Weamer exchanged in 2020. Thus, Ms. Luo's counsel represents to this Court that her client's claim is not time barred because Mr. Wang made an actionable statement to Mr. Weamer in 2020. Motion to Strike, at 9 ("Thus, it is now underlined undisputed that Defendant made both defamatory statements to Mr. Weamer in May 2020 just as Plaintiff has alleged all along.")

It is, however, striking that at no point during these private conversations between a potential witness and defendant (in a case that has since been dismissed and during which Ms. Luo has been sanctioned for litigation abuse) did Mr. Wang make any statement about a "**false**" claim of rape. Motion to Strike, pp. 6-8. Mr. Wang's statements to Mr. Weamer regarding this issue is nothing but an objective description of Ms. Luo's admitted actions: that she *accused* someone of raping her, which she has admitted in her complaints and other pleadings. *See, e.g.,* TAC, at 3.

10



*Id*. at 6.

Thus, the "evidence" Ms. Luo herself advances shows, undisputedly, that there is nothing false or defamatory in his statement: she *did* accuse someone of rape (in fact, she has done so multiple times, here in the United States). Mr. Wang did *not* say she had done so "falsely."

Further, Ms. Luo and her counsel intentionally leave out a critical part of a document they present to this Court, namely, the very first exchange between Mr. Weamer and Mr. Wang, where Mr. Weamer asks him to provide information *for use in litigation*, and to potentially serve as a witness in Mr. Weamer's case.[1]

---

[1] Ms. Luo and her counsel also continue to disregard the declaration of Mr. Weamer's counsel specifically stating that Mr. Wang ***is*** a witness in the *Weamer* case (and remains one until she exhausts her appellate remedies). *See* Reply in Support of Sanctions Motion, at 7; *id*., Exh. 4 (Decl. of ███████, Esq.), ¶¶ 3-4; **Exhibit B**, ¶¶ 3-4.

11



I'm dealing with a legal issue [from] [M]s Luo and I'm trying to find information to provide my lawy[e]r.

       One would be hard-pressed, indeed, to demonstrate a clearer case of (1) a person responding to an express request for information by a self-proclaimed litigant for information to be used in that litigation (i.e., clear cut application of the "litigation communications privilege") or (2) a deliberate effort by Ms. Luo and her counsel to hide from this Court *the actual context* in which Mr. Wang's statements were communicated to Mr. Weamer.

       Finally, even *if* arguendo, Mr. Wang's statements in private text messages to Mr. Weamer were not protected by the absolute litigation privilege (which they quite clearly are), she would still have the burden to prove her claims related to the statements she alleges that Mr.

12

Wang (not Mr. Paraskevas) *published on the internet,* TAC ¶ 52, 62, are not time-barred under the single publication rule.[2] To date, she has failed to produce a single piece of evidence that could prove anything Mr. Wang posted to the internet was within the statute of limitations.

**Conclusion**

The Court should deny Ms. Luo's Motion to Strike. The intentional inaccurate representations to this Court, now with the assistance of counsel, regarding when Ms. Luo first learned of these statements and the nature and context of those statements are fully consistent with her well-documented pattern of abuse of the judicial process. It is high time for this Court to join the Ninth Circuit and put an end to it.

Respectfully submitted this 24th day of May 2022.

/s/ Katayoun A. Donnelly
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Paul Wang*

---

[2] When tort claims are based on online publications, the date the material first appeared online triggers the "should have known" requirement for the purpose of the discovery rule. *See* Mot. Dismiss at 10, Reply 4-5 (citing *Phillips v. World Pub.Co.*, 822 F. Supp. 2d 1114, 1122 (W.D. Wash. 2011) ("In the internet context, the statute of limitations begins to run when the allegedly infringing material is first posted on the internet.") (citing *Canatella v. Van De Kamp*, 486 F.3d 1128, 1134–36 (9th Cir. 2007)); *Bloom v. Goodyear Tire & Rubber Co.*, 2006 WL 2331135at *7 (D. Colo. Aug. 10, 2006); *Hoai Thanh v. Ngo*, No. PJM 14-448, 2016 WL 3958584, at *10–12 (D. Md. July 22, 2016), *aff'd sub nom.Hoai Thanh v. Hien T. Ngo*, 694 F. App'x 200 (4th Cir. 2017); *Wolk v. Olson*, 730 F. Supp. 2d 376, 378 (E.D. Pa. 2010); *Deatley v. Allard*, 2015 WL 134271, at *5; *Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, 2013 WL 212640, at *4).

EXHIBIT 15

EXHIBIT 15



Declaration of Amanda Papac

I, Amanda G. Papac, declare and state as follows:

1. I am licensed to practice law in California and was an associate with the law firm of Collins Collins Muir + Stewart, LLP. I was the counsel of record for defendants ███████████ ██████ the lawsuit titled ████████████, et al., Case Number ███████████, which is now pending in the Ninth Circuit Court of Appeals in ██████████., Case Number ██████. This declaration is based upon my personal knowledge and my review of the pleadings and filings in the aforementioned actions. If called upon as a witness, I could and would testify truthfully under oath as to the facts stated herein. I understand that this declaration will be filed under seal for use in the case Luo v. Wang (Civil Action No. 1:20-cv-02765-RMR-MEH).

2. Based on my review of the Third Amended Complaint filed on July 28, 2021, in Luo v. Paul Wang (Civil Action No. 1:20-cv-02765-RMR-MEH) in the United States District Court for the District of Colorado; the Complaint in ████████████████████████. ███) cited at paragraph number 47 in the Luo v. Wang action; my communication with counsel for Mr. Wang; my communications with ██ ; as well as other research I have performed as to the various names and aliases for ███ the plaintiff ███" in our case is the plaintiff "Jane Doe" in the █████████ case and Xingfei Luo in Luo v. Wang case.

3. Ms. Luo's Third Amended Complaint, in paragraphs 86 and 103, references my name as the recipient of alleged statements made by Mr. Wang. I have not received any statements from Mr. Wang and my declaration, which I understand Ms. Luo has produced in discovery in Luo v. Paul Wang (Civil Action No. 1:20-cv-02765-RMR-MEH) as the basis of this claim, does not have any reference to Mr. Paul Wang. See attached, Exhibit A (a copy of my full declaration and its exhibits, which have been redacted to comply with the court order in ████████████, et al., Case ████████████████).

4. In ████████████, et al., Case Number ███████████, we provided ███. the unredacted links to all websites cited in my declaration and unredacted copies of their contents were attached as exhibits to the declaration.

5. To this date, December 21, 2021, I have not been contacted by Ms. Luo's counsel in Luo v. Wang, Case No. 20-cv-02765-RMR-MEH (D. Colo).

FURTHER AFFIANT SAYETH NAUGHT

I declare under penalty of perjury under the law of the State of California that the foregoing affidavit is true and correct.

Executed this 21st day of December 2021, at Los Angeles, California.

_Amanda Papac_

Amanda Papac

# EXHIBIT A

1    **Erin R. Dunkerly, Esq. (State Bar No. 260220)**
2    **Amanda G. Papac, Esq. (State Bar No. 328899)**
     **COLLINS COLLINS MUIR + STEWART LLP**
3    **1100 El Centro Street**
     **South Pasadena, CA 91030**
4    **(626) 243-1100 – FAX (626) 243-1111**
5    **Email:  edunkerly@ccmslaw.com**
     **Email:  apapac@ccmslaw.com**
6

7    Attorneys for Defendants,

8  ███████████████████████████

9

10            **UNITED STATES DISTRICT COURT**

11      █████████████████████████████████

12

13

14   ██████ ) ███████████████████████████
15               ) *[Reassigned to Magistrate Judge John D.*
                 ) *Early – Courtroom 6A]*
16        Plaintiff,  )
                 ) **DECLARATION OF AMANDA G.**
17      vs.      ) **PAPAC IN SUPPORT OF**
                 ) **DEFENDANTS' MOTION FOR**
18 ██████████████████████) **PROTECTIVE ORDER**
19 ████████████████████████)
20 ████████████████████████)
21 ████████████████████████)
22 ████████████████████████)
23 ████████████████████████)
     inclusive,  )
24               ) Complaint Filed:  ████████
25      Defendants.  )
                 ) Trial Date:    None
26               )
27   ///
28   ///

*22240*

**COLLINS COLLINS**
**MUIR + STEWART** LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

1

**DECLARATION OF AMANDA G. PAPAC RE: JOINT STIPULATION**

## DECLARATION OF AMANDA G. PAPAC

I, Amanda G. Papac, declare and state as follows:

1.     I am licensed to practice law in California, and am an associate with the law firm of Collins Collins Muir + Stewart, LLP, counsel of record for defendants ███████████████████ I make this declaration in support of the Defendants' Motion for Protective Order. This declaration is based upon my personal knowledge, and if called upon as a witness, I could and would testify truthfully under oath as to the facts stated herein.

2.     Attached hereto as **Exhibit A** is a true and correct copy of defendant ███████ Responses to ████'s Interrogatories, Set One.

3.     Attached hereto as **Exhibit B** is a true and correct copy of defendant ███████ Responses to ████'s Requests for Production of Documents, Set One.

4.     Attached hereto as **Exhibit C** is a true and correct copy of defendant ███████████ to ████'s Interrogatories, Set One.

5.     Attached hereto as **Exhibit D** is a true and correct copy of defendant ██████████s to ████s Interrogatories, Set Three.

6.     Attached hereto as **Exhibit E** is a true and correct copy of defendant ████████onses to ████s Requests for Production of Documents, Set One.

7.     Attached hereto as **Exhibit F** is a true and correct copy of the ██████ Sheriff's Department's Responses to ████s subpoena for production of business records to the ████████████████epartment.

8.     Attached hereto as **Exhibit G** is a true and correct copy of the ██████ Sheriff's Department's Responses to ████s second subpoena for production of business records to the ████████████████s Department.

9.     On ██████████████████filed an Ex Parte Application to Stay a Pending Deposition, by which she sought: (1) to stay her deposition, noticed by Defendants on ██████████████, which was to take place on ████████████; (2) to limit the length and topics covered at the deposition; (3) a protective order directing that she

COLLINS COLLINS
MUIR + STEWART
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

22240

2

1  need not produce certain categories of documents requested by Defendants; and (4) an

2  award of sanctions against Defendants. (See Document No. 99, attached hereto as

3  **Exhibit H** for the convenience of the Court).

4        10.   On ███████████████████████ Ex Parte Application,

5  finding that her request to limit the duration and scope of her deposition was not

6  supported by good cause and overruling her objections to Defendants' requests for

7  production of documents. (See Document No. 112, also attached hereto as **Exhibit I**

8  for the convenience of the Court).

9        11.   On ██████████, after the Court denied her ex parte application, ███

10  emailed me stating that she would not appear for her deposition "until the motion for

11  protective order in regards to the production of documents is heard." I reminded ███

12  that her request to stay the deposition had been denied and her objections to the

13  document requests had been overruled. In response, ████ stated: "I will not attend any

14  deposition pending discovery disputes. I requested you to limit the time and scope of

15  your deposition and you refused to do so. My objections to the production of

16  documents were not complete. The court should not rule on a drafted stipulation. The

17  court's so called ruling was improper. You will proceed your deposition without me

18  on Nov 5, 2020." Attached hereto as **Exhibit J** is a true and correct copy of ████'s

19  email and our colloquy dated ██████████.

20        12.   On ██████████ failed to appear for her deposition. Attached

21  hereto as **Exhibit K** is a true and correct copy of an affidavit of non-appearance

22  certifying ████'s failure to appear for her ██████████ deposition.

23        13.   On February 26, 2020, I conducted an internet search using ███'s name.

24  In my search, I discovered the following internet postings, among others:

25        a.  On December 16, 2013, an individual posted a blog describing ███

26        use of defamation, revenge porn, extortion, and frivolous police

27        reports. Attached hereto as **Exhibit L** is a true and correct copy of the

28        individual's   blog   post,   which   I   accessed   at

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

22240

3

**DECLARATION OF AMANDA G. PAPAC RE: JOINT STIPULATION**

https://REDACT.wordpress.com/ on February 26, 2020. Pursuant to this Court's Order dated March 20, 2020 (Document No. 42), one of the names associated with ▮ appears in the URL and as such, defendants are barred from filing the unredacted URL. In the event the Court requires the full URL, defendants would request an exception from the March 20, 2020 order for the limited purpose of filing the unredacted URL under seal.

b.  On November 11, 2018, ▮ posted a public blog with derogatory remarks about a man, which contained his phone number and home address. Attached hereto as **Exhibit M** is a true and correct copy of O.L.'s November 11, 2018 blog, which I accessed at http://morgannparaskevas.blogspot.com/ on December 11, 2020.

c.  On November 12, 2018 ▮ posted a public blog accusing another man of sexual harassment. Attached hereto as **Exhibit N** is a true and correct copy of ▮s November 12, 2018 blog, which I accessed at http://REDACT.blogspot.com/ on February 26, 2020. Pursuant to this Court's Order dated March 20, 2020 (Document No. 42), one of the names associated with ▮ appears in the URL and as such, defendants are barred from filing the unredacted URL. In the event the Court requires the full URL, defendants would request an exception from the March 20, 2020 Order for the limited purpose of filing the unredacted URL under seal.

14.  During my internet search using ▮ true name, I also discovered an unpublished opinion from ▮ appeal of the Superior Court of Orange County's issuance of a domestic violence restraining order against her. The unpublished opinion contains a resuscitation of facts that led to the Superior Court's decision to issue a restraining order against ▮ (see **Exhibit O**, at page 1.) Based on my reading of the unpublished opinion, one of ▮s previous online dating companions (further

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax    (626) 243-1111

1  referenced as [redacted]'s "ex-boyfriend" to preserve his anonymity) obtained a restraining

2  order against [redacted] on the grounds that she posted revenge porn and vandalized the ex-

3  boyfriend's home. Upon hearing of the ex-boyfriend's desire to terminate the very

4  short-lived relationship, [redacted] created fake Facebook, Instagram, and Yelp accounts

5  with the ex-boyfriend's name and showing nude photos of him. [redacted] sent the revenge

6  porn to the ex-boyfriend's family, friends, and clients. She also appeared at the ex-

7  boyfriend's home and "scratched [his] door for about 20 minutes." Attached hereto as

8  **Exhibit O** is a true and correct copy of the unpublished opinion for [redacted]'s appeal from

9  the Superior Court of Orange County's domestic violence restraining order, case No.

10  G056955.

11      15.    As of April 9, 2020, [redacted] GoFundMe webpage was accessible on the

12  internet, which I accessed at : https://www.gofundme.com/f/2twqa2 on April 8, 2020,

13  and have attached a true and correct copy as **Exhibit P**. In advance of preparing this

14  declaration, I again tried to access the GoFundMe webpage from the same link and

15  found that the contents are not currently available on the internet. The same GoFundMe

16  Page was referenced in [redacted] operative pleading and produced by defendants in

17  discovery. That it is now no longer in existence on the internet and therefore prior

18  versions cannot be explored leads me to believe that [redacted] has caused evidence in this

19  pending lawsuit to not be preserved.

20      I declare under penalty of perjury under the laws of the State of California and the

21  United States of America that the foregoing is true and correct.

22      Executed on January 4, 2021, in Los Angeles, California.

23

24

25  By: _Amanda G. Papac_

        AMANDA G. PAPAC

26

27

28

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

*22240*

5

**DECLARATION OF AMANDA G. PAPAC RE: JOINT STIPULATION**

# EXHIBIT "L"

REDACTED   ~ Beware of this scammer.

REDACTED   BETTER KNOWN AS REDACTED

REDACTED or REDACTED   , AND HER CHINESE SCAM.

# E_ :VARE, DEFAMATION SPECIALIST.

Sponsored by Gundry MD

*16 Monday, Dec 2013*

POSTED BY ANONYMOUS123177 IN UNCATEGORIZED

≈ 3 COMMENTS

" REDACT born in December of 1977 is a chinese woman who is a scammer. After hiring a private investigator, I found out that I am not the only target of this person."

*"She posted a blog defaming my good name and coincidence, got 2 calls in the following months from a so-called company to have the blog removed first for $10,000 and the second call for $4,000. She changes her name frequently from O REDACT to O REDAC and she has made numerous victims. She post pictures or defamatory post and later someone contacts you to take them out for a fee. I have received several calls from other victims. "*



*"If you see or meet this person, be aware, she has already made false allegation of rape, false claims about other people as well, filed a frivolous police report in Colorado about losing her passport then ironically used that same passport at a San Francisco airport on December 2nd 2013."*

3

2/26/2020   REDACT BETTER KNOWN AS REDACTED 89 , AND HER CHINESE SCAM. BEWARE, DEFAMATION SPECIALIS…

*"I have filed a police report about her stealing money from me as well."*

There are a lot of lawsuits in which she is involved. As of now, we cannot reveal yet all the information since the cases are pending.

Advertisements

2/26/2020   REDACT BETTER KNOWN AS REDACTED , AND HER CHINESE SCAM. BEWARE, DEFAMATION SPECIALIS...

Powered by wordads.co

Seen ad many times

Not relevant

Offensive

Covers content

Broken

REPORT THIS AD

Advertisements

Powered by wordads.co

Seen ad many times

Not relevant

Offensive

Covers content

Broken

REPORT THIS AD

thoughts on " REDACTED ) BETTER KNOWN AS REDACTED ) or REDACTED , AND HER CHINESE SCAM. BEWARE, DEFAMATION SPECIALIST."

1. *said:*Secretagent

   April 23, 2015 at 10:49 pm

   She is back in the U.S. – living in old town Pasadena. I saw her on Wechat (the Chinese chatting app). Her alias there is REDACT . Thanks for posting this and warning others.

   REPLY

   - *said:*morgann070

     April 24, 2015 at 2:28 am

     REPLY

     - *said:*anonymous123177

       September 26, 2018 at 7:09 am

       Much appreciated.

Blog at WordPress.com.

EXHIBIT 16

EXHIBIT 16

**Affidavit of** █████████████

1. My name is ████████████. I am an attorney in the State of California and I represented Mr. ██████████████████████████████████████ (███████████████████████████████), the case referenced in the Second Amended Complaint in *Doe v. Wang*, Case No. 20-cv-02765-RMR-MEH (D. Colo).

2. I came across Paul Wang's name as a potential witness when I was doing research on other lawsuits and claims published by Ms. ████ in which she claimed emotional distress due to alleged sexual assaults in furtherance of my investigations of her claims against my client. During that research, I found information that she apparently posted about Mr. Wang.

3. The only times and places in which I recollect Mr. Wang's name has been mentioned in ██████████████████████████████████████████████ have been in discovery requests, responses, and related discovery motions. Attached hereto as <u>Exhibit A</u> (WEAMER 0002-0004) is a copy of the post about Mr. Wang that I found and produced in Mr. Weamer's lawsuit as part of Mr. Weamer's discovery responses. Also attached, as <u>Exhibit B</u> are copies of the posts involving Morgann Paraskevas that I found and produced as part of Mr. Weamer's document production in response to discovery, in August 2020 (WEAMER 0005-0009).

4. On ██████████████████, the case was dismissed with prejudice as the result of terminating sanctions imposed for Ms. ████'s refusal to comply with her discovery obligations. Mr. Wang remained on my witness list as a potential witness for trial.

5. To this date, December 10, 2021, I have not been contacted by Ms. ████'s counsel in Doe v. Wang, Case No. 20-cv-02765-RMR-MEH (D. Colo).

FURTHER AFFIANT SAYETH NAUGHT

        I declare under penalty of perjury under the law of the State of California that the foregoing affidavit is true and correct.

Page **1** of **1**

# EXHIBIT A

# pppwang ~ A fine WordPress.com site

IMAGE

# Paul Ming Wang

**06** _Tuesday, May 2014_

POSTED BY PPPWANG IN UNCATEGORIZED

≈ **LEAVE A COMMENT**



Paul Wang cheats a lot. He has a profile on okcupid named zerogas in order to fufill his gross purpose. He's a complete pig in a suit.

Create a free website or blog at WordPress.com.  Do Not Sell My Personal Information

WEAMER 0002



CheaterLand Report Liars and Cheaters

Cheater Search

Search ...

# Paul Wang, Highlands Ranch, CO

1 Colorado

lands-ranch-co.html

Anonymous

Paul Wang, aka Paul Ming Wang, born in June 1977, originally from China. Phone #: 720-323-1113.

While his girlfriend was living with him he went on dating sites looking for new dates. At the time he worked at DISH Network as a software engineer.

His Add:
2175 Ashwood Pl,
Highlands Ranch, CO 80129
11505 E Virginia Pl,
Aurora, CO 80012

co, Highlands Ranch, Paul Wang

Author: Anonymous

← Amanda Harrison, Nevada

Greg from Madison, Wisconsin likes Asian hookers and

## Cheater Search

Search ...

## Cheaters By Location

Select Category

## Random Cheaters

Julian Heaney
Carol Ann Erwin, Vision Works
Philie Blunt / Phil spiess, Missouri
Cambridge, Ontario, Canada, real estate broker Steve Bailey strikes deal to avoid discipline hearing
'RECO has failed the public,' says realtor who was set to testify against Cambridge's Steve Bailey
Nick "Biggie Beigler

## Recent Comments

Babe on Chuck Golson Trussville & Selma Alabama
Babe on Chuck Golson Trussville & Selma Alabama
Authorized Personnel Only on Chuck Golson Trussville & Selma Alabama
Barry Manalow on Chuck Golson Trussville & Selma Alabama
Nichole on Kenneth Michael Hall Jr, aka Mike Hall/Mike Griffith
Anonymous on Chuck Golson Trussville & Selma Alabama

transvestism →

## 1 thought on "Paul Wang, Highlands Ranch, CO"



**Paul Wang**
at 4:28 am

Xingfei "Ophelia" Luo is my classmate from middle school. We met for the first time in almost 20 years in a class reunion in China in October 2012, and started a long distance relationship. In the summer of 2013, I invited her to come visit me in the states. After living with her for a while, I started to find out more and more about her. She had hidden much from me, and her true personality was shown to both vindictive and vile. At the time we were supposed to be dating, she would constantly flirt with other men online. In August she left my place to go to New York to "visit her friends", who turned out to be another man she been dating online. I decided to break off the relationship with her. After about a month or two, she kept calling me to beg me to take her back. Being the nice person, I said okay, and took her back in. However, things were never back to normal. And our relationship was extremely strained to say the least. I originally purchased the round trip non refundable plane tickets for her to go back to China in early October, but she decided to stay in the US by any means. I don't have a problem with that, but she demanded that buy her a new ticket for departure after Xmas. I told her to buy her own ticket back. She later filed a false police report claiming her passport got stolen, and was issued a refund from the travel insurance company for half the ticket price. She used that refund to purchase a ticket to California. On the way to the airport, I once again broke up with her. This time I told her there's no chance we are getting back together.

After she went to California, she kept emailing and texting me, showing pictures of convertible she was riding in, or guns that her new boyfriend owns etc. I blocked her number and repeatedly told her in email response that I don't want to hear from her again. I don't want to have anything to do with such a crazy person.

A week later, I was at work when I was called into the HR department to explain some mysterious emails. Apparently someone created an email with my full name @163.net which is a free email service in China, and had been sending emails in my name to everyone I know, including my parents, friends, coworkers and my supervisor who is a female. In some of the emails was an attachedment of a photo that I immediately recognized as one of my most private pictures. This was a scanned Polaroid picture of a celebration of my 21st birthday in a gentleman's club in Dallas, Texas. It depicts me holding a naked porn star in a very compromised position, and the picture was signed by the porn star. I have never shown this picture to anyone. It had been kept in my private collection for sentimental reasons. I was in shocked but soon realized what happened and who sent those emails. It was Ophelia, who is the only person with unlimited access to all my personal properties when living at my house. She had stolen my private property and try to use it to make me look like a pervert. Fortunately everyone who knows me understood that these emails came from someone else. She was trying to get me into trouble but my company HR department stands by me and blocked this email address.

I confronted her via instance messages on a Wechat group for our classmates, and she uploaded the same picture to show that she was the one sending those emails. That's when I blocked her on Wechat as well and that was the last time I had any contact with this vile woman.

I got married in 2015, and have a young daughter now. Just a couple of days ago, a co worker called me and told me that when he searched for my name in google this page came up. I don't want my daughter or any one who doesn't know me came to this page to see this fabricated accusation without having the full context of what really happened. The cheater was her, not me.

If you have any questions regarding anything in this letter, you can contact me at my cell above. I will try to get this page removed from everywhere if it is possible. If not possible at least I can tell you my side of the story.

Thanks

Paul

WEAMER 0004

# EXHIBIT B

# Xingfei Luo ~ Beware of this scammer.

IMAGE

## Xingfei Luo, or Olivia Luo.

*16 Monday Dec 2013*



POSTED BY ANONYMOUS123177 | FILED UNDER UNCATEGORIZED

≈ **LEAVE A COMMENT**

## XINGFEI LUO BETTER KNOWN AS OPHELIA LUO or OLIVIA LUO , AND HER CHINESE SCAM. BEWARE, DEFAMATION SPECIALIST.

*16 Monday Dec 2013*

POSTED BY ANONYMOUS123177 IN UNCATEGORIZED

≈ **C**OMMENTS

WEAMER 0005

Case 1:20-cv-02765-RMR-MEH   Document 106-2   Filed 05/24/22   USDC Colorado   Page 56 of 89

" *XingFei Luo born in December of 1977 is a chinese woman who is a scammer. After hiring a private investigator, I found out that I am not the only target of this person.*"

"*She posted a blog defaming my good name and coincidence, got 2 calls in the following months from a so-called company to have the blog removed first for $10,000 and the second call for $4,000. She changes her name frequently from Ophelia Luo to Olivia Luo and she has made numerous victims. She post pictures or defamatory post and later someone contacts you to take them out for a fee. I have received several calls from other victims.* "



"

"*If you see or meet this person, be aware, she has already made false allegation of rape, false claims about other people as well, filed  a frivolous police report in Colorado about losing her passport then ironically used that same passport at a San Francisco airport on December 2nd 2013.*"

"*I have filed a police report about her stealing money from me as well.*"

There are a lot of lawsuits in which she is involved. As of now, we cannot reveal yet all the information since the cases are pending.

Advertisements

# Xingfei Luo

**MONDAY, NOVEMBER 12, 2018**

## Xingfei Luo - victim of sexual harassment

Xingfei Luo, born in China, has tremendous and tracked financial experience in multiple industries. She is a huge fan of traveling and photography. She holds traditional values with great sense of ethics.

While Xingfei Luo was traveling alone in 2013 she met a man named Morgann Paraskevas in Rockville , MD. Morgann Paraskevas sent her invitation via couchsurfing as he wanted to host her when she's visiting DC. During her stay with Morgann Paraskevas he sexually harassed her and forced her to leave after she refused to show him her breast as his request. She left Morgann Paraskevas a negative review on couchsurfing and that's the beginning of her getting various threats from Morgann Paraskevas and his friends. In order to seek retaliation Morgann Paraskevas also spread false statement about her character.

For more about Morgann Paraskevas, search Morgann Paraskevas in Google.



**Morgann Paraskevas**
have you ever been married?

no. why?

**Morgann Paraskevas**
or had a bf?

had a bf. why?

**Morgann Paraskevas**
ok so you saw a naked guy before then ahhahaha

**Morgann Paraskevas**
you don't mind then if i am naked at my place?

**Morgann Paraskevas**
hello?

**Morgann Paraskevas**
hey no answer?

I appreciate u are not. but if u insist to be. I will close my eyes

ABOUT ME

**Xingfei Luo**

View my complete profile

BLOG ARCHIVE

▼ 2018 (1)

  ▼ November (1)

   Xingfei Luo - victim of sexual harassment

WEAMER 0007



**Morgann Paraskevas**
you can also bring a swimsuit

ok

**Morgann Paraskevas**
or not lol

lol

**Morgann Paraskevas**
there are not a lot of people there and some places are secluded so you can go au natural

lol



**Morgann Paraskevas**
ahahhahaha good one

well in DC i go to the river too, there is a spot where i can go, it's like little islands, and I sunbathe naked too







WEAMER 0008

5/19/2020                                                                                          Xingfei Luo

Posted by Xingfei Luo at 8:45 AM

# Home

Subscribe to: Posts (Atom)

Picture Window theme. Powered by Blogger.

WEAMER 0009

EXHIBIT 17

EXHIBIT 17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

     Plaintiff,

v.

PAUL WANG,

     Defendant.

---

**ANSWER TO THIRD AMENDED COMPLAINT**

---

Defendant, Paul Wang, by his attorney, answers Plaintiff's Third Amended Complaint and alleges as follows:

**ADMISSIONS AND DENIALS**

1. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 1, and therefore denies them.

2. Admit that Mr. Wang resides in Colorado.

3. As to the allegations appearing under the title "Jurisdiction and Venue," Mr. Wang is without information sufficient to form a belief as to the truth of the allegations concerning whether there is diversity of citizenship among the parties, and therefore denies them.

4. As to the allegations appearing under the title "Jurisdiction and Venue," Mr. Wang is without information sufficient to form a belief as to the truth of the allegations

1

concerning whether there is diversity of citizenship among the parties, and therefore denies them.

5. Admit.

6.  Admit that Mr. Wang left China to attend college in United States, and otherwise deny the allegations of ¶ 6.

7. Admit.

8. Admit that during Mr. Wang's visit, the parties reconnected and began a relationship, and otherwise deny the allegations of ¶ 8. Mr. Wang also denies Ms. Luo's characterization of their relationship in ¶ 8 and throughout the Third Amended Complaint.

9. Admit that Mr. Wang returned to the United States and the parties continued their relationship, and otherwise deny the allegations of ¶ 9.

10. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 10, and therefore denies them.

11. Admit that Mr. Chen Guochang is a mutual friend of the parties. Mr. Wang is without sufficient information to admit or deny the remaining allegations in paragraph 11, and therefore denies them.

12. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 12, and therefore denies them.

13. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 13, and therefore denies them.

14. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 14, and therefore denies them.

15. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 15, and therefore denies them.

16. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 16, and therefore denies them.

17. Deny.

18. Deny.

19. Admit that Mr. Wang encouraged Ms. Luo to get a rape kit and to report the incident. Mr. Wang is without sufficient information to admit or deny the remaining allegations in paragraph 19, and therefore denies them.

20. Deny.

21. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 21, and therefore denies them.

22. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 22, and therefore denies them.

23. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 23, and therefore denies them.

24. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 24, and therefore denies them.

25. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 25, and therefore denies them.

26. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 26, and therefore denies them.

27. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 27, and therefore denies them.

28. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 28, and therefore denies them.

29. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 29, and therefore denies them.

30. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 30, and therefore denies them.

31. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 31, and therefore denies them.

32. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 32, and therefore denies them.

33. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 33, and therefore denies them.

34. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 34, and therefore denies them.

35. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 35, and therefore denies them.

36. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 36, and therefore denies them.

37. Deny. Mr. Wang also denies Ms. Luo's characterization of their relationship in ¶ 37 and throughout the Third Amended Complaint.

38. Deny. Mr. Wang also denies Ms. Luo's characterization of their relationship in ¶ 38 and throughout the Third Amended Complaint.

39. Admit that Mr. Wang purchased plane tickets for Ms. Luo and deny the remaining allegations in ¶ 39.

40. Deny.

41. Deny.

42. Deny and to the extent Ms. Luo is discussing the recommendations of the United States Department of State, Mr. Wang is without sufficient information to admit or deny those allegations, and therefore denies them.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Mr. Wang denies Ms. Luo's characterization of his statements as "false and incredibly damaging," in this paragraph and throughout the complaint. Mr. Wang does not have sufficient information to admit or deny Ms. Luo's allegations regarding the timing of when during the *Weamer* case she learned that Mr. Wang is a witness in that case, and therefore denies those allegations, and he denies the remaining allegations in ¶ 47.

48. Admit that Mr. Wang posted a comment in response to the defamatory statements Ms. Luo's posted about him on the page she created on cheaterland.com (Reply in Support of Defendant's Motion for Imposition of Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Against Plaintiff and Her Counsel ["Motion for

Sanctions"], Exhibit A to Exhibit 4 [WEAMER 0003- 0004). Mr. Wang is without

sufficient information to admit or deny the remaining allegations in paragraph 48, and

therefore denies them.

49. Mr. Wang is without sufficient information to admit or deny the allegations in

paragraph 49, and therefore denies them.

50. Mr. Wang is without sufficient information to admit or deny the allegations in

paragraph 50, and therefore denies them. *But see* Declaration of Ms. ██████

Esq., Motion for Sanctions, Exhibit 4.

51. Mr. Wang admits that his response to Ms. Luo's defamatory statements about him

was posted long before Ms. Luo filed the Weamer Litigation.

52. Mr. Wang's response, *see* "Motion for Sanctions", Exhibit A to Exhibit 4 (WEAMER

0003- 0004), speaks for itself.

53. Deny.

54. Admit that Mr. Wang purchased the tickets and travel insurance and deny the

remaining allegations (implied) in ¶ 54.

55. Deny.

56. Mr. Wang is without sufficient information to admit or deny the allegations in

paragraph 56, and therefore denies them.

57. Deny.

58. Mr. Wang is without sufficient information to admit or deny the allegations in

paragraph 58, and therefore denies them.

59. Mr. Wang is without sufficient information to admit or deny the allegations in

paragraph 59, and therefore denies them.

6

60. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 60, and therefore denies them.

61. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 61, and therefore denies them. Mr. Wang also denies Ms. Luo's characterization and speculations regarding █████████ beliefs and their basis.

62. Deny.

63. Deny.

64. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 64, and therefore denies them.

65. Mr. Wang is without sufficient information to admit or deny the allegations in paragraph 65, and therefore denies them.

66. To the extent Ms. Luo is describing her views regarding the Chinese culture, no response is necessary, and Mr. Wang denies the remaining allegations in paragraph 66.

67. Deny.

68. Deny and Mr. Wang denies Ms. Luo's characterizations.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Paragraph 75 is a statement of incorporation to which no response is required. To the extent a response is required, Mr. Wang incorporates his responses to paragraphs 1-74.

76. The allegations in paragraph 76 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

77. The allegations in paragraph 77 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

78. The allegations in paragraph 78 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

79. The allegations in paragraph 79 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

80. The allegations in paragraph 80 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

81. The allegations in paragraph 81 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

82. The allegations in paragraph 82 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

83. The allegations in paragraph 83 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

84. Paragraph 84 is a statement of incorporation to which no response is required. To the extent a response is required, Mr. Wang incorporates his responses to paragraphs 1-83.

85. The allegations in paragraph 85 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

86. The allegations in paragraph 86 of the Third Amended Complaint are legal conclusions to which no response is required. T the extent a response is required, Mr. Wang denies the allegations.

87. The allegations in paragraph 87 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

88. The allegations in paragraph 88 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

89. The allegations in paragraph 89 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

90. The allegations in paragraph 90 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

91. The allegations in paragraph 91 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

92. The allegations in paragraph 92 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

93. Paragraph 93 is a statement of incorporation to which no response is required. To the extent a response is required, Mr. Wang incorporates his responses to paragraphs 1-92.

94. The allegations in paragraph 94 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

95. The allegations in paragraph 95 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

96. The allegations in paragraph 96 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

97. The allegations in paragraph 97 of the Third Amended Complaint are legal conclusions to which no response is required; to the extent a response is required, Mr. Wang denies the allegations.

98. The allegations in paragraph 98 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

99. The allegations in paragraph 99 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

100. The allegations in paragraph 100 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

101. Paragraph 101 is a statement of incorporation to which no response is required. To the extent a response is required, Mr. Wang incorporates his responses to paragraphs 1-100.

102. The allegations in paragraph 102 of the Third Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Wang denies the allegations.

103.    The allegations in paragraph 103 of the Third Amended Complaint are legal
        conclusions to which no response is required. To the extent a response is required,
        Mr. Wang denies the allegations.

104.    The allegations in paragraph 104 of the Third Amended Complaint are legal
        conclusions to which no response is required. To the extent a response is required,
        Mr. Wang denies the allegations.

105.    The allegations in paragraph 105 of the Third Amended Complaint are legal
        conclusions to which no response is required. To the extent a response is required,
        Mr. Wang denies the allegations.

106.    The allegations in paragraph 106 of the Third Amended Complaint are legal
        conclusions to which no response is required. To the extent a response is required,
        Mr. Wang denies the allegations.

107.    The allegations in paragraph 107 of the Third Amended Complaint are legal
        conclusions to which no response is required. To the extent a response is required,
        Mr. Wang denies the allegations.

108.    The allegations in paragraph 108 of the Third Amended Complaint are legal
        conclusions to which no response is required. To the extent a response is required,
        Mr. Wang denies the allegations.

109.    The allegations in paragraph 109 of the Third Amended Complaint are legal
        conclusions to which no response is required. To the extent a response is required,
        Mr. Wang denies the allegations.

## SEPARATE AND ADDITIONAL DEFENSES

Plaintiff's claims are barred, in whole or in part, by statute of limitations and the substantial truth doctrine.

Defendant's statements are privileged under the absolute privilege doctrine and Plaintiff's claims are barred on grounds that all or material portions of Defendant's statements were made in his capacity as a witness.

Defendant's publication involved a matter of public or general concern, and as a consequence, Plaintiff may not recover unless Plaintiff proves, by clear and convincing evidence, that Defendant published materially false and defamatory facts about her, while knowing they were false, or with a high degree of awareness of their probable falsity.

Plaintiff's claims are barred, in whole or in part, by the incremental harm doctrine.

Defendant's publication is privileged, and the plaintiff's claims are barred, by article II, section 10 of the Constitution of Colorado, and by the First and Fourteenth Amendments to the Constitution of the United States.

To the extent Plaintiff has sustained any injuries, such injuries are due to the conduct of plaintiff or third persons over whom Defendant had no control.

Plaintiff has failed to mitigate her damages as required by law.

Plaintiff's claims for non-economic damages are subject to the limitations provided for under the laws of the State of Colorado.

Defendant reserves the right to assert additional affirmative defenses should discovery and investigation reveal facts in support.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Paul Wang, having answered Plaintiff's Third Amended Complaint, prays that it be dismissed, that Plaintiff takes nothing, and that judgment be entered against Plaintiff for his costs, attorneys' fees, and for such other and further relief as the Court may deem appropriate.

Respectfully submitted this 27th day of June 2022.

*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO 80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Paul Wang*

EXHIBIT 18

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

                Plaintiff,

v.

PAUL WANG,

                Defendant.

---

## MOTION TO WITHDRAW AS COUNSEL

Pursuant to D.C.COLO.LAttyR 5(b) and Rule 1.16 of the Colorado Rules of Professional Conduct, Clarissa M. Collier, Esq., David J. Schaller, Esq., and the firm of Wheeler Trigg O'Donnell LLP (collectively, "Counsel") hereby submit this Motion to Withdraw as Counsel for Plaintiff Xingfei Luo. In support of this Motion, Counsel states as follows:[1]

    1.       D.C.COLO.LAttyR 5(b) permits an attorney to withdraw, with approval of the Court, upon a showing of good cause.

    2.       Good cause exists for Counsel to withdraw from representation of Plaintiff based on Rule 1.16(1) and (7) of the Colorado Rules of Professional Conduct. *See* D.C.COLO.LAttyR 5(b) ("A motion to withdraw must state the reasons for withdrawal, unless the statement would violate the rules of professional conduct."

---

[1]      Pursuant to D.C.COLO.LCivR 7.1(b)(4), a certificate of conferral is not necessary for this Motion.

3.      In accordance with D.C.COLO.LAttyR 5(b), Counsel has served a Notice of Withdrawal "on all counsel of record, any unrepresented party, and" Plaintiff. *See* Notice of Withdrawal, attached hereto as **Exhibit 1**.

4.      Plaintiff has been notified that she is "personally responsible for complying with all court orders and time limitations established by applicable statutes and rules." *Id.*

5.      Plaintiff has also been notified that she has the burden of keeping the Court and the other parties informed where later notices, pleadings, and other papers may be served; that she has the obligation to prepare for trial or have other counsel prepare for trial; that failure or refusal to meet these burdens may subject her to legal consequences such as dismissal or default; and that the dates of any proceedings including trial and holding of such proceedings will not be affected by this withdrawal.

6.      This Motion is not made for purposes of delay and the relief requested is sought in good faith.

WHEREFORE, Counsel respectfully request the Court grant this Motion and enter an Order allowing them to withdraw as counsel for Plaintiff.

Dated:  July 7, 2022.                                  Respectfully submitted,


                                                       *s/ Clarissa M. Collier*
                                                       David J. Schaller
                                                       Clarissa M. Collier
                                                       Wheeler Trigg O'Donnell LLP
                                                       370 Seventeenth Street, Suite 4500
                                                       Denver, CO 80202
                                                       Telephone:  303.244.1800
                                                       Facsimile:   303.244.1879
                                                       Email:   schaller@wtotrial.com
                                                                collier@wtotrial.com

Attorneys for Plaintiff,

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on July 7, 2022, I electronically filed the foregoing **MOTION TO WITHDRAW AS COUNSEL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Xingfei Luo**
  █████████████████

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com

- **Eugene Volokh**
  volokh@law.ucla.edu

*s/ Catherine Lacey*

EXHIBIT 19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

---

## NOTICE OF WITHDRAWAL AS COUNSEL

---

Pursuant to D.C.COLO.LAttyR 5(b), Clarissa M. Collier, Esq., David J. Schaller, Esq., and the firm of Wheeler Trigg O'Donnell LLP (collectively, "Counsel") hereby serve this Notice of Withdrawal as Counsel "on all counsel of record, any unrepresented party, and" Plaintiff. Counsel notifies Plaintiff as follows:

1.     Counsel has filed a Motion to Withdraw as Counsel.

2.     Through the Motion, Counsel seeks to withdraw from representation of Plaintiff pursuant to D.C.COLO.LAttyR 5(b) and Rule 1.16(1) and (7) of the Colorado Rules of Professional Conduct.

3.     Counsel's withdrawal "shall be effectively only on court order entered after service" of this Notice. *See* D.C.COLO.LAttyR 5(b).

4.     Upon Counsel's withdrawal, Plaintiff will be personally responsible for complying with all court orders and time limitations established by applicable statutes and rules.

5.      Plaintiff has the burden of keeping the Court and the other parties informed where later notices, pleadings, and other papers may be served.

6.      Plaintiff has the obligation to prepare for trial or have other counsel prepare for trial.

7.      Plaintiff's failure or refusal to meet these burdens may subject her to legal consequences such as dismissal or default.

8.      The dates of any proceedings including trial and the holding of such proceedings will not be affected by this withdrawal.

9.      Because Counsel was appointed through the FFA Pro Bono Program, they have also notified Plaintiff that she may re-apply for the appointment of pro bono counsel. Whether the Court decides to appoint new pro bono counsel though the FFA Pro Bono Program is within the Court's discretion.

Dated:  July 7, 2022.                          Respectfully submitted,


                                               *s/ Clarissa M. Collier*
                                               David J. Schaller
                                               Clarissa M. Collier
                                               Wheeler Trigg O'Donnell LLP
                                               370 Seventeenth Street, Suite 4500
                                               Denver, CO 80202
                                               Telephone:   303.244.1800
                                               Facsimile:   303.244.1879
                                               Email:   schaller@wtotrial.com
                                                        collier@wtotrial.com

                                               Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2022, I electronically served the foregoing **NOTICE OF WITHDRAWAL AS COUNSEL** via email to the following:

- **Xingfei Luo**
  ██████████████

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com

- **Eugene Volokh**
  volokh@law.ucla.edu

*s/ Catherine Lacey*

EXHIBIT 20

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

     Plaintiff,

v.

PAUL WANG,

     Defendant.

---

### EXPEDITED MOTION TO DICLOSE THE IDENTITY OF THE AUTHOR(S) OF XINGFEI LUO'S FILINGS AND TO DETERMINE IF MS. LUO NEEDS AN INTERPRETER FOR HER SEPTEMBER 22, 2022 DEPOSITION

---

Defendant Paul Wang, pursuant to Federal Rules of Civil Procedure 11, requests that this Honorable Court order Plaintiff Xingfei Luo to disclose the identity of the author(s) of her filings. Mr. Wang also requests that the Court hold a hearing to determine whether Ms. Luo needs an interpreter. As grounds Mr. Wang sates:

*Conferral*—Mr. Wang has conferred with Ms. Luo. She objects to this motion.

On July 8, 2022, the Court granted Ms. Luo's appointed counsel's motion to withdraw. (Doc. 178.) Since then, Ms. Luo has been proceeding *pro se* and has submitted multiple filings to this Court and the Tenth Circuit Court of Appeals. Doc. 183; *see also* Attachment A (Ms. Luo's filings at the Tenth Circuit, *Doe v. Wang*, 22-1200). On August 25, 2022, in an email exchange with Judge Michael Hegarty, Ms. Luo requested that Mr. Wang provide her (at his expense) a Cantonese interpreter during her deposition, which is scheduled on September 22, 2022.

1

***The Tenth Circuit requires pro se litigants to disclose the author(s) of their filings***

Applying Federal Rule of Civil Procedure 11(a), the Tenth Circuit has held that "any ghostwriting of an otherwise *pro se* brief must be acknowledged by the signature of the attorney involved" and "an attorney must refuse to provide ghostwriting assistance unless the client specifically commits herself to disclosing the attorney's assistance to the court upon filing." *Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) (cleaned up).

Considering the sophistication of the legal content and presentation of Ms. Luo's filings, *see* Doc. 183; Attachment A, and her simultaneous request for an interpreter, it appears that either she is not the author of these filings or that her request for an interpreter is yet another example of her litigation behavior that the Ninth Circuit has described as "flagrant abuse of the judicial process." ███████████ WL [withheld], *3 n.1 (███████████).

As such, Mr. Wang respectfully requests that the Court, pursuant to *Duran*, order Ms. Luo to disclose the identity of the author(s) of her filings.

***The Court should hold a hearing to determine whether Ms. Luo needs an interpreter***

Even in cases where defendants in judicial proceedings instituted by the United States have a statutory right to an interpreter —Ms. Luo is a vexatious[1] plaintiff in a defamation case, not a defendant in a case brought by the government—the circuit courts of appeals have required the district courts to first make a determination on the record whether the defendant is entitled to an interpreter. *See, e.g., United States v. Osuna*, 189 F.3d 1289, 1292 (10th Cir. 1999); *United States v. Johnson*, 248 F.3d 655, 661 (7th Cir. 2001) (same); *United States v. Si*, 333 F.3d 1041, 1044–45 (9th Cir. 2003).

---

[1] During the August 24, 2022 hearing, Ms. Luo admitted that she violated this Court's order to "pleads only what she believes she has evidence to prove", Doc. 76. Mr. Wang will address this issue in a separate emotion.

Considering the content of Ms. Luo's *pro se* filings, her litigation history, *see, e.g.*, Mr. Wang's briefings of the Motion for Reconsideration of the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym, Docs. 101, 109, and motion for sanctions, Doc. 132, 144, 160, 162; Ms. Luo's admitted violation of this Court's order, *see* n. 1, and the Ninth Circuit's holding regarding Ms. Luo in ████████████ WL [withheld], *3 n.1; Mr. Wang respectfully requests that the Court hold a hearing to determine whether Ms. Luo needs an interpreter. (It should also be noted that, despite Ms. Luo's previous appointed counsel's withdrawal, the court granted Ms. Luo's request to appoint a counsel to represent her during the September 22, 2022 deposition.)

**Conclusion**

Mr. Wang requests that this Honorable Court order Ms. Luo to disclose the identity of the author(s) of her filings and hold a hearing to determine whether Ms. Luo needs an interpreter.

Respectfully submitted this 6th day of September 2022.

*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO 80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Paul Wang*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 6, 2022, I served an electronic copy of the foregoing

on the parties.


*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly