FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*9:14 am, Sep 19, 2022*
JEFFREY P. COLWELL, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

      Plaintiff,

v.

PAUL WANG,

      Defendant.

---

**PLAINTIFF'S REPLY IN SUPPORT OF HER EMERGENCY MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

---

      Plaintiff submits the following reply in support of her emergency motion to quash Defendant's subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action.

      Despite Plaintiff never posted anything online using her cell phone, Defendant alleges going through all Plaintiff's private cell phone data can find out whether Plaintiff is the author of the blog Defendant's fabrication was posted on. For the reasons stated blow, the court should quash Defendant's subpoena directed to Los Angeles County Sheriff's Department (LASD) in its entirety and put an end on Defendant's abuse of discovery.

<u>Plaintiff's Standing</u>

      Although a party to a lawsuit typically has no standing to object to a subpoena directed at a non-party, standing exists when the party claims a privilege or other **personal interest** in regard to the requested documents. E.g., *Langford v. Chrysler Motors Corp*., 513 F. 2d 1121,

1126 (2d Cir. 1975); *City of Ecorse v. U.S. Steel*, No. 07-cv-12131, 2007 WL 4239263, at *2 (E.D. Mich. Dec. 3, 2007); *U.S. v. Wells*, No. 06-10589, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3, 2006). This exception apparently also permits a party to file objections to a subpoena under Rule 45(c)(2)(B), **in the same manner as a person to whom the subpoena is directed**. E.g., *Minn. School Boards Ass'n v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627, 629-30 (D. Minn. 1999). See also *Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598, at *2 (D. N.J. 2007) (Personal rights claimed with respect to bank account records give a party sufficient standing to challenge a third party subpoena served upon financial institutions holding such information.)

No one can dispute that Plaintiff is the owner of her cell phone data. As such, Plaintiff has more than enough standing to challenge defendant's subpoena in the same manner as LASD.

<u>Privacy and Privilege</u>

Under Federal Rule of Civil Procedure 45, a district court "must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter." Fed.R.Civ.P. 45(d)(3)(A)(iii). The federal courts have the authority and duty to recognize claims of privilege that are valid under federal common law. Fed.R.Evid. 501.

First and foremost, Defendant fails to address any of Plaintiff's privilege claims.

Having a protective order does not necessarily mean Defendant is entitled to any and all Plaintiff's private information. Plaintiffs only minimally waive their privacy rights on matters which can be shown to be directly related to the litigation. The defendant's legitimate need for discovery must still be balanced against the individual plaintiff's privacy rights, and the defendant must show a compelling interest for the discovery. As discussed below, Defendant cannot even show relevance, let alone compelling interest for the discovery.

Courts have frequently emphasized privacy concerns in cases where a party sought direct access to an opposing party's computer systems.[1] Computers are tangible things, after all, and many litigants over the years have sought to test, sample, or obtain copies of an opposing party's computer or entire computer system. Such requests are disfavored, not only because of the cost and inconvenience, but also because of the threat to privacy. *See*, *e.g.*, *SEC v. Strauss*, No. 09 Civ. 4150, 2009 WL 3459204, at *12 n.8 (S.D.N.Y. Oct. 28, 2009) ("There is a general reluctance to allow a party to access its adversary's own database directly."); *NOLA Spice Designs, LLC v. Haydel Enters., Inc.*, No. CIV.A. 12-2515, 2013 WL 3974535, at *2 (E.D. La. Aug. 2, 2013); *Locke v. Swift Transp. Co. of Ariz., LLC*, No. 5:18-CV-00119, 2019 WL 430930, at *3 (W.D. Ky. Feb. 4, 2019) (Denying motion to compel production of entirety of plaintiffs' social media accounts because it would "sanction an[] inquiry into scores of quasi-personal information that would be irrelevant and non-discoverable"); *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008) (Granting mandamus relief to two state defendants who had been ordered by the district court to provide forensic imaging of their computers, noting that "[t]he district court's compelled forensic imaging orders here fail[ed] to account properly for the significant privacy and confidentiality concerns present in this case."); *In re Premera Blue Cross Customer Data Security Breach Litigation*, 329 F.R.D. 656 (D. Or. 2019) (Denying a motion to compel forensic imaging of plaintiffs' personal digital devices in a healthcare data security breach class action and finding that the request was not proportional to the needs of the case in light of the competing privacy concerns); *In re 3M Combat Arms Earplugs Prods. Liab. Litig.*, No. 3:19-md-2885, 2020 WL 6140469 (N.D. Fla. Oct. 15, 2020) (Rejecting defendant's motion to compel

---

[1] A smart phone is similar to a mini computer system.

forensic imaging of plaintiff's mobile device, holding that "[e]ven assuming" the relevance of the deleted messages with the allegation that plaintiff had spoliated evidence, "the parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."); *Estate of Logan v. City of South Bend*, No. 3:19-CV-495, 2021 WL 389412 (N.D. Ind. Feb. 3, 2021) (Denying a motion to compel forensic examination of defendant's cell phone and finding that plaintiff failed to identify how the requested cell phone information went "to the heart of — or [was] even relevant to — the . . . case," leaving the court unable to determine whether the request was proportional enough to justify invading defendant's privacy interests); *see also White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, No. CIV.A. 07-2319, 2009 WL 722056, at *7 (D. Kan. Mar. 18, 2009).

<u>Relevance</u>

It is generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules. See Fed. R. Civ. P. 26(b)(1) (stating that discovery is allowed to the extent it is "relevant to [a] party's claim or defense.")

The party seeking discovery has the burden to demonstrate the relevancy of the information sought in the subpoena. *EEOC v. Dillon Cos*., 310 F.3d 1271, 1274 (10th Cir. 2002). The party seeking discovery here is Defendant, who has the burden.

Plaintiff bears no burden to establish the subpoenaed information is not relevant to the discovery of evidence related to her claims. Nevertheless, Plaintiff has provided all the necessary and credible evidence showing Defendant himself filed the insurance claim, pocketed the insurance money, then fabricated that Plaintiff committed the insurance fraud. See exhibits 1 − 5.

Defendant filed two attachments, Defendant's First Set of Written Discovery Requests to Plaintiff (13 interrogatories, 15 RFPs and 9 RFAs) and Plaintiff's Responses and Objections to Defendant's First Set of Written Discovery Requests, then alleges that the data stored in Plaintiff's cellphone (e.g., electronic data, including but not limited to call logs, device locations, passwords, searched items, web history, texts, databases, documents, user accounts, calendar, emails, photographs, bank information, videos, and audio) contains crucial evidence in this case and the very information Plaintiff has failed to disclose in her responses to Defendant's discovery requests with no mention of what specific crucial evidence to what specific discovery requests. Defendant simply dumped two documents and asked the court and Plaintiff to make a guess.

Defendant, a thief crying "Stop thief!", lied through his teeth even in front of the court which is consistent with his litigation conduct. Defendant came to the U.S. as an international student. Prior to his first marriage he did not date any obese women. However, Defendant's first wife is not only obese but also six years older than him. Oddly, Defendant's second wife is a complete opposite to his first wife, neither obese nor older. It is not difficult to believe Defendant married his first wife for immigration benefit. Despite Defendant's own immigration fraud and the fact that Plaintiff is a legal resident in the U.S., through his counsel, Defendant fabricated that Plaintiff would need marriage to stay in this country and posted a man's nude photos after being rejected for marriage. Decl, Luo ¶2.

Despite Plaintiff never took down any webpage related to Defendant, through his counsel, Defendant fabricated that Plaintiff took down a website upon his counsel's request. If Defendant truly wants to find out who is the author of a website he should have subpoenaed the website

hosting company in 2021 but instead he waited almost two years and now wants to search all Plaintiff's private cell phone data for a blog post he cannot even allege when it was posted. Decl, Luo ¶3.

Right after Defendant's first rule 11 motion was denied, he sent Plaintiff and her prior counsel his notice of **second** rule 11 motion on July 12, 2022. Decl, Luo ¶4. During the Aug 24, 2022 status conference defense counsel insulted Plaintiff for her spoken English then continues the insult by repeatedly fabricating that Plaintiff is not the author of her court filings, a clear reflection of Defendant's personality disorder. Decl, Luo ¶6. ECF 187&191.

Defendant's online post alleged that he had a young daughter at the time when it was posted. Therefore the birth date of Wang's daughter is critical evidence as to when exactly he posted his online statement alleging Plaintiff committed insurance fraud, he initially lied to the court during the Aug 24, 2022 status conference that his daughter was born in September 2019. Upon Plaintiff's request and the court's further inquiry, Defendant finally disclosed his daughter was in fact born on December 3rd, 2019. Decl, Luo ¶5.

The remaining issue here is whether Plaintiff indeed filed a false police report to commit insurance fraud. Obviously Defendant's defense is truth. As indicated by the language of Rule 26, the relevance of information sought in discovery depends on the claims or defense asserted in the underlying action and the legal standards that govern those claims or defense. See Fed. R. Civ. P. 26(b)(1) (permitting discovery of nonprivileged matter that is "relevant to any party's claim or defense"); see also Fed. R. Evid. 401 (stating that information is relevant if it has a "tendency to make a fact more or less probable" and "the fact is of consequence in determining the action"). Rule 26 does not permit discovery of dismissed claims. However, Defendant alleges

the subpoenaed data has information about the alleged rape in China. See defendant's response p. 6. Defendant provides neither legal nor factual basis to seek discovery of a dismissed claim. This is just another reflection of Defendant's mental disorder and abusive personality.

To determine the relevance of information sought by Defendant in his subpoena, the court must examine the showing that Defendant must make in order to defend in the underlying litigation: (1) Plaintiff did file a false police report; (2) Plaintiff did file a police report in order to defraud the insurance company for money; and (3) Defendant did tell the truth that Plaintiff committed two crimes.

Then who is the author of whatever blog has very little bearing on whether Plaintiff committed two crimes and whether Defendant told the truth. Defendant cannot even allege when the blog was posted allegedly by Plaintiff. Plaintiff's cell phone was seized by LASD on July 2, 2019. If the blog post at issue was posted after July 2, 2019 there is no justification whatsoever to subpoena Plaintiff's private cell phone data.[2] Even arguably it is relevant, finding the author of an undated blog post is wholly unjustified to subpoena Plaintiff's unlimited call logs, searched items, calendar, emails, photographs, bank information, videos, and audio.

The burden, expense, and intrusiveness of Defendant's subpoenaed information clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence. Plaintiff already provided sworn declaration she never posted anything using her cell phone. It is highly unlikely that the subpoenaed information will lead to any evidence at all because even arguably the author of the blog post were Plaintiff, the blog post did not give

---

[2] Defendant allegedly responded to the blog post at issue after December 3rd, 2019, the date after his daughter was born.

Defendant any legal right to fabricate that Plaintiff committed two crimes. As such, whether the blog post was posted by Plaintiff does not constitute any defense.

Further, Defendant admits there was more convenient, less burdensome, or less expensive way to determine who was the author of a blog post prior to the website hosting company has been down. The website hosting company has been down does not automatically grant Defendant entitlement to all of Plaintiff's private data. Defendant was served with the summons back in December 2020 by certified mail and he testified he received the mail. Defendant provides no evidence showing when the website hosting company has been down and his due diligence to pursue evidence. If the subpoenaed information is indeed central to his defenses Defendant should have subpoenaed long time ago. Or maybe Defendant intentionally waited until the website hosting company has been down in order to subpoena Plaintiff's private data to harass her. Defendant provides no explanation why he waited, intentionally or not, almost two years to allege the website hosting company has been down. Simply put, if the identity of the author of whatever blog post is the evidence essential to his defense Defendant should have pursued that evidence from the get go. The substantial delay in pursuing such "**essential**" evidence appears to be Defendant's gamesmanship. Even arguably Defendant did not intentionally delay the discovery of the author of the blog post until the website hosting company has been down, Plaintiff should not pay the price for Defendant's sloppy discovery and let him go through all her private information for some undated blog post. In sum, Defendant's action and assertion are self-contradicted.

Defendant's Ability to Read The Subpoenaed Data

First and foremost, Defendant fails to address the burden and expenses his subpoena imposes upon a third party.

Defendant further fails to address that the subpoenaed data was created using a proprietary forensic software. Defendant fails to explain why he wants the data that is unreadable without proprietary software used by law enforcement. Defendant also fails to explain whether LASD is willing to provide or he is able to obtain the proprietary software used by law enforcement. Defendant even fails to provide expert testimony as to how searching call logs, device locations, passwords, searched items, web history, texts, databases, documents, user accounts, calendar, emails, photographs, bank information, videos, and audio will determine who is the author of a blog post and why it is necessary to search massive personal private data to achieve that goal. All of which shows nothing but Defendant's vicious intent to harass and oppress Plaintiff.

Based on the foregoing[3], the Court should grant Plaintiff's motion in its entirety.

Dated: September 18, 2022                        Respectfully submitted,

                                                                */s/ Xingfei Luo*

---

[3] It is unnecessary for Plaintiff to address Defendant's allegations of her litigation conduct not before this court. This court should be mindful the defense counsel of Plaintiff's other lawsuits acted the same vicious way as the defendant here. This court has full knowledge of Plaintiff's conduct in this lawsuit, compared to defendant.

## DECLARATION OF XINGFEI LUO

I, Xingfei Luo, declare and state:

1.   I am the plaintiff in this case. I have personal knowledge of the facts in this declaration. If called on to testify, I could and would competently do so under oath.

2.   PAUL WANG (WANG) came to the U.S. as an international student. Prior to Wang's first marriage he did not date any obese women. However, Wang's first wife is not only obese but also six years older than Wang. Oddly, Wang's second wife is a complete opposite to his first wife, neither obese nor older. It is not difficult to believe Wang married his first wife for immigration benefit. Despite Wang's own immigration fraud and the fact that I am a legal resident in the U.S., through his counsel, Wang fabricated that I would need marriage to stay in this country and posted a man's nude photos after being rejected for marriage. A true and correct copy of the transcript is attached hereto as Exhibit 6.

3.   Despite I never took down any webpage related to Wang, through his counsel, Wang fabricated that I took down a website upon his counsel's request. If Wang truly wants to find out who is the author of a website he should have subpoenaed the website hosting company in 2021 but instead he waited almost two years and now wants to search all my private cell phone data. The vicious purpose is so visible to know. A true and correct copy of the transcript is attached hereto as Exhibit 6.

4.   Right after defendant's first rule 11 motion was denied, he sent me and my prior counsel his second rule 11 motion on July 12, 2022.

5.   When the birth date of Wang's daughter is critical evidence as to when he posted his online statement alleging I committed insurance fraud, he initially lied to the court during the Aug 24, 2022 status conference that his daughter was born in September 2019. Upon my request and the court's further inquiry, Wang finally disclosed his daughter was in fact born on December 3rd, 2019.

6.   I independently drafted and authored all court filings signed by myself.

I declare under penalty of perjury, that the foregoing is true and correct.

Dated: Sep 18, 2022

*/s/ Xingfei Luo*

10

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. Users registered with CM/ECF system will receive notification of such filing electronically.

Dated: Sep 18, 2022

*/s/Xingfei Luo*

EXHIBIT 1

**Claims Administration Office for Stonebridge Casualty Insurance**
Travelex Claims
4600 Witmer Industrial Estates, Suite 6
Niagara Falls, NY 14305
Telephone: 1-855-876-3447  Fax: 877-367-2496

TRIP INTERRUPTION
NON MEDICAL CLAIM FORM

**Please Note:**  *Benefits under any coverage will not be paid for expenses reimbursed or services provided by any other source. Benefits cannot be duplicated under this Protection Plan.*

### PROOF OF CLAIM MUST BE SUBMITTED WITHIN 90 DAYS OF THE OCCURRENCE

| Part I | GENERAL INFORMATION |
|---|---|

Claimant's Name *(Last, First)*    *Claimant is Paul Wang*
WANG, PAUL

Cont. No./Booking No.
16641208

Date of Birth

Full Address
11505 E. Virginia Place, Aurora, CO 80012    *Paul Wang's residence in 2013.*

Home Phone No.
720 323 1113    *Same phone # as Dkt. 28*

Business Phone No.

Full name of all persons claiming / Ages / Relationship to Claimant / Policy No.
1) N/A
2)
3)
4)

Tour Operator's Name (e.g. Cruise Line, Airline, etc)
Cheap Oair

Travel Suppliers Name
Cheap O air

Telephone No.

Travel Supplier's Address
135 W 50th Street, Suite 500, New York, NY 10020

| Date Initial Deposit Paid for Trip | Date of Final Payment for Trip | Departure Date | Scheduled Return Date | Actual Return Date |
|---|---|---|---|---|
| 06/17/2013 | 06/17/2013 | 07/03/2013 | 09/11/2013 | |
| *(MM / DD / YY)* | *(MM / DD / YY)* | *(MM / DD / YY)* | *(MM / DD / YY)* | *(MM / DD / YY)* |

Departure City    Hong Kong, China

Destination *(City, Country)*    Denver, USA

| Part II | EXPLANATION OF LOSS |
|---|---|

Type of claim  ☐ Cancellation   ☒ Interruption

Reason for cancellation/interruption/delay
Passport lost/stolen

| Total Amount of Claim (in US $) | Tour Cost Per Person (in US $) | Cruise Cost Per Person (in US $) | Air Fare Per Person (in US $) |
|---|---|---|---|
| 1364 00 | 1364.00 | N/A | 1364.00 |

Date trip was cancelled, interrupted or delayed
08/31/2013
*(MM / DD / YY)*

Length of delay (hours, days)
N/A

Did you receive a refund from the Travel Agent/Tour Operator after cancellation?  ☐ Yes ☒ No

If Yes, please indicate amount
N/A

**For Trip Interruption, please indicate any additional transportation cost incurred**

| Type of Expense | Date incurred *(MM / DD / YY)* | Amount |
|---|---|---|
| 1) N/A | | |
| 2) | | |
| 3) | | |

Please enclose the original receipts for the above claimed expenses

**IMPORTANT – CLAIM CANNOT BE PROCESSED IF THIS FORM IS INCOMPLETE. PLEASE COMPLETE ALL APPLICABLE AREAS.**

## EXPLANATION OF LOSS CONTINUED

| Scheduled number of nights on Trip | Number of nights missed due to Interruption | Was the Interruption caused by the Common Carrier? (i.e. Airline, Cruise Line, etc) ☐ Yes ☒ No | If Yes, was any compensation received? ☐ Yes ☐ No |
|---|---|---|---|
| N/A | N/A | | |

| If Yes, please explain or indicate amount (in US $) | Name of Airline on which you returned home or rejoined Trip |
|---|---|
| N/A | |

| Point of departure | Destination |
|---|---|
| Denver, CO, USA | Hong Kong, China |

| Date returned home or rejoined Trip | Was this the lowest fare available? | Was a substitute flight provided by the Tour Operator/Airline? | Did you receive a credit for future travel? |
|---|---|---|---|
| N/A _(MM / DD / YY)_ | ☐ Yes ☐ No | ☐ Yes ☐ No | ☐ Yes ☐ No |

| Is the original unused return ticket enclosed? ☒ Yes ☐ No | If Not, Please Explain N/A |
|---|---|

IF THE INTERRUPTION WAS CAUSED BY THE COMMON CARRIER, PLEASE ATTACH WRITTEN NOTIFICATION FROM THE COMMON CARRIER REGARDING CANCELLATION OR PROVIDE DETAILS REGARDING DELAY AND TIMES.

### Part III          OTHER COVERAGE

| Did you purchase any portion of your trip on a Credit Card? ☒ Yes ☐ No | If Yes, name and type of Credit Card (e.g. Visa Gold card) Chase Sapphire |
|---|---|

| Do you have any other Insurance Coverage/Plans? (e.g. Travel, Credit Cards, etc) ☐ Yes ☒ No | Has your loss been reported to any other Insurance Company? ☐ Yes ☒ No | If Yes, which Company? N/A |
|---|---|---|

| 1) Name of Insurance Company | Policy No. | Telephone No. |
|---|---|---|
| | | |
| Address of Insurance Company | | |

| 2) Name of Insurance Company | Policy No. | Telephone No. |
|---|---|---|
| | | |
| Address of Insurance Company | | |

**I DECLARE THAT THE ABOVE INFORMATION IS TRUE, COMPLETE AND CORRECT.**
*I/We authorize any other insurance plan, under which I/We have coverage, to disclose information as may be necessary or to make payment in respect of my/our claim to Stonebridge Casualty Insurance Company directly. I/We also authorize Stonebridge Casualty Insurance Company to disclose to any other Plan, under which I/We have coverage, any and all information as may be necessary with respect to my/our claim.*

Signature of Insured/Claimant          **Same signature as Dkt. 28**          Date  9/2/2013  ( MM / DD / YY )

Signature of Insured/Claimant                    Date          ( MM / DD / YY )

| Payment Due Date | New Balance | Past Due Amount | Minimum Payment | or | Blueprint Payment |
|---|---|---|---|---|---|
| 08/01/13 | $1,905.64 | $25.00 | $84.00 | | $123.86 |

Account number: ████ 6643

$ _____ •

Make your check payable to:
Chase Card Services.
Please write amount enclosed.
New address or e-mail? Print on back.

▌▌▌▌▌▌█▌▌▌▌4300008400001905640001238600000000

33847 0EX Z 18513 D
PAUL M WANG
11605 E VIRGINIA PL
AURORA CO 80012-2257

**Paul Wang's residence in 2013**

▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL  60094-4014

5000160 28    ████████ 66436

# CHASE ⬡
## SAPPHIRE℠

Manage your account online:
www.chase.com

Customer Service
1-800-493-3319

Additional contact
information on back →

## ACCOUNT SUMMARY

Account Number: 4147 2021 1930 6643

| | |
|---|---|
| Previous Balance | $313.90 |
| Payment, Credits | $0.00 |
| Purchases | +$1,551.63 |
| Cash Advances | $0.00 |
| Balance Transfers | $0.00 |
| Fees Charged | +$25.00 |
| Interest Charged | +$15.11 |
| New Balance | $1,905.64 |

Opening/Closing Date   06/05/13 - 07/04/13

| | |
|---|---|
| Credit Access Line | $18,700 |
| Available Credit | $0 |
| Cash Access Line | $3,740 |
| Available for Cash | $0 |

## PAYMENT INFORMATION

| | |
|---|---|
| New Balance | $1,905.64 |
| Payment Due Date | 08/01/13 |
| Minimum Payment Due | $59.00 |
| Past Due Amount | $25.00 |
| Total Minimum Payment Due | $84.00 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00 and your APR's will be subject to increase to a maximum Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 10 years | $3,462 |
| $66 | 3 years | $2,390 (Savings=$1,072) |

If you would like information about credit counseling services, call 1-866-797-2885.

**Please pay the Minimum Payment shown at the top of this statement.** It includes any past due and amounts over the credit access line.  The minimum payments used to calculate the estimates shown in the above table do not include past due or amounts over the credit access line.

## ULTIMATE REWARDS® SUMMARY

| | |
|---|---|
| Previous points balance | 321 |
| + 1 Point per $1 on all other purchases | 1,552 |
| + 1 Point per $1 earned on dining | 67 |
| + Bonus points on Ultimate Rewards Travel | 0 |
| + Points transferred to another account | -321 |
| = Total points available for redemption | 1,619 |

Start redeeming today. Visit Ultimate Rewards® at www.ultimaterewards.com

As a Chase Sapphire customer you earn 1 point per dollar on all purchases, and an additional point for each dollar you spend when dining at restaurants. Plus, you earn an additional point per dollar spent when you book airfare and hotel accommodations online through Ultimate Rewards®. Learn more about your card benefits at www.chase.com/ultimaterewards

## BLUEPRINT SUMMARY

Here is a summary of your plan totals for this month:

| | Full Pay | Split | Finish It |
|---|---|---|---|
| | ☑ | | |
| | $66.94 | For details go to www.chase.com/blueprint | For details go to www.chase.com/blueprint |

BLUEPRINT
Payment        $123.86

NOTE:  Pay this amount to stay on track with your Blueprint plan(s). This amount includes your minimum payment due, so only one payment is needed.

See the BLUEPRINT Feature Activity section of this statement for more details on this month's activity.

**This Statement is a Facsimile - Not an original**

0000001  FIS33338 D 13          000  N Z  04  13/07/04     Page 1 of 3          06530  MA MA  33847    18510000130003384701
X 0419

Statement Date:   06/05/13 - 07/04/13
Account Number:   4147 2021 1930 6643
Page 2 of 3
OVER

## ACCOUNT ACTIVITY

*Paul Wang's credit card statement. In June 2013 Plaintiff was not in the U.S.*

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| | **PURCHASES** | |
| 06/03 | IKEA CENTENNIAL CENTENNIAL CO | 8.83 |
| 06/02 | THE HOME DEPOT 1501 AURORA CO | 53.31 |
| 06/05 | BROCK & COMPANY - 352 MALVERN PA | 3.42 |
| 06/03 | HARBOR FREIGHT TOOLS 59 AURORA CO | 32.38 |
| 06/15 | SUSHI KATSU GREENWOOD VLG CO | 29.69 |
| 06/19 | CHEAPOAIR.COM AIR 888-793-4229 NY | 62.00 |
| 06/18 | AMERICAN AI 0017287055136 NEW YORK NY | 1,337.00 |
| | 070313 1 N     HKG     NRT | |
| | 2 N     NRT     LAX | |
| | 3 NX     LAX     DEN | |
| | 4 NO     DEN     ORD | |
| 06/22 | SUSHI KATSU GREENWOOD VLG CO | 25.00 |
| | **FEES CHARGED** | |
| 07/01 | LATE FEE | 25.00 |
| | TOTAL FEES FOR THIS PERIOD | $25.00 |
| | **INTEREST CHARGED** | |
| 07/04 | PURCHASE INTEREST CHARGE | 15.11 |
| | TOTAL INTEREST FOR THIS PERIOD | $15.11 |

*$62 paid for insurance. $1337 paid for air tickets. All was paid by Paul Wang.*

| 2013 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2013 | $25.00 |
| Total interest charged in 2013 | $15.11 |

Year-to-date totals reflect all charges minus any refunds applied to your account.

## INTEREST CHARGES

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Balance Type | Annual Percentage Rate (APR) | Balance Subject To Interest Rate | Interest Charges |
|---|---|---|---|
| **PURCHASES** | | | |
| Purchases | 15.24% (v) | $1,206.28 | $15.11 |
| **CASH ADVANCES** | | | |
| Cash Advances | 19.24% (v) | -0- | -0- |
| **BALANCE TRANSFERS** | | | |
| Balance Transfer | 15.24% (v) | -0- | -0- |

(v) = Variable Rate                                                    30 Days in Billing Period

Please see Information About Your Account section for the Calculation of Balance Subject to Interest Rate, Annual Renewal Notice, How to Avoid Interest on Purchases, and other important information, as applicable.

## BLUEPRINT FEATURE ACTIVITY

 **Full Pay**                          **Full Pay Payment Due:  $66.94**

Below is your spending in your Full Pay categories.  You can avoid interest when you pay these purchases in full each month, even when you carry a balance.  Remember, you can change your categories any time.

| Full Pay Category | Category Spending | Number of Transactions |
|---|---|---|
| Restaurants | $66.94 | 4 |
| Departm't/Clothing Store | $0.00 | 0 |
| Drugstores | $0.00 | 0 |
| Entertainment | $0.00 | 0 |
| Gas Stations | $0.00 | 0 |
| Grocery Stores | $0.00 | 0 |
| Health Club/Memberships | $0.00 | 0 |
| Dry Cleaner/Laundromats | $0.00 | 0 |
| Office Supply Stores | $0.00 | 0 |
| Salon/Beauty Supply | $0.00 | 0 |
| Transit | $0.00 | 0 |
| Utilities | $0.00 | 0 |
| Wholesale/Discount Club | $0.00 | 0 |
| All Blink Purchases | $0.00 | 0 |
| **Total** | **$66.94** | |

EXHIBIT 2



3/10/22, 9:21 AM                                                              ORIS - PROD

ORIS - PROD - Version 4.1.0.38439                                                                                          RPOLICELLI

| Home | Organization | Policy | Claims | Reports | Accounting | Activities | Utilities |      |      | Log Out |

Claim: 201A713842-1    Policy: 201A713842                    Return        Connections:   201A713842-1 ▢ / CLOSED / Trip Interruption ⌄

| Insured: ▢ | Opened: | jbotelho (09/06/2013) | Travel Dates: | 07/03/2013 - 09/12/2013 | Branch: | FAREPORTAL INC (32-0493) | |
| Plan: | 201A - cheapOair Base (TXS-cOaBase) | Closed: | dmcnally (09/17/2013) | Application Date: | 06/18/2013 | Reserve Available: | 0.00 | |
| Benefit: | Trip Interruption (TI) | Loss Date: | 08/31/2013 | Effective Date: | 06/19/2013 | EOC Num: | 201A-0112 | Admin Overview: Not Available |

### View

Claim Info

Policy Connections (0)

**Activities (17) »**

Documents (11)

Tasks (0/3)

Notes (0)

Workflows (0)

Policy Summary

Events (9)

Payees (0)

### Actions

| Change Status |
| Add Payment |
| Add Recovery |
| Authorize Payments (0) |
| Delete Claim |

### Activities

Ref Num: (all) ⌄    Activity Type: (all) ⌄                                                    Add Activity

| I | Created | Context | Ref Num | Acty Type | Title | Details | Email Subject | Email To | Email Body | Document(s) | Operator | Actions |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12/15/2021 01:10 PM | Claim | 201A713842-1 | Miscellaneous | Miscellaneous | Documents from file have been uploaded. | | | | Copy of RA Sheets & Notes from Examiner (394883).pdf IINM Form (394884).pdf Email from Mukesh Thakur (394885).pdf Emails from Paul Wang (394886).pdf CC Statement (394887).pdf Police Report (394888).pdf | Sarah Williams | |
| | 12/15/2021 09:59 AM | Claim | 201A713842-1 | Review | Note to File | File retrieved from to storage. File contents to be scanned to ORIS and original file to be held in the office. No action needed regarding subpoena at until received. | | | | | Marnie English | |
| | 12/07/2021 01:18 PM | Claim | 201A713842-1 | Review | Note to File | Emailed management regarding possible subpoena. | | | | | Debbie McNally | |
| | 12/07/2021 01:11 PM | Claim | 201A713842-1 | Incoming Email | CL-Legal | Dec 7, 2021 Email from Paul Wang Hello Travelex, Please preserve all documents for Policy #: 201A713842 We will be sending subpoena for all documents and cashed check copies/information soon for a federal lawsuit. Thanks, | | | | FW Auto Reply RE EXTERNAL - Re Policy # 201A/13842 Correspondence Letter (Thread 807495) (393180).pdf | Cindy Dungavel | |

3/10/22, 9:21 AM                                                           ORIS - PROD

| | | | | | Paul _____ | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | show less | | | | | |
| 07/14/2021 11:23 AM | Claim | 201A713842-1 | Review | Note to File | Management has already been advised of the email received from Paul Wang. Transamerica is being contacted as per CT's activity below. Emailed CT to advise an email is now submitted from lawyer. | | | | | Debbie McNally |
| 07/14/2021 11:17 AM | Claim | 201A713842-1 | Incoming Email | CL-Legal | July 14, 2021<br>Email from Azizpour Donnelly, LLC | | | | FW EXTERNAL Legal Hold - Re Policy # 201A713842 (368161).pdf | Cindy Dungavel |
| 07/14/2021 11:16 AM | Policy | 201A713842 | Incoming Email | CL-Legal | From: Cassandra Timms<br>Sent: Wednesday, July 14, 2021 11:15 AM<br>To: Angela Madathil<br>Cc: TIS Reviews ; CC Supervisor<br>Subject: RE: [EXTERNAL]Policy #: 201A713842 Correspondence Letter – claims documentation request<br><br>Good morning Angela –<br><br>We are aware of an inquiry from an individual by the name of Paul Wang and his attorney. This is not the insured on this policy, so are unable to provide policy/claim details. We will be consulting Transamerica.<br><br>Thanks for providing the heads-up.<br><br>Cass<br><br>Cassandra Timms<br>Vice President | A&S Operations<br><br>T: 905.523.5936 x1353 | F: 866.551.1704 | TF: 800.465.0661 x1353<br>ctimms@orican.com<br>Old Republic Canada | Old Republic Insurance Group<br>100 King St W., Hamilton, ON L8N 3K9<br>www.orican.com<br>show less | | | | RE EXTERNALPolicy # 201A713842 Correspondence Letter – claims documentation request (368154).msg | Brenda Lupton |
| 03/12/2021 04:36 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Insured's friend called to ask about status of claim. He asked if payment was issued. Explained that yes, however I cannot release details as I can only provide to insured directly. He advised that this person has filed lawsuit against him. Apologized but advised legally without written auth I cannot provide at this time. He wanted me to note that they may have to subpoena records for lawsuits. Advised would note file.<br>show less | | | | | Melissa Charko |
| 09/18/2013 06:02 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Insured boyfriend called for status. I adv check issued Sept 17th .He insisted on the amount.I adv to have the insured contact us. | | | | | Emmanuel Kimenyi |

3/10/22, 9:21 AM                                                           ORIS - PROD

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/17/2013 11:02 AM | Claim | 201A713842-1 | Incoming Mail | CL-Insured | Sept 17, 2013<br>Note from Mukesh Thakur | | | | | Cindy Dungavel |
| 09/17/2013 08:32 AM | Claim | 201A713842-1 | Review | File to Checking | TICKET COST IS $1346.00. INSURANCE IS NON-REF.<br><br>UNUSED RETURN TICKET IS $673.00.<br><br>ALSO - POLICY IS FOR XINGFEI LUO. ALL DOCS ON FILE RELATE TO THIS PERSON. PAYMENT IS TO THE INSURED. THERE IS NO AUTH ON FILE TO PAY A THIRD PARTY.<br>show less | | | | | Debbie McNally |
| 09/12/2013 08:40 AM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 11, 2013<br>Note from Paul Wang<br>CC Stat ement | | | | | Cindy Dungavel |
| 09/11/2013 02:34 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Paul called to check status. Advised requesting POP. He advised insured hasnt returned home and has cancelled return ticket.<br><br>Emailed correspondence to: student007@hotmail.com | | | | | Maja Dodik |
| 09/10/2013 01:39 PM | Claim | 201A713842-1 | Outgoing Letter | CL-Insured | requesting proof of payment for TINM -- if insured incurred a change fee as passport was stolen. No pop on file. Just police report.<br><br>emailed fareportal<br><br>file to pending. | | | Correspondence Merge(LTR001 - Blank with Tokens)-ENGLISH.docx | | Brittany Bienker |
| 09/06/2013 03:43 PM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 5, 2013<br>Email from Insured<br>TINM Form<br>Police Report<br>Email from Insured<br>Email from CheapOair | | | | | Jennifer Botelho |
| 09/04/2013 04:52 PM | Policy | 201A713842 | Incoming Call | CL-Insured | Insured called with general process questions - advised. Advised claim forms sent by e-mail not yet registered. | | | | | Robert Steele |
| 09/03/2013 03:40 PM | Policy | 201A713842 | Outgoing Email | CL-Claim Form Sent | Claim initiated. Paul requested TINM emailed to: student007@hotmail.com. He advised passport was stolen. Advised of report. | | | Correspondence Merge(FORM-PKG010A-Trip Interruption Non-Medical)-ENGLISH.docx | | Maja Dodik |

EXHIBIT 3

201A713842

**Shelly Fozard**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Thursday, September 05, 2013 5:28 PM |
| **To:** | Shelly Fozard; Cindy Dungavel |
| **Subject:** | FW: CheapOair.com Booking # 16641208 |

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Thursday, September 05, 2013 5:24 PM
**To:** TravelexClaims
**Subject:** Fwd: CheapOair.com Booking # 16641208

This is regarding the claim for booking number 16681208. The attached email is from cheapoair confirming the cancellation of reservation.

Paul

Sent from my Samsung Galaxy Note® II

-------- Original message --------
From: cheapoair@cheapoair.com
Date: 09/05/2013 3:20 PM (GMT-07:00)
To: stealthzeus@gmail.com
Subject: CheapOair.com Booking # 16641208

Dear ███████

Thank you for choosing CheapOair.com.

This is in reference to booking #16641208
As per our telephone conversation, we would like to reconfirm the following details:
The ticket you have purchased is non-refundable but can be changed with a penalty of $103.00 plus difference in fare if any. The Changes have to be made prior to the departure date.  We have cancelled the return reservation as per your request.
Please reply to this email to confirm this conversation.

Thank You,
CheapOair.com

**Shelly Fozard**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Wednesday, September 04, 2013 4:29 PM |
| **To:** | Shelly Fozard |
| **Cc:** | Cindy Dungavel |
| **Subject:** | FW: Booking Number 16641208 Trip Interruption Claim |
| **Attachments:** | OpheliaClaim023.pdf |

**From:** Paul Wang [mailto:student007@hotmail.com]
**Sent:** Wednesday, September 04, 2013 4:25 PM
**To:** TravelexClaims; Me Haha
**Subject:** Booking Number 16641208 Trip Interruption Claim

Hi,

I am claiming trip interruption for booking number 16641208 due to theft of passport.
Please find the form and police report attached. Please let me know what else we need to provide.

Thank you.

Paul

EXHIBIT 4

201A713842

**Cindy Dungavel**

| From: | TravelexClaims |
| Sent: | Wednesday, September 11, 2013 3:46 PM |
| To: | Shelly Fozard; Cindy Dungavel |
| Subject: | FW: Credit card statement |
| Attachments: | creditcard.pdf |

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Wednesday, September 11, 2013 2:59 PM
**To:** TravelexClaims
**Subject:** Fwd: Credit card statement

Hi, this is regarding booking number 16641208. In the attached statement there are two transactions. One for the tickets, $1337, the other for the insurance $62.

Paul

Sent from my Samsung Galaxy Note® II

1

EXHIBIT 5

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado

| | |
|---|---|
| Xingfei Luo | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:20-cv-02765-RMR-MEH |
| Paul Wang | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          JPMorgan Chase Bank, N.A.
          c/o CT Corporation Systems (700 Kansas Lane, Mail Code LA4-7300, Monroe, LA 71203)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents, communications or other tangible things related to the check #4410030999 issued on Sep 17, 2013 by Stonebridge Casualty Insurance Company Claims Administration Office (4600 Witmer Industrial Estates, Suite 6, Niagara Falls, NY 14305.)

| Place: Electronic service is required to co20_2765@mail.com | Date and Time: |
|---|---|
| | 10/11/2022 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/19/2022

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Xingfei Luo
_____, who issues or requests this subpoena, are:

PO BOX 4886, El Monte, CA 91734; co20_2765@mail.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 6

1              THE COURT:  So all that means is that you were

2  permitted to create a record --

3              MS. DONNELLY:  Yes.

4              THE COURT:  -- of asking for it.

5              MS. DONNELLY:  I'm just putting it in context,

6  Your Honor.

7              THE COURT:  Okay.

8              MS. DONNELLY:  Yes.  There is no allegation that

9  there was an order or any violation of an order.

10             The point is that she has been -- she has this

11  pattern of having created websites about the guys that she

12  got mad at since 2013.  She posts, she obtains information

13  from them, including sensitive information such as photos,

14  including nude photos, and she posted them online.  If the

15  Court recalls, she was prosecuted and convicted for one of

16  them in California, a few months ago, same pattern.

17             THE COURT:  All right.  What --

18             MS. DONNELLY:  She goes out, she makes claims.

19  The guy says, no, I'm not going to marry you so you can stay

20  here in this country.  She goes out and posts --

21             THE COURT:  I understand.  What --

22             MS. DONNELLY:  -- naked photos.

23             THE COURT:  -- your allegation is.

24             MS. DONNELLY:  We provided similar information

25  about a website that she created about Mr. Wang.  There were

1   similarly photos in very sensitive context that she posted

2   online.  She took it down the day after I made a request in

3   this classroom.  Now she, in her response to discovery, she

4   claims that she was not the author of the website, of that

5   blog, that she never created it.

6          So we are going to have to go and subpoena that

7   information, subpoena the information from the Sheriff's

8   Office that has the information from her phone during a

9   similar period of time where she has created all these

10  things.  We asked for the username for the profile

11  information for all of these websites, including the one that

12  she has admitted she created.  To this day, she has not

13  produced a single username, single profile, as to what she

14  used to create these things.

15         So denial, denial, denial, and we have no way to

16  get information other than from third parties at this point,

17  which is going to, as the Court knows, is going to be the

18  costly process of multiple subpoenas and motions to squash.

19  Because I cannot imagine that our friend here would not be

20  moving to quash our subpoenas.

21         THE COURT:  But what is your request?

22         MS. DONNELLY:  My request is to stay until at

23  least the motion to dismiss on the Rule 11 are decided.  I

24  understand that the Court is not in a position, and based on

25  the relationship it appears that, you know, there's an