IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

## ORDER

Pending before the Court are Plaintiff Xingfei Luo's Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, ECF No. 193, and Plaintiff's Emergency Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, ECF No. 194. For the reasons stated below, Plaintiff's Motions to Quash, ECF Nos. 193–94, are DENIED.

### I.    ANALYSIS

Plaintiff's Motions to Quash are largely identical, so the Court will consider them together. Plaintiff raises arguments regarding the relevance, proportionality, and inconvenience or undue burden of the subpoena at issue, "which is propounded to Los Angeles County Sheriff's Department (LASD)," ECF No. 194, including vague arguments regarding Plaintiff's privacy rights. However, "[t]he general rule is that a party has no

standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought. A party also may move to quash a subpoena upon a showing that there is a privacy interest applicable. Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum." *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) (Borchers, Mag. J.) (internal citations omitted); *see also Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 174.51.234.104*, No. 13-cv-00307-WYD-MEH, 2013 WL 3753436, at *2 (D. Colo. July 14, 2013) (Hegarty, Mag. J.) ("[E]ven where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden.").[1] The Court therefore finds that Plaintiff lacks standing to bring any of her arguments not related to a claim of privilege or some other privacy interest.

Regarding Plaintiff's arguments that she has a privacy interest in quashing the subpoena or that the information that is the subject of the subpoena is subject to attorney-client privilege, her arguments are vague and conclusory, and the Court therefore rejects them. *See* ECF No. 194 at 3 ("A subpoena cannot compel production of information of communications covered by a legal privilege, such as attorney-client privilege, joint defense privilege, or other statutory or common law privileges, or which constitute protected work product. . . . [The subpoena] also seeks the disclosure of privileged and

---

[1] The Court notes that the case law cited in Defendant's Response is from outside of this District and, largely, from outside of the Tenth Circuit. *See* ECF No. 203 at 2–4. The Court reminds the parties that the federal law of the Tenth Circuit Court of Appeals and this District governs the procedural disputes before this Court, including disputes like these motions to quash. *See, e.g., Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 683 (10th Cir. 2007) ("In cases involving state-law claims, a federal court applies the substantive law of the state, but applies federal procedural law."). The Court therefore directs the parties to cite to case law from the appropriate jurisdiction in future filings.

confidential information, including information is [sic] protected by court orders and Plaintiff's right of privacy it also seeks the disclosure of information that would violate the right of privacy of Plaintiff's family members, friends, and co-workers."); *see also* ECF No. 193 at 3–4 (same).  Further, even if the arguments were less vague and conclusory, the Court finds that Plaintiff's asserted privacy interests are sufficiently protected by the Protective Order in place in this case.  *See* ECF No. 134.

Plaintiff also argues that "[t]he subpoena seeks information protected from disclosure by California and/or federal statutes or privileges including (but not limited to) the official information privilege under Evidence Code section 1040 and Government Code section 6254, particularly subdivision (f)."  ECF No. 194 at 4.  However, Plaintiff has again not explained why she has standing to bring this argument or how the official information privilege under California law protects a privilege that is personal to her.  *See, e.g.*, *Curtis Park Grp., LLC v. Allied World Specialty Ins. Co.*, No. 20-cv-00552-CMA-NRN, 2021 WL 1022703, at *5 (D. Colo. Mar. 17, 2021) (Neureiter, Mag. J.) (quoting *Carbajal v. Serra*, No. 10-cv-02862-REB-KLM, 2012 WL 2215677, at *2 (D. Colo. June 15, 2021); *United States v. Gonzales*, No. 10-cr-00396-CMA, 2010 WL 3853324, at *2 (D. Colo. Sept. 8, 2010)) ("[A]n objecting party has standing to move to quash a subpoena issued to a nonparty if it 'claims some **personal** right or privilege with regard to the documents sought.' . . . 'A party only has standing to move to quash the subpoena issued to another

when the subpoena infringes upon the **movant's** legitimate interests.") (emphasis added).[2]  Therefore, the Court rejects this argument to quash the subpoena, as well.

Plaintiff filed her present motions to quash on September 12, 2022, ECF Nos. 193–94, and on September 15, 2022, Magistrate Judge Michael E. Hegarty ordered Defendant to respond to these motions by the close of business on September 16, 2022, ECF No. 198.  Defendant filed a Response to Motions to Quash Subpoena (Docs. 193 and 194) on September 17, 2022, following email communications with the Court regarding the briefing schedule.  ECF No. 203.  As of the date of this order, the parties have emailed the Court a flurry of argument regarding whether Plaintiff should be permitted to submit a reply brief.  The Court is in receipt of Plaintiff's Reply in Support of her Emergency Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, ECF No. 207, and need not address arguments regarding her ability to file that Reply.  However, none of the arguments raised or case law cited[3] in Plaintiff's Reply brief overcome the standing issues discussed above, and the Court accordingly DENIES Plaintiff's motions to quash, ECF Nos. 193–94.

---

[2] *See also* Cal. Evid. Code § 1040(b) ("A **public entity** has a privilege to refuse to disclose official information, and to prevent another from disclosing official information, if the privilege is claimed by a person authorized by the public entity to do so and either of the following apply: (1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state.  (2) Disclosure of the information is against the public interest . . . .") (emphasis added); Cal. Gov't Code § 6254(f) ("[T]his chapter does not require the disclosure of any of the following records . . . .  Records of complaints to, or investigations conducted by, or records of intelligence information or security procedures of . . . any state or local police agency, or any investigatory or security files compiled by any other state or local police agency, or any investigatory or security files compiled by any other state or local agency for correctional, law enforcement, or licensing purposes.").

[3] Similarly to Defendant's Response, Plaintiff's Reply brief cites to a flurry of case law from outside of this District and largely outside of the Tenth Circuit.  *See* ECF No. 207 at 1–4; *see supra* note 1.

## II.  CONCLUSION

For the reasons stated above, Plaintiff's Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, ECF No. 193, and Plaintiff's Emergency Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Act, ECF No. 194, are DENIED.

DATED:  September 19, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge