**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

**ORDER**

---

Pending before the Court are Plaintiff's Objections to Magistrate Judge Hegarty's September 14, 2022 Order Denying Plaintiff's Motion to Quash Subpoena to Testify at a Deposition and/or for a Protective Order (ECF 196) and Motion for a Protective Order, ECF No. 201. For the reasons stated below, Plaintiff's Objections, ECF No. 201, are OVERRULED, and Magistrate Judge Hegarty's Order, ECF No. 196, is AFFIRMED.

## I.     LEGAL STANDARD

Magistrate judges are authorized to hear and determine any non-dispositive matter referred to them. *Portley-El v. Milyard*, No. 06-cv-00146-PSF-MJW, 2006 WL 3371642, at *2 (D. Colo. Nov. 21, 2006) (Figa, J.); *see* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order will be deemed "clearly erroneous or contrary to law" only if the reviewing court, on the entire evidence, is left with the "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847

F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  The "contrary to law" standard permits "plenary review as to matters of law," but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly.  *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (Martínez, J.).

## II.   ANALYSIS

Plaintiff objects to Magistrate Judge Hegarty's September 14, 2022 Order, ECF No. 196, denying Plaintiff's Motion to Quash Subpoena to Testify at a Deposition in a Civil Action and/or for a Protective Order, ECF No. 192.  On August 24, 2022, Magistrate Judge Michael E. Hegarty had held a status conference, where an order was entered, and memorialized in the Minute Order from that conference, that "[t]he Plaintiff's deposition will take place in Courtroom A501 of the Alfred A. Arraj Courthouse on September 22, 2022, at 9:00 a.m."  ECF No. 182 at 2.  However, on September 12, 2022, Plaintiff filed her Motion to Quash that deposition.  ECF No. 192.  On September 14, 2022, Magistrate Judge Hegarty denied the Motion to Quash, stating that "Plaintiff's deposition is occurring pursuant to the Court's own order."  ECF No. 196.

Plaintiff now argues that Magistrate Judge Hegarty "clearly erred in several respects," namely, that there was not a valid Court order in place for Plaintiff to appear at the deposition; that Plaintiff should not be required to be deposed more than 1,000 miles away from her place of residence at her own expense; and that Magistrate Judge Hegarty

should have considered that Defendant already stipulated to pay Plaintiff's travel expenses. ECF No. 201 at 1–6.

First, Plaintiff's argument regarding whether there was a valid court order in place for Plaintiff to appear at a deposition were not raised in her initial Motion to Quash. *See* ECF No. 192 at 1–2. Therefore, any such argument not raised in her initial motion is arguably waived. *See, e.g.*, *Goad v. Town of Meeker*, 654 F. App'x 916, 920 (10th Cir. 2016) ("[E]ven for claims raised in the district court, a party waives a claim if he does not raise it in his opening brief—even if he later raises it in his reply brief."). Moreover, given that Plaintiff failed to raise these issues at the August 24 status conference and at that conference indicated her availability for a September 22, 2022 deposition in Denver, Plaintiff has also arguably waived her right to now contest her obligation to appear at that deposition. *See* ECF No. 201 at 2 ("Defense counsel answered she would like to take the deposition in the court house in Denver. . . . The Magistrate Judge therefore made inquiry about Plaintiff's availability and decided September 22, 2022 was mutually available.").

Second, Plaintiff's argument that she should not be required to be deposed more than 1,000 miles away from her place of residence at her own expense is spurious bordering on frivolous. First, Plaintiff chose to file her suit in Colorado and cannot be heard to complain about appearing here for her deposition once she has decided to avail herself of this jurisdiction. *See, e.g.*, *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987) ("The trial court has great discretion in establishing the time and place of a deposition."); *Doe v. McAfee*, No. 13-cv-01287-MSK-MJW, 2015 WL 4324547, at *7 (D.

Colo. July 16, 2015) (Krieger, J.) (finding that "the Magistrate Judge's decision requiring the Does to be deposed in Colorado is not clearly erroneous nor contrary to law" because "there is a general rule that the party noticing the deposition—in this case, the Defendants—is entitled to designate the location" and because although "the Court will usually require the deposing party to take the deposition in a location near where the deponent resides, . . . because the Plaintiff has greater influence over the choice of forum, courts are more willing to protect the defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs."). Additionally, as Plaintiff states herself, "defendant already acted in stipulating to bear Plaintiff's travel expenses." *See* ECF No. 201 at 3, 6. Given that Defendant has "stipulat[ed] to bear Plaintiff's travel expenses," *id.* at 3, it was Plaintiff who chose to avail herself of this jurisdiction, and Plaintiff has waived her arguments that the subpoena to testify at the deposition should be quashed, the Court finds that Plaintiff's objections to Magistrate Judge Hegarty's order denying the motion to quash should be overruled.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's Objections to Magistrate Judge Hegarty's September 14, 2022 Order Denying Plaintiff's Motion to Quash Subpoena to Testify at a Deposition and/or for a Protective Order (ECF 196) and Motion for a Protective Order,

ECF No. 201, are OVERRULED, and Magistrate Judge Hegarty's September 14, 2022 Minute Order, ECF No. 196, is AFFIRMED.

DATED: September 19, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge