UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*4:07 pm, Sep 19, 2022*
**JEFFREY P. COLWELL, CLERK**

### PLAINTIFF'S EMERGENCY MOTION TO STAY COMPLIANCE WITH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Plaintiff respectfully submits the following emergency motion to stay compliance with subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action directed to Los Angeles County Sheriff's Department.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff has conferred with Paul Wang (Defendant) and he has indicated he would oppose.

### ARGUMENT

Given the impending discovery obligations and this Court's decision to deny Plaintiff's motion to quash subpoena, ECF 208, Plaintiff has little choice but to seek a Petition for a Writ of Mandamus. In the absence of a stay, however, Plaintiff will be subject to the very discovery that she contends is unreasonable and intrusive in her motion. There is no justification for subjecting a litigant to potentially unlawful discovery before a writ mandamus that would eliminate the

occasion for that discovery which would clearly constitute severe prejudice that could not be remedied on appeal.

Whether to issue a stay is "an exercise of judicial discretion . . . to be guided by sound legal principles," *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (internal citations omitted), based on the following factors: (1) the applicant's likely success on the merits; (2) irreparable injury to the applicant absent a stay; (3) substantial injury to the other parties; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Each of these factors weighs in favor of a stay of the litigation pending resolution of a petition for a writ of mandamus.

With respect to the first factor, the arguments set out in Plaintiff's reply show that Plaintiff has a strong likelihood of success in obtaining mandamus to prevent the intrusive discovery, sought by Defendant. ECF 207. The other stay factors are readily satisfied as a stay of the discovery order during the pendency of Plaintiff's Petition for a Writ of Mandamus is not likely to appreciably harm Defendant who waited years to issue his subpoena. The public interest strongly favors a stay, because absent such relief Plaintiff would be subject to unwarranted and intrusive discovery.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully request that this Court stay the compliance with Defendant's subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action dated on September 4, 2022 in its entirety and allow Plaintiff to file a Petition for a Writ of Mandamus within 14 days.

Dated: September 19, 2022             Respectfully submitted,

                                      */s/ Xingfei Luo*

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. Parties registered with the CM/ECF system will be notified of such filing through CM/ECF system.

Dated: September 19, 2022

                                                      */s/ Xingfei Luo*