**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

XINGFEI LUO,
  Plaintiff,

v.

PAUL WANG,
  Defendant.

Case No. 1:20-cv-02765-RMR-MEH

**Objection to Plaintiff's Amended Motion to Restrict and Redact**

Eugene Volokh objects, under D.C.COLO.LCivR 7.2(d), to plaintiff's Amended Motion to Restrict and Redact (No. 206). The motion was posted to this Court's website on Sept. 20, 2022, see https://www.cod.uscourts.gov/Seal.aspx?FileID=4112, so this objection is timely.

**I.    Volokh is entitled to object**

This Court granted Volokh's "request to intervene in this matter solely to challenge the restriction of documents," ECF No. 143, at 2. The District Court treated this intervention as extending to challenges to restrictions of documents generally, and not just to restrictions of the documents that Volokh initially sought to access. ECF No. 173 (granting in part Volokh's follow-up motion to unrestrict ECF No. 165).

Indeed, Volokh noted in his follow-up motion to unrestrict (ECF No. 166, at 1) that, "[i]f . . . this Court wishes to see a separate motion to re-intervene to challenge the restriction of this new document (Order, ECF No. 165), Volokh would be happy to file such a motion." But the District Court apparently did not see a need for such a separate motion, presumably because it viewed Volokh as already being an intervenor as to all document restriction questions in this case.

But in any event, whether or not Volokh is treated as intervenor, "Any person may file an objection to the motion to restrict no later than three court business days after posting." D.C.COLO.LCivR 7.2(d). That includes Volokh no less than any other member of the public. (The

reason Volokh had originally moved to intervene, ECF No. 116, was that he wanted to unrestrict already restricted documents, and not just file objections such as this one.)

## II. Plaintiff's motion to restrict and redact should be denied, because the information she seeks to exclude is already in the public record

When this court redacted the names of some of Luo's past cases from the published version of its Nov. 8, 2021 order (ECF No. 151-4), it was likely not clear that Luo's connection to all those cases could be determined from public record documents. It is, however, clear now.

### A. Information drawn from the public record should not be sealed

When information is already "publicly available" in court filings, it "should not be sealed." *MusclePharm Corp. v. Liberty Ins. Underwriters, Inc.*, 712 F. App'x 745, 759 (10th Cir. 2017). When "much of the information" that a party seeks to seal "appears to have been disclosed previously in . . . public . . . court proceedings," that "further undermin[es] her privacy concerns." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *see also United States v. Walker*, 761 F. App'x 822, 834 (10th Cir. 2019) (holding that, where material to be sealed "has already been disclosed in a public proceeding, a party's personal interest in sealing the material is diminished").

> The cat has already been let out of the bag. *Cf. Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) ("Once the cat is out of the bag, the ball game is over."). After-the-fact sealing should not generally be permitted. *See id.* at 144 ("But however confidential it may have been beforehand, subsequent to publication it was confidential no longer . . . . We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again."). Matters already made public "'will not be sealed after the fact absent extraordinary circumstances.'"

*Gunn v. WCA Logistics, LLC*, No. 13-CV-02197-WJM-MEH, 2016 WL 7868827, *1 (D. Colo. Jan. 12, 2016) (some citations omitted). Likewise, when "disclosure, even if inadvertent, has caused such a lack of confidentiality that no meaningful confidentiality can be restored," "the cat is out of the bag and getting it back in would be a monumental task." *Catholic Health Initiatives Physician Servs., LLC v. Medsynergies, LLC*, No. 18-CV-00160-MEH, 2019 WL 13089594, *7

(D. Colo. Feb. 19, 2019).

Other circuits take the same view. "In the context of publicly available documents, those *already* belong to the people, and a judge cannot seal public documents merely because a party seeks to add them to the judicial record. We require information that would normally be private to become public by entering the judicial record. How perverse it would be to say that what was once public must become private—simply because it was placed in the courts that belong to the public." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022) (using this reasoning to reject sealing of such publicly available information in a court record. "[A] party should not seek to seal information that is already public." *OJ Com., LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1241 (11th Cir. 2022). Indeed, denials of motions to seal are immediately appealable precisely because, "once the parties' confidential information is made publicly available, it cannot be made secret again." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013).

**B.  Information linking Luo to her past cases is a matter of public record**

Luo's past cases are already connected to Luo's identity in public records.

**1.** That Luo is also the plaintiff in *Doe v. Weamer*, *Doe v. City of Concord*, *Doe v. Newsom*, and *Doe v. County of Orange* is disclosed by the opinion in *Luo v. County of Los Angeles*, No. 20STCP03258, at 4 (Cal. Super. Ct. L.A. County Jan. 20, 2022):[1]

> Petitioner's other lawsuits include: (1) *Jane Doe v. Paul Wang*, USDC for the District of Colorado Case No. 1:20-cv-(withheld)-RBJ-MEH; (2) *Doe v. Weamer*, Contra Costa County Case No. C20-(withheld); (3) *Jane Doe v. City of Concord*, et al., USDC Northern District of California, Case No. CV20-(withheld); (4) *Jane Doe v. Newsom, et al.*, USDC Central District of California, Case No. 2:20-cv-(withheld)-JAK(PVCx); (5) *Jane Doe v. County of Orange, et al.*, USDC Central District of California, Case No. SACV20-(withheld)-ODX(DJW).

---

[1] See Attachment A, or https://unicourt.com/case/ca-la23-jane-doe-vs-county-of-los-angeles-et-al-600403.

Despite the withholding of the case numbers, the actual case numbers can easily be found through suitable searches through online records. Volokh Decl. ¶ 1. That Weamer is represented by Dawn Ceizler (an item that the amended motion to restrict and redact assiduously seeks to conceal) is also evident from the *Weamer* docket.[2] Luo is indeed trying to undertake the "monumental task" of "getting [the cat] back in [the bag]" as to the *Luo v. County of Los Angeles* opinion (see *Catholic Health Initiatives Physician Servs., supra*): She recently tried to get this opinion sealed, but the attempt was denied. See Attachment F (Notice of Ruling, *Luo v. County of Los Angeles*, *supra*, at 2 ¶ 2 (Sept. 7, 2022)) (also available through the L.A. Superior Court online record system).

**2.** That *O.L. v. City of El Monte* (on appeal, *O.L. v. Jara*, 2022 WL 1499656 (9th Cir. May 12, 2022)), *Doe v. Newsom*, *Doe v. County of Orange*, *Doe v. Weamer*, and *Doe v. City of Concord* share the same plaintiff (who, as item 1 makes clear, is Luo) is made clear by Luo's Reply to Opposition to Plaintiff's Request to Proceed Under a Pseudonym at 3, *Doe v. City of Concord*, No. 3:20-cv-02432 (N.D. Cal. Sept. 10, 2020):[3]

> IV. Plaintiff has obtained court approval to proceed under a pseudonym for the following pending lawsuits
> Case 2:20-cv-00797-RGK-JDE O.L. v. City of El Monte et al
> Case 2:20-cv-04525-JAK-PVC Jane Doe v. Gavin Newsom et al
> Case 8:20-cv-00322-ODW-GJS Jane Doe v. County of Orange et al
> Case C20-00827 Doe v. Edward Weamer

Luo herself filed this, so it is especially clear that "any claim to confidentiality has been waived" as to the connections she disclosed in that document. *See Gunn*, *supra*, 2016 WL 7868827, at *1.

**3.** Luo has also disclosed that she is the plaintiff in *O.L. v. City of El Monte*, *Doe v. Newsom*, *Doe v. County of Orange*, and *Doe v. City of Concord* by attaching orders from those cases to the

---

[2] See Attachment E, or https://trellis.law/case/CIVMSC20-00827/DOE-VS-WEAMER.

[3] See Attachment B, or https://storage.courtlistener.com/recap/gov.uscourts.cand.358190/gov.uscourts.cand.358190.31.0.pdf.

publicly filed Request for Civil Harassment Restraining Order in *Doe v. Voloky* [*sic*], No. 22STRO04352, at 13, 15, 17, 18, 28 (Cal. Super. Ct. L.A. County Super. Ct. July 18, 2022) (PDF page numbers).[4] That request was an unsuccessful attempt to get a court to order Volokh to remove references to Luo from a published law review article that discusses this case, *id.* at 11-12. Here too Luo is trying to get the cat back in the bag—she is currently seeking to strike the material from that Request (and objector is opposing this), but she has had no success so far. Volokh Decl. ¶ 2.

**4.** A Bloomberg search for the address Luo has used in this case reveals that the same address is also used in the public filings in *Doe v. Weamer*, *Doe v. City of Concord*, *Doe v. County of Orange*, and *Czodor v. Luo* (a case litigated under the defendant's own name), see Attachment D. A free search on the CourtListener service (https://www.courtlistener.com/?type=r&q=%2211151 +Valley+Blvd+4886%22&search=) likewise shows that the address Luo has used in this case was also used in *Doe v. City of Concord, Doe v. County of Orange*, and *O.L. v. City of El Monte*.

The material that Luo seeks to redact is thus public record information. And it is especially important to have it be accessible to the public because this case turns in large part on Luo's litigation history. This Court reconsidered the initial grant of pseudonymity in large part because:

> Plaintiff has filed numerous lawsuits, several of which involve circumstances similar to this case. In some she has been permitted to proceed anonymously; in others, she has not. Regardless, Defendant maintains that Plaintiff is a "vexatious litigant." This goes directly to Plaintiff's credibility, and Defendant should not be hampered in pursuing that defense. Nor should the public be prevented from reaching its own conclusions in this case.

Order at 9 (ECF No. 151-4). Likewise, in *O.L. v. Jara*, the Ninth Circuit had this to say about Luo:

> O.L. has filed similar cases in other courts involving different individuals and municipalities. In those other cases, as here, she proceeds either as Jane Doe or by initials (which may or may not be her own). While O.L. makes it difficult to track her cases because she uses initials or pseudonyms, we caution that flagrant abuse of the judicial process cannot be

---

[4] See Attachment C; this is also available to the public through the L.A. Superior Court online record system. The orders contain handwritten notes, presumably added by Luo, labeling them "confidential," but Luo chose to file them as publicly accessible documents.

tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.

*O.L. v. Jara*, *supra*, 2022 WL 1499656, at *3 n.1 (cleaned up). Allowing Luo to seal this information in the record would make it much harder for the public and the press to see for themselves the facts that bear on this Court's and the parties' arguments.

## III. Pseudonymity orders at most bind the parties to a case, not third parties

Objector acknowledges this Court's statement that the Court's revealing plaintiff's identity in connection with the other cases "potentially runs afoul of other court orders" (ECF No 151-4, at 10). But this was only a tentative judgment about a risk (as "potentially" notes), made out of caution; it should not justify massive redaction of material throughout this case's record.

Intervenor is unaware of any pseudonymity orders in any of the cases cited above that even purport to bind third parties, or other courts. Indeed, "the directive that a federal clerk of court seal a document in the federal court's possession is distinct from a directive that a party not disclose a document, regardless of who also (including the court) might possess it." *United States v. Dougherty*, No. 07-CR-0361-1, 2014 WL 3676002, *2 (E.D. Pa. July 23, 2014), *aff'd on other grounds*, 627 F. App'x 97 (3d Cir. 2015). Even more clearly, no such sealing order would be a directive to other parties—or to other courts.

As Part II noted above, other courts have linked the particular cases that Luo has brought before them with other cases. In some cases Luo herself has drawn such a link. That does not run afoul of the other courts' orders; each of those orders remains in effect as to the parties to that case, but simply does not apply to the world at large.

Indeed, even if the protective orders in other cases did seek to bind third parties, they could not do so. "[E]very [i]njunction and [r]estraining [o]rder" "binds only" "the parties" and their agents and others "who are in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2). The

same is true for protective orders—"a protective order generally does not bind a non-party," at least unless "the non-party . . . agree[d] to be bound by the order." *State ex rel. Thomas v. Grant*, 213 P.3d 346, 347, 350 (Ariz. Ct. App. 2009) (expressly rejecting the view that "a non-party that comes into possession of information it knows is covered by a protective order is bound by the order not to disseminate the information just as a party to the litigation would be bound") (interpreting the Arizona analog of Fed. R. Civ. P. 65, and relying on federal authorities and the Restatement (Second) of Judgments). "[O]rders of a court are binding only upon parties to the pending cause and cannot bind non-parties; thus, any provision within a proposed protective order stating otherwise is inaccurate." *Garmin Corp. v. NCR Corp.*, No. 04-2373-KHV-DJW, 2005 WL 375663, *1 (D. Kan. Jan. 19, 2005).

A court order cannot "prevent [the media] . . . or anyone else from disseminating the substance of information already in the public domain." *Tavoulareas v. Washington Post Co.*, 111 F.R.D. 653, 660 (D.D.C. 1986). Indeed, even a *party* "may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). It is even clearer that this Court and the litigants in this case—non-parties to cases such as *Weamer*, *Newsom*, and the other cases cited above—may freely use information about the plaintiff's identity obtained from the public records in other cases. A protective order may not "restrict the dissemination of information obtained from other sources." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 14 (1st Cir. 1986).

## Conclusion

For these reasons, this Court should deny Luo's motion to restrict and redact, and leave the public free to access the currently unrestricted information in the record.

Respectfully submitted,

s/ Eugene Volokh
Eugene Volokh, *pro se*
First Amendment Clinic
UCLA School of Law
(Institutional affiliation for
identification purposes only)
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

**Certificate of Service**

I certify that on September 21, 2022, I served this material on the plaintiff by e-mail, and on

defendant by ECF.

s/ Eugene Volokh
Eugene Volokh, pro se

### Declaration of Eugene Volokh

I, Eugene Volokh, declare under penalty of perjury:

1. Despite the withholding of the case numbers in *Luo v. County of Los Angeles*, the actual case numbers can easily be found through suitable searches through online records.

2. Luo has filed motions to strike in *Doe v. Voloky* [*sic*], No. 22STRO04352 (Cal. Super. Ct. L.A. County Super. Ct. Sept. 1 & 13, 2022), seeking to remove from the court record some of the material included at Attachment C; the first motion was denied on Sept. 6, 2022, and the second is pending. I have opposed both motions.

September 21, 2022

s/ Eugene Volokh
Eugene Volokh, *pro se*
First Amendment Clinic
UCLA School of Law
(Institutional affiliation for
identification purposes only)
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926