Attachment B: Doe v. City of Concord Reply

Jane Doe

11151 Valley Blvd #4886,

El Monte, CA 91734

626-208-9665

Plaintiff in Pro Se

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, | No. 3:20-cv-02432-JD |
| Plaintiff, | |
| v. | **PLAINTIFF'S REPLY TO DEFENDANT CONTRA COSTA COUNTY'S OPPOSITION TO PLAINTIFF'S REQUEST TO PROCEED UNDER A PSEUDONYM (Dkt. 30)** |
| CITY OF CONCORD, et al | |
| Defendants. | |

Plaintiff submits this reply in response to Contra Costa Defendants' opposition to plaintiff's request to proceed under a pseudonym.

**ARGUMENTS**

**I. Contra Costa Defendants fail to cite what law requires a rape victim to take any step to protect her rapist's identity**

A. <u>The sensitive and personal nature of Plaintiff's claims justify allowing the protection of her privacy</u>

It's unclear how Contra Costa Defendants reach a conclusion the harm and stigma of being accused of rape can outweigh the harm and stigma of being raped. If an alleged rapist is confident that he did not commit rape he could have filed a defamation lawsuit against his accuser but none of Plaintiff's alleged rapists have done so because they cannot. The right way to protect a falsely accused rapist's reputation is to file defamation lawsuit instead of revealing the alleged rape

1

REPLY TO OPPOSITION TO PLAINTIFF'S REQUEST TO PROCEED UNDER A PSEUDONYM

1  victim's identity. The privacy protection also gives rape victims the strength to report the crime
2  without the fear to be threatened by their rapists to reveal their identity. Without privacy
3  protection every rapist can get away easily by threatening the victim to reveal her identity and
4  prevent her from reporting the crime.
5      It's also unclear what law would require a rape victim to take any step to protect her rapist's
6  identity and why she must do so.
7          B.   <u>Both our society and legal system favor to protect rape victims' identity</u>
8      The great majority of news organizations in this country do not publish the names of alleged
9  rape victims either at the time the rape is reported or when the victim testifies at trial. This
10 "conspiracy of silence" is based, in part, on the media's recognition that rape is more personal,
11 traumatic, and stigmatizing than other crimes.' See Deirdre Carmody, News Media's Use of
12 Accuser's Name is Debated, N.Y. Times, Apr. 18, 1991, at A22 ("[Tihe prevailing view has been
13 that there is a particular stigma to being a rape victim that makes it incumbent upon news
14 organizations to respect the victim's privacy."); Jones, supra note 1, at A18 (explaining that many
15 editors and publishers were persuaded not to identify rape victims based upon feminists'
16 assertions that victims were being "raped twice," first by their assailants and then by the
17 newspapers that exposed them to the public); To Name or Not: Palm Beach Rape Case Splits
18 Media, Atlanta J. & Const., Apr. 18, 1991, at E2 (noting that since the late 1970s, the media have
19 "almost unanimously agreed" to refrain from identifying rape victims due to the social stigma).
20     Cal. Const. Article I, section 28(b)(1) provides that a crime victim is entitled to be treated
21 with fairness and respect for his or her privacy and dignity, and to be free from intimidation,
22 harassment, and abuse, throughout the criminal or juvenile justice process, such protection
23 extends to civil proceeding and it's widely adopted nationwide. However, Plaintiff has difficulty
24 finding any law that provides a crime suspect any privacy protection. It's unknown whether or not
25 the privacy protection of a crime suspect is on our legislature's calendar.
26     In sum, privacy, personal security, and the unrestricted choice to seek justice motivate the
27 constitutional underpinnings of a rape victim's privacy right.
28     **II.  Defendants are despicable to threaten to reveal Plaintiff's identity in order to make**

1 **her walk away from this action**

2 Defendants' tactic is obvious. Nothing would be easier to make Plaintiff walk away from this action by threatening her privacy. It costs Defendant nothing to scare off Plaintiff from pursuing justice. Such strategy is despicable and an average member of our community would no doubt resent any person who threatens and re-traumatizes a sexual assault victim.

6 **III. Plaintiff has constitutional right of access to the courts**

7 The First and Fourteenth Amendments protect the rights of individuals, such as Plaintiff, to seek redress for claims that have a reasonable basis in law and fact. Efforts by state actors to impede an individual's equal protection of law can provide the basis for a constitutional claim under 42 U.S.C. §1983.

11 Judicial access must be adequate, effective and meaningful and therefore, when each time Plaintiff is deprived of equal protection of law, her constitutional rights are undoubtedly abridged. For each violation Plaintiff is entitled to seek redress. It's unclear what's Defendants' factual and legal basis to distort Plaintiff's each attempt to invoke her constitutional right of access to the courts as "a pattern and practice of bringing federal civil rights cases against any entity that does not take action to her satisfaction in response to those allegations".

17 **IV. Plaintiff has obtained court approval to proceed under a pseudonym for the following pending lawsuits**

19 Case 2:20-cv-00797-RGK-JDE *O.L. v. City of El Monte et al*

20 Case 2:20-cv-04525-JAK-PVC *Jane Doe v. Gavin Newsom et al*

21 Case 8:20-cv-00322-ODW-GJS *Jane Doe v. County of Orange et al*

22 Case C20-00827 *Doe v. Edward Weamer*

23 **CONCLUSION**

24 For the forgoing reasons, the Court should reject Contra Costa County Defendants' opposition to Plaintiff's request to proceed under a pseudonym (Dkt. 30).

26 Dated: Sep 10, 2020

27 Respectfully submitted.      _____

28                              Jane Doe, Plaintiff

3

REPLY TO OPPOSITION TO PLAINTIFF'S REQUEST TO PROCEED UNDER A PSEUDONYM

# DECLARATION OF PLAINTIFF JANE DOE

JANE DOE states:

1. I am the plaintiff in this case. If called as a witness, I could and would competently testify thereto.

2. Between 2013 and 2014 I was sexually abused and assaulted by Edward Weamer in Northern California.

3. In Apr 2019 I was sexually assaulted by Carlos Suarez in Southern California.

4. After I reported to law enforcement I was discriminated due to my status as a female rape victim.

5. Rape is the most underreported crime due to law enforcement's discrimination.

6. I have proven this is a statewide systematic failure of law enforcement and rape victims are deprived of equal protection of law.

7. *Doe v. Edward Weamer*, Contra Costa County Superior Court Case No. C20-00827, is in formal discovery stage and I have obtained evidence to prove Mr Weamer lied through his teeth about how he sexually abused me between 2013 and 2014. I will submit those evidences if necessary in this action.

8. I swear to God I will take my rapists and those who failed rape victims in the criminal justice system to Supreme Court, no matter what it takes until my last breath.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Sep 10, 2020

_____

JANE DOE, Plaintiff in Pro Se

4

REPLY TO OPPOSITION TO PLAINTIFF'S REQUEST TO PROCEED UNDER A PSEUDONYM

# CERTIFICATE OF SERVICE

I, Jane Doe, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I reside in the County of Los Angeles, State of California. My business address is 11151 Valley Blvd #4886, El Monte, CA 91734, in said county and state.

On <u>Sep 10, 2020</u> I electronically filed the following document(s):

Reply to Contra Costa County Defendants' opposition to Plaintiff's request to proceed under a pseudonym

with the United States District Court, Northern District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: Sep 10, 2020

_____

Jane Doe

Plaintiff in Pro Se