**RECEIVED**
United States Court of Appeals
Tenth Circuit

No. _____

SEP 2 1 2022

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

CHRISTOPHER M. WOLPERT
Clerk

*In Re Luo*

Xingfei Luo,

*Petitioner,*

v.

United States District Court for the District of Colorado

*Respondent.*

PAUL WANG,

*Real Party in Interest.*

On Petition for a Writ of Mandamus to the United
States District Court for the District of Colorado
No. 1:20-cv-02765-RMR-MEH
The Honorable Regina M. Rodriguez

**PETITION FOR A WRIT OF MANDAMUS WITH
EMERGENCY MOTION FOR A STAY OF COMPLIANCE WITH
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
OBJECTS OR TO PERMIT INSPECTION OF PREMISES
IN A CIVIL ACTION**

Xingfei Luo
PO BOX 4886,
El Monte, CA 91734
*Petitioner in Pro Se*

**TABLE OF CONTENT**

TABLE OF CONTENT ............................................................................2

STATEMENT OF THE OPPOSING PARTY'S POSITION ...................................4

CERTIFICATE OF COMPLIANCE FOR EMERGENCY STAY PURSUANT TO
    FED. R. APP. P. RULE 8.2(A) ........................................................................4

STATEMENT PURSUANT TO FED. R. APP. P. RULE 8(a)(2)(A) ......................5

JURISDICTIONAL STATEMENT ..........................................................................5

ISSUE(S) PRESENTED ............................................................................................5

STANDARD FOR GRANTING STAY.....................................................................6

WRIT OF MANDAMUS STANDARD.....................................................................6

RELEVANT FACTS ................................................................................................7

ARGUMENT ............................................................................................................9

      I.      THE COURT SHOULD GRANT PETITIONER'S EMERGENCY
             MOTION TO STAY ..........................................................................10

      A.     THE LIKELIHOOD OF SUCCESS ON APPEAL ...........................10

      B.     THE THREAT OF IRREPARABLE HARM IF THE STAY IS NOT
             GRANTED ..........................................................................................12

      C.     THE ABSENCE OF HARM TO OPPOSING PARTIES IF THE
             STAY IS GRANTED ..........................................................................13

      D.     ANY RISK OF HARM TO THE PUBLIC INTEREST ....................14

      II.     THE COURT SHOULD GRANT PETITIONER MANDAMUS
             RELIEF................................................................................................14

           A.     PETITIONER HAS NO ALTERNATIVE MEANS TO
                SECURE RELIEF...................................................................14

           B.     PETITIONER WILL BE DAMAGED IN A WAY NOT
                CORRECTABLE ON APPEAL...............................................14

C. THE DISTRICT COURT'S ORDER CONSTITUTES AN ABUSE OF DISCRETION.......................................................15

D. THE ORDER REPRESENTS AN OFTEN REPEATED ERROR AND MANIFESTS A PERSISTENT DISREGARD OF FEDERAL RULES ............................................................15

E. THE ORDER RAISES NEW AND IMPORTANT PROBLEMS OR ISSUES OF LAW OF THE FIRST IMPRESSION IN THIS CIRCUIT..........................................15

CONCLUSION...............................................................................16

CERTIFICATE OF COMPLIANCE ......................................................17

CERTIFICATE OF SERVICE .............................................................18

## STATEMENT OF THE OPPOSING PARTY'S POSITION

Pursuant to 10th Cir. R. 27.1, Xingfei Luo (Petitioner) contacted opposing parties in advance of filing this motion. Real Party in Interest Paul Wang (Wang) indicated that he would oppose this motion.

## CERTIFICATE OF COMPLIANCE FOR EMERGENCY STAY PURSUANT TO FED. R. APP. P. RULE 8.2(A)

I, Xingfei Luo, pursuant to FED. R. APP. P. RULE 8.2(A) certify the following:

The reason the motion was not filed earlier because Petitioner moved first in the district court for the relief sought here.

The underlying order denying Petitioner's motion to quash subpoena directed to Los Angeles County Sheriff's Department (LASD) was entered on September 19, 2022. The order becomes effective at 2:40 PM MDT on September 19, 2022. Petitioner filed a motion for Emergency Stay with the District Court on September 19, 2022.

The telephone numbers and email addresses for all counsel of record are as follows:

Katayoun A. Donnelly

Azizpour Donnelly LLC

Phone: (720) 675-8584

katy@kdonnellylaw.com

Counsel for real party in interest

4

## STATEMENT PURSUANT TO FED. R. APP. P. RULE 8(a)(2)(A)

On September 20, 2022 the district court denied Petitioner's motion to stay compliance with subpoena on the same grounds articulated to deny the motion to quash, including particularly Petitioner's lack of standing to dispute a subpoena directed to LASD, Petitioner has not "made a strong showing that [s]he is likely to succeed on the merits," see *Nken v. Holder*, 556 U.S. 418, 434 (2009).

Petitioner now seeks an emergency stay with this Court to stay the compliance with the subpoena pending review on the merits of Petitioner's writ of mandamus.

## JURISDICTIONAL STATEMENT

This Court has authority to issue a writ of mandamus pursuant to 28 U.S.C. § 1651 and Rule 21 of the Federal Rules of Appellate Procedure.

## ISSUE(S) PRESENTED

Whether a party suspecting an opposing party had made an online post is sufficient to support an intrusive examination of the opposing party's electronic devices or information system, e.g. everything on the opposing party's smart phone, including but not limited to call logs, device locations, passwords, searched items, web history, texts, databases, documents, user accounts, calendar, emails, photographs, bank information, videos, and audio forensically downloaded by law enforcement?

Whether the district court abused its discretion in concluding that all private

5

information, even neither relevant nor proportional, is discoverable as long as there is a stipulated protective order?

Whether the district court abused its discretion in denying to quash a subpoena demanding the production of the forensic imaging of all electronic information on a party's smart phone, including but not limited to call logs, device locations, passwords, searched items, web history, texts, databases, documents, user accounts, calendar, emails, photographs, bank information, videos, and audio?

## STANDARD FOR GRANTING STAY

A request for a stay is governed by Federal Rules of Appellate Procedure 8 and 18. To obtain a stay under these rules, the party moving for a stay must address the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest. *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001); 10th Cir. R. 8.1.

## WRIT OF MANDAMUS STANDARD

Courts will grant a writ only when the district court has "acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of power." *United States v. Carrigan*, 804 F.2d 599, 602 (10th Cir. 1986).

Five "nonconclusive guidelines" have been identified in determining whether the writ may issue. *United States v. McVeigh*, 119 F.3d 806, 810 (10th Cir.

1997) (per curiam). These guidelines are:

(1) whether the party has alternative means to secure relief; (2) whether the

party will be damaged in a way not correctable on appeal; (3) whether the district

court's order constitutes an abuse of discretion; (4) whether the order represents an

often repeated error and manifests a persistent disregard of federal rules; and (5)

whether the order raises new and important problems or issues of law of the first

impression. *In re Qwest Commc'ns*, 450 F.3d at 1184 (internal quotation marks

omitted).

## RELEVANT FACTS

Petitioner sued for defamation. Wang received the summons and complaint

in December 2020. After his motion to dismiss was granted in part, the remaining

issue is whether Petitioner indeed filed a false police report to defraud the

insurance company for money as Wang's online publication states. App. 65. Wang

alleges that his online publication about Petitioner committing two crimes was in

fact a response to Petitioner's online blog post. App. 64. Petitioner denied posting

anything about Wang. Petitioner also denied posting anything online using her

smart phone. App. 13.

Twenty one (21) months after Wang received the summons and complaint,

on September 4, 2022, Wang electronically served Petitioner with a subpoena to

produce documents, information, or objects or to permit inspection of premises in a

civil action directed to Los Angeles County Sheriff's Department (LASD) with a

required production date on September 20, 2022.[1] App. 32. The subpoena demands

production of all of Petitioner's electronic data of her smart phone, including but

not limited to call logs, device locations, passwords, searched items, web history,

texts, databases, documents, user accounts, calendar, emails, photographs, bank

information, videos, and audio, that were previously forensically downloaded for

criminal investigation of a crime committed against Petitioner. App. 49. Wang

alleges he subpoenas all of Petitioner's private smart phone data to determine

whether Petitioner was the author of a blog post that he responded to by alleging

Petitioner committed two crimes (filing false police report and insurance fraud)

and to seek information about the dismissed claims as well. App. 41-42.

Petitioner moved to quash the subpoena on the grounds: overbroad, vague,

ambiguous, confusing, harassing, oppressive, fishing expedition, privacy,

privilege, relevancy, proportionality, undue burden and expense etc. App. 9; 108.

Despite Wang has failed to demonstrate the importance of the information

sought, despite the subpoenaed information is overly broad and unreasonably

intrusive, and despite the likely benefit is outweighed by Petitioner's privacy and

confidentiality interests, on September 19, 2022, the district court denied

Petitioner's motion to quash subpoena without examining the need of claim or

defense in the underlying litigation. App. 138. The reasoning speaks nothing how

_____

[1] As of today LASD has not complied with the subpoena.

8

call logs, device locations, passwords, searched items, web history, texts, calendar,

emails, photographs, bank information, videos, and audio can determine whether

Petitioner is the author of a blog post.

The district court faulted Petitioner for citing case law from outside of this

District and largely outside of the Tenth Circuit. App. 110. However, the district

court cited not a single case in this district or in the Tenth Circuit with similar facts

and circumstances suggesting that a party suspecting an opposing party posted a

online blog was free to inspect or search all data of the opposing party's personal

electronic devices as long as there is a stipulated protective order governing

confidential information. App. 2. See *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir.

2008) (Granting mandamus relief to two state defendants who had been ordered by

the district court to provide forensic imaging of their computers, noting that —[t]he

district court's compelled forensic imaging orders here fail[ed] to account properly

for the significant privacy and confidentiality concerns present in this case.); *In re*

*Premera Blue Cross Customer Data Security Breach Litigation*, 329 F.R.D. 656

(D. Or. 2019) (Denying a motion to compel forensic imaging of plaintiffs' personal

digital devices in a healthcare data security breach class action and finding that the

request was not proportional to the needs of the case in light of the competing

privacy concerns).

**ARGUMENT**

## I.   THE COURT SHOULD GRANT PETITIONER'S EMERGENCY MOTION TO STAY

Petitioner asks this Court to intervene and grant a stay of the compliance with subpoena in this extraordinary discovery dispute of first impression having constitutional dimensions.

Absent such a stay, disclosure will violate fundamental constitutional protections, moot the important issue of first impression to be presented to this Court, and will deny Petitioner her right to meaningful appellate review.

### A. THE LIKELIHOOD OF SUCCESS ON APPEAL

The likelihood of success on the merits on mandamus is high. Faced with the same issue, the Sixth Circuit found that forensic imaging of electronic devices should be treated cautiously where the request is broader than the data's relevance to the case warrants and should be employed in a very limited set of circumstances. See *John B. v. Goetz*, 531 F.3d 448 (6th Cir. 2008).

Under the revised Rule 26(b)(1), proportionality stands on equal footing alongside relevance in defining (and limiting) the scope of discovery. If it is not both relevant and proportional, it is not discoverable no mater whether there is a stipulated protective order governing private information. App. 2. The district court's order makes no analysis of relevancy and proportionality regarding the claim and defense in the underlying litigation. App. 138-141. *Cf.* App. 11, 111-

115. Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information. Fed.R.Civ.P. 26(b)(1); *American Standard, Inc. v. Pfizer Inc*., 828 F.2d at 739-42, 3 USPQ2d at 1820-23. The stipulated protective order entered for this litigation does not eliminate Petitioner's privacy concerns simply because the confidential information will not be disseminated to third parties.

A party may move to quash a subpoena upon a showing that there is a privacy interest applicable. *Broadcort Capital Corp. v. Flagler Securities, Inc*., 149 F.R.D. 626 (D.Colo.1993).

In concluding that none of the arguments raised or case law cited by Petitioner overcomes the standing issues, the district court's order is clearly erroneous as a matter of law. "The provisions in the orders that require the forensic imaging of **all** computers containing responsive ESI constitute an abuse of discretion." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008).

Mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures. See *McCurdy Group, LLC v. Am. Biomedical Group, Inc*., 9 Fed.Appx. 822, 831 (10th Cir. 2001). The Advisory Committee Notes to Rule 34 recognize that courts must use caution in evaluating requests to inspect an opposing party's electronic devices

11

or systems for ESI, in order to avoid unduly impinging on a party's privacy interests. "Courts and commentators have recognized that privacy interests can be a consideration in evaluating proportionality, particularly in the context of a request to inspect personal electronic devices." *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 670 (D. Or. 2019). "Mere suspicion or speculation that an opposing party may be withholding discoverable information is insufficient to support an intrusive examination of the opposing party's electronic devices or information system." *Belcastro v. United Airlines, Inc.*, No. 17 C 1682, 2019 WL 7049914, at *2 (N.D. Ill.Dec. 23, 2019) (quoting *Hespe v. City of Chicago*, No. 13 C 7998, 2016 WL 7240754, at *4 (N.D. Ill.Dec. 15, 2016)).

## B. THE THREAT OF IRREPARABLE HARM IF THE STAY IS NOT GRANTED

Privacy and privilege are core constitutional rights. Constitution protects privacy and civil liberties against undue governmental impingement, including improper civil discovery. It is the disclosure, in and of itself, that seriously infringes on the privacy guaranteed by constitution. Such an infringement cannot be remedied once the private information is disclosed as the harm, violation of privacy, cannot be undone. It is irreparable.

A stay is the only means of preserving the subject matter of the writ of

mandamus. The order at issue here denies to quash a subpoena to produce all

electronic data downloaded from Petitioner's smart phone that will certainly

contain confidential private personal information that is wholly unrelated to the

litigation, including private information of individuals that are not parties to this

litigation. "Duplication, by its very nature, increases the risk of improper exposure,

whether purposeful or inadvertent." *John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir.

2008). The subpoenaed information implicates significant privacy and

confidentiality interests and these interests cannot be fully protected *ex post*.

Petitioner has no other adequate means, such as direct appeal, to attain the relief

desired.

## C. THE ABSENCE OF HARM TO OPPOSING PARTIES IF THE STAY IS GRANTED

Wang received the summons and complaint in December 2020. He waited

almost two years to subpoena Petitioner's smart phone data shows he has no

urgency in discovery and therefore a stay would not cause him any harm, even if

any, it is minimal. This is in sharp contrast to the fact that compliance of the

subpoena would defeat all protection entitled to Petitioner from disclosure by

privilege or other interests in confidentiality and her right to meaningful appellate

review. Particularly now he alleges the website hosting company has been down

and he failed to conduct discovery with due diligence prior to the website has been

13

down. App. 42.

### D. ANY RISK OF HARM TO THE PUBLIC INTEREST

Privacy and privilege enjoy a remarkably important place in American's daily life. The public does have strong privacy and expectation interests that weigh in favor of granting this stay pending review of the merits. The public interest is better served by protecting the core right of privacy and privilege. The public interest promotes fair resolution of disputes Allowing unreasonably drastic and intrusive discovery will undoubtedly deter litigants to seek justice. Absent a stay, disclosure will have a profound and far reaching impact on members of the public and their willingness to communicate openly and to meaningfully participate in judicial process.

### II.   THE COURT SHOULD GRANT PETITIONER MANDAMUS RELIEF

#### A. PETITIONER HAS NO ALTERNATIVE MEANS TO SECURE RELIEF

Petitioner has no realistic alternative to challenge the district court's decision absent mandamus relief. An interlocutory appeal under the collateral order doctrine is unavailable for an order denying to quash subpoena. This guideline therefore weighs in favor of mandamus relief.

#### B. PETITIONER WILL BE DAMAGED IN A WAY NOT CORRECTABLE ON APPEAL

Once the private and privileged information is released the harm to
Petitioner will not be meaningfully corrected on appeal. This guideline therefore
also weighs in favor of mandamus relief.

### C. THE DISTRICT COURT'S ORDER CONSTITUTES AN ABUSE OF DISCRETION

The district court's order constitutes a gross abuse of discretion as required
for the issuance of the writ. See Part I. A.

### D. THE ORDER REPRESENTS AN OFTEN REPEATED ERROR AND MANIFESTS A PERSISTENT DISREGARD OF FEDERAL RULES

Clear error as a matter of law, is a necessary condition for granting a writ of
mandamus. *Hernandez v. Tanninen*, 604 F.3d 1095, 1099 (9th Cir. 2010). In this
day and age all Americans have smart phones which serve as mini computer
systems. Permitting  drastic and intrusive examination of litigants' electronic
devices manifest a wholly disregard of federal rules concerning discovery.

### E. THE ORDER RAISES NEW AND IMPORTANT PROBLEMS OR ISSUES OF LAW OF THE FIRST IMPRESSION IN THIS CIRCUIT

The order raises new and important problems or issues of law of the first
impression as there is no case directly on point in this circuit regarding whether a
party suspecting the opposing party posted a blog online is entitled to examine all
electronic information on an opposing party's electronic device. Consequently, this

15

guideline supports granting mandamus relief. See *In re 3M Combat Arms Earplugs Prods. Liab. Litig.*, No. 3:19-md-2885, 2020 WL 6140469 (N.D. Fla. Oct. 15, 2020) (Rejecting defendant's motion to compel forensic imaging of plaintiff's mobile device, holding that "[e]ven assuming" the relevance of the deleted messages with the allegation that plaintiff had spoliated evidence, "the parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes"); *Estate of Logan v. City of South Bend*, No. 3:19-CV-495, 2021 WL 389412 (N.D. Ind. Feb. 3, 2021) (Denying a motion to compel forensic examination of defendant's cell phone and finding that plaintiff failed to identify how the requested cell phone information went "to the heart of — or [was] even relevant to — the . . . case," leaving the court unable to determine whether the request was proportional enough to justify invading defendant's privacy interests.)

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests a stay for compliance with the subpoena at issue before this Court issues a ruling on the merits on the Petition for Writ of Mandamus for a relief directing district court to vacate its September 19, 2022 order and to enter a new order granting Petitioner's motion to quash subpoena.

Respectfully submitted on September 21, 2022.          */s/ XINGFEI LUO*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Rule of
Appellate Procedure 21(d)(1) because this brief contains 2,804 words, excluding
the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirement of Federal Rule of
Appellate Procedure 32(a)(5), and the type style requirements of Federal Rule of
Appellate Procedure 32(a)(6) because this brief has been prepared in a
proportionally spaced typeface using Microsoft Word 2002 in 14-point Times New
Roman.

Date: September 21, 2022

*/s/ XINGFEI LUO*

*Petitioner in Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit.

I certify that a copy of the foregoing will be provided to the district court in compliance with Federal Rule of Appellate Procedure 21(a)(1).

I certify that service will be accomplished by email to the following party who consented to electronic service:

Katayoun A. Donnelly  katy@kdonnellylaw.com

Date:  September 21, 2022

*/s/ XINGFEI LUO*

APPENDIX

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

---

## STIPULATED PROTECTIVE ORDER

Upon joint stipulation of the parties, the Court orders as follows:

1.      There is good cause to issue this Order under Federal Rule of Civil Procedure 26(c). This case will require production of documents routinely held and treated as confidential by both parties, including medical records, financial, and other sensitive information that is not publicly available.

2.      Any information or document disclosed or produced by any party to this action or by any non-party in response to a subpoena issued in this action, may be designated by the producing party or non-party as "Confidential."

3.      Any party may designate documents as "Confidential" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure, such as confidential personal information, medical information, personnel records, trade secrets, proprietary information, or other sensitive or

confidential business, technical, sales marketing, financial, commercial, or competitively

sensitive information that is not publicly available.

    4.    Parties and attorneys designating documents as "Confidential" will be

representing that such documents contain information the disclosure of which would implicate an

important interest to be protected that outweighs the presumption of public access.

    5.    To be subjected to the protections provided for herein, information must be

designated as follows:

    A.    With respect to documents produced by a party, the producing party may

        designate any such document as confidential by stamping the word "Confidential"

        prominently on each page of the document before production or disclosure;

    B.    With respect to documents produced by a non-party, any party may designate any

        such document as confidential by stamping the word "Confidential" prominently

        on each page of the document within 10 days of their production and by notifying

        all other counsel of each document so designated. During the 10-day period

        immediately following production, all parties and all counsel, employees of

        counsel, and experts engaged or retained for purposes of this action shall not

        reproduce or disclose to any other person any information contained in any

        document produced by a non-party;

    C.    Deposition or other testimony may be designated "Confidential" by stating orally

        on the record either immediately before or after testimony that the information

        should be considered and treated as "Confidential," or, within 20 days of receipt

of the transcript, designating by page and line numbers which sections of the

deposition shall be designated as "Confidential."

6.     Inadvertent failure to timely designate documents or testimony as confidential

shall not operate as a waiver of a party's right later to designate such information as confidential,

but no party shall be held in breach or contempt of this order if, before such later designation,

such information has been disclosed to any person not authorized to receive confidential

information under this order. Once such belated designation has been made, however, the

relevant information shall otherwise be treated as confidential in accordance with this order.

7.     The production of privileged or work-product protected documents, electronically

stored information ("ESI"), or information, whether inadvertent or otherwise, is not a waiver of

the privilege or protection from discovery in this case or in any other federal or state proceeding.

This order shall be interpreted to provide the maximum protection allowed by Federal Rule of

Evidence 502(d).

8.     Nothing contained herein is intended to or shall serve to limit a party's right to

conduct a review of documents, ESI or information (including metadata) for relevance,

responsiveness, and segregation of privileged and protected information before production.

9.     Any person responsible for making copies of confidential information must

ensure that the copies adequately reflect the designation of confidentiality and are treated as

such.

10.     Information and documents designated as "Confidential," including any copies,

notes, or summaries thereof, shall be maintained in confidence by the persons to whom such

materials are produced or disclosed and shall not be disclosed to any person except:

A.    the Court;

B.    court reporters who transcribe or record depositions or other testimony in this case;

C.    counsel for the parties and the legal associates, paralegals, clerical, and other support staff employed by such counsel and who are actually involved in assisting in this case;

D.    the parties and those partners and employees of the parties who are assisting in this case;

E.    experts or consultants retained by the parties or their counsel to assist in preparing this case for trial, and

F.    deposition and trial witnesses.

11.    All persons authorized by this order to receive information designated as confidential shall maintain such information in accordance with this order, and shall use such information solely for the purpose of preparing for and conducting this litigation. No information designated as confidential shall be used for any other purpose.

12.    All persons authorized to receive confidential information under this order (other than the Court, counsel, jurors, and court reporters) shall be shown a copy of this order. Counsel for the respective parties shall ensure that all such individuals agree to comply with this order.

13.    A party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the reasons why the party believes the information is not "Confidential." The parties shall attempt in good faith to resolve the

4

objection and must begin conferring directly within 7 days of the date of service of the notice. If

the parties cannot resolve the objection, within 14 days after the time the parties determine that

they will not be able to resolve their dispute through the meet and confer process, the party

designating the information as "Confidential" must file an appropriate motion requesting that the

Court determine whether the disputed information should be subject to the terms of this order. If

such a motion is timely filed, the disputed information shall be treated as "Confidential" under

the terms of this order until the Court rules on the motion. If the designating party fails to file

such a motion within the prescribed time, the disputed information shall lose its designation as

"Confidential" and shall not thereafter be treated as "Confidential" in accordance with this order.

In connection with a motion filed under this provision, the party designating the information as

"Confidential" shall bear the burden of establishing that good cause exists for the disputed

information to be treated as "Confidential."

  14. The terms of this protective order do not preclude, limit, restrict, or otherwise

apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a

confidential document may be offered into evidence at trial or any court hearing, provided that

proponent of the evidence gives advance notice to opposing counsel of the intended use of the

confidential document as may be required by a scheduling or other order. Any party may move

the Court for an order that the confidential document be received in camera or under other

conditions to prevent unnecessary disclosure. The Court will then determine whether the

proffered evidence should continue to be treated as a confidential document and, if so, what

protection may be afforded to such information at the trial or hearing.

App.   006

15.     The parties acknowledge that this order does not entitle them to seal confidential information filed with the Court. In the event a party seeks to file any document containing Confidential Information subject to protection under this order with the Court, the party must take appropriate action to insure that the document receives proper protection from public disclosure and to obtain prior permission from the Court before filing the confidential materials under seal. Nothing in this order may be construed as restricting any information or document from the public record.

16.     Nothing in this Order shall prevent any party from disclosing its own information and documents to any person, and such disclosure shall not be deemed a waiver of any party's rights or obligations under this order. Nothing in this order shall be construed to restrict any party's use of information, in the party's possession or known by the party, before disclosure by any other party or non-party, or of information that is public knowledge, has not previously been maintained as confidential, or is independently developed or acquired outside of the production and exchange of documents and information subject to this order.

17.     The entry of this order shall not in any way detract from or constitute a waiver of the right of any individual or entity to object to the production of discovery materials or the admissibility of any document on grounds other than confidentiality.

18.     Upon termination of this lawsuit, and after exhaustion of all appeals, whether by judgment, order, or settlement, the parties, on written request for the designating party, shall return all materials and information designated as confidential, together with any reproductions thereof, to the party or parties that produced such material or information. In the alternative, upon the explicit request of the producing party, the receiving party may destroy all such

materials and information, together with any reproductions thereof. Counsel for each Party may retain one copy of the "Confidential" documents for the sole purpose of maintaining a complete file for seven years past the end of this litigation. Upon the producing party's written request after the expiration of the three years, the receiving party will destroy that remaining file of produced documents.

19.     The parties, their witnesses, and their counsel shall continue to comply with this order's provisions after conclusion of this action. The Court issuing this order shall have continuing jurisdiction to enforce it.

20.     This order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated and entered at Denver, Colorado, this 6th day of December, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 12 2022

JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

---

### PLAINTIFF'S EMERGENCY MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Pursuant to Federal Rule of Civil (FRCP) Rules 26 and 45, Plaintiff respectfully submits the following emergency motion to quash subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action with a required production date on **September 20, 2022**.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff has conferred with Paul Wang (Defendant) and he has indicated he would oppose.

### ARGUMENT

Under FRCP Rule 45(d)(3)(A), on timely motion, the court for the district where compliance is required must quash or modify a subpoena if the subpoena subjects a person to undue burden. Per FRCP 26(b)(2)(C), on motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is **more convenient, less burdensome, or less expensive**; (ii) the party

seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is **outside the scope permitted by Rule 26(b)(1)**.

## I.   FAILURE TO ESTABLISH RELEVANCY

The remaining issue, as discussed during the August 24, 2022 status conference[1], is whether Plaintiff filed a false police report to commit insurance fraud in 2013. Decl, Luo ¶3-11. It is absurd that Defendant never subpoenaed the insurance company, nor did he subpoena the bank that issued the check.

On September 4, 2022 Defendant electronically served Plaintiff with a subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action which is propounded to Los Angeles County Sheriff's Department (LASD). The subpoena demands production of all of Plaintiff's electronic data, including but not limited to call logs, device locations, passwords, searched items, web history, texts, databases, documents, user accounts, calendar, emails, photographs, bank information, videos, and audio. Decl, Luo ¶12.

Courts have routinely held that "it is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery." See, e.g., *Pinehaven Plantation Prop., LLC v. Mountcastle Family LLC*, No. 1:12-CV-62, 2013 WL 6734117 (M.D. Ga. Dec. 19, 2013).

First, what the subpoena demands is all of Plaintiff's private cell phone data that was unlawfully downloaded by LASD in July 2019[2]. It is difficult to see how Plaintiff's 2019 cell

---

[1] When the birth date of Defendant's daughter is critical evidence as to when Defendant posted his online statement alleging Plaintiff committed insurance fraud he initially lied to the court that his daughter was born in September 2019. Upon Plaintiff's request and the court's further inquiry, Defendant finally disclosed his daughter was in fact born on December 3rd, 2019.

[2] A petition for a writ of certiorari is currently pending in the Supreme Court of United States. A litigation is pending in the state court.

phone data have anything to do with her "insurance fraud" committed in 2013.

Second, Defendant never tried to directly propound Plaintiff to produce her cell phone data. If Plaintiff possesses whatever relevant to the claim and defense at issue here it is unreasonable to propound and burden a third-party to produce the information that is readily in Plaintiff's possession.

## II.     FAILURE TO COMPLY WITH RULE 26(b)

Rule 26(b)'s proportionality limitations apply equally to subpoenas to non-parties. Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs. *Cusumano v. Microsoft Corp*., 162 F.3d 708, 717 (1st. Cir. 1998).

A third-party subpoena requesting production of documents or electronically stored information must describe the documents or information sought with a reasonable amount of precision. Parties to a lawsuit cannot use third-party subpoenas to conduct "fishing expeditions" for evidence. A subpoena cannot compel production of information or communications covered by a legal privilege, such as attorney-client privilege, joint defense privilege, or other statutory or common law privileges, or which constitute protected work product.

Defendant's catch-all subpoena with no time and scope is overly broad, vague, ambiguous, confusing, harassing, and oppressive as it seeks information that is unlikely to lead to the discovery of admissible evidence. It also seeks the disclosure of privileged and confidential information, including information is protected by court orders and Plaintiff's right of privacy. It also seeks the disclosure of information that would violate the right of privacy of Plaintiff's family members, friends, and co-workers. It further seeks information already obtained or obtainable from sources that are more convenient, less burdensome, or less

expensive, as set out in the Federal Rules of Civil Procedure. In the event that Defendant wants to find out who posted what particular online post Defendant should subpoena the website hosting company as Plaintiff never posted anything online using her cell phone. Decl, Luo ¶2.

## III.     VIOLATION OF RULE 45(d)(1) AND CALIFORNIA STATUTES

The subpoena fails to comply with FRCP Rule 45(d)(1) as it imposes undue burden and expense on a third party. The subpoenaed data was created using a proprietary forensic software. The data is unreadable without proprietary software used by law enforcement. Decl, Luo ¶13. It is unclear how Defendant wants to read the unreadable data without proprietary software used by law enforcement.

The subpoena seeks information protected from disclosure by California and/or federal statutes or privileges including (but not limited to) the official information privilege under Evidence Code section 1040 and Government Code section 6254, particularly subdivision (f).

WHEREFORE, for the reasons set forth above, Plaintiff respectfully request that this Court quash Defendant's subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action dated on September 4, 2022 in its entirety, and, for such further and additional relief as this Court deems just and proper.

Dated: September 9, 2022                          Respectfully submitted,

                                                  */s/ Xingfei Luo*

## DECLARATION OF XINGFEI LUO

I, Xingfei Luo, declare and state:

1.   I am the plaintiff in this case. I have personal knowledge of the facts in this declaration. If called on to testify, I could and would competently do so under oath.

2.   I did not use cell phone to post anything online. Had I posted anything online I would have used my laptop. I have been using laptop since 2005.

3.   On Sep 2, 2013 proof of claim was signed and submitted by Paul Wang as claimant. A true and correct copy of the signed proof of claim is attached hereto as Exhibit 1.

4.   On Sep 3, 2013 at 3:40 pm Claim was initiated by Paul Wang. Email was sent to student007@hotmail.com, the exact same email address he provided to this court. See Dkt. 28. A true and correct copy of the correspondence is attached hereto as Exhibit 2.

5.   On Sep 4, 2013 Paul Wang emailed Travelex to claim trip interruption with attachment of police report. On Sep 5, 2013 Paul Wang emailed Travelex the cancellation of reservation.  A true and correct copy of the email correspondence is attached hereto as Exhibit 3.

6.   On Sep 11, 2013 at 2:34pm Paul called to check status. Email was sent to student007@hotmail.com, the exact same email address he provided to this court. See Dkt. 28. A true and correct copy of the call log is attached hereto as Exhibit 2.

7.   On Sep 11, 2013 at 2:59 pm Paul Wang emailed his credit card statement to Travelex, indicating that he paid $1337 for the air tickets and $62 for the insurance. A true and correct copy of the email correspondence is attached hereto as Exhibit 4.

8.   On Sep 18, 2013 at 6:02 pm Paul called for status and insisted on the inquiry of the claim amount. A true and correct copy of the call log is attached hereto as Exhibit 2.

9.   All of the above insurance related documents were disclosed to Defendant and his counsel on July 7, 2022.

10.  In 2013 I was a foreign visitor in the U.S. which was well aware by defendant Paul Wang. I did not have a social security number in 2013. I did not have a bank account in 2013 in the U.S. I did not cash the check issued by the insurance company. In fact,

Paul Wang cashed the check and took the money. I received not a single dime from the insurance company. I never made any contact with the insurance company for any claim. Everything was done and controlled by Paul Wang. Despite Wang was the claimant and pocketed all the insurance money he fabricated that I committed insurance fraud and filed a false police report.

11.   Defendant never subpoenaed the insurance company or Chase bank. After Defendant filed the insurance claim, Chase issued a check to my name but was cashed by Paul Wang. A true and correct copy of the subpoena served on Chase is attached hereto as Exhibit 5.

12.   A true and correct copy of defendant's subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action is attached hereto as Exhibit 6.

13.   My phone data was created using a proprietary forensic software. The data is unreadable without proprietary software used by law enforcement. A true and correct copy of the statement made by LASD in a prior litigation is attached hereto as Exhibit 7.

14.   A true and correct copy of the conferral is attached hereto as Exhibit 8.

I declare under penalty of perjury, that the foregoing is true and correct.

Dated: September 9, 2022

/s/ Xingfei Luo

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. Parties registered with the CM/ECF system will be notified of such filing through CM/ECF system.

Dated: September 9, 2022

/s/ Xingfei Luo

EXHIBIT 1

**Claims Administration Office for Stonebridge Casualty Insurance**
Travelex Claims
4600 Witmer Industrial Estates, Suite 6
Niagara Falls, NY 14305
Telephone: 1-855-876-3447   Fax: 877-367-2496

```
┌──────────────────────────────┐
│   TRIP INTERRUPTION          │
│   NON MEDICAL CLAIM FORM     │
└──────────────────────────────┘
```

**Please Note:** *Benefits under any coverage will not be paid for expenses reimbursed or services provided by any other source. Benefits cannot be duplicated under this Protection Plan.*

## PROOF OF CLAIM MUST BE SUBMITTED WITHIN 90 DAYS OF THE OCCURRENCE

**Part I** — GENERAL INFORMATION

Claimant's Name (Last, First): WANG , PAUL    Claimant is Paul Wang
Conf. No./Booking No.: 1 6 6 4 1 2 0 8
Date of Birth: ▮▮▮▮▮▮

Full Address: 11505 E. Virginia Place, Aurora, CO 80012   Paul Wang's residence in 2013.

Home Phone No.: 720 323 1113   Same phone # as Dkt. 28
Business Phone No.:

Full name of all persons claiming / Ages / Relationship to Claimant / Policy No.
1) N/A
2)
3)
4)

Tour Operator's Name (e.g. Cruise Line, Airline, etc): Cheap Oair

Travel Supplier's Name: Cheap O air
Telephone No.:

Travel Supplier's Address: 135 W 50th Street, Suite 500, New York, NY 10020

Date Initial Deposit Paid for Trip: 06/17/2013 (MM/DD/YY)
Date of Final Payment for Trip: 06/17/2013 (MM/DD/YY)
Departure Date: 07/03/2013 (MM/DD/YY)
Scheduled Return Date: 09/11/2013 (MM/DD/YY)
Actual Return Date: (MM/DD/YY)

Departure City: Hong Kong, China
Destination (City, County): Denver, USA

**Part II** — EXPLANATION OF LOSS

Type of claim: ☐ Cancellation   ☒ Interruption

Reason for cancellation/interruption/delay: Passport lost/stolen

Total Amount of Claim (in US $): 1364.00
Tour Cost Per Person (in US $): 1364.00
Cruise Cost Per Person (in US $): N/A
Air Fare Per Person (in US $): 1364.00

Date trip was cancelled, interrupted, or delayed: 08/31/2013 (MM/DD/YY)
Length of delay (hours, days): N/A
Did you receive a refund from the Travel Agent/Tour Operator after cancellation? ☐ Yes ☒ No
If Yes, please indicate amount: N/A

For Trip Interruption, please indicate any additional transportation cost incurred

Type of Expense / Date Incurred (MM/DD/YY) / Amount
1) N/A
2)
3)

Please enclose the original receipts for the above claimed expenses

**IMPORTANT – CLAIM CANNOT BE PROCESSED IF THIS FORM IS INCOMPLETE. PLEASE COMPLETE ALL APPLICABLE AREAS.**

## EXPLANATION OF LOSS CONTINUED

| Scheduled number of nights on Trip | Number of nights missed due to Interruption | Was the Interruption caused by the Common Carrier? (i.e. Airline, Cruise Line, etc) ☐ Yes ☒ No | If Yes, was any compensation received? ☐ Yes ☐ No |
|---|---|---|---|
| N/A | N/A | | |

| If Yes, please explain or indicate amount. (in US $) | Name of Airline on which you returned home or rejoined Trip |
|---|---|
| N/A | |

| Point of departure | Destination |
|---|---|
| Denver, CO, USA | Hong Kong, China |

| Date returned home or rejoined Trip | Was this the lowest fare available? | Was a substitute flight provided by the Tour Operator/Airline? | Did you receive a credit for future travel? |
|---|---|---|---|
| N/A (MM / DD / YY) | ☐ Yes ☐ No | ☐ Yes ☐ No | ☐ Yes ☐ No |

| Is the original unused return ticket enclosed? | If Not, Please Explain |
|---|---|
| ☒ Yes ☐ No | N/A |

IF THE INTERRUPTION WAS CAUSED BY THE COMMON CARRIER, PLEASE ATTACH WRITTEN NOTIFICATION FROM THE COMMON CARRIER REGARDING CANCELLATION OR PROVIDE DETAILS REGARDING DELAY AND TIMES.

## Part III          OTHER COVERAGE

| Did you purchase any portion of your trip on a Credit Card? ☒ Yes ☐ No | If Yes, name and type of Credit Card (e.g. Visa Gold card) Chase Sapphire |
|---|---|

| Do you have any other Insurance Coverage/Plans? (e.g. Travel, Credit Cards, etc) ☐ Yes ☒ No | Has your loss been reported to any other Insurance Company? ☐ Yes ☒ No | If Yes, which Company? N/A |
|---|---|---|

| 1) Name of Insurance Company | Policy No. | Telephone No. |
|---|---|---|
| | | |

Address of Insurance Company

| 2) Name of Insurance Company | Policy No. | Telephone No. |
|---|---|---|
| | | |

Address of Insurance Company

**I DECLARE THAT THE ABOVE INFORMATION IS TRUE, COMPLETE AND CORRECT.**
I/We authorize any other insurance plan, under which I/We have coverage, to disclose information as may be necessary or to make payment in respect of my/our claim to Stonebridge Casualty Insurance Company directly. I/We also authorize Stonebridge Casualty Insurance Company to disclose to any other Plan, under which I/We have coverage, any and all information as may be necessary with respect to my/our claim.

| Signature of Insured/Claimant  Same signature as Dkt. 28 | 9/2/2013 Date  (MM / DD / YY) |
|---|---|

| Signature of Insured/Claimant | Date  (MM / DD / YY) |
|---|---|

| Payment Due Date | New Balance | Past Due Amount | Minimum Payment | or | Blueprint Payment |
|---|---|---|---|---|---|
| 08/01/13 | $1,905.64 | $25.00 | $84.00 | | $123.86 |

Account number: ████████ 6643

$

Make your check payable to:
Chase Card Services.
Please write amount enclosed.
New address or e-mail? Print on back.

█████████████████████4300008400001905640001238600000000

33847 BEX Z 16513 D
PAUL M WANG
11505 E VIRGINIA PL
AURORA CO 80012-2257

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

Paul Wang's residence in 2013

500016028 ████████ 66436

# CHASE ◆
## SAPPHIRE℠

Manage your account online: www.chase.com

Customer Service 1-800-493-3319

Additional contact information on back →



## ACCOUNT SUMMARY

Account Number: 4147 2021 1930 6843

| | |
|---|---|
| Previous Balance | $313.90 |
| Payment, Credits | $0.00 |
| Purchases | +$1,551.63 |
| Cash Advances | $0.00 |
| Balance Transfers | $0.00 |
| Fees Charged | +$25.00 |
| Interest Charged | +$15.11 |
| New Balance | $1,905.64 |
| | |
| Opening/Closing Date | 06/05/13 - 07/04/13 |
| Credit Access Line | $18,700 |
| Available Credit | $0 |
| Cash Access Line | $3,740 |
| Available for Cash | $0 |

## PAYMENT INFORMATION

| | |
|---|---|
| New Balance | $1,905.64 |
| Payment Due Date | 08/01/13 |
| Minimum Payment Due | $59.00 |
| Past Due Amount | $25.00 |
| Total Minimum Payment Due | $84.00 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00 and your APR's will be subject to increase to a maximum Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 10 years | $3,462 |
| $66 | 3 years | $2,390 (Savings=$1,072) |

If you would like information about credit counseling services, call 1-866-797-2885.

Please pay the Minimum Payment shown at the top of this statement. It includes any past due and amounts over the credit access line. The minimum payments used to calculate the estimates shown in the above table do not include past due or amounts over the credit access line.

## ULTIMATE REWARDS® SUMMARY

| | | |
|---|---|---|
| Previous points balance | 321 | Start redeeming today. Visit Ultimate Rewards® at www.ultimaterewards.com |
| + 1 Point per $1 on all other purchases | 1,552 | |
| + 1 Point per $1 earned on dining | 67 | |
| + Bonus points on Ultimate Rewards Travel | 0 | |
| + Points transferred to another account | -321 | |
| = Total points available for redemption | 1,619 | |

As a Chase Sapphire customer you earn 1 point per dollar on all purchases, and an additional point for each dollar you spend when dining at restaurants. Plus, you earn an additional point per dollar spent when you book airfare and hotel accommodations online through Ultimate Rewards®. Learn more about your card benefits at www.chase.com/ultimaterewards

## BLUEPRINT SUMMARY

Here is a summary of your plan totals for this month:

| Full Pay | Split | Finish It | BLUEPRINT Payment | $123.86 |
|---|---|---|---|---|
| $66.94 | For details go to www.chase.com/blueprint | For details go to www.chase.com/blueprint | | NOTE: Pay this amount to stay on track with your Blueprint plan(s). This amount includes your minimum payment due, so only one payment is needed. |

See the BLUEPRINT Feature Activity section of this statement for more details on this month's activity.



**This Statement is a Facsimile - Not an original**

0000001 FIS33338 D 13     000  N Z 04  13/07/04     Page 1 of 2     06530   MA AMA .33847     1851000013000384701

Statement Date:   06/05/13 - 07/04/13
Account Number:   xxxx xxxx xxxx 6643
Page 2 of 3
OVER

## ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| | **PURCHASES** | |
| 06/03 | IKEA CENTENNIAL CENTENNIAL CO | 8.83 |
| 06/02 | THE HOME DEPOT 1501 AURORA CO | 53.31 |
| 06/05 | BROCK & COMPANY - 352 MALVERN PA | 3.42 |
| 06/03 | HARBOR FREIGHT TOOLS 59 AURORA CO | 32.38 |
| 06/15 | SUSHI KATSU GREENWOOD VLG CO | 29.69 |
| 06/19 | CHEAPOAIR.COM AIR 888-793-4229 NY | 62.00 |
| 06/16 | AMERICAN AI 0017287055136 NEW YORK NY | 1,337.00 |
| | 070313 1 N      HKG      NRT | |
| | 2 N      NRT      LAX | |
| | 3 NX      LAX      DEN | |
| | 4 NO      DEN      ORD | |
| 06/22 | SUSHI KATSU GREENWOOD VLG CO | 25.00 |
| | **FEES CHARGED** | |
| 07/01 | LATE FEE | 25.00 |
| | TOTAL FEES FOR THIS PERIOD | $25.00 |
| | **INTEREST CHARGED** | |
| 07/04 | PURCHASE INTEREST CHARGE | 15.11 |
| | TOTAL INTEREST FOR THIS PERIOD | $15.11 |

Paul Wang's credit card statement. In June 2013 Plaintiff was not in the U.S.

$62 paid for insurance. $1337 paid for air tickets. All was paid by Paul Wang.

**2013 Totals Year-to-Date**

| | |
|---|---|
| Total fees charged in 2013 | $25.00 |
| Total interest charged in 2013 | $15.11 |

Year-to-date totals reflect all charges minus any refunds applied to your account.

## INTEREST CHARGES

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Balance Type | Annual Percentage Rate (APR) | Balance Subject To Interest Rate | Interest Charges |
|---|---|---|---|
| **PURCHASES** | | | |
| Purchases | 15.24% (v) | $1,206.28 | $15.11 |
| **CASH ADVANCES** | | | |
| Cash Advances | 19.24% (v) | -0- | -0- |
| **BALANCE TRANSFERS** | | | |
| Balance Transfer | 15.24% (v) | -0- | -0- |

(v) = Variable Rate

30 Days in Billing Period

Please see Information About Your Account section for the Calculation of Balance Subject to Interest Rate, Annual Renewal Notice, How to Avoid Interest on Purchases, and other important information, as applicable.

## BLUEPRINT FEATURE ACTIVITY

 **Full Pay**

**Full Pay Payment Due: $66.94**

Below is your spending in your Full Pay categories. You can avoid interest when you pay those purchases in full each month, even when you carry a balance. Remember, you can change your categories any time.

| Full Pay Category | Category Spending | Number of Transactions |
|---|---|---|
| Restaurants | $66.94 | 4 |
| Department/Clothing Store | $0.00 | 0 |
| Drugstores | $0.00 | 0 |
| Entertainment | $0.00 | 0 |
| Gas Stations | $0.00 | 0 |
| Grocery Stores | $0.00 | 0 |
| Health Club/Memberships | $0.00 | 0 |
| Dry Cleaner/Laundromats | $0.00 | 0 |
| Office Supply Stores | $0.00 | 0 |
| Salon/Beauty Supply | $0.00 | 0 |
| Transit | $0.00 | 0 |
| Utilities | $0.00 | 0 |
| Wholesale/Discount Club | $0.00 | 0 |
| All Blink Purchases | $0.00 | 0 |
| Total | $66.94 | |

· 11

This Statement is a Facsimile Not an Original

X  0000001  FIS33338 D 13        000   N   Z   04   13/07/04        D6530   MA MA  33847        1851000013000338470Z

Page 2 of 3

EXHIBIT 2

3/10/22, 9:21 AM

ORIS - PROD

ORIS - PROD - Version 4.1.0.38439

| Home | Organization | Policy | Claims | Reports | Accounting | Activities | Utilities |

RPOLICELL
Log Out

Claim: 201A713842-1    Policy: 201A713842

[Return]    Connections: 201A713842-1 ∨    / CLOSED / Trip Interruption ∨

Insured:    
Plan: 201A - cheapOair Base (TXS-cOaBase)    Opened: jbotelho (09/06/2013)    Travel Dates: 07/03/2013 - 09/12/2013    Branch: FAREPORTAL INC (32-0493)
Benefit: Trip Interruption (TI)    Closed: dmcnally (09/17/2013)    Application Date: 06/18/2013    Reserve Available: 0.00
    Loss Date: 08/31/2013    Effective Date: 06/19/2013    EOC Num: 201A-0112    Admin Overview: Not Available

**View**
Claim Info
Policy Connections (0)
**Activities (17) »**
Documents (11)
Tasks (0/3)
Notes (0)
Workflows (0)
Policy Summary
Events (9)
Payees (0)

**Actions**
Change Status
Add Payment
Add Recovery
Authorize Payments (3)
Delete Claim

**Activities**
Ref Num: (all) ∨    Activity Type: (all) ∨

| Created | Context | Ref Num | Acty Type | Title | Details | Email Subject | Email To | Email Body | Document(s) | Operator | Actions |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | Add Activity |
| 12/15/2021 01:10 PM | Claim | 201A713842-1 | Miscellaneous | Miscellaneous | Documents from file have been uploaded. | | | | Copy of RA Sheets & Notes from Examiner (394883).pdf TINM Form (394884).pdf Email from Mukesh Thakur (394885).pdf Emails from Paul Wang (394886).pdf CC Statement (394887).pdf Police Report (394888).pdf | Sarah Williams | |
| 12/15/2021 09:59 AM | Claim | 201A713842-1 | Review | Note to File | File retrieved from to storage. File contents to be scanned to ORIS and original file to be held in the office. No action needed regarding subpoena at until received. | | | | | Mamie English | |
| 12/07/2021 01:18 PM | Claim | 201A713842-1 | Review | Note to File | Emailed management regarding possible subpoena. | | | | | Debbie McNally | |
| 12/07/2021 01:11 PM | Claim | 201A713842-1 | Incoming Email | CL-Legal | Dec. 7, 2021 Email from Paul Wang

Hello Traveler,

Please preserve all documents for Policy #: 201A713842
We will be sending subpoena for all documents and cashed check copies/information soon for a federal lawsuit.

Thanks. | | | | FW Auto Reply RE EXTERNAL Re Policy # 201A713842 Correspondence Letter (Thread #07455) (393180).pdf | Cindy Dungavel | |

3/10/22, 9:21 AM

2/3

ORIS - PROD

| Date | Type | Claim/Policy # | Activity | Category | Description | Debbie McNally | Cindy Dungavel | Brenda Lupton | Melissa Charko | Emmanuel Kimenyi |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/14/2021 11:23 AM | Claim | 201A713842-1 | Review | Note to File | Paul — show less — Management has already been advised of the email received from Paul Wang. Transamerica is being contacted as per CT's activity below. Emailed CT to advise an email is now submitted from lawyer. | | FW EXTERNAL Legal Hold - Re Policy # 201A713842 {3681611}.pdf | | | |
| 07/14/2021 11:17 AM | Claim | 201A713842-1 | Incoming Email | CL-Legal | July 14, 2021 Email from Azizpour Donnelly, LLC | | | | | |
| 07/14/2021 11:16 AM | Policy | 201A713842 | Incoming Email | CL-Legal | From: Cassandra Timms Sent: Wednesday, July 14, 2021 11:15 AM To: Angela Madathil Cc: TIS Reviews ; CC Supervisor Subject: RE: [EXTERNAL]Policy #: 201A713842 Correspondence Letter - claims documentation request — Good morning Angela — We are aware of an inquiry from an individual by the name of Paul Wang and his attorney. This is not the insured on this policy, so are unable to provide policy/claim details. We will be consulting Transamerica. Thanks for providing the heads-up. Cass — Cassandra Timms Vice President | A&S Operations T: 905.523.5996 x1353 | F: 866.551.1704 | TF: 800.465.0661 x1353 ctimms@orican.com Old Republic Canada | Old Republic Insurance Group 100 King St W., Hamilton, ON L8N 3K9 www.orican.com show less | | | RE EXTERNAL Policy # 201A713842 Correspondence Letter - claims documentation request {3681541}.msg | | |
| 09/12/2021 04:36 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Insured's friend called to ask about status of claim. He asked if payment was issued. Explained that yes, however I cannot release details as I can only provide to insured directly. He advised that this person has filed lawsuit against him. Apologized but advised legally without written auth I cannot provide at this time. He wanted me to note that they may have to subpoena records for lawsuits. Advised would note file. show less | | | | | |
| 09/18/2013 06:02 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Insured boyfriend called for status. I adv check issued Sept 17th. He insisted on the amount.I adv to have the insured contact us. | | | | | |

3/10/22, 9:21 AM

## ORIS - PROD

| Date/Time | Type | Claim # | Activity | Status | Description | Correspondence | Name |
|---|---|---|---|---|---|---|---|
| 09/17/2013 11:02 AM | Claim | | | | | | Cindy Dungavel |
| 09/17/2013 09:32 AM | Claim | 201A713842-1 | Incoming Mail | CL-Insured / File to Checking | Sept 17, 2013 Note from Mukesh Thakur TICKET COST IS $1346.00. INSURANCE IS NON-REF. UNUSED RETURN TICKET IS $673.00. ALSO – POLICY IS FOR XINGFEI LUO. ALL DOCS ON FILE RELATE TO THIS PERSON. PAYMENT IS TO THE INSURED. THERE IS NO AUTH ON FILE TO PAY A THIRD PARTY. show less | | Debbie McNally |
| 09/12/2013 08:40 AM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 11, 2013 Note from Paul Wang CC Stat ement | | Cindy Dungavel |
| 09/11/2013 02:34 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Paul called to check status. Advised requesting POP. He advised insured hasnt returned home and has cancelled return ticket. | | Maja Dodik |
| 09/10/2013 01:39 PM | Claim | 201A713842-1 | Outgoing Letter | CL-Insured | Emailed correspondence to student007@hotmail.com requesting proof of payment for TINM -- if insured incurred a change fee as passport was stolen. No pop on file. Just police report. emailed fanportal file to pending. | Correspondence Merge(TTR00)1 - Blank with Token(t)- ENGLISH.docx | Brittany Bienker |
| 09/06/2013 09:43 PM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 5, 2013 Email from Insured TINM Form Police Report Email from Insured Email from CheapOair | | Jennifer Botelho |
| 09/04/2013 04:52 PM | Policy | 201A713842 | Incoming Call | CL-Insured | Insured called with general process questions – advised. Advised claim forms sent by e-mail not yet registered. | | Robert Steele |
| 09/03/2013 03:40 PM | Policy | 201A713842 | Outgoing Email | CL-Claim Form Sent | Claim initiated. Paul requested TINM emailed to: student007@hotmail.com. He advised passport was stolen. Advised of report. | Correspondence Merge(FORM- PKG010A--Trip Interruption Non-Medical)- ENGLISH.docx | Maja Dodik |

App. 023

EXHIBIT 3

*S01A713842*

**Shelly Fozard**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Thursday, September 05, 2013 5:28 PM |
| **To:** | Shelly Fozard; Cindy Dungavel |
| **Subject:** | FW: CheapOair.com Booking # 16641208 |

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Thursday, September 05, 2013 5:24 PM
**To:** TravelexClaims
**Subject:** Fwd: CheapOair.com Booking # 16641208

This is regarding the claim for booking number 16681208. The attached email is from cheapoair confirming the cancellation of reservation.

Paul

Sent from my Samsung Galaxy Note® II

-------- Original message --------
**From:** cheapoair@cheapoair.com
**Date:** 09/05/2013 3:20 PM (GMT-07:00)
**To:** stealthzeus@gmail.com
**Subject:** CheapOair.com Booking # 16641208

Dear ▮▮▮▮

Thank you for choosing CheapOair.com.

This is in reference to booking #16641208
As per our telephone conversation, we would like to reconfirm the following details:
The ticket you have purchased is non-refundable but can be changed with a penalty of $103.00 plus difference in fare if any. The Changes have to be made prior to the departure date. We have cancelled the return reservation as per your request.
Please reply to this email to confirm this conversation.

Thank You,
CheapOair.com

**Shelly Fozard**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Wednesday, September 04, 2013 4:29 PM |
| **To:** | Shelly Fozard |
| **Cc:** | Cindy Dungavel |
| **Subject:** | FW: Booking Number 16641208 Trip Interruption Claim |
| **Attachments:** | OpheliaClaim023.pdf |

**From:** Paul Wang [mailto:student007@hotmail.com]
**Sent:** Wednesday, September 04, 2013 4:25 PM
**To:** TravelexClaims; Me Haha
**Subject:** Booking Number 16641208 Trip Interruption Claim

Hi,

I am claiming trip interruption for booking number 16641208 due to theft of passport.
Please find the form and police report attached. Please let me know what else we need to provide.

Thank you.

Paul

EXHIBIT 4

*201A713842*

**Cindy Dungavel**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Wednesday, September 11, 2013 3:46 PM |
| **To:** | Shelly Fozard; Cindy Dungavel |
| **Subject:** | FW: Credit card statement |
| **Attachments:** | creditcard.pdf |

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Wednesday, September 11, 2013 2:59 PM
**To:** TravelexClaims
**Subject:** Fwd: Credit card statement

Hi, this is regarding booking number 16641208. In the attached statement there are two transactions. One for the tickets, $1337, the other for the insurance $62.

Paul

Sent from my Samsung Galaxy Note® II

EXHIBIT 5

21

Case 1:20-cv-02765-RMR-MEH   Document 215   Filed 09/21/22   USDC Colorado   Page 48 of 161
Appellate Case: 22-1302      Document: 010110742985      Date Filed: 09/21/2022      Page: 30

Case 1:20-cv-02765-RMR-MEH   Document 194  Filed 09/12/22   USDC Colorado   Page 22 of 30

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| Xingfei Luo | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:20-cv-02765-RMR-MEH |
| Paul Wang | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        JPMorgan Chase Bank, N.A.
c/o CT Corporation Systems (700 Kansas Lane, Mail Code LA4-7300, Monroe, LA 71203)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents, communications or other tangible things related to the check #4410030999 issued on Sep 17, 2013 by Stonebridge Casualty Insurance Company Claims Administration Office (4600 Witmer Industrial Estates, Suite 6, Niagara Falls, NY 14305.)

| Place: Electronic service is required to co20_2765@mail.com | Date and Time: <br><br> 10/11/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/11/2022

     *CLERK OF COURT*            OR

    _____          _____
     *Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Xingfei Luo
_____, who issues or requests this subpoena, are:

PO BOX 4886, El Monte, CA 91734; co20_2765@mail.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 6

23

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| XINGFEI LUO | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:20-cv-02765-RMR-MEH |
| PAUL WANG | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   County of Los Angeles, Sheriff's Department, Los Angeles Civil Process Branch, 110 N. Grand Ave., Room 525, Los Angeles, California 90012

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Xingfei Luo's electronic data, including but not limited to call logs, device locations, passwords, searched items, web history, texts, databases, documents, user accounts, calendar, emails, photographs, bank information, videos, and audio, as described in ███████████████████████, attached.

| Place: County of Los Angeles, Sheriff's Department, Los Angeles Civil Process Branch, 110 N. Grand Ave., Room 525, Los Angeles, California 90012 | Date and Time: <br><br> 09/20/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/06/2022

| | |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | /s/ Katayoun A. Donnelly |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     (Paul Wang)
Katayoun Donnelly, Azizpour Donnelly LLC _____ , who issues or requests this subpoena, are:
2373 Central Park Blvd., Suite 100, Denver, Colorado 80238, katy@kdonnellylaw.com, (720)675-8584

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 7

25



1

2

3

4

5

6

7

8

9     **F.**     **Issues about disclosure, discovery, or preservation of electronically**

10          **stored information, including the form or forms in which it should be**

11          **produced**

12     The Los Angeles County Sherriff's Department is in possession of a copy of

13 some of the contents of ███ cell phone, which was created using a proprietary

14 forensic software. The data is unreadable without proprietary software used by law

15 enforcement. That copy of data is in evidentiary storage and Defendants are currently

16 enjoined from accessing or doing anything with that evidence, pursuant to this

17 Court's order dated ████████. (See Docket No. 54.) ████ ██ ██

18

19

20

21

22

23

24

25

26 ///

27 ///

28 ///

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

22240

26

**DEFENDANTS' CASE MANAGEMENT REPORT**

EXHIBIT 8

27

Case 1:20-cv-02765-RMR-MEH   Document 194   Filed 09/12/22   USDC Colorado   Page 28 of 30



## Re: Notice of Deposition and Subpoena

| | |
|---|---|
| **From:** | co20_2765@mail.com |
| **To:** | katy@kdonnellylaw.com |
| **Cc:** | "Katayoun Donnelly" <katy@kdonnellylaw.com> |
| **Date:** | Sep 4, 2022 4:55:20 PM |

Attached please find plaintiff's request for service of interpreter.
I will be filing two motions to (1) quash your subpoena to LASD and (2) quash your deposition subpoena and for a protective order requiring defendant to pay plaintiff's travel costs, including but not limited to airfares, hotel, ground transportation, and meals.
In order to engage in meaningful conferral, please provide the following information regarding your subpoena to LASD:
call logs: what time frame, what subject, calls to and from whom

device locations: what time frame for what purposes

passwords: what specific passwords for what purposes

searched items: what time frame, what subject, for what purposes

web history: what time frame, what subject, for what purposes

texts: what time frame, what subject, texts to and from whom

databases: : what specific data for what purposes

documents: : what specific documents for what purposes

user accounts: what specific user accounts for what purposes

calendar: what time frame for what purposes

emails: what time frame, what subject, emails to and from whom

photographs: what specific photographs for what purposes

bank information: what specific bank for what purposes

videos: what specific videos for what purposes

audio: what specific audio for what purposes

Please let me know your position.

Thank you.

**Sent:** Sunday, September 04, 2022 at 2:45 PM
**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>
**Cc:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**Subject:** Notice of Deposition and Subpoena

Good afternoon,

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

JANE DOE,

      Plaintiff,

v.

PAUL WANG,

      Defendant.

---

## RESPONSE TO MOTIONS TO QUASH SUBPOENA
### (DOCS. 193 AND 194)

      Mr. Paul Wang, by and through his undersigned counsel, responds to Ms. Luo's motion to quash the subpoena served on Los Angeles Sherriff Department (LASD). It appears that Ms. Luo's submissions in Docs. 193 and 194 have identical content. As such Mr. Wang combines his responses to both below.

      In her request to quash Mr. Wang's subpoena, which requests that LASD produce the data copied from Ms. Luo's cellphone in LASD's possession, Ms. Luo seems to assert three reasons for her request:[1]

- Inconvenience, undue burden, and expenses imposed on the third party.
- Relevance.

---

[1]Considering the cost of responding to this motion, Mr. Wang renews his request for disclosure of the identity of the author of Ms. Luo's motions. *Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) ("We hold today, however, that any ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved.").

1

- Vague assertion of a potential privacy right.[2]

Per FRCP 26(b)(2)(C), on motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is **more convenient, less burdensome, or less expensive**; (ii}the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is **outside the scope permitted by Rule 26(b)(l)**.

Document 194, p. 1 (emphasis in original).

Defendant's catch-all subpoena with no time and scope is overly broad, vague, ambiguous, confusing, harassing, and oppressive as it seeks information that is unlikely to lead to the discovery of admissible evidence. It also seeks the disclosure of privileged and confidential information, including information is protected by court orders and Plaintiffs right of privacy. It also seeks the disclosure of information that would violate the right of privacy of Plaintiffs family members, friends, and co-workers. It further seeks information already. obtained or obtainable from sources that are more convenient, less burdensome, or less expensive, as set out in the Federal Rules of Civil Procedure.

*Id.,* pp. 3-4.

***Applicable Legal Standards***

Rule 45 governs the issuance of subpoenas during litigation. Rule 45(a) allows a party to issue a subpoena commanding a person to produce designated documents at a specified time and place. Fed. R. Civ. P. 45(a)(1)(iii). "The scope of material obtainable pursuant to a Rule 45 subpoena is as broad as what is otherwise permitted under Rule 26(b)(1)." *In re Kleimar N.V. v. Benxi Iron & Steel Am., Ltd.*, 2017 WL 3386115, at *7 (N.D. Ill. Aug. 7, 2017) (internal quotation marks and citation omitted).

---

[2] Ms. Luo's inaccurate allegations regarding the subpoena to the insurance company and Mr. Wang's child's age are not relevant to the analysis of the motion to quash. Mr. Wang reserves the right to address them at a later appropriate time.

2

Rule 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Under Rule 45(d), the district court on timely motion must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). A burden is considered undue when "the burden of compliance would exceed the benefit of production of the material sought by [the subpoena]." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). To assess whether such an undue burden exists, the court considers numerous factors, including "the likelihood that compliance will result in production of the information, whether the discovery is unreasonably cumulative or duplicative, [and] whether the information sought is readily obtainable from another, more convenient, less burdensome (but equally reliable) source[.]" *Mosely v. City of Chi.*, 252 F.R.D. 421, 427 (N.D. Ill. 2008).

A party moving to quash has the burden of demonstrating that an undue burden exists. *Pac. Century Int'l, Ltd. v. Does*, 1-37, 282 F.R.D. 189, 193 (N.D. Ill. 2012). Ultimately, the decision whether to quash or modify a subpoena is within the discretion of the district court. *See Griffin v. Foley*, 542 F.3d 209, 223–24 (7th Cir. 2008); *Nw. Mem'l Hosp.*, 362 F.3d at 928.

### Ms. Luo's standing

As a general rule, a party to a lawsuit does not have standing to object to a subpoena issued a third party. *See e.g., In re Capuccio*, 558 B.R. 930, 933 (Bankr. W.D. Okla. 2016); *Shirazi v. Childtime Learning Center, Inc.*, 2008 WL 4792694 (W.D.Okla.2008) (unpublished

3

opinion); *Transcor, Inc., v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D.Kan.2003); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979). An exception to the general rule occurs where the challenging party asserts that a "personal right or privilege with respect to the material subpoenaed" exists. *Shirazi*, 2008 WL 4792694; Brown, 595 F.2d at 967.

As such, as to her assertions regarding inconvenience, undue burden, and expenses imposed on LASD, Ms. Luo has no standing to address them because she has failed to provide any explanation as to how LASD's compliance with the subpoena would impact *her*. *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 815 (N.D. Ill. 2015) ("[A] number of courts have held that generally, ... a party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden.") (citing cases); *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-CV-4161, 2017 WL 5478297, at *3 (N.D. Ill. Nov. 15, 2017) ("As a non-recipient of the subpoena, Plaintiff has no interest in any undue burden that compliance would require, and Plaintiff thus has no standing to object on that basis."); *Auto Owners Ins. Co*., 231 F.R.D. at 429 ("Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds."); *Parker v. Four Seasons Hotels, Ltd*., 291 F.R.D. 181, 187 (N.D. Ill. 2013) ("Relevance, burden or service objections fall to the subpoena's recipient to make.").

- Privacy

As to her assertion regarding privacy, Ms. Luo's vague and generic assertion of a privacy interest does not provide adequate information to allow Mr. Wang to properly respond. Further, it is not sufficient, as she is the plaintiff in this case and any information related to her claims and

4

Mr. Wang's defenses is discoverable. But even if she could establish a valid privacy interest, any such interest is already protected by the protective order in place in this case, Docs. 129, 131.

- Relevance

In addition, Ms. Luo has not provided any reason why the data copied from her cell phone, as listed in **Attachment 1**, pp. 4-6, is not relevant to the discovery of evidence related to her claims and Mr. Wang's defenses in this case. *See* Mr. Wang's discovery requests, **Attachment 2**; and Ms. Luo's responses, **Attachment 3**. The data stored in her cellphone (e.g., electronic data, including but not limited to call logs, device locations, passwords, searched items, web history, texts, databases, documents, user accounts, calendar, emails, photographs, bank information, videos, and audio) contains crucial evidence in this case. It contains the very information Ms. Luo has failed to disclose in her responses to Mr. Wang's discovery requests. *See* **Attachments 2 and 3**. It also contains information that she has repeatedly attempted to destroy. *See, e.g.*, **Attachment 4** (Ms. Luo's deposition testimony, admitting that she sold the phone that contained the data—evidence— soon after the Los Angeles Sheriff department returned it to her), pp. 34-35, 37; *see also id.*, 31-39, *passim* (demonstrating her litigation tactics, refusing to provide the relevant information during the deposition. This is consistent with her litigation conduct here, e.g., her assertion that she no longer has a copy of one of the most important pieces of evidence in response to the Court's inquiry as to her compliance with the order to produce the redacted or unredacted copy of Mr. Morgann Paraskvas's letter, which she posted on her blog).

Contrary to her assertion, the subpoenaed information is central to Mr. Wang's defenses, considering Ms. Luo's denial that she is the author of the blog Mr. Wang's comment was posted on. It will, among other things, establish that she did create the blog and therefore has

5

information about the date the comment was posted. It also contains information about the credential she has used to create the other blogs where she posted Mr. Wang's private information (including photos of him and his family and friends)—conduct similar to that which she was convicted for in *People v. Xingfei Luo*, Orange County Superior Court, Case. No. 19CM06724 (2022)—as well as information about the alleged rape in China, etc.—again showing that, contrary to the statements in her affidavit, she knew about both statements long before she filed this lawsuit.

Considering Ms. Luo's prior misrepresentations to this Court, such as her assertion that the information produced in the *Weamer* and *El Monte* litigations did not include the links to the statements at issue in this case—which was rebutted in the Declarations of Dawn Ceizler and Amanda Papac, Doc. 144, Exhibit 4 (Ceizler Decl.), ¶ 5; *id.*, Exhibit 5 (Papac Decl.), ¶ 5—and considering her litigation conduct in this and other cases, including refusing to provide defendants relevant information, this is the only reliable avenue for Mr. Wang to obtain the evidence essential to his defense. *See, e.g.,* Docs. 94, 107, 132, 144, 160, 162 and exhibits attached (providing documentation of Ms. Luo's litigation conduct).

Finally, contrary to Ms. Luo's assertion, Mr. Wang cannot subpoena the information from Cheeterland.com, which hosted her blog, https://cheeterland.com/paul-wang-highlands-ranch-co.html—the blog Mr. Wang commented on, *see* Doc. 144, Exhibit 4 (Ceizler Decl.), pp. 5-6 (WEAMER 0003-0004)—because Cheeterland.com has been down (last visited Sep. 17, 2022) and does not provide any information for service of subpoenas.

***Conclusion***

Based on the foregoing, the Court should deny Ms. Luo's motion to quash the subpoena.

Mr. Wang requests that the Court schedule a hearing on this matter to allow him to assist the

Court and respond to any questions the Court might have regarding this subpoena.

Respectfully submitted this 17th day of September 2022.

> */s/ Katayoun A. Donnelly*
> Katayoun A. Donnelly (#38439)
> Azizpour Donnelly, LLC
> 2373 Central Park Blvd., Suite 100
> Denver, CO  80238
> Tel. (720) 675-8584
> katy@kdonnellylaw.com
>
> *Attorney for Paul Wang*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 17, 2022, I served an electronic copy of the foregoing on the parties via CM/ECF and email.

<u>*/s/ Katayoun A. Donnelly*</u>
Katayoun A. Donnelly

8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| XINGFEI LUO | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:20-cv-02765-RMR-MEH |
| PAUL WANG | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   County of Los Angeles, Sheriff's Department, Los Angeles Civil Process Branch, 110 N. Grand Ave., Room 525, Los Angeles, California 90012

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Xingfei Luo's electronic data, including but not limited to call logs, device locations, passwords, searched items, web history, texts, databases, documents, user accounts, calendar, emails, photographs, bank information, videos, and audio, as described in ███████████████████████████, attached.

| Place: County of Los Angeles, Sheriff's Department, Los Angeles Civil Process Branch, 110 N. Grand Ave., Room 525, Los Angeles, California 90012 | Date and Time:<br><br>09/20/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/06/2022

| | |
|---|---|
|      *CLERK OF COURT* | |
| | OR |
| _____ | /s/ Katayoun A. Donnelly |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    (Paul Wang)
Katayoun Donnelly, Azizpour Donnelly LLC _____, who issues or requests this subpoena, are:
2373 Central Park Blvd., Suite 100, Denver, Colorado 80238, katy@kdonnellylaw.com, (720)675-8584

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:20-cv-02765-RMR-MEH

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

      **(i)** is a party or a party's officer; or

      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;

      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      **(iv)** subjects a person to undue burden.

   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

      **(i)** expressly make the claim; and

      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

SH-R-77 (RED TIP) REV. for MW2003 07/07

# COUNTY OF LOS ANGELES - SHERIFF'S DEPARTMENT

## SUPPLEMENTAL REPORT

**DATE:** ▓▓▓▓▓▓▓▓

**FILE NO:** ▓▓▓▓▓▓▓▓
**HTTF NO:** ▓▓▓▓▓▓▓▓

**ACTION TAKEN:** Active/ Evidence Examined

**C:**

**V:**

**S:** [REDACTED] L [REDACTED]

| Case Name: | [REDACTED] L [REDACTED] | | |
|---|---|---|---|
| ☒ Forensic Assist | | ☐ SCHTTF Case | |
| ☒ LASD | SVB | ☐ PD | ☐ Other |
| EVIDENCE: | | | |
| ☐ Desktop | ☐ CD's | ☐ Jazz Disks | ☐ Flash Drive |
| ☐ Laptop | ☐ DVD's | ☒ Cell Phones   1 | ☐ Photo Frames |
| ☐ Floppies | ☐ Zip Disks | ☐ PDA's | ☒ |

On **July 20th, 2019,** I started a cellphone examination of (1) one cellphones brought to our office by Detective ▓▓▓▓▓ the Los Angeles County Sheriff Department, Special Victims Bureau. Victim stated that

SH-R-77 (REDTIP) REV. for MW2003 07/07

**Item 001   Samsung      Model # S**▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**IMEI:**▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Phone Number: 702**▮REDACTED▮**9**
**EV-001**

I conducted an exterior examination of the cell phone. I took pictures of the cell phone. I charged and powered the cell phone. The cellphone was locked and in airplane mode. The cellphone did not contained a SIM Card or a Micro SD Card. The SIM holder was missing. The code was ▮REDACTED▮ and was provided by the I/O.

 I attached the cellphone to the lab computer; I used Cellebrite Forensic Software and completed an physical examination. I was able to download the following data from the cellphone:

Phone Data

| | | | | | |
|---|---|---|---|---|---|
| Autofill | 379 | Calendar | 139 | Call Log | 3805 |
| Chats | 1237 (344) | Contacts | 4034 | Cookies | 9469 |
| Device Events | 5 | Device Locations | 908 | Device Notifications | 6 |
| Device Users | 1 | Emails | 1822 | Installed Applications | 545 |
| MMS Messages | 176 | Notes | 186 | Passwords | 732 |
| Searched Items | 1504 | SMS Messages | 3064 | User Accounts | 375 |
| User Dictionary | 12172 | Web Bookmarks | 9 | Web History | 19550 |

SH-R-77 (RED TIP) REV. for MW2003 07/07

| Archives | 658 | Audio | 17343 | Configurations | 97 |
| Databases | 1062 | Documents | 275 | Images | 114368 |
| Text | 13598 | Videos | 2770 | | |

**Results:**

The Evidence was returned to the I/O.

The extracted information was downloaded onto a disk in a reader format to allow the I/O to review the data extracted, and find any evidence pertaining to his case.

| By: | Det. G. Groenow # 281412 | |
| Approved: | Sgt. P. Hish # | |
| Assg: | SVB | |

L18-7-19/mf

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

                 Plaintiff,

v.

PAUL WANG,

                Defendant.

---

## DEFENDANT'S FIRST SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFF

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, Defendant directs the following First Set of Written Discovery Requests (collectively, "Discovery Requests") to Xingfei Luo ("Plaintiff").

## INSTRUCTIONS

1. Please restate verbatim the request to which the response is directed immediately prior to each response.

2. Please use the definitions provided below in making each response. To the extent you object to any definition, please provide the alternative definition used in your responses.

3. If an interrogatory calls for an answer that involves more than one part, please make sure that each part your answers are clearly set out in subparts.

4. The expectation is that your responses are based upon information in the possession, custody, or control of Plaintiff, her attorneys, and/or her agents, investigators,

Case 1:20-cv-02765-RMR-MEH    Document 215    Filed 09/21/22    USDC Colorado    Page 70 of
161
Appellate Case: 22-1302    Document: 010110742985    Date Filed: 09/21/2022    Page: 52

Case 1:20-cv-02765-RMR-MEH    Document 203-2    Filed 09/17/22    USDC Colorado    Page 2 of
27

consultants, experts, or other representatives or information available to such persons or
representatives.

     5.    Please supplement your responses, as you obtain any additional information that
would correct, clarify, or otherwise modify your initial responses.

     6.    Please provide a copy of your written answers and objections, if any, to
Defendant's counsel, Katayoun Donnelly, Azizpour Donnelly LLC, 2373 Central Park Blvd. |
Suite 100, Denver | Colorado | 80238, Phone:(720) 675-8584, katy@kdonnellylaw.com, no
later than thirty (30) days from the date of service of this discovery.

     7.    If you object to any request based on claims of privilege or confidentiality,
please identify the factual and legal basis for each claim.  If you are required to provide a
privilege log based on your responses, please (1) identify each document for which the
privilege is claimed, together with (2) date, sender(s), recipient(s), (3) description of the
circumstances surrounding the communication as to which the privilege or claim of
confidentiality is being asserted, and (4) the legal basis for assertion of each claim.

# DEFINITIONS

1.      "And" and "or" shall be construed conjunctively or disjunctively as necessary in order to bring within the scope of the interrogatory all information that might otherwise be construed to fall outside its scope.

2.      "Communication" means every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information whether orally or by document, or whether face-to-face, by telephone, mail, email, personal delivery, or otherwise between any persons including, but not limited to, the parties in this action.

3.      "Complaint" refers to Plaintiff's Third Amended Complaint.

4.      "Claim for Relief" or "Claims for Relief" refer to Plaintiff's Claims for Relief as alleged in Plaintiff's Third Amended Complaint.

5.      "Document" means or refers to every original, draft, and duplicate of every writing and recording of every type and description, including, but not limited to, all writings, recordings, electronic or magnetic recordings or transmissions of information, and photographs, and all documents or tangible things, as those terms are used in Federal Rules of Civil Procedure.

6.      "Identify" or "describe" when used in reference to a person means to state his or her full name, present or last known business and home addresses, present or last known business and home telephone numbers, and relationship to you.

7.      "Identify" or "describe" when used in reference to a document means to state its type (e.g., letter, facsimile, memorandum, sales receipt), its subject matter, date, author(s), addressee(s), and recipient(s).

8.      "Identify" or "describe," when used in reference to an oral

3

communication or event, means to state the date on which it occurred, the identity of the speaker, the identity of each person who was present when it occurred, the substance of the communication, and the identity of each document which refers to or is related to the oral communication.

9.      "Plaintiff," "you," or "your" means Xingfei Luo, her legal counsel, and any other persons working on their behalf in both their individual and representative capacities.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person who supplied any factual information that is included in your responses to these discovery requests. For each person, please identify the interrogatories and/or requests for production for which that person supplied any information.

### INTERROGATORY NO. 2:

Have you or anyone on your behalf interviewed any individual concerning the allegations made in the Complaint or Mr. Wang's defenses thereto?

If so, for each individual state: (a) the name, address, and telephone number of the individual interviewed; (b) the date of the interview; and (c) the name, address, and telephone number of the person or entity who conducted the interview.

### INTERROGATORY NO. 3:

Identify all communications between you or anyone acting on your behalf and any other person or entity relating to the allegations made in the Complaint and Mr. Wang's defenses thereto. For each such communication, please: (a) identify to whom the statement was made; (b) state whether the statement was oral or written and, if oral, state whether the statement was recorded; (c) state when and where the statement was made; and (d) provide the name and address of all persons present when the statement was made.

**INTERROGATORY NO. 4:**

Identify every blog, forum, or other website or online forum on which you have posted and/or commented regarding Mr. Wang, or any matter related to the allegations made in your Complaint or Mr. Wang's defenses thereto. For each such blog/forum/website, identify the URL link, the first and last date you accessed the blog/forum/website, and the username/handle under which you made the post and/or comment.

**INTERROGATORY NO. 5:**

Other than your legal counsel in this above-captioned action, identify each person you have written or spoken to since 2012 regarding Mr. Wang and/or the allegations made in the Complaint.

**INTERROGATORY NO. 6:**

Identify all documents regarding Mr. Wang that you authored in full or in part or shared online.

**INTERROGATORY NO. 7:**

Identify any screen names, user names, e-mail addresses and/or aliases you have used and/or continue to use in connection with any communications or other writings you have authored or shared about Mr. Wang, or any matter related to the allegations made in your Complaint or Mr. Wang's defenses thereto.

**INTERROGATORY NO. 8:**

Other than your legal counsel in this above-captioned action, identify each person you have written or spoken to since 2012 regarding Mr. Chen Guochang.

**INTERROGATORY NO. 9:**

Identify all written documents that you authored in full or in part, including blogs; and all forums, or websites or online forums, on which you have posted and/or commented on matters related to your allegations in the Complaint regarding Mr. Chen Guochang (regardless of whether he is mentioned by name).

**INTERROGATORY NO. 10:**

Other than this lawsuit, identify all lawsuits, litigation, or other legal action in which you have been involved (as a plaintiff, defendant, or witness) in the past ten years. In your answer, please: identify (a) the first date you became involved in the lawsuit/litigation/legal action, (b) the jurisdiction and case number for each case, (c) the nature of the claims asserted by and/or against you, and (d) the resolution of the litigation.

**INTERROGATORY NO. 11:**

Identify each person or place you visited outside of the Denver area from the time you arrived in the United States in July 2013 until December 2013.

**INTERROGATORY NO. 12:**

Identify any and all individuals you or anyone acting on your behalf have communicated with regarding your report in 2013 of a stolen/lost passport.

**INTERROGATORY NO. 13:**

For each Request for Admission ("RFA") set forth below that you have failed to provide any response other than an unqualified admission, please: (a) state each and every fact, premise, or conclusion upon which you base your failure to unqualifiedly admit the RFA; (b) identify each and every document and/or piece of evidence that supports your denial or failure to unqualifiedly admit the RFA, in addition to any document and/or piece of evidence that supports and/or contradicts your answers provided in response to this

interrogatory; (c) identify each and every person who has knowledge of or information regarding the facts and/or documents identified in subparts (a) and (b) above, indicating which person has knowledge or information concerning each fact and/or document.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Produce all documents identified, referred to, or relied on to answer any of these Interrogatories.

### REQUEST FOR PRODUCTION NO. 2:

Produce any and all communications you, or anyone acting on your behalf, have had with Mr. Morgann Paraskevas and/or anyone acting on his behalf.

### REQUEST FOR PRODUCTION NO. 3:

Produce any and all communications you, or anyone acting on your behalf, have had with any law enforcement agency, insurance company, or other private or government institutions and/or anyone acting on their behalves regarding your claim of stolen/lost passport.

### REQUEST FOR PRODUCTION NO. 4:

Produce any and all communications you, or anyone acting on your behalf, have had with Guochang Chen and/or anyone acting on his behalf.

### REQUEST FOR PRODUCTION NO. 5:

Produce any and all communications you, or anyone acting on your behalf, have had withTomas Czodor and/or anyone acting on his behalf.

### REQUEST FOR PRODUCTION NO. 6:

Produce any and all communications you, or anyone acting on your behalf, have had

with Edward Weamer and/or anyone acting on his behalf.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all non-privileged documents and communications between you or anyone acting on your behalf and any other person or entity relating to the allegations made in the Complaint, this lawsuit, or Mr. Wang's defenses thereto.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all litigation holds and/or requests to preserve documents that you, or anyone acting on your behalf, have sent to anyone relating to this lawsuit.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all copies of any photographs, diagrams, films, or video that relate, in any way, to the allegations made in the Complaint and/or Mr. Wang's defenses thereto.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all journals, diaries, notes, letters, calendars, electronic mail, text messages, and all comments, posting and messages from all social media or business networking websites (including but not limited to Facebook, Twitter, LinkedIn, Google+, and YouTube) that relate to the allegations made in the Complaint, this lawsuit, and/or Mr. Wang's defenses thereto.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all written documents and/or online postings that you have authored in full or in part regarding Mr. Wang, this lawsuit, and/or Mr. Wang's defenses thereto.

**REQUEST FOR PRODUCTION NO. 12:**

Produce complete copies of all non-privileged investigation files related to the allegations made in the Complaint, this lawsuit, and/or Mr. Wang's defenses thereto.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents in support of your claims in the Complaint.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all statements you, or someone on your behalf, have made, electronically or otherwise, regarding or related to Mr. Wang.

**REQUEST FOR PRODUCTION NO. 15:**

Produce any and all communications and documents that you have received from, or provided to, any third party that relate in any way to the allegations made in the Complaint, Mr. Wang's defenses thereto, or this lawsuit.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that you, or someone with whom you communicated prior to publication, published the information attached to these Discovery Requests as Exhibit 1 (https://cheaterland.com/paul-wang-highlands-ranch-co.html), at p.1.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you, or someone with whom you communicated prior to publication, published the information attached to these Discovery Requests as Exhibit 2 (http://xingfeiluo.blogspot.com).

**REQUESTS FOR ADMISSION NO. 3:**

Admit that you, or someone with whom you communicated prior to publication, published the information attached to these Discovery Requests as Exhibit 3 (https://cserinusa.wordpress.com).

**REQUESTS FOR ADMISSION NO. 4:**

Admit that you, or someone with whom you communicated prior to publication,

published the information attached to these Discovery Requests as Exhibit 4

(https://pppwang.wordpress.com/).

**REQUEST FOR ADMISSION NO. 5:**

Admit that you, or someone with whom you communicated prior to publication,

published the information in:

https://www.reportacheater.com/paul-wang-colorado

https://reportedcheaters.co/31039/paul-wang-colorado

https://worstcheaters.com/paul-wang-colorado

https://www.complainboard.com/paul-wang-colorado

https://www.dirtyex.com/paul-wang-colorado

https://www.ripofflist.com/paul-wang-colorado

https://cheatersdiaries.com/paul-wang-colorado

https://www.iripoff.com/paul-wang-colorado

https://www.cheaterarchive.com/paul-wang-colorado

https://reportedcheaters.co/31039/paul-wang-colorado

http://xingfeiluo.blogspot.com/2018/11/xingfei-luo.html

https://morgannparaskevas.blogspot.com

**REQUEST FOR ADMISSION NO. 6:**

Admit that you did not use the United States to China leg of the roundtrip ticket Mr.

Wang purchased for you in 2013.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you received a check from an insurance company to reimburse you for the United States to China leg of the roundtrip ticket you did not use.

**REQUEST FOR ADMISSION NO. 8:**

Admit that in 2018 you contacted WordPress.com regarding https://morgann070.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you registered with Blogspot, or some other webhosting service, for the rights to use the URL http://xingfeiluo.blogspot.com.

Dated: April 4, 2022.

_/s/ Katayoun A. Donnelly_
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on April 4, 2022, I electronically served the foregoing **DEFENDANT'S FIRST SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFF** to the following email addresses:

Clarissa M. Collier
David J. Schaller
Wheeler Trigg O'Donnell LLP
collier@wtotrial.com
schaller@wtotrial.com

/s/ Katayoun A. Donnelly
Katayoun A. Donnelly

**EXHIBIT 1 TO DEFENDANT'S FIRST SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFF**



translestism →

## 1 thought on "Paul Wang, Highlands Ranch, CO"



**Paul Wang**
at 4:28 am

Xingfei "Ophelia" Luo is my classmate from middle school. We met for the first time in almost 20 years in a class reunion in China in October 2012, and started a long distance relationship. In the summer of 2013, I invited her to come visit me in the states. After living with her for a while, I started to find out more and more about her. She had hidden much from me, and her true personality was shown to both vindictive and vile. At the time we were supposed to be dating, she would constantly flirt with other men online. In August she left my place to go to New York to "visit her friends", who turned out to be another man she been dating online. I decided to break off the relationship with her. After about a month or two, she kept calling me to beg me to take her back. Being the nice person, I said okay, and took her back in. However, things were never back to normal. And our relationship was extremely strained to say the least. I originally purchased the round trip non refundable plane tickets for her to go back to China in early October, but she decided to stay in the US by any means. I don't have a problem with that, but she demanded that buy her a new ticket for departure after Xmas. I told her to buy her own ticket back. She later filed a false police report claiming her passport got stolen, and was issued a refund from the travel insurance company for half the ticket price. She used that refund to purchase a ticket to California. On the way to the airport, I once again broke up with her. This time I told her there's no chance we are getting back together.

After she went to California, she kept emailing and texting me, showing pictures of convertible she was riding in, or guns that her new boyfriend owns etc. I blocked her number and repeatedly told her in email response that I don't want to hear from her again. I don't want to have anything to do with such a crazy person.

A week later, I was at work when I was called into the HR department to explain some mysterious emails. Apparently someone created an email with my full name @163.net which is a free email service in China, and had been sending email's in my name to everyone I know, including my parents, friends, coworkers and my supervisor who is a female. In some of the emails was an attachedment of a photo that I immediately recognized as one of my most private pictures. This was a scanned Polaroid picture of a celebration of my 21st birthday in a gentleman's club in Dallas, Texas. It depicts me holding a naked porn star in a very compromised position, and the picture was signed by the porn star. I have never shown this picture to anyone. It had been kept in my private collection for sentimental reasons. I was in shocked but soon realized what happened and who sent those emails. It was Ophelia, who is the only person with unlimited access to all my personal properties when living at my house. She had stolen my private property and try to use it to make me look like a pervert. Fortunately everyone who knows me understood that these emails came from someone else. She was trying to get me into trouble but my company HR department stands by me and blocked this email address.

I confronted her via instance messages on a Wechat group for our classmates, and she uploaded the same picture to show that she was the one sending those emails. That's when I blocked her on Wechat as well and that was the last time I had any contact with this vile woman.

I got married in 2015, and have a young daughter now. Just a couple of days ago, a co worker called me and told me that when he searched for my name in google this page came up. I don't want my daughter or any one who doesn't know me came to this page to see this fabricated accusation without having the full context of what really happened. The cheater was her, not me.

If you have any questions regarding anything in this letter, you can contact me at my cell above. I will try to get this page removed from everywhere if it is possible. If not possible at least I can tell my side of the story.

Thanks

Paul

WEAMER 0004

**EXHIBIT 2 TO DEFENDANT'S FIRST SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFF**

# Xingfei Luo

**MONDAY, NOVEMBER 12, 2018**

## Xingfei Luo - victim of sexual harassment

Xingfei Luo, born in China, has tremendous and tracked financial experience in multiple industries. She is a huge fan of traveling and photography. She holds traditional values with great sense of ethics.

While Xingfei Luo was traveling alone in 2013 she met a man named Morgann Paraskevas in Rockville , MD. Morgann Paraskevas sent her invitation via couchsurfing as he wanted to host her when she's visiting DC. During her stay with Morgann Paraskevas he sexually harassed her and forced her to leave after she refused to show him her breast as his request. She left Morgann Paraskevas a negative review on couchsurfing and that's the beginning of her getting various threats from Morgann Paraskevas and his friends. In order to seek retaliation Morgann Paraskevas also spread false statement about her character.

For more about Morgann Paraskevas, search Morgann Paraskevas in Google.





### ABOUT ME

**Xingfei Luo**

View my complete profile

### BLOG ARCHIVE

▼ 2018 (1)

  ▼ November (1)

    Xingfei Luo - victim of sexual harassment

5/19/2020                                                                  Xingfei Luo









5/19/2020                                                                                    Xingfei Luo

# Home

Subscribe to: Posts (Atom)

Picture Window theme. Powered by Blogger.

**EXHIBIT 3 TO DEFENDANT'S FIRST SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFF**

# cserinusa

couchsurfing experience

IMAGE

# Paraskevas Morgann

| Case Number | Name | Date of Birth | Party Type | Court | Case Type | Case Status |
|---|---|---|---|---|---|---|
| | Paraskevas, Morgann C | | Defendant | Montgomery County Circuit Court | CIVIL | CLOSED |
| | Paraskevas, Morgann C | | Other | Montgomery County Circuit Court | CIVIL | CLOSED |
| | Paraskevas, Morgann C | | Defendant | Montgomery County Circuit Court | CIVIL | CLOSED |
| | Paraskevas, Morgann Claude | 10/1970 | Defendant | Rockville District Court | CR | Closed |
| | Paraskevas, Morgann | 10/1970 | Defendant | Rockville District Court | Traffic | Closed |
| | Paraskevas, Morgann | 10/1970 | Defendant | Rockville District Court | Traffic | Closed |
| | Paraskevas, Morgann | 10/1970 | Defendant | Rockville District Court | Traffic | Closed |
| | Paraskevas, Morgann | 10/1970 | Defendant | Silver Spring District Court 02 | Traffic | Closed |
| | Paraskevas, Morgann | 10/1970 | Defendant | Silver Spring District Court 02 | Traffic | Closed |
| | Paraskevas, Morgann | 10/1970 | Defendant | Silver Spring District Court 02 | Traffic | Closed |
| | Paraskevas, Morgann | 10/1970 | Defendant | Rockville District Court | Traffic | ACTIVE |
| | Paraskevas, Morgann | | Defendant | Rockville District Court | Child Abuse LW | Closed |
| | Paraskevas, Morgann | | Defendant | Rockville District Court | | |
| | Paraskevas, Morgann | | Defendant | Montgomery County Circuit Court | CIVIL | CLOSED |
| | Paraskevas, Morgann | | Plaintiff | Montgomery County Circuit Court | DOMESTIC | Closed |
| | Paraskevas, Morgann | | Plaintiff | Montgomery County Circuit Court | DOMESTIC | CLOSED |
| | Paraskevas, Morgann | 10/1970 | Defendant | Rockville District Court | CR | Closed |

CaseSearch will only display results for cases that exist and for which the case's existence or a person's identity is not protected i
Md.Rules 16-1001 through 16-1011.

Morgann Paraskevas, born in Oct 1970, was accused of child abuse. This scumbag used to host tons of female travellers and asked for casual intimacy. This scumbag usually targets foreign female travellers because he knows they are weak without family or friends in US. Some stupid weak travellers had sex with this jerk just for a free stay.

**May 6, 2014**        Posted in **Uncategorized**
[https://cserinusa.wordpress.com       Reply
/2014/05/06/paraskevas-
morgann/]

IMAGE

# Let's see what a funny jerk did



Privacy & Cookies: This site uses cookies. By continuing to use this website, you agree to their use.

To find out more, including how to control cookies, see here: **Cookie Policy**

Close and accept

Morgann Paraskevas, if you could take legal actions why didn't you do it in Sep? Why did you find out your money was stolen ten days after I left your place? Why could I come back home if you did file a police report? I didn't steal anything so bluffing didn't work for me. I already called police department 1st District Station (Rockville): 240-773-6070 and told them what happened. Why do you think you can bluff me just because you got my private information? I exactly know where you got it from. I look weak but not as weak as you thought. I have bunch friends in legal enforcement too.

**December 17, 2013**
[https://cserinusa.wordpress.com /2013/12/17/lets-see-what-a-funny-jerk-did/]

Posted in **Uncategorized**

Leave a reply

IMAGE

# Stupid threat doesnt work

Morgann Paraskevas
also where is my money?

Morgann Paraskevas
i can also contact DS which i havent done yet

Morgann Paraskevas
you are going to receive calls from the police force now if you dont take out this reference

**December 16, 2013**
[https://cserinusa.wordpress.com /2013/12/16/unnamed-qq-screenshot20131216190501-png/]

Posted in **Uncategorized**

Leave a reply

IMAGE

# Gio Navarrete, what do u want?



Gio Navarrete
active 3h ago

I'm sure he would probably want to kiss much more than your cheek and ear if you let him! hehe

Are you telling me this to try to make me jealous? hehe

if I host you are you going to let me kiss your cheek and

Privacy & Cookies: This site uses cookies. By continuing to use this website, you agree to their use.

To find out more, including how to control cookies, see here: **Cookie Policy**

Close and accept



**December 16, 2013**
[https://cserinusa.wordpress /2013/12/16/6-sc20131128-051146-png/]

Posted in **Uncategorized**
Leave a reply

IMAGE

# 5-sc20131129-221331.png



**December 16, 2013**
[https://cserinusa.wordpress /2013/12/16/5-sc20131129-221331-png/]

Posted in **Uncategorized**
Leave a reply

IMAGE

# 4-sc20131129-220834.png



Privacy & Cookies: This site uses cookies. By continuing to use this website, you agree to their use.

To find out more, including how to control cookies, see here: **Cookie Policy**

Close and accept



**December 16, 2013**   Posted in **Uncategorized**
[https://cserinusa.wordpress.com/ **Leave a reply**
/2013/12/16/4-
sc20131129-220834-png/]

IMAGE

# What did u want, Gio Navarrete?



**December 16, 2013**   Posted in **Uncategorized**
[https://cserinusa.wordpress.com/ **Leave a reply**
/2013/12/16/3-
sc20131128-063506-png/]

IMAGE

# 1-sc20131129-221558.png



Privacy & Cookies: This site uses cookies. By continuing to use this website, you agree to their use.

To find out more, including how to control cookies, see here: **Cookie Policy**

Close and accept



December 16, 2013                Posted in **Uncategorized**
[https://cserinusa.wordpress.com **Leave a reply**
/2013/12/16/1-
sc20131129-221558-png/]

IMAGE

# Threats dont work for me

December 16, 2013                Posted in **Uncategorized**
[https://cserinusa.wordpress.com **Leave a reply**
/2013/12/16/threats-dont-
work-for-me/]

IMAGE

# Morgann Paraskevas made a
# woman threaten me

I never met this woman, but obviously she's stupid enough and easy to be manipulated by

Privacy & Cookies: This site uses cookies. By continuing to use this website, you agree to their use.
To find out more, including how to control cookies, see here: **Cookie Policy**

Close and accept

**August 27, 2013**                    Posted in **Uncategorized**

**[https://cserinusa.wordpress.com**Leave a reply**

**/2013/08/27/morgann-**

**paraskevas-made-**

**a-woman-threaten-me/]**

Privacy & Cookies: This site uses cookies. By continuing to use this website, you agree to their
use.                                                              Close and accept

To find out more, including how to control cookies, see here: **Cookie Policy**

**EXHIBIT 4 TO DEFENDANT'S FIRST SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFF**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

            Plaintiff,

v.

PAUL WANG,

            Defendant.

---

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF WRITTEN DISCOVERY REQUESTS

---

Plaintiff Xingfei Luo ("Plaintiff"), by and through her undersigned counsel, hereby submits the following responses and objections to Defendant's First Set of Discovery Requests, pursuant to Federal Rules of Civil Procedure 33, 34 and 36.

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Plaintiff has made a reasonable and good faith effort to respond to those Discovery Requests that are intelligible in the context of this case, and are not otherwise objectionable. Plaintiff has not yet completed her investigation of the facts related to this case, interviewed all witnesses in connection with this case, or completed her discovery or preparation of the factual and legal issues in this case. Each of the following responses, therefore, is based upon information known to Plaintiff at this time and specifically known to her after a reasonable inquiry.

The responses contained herein are made in a good faith effort to supply documents presently in Plaintiff's possession, custody, or control, or factual information as it is presently known, but are in no way to be to the prejudice of Plaintiff in relation to further discovery, research, or analysis.

Plaintiff's Preliminary Statement and General Objections apply to each and every response given below and are incorporated by reference as though fully set forth in each of the following responses.

1.     Plaintiff objects to the Discovery Requests to the extent they seek to impose upon Plaintiff obligations and/or burdens greater than, or in contradiction to, those imposed by the Federal Rules of Civil Procedure.

2.     Plaintiff objects to the Discovery Requests as overly broad and unduly burdensome to the extent they purport to require Plaintiff to perform any unreasonable additional search or inquiry for documents or information. Plaintiff will undertake: (a) a reasonable and thorough search for documents or information maintained in her possession, custody, or control, in locations where documents or information responsive to the Discovery Requests are most likely to be found; and (b) a reasonable and thorough inquiry of those persons reasonably available to Plaintiff who are most likely to have knowledge of documents or information responsive to the Discovery Requests.

3.     Plaintiff objects to Requests for Production Nos. 1 –15 because each request for production that seeks "all," "any," "any and all" documents or an "entire" category of documents is overly broad, seeks information that is duplicative or cumulative of other documents that might contain some information related in some way to the topic, but in a remote or tangential

manner, or if found in a location within the company that would not be expected to maintain documents or information relevant to this matter, and on those bases, is unduly burdensome.

    4.    Plaintiff objects to any Request for Production that seeks documents that "refer to," "relate to," "reflect," or "pertain to" as vague, ambiguous, overly broad, and seeks information duplicative or cumulative of other documents or responses, or that might contain some information that "refer or relate to" in some way, or obliquely and inconsequentially referred, to the topic or issue, but in a remote or tangential manner, or found in a location within the company that would not be expected to maintain documents or information relevant to this case, and on those bases, is unduly burdensome.

    5.    Plaintiff objects to the production of any information or documents which fall within the scope of the attorney-client privilege, joint defense privilege, or other statutory or common law privileges, or which constitute protected work product. To the extent any information or documents are withheld because they are privileged or work product, Plaintiff will produce, with the documents requested or shortly thereafter, a privilege log providing information concerning the privileged nature of any documents withheld on that basis. Such materials protected from disclosure also would include communications between Plaintiff and her counsel made, and related work product created, subsequent to the filing of this action or in anticipation of and in connection with this action. Plaintiff assumes Defendant would not contest the privileged nature of such communications, just as Defendant would not contest such communications between Plaintiff and her counsel and related work product. Accordingly, such documents will not appear on any privilege log created in connection with this action. In the event that any document is produced or information is disclosed that is protected by any

privilege or the work product doctrine, such production or disclosure is inadvertent and shall not constitute a waiver of any claim of privilege or other protection.

6.     Plaintiff objects to the Discovery Requests to the extent they seek the disclosure of confidential information that is protected by Plaintiff's right of privacy or the disclosure of which would violate the right of privacy of Plaintiff's family members.

7.     Plaintiff objects to the extent the Discovery Requests seek information already obtained or obtainable from sources that are more convenient, less burdensome, or less expensive, as set out in the Federal Rules of Civil Procedure.

8.     Plaintiff objects to the extent the burden or expense of the Discovery Requests outweighs her likely benefit, as set out in the Federal Rules of Civil Procedure.

9.     In responding to the Discovery Requests, Plaintiff does not waive or intend to waive, but rather reserves the right to object on all appropriate grounds to the introduction of any evidence covered or referred to in the specific responses below.

10.     No incidental or implied admissions are intended by the individual responses below. The fact that Plaintiff has responded or objected to any Discovery Request shall not be deemed an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such interrogatory or request, or that such response or objection constitutes admissible evidence. The fact that Plaintiff has responded to any interrogatory or request is not intended to be, and shall not be construed as, a waiver by Plaintiff of any part of any objection to any interrogatory or request.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person who supplied any factual information that is included in your responses to these discovery requests. For each person, please identify the interrogatories and/or requests for production for which that person supplied any information.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff's counsel prepared her responses to these Discovery Requests and therefore, Plaintiff objects to this interrogatory as impermissibly seeking discovery of confidential work product, attorney-client privileged communications, and information gathered, prepared, or maintained in anticipation of litigation.

Subject to and without waiving these objections, Plaintiff herself supplied the factual information included in her responses to these Discovery Requests.

**INTERROGATORY NO. 2:**

Have you or anyone on your behalf interviewed any individual concerning the allegations made in the Complaint or Mr. Wang's defenses thereto? If so, for each individual state: (a) the name, address, and telephone number of the individual interviewed; (b) the date of the interview; and (c) the name, address, and telephone number of the person or entity who conducted the interview.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney client privilege or work product privilege. Currently, Plaintiff is not withholding any responsive information on the basis of this privilege. Plaintiff also objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr.

Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does

not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to

dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege

so Plaintiff will interpret this interrogatory as asking about those defenses.

Subject to and without waiving this objection, Plaintiff has not interviewed any

individual concerning the allegations made in the Complaint or Defendant's assertion of the

statute of limitations and absolute litigation privilege.

## INTERROGATORY NO. 3:

Identify all communications between you or anyone acting on your behalf and any other

person or entity relating to the allegations made in the Complaint and Mr. Wang's defenses

thereto. For each such communication, please: (a) identify to whom the statement was made; (b)

state whether the statement was oral or written and, if oral, state whether the statement was

recorded; (c) state when and where the statement was made; and (d) provide the name and

address of all persons present when the statement was made.

## RESPONSE TO INTERROGATORY NO. 3:

Plaintiff objects to this interrogatory to the extent it seeks to discover confidential work

product, attorney-client privileged communications, and information gathered, prepared or

maintained in anticipation of litigation. Plaintiff also objects to this interrogatory as vague,

ambiguous, and confusing to the extent it calls for responsive information related to "Mr.

Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does

not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to

dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret this interrogatory as asking about those defenses..

Subject to and without waiving this objection, other than her counsel, Plaintiff has discussed this lawsuit and the allegations she made in her Complaint with:

(a) Lucy Han and Allison Zhu (Plaintiff's therapist at Pacific Clinics in Rosemead, California)

(b) Ying Luo (Plaintiff's mother)

(c) Lixian Lu

For each of these individuals, the statements have been oral. With respect to the individual identified in subparagraph (a) the oral communications took place in person during therapy sessions as Pacific Clinics. With respect to the individuals identified in subparagraphs (b) – (c), the oral communications took place over the telephone or via Zoom videoconference. Plaintiff cannot recall the dates and time for all of these conversations as they span a ten-year period and were for the purpose of seeking advice, counsel, and comfort. Plaintiff's knowledge, these oral discussions were not recorded and no one was present except her and the other party during these conversations.

Other than with her counsel, Plaintiff has not had any communications or discussions with other individuals regarding Defendant's assertion of the statute of limitations and absolute litigation privilege.

**INTERROGATORY NO. 4:**

Identify every blog, forum, or other website or online forum on which you have posted and/or commented regarding Mr. Wang, or any matter related to the allegations made in your

Complaint or Mr. Wang's defenses thereto. For each such blog/forum/website, identify the URL link, the first and last date you accessed the blog/forum/website, and the username/handle under which you made the post and/or comment.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this request as vague and ambiguous as to the use of the term "forum" because reasonable minds could differ on the interpretation of that term. Plaintiff also objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret this interrogatory as asking about those defenses.

Subject to and without waiving these objection,

- Plaintiff has not posted and/or commented on any blog, "forum," or other website regarding Defendant.

- Plaintiff has not posted and/or commented on any blog, "forum," or other website regarding any of the matters alleged in her Complaint (i.e., she has not posted and/or commented online regarding her sexual assault by Chen Guochang, her lost passport, or Defendant's false statements regarding both of these issues).

- Plaintiff has not posted and/or commented on any blog, "forum," or other website regarding Defendant's assertion of the statute of limitations and absolute litigation privilege.

**INTERROGATORY NO. 5:**

Other than your legal counsel in this above-captioned action, identify each person you have written or spoken to since 2012 regarding Mr. Wang and/or the allegations made in the Complaint.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates her objections and responses to Interrogatory No. 3 as if fully set forth herein.

**INTERROGATORY NO. 6:**

Identify all documents regarding Mr. Wang that you authored in full or in part or shared online.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates her objections and responses to Interrogatory No. 4 as if fully set forth herein.

**INTERROGATORY NO. 7:**

Identify any screen names, user names, e-mail addresses and/or aliases you have used and/or continue to use in connection with any communications or other writings you have authored or shared about Mr. Wang, or any matter related to the allegations made in your Complaint or Mr. Wang's defenses thereto.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to

the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret that part of the interrogatory as asking about those defenses and has no responsive information.

Plaintiff also interprets this Interrogatory to call for the screen names, user names, e-mail addresses and/or aliases used for the posts and/or comments identified in Interrogatory No. 3, which there are none.

**INTERROGATORY NO. 8:**

Other than your legal counsel in this above-captioned action, identify each person you have written or spoken to since 2012 regarding Mr. Chen Guochang.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory to the extent it seeks to discover confidential work product, attorney-client privileged communications, and information gathered, prepared or maintained in anticipation of litigation.

Subject to and without waiving this objection, other than her counsel, Plaintiff has spoken to the following individuals regarding Mr. Chen Guochang:

(a) Lucy Han and Allison Zhu (Plaintiff's therapists at Pacific Clinics in Rosemead, California). With respect to Plaintiff's therapists at Pacific Clinics, Plaintiff has not discussed the specifics of her assault, but has shared with her therapists that Defendant falsely accused Mr. Chen Guochang of sexual assault.

(b) Ying Luo (Plaintiff's mother)

(c) Defendant

(d) Donglun Li (Plaintiff's attorney in China)

(e) Agents for the Tiane District Suboffice of Guangzhou Public Security Bureau

**INTERROGATORY NO. 9:**

Identify all written documents that you authored in full or in part, including blogs; and all forums, or websites or online forums, on which you have posted and/or commented on matters related to your allegations in the Complaint regarding Mr. Chen Guochang (regardless of whether he is mentioned by name).

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this interrogatory to the extent it seeks to discover confidential work product, attorney-client privileged communications, and information gathered, prepared or maintained in anticipation of litigation.

Subject to and without waiving this objection, and other than documents related to this lawsuit while Plaintiff was appearing pro se, Plaintiff has not authored any documents regarding Mr. Chen Guochang sexually assaulting her.

**INTERROGATORY NO. 10:**

Other than this lawsuit, identify all lawsuits, litigation, or other legal action in which you have been involved (as a plaintiff, defendant, or witness) in the past ten years. In your answer, please: identify (a) the first date you became involved in the lawsuit/litigation/legal action, (b) the jurisdiction and case number for each case, (c) the nature of the claims asserted by and/or against you, and (d) the resolution of the litigation.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this interrogatory to the extent it seeks information that is not relevant to the claims or defenses of any party. Plaintiff also objects to this interrogatory to the extent it

requires Plaintiff to re-produce information that Defendant already has in his possession. Finally, Plaintiff requests to this request as overbroad in that it covers a ten year period.

Subject to and without waiving these objections, and subject to the confidentiality protection of the Court's Protective Order, Plaintiff refers Defendant to Defendant_000018-000019 and identifies an additional legal action that Plaintiff filed on ▇▇▇▇▇▇ in California state court as Case ▇▇▇▇▇▇▇▇▇. The nature of the claims asserted are defamation. The case is currently pending.

**INTERROGATORY NO. 11:**

Identify each person or place you visited outside of the Denver area from the time you arrived in the United States in July 2013 until December 2013.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this Interrogatory as vague and ambiguous in that it does not define the phrase "Denver area" and reasonable minds could differ as to what constitutes the "Denver area." Plaintiff further objects to this Interrogatory as overbroad in that it seeks to discover Plaintiff's whereabouts anywhere outside the "Denver area" over a five month period. Plaintiff also objects because this Interrogatory seeks information that is not relevant to the claims or defenses of any party as required under Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff's whereabouts has no tendency to make a fact at issue in this case more or less probably than it would be without the evidence. Equally so, Plaintiff's whereabouts during any period of time is not of consequence in determining the action. This action involves allegations of defamation and libel—neither of which require the determination of either party's whereabouts during a given time. Finally, Plaintiff objects because this interrogatory invades her privacy without a stated

legitimate basis and reason for doing so. Therefore, Plaintiff will stand on her objections and without further explanation as to the relevancy of this information or what constitutes the "Denver area", will not provide this information.

**INTERROGATORY NO. 12:**

Identify any and all individuals you or anyone acting on your behalf have communicated with regarding your report in 2013 of a stolen/lost passport.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this interrogatory to the extent it seeks to discover confidential work product, attorney-client privileged communications, and information gathered, prepared or maintained in anticipation of litigation.

Subject to and without waiving this objection, other than her counsel, Plaintiff has only communicated with Defendant and the Aurora Police Department regarding her lost passport.

**INTERROGATORY NO. 13:**

For each Request for Admission ("RFA") set forth below that you have failed to provide any response other than an unqualified admission, please: (a) state each and every fact, premise, or conclusion upon which you base your failure to unqualifiedly admit the RFA; (b) identify each and every document and/or piece of evidence that supports your denial or failure to unqualifiedly admit the RFA, in addition to any document and/or piece of evidence that supports and/or contradicts your answers provided in response to this interrogatory; (c) identify each and every person who has knowledge of or information regarding the facts and/or documents identified in subparts (a) and (b) above, indicating which person has knowledge or information concerning each fact and/or document.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and vague, and to the extent it calls for information protected by the attorney-client privilege and/or work-product doctrine. Defendant further objects to this interrogatory because the phrase "supplied any factual information that is included in your responses to these discovery requests" is vague and ambiguous inasmuch as it is undefined and subject to a multitude of meanings.

Subject to and without waiving these objections, Plaintiff has produced all non-privileged information and documents that she has in her possession, custody, and control that may relate to her responses to the RFAs with her initial disclosure and in response to the preceding Interrogatories and below Requests for Production.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents identified, referred to, or relied on to answer any of these Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff refers Defendant to the documents produced with her Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all communications you, or anyone acting on your behalf, have had with Mr. Morgann Paraskevas and/or anyone acting on his behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this request to the extent it seeks communications protected by the attorney-client privilege and work product doctrine. Currently, Plaintiff is not withholding any responsive information on the basis of these privileges. Plaintiff also objects to this request as

14

overbroad in that it seeks all communication that Plaintiff has had with a third party at any point in time regardless of whether those communications bear any relation to the claims or defenses of any party in this case.

Subject to and without waiving these objections, Plaintiff has no responsive communications with Mr. Morgann Parakevas regarding the allegations in her Complaint or her claims against Defendant.

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all communications you, or anyone acting on your behalf, have had with any law enforcement agency, insurance company, or other private or government institutions and/or anyone acting on their behalves regarding your claim of stolen/lost passport.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this request to the extent it seeks communications protected by the attorney-client privilege and work product doctrine. Currently, Plaintiff is not withholding any responsive information on the basis of these privileges.

Subject to and without waiving these objections, Plaintiff refers Defendant to the police report she filed with the Aurora Police Department regarding her lost passport produced contemporaneously herewith as [Plaintiff_000059-64]. Plaintiff, however, has issued a third party subpoena to Travelex and will supplement this Response with any responsive documents that Travelex produces.

**REQUEST FOR PRODUCTION NO. 4:**

Produce any and all communications you, or anyone acting on your behalf, have had with Guochang Chen and/or anyone acting on his behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this request to the extent it seeks communications protected by the attorney-client privilege and work product doctrine. Currently, Plaintiff is not withholding any responsive information on the basis of these privileges.

Subject to and without waiving this objection, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 5:**

Produce any and all communications you, or anyone acting on your behalf, have had with Tomas Czodor and/or anyone acting on his behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff objects to this request to the extent it seeks communications protected by the attorney-client privilege and work product doctrine. Currently, Plaintiff is not withholding any responsive information on the basis of these privileges. Plaintiff also objects to this request as overbroad in that it seeks all communication that Plaintiff has had with a third party at any point in time regardless of whether those communications bear any relation to the claims or defenses of any party in this case.

Subject to and without waiving these objections, Plaintiff has no responsive communications with Mr. Tomas Czodor regarding the allegations in her Complaint or her claims against Defendant.

**REQUEST FOR PRODUCTION NO. 6:**

Produce any and all communications you, or anyone acting on your behalf, have had with Edward Weamer and/or anyone acting on his behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to this request to the extent it seeks communications protected by the attorney-client privilege and work product doctrine. Currently, Plaintiff is not withholding any responsive information on the basis of these privileges. Plaintiff also objects to this request as overbroad in that it seeks all communication that Plaintiff has had with a third party at any point in time regardless of whether those communications bear any relation to the claims or defenses of any party in this case.

Subject to and without waiving these objections, Plaintiff has no responsive communications with Mr. Edward Weamer regarding the allegations in her Complaint or her claims against Defendant.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all non-privileged documents and communications between you or anyone acting on your behalf and any other person or entity relating to the allegations made in the Complaint, this lawsuit, or Mr. Wang's defenses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff objects to this request to the extent it seeks communications protected by the attorney-client privilege and work product doctrine. Plaintiff also objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret that part of the interrogatory as asking about those defenses.

Subject to and without waiving these objections, Plaintiff and has no responsive documents or communications that are not subject to the attorney-client privilege.

## REQUEST FOR PRODUCTION NO. 8:

Produce all litigation holds and/or requests to preserve documents that you, or anyone acting on your behalf, have sent to anyone relating to this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Plaintiff objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege and or work product doctrine.

Subject to and without waiving this objection, Plaintiff possesses no responsive documents that are not subject to the attorney-client privilege.

## REQUEST FOR PRODUCTION NO. 9:

Produce all copies of any photographs, diagrams, films, or video that relate, in any way, to the allegations made in the Complaint and/or Mr. Wang's defenses thereto.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Plaintiff objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret that part of the interrogatory as asking about those defenses.

Subject to and without waiving this objection, Plaintiff refers Defendant to the photographs produced with her Initial Disclosures.

## REQUEST FOR PRODUCTION NO. 10:

Produce all journals, diaries, notes, letters, calendars, electronic mail, text messages, and all comments, posting and messages from all social media or business networking websites (including but not limited to Facebook, Twitter, LinkedIn, Google+, and YouTube) that relate to the allegations made in the Complaint, this lawsuit, and/or Mr. Wang's defenses thereto.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Plaintiff objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret that part of the interrogatory as asking about those defenses.

Other than Plaintiff's privileged communications with her counsel, Plaintiff has no responsive documents.

## REQUEST FOR PRODUCTION NO. 11:

Produce all written documents and/or online postings that you have authored in full or in part regarding Mr. Wang, this lawsuit, and/or Mr. Wang's defenses thereto.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Plaintiff objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the

statute of limitations and absolute litigation privilege so Plaintiff will interpret that part of the interrogatory as asking about those defenses.

Other than Plaintiff's privileged communications with her counsel, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 12:**

Produce complete copies of all non-privileged investigation files related to the allegations made in the Complaint, this lawsuit, and/or Mr. Wang's defenses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to this request as vague in that the phrase "investigation files" is undefined and subject to different interpretations. Subject to and without waiving this objection, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents in support of your claims in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to this request as overbroad in that it seeks all documents that could conceivably be construed as "support[ing]" Plaintiff's claims, even if only tangentially. Plaintiff also objects to this request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to her Initial Disclosures, Defendant_000001-000012, Defendant_000044, Defendant 000086-00089, and [Plaintiff_000059-65]. As with all of her discovery responses, Plaintiff will supplement this response with any responsive information she obtains during discovery.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all statements you, or someone on your behalf, have made, electronically or otherwise, regarding or related to Mr. Wang.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving these objections, Plaintiff incorporates her objections and responses to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 15:**

Produce any and all communications and documents that you have received from, or provided to, any third party that relate in any way to the allegations made in the Complaint, Mr. Wang's defenses thereto, or this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Plaintiff also objects to this request as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret that part of the interrogatory as asking about those defenses.

Subject to and without waiving these objections, Plaintiff produces contemporaneously herewith a verification of treatment received from her therapists at Pacific Clinics and the police

report that she filed with the Aurora Police Department regarding her lost passport [Plaintiff_000059-65]. As with all of her discovery requests, Plaintiff will supplement this responsive with any responsive documents or communications she receives through discovery.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that you, or someone with whom you communicated prior to publication, published the information attached to these Discovery Requests as Exhibit 1 (https://cheaterland.com/paul-wang-highlands-ranch-co.html), at p.1.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Plaintiff objects to this request for admission because seeks information that is not relevant to the claims or defenses of any party. Defendant has not answered Plaintiff's Complaint or asserted any counterclaims against Plaintiff. Therefore, the publisher of Exhibit 1 is irrelevant.

Subject to and without waiving these objections, Plaintiff denies this request.

### REQUEST FOR ADMISSION NO. 2:

Admit that you, or someone with whom you communicated prior to publication, published the information attached to these Discovery Requests as Exhibit 2 (http://xingfeiluo.blogspot.com).

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Plaintiff objects to this request for admission because seeks information that is not relevant to the claims or defenses of any party. Defendant has not answered Plaintiff's Complaint or asserted any counterclaims against Plaintiff. Therefore, the publisher of Exhibit 2 is irrelevant.

Subject to and without waiving these objections, Plaintiff denies this request.

## REQUEST FOR ADMISSION NO. 3:

Admit that you, or someone with whom you communicated prior to publication, published the information attached to these Discovery Requests as Exhibit 3 (https://cserinusa.wordpress.com).

## RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Plaintiff objects to this request for admission because seeks information that is not relevant to the claims or defenses of any party. Defendant has not answered Plaintiff's Complaint or asserted any counterclaims against Plaintiff. Therefore, the publisher of Exhibit 3 is irrelevant.

Subject to and without waiving these objections, Plaintiff admits that she published Exhibit 3.

## REQUEST FOR ADMISSION NO. 4:

Admit that you, or someone with whom you communicated prior to publication, published the information attached to these Discovery Requests as Exhibit 4 (https://pppwang.wordpress.com/).

## RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Plaintiff objects to this request for admission because seeks information that is not relevant to the claims or defenses of any party. Defendant has not answered Plaintiff's Complaint or asserted any counterclaims against Plaintiff. Therefore, the publisher of Exhibit 4 is irrelevant. Plaintiff also objects to the completeness of the portion of Exhibit 4 that purports to be part of Mr. Edward Weamer's production in the Weamer litigation.

Subject to and without waiving these objections, Plaintiff denies the request.

**REQUEST FOR ADMISSION NO. 5:**

      Admit that you, or someone with whom you communicated prior to publication, published the information in:

         https://www.reportacheater.com/paul-wang-colorado

         https://reportedcheaters.co/31039/paul-wang-colorado

         https://worstcheaters.com/paul-wang-colorado

         https://www.complainboard.com/paul-wang-colorado

         https://www.dirtyex.com/paul-wang-colorado

         https://www.ripofflist.com/paul-wang-colorado

         https://cheatersdiaries.com/paul-wang-colorado

         https://www.iripoff.com/paul-wang-colorado

         https://www.cheaterarchive.com/paul-wang-colorado

         https://reportedcheaters.co/31039/paul-wang-colorado

         http://xingfeiluo.blogspot.com/2018/11/xingfei-luo.html

         https://morgannparaskevas.blogspot.com

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

      Plaintiff objects to this request for admission because seeks information that is not relevant to the claims or defenses of any party. Defendant has not answered Plaintiff's Complaint or asserted any counterclaims against Plaintiff. Therefore, the publisher of these online posts or websites are irrelevant. Plaintiff further objects to this request for admission because out of the links listed above only some of the links led to substantive content. Specifically, only https://www.dirtyex.com/paul-wang-colorado; https://www.ripofflist.com/paul-wang-colorado;

http://xingfeiluo.blogspot.com/2018/11/xingfei-luo.html; and

https://morgannparaskevas.blogspot.com lead to substantive content. The rest of the identified

websites lead to pages stating "This site can't be reached." Therefore, because Plaintiff cannot

view these websites, Plaintiff can neither admit nor deny the allegations in the request as to them.

Subject to and without waiving these objections, and with respect to the four remaining

website that direct you to substantive content, Plaintiff denies.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you did not use the United States to China leg of the roundtrip ticket

Mr. Wang purchased for you in 2013.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiff objects to this request as vague and ambiguous in its use of the phrase "leg of the

roundtrip ticket." Plaintiff also objects to this request as confusing because Defendant purchased

more than one plane ticket for Plaintiff in 2013 and the request does not clarify to which ticket is

refers.

Subject to and without waiving this objection, Plaintiff admits that Defendant purchased

Plaintiff a roundtrip ticket from the United States to China in June 2013. Plaintiff admits that she

did not use that roundtrip ticket. Plaintiff further states, however, that Defendant purchased

another plane ticket for her sometime in the fall of 2013. That ticket was a one-way ticket to

China and Plaintiff used that ticket.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you received a check from an insurance company to reimburse you for the

United States to China leg of the roundtrip ticket you did not use.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiff objects to this request as vague and ambiguous in that it does not state the dates of the roundtrip ticket that Defendant seeks information on. Plaintiff will interpret this request to be asking for responsive information regarding the roundtrip ticket that Mr. Wang purchased for Plaintiff from the United States to China in June 2013.

Subject to that objection and interpretation, Plaintiff denies.

**REQUEST FOR ADMISSION NO. 8:**

Admit that in 2018 you contacted WordPress.com regarding https://morgann070.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff objects to this request as vague and ambiguous in that it is unclear how Plaintiff "contacts" a website or whether Defendant simply means that Plaintiff accessed or visited the referenced website. Plaintiff also objects to this request as confusing in that when she goes to the link it states "morgann070.wordpress.com is no longer available." Because Plaintiff cannot view the contents of the website, she can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you registered with Blogspot, or some other webhosting service, for the rights to use the URL http://xingfeiluo.blogspot.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff objects to this request for admission because seeks information that is not relevant to the claims or defenses of any party. Defendant has not answered Plaintiff's Complaint

or asserted any counterclaims against Plaintiff. Therefore, whether Plaintiff "registered with Blogspot, or some other webhosting service" is irrelevant.

Subject to and without waiving this objection, Plaintiff denies.

Dated:  May 4, 2022.                          AS TO OBJECTIONS,


                                             *s/ Clarissa M. Collier*
                                             David J. Schaller
                                             Clarissa M. Collier
                                             Wheeler Trigg O'Donnell LLP
                                             370 Seventeenth Street, Suite 4500
                                             Denver, CO 80202
                                             Telephone:  303.244.1800
                                             Facsimile:   303.244.1879
                                             Email:  schaller@wtotrial.com
                                                       collier@wtotrial.com

                                             Attorneys for Plaintiff

**VERIFICATION PAGE**

I, Xingfei Luo, being duly sworn, affirm that I have read the interrogatory responses set forth in Plaintiff's Responses and Objections to Defendant's First Set of Written Discovery Requests, that I know the contents thereof, and that the answers to the interrogatories are true and correct to the best of my knowledge, information, and belief.

DATED: _5/4/2022_                    _____
                                     Xingfei Luo

**<u>CERTIFICATE OF SERVICE (CM/ECF)</u>**

I HEREBY CERTIFY that on May 4, 2022, I electronically filed the foregoing **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF WRITTEN DISCOVERY REQUESTS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

*s/ Catherine Lacey*

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
9:14 am, Sep 19, 2022
JEFFREY P. COLWELL, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

          Plaintiff,

v.

PAUL WANG,

          Defendant.

---

**PLAINTIFF'S REPLY IN SUPPORT OF HER EMERGENCY MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

---

Plaintiff submits the following reply in support of her emergency motion to quash Defendant's subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action.

Despite Plaintiff never posted anything online using her cell phone, Defendant alleges going through all Plaintiff's private cell phone data can find out whether Plaintiff is the author of the blog Defendant's fabrication was posted on. For the reasons stated blow, the court should quash Defendant's subpoena directed to Los Angeles County Sheriff's Department (LASD) in its entirety and put an end on Defendant's abuse of discovery.

Plaintiff's Standing

Although a party to a lawsuit typically has no standing to object to a subpoena directed at a non-party, standing exists when the party claims a privilege or other **personal interest** in regard to the requested documents. E.g., *Langford v. Chrysler Motors Corp*., 513 F. 2d 1121,

1126 (2d Cir. 1975); *City of Ecorse v. U.S. Steel*, No. 07-cv-12131, 2007 WL 4239263, at \*2

(E.D. Mich. Dec. 3, 2007); *U.S. v. Wells*, No. 06-10589, 2006 WL 3203905, at \*2 (E.D. Mich.

Nov. 3, 2006). This exception apparently also permits a party to file objections to a subpoena

under Rule 45(c)(2)(B), **in the same manner as a person to whom the subpoena is directed**.

E.g., *Minn. School Boards Ass'n v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627, 629-30 (D.

Minn. 1999). See also *Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598, at \*2 (D. N.J. 2007)

(Personal rights claimed with respect to bank account records give a party sufficient standing to

challenge a third party subpoena served upon financial institutions holding such information.)

No one can dispute that Plaintiff is the owner of her cell phone data. As such, Plaintiff

has more than enough standing to challenge defendant's subpoena in the same manner as LASD.

Privacy and Privilege

Under Federal Rule of Civil Procedure 45, a district court "must quash or modify a

subpoena that ... requires disclosure of privileged or other protected matter." Fed.R.Civ.P.

45(d)(3)(A)(iii). The federal courts have the authority and duty to recognize claims of privilege

that are valid under federal common law. Fed.R.Evid. 501.

First and foremost, Defendant fails to address any of Plaintiff's privilege claims.

Having a protective order does not necessarily mean Defendant is entitled to any and all

Plaintiff's private information. Plaintiffs only minimally waive their privacy rights on matters

which can be shown to be directly related to the litigation. The defendant's legitimate need for

discovery must still be balanced against the individual plaintiff's privacy rights, and the

defendant must show a compelling interest for the discovery. As discussed below, Defendant

cannot even show relevance, let alone compelling interest for the discovery.

Courts have frequently emphasized privacy concerns in cases where a party sought direct access to an opposing party's computer systems.[1] Computers are tangible things, after all, and many litigants over the years have sought to test, sample, or obtain copies of an opposing party's computer or entire computer system. Such requests are disfavored, not only because of the cost and inconvenience, but also because of the threat to privacy. *See, e.g., SEC v. Strauss*, No. 09 Civ. 4150, 2009 WL 3459204, at *12 n.8 (S.D.N.Y. Oct. 28, 2009) ("There is a general reluctance to allow a party to access its adversary's own database directly."); *NOLA Spice Designs, LLC v. Haydel Enters., Inc.*, No. CIV.A. 12-2515, 2013 WL 3974535, at *2 (E.D. La. Aug. 2, 2013); *Locke v. Swift Transp. Co. of Ariz., LLC*, No. 5:18-CV-00119, 2019 WL 430930, at *3 (W.D. Ky. Feb. 4, 2019) (Denying motion to compel production of entirety of plaintiffs' social media accounts because it would "sanction an[] inquiry into scores of quasi-personal information that would be irrelevant and non-discoverable"); *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008) (Granting mandamus relief to two state defendants who had been ordered by the district court to provide forensic imaging of their computers, noting that "[t]he district court's compelled forensic imaging orders here fail[ed] to account properly for the significant privacy and confidentiality concerns present in this case."); *In re Premera Blue Cross Customer Data Security Breach Litigation*, 329 F.R.D. 656 (D. Or. 2019) (Denying a motion to compel forensic imaging of plaintiffs' personal digital devices in a healthcare data security breach class action and finding that the request was not proportional to the needs of the case in light of the competing privacy concerns); *In re 3M Combat Arms Earplugs Prods. Liab. Litig.*, No. 3:19-md-2885, 2020 WL 6140469 (N.D. Fla. Oct. 15, 2020) (Rejecting defendant's motion to compel

---

[1] A smart phone is similar to a mini computer system.

forensic imaging of plaintiff's mobile device, holding that "[e]ven assuming" the relevance of

the deleted messages with the allegation that plaintiff had spoliated evidence, "the parties and the

court have a collective responsibility to consider the proportionality of all discovery and consider

it in resolving discovery disputes."); *Estate of Logan v. City of South Bend*, No. 3:19-CV-495,

2021 WL 389412 (N.D. Ind. Feb. 3, 2021) (Denying a motion to compel forensic examination of

defendant's cell phone and finding that plaintiff failed to identify how the requested cell phone

information went "to the heart of — or [was] even relevant to — the . . . case," leaving the court

unable to determine whether the request was proportional enough to justify invading defendant's

privacy interests); *see also White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning,

Inc.*, No. CIV.A. 07-2319, 2009 WL 722056, at *7 (D. Kan. Mar. 18, 2009).

<u>Relevance</u>

It is generally accepted that the scope of discovery allowed under Rule 45 is limited by

the relevancy requirement of the federal discovery rules. See Fed. R. Civ. P. 26(b)(1) (stating

that discovery is allowed to the extent it is "relevant to [a] party's claim or defense.")

The party seeking discovery has the burden to demonstrate the relevancy of the

information sought in the subpoena. *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1274 (10th Cir. 2002).

The party seeking discovery here is Defendant, who has the burden.

Plaintiff bears no burden to establish the subpoenaed information is not relevant to the

discovery of evidence related to her claims. Nevertheless, Plaintiff has provided all the necessary

and credible evidence showing Defendant himself filed the insurance claim, pocketed the

insurance money, then fabricated that Plaintiff committed the insurance fraud. See exhibits 1 − 5.

Defendant filed two attachments, Defendant's First Set of Written Discovery Requests to Plaintiff (13 interrogatories, 15 RFPs and 9 RFAs) and Plaintiff's Responses and Objections to Defendant's First Set of Written Discovery Requests, then alleges that the data stored in Plaintiff's cellphone (e.g., electronic data, including but not limited to call logs, device locations, passwords, searched items, web history, texts, databases, documents, user accounts, calendar, emails, photographs, bank information, videos, and audio) contains crucial evidence in this case and the very information Plaintiff has failed to disclose in her responses to Defendant's discovery requests <u>with no mention of what specific crucial evidence to what specific discovery requests</u>. Defendant simply dumped two documents and asked the court and Plaintiff to make a guess.

Defendant, a thief crying "Stop thief!", lied through his teeth even in front of the court which is consistent with his litigation conduct. Defendant came to the U.S. as an international student. Prior to his first marriage he did not date any obese women. However, Defendant's first wife is not only obese but also six years older than him. Oddly, Defendant's second wife is a complete opposite to his first wife, neither obese nor older. It is not difficult to believe Defendant married his first wife for immigration benefit. Despite Defendant's own immigration fraud and the fact that Plaintiff is a legal resident in the U.S., through his counsel, Defendant fabricated that Plaintiff would need marriage to stay in this country and posted a man's nude photos after being rejected for marriage. Decl, Luo ¶2.

Despite Plaintiff never took down any webpage related to Defendant, through his counsel, Defendant fabricated that Plaintiff took down a website upon his counsel's request. If Defendant truly wants to find out who is the author of a website he should have subpoenaed the website

hosting company in 2021 but instead he waited almost two years and now wants to search all Plaintiff's private cell phone data for a blog post he cannot even allege when it was posted. Decl, Luo ¶3.

Right after Defendant's first rule 11 motion was denied, he sent Plaintiff and her prior counsel his notice of **second** rule 11 motion on July 12, 2022. Decl, Luo ¶4. During the Aug 24, 2022 status conference defense counsel insulted Plaintiff for her spoken English then continues the insult by repeatedly fabricating that Plaintiff is not the author of her court filings, a clear reflection of Defendant's personality disorder. Decl, Luo ¶6. ECF 187&191.

Defendant's online post alleged that he had a young daughter at the time when it was posted. Therefore the birth date of Wang's daughter is critical evidence as to when exactly he posted his online statement alleging Plaintiff committed insurance fraud, he initially lied to the court during the Aug 24, 2022 status conference that his daughter was born in September 2019. Upon Plaintiff's request and the court's further inquiry, Defendant finally disclosed his daughter was in fact born on December 3rd, 2019. Decl, Luo ¶5.

The remaining issue here is whether Plaintiff indeed filed a false police report to commit insurance fraud. Obviously Defendant's defense is truth. As indicated by the language of Rule 26, the relevance of information sought in discovery depends on the claims or defense asserted in the underlying action and the legal standards that govern those claims or defense. See Fed. R. Civ. P. 26(b)(1) (permitting discovery of nonprivileged matter that is "relevant to any party's claim or defense"); see also Fed. R. Evid. 401 (stating that information is relevant if it has a "tendency to make a fact more or less probable" and "the fact is of consequence in determining the action"). Rule 26 does not permit discovery of dismissed claims. However, Defendant alleges

Case 1:20-cv-02765-RMR-MEH   Document 215   Filed 09/21/22   USDC Colorado   Page 132 of
161
Appellate Case: 22-1302   Document: 010110742985   Date Filed: 09/21/2022   Page: 114

Case 1:20-cv-02765-RMR-MEH   Document 207   Filed 09/19/22   USDC Colorado   Page 7 of 30

the subpoenaed data has information about the alleged rape in China. See defendant's response p.

6. Defendant provides neither legal nor factual basis to seek discovery of a dismissed claim. This

is just another reflection of Defendant's mental disorder and abusive personality.

To determine the relevance of information sought by Defendant in his subpoena, the

court must examine the showing that Defendant must make in order to defend in the underlying

litigation: (1) Plaintiff did file a false police report; (2) Plaintiff did file a police report in order to

defraud the insurance company for money; and (3) Defendant did tell the truth that Plaintiff

committed two crimes.

Then who is the author of whatever blog has very little bearing on whether Plaintiff

committed two crimes and whether Defendant told the truth. Defendant cannot even allege when

the blog was posted allegedly by Plaintiff. Plaintiff's cell phone was seized by LASD on July 2,

2019. If the blog post at issue was posted after July 2, 2019 there is no justification whatsoever to

subpoena Plaintiff's private cell phone data.[2] Even arguably it is relevant, finding the author of

an undated blog post is wholly unjustified to subpoena Plaintiff's unlimited call logs, searched

items, calendar, emails, photographs, bank information, videos, and audio.

The burden, expense, and intrusiveness of Defendant's subpoenaed information clearly

outweighs the likelihood that the information sought will lead to the discovery of admissible

evidence. Plaintiff already provided sworn declaration she never posted anything using her cell

phone. It is highly unlikely that the subpoenaed information will lead to any evidence at all

because even arguably the author of the blog post were Plaintiff, the blog post did not give

---

[2] Defendant allegedly responded to the blog post at issue after December 3rd, 2019, the
date after his daughter was born.

Defendant any legal right to fabricate that Plaintiff committed two crimes. As such, whether the blog post was posted by Plaintiff does not constitute any defense.

Further, Defendant admits there was more convenient, less burdensome, or less expensive way to determine who was the author of a blog post prior to the website hosting company has been down. The website hosting company has been down does not automatically grant Defendant entitlement to all of Plaintiff's private data. Defendant was served with the summons back in December 2020 by certified mail and he testified he received the mail. Defendant provides no evidence showing when the website hosting company has been down and his due diligence to pursue evidence. If the subpoenaed information is indeed central to his defenses Defendant should have subpoenaed long time ago. Or maybe Defendant intentionally waited until the website hosting company has been down in order to subpoena Plaintiff's private data to harass her. Defendant provides no explanation why he waited, intentionally or not, almost two years to allege the website hosting company has been down. Simply put, if the identity of the author of whatever blog post is the evidence essential to his defense Defendant should have pursued that evidence from the get go. The substantial delay in pursuing such **"essential"** evidence appears to be Defendant's gamesmanship. Even arguably Defendant did not intentionally delay the discovery of the author of the blog post until the website hosting company has been down, Plaintiff should not pay the price for Defendant's sloppy discovery and let him go through all her private information for some undated blog post. In sum, Defendant's action and assertion are self-contradicted.

<u>Defendant's Ability to Read The Subpoenaed Data</u>

First and foremost, Defendant fails to address the burden and expenses his subpoena imposes upon a third party.

Defendant further fails to address that the subpoenaed data was created using a proprietary forensic software. Defendant fails to explain why he wants the data that is unreadable without proprietary software used by law enforcement. Defendant also fails to explain whether LASD is willing to provide or he is able to obtain the proprietary software used by law enforcement. Defendant even fails to provide expert testimony as to how searching call logs, device locations, passwords, searched items, web history, texts, databases, documents, user accounts, calendar, emails, photographs, bank information, videos, and audio will determine who is the author of a blog post and why it is necessary to search massive personal private data to achieve that goal. All of which shows nothing but Defendant's vicious intent to harass and oppress Plaintiff.

Based on the foregoing[3], the Court should grant Plaintiff's motion in its entirety.

Dated: September 18, 2022                    Respectfully submitted,

                                             /s/ Xingfei Luo

---

[3] It is unnecessary for Plaintiff to address Defendant's allegations of her litigation conduct not before this court. This court should be mindful the defense counsel of Plaintiff's other lawsuits acted the same vicious way as the defendant here. This court has full knowledge of Plaintiff's conduct in this lawsuit, compared to defendant.

## DECLARATION OF XINGFEI LUO

I, Xingfei Luo, declare and state:

1.   I am the plaintiff in this case. I have personal knowledge of the facts in this declaration. If called on to testify, I could and would competently do so under oath.

2.   PAUL WANG (WANG) came to the U.S. as an international student. Prior to Wang's first marriage he did not date any obese women. However, Wang's first wife is not only obese but also six years older than Wang. Oddly, Wang's second wife is a complete opposite to his first wife, neither obese nor older. It is not difficult to believe Wang married his first wife for immigration benefit. Despite Wang's own immigration fraud and the fact that I am a legal resident in the U.S., through his counsel, Wang fabricated that I would need marriage to stay in this country and posted a man's nude photos after being rejected for marriage. A true and correct copy of the transcript is attached hereto as Exhibit 6.

3.   Despite I never took down any webpage related to Wang, through his counsel, Wang fabricated that I took down a website upon his counsel's request. If Wang truly wants to find out who is the author of a website he should have subpoenaed the website hosting company in 2021 but instead he waited almost two years and now wants to search all my private cell phone data. The vicious purpose is so visible to know. A true and correct copy of the transcript is attached hereto as Exhibit 6.

4.   Right after defendant's first rule 11 motion was denied, he sent me and my prior counsel his second rule 11 motion on July 12, 2022.

5.   When the birth date of Wang's daughter is critical evidence as to when he posted his online statement alleging I committed insurance fraud, he initially lied to the court during the Aug 24, 2022 status conference that his daughter was born in September 2019. Upon my request and the court's further inquiry, Wang finally disclosed his daughter was in fact born on December 3rd, 2019.

6.   I independently drafted and authored all court filings signed by myself.

I declare under penalty of perjury, that the foregoing is true and correct.

Dated: Sep 18, 2022

*/s/ Xingfei Luo*

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. Users registered with CM/ECF system will receive notification of such filing electronically.

Dated: Sep 18, 2022

*/s/Xingfei Luo*

EXHIBIT 1

Claims Administration Office for Stonebridge Casualty Insurance
Travelex Claims
4600 Witmer Industrial Estates, Suite 6
Niagara Falls, NY  14305
Telephone: 1-855-876-3447  Fax: 877-367-2496

**TRIP INTERRUPTION
NON MEDICAL CLAIM FORM**

**Please Note:** *Benefits under any coverage will not be paid for expenses reimbursed or services provided by any other source. Benefits cannot be duplicated under this Protection Plan.*

## PROOF OF CLAIM MUST BE SUBMITTED WITHIN 90 DAYS OF THE OCCURRENCE

| Part I | GENERAL INFORMATION |
|---|---|

Claimant's Name *(Last, First)*   WANG, PAUL   Claimant is Paul Wang

Conf. No./Booking No.   16641208

Date of Birth   ▓▓▓▓▓▓

Full Address   11505 E. Virginia Place, Aurora, CO 80012 Paul Wang's residence in 2013.

Home Phone No.   720 323 1113 Same phone # as Dkt. 28

Business Phone No.

Full name of all persons claiming        Ages     Relationship to Claimant        Policy No.
1) N/A
2)
3)
4)

Tour Operator's Name *(e.g. Cruise Line, Airline, etc)*   Cheap Oair

Travel Suppliers Name   Cheap Oair        Telephone No.

Travel Suppliers Address   135 W 50th Street, Suite 500, New York, NY 10020

| Date Initial Deposit Paid for Trip | Date of Final Payment for Trip | Departure Date | Scheduled Return Date | Actual Return Date |
|---|---|---|---|---|
| 06/17/2013 | 06/17/2013 | 07/03/2013 | 09/11/2013 | |
| *(MM / DD / YY)* | *(MM / DD / YY)* | *(MM / DD / YY)* | *(MM / DD / YY)* | *(MM / DD / YY)* |

Departure City   Hong Kong, China

Destination *(City, Country)*   Denver, USA

| Part II | EXPLANATION OF LOSS |
|---|---|

Type of claim   ☐ Cancellation   ☒ Interruption

Reason for cancellation/interruption/delay

Passport lost/stolen

| Total Amount of Claim (in US $) | Tour Cost Per Person (in US $) | Cruise Cost Per Person (in US $) | Air Fare Per Person (in US $) |
|---|---|---|---|
| 1364.00 | 1364.00 | N/A | 1364.00 |

| Date trip was cancelled, interrupted or delayed | Length of delay (hours, days) | Did you receive a refund from the Travel Agent/Tour Operator after cancellation?  ☐ Yes  ☒ No | If Yes, please indicate amount |
|---|---|---|---|
| 08/31/2013 | N/A | | N/A |
| *(MM / DD / YY)* | | | |

For Trip Interruption, please indicate any additional transportation cost incurred

| Type of Expense | Date Incurred *(MM / DD / YY)* | Amount |
|---|---|---|
| 1) N/A | | |
| 2) | | |
| 3) | | |

Please enclose the original receipts for the above claimed expenses

**IMPORTANT – CLAIM CANNOT BE PROCESSED IF THIS FORM IS INCOMPLETE. PLEASE COMPLETE ALL APPLICABLE AREAS.**

| EXPLANATION OF LOSS CONTINUED | | | |
|---|---|---|---|
| Scheduled number of nights on Trip<br><br>N/A | Number of nights missed due to Interruption<br><br>N/A | Was the Interruption caused by the Common Carrier? (i.e. Airline, Cruise Line, etc)   ☐ Yes  ☒ No | If Yes, was any compensation received?<br><br>☐ Yes  ☐ No |
| If Yes, please explain or indicate amount (in US $)<br><br>N/A | | Name of Airline on which you returned home or rejoined Trip | |
| Point of departure<br><br>Denver, CO, USA | | Destination<br><br>Hong Kong, China | |
| Date returned home or rejoined Trip<br><br>N/A  (MM / DD / YY) | Was this the lowest fare available?<br><br>☐ Yes  ☐ No | Was a substitute flight provided by the Tour Operator/Airline?<br><br>☐ Yes  ☐ No | Did you receive a credit for future travel?<br><br>☐ Yes  ☐ No |
| Is the original unused return ticked enclosed?<br><br>☒ Yes  ☐ No | If Not, Please Explain<br><br>N/A | | |

IF THE INTERRUPTION WAS CAUSED BY THE COMMON CARRIER, PLEASE ATTACH WRITTEN NOTIFICATION FROM THE COMMON CARRIER REGARDING CANCELLATION OR PROVIDE DETAILS REGARDING DELAY AND TIMES.

| Part III | OTHER COVERAGE | |
|---|---|---|
| Did you purchase any portion of your trip on a Credit Card?<br><br>☒ Yes  ☐ No | If Yes, name and type of Credit Card (e.g. Visa Gold card)<br><br>Chase Sapphire | |
| Do you have any other Insurance Coverage/Plans? (e.g. Travel, Credit Cards, etc)<br><br>☐ Yes  ☒ No | Has your loss been reported to any other Insurance Company?<br><br>☐ Yes  ☒ No | If Yes, which Company?<br><br>N/A |
| 1) Name of Insurance Company | Policy No. | Telephone No. |
| Address of Insurance Company | | |
| 2) Name of Insurance Company | Policy No. | Telephone No. |
| Address of Insurance Company | | |

I DECLARE THAT THE ABOVE INFORMATION IS TRUE, COMPLETE AND CORRECT.
*I/We authorize any other insurance plan, under which I/We have coverage, to disclose information as may be necessary or to make payment in respect of my/our claim to Stonebridge Casualty Insurance Company directly. I/We also authorize Stonebridge Casualty Insurance Company to disclose to any other Plan, under which I/We have coverage, any and all information as may be necessary with respect to my/our claim.*

| | |
|---|---|
| Signature of Insured/Claimant    Same signature as Dkt. 28 | 9/2/2013<br>Date    (MM / DD / YY) |
| Signature of Insured/Claimant | Date    (MM / DD / YY) |

| Payment Due Date | New Balance | Past Due Amount | Minimum Payment | or | Blueprint Payment |
|---|---|---|---|---|---|
| 08/01/13 | $1,905.64 | $25.00 | $84.00 | | $123.86 |

**Account number:** ■■■■ 6643

$ |_____|

Make your check payable to:
Chase Card Services.
Please write amount enclosed.
New address or e-mail?  Print on back.

■■■■■■■■4300008400001905640001238600000000

33847 BEX Z 18513 D
PAUL M WANG
11605 E VIRGINIA PL
AURORA CO 80012-2257

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL  60094-4014

Paul Wang's residence in 2013

500016028 ■■■■■■■■ 66436

# CHASE ◈
## SAPPHIRE™

Manage your account online:  www.chase.com
Customer Service  1-800-493-3319
Additional contact information on back →

## ACCOUNT SUMMARY

Account Number: 4147 2021 1930 6643

| | |
|---|---|
| Previous Balance | $313.90 |
| Payment, Credits | $0.00 |
| Purchases | +$1,551.63 |
| Cash Advances | $0.00 |
| Balance Transfers | $0.00 |
| Fees Charged | +$25.00 |
| Interest Charged | +$15.11 |
| New Balance | $1,905.64 |
| Opening/Closing Date | 06/05/13 - 07/04/13 |
| Credit Access Line | $18,700 |
| Available Credit | $0 |
| Cash Access Line | $3,740 |
| Available for Cash | $0 |

## PAYMENT INFORMATION

| | |
|---|---|
| New Balance | $1,905.64 |
| Payment Due Date | 08/01/13 |
| Minimum Payment Due | $59.00 |
| Past Due Amount | $25.00 |
| Total Minimum Payment Due | $84.00 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00 and your APR's will be subject to increase to a maximum Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance.  For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 10 years | $3,462 |
| $66 | 3 years | $2,390 (Savings=$1,072) |

If you would like information about credit counseling services, call 1-866-797-2885.

**Please pay the Minimum Payment shown at the top of this statement.** It includes any past due and amounts over the credit access line.  The minimum payments used to calculate the estimates shown in the above table do not include past due or amounts over the credit access line.

## ULTIMATE REWARDS® SUMMARY

| | |
|---|---|
| Previous points balance | 321 |
| + 1 Point per $1 on all other purchases | 1,552 |
| + 1 Point per $1 earned on dining | 67 |
| + Bonus points on Ultimate Rewards Travel | 0 |
| + Points transferred to another account | -321 |
| = Total points available for redemption | 1,619 |

Start redeeming today. Visit Ultimate Rewards® at www.ultimaterewards.com

As a Chase Sapphire customer you earn 1 point per dollar on all purchases, and an additional point for each dollar you spend when dining at restaurants. Plus, you earn an additional point per dollar spent when you book airfare and hotel accommodations online through Ultimate Rewards®. Learn more about your card benefits at www.chase.com/ultimaterewards

## BLUEPRINT SUMMARY

Here is a summary of your plan totals for this month:

| 💲 Full Pay | ✂ Split | 🏁 Finish It |
|---|---|---|
| $86.94 | For details go to www.chase.com/blueprint | For details go to www.chase.com/blueprint |

**BLUEPRINT Payment**   $123.86

NOTE: Pay this amount to stay on track with your Blueprint plan(s).  This amount includes your minimum payment due, so only one payment is needed.

See the BLUEPRINT Feature Activity section of this statement for more details on this month's activity.

0000C001  FI933336 D 13
X G419

000  N Z  04  13/07/04

**This Statement is a Facsimile - Not an original**

Page 1 of 3      26530   MA MA 33047   16510000130000364701

App. 122

Statement Date:   06/05/13 - 07/04/13
Account Number: 2147 2030 0930 6643
Page 2 of 3
OVER

Paul Wang's credit card statement. In June 2013 Plaintiff was not in the U.S.

$62 paid for insurance.
$1337 paid for air tickets.
All was paid by Paul Wang.

### ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| | **PURCHASES** | |
| 06/03 | IKEA CENTENNIAL CENTENNIAL CO | 8.83 |
| 06/02 | THE HOME DEPOT 1501 AURORA CO | 53.31 |
| 06/05 | BROCK & COMPANY - 352 MALVERN PA | 3.42 |
| 06/03 | HARBOR FREIGHT TOOLS 59 AURORA CO | 32.38 |
| 06/15 | SUSHI KATSU GREENWOOD VLG CO | 29.69 |
| 06/19 | CHEAPOAIR.COM AIR 888-793-4229 NY | 62.00 |
| 06/18 | AMERICAN AI 0017287055136 NEW YORK NY | 1,337.00 |
| 070313 1 N | HKG      NRT | |
| 2 N | NRT      LAX | |
| 3 NX | LAX      DEN | |
| 4 NO | DEN      ORD | |
| 06/22 | SUSHI KATSU GREENWOOD VLG CO | 25.00 |
| | **FEES CHARGED** | |
| 07/01 | LATE FEE | 25.00 |
| | TOTAL FEES FOR THIS PERIOD | $25.00 |
| | **INTEREST CHARGED** | |
| 07/04 | PURCHASE INTEREST CHARGE | 15.11 |
| | TOTAL INTEREST FOR THIS PERIOD | $15.11 |

| 2013 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2013 | $25.00 |
| Total interest charged in 2013 | $15.11 |

Year-to-date totals reflect all charges minus any refunds applied to your account.

### INTEREST CHARGES

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Balance Type | Annual Percentage Rate (APR) | Balance Subject To Interest Rate | Interest Charges |
|---|---|---|---|
| **PURCHASES** | | | |
| Purchases | 15.24% (v) | $1,206.28 | $15.11 |
| **CASH ADVANCES** | | | |
| Cash Advances | 19.24% (v) | -0- | -0- |
| **BALANCE TRANSFERS** | | | |
| Balance Transfer | 15.24% (v) | -0- | -0- |

(v) = Variable Rate                                    30 Days in Billing Period

Please see Information About Your Account section for the Calculation of Balance Subject to Interest Rate, Annual Renewal Notice, How to Avoid Interest on Purchases, and other important information, as applicable.

### BLUEPRINT FEATURE ACTIVITY

 **Full Pay**                                    **Full Pay Payment Due: $66.94**

Below is your spending in your Full Pay categories.  You can avoid interest when you pay those purchases in full each month, even when you carry a balance.  Remember, you can change your categories any time.

| Full Pay Category | Category Spending | Number of Transactions |
|---|---|---|
| Restaurants | $66.94 | 4 |
| Department/Clothing Store | $0.00 | 0 |
| Drugstores | $0.00 | 0 |
| Entertainment | $0.00 | 0 |
| Gas Stations | $0.00 | 0 |
| Grocery Stores | $0.00 | 0 |
| Health Club/Memberships | $0.00 | 0 |
| Dry Cleaner/Laundromats | $0.00 | 0 |
| Office Supply Stores | $0.00 | 0 |
| Salon/Beauty Supply | $0.00 | 0 |
| Transit | $0.00 | 0 |
| Utilities | $0.00 | 0 |
| Wholesale/Discount Club | $0.00 | 0 |
| All Blink Purchases | $0.00 | 0 |
| **Total** | **$66.94** | |

**This Statement Is a Facsimile, Not an Original**

X 0000001  FIS33338 D 13                    000   N   Z   04   13/07/04          Page 2 of 3      06530    MA  MA  33847     1851000013000338470<2

EXHIBIT 2

3/10/22, 9:21 AM                                                ORIS – PROD

ORIS - PROD - Version 4.1.0.38439                                                                                   RPOLICELLI

| Home | Organization | Policy | Claims | Reports | Accounting | Activities | Utilities | | Log Out |

Claim: 201A713842-1   Policy: 201A713842    [Return]    Connections:  201A713842-1 ____ / CLOSED / Trip Interruption ▼

| Insured: | | Opened: | jbotelho (09/06/2013) | Travel Dates: | 07/03/2013 – 09/12/2013 | Branch: | FAREPORTAL INC (32-0493) | | |
| Plan: | 201A – cheapOair Base (TXS-cOaBase) | Closed: | dmcnally (09/17/2013) | Application Date: | 06/18/2013 | Reserve Available: | 0.00 | | |
| Benefit: | Trip Interruption (TI) | Loss Date: | 08/31/2013 | Effective Date: | 06/19/2013 | EOC Num: | 201A-0112 | Admin Overview: | Not Available |

**View**

- Claim Info
- Policy Connections (0)
- **Activities (17) »**
- Documents (11)
- Tasks (0/3)
- Notes (0)
- Workflows (0)
- Policy Summary
- Events (9)
- Payees (0)

**Actions**

[ Change Status ]
[ Add Payment ]
[ Add Requests ]
[ Authorize Payments (0) ]
[ Delete Claim ]

**Activities**                                                                                    [ Add Activity ]

Ref Num: (all) ▼    Activity Type: (all) ▼

| | Created | Context | Ref Num | Acty Type | Title | Details | Email Subject | Email To | Email Body | Document(s) | Operator | Actions |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12/15/2021 01:10 PM | Claim | 201A713842-1 | Miscellaneous | Miscellaneous | Documents from file have been uploaded. | | | | Copy of RA Sheets & Notes from Examiner (394883).pdf  TINM Form (394884).pdf  Email from Mukesh Thakur (394885).pdf  Emails from Paul Wang (394686).pdf  CC Statement (394887).pdf  Police Report (394888).pdf | Sarah Williams | |
| | 12/15/2021 09:59 AM | Claim | 201A713842-1 | Review | Note to File | File retrieved from to storage. File contents to be scanned to ORIS and original file to be held in the office.  No action needed regarding subpoena at until received. | | | | | Marnie English | |
| | 12/07/2021 01:18 PM | Claim | 201A713842-1 | Review | Note to File | Emailed management regarding possible subpoena. | | | | | Debbie McNally | |
| | 12/07/2021 01:11 PM | Claim | 201A713842-1 | Incoming Email | CL-Legal | Dec 7, 2021  Email from Paul Wang  Hello Travelex,  Please preserve all documents for Policy #: 201A713842  We will be sending subpoena for all documents and cashed check copies/information soon for a federal lawsuit.  Thanks, | | | | FW Auto Reply RE EXTERNAL - Re Policy # 201A713842 Correspondence Letter (Thread 807495) (393180).pdf | Cindy Dungavel | |

https://pas.orican.com/ORIS/Claim/ClaimViewActivities.aspx?navrep=true                                                1/3

App.   125

3/10/22, 9:21 AM

ORIS - PROD

| | | | | Paul | | |
| | | | | show less | | |
| 07/14/2021 11:23 AM | Claim | 201A713842-1 | Review | Note to File | Management has already been advised of the email received from Paul Wang. Transamerica is being contacted as per CT's activity below. Emailed CT to advise an email is now submitted from lawyer. | | Debbie McNally |
| 07/14/2021 11:17 AM | Claim | 201A713842-1 | Incoming Email | CL-Legal | July 14, 2021<br>Email from Azizpour Donnelly, LLC | FW: EXTERNAL Legal Hold - Re Policy # 201A713842 (368161).pdf | Cindy Dungavel |
| 07/14/2021 11:16 AM | Policy | 201A713842 | Incoming Email | CL-Legal | From: Cassandra Timms<br>Sent: Wednesday, July 14, 2021 11:15 AM<br>To: Angela Madathil<br>Cc: TIS Reviews ; CC Supervisor<br>Subject: RE: [EXTERNAL] Policy #: 201A713842 Correspondence Letter – claims documentation request<br><br>Good morning Angela –<br><br>We are aware of an inquiry from an individual by the name of Paul Wang and his attorney. This is not the insured on this policy, so are unable to provide policy/claim details. We will be consulting Transamerica.<br><br>Thanks for providing the heads-up.<br><br>Cass<br><br>Cassandra Timms<br>Vice President | A&S Operations<br><br>T: 905.523.5936 x1353 | F: 866.551.1704 | TF: 800.465.0661 x1353<br>ctimms@orican.com<br>Old Republic Canada | Old Republic Insurance Group<br>100 King St W., Hamilton, ON L8N 3K9<br>www.orican.com<br>show less | RE: [EXTERNAL] Policy # 201A713842 Correspondence Letter – claims documentation request (368154).msg | Brenda Lupton |
| 03/12/2021 04:36 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Insured's friend called to ask about status of claim. He asked if payment was received. Explained that yes, however I cannot release details as I can only provide to insured directly. He advised that this person has filed lawsuit against him. Apologized but advised legally without written auth I cannot provide at this time. He wanted me to note that they may have to subpoena records for lawsuits. Advised would note file.<br>show less | | Melissa Charko |
| 09/18/2013 06:02 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Insured boyfriend called for status. I adv check issued Sept 17th. He insisted on the amount I adv to have the insured contact us. | | Emmanuel Kimenyi |

3/10/22, 9:21 AM                                                        ORIS - PROD

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 09/17/2013 11:02 AM | Claim | 201A713842-1 | Incoming Mail | CL-Insured | Sept 17, 2013<br>Note from Mukesh Thakur | | | | Cindy Dungavel |
| 09/17/2013 08:32 AM | Claim | 201A713842-1 | Review | File to Checking | TICKET COST IS $1346.00. INSURANCE IS NON-REF.<br><br>UNUSED RETURN TICKET IS $673.00.<br><br>ALSO – POLICY IS FOR XINGFEI LUO. ALL DOCS ON FILE RELATE TO THIS PERSON. PAYMENT IS TO THE INSURED. THERE IS NO AUTH ON FILE TO PAY A THIRD PARTY.<br>show less | | | | Debbie McNally |
| 09/12/2013 08:40 AM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 11, 2013<br>Note from Paul Wang<br>CC Stat ement | | | | Cindy Dungavel |
| 09/11/2013 02:34 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Paul called to check status. Advised requesting POP. He advised insured hasnt returned home and has cancelled return ticket.<br><br>Emailed correspondence to: student007@hotmail.com | | | | Maja Dodik |
| 09/10/2013 01:39 PM | Claim | 201A713842-1 | Outgoing Letter | CL-Insured | requesting proof of payment for TINM -- if insured incurred a change fee as passport was stolen. No pop on file. Just police report.<br><br>emailed fareportal<br><br>file to pending. | | | Correspondence Merge/LTR001 - Blank with Tokens]- ENGLISH.docx | Brittany Bienker |
| 09/16/2013 03:43 PM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 5, 2013<br>Email from Insured<br>TINM Form<br>Police Report<br>Email from Insured<br>Email from CheapOair | | | | Jennifer Botelho |
| 09/04/2013 04:52 PM | Policy | 201A713842 | Incoming Call | CL-Insured | Insured called with general process questions - advised. Advised claim forms sent by e-mail not yet registered. | | | | Robert Steele |
| 09/03/2013 03:40 PM | Policy | 201A713842 | Outgoing Email | CL-Claim Form Sent | Claim initiated. Paul requested TINM emailed to: student007@hotmail.com. He advised passport was stolen. Advised of report. | | | Correspondence Merge/FORM-PKG010A-Trip Interruption Non-Medical]-ENGLISH.docx | Maja Dodik |

https://pas.orican.com/ORIS/Claim/ClaimViewActivities.aspx?navrep=true                                                    3/3

App.   127

EXHIBIT 3

**Shelly Fozard**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Thursday, September 05, 2013 5:28 PM |
| **To:** | Shelly Fozard; Cindy Dungavel |
| **Subject:** | FW: CheapOair.com Booking # 16641208 |

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Thursday, September 05, 2013 5:24 PM
**To:** TravelexClaims
**Subject:** Fwd: CheapOair.com Booking # 16641208

This is regarding the claim for booking number 16681208. The attached email is from cheapoair confirming the cancellation of reservation.

Paul

Sent from my Samsung Galaxy Note® II

-------- Original message --------
**From:** cheapoair@cheapoair.com
**Date:** 09/05/2013 3:20 PM (GMT-07:00)
**To:** stealthzeus@gmail.com
**Subject:** CheapOair.com Booking # 16641208

Dear ████

Thank you for choosing CheapOair.com.

This is in reference to booking #16641208
As per our telephone conversation, we would like to reconfirm the following details:
The ticket you have purchased is non-refundable but can be changed with a penalty of $103.00 plus difference in fare if any. The Changes have to be made prior to the departure date. We have cancelled the return reservation as per your request.
Please reply to this email to confirm this conversation.

Thank You,
CheapOair.com

**Shelly Fozard**

| From: | TravelexClaims |
|---|---|
| Sent: | Wednesday, September 04, 2013 4:29 PM |
| To: | Shelly Fozard |
| Cc: | Cindy Dungavel |
| Subject: | FW: Booking Number 16641208 Trip Interruption Claim |
| Attachments: | OpheliaClaim023.pdf |

**From:** Paul Wang [mailto:student007@hotmail.com]
**Sent:** Wednesday, September 04, 2013 4:25 PM
**To:** TravelexClaims; Me Haha
**Subject:** Booking Number 16641208 Trip Interruption Claim

Hi,

I am claiming trip interruption for booking number 16641208 due to theft of passport.
Please find the form and police report attached. Please let me know what else we need to provide.

Thank you.

Paul

EXHIBIT 4

*201A713842*

**Cindy Dungavel**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Wednesday, September 11, 2013 3:46 PM |
| **To:** | Shelly Fozard; Cindy Dungavel |
| **Subject:** | FW: Credit card statement |
| **Attachments:** | creditcard.pdf |

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Wednesday, September 11, 2013 2:59 PM
**To:** TravelexClaims
**Subject:** Fwd: Credit card statement

Hi, this is regarding booking number 16641208. In the attached statement there are two transactions. One for the tickets, $1337, the other for the insurance $62.

Paul

Sent from my Samsung Galaxy Note® II

EXHIBIT 5

Case 1:20-cv-02765-RMR-MEH   Document 207   Filed 09/19/22   USDC Colorado   Page 27 of 30

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| Xingfei Luo | ) | |
| _Plaintiff_ | ) | Civil Action No.   1:20-cv-02765-RMR-MEH |
| v. | ) | |
| Paul Wang | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   JPMorgan Chase Bank, N.A.
c/o CT Corporation Systems (700 Kansas Lane, Mail Code LA4-7300, Monroe, LA 71203)

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents, communications or other tangible things related to the check #4410030999 issued on Sep 17, 2013 by Stonebridge Casualty Insurance Company Claims Administration Office (4600 Witmer Industrial Estates, Suite 6, Niagara Falls, NY 14305.)

| Place: Electronic service is required to co20_2765@mail.com | Date and Time: 10/11/2022 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

_____                    OR    _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Xingfei Luo
_____, who issues or requests this subpoena, are:

PO BOX 4886, El Monte, CA 91734; co20_2765@mail.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 6

57

```
 1              THE COURT:  So all that means is that you were
 2    permitted to create a record --
 3              MS. DONNELLY:  Yes.
 4              THE COURT:  -- of asking for it.
 5              MS. DONNELLY:  I'm just putting it in context,
 6    Your Honor.
 7              THE COURT:  Okay.
 8              MS. DONNELLY:  Yes.  There is no allegation that
 9    there was an order or any violation of an order.
10              The point is that she has been -- she has this
11    pattern of having created websites about the guys that she
12    got mad at since 2013.  She posts, she obtains information
13    from them, including sensitive information such as photos,
14    including nude photos, and she posted them online.  If the
15    Court recalls, she was prosecuted and convicted for one of
16    them in California, a few months ago, same pattern.
17              THE COURT:  All right.  What --
18              MS. DONNELLY:  She goes out, she makes claims.
19    The guy says, no, I'm not going to marry you so you can stay
20    here in this country.  She goes out and posts --
21              THE COURT:  I understand.  What --
22              MS. DONNELLY:  -- naked photos.
23              THE COURT:  -- your allegation is.
24              MS. DONNELLY:  We provided similar information
25    about a website that she created about Mr. Wang.  There were
```

 1    similarly photos in very sensitive context that she posted

 2    online.  She took it down the day after I made a request in

 3    this classroom.  Now she, in her response to discovery, she

 4    claims that she was not the author of the website, of that

 5    blog, that she never created it.

 6         So we are going to have to go and subpoena that

 7    information, subpoena the information from the Sheriff's

 8    Office that has the information from her phone during a

 9    similar period of time where she has created all these

10    things.  We asked for the username for the profile

11    information for all of these websites, including the one that

12    she has admitted she created.  To this day, she has not

13    produced a single username, single profile, as to what she

14    used to create these things.

15         So denial, denial, denial, and we have no way to

16    get information other than from third parties at this point,

17    which is going to, as the Court knows, is going to be the

18    costly process of multiple subpoenas and motions to squash.

19    Because I cannot imagine that our friend here would not be

20    moving to quash our subpoenas.

21         THE COURT:  But what is your request?

22         MS. DONNELLY:  My request is to stay until at

23    least the motion to dismiss on the Rule 11 are decided.  I

24    understand that the Court is not in a position, and based on

25    the relationship it appears that, you know, there's an

Case 1:20-cv-02765-RMR-MEH   Document 208   Filed 09/19/22   USDC Colorado   Page 1 of 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

      Plaintiff,

v.

PAUL WANG,

      Defendant.

---

## ORDER

---

      Pending before the Court are Plaintiff Xingfei Luo's Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, ECF No. 193, and Plaintiff's Emergency Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, ECF No. 194.  For the reasons stated below, Plaintiff's Motions to Quash, ECF Nos. 193–94, are DENIED.

### I.    ANALYSIS

      Plaintiff's Motions to Quash are largely identical, so the Court will consider them together.    Plaintiff raises arguments regarding the relevance, proportionality, and inconvenience or undue burden of the subpoena at issue, "which is propounded to Los Angeles County Sheriff's Department (LASD)," ECF No. 194, including vague arguments regarding Plaintiff's privacy rights.  However, "[t]he general rule is that a party has no

standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought. A party also may move to quash a subpoena upon a showing that there is a privacy interest applicable. Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum." *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) (Borchers, Mag. J.) (internal citations omitted); *see also Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 174.51.234.104*, No. 13-cv-00307-WYD-MEH, 2013 WL 3753436, at *2 (D. Colo. July 14, 2013) (Hegarty, Mag. J.) ("[E]ven where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden.").[1] The Court therefore finds that Plaintiff lacks standing to bring any of her arguments not related to a claim of privilege or some other privacy interest.

Regarding Plaintiff's arguments that she has a privacy interest in quashing the subpoena or that the information that is the subject of the subpoena is subject to attorney-client privilege, her arguments are vague and conclusory, and the Court therefore rejects them. *See* ECF No. 194 at 3 ("A subpoena cannot compel production of information of communications covered by a legal privilege, such as attorney-client privilege, joint defense privilege, or other statutory or common law privileges, or which constitute protected work product. . . . [The subpoena] also seeks the disclosure of privileged and

---

[1] The Court notes that the case law cited in Defendant's Response is from outside of this District and, largely, from outside of the Tenth Circuit. *See* ECF No. 203 at 2–4. The Court reminds the parties that the federal law of the Tenth Circuit Court of Appeals and this District governs the procedural disputes before this Court, including disputes like these motions to quash. *See, e.g., Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 683 (10th Cir. 2007) ("In cases involving state-law claims, a federal court applies the substantive law of the state, but applies federal procedural law."). The Court therefore directs the parties to cite to case law from the appropriate jurisdiction in future filings.

confidential information, including information is [sic] protected by court orders and Plaintiff's right of privacy it also seeks the disclosure of information that would violate the right of privacy of Plaintiff's family members, friends, and co-workers."); *see also* ECF No. 193 at 3–4 (same). Further, even if the arguments were less vague and conclusory, the Court finds that Plaintiff's asserted privacy interests are sufficiently protected by the Protective Order in place in this case. *See* ECF No. 134.

Plaintiff also argues that "[t]he subpoena seeks information protected from disclosure by California and/or federal statutes or privileges including (but not limited to) the official information privilege under Evidence Code section 1040 and Government Code section 6254, particularly subdivision (f)." ECF No. 194 at 4. However, Plaintiff has again not explained why she has standing to bring this argument or how the official information privilege under California law protects a privilege that is personal to her. *See, e.g., Curtis Park Grp., LLC v. Allied World Specialty Ins. Co.*, No. 20-cv-00552-CMA-NRN, 2021 WL 1022703, at *5 (D. Colo. Mar. 17, 2021) (Neureiter, Mag. J.) (quoting *Carbajal v. Serra*, No. 10-cv-02862-REB-KLM, 2012 WL 2215677, at *2 (D. Colo. June 15, 2021); *United States v. Gonzales*, No. 10-cr-00396-CMA, 2010 WL 3853324, at *2 (D. Colo. Sept. 8, 2010)) ("[A]n objecting party has standing to move to quash a subpoena issued to a nonparty if it 'claims some **personal** right or privilege with regard to the documents sought.' . . . 'A party only has standing to move to quash the subpoena issued to another

when the subpoena infringes upon the **movant's** legitimate interests.") (emphasis added).[2] Therefore, the Court rejects this argument to quash the subpoena, as well.

Plaintiff filed her present motions to quash on September 12, 2022, ECF Nos. 193–94, and on September 15, 2022, Magistrate Judge Michael E. Hegarty ordered Defendant to respond to these motions by the close of business on September 16, 2022, ECF No. 198. Defendant filed a Response to Motions to Quash Subpoena (Docs. 193 and 194) on September 17, 2022, following email communications with the Court regarding the briefing schedule. ECF No. 203. As of the date of this order, the parties have emailed the Court a flurry of argument regarding whether Plaintiff should be permitted to submit a reply brief. The Court is in receipt of Plaintiff's Reply in Support of her Emergency Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, ECF No. 207, and need not address arguments regarding her ability to file that Reply. However, none of the arguments raised or case law cited[3] in Plaintiff's Reply brief overcome the standing issues discussed above, and the Court accordingly DENIES Plaintiff's motions to quash, ECF Nos. 193–94.

---

[2] *See also* Cal. Evid. Code § 1040(b) ("**A public entity** has a privilege to refuse to disclose official information, and to prevent another from disclosing official information, if the privilege is claimed by a person authorized by the public entity to do so and either of the following apply: (1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state. (2) Disclosure of the information is against the public interest . . . .") (emphasis added); Cal. Gov't Code § 6254(f) ("[T]his chapter does not require the disclosure of any of the following records . . . . Records of complaints to, or investigations conducted by, or records of intelligence information or security procedures of . . . any state or local police agency, or any investigatory or security files compiled by any other state or local police agency, or any investigatory or security files compiled by any other state or local agency for correctional, law enforcement, or licensing purposes.").

[3] Similarly to Defendant's Response, Plaintiff's Reply brief cites to a flurry of case law from outside of this District and largely outside of the Tenth Circuit. *See* ECF No. 207 at 1–4; *see supra* note 1.

4

**II.   CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, ECF No. 193, and Plaintiff's Emergency Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Act, ECF No. 194, are DENIED.

DATED:  September 19, 2022

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert                                           Jane K. Castro
Clerk of Court                                                  Chief Deputy Clerk

September 22, 2022

Xingfei Luo
11151 Valley Boulevard, Unit 4886
El Monte, CA 91734

**RE:     22-1302, In re: Luo, et al**
          Dist/Ag docket: 1:20-CV-02765-RMR-MEH

Dear Petitioner:

Your petition for writ of mandamus has been docketed but will not be submitted to the court until proof of service is provided. Within 30 days of the date of this letter, you must provide proof of service of the petition on the district court judge (*See* Fed. R. App. P. 21(a)(1)), or this proceeding may be dismissed without further notice. *See* 10th Cir. R. 3.3(B). The enclosed form may be used.

Please contact this office if you have questions.

                                        Sincerely,

                                        Christopher M. Wolpert
                                        Clerk of Court

cc:     Katayoun A. Donnelly
        Eugene Volokh

CMW/at