IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant,

and

EUGENE VOLOKH,

    Intervenor.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

    On September 22, 2022, Defendant conducted the deposition of Plaintiff in my courtroom. Although an unusual procedure, I believed this was necessary because of Plaintiff's history of contumacious behavior in this lawsuit. During that deposition, Plaintiff committed a direct contempt of court by refusing numerous times to obey my oral Order to answer questions. As a result, the only remedy that would serve justice is dismissal of this action with prejudice, along with costs to the Defendant, which I hereby recommend.

    This diversity tort case between two natural persons, which began with a three-page Complaint on September 11, 2020, has 217 entries on the docket sheet. Plaintiff has unreasonably refused necessary efforts to conduct discovery and prepare this case for its conclusion. The Court

has even tried to assist Plaintiff by arranging pro bono counsel, who ultimately withdrew from the case.

Docket 132 outlines the initial efforts of Plaintiff to refuse relevant discovery requests and other information. On June 27, 2022, despite having counsel appointed by the Court, Plaintiff filed a pro se, interlocutory Notice of Appeal of Judge Rodriguez's Order (ECF 165) affirming my recommendation that Plaintiff not be permitted to proceed under a pseudonym. ECF 168. Shortly thereafter, her attorney withdrew from the case. ECF 174. On July 12, 2022, I ordered that Plaintiff "provide her current contact information (*e.g.*, mailing address, telephone number, email address, etc.) to the Court." ECF 180. I reiterated that Order on September 14, 2022. ECF 196. Plaintiff has refused to comply with this Order. This has caused considerable inconvenience to the Court, as the parties have recently filed numerous motions for emergency or expedited rulings, the Court has had to set these for accelerated briefing or a hearing, and the only manner in which the Court can notify Plaintiff of settings is to direct the Defendant to email the information to Plaintiff.

I held a discovery conference on August 24, 2022, at which I ordered Plaintiff's deposition to occur in my courtroom on September 22, 2022. Also at that discovery conference, Defendant's counsel outlined various orders of this Court that Plaintiff had violated, including providing a financial affidavit, amending her request for damages, and providing an unredacted letter from a Mr. Paraskevas. I permitted Defendant's counsel at that conference to question Plaintiff on the record. I also questioned Plaintiff. ECF 186 (transcript of conference). I believe Plaintiff's responses to counsel's and my questions were evasive at best and deceiving or untrue at worst.

Furthermore, it has been obvious that Plaintiff is not drafting her own motions and responses in this case. Defendant moved to require Plaintiff to reveal the author of her filings. I denied that request but ordered that "[a]ny ghostwriting of anything Plaintiff submits to the Court

2

must be acknowledged by the signature of the attorney involved." ECF 199. It is my belief that Plaintiff has violated this Order with everything she has filed since September 15, 2022.

Thereafter, Defendant subpoenaed relevant records associated with Plaintiff from the Los Angeles Sheriff's Department and JP Morgan Chase Bank, N.A. Plaintiff moved to quash those subpoenas. ECF 192, 193. Judge Rodriguez denied those motions. ECF 208. Plaintiff tried again to stop this discovery with an "Emergency Motion." ECF 211. The Motion was clearly drafted by someone other than Plaintiff. She did not reveal the author. Judge Rodriguez denied this motion as well. ECF 212.

Plaintiff also attempted to avoid her deposition. ECF 192. I denied that request. This leads us to the most current, and serious, violation by Plaintiff. As noted above, on September 22, 2022, Defendant conducted her deposition in my courtroom. During the deposition, Defendant's counsel asked me into the courtroom and explained that Plaintiff was refusing to answer questions concerning her travel to the United States. In the Complaint, ECF 1, Plaintiff alleges that in July 2013, she came to the United States at Defendant's invitation. *Id.* ¶ 11. At the deposition, Defendant was exploring this allegation and asked Plaintiff to identify the legal basis for her entry into the United States. Plaintiff refused to answer. I found the question sufficiently relevant for discovery purposes and ordered Plaintiff to answer. I advised her of the following:

1. If she thought the answer might incriminate her, she could invoke her Fifth Amendment right to refuse to answer. She affirmatively stated the answer would not involve any potential criminal conduct and declined to invoke her right to remain silent.

2. I would be willing to order Defendant out of the courtroom, restrict this line of questioning to "attorneys' eyes only," instruct counsel not to disclose to anyone the

3

>  information provided by Plaintiff without further order of the Court, and mark the transcript as restricted. Plaintiff declined.
>
> 3. If she persisted in disobeying my Order to answer the questions, this could be construed as a contempt of court, and the sanction could include, without limitation, dismissal of her lawsuit with prejudice. She understood.

In knowing and deliberate disobedience of my direct Order after these options and my advisement were provided to her, in my presence she refused to answer the questions concerning immigration status on the grounds of "relevance." Indeed, she refused to answer many questions on relevance grounds despite my Order that she may not do that. She fully understood my Order and its meaning. She intentionally and knowingly violated that Order, which leads to this Recommendation.[1]

Rule 37(b) of the Federal Rules of Civil Procedure permits the Court to enter sanctions against a party for failure to cooperate in discovery. In pertinent part, that rule provides:

> (A)   For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> - (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> - (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> - (iii) striking pleadings in whole or in part;
> - (iv) staying further proceedings until the order is obeyed;
> - (v) dismissing the action or proceeding in whole or in part;
> - (vi) rendering a default judgment against the disobedient party; or
> - (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[1] After I left the courtroom, Plaintiff apparently indicated her willingness to answer the questions. When defense counsel then posed the immigration status queries, Plaintiff answered to each, "I do not remember." Rather than ameliorate Plaintiff's blatant contempt, I believe this only furthers her mockery of the Court's Order by disingenuously purporting to answer questions and, at the same time, potentially committing perjury.

. . . . . .

    (C)    Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2). In the Tenth Circuit, I look to the decision in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992) to determine an appropriate sanction. *E.g.*, *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000) (affirming dismissal as a sanction).

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant," . . ., (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, . . . , and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921. Here, the question is not a close one.

    Plaintiff's evasive conduct has cost the Defendant (a private individual) in this basic tort case over $100,000 in attorney's fees. Her refusal to provide relevant discovery will deprive Defendant of his right to defend this case. She has also caused an enormous expenditure of judicial resources, including vacating an entire day's proceedings so her deposition could be held in my courtroom. She is knowingly, personally, and solely responsible for her actions, and her culpability is without question. I warned Plaintiff for five minutes to re-think her refusal to answer the questions and, in fact, ordered her to answer them numerous times. I told her that her refusal and disobedience could result in dismissal of her action with prejudice. Finally, after repeated disobedience of Court orders (not simply in this Court but in others as well – see ECF 94, noting "Plaintiff has been sanctioned several times for her litigation conduct" and citing cases), including a direct contempt,[2] there is no option short of dismissal that would accomplish the ends of justice.

---

[2] "[I]n a direct contempt the judge has observed the contemptuous act, there is 'no need of evidence or assistance of counsel before punishment.' *Cooke v. United States*, 267 U.S. 517, 534, 45 S. Ct.

5

I also recommend under Fed. R. Civ. P. 37(b)(2)(C) that Defendant's expenses and fees for the deposition be awarded.

For the foregoing reasons, the Court respectfully recommends that this action be **dismissed with prejudice**, and that Defendant be awarded his reasonable fees and costs associated with arranging, preparing for, and attending the deposition of September 22, 2022.[3] Further, pursuant to Fed. R. Civ. P. 37(b), this case is stayed pending any objection to this Recommendation and its final adjudication by Judge Rodriguez.

Respectfully submitted this 26th day of September, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty

United States Magistrate Judge

---

390, 394, 69 L.Ed. 767 (1925)." *United States v. Baldwin*, 770 F.2d 1550, 1553–54 (11th Cir. 1985). Despite my authority to act immediately on Plaintiff's contempt, I issue this Recommendation in an abundance of caution.

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).