FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*2:54 pm, Sep 26, 2022*
**JEFFREY P. COLWELL, CLERK**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

## PLAINTIFF'S REPLY IN SUPPORT OF HER AMENDED MOTION TO RESTRICT AND REDACT

Plaintiff submits the following reply in support of her amended motion to restrict and redact.

Without giving Plaintiff any opportunity to dismiss the case[1] or seek meaningful appellate review, the court forced Plaintiff to continue prosecuting this case under her true name partly based on it would not run afoul other courts' protective orders.

A party seeking to seal judicial records can "overcomes a presumption in favor of access to judicial records by 'articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (alteration in the original) (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) ). "And the

---

[1] See *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) (holding that the plaintiff should be allowed to dismiss the suit in lieu of revealing her name.)

public's interest in access to judicial records is lessened when the contents are not used to determine the litigant's substantive legal rights." *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016).

In arguing that once the parties' confidential information is made publicly available, it cannot be made secret again, Eugene Volokh (Volokh)'s reliance is misplaced on *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013). First, as *Apple* explains, confidential information cannot be made secret again is the reason why the Unsealing Orders would be effectively unreviewable on appeal from a final judgment instead of a sole factor to be considered when weighing the interests of the public against those advanced by the parties.

Second, the situation in *Apple* was markedly different from the situation presently before the Court. Competitive harm of a business is nowhere close to the harassment and violence against Plaintiff. Dkt. 213-3. Volokh cites no cases involving ongoing violence or future violence. Although when the information a party seeks to seal has been disclosed previously in public court proceedings, it may undermine privacy concerns, that is definitely not the only factor courts consider when balancing interests. If the improper information has been accessed by 20,000 people courts should prevent it from being accessed by 2 billion people. See *Brown v. Flowers*, 974 F.3d 1178, 1188 (10th Cir. 2020) (Additionally ordering the plaintiff's counsel to remove any copies of jail records **he posted online** after deciding that those exhibits should be sealed out of concern for the safety of those who live and work in jails.)

Volokh's argument is disingenuous in many aspects. Despite nowhere contains Plaintiff's true identity on Dkt. 213-2, Volokh misrepresents that Plaintiff herself filed the case information,

2

so it is especially clear that "any claim to confidentiality has been waived." In fact, Plaintiff never waived any confidentiality.

Volokh further misrepresents that Plaintiff chose to file the documents with handwritten notes as publicly accessible documents while in fact it is the clerk's mistake. Volokh also provides misleading information alleging that the request was an unsuccessful attempt to get a court to order Volokh to remove references while in fact the request was simply not served on Volokh because the sheriff could not find him. A renewed request is currently pending.

Volokh alleges that a Bloomberg search for the address can reveal the same addresses in the public filings of other cases. First, Bloomberg Law is a subscription-based service that uses data analytics and artificial intelligence for online legal research. Therefore, Bloomberg Law is not as public as PACER in a sense that it requires payment for its service. Second, the mailing address is not a physical address which can be used by someone else.

The ultimate objective of pseudonymity orders[2], or permitting to proceed anonymously, is to protect the substantial privacy rights of the plaintiffs, e.g. to protect the plaintiffs from being identified to the public. Volokh did not deny the improper disclosure of the case information Plaintiff seeks to redact would render the protective orders void and the protection afforded Plaintiff meaningless.

One factor that weighs in favor of sealing documents is when the release of the documents will cause harm. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013); *Deherrera v. Decker Truck Line, Inc*., 820 F.3d 1147, 1162 n.8 (10th Cir. 2016). "[I]n

---

[2] When pseudonymity orders are entered it is rare to have third parties involved. As such, pesudonymity orders rarely consider third parties. Whether they bind third parties is irrelevant here.

general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (emphasis added) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); see also *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir.2011). The improper purposes, or the relevant harm in the context of this case is to deprive Plaintiff's of protection of her privacy rights and eventually leads to the harassment and violence against Plaintiff. "The right of free speech is not without limitations. It is always to be exercised with due regard for the rights of others." *Seven Up Bottling Co. v. Grocery Drivers Union*, 233 P.2d 617, 619 (Cal. Ct. App. 1951).

Based on the foregoing, the Court should grant Plaintiff's motion in its entirety and allow Plaintiff to file proposed redaction on Volokh's objection Dkt. 213.

Dated: September 25, 2022                    Respectfully submitted,

*/s/ Xingfei Luo*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. Users registered with CM/ECF system will receive notification of such filing electronically.

Dated: Sep 25, 2022

*/s/Xingfei Luo*