**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
**2:09 pm, Oct 03, 2022**
**JEFFREY P. COLWELL, CLERK**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

       Plaintiff,

v.

PAUL WANG,

       Defendant.

---

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE HEGARTY'S SEPTEMBER 22, 2022 ORAL ORDER AND RECOMMENDATION (ECF 218)

Pursuant to Fed. R. Civ. P. 72, Plaintiff respectfully submits her objections to Magistrate Judge Hegarty's September 22, 2022 oral order and September 26, 2022 recommendation. ECF 218.

### INTRODUCTION

Over 200 entries on the docket sheet elaborate how a millionaire defendant has utilized his financial resources to the fullest to bully Plaintiff's court appointed counsel into withdrawing and bully Plaintiff into dropping out of the lawsuit. Decl, Luo ¶13-14. ECF 101. Defendant repeatedly moved to stay discovery but now he claims a website hosting company has been down therefore he would need to search Plaintiff's smart phone data, including sensitive and private information wholly irrelevant to this lawsuit. ECF 203. Defendant's every step was designed to obtain a tactical advantage for devious purposes.

Clear and undisputed evidence shows that Defendant himself was the insured and pocketed the insurance money, Decl, Luo ¶11. ECF 207, p. 13-25, then Defendant fabricated that Plaintiff filed a false police report to defraud the insurance company for money. Plaintiff objects

to Magistrate Judge Hegarty's September 22, 2022 oral order and September 26, 2022 recommendation and the case should proceed to trial.

## LEGAL STANDARD

Where a magistrate judge's order relates to "a pretrial matter not dispositive of a party's claim or defense," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under the clearly erroneous standard, the reviewing court [must] affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc.,* 468 F.3d 642, 658–59 (10th Cir. 2006) (internal quotations and citation omitted).

When a party timely objects to a magistrate judge's recommendation on a dispositive motion, the district court makes a de novo determination on the portions of the recommendation to which the party objects. 28 U.S.C. § 636(b)(1). In order to conduct a de novo review a court "should make an independent determination of the issues . . .; [it] 'is not to give any special weight to the [prior] determination'. . . ." *United States v. First City Nat. Bank*, 386 U.S. 361, 368, 87 S.Ct. 1088, 1093, 18 L.Ed. 2d 151 (1967).

## THE MAGISTRATE JUDGE'S MISSTATEMENT OF FACTS

Despite a federal magistrate judge is not granted independent contempt powers and a party cannot be held in contempt without first being given notice and a hearing[1], the Magistrate Judge misstates that Plaintiff committed a direct contempt of court without certifying to the district court judge the facts surrounding an act of contempt. ECF 218, p. 1. See Part I. C. It is a

---

[1] See *Roell v. Withrow*, 538 U.S. 580, 593 (2003).

district court judge's determination whether punishment is warranted **after hearing the evidence**. A magistrate judge has no authority to an adjudication of civil contempt.

Despite Plaintiff flew to Denver from California all at her own expenses to appear for deposition and refused to disclose ONLY immigration matter the Magistrate Judge misstates that Plaintiff has unreasonably refused necessary efforts to conduct discovery and prepare this case for its conclusion. ECF 218, p. 1.

Despite ECF 132 is unrelated to any discovery issues, the Magistrate Judge misstates that ECF 132 outlines the initial efforts of Plaintiff to refuse relevant discovery requests and other information. ECF 218, p. 2.

Despite Plaintiff's court appointed counsel, Ms Collier, represented Plaintiff solely at district court level excluding appeal, the Magistrate Judge's misstatement that "despite having counsel appointed by the Court, Plaintiff filed a pro se, interlocutory Notice of Appeal of Judge Rodriguez's Order (ECF 165)" improperly implies that Plaintiff should not have filed a pro se interlocutory notice of appeal while being represented by counsel.

Despite the parties simply discussed defendant's discovery plan during the status conference held on August 24, 2022, ECF 201, the Magistrate Judge misstates that he ordered Plaintiff's deposition to occur in his courtroom on September 22, 2022. ECF 218, p. 3.

Despite the person who subpoenaed JP Morgan Chase Bank, N.A. was Plaintiff, ECF 194, p. 22, ECF 207, p. 27, the Magistrate Judge misstates that Defendant subpoenaed relevant records associated with Plaintiff from JP Morgan Chase Bank, N.A. and Plaintiff moved to quash the subpoena. ECF 218, p. 3.

Despite (1) ECF 192 simply sought a protective order requiring Defendant to pay for all Plaintiff's travel expenses related to the deposition due to violation of Rule 45, (2) Plaintiff booked and paid the flights prior to September 7, 2022, Decl, Luo ¶2, (3) Plaintiff was recently tested positive for Covid right after her last trip to Denver, Decl, Luo ¶3, and (4) Plaintiff ultimately traveled more than 2,000 miles and appeared for the deposition all at her own expenses, the Magistrate Judge misstates that Plaintiff attempted to avoid her deposition. ECF 218, p. 3.

Despite Plaintiff only refused to disclose immigration matter due to relevancy and intrusiveness, the Magistrate Judge misstates that Plaintiff refused to answer **many** questions on relevance grounds. ECF 218, p. 4.

Despite Plaintiff knew, during the position, she should not answer any intrusive and harassing questions outside the scope of Rule 26, the Magistrate Judge misstates that Plaintiff apparently indicated her willingness to answer the questions. ECF 218, p. 4.

Despite Plaintiff never requested to be deposed in court and the deposition could have been conducted remotely, ECF 186, the Magistrate Judge misstates that Plaintiff has caused an enormous expenditure of judicial resources, including vacating an entire day's proceedings so her deposition could be held in the courtroom. ECF 218, p. 5.

Despite Plaintiff only refused to disclose immigration matter the Magistrate Judge, without any supporting evidence, misstates that Plaintiff's evasive conduct has cost the Defendant (a private individual) in this basic tort case over $100,000 in attorney's fees. Further, without disclosing Defendant's financial situation such misstatement conveys misleading information and creates a false impression that Defendant received a financial hit due to this

lawsuit. The market value of Defendant's real estate has at least a total of $ 3 million. Defendant

has both W2 and rental income. Decl, Luo ¶5. Defendant himself is responsible for his legal fee

spending based on his strategy. The Magistrate Judge himself reminded defense counsel to

consider the expense when she discussed Defendant's discovery plan to subpoena Plaintiff's

smart phone data. ECF 186.

Despite a federal magistrate judge is not granted independent contempt powers, the

Magistrate Judge misstates that he had authority to act immediately on Plaintiff's contempt. ECF

218, p. 6. See Part I. C. Misuse of contempt is where a judge failed to give a pro per litigant an

opportunity to respond before holding the litigant in contempt. [Commission on Judicial

Performance, Annual Report (2014), Advisory Letter 24, pp. 23-24. https://cjp.ca.gov/wp-

content/uploads/sites/40/2016/08/2014_Annual_Report.pdf]

## ARGUMENT

I.   **THE MAGISTRATE JUDGE CLEARLY ERRED IN ENTERING AN ORAL ORDER ON SEPTEMBER 22, 2022 DURING PLAINTIFF'S DEPOSITION**

### A.  The September 22, 2022 Oral Order Was Improper

The September 22, 2022 oral order was entered without a proper hearing. Defendant's

purported oral motion to compel Plaintiff to disclose immigration matter was not made in front

of Plaintiff. Plaintiff was unaware of what legal argument or analysis was made to the Magistrate

Judge. Decl, Luo ¶6.

Defendant's purported oral motion to compel Plaintiff to disclose immigration matter was

an ambush that had Plaintiff cornered. Without giving Plaintiff any opportunity to do her legal

research, properly present her argument and analysis, and fully brief the issue, the Magistrate

Judge, without giving any explanation, conclusorily found the immigration matter sufficiently

relevant for discovery purposes and orally ordered Plaintiff to answer immigration related

questions without applying any analysis to the particular claim and defense of this case. Decl,

Luo ¶6. See *Reeder v. Am. Econ. Ins. Co*., 88 F.3d 892, 896 (10th Cir. 1996) (emphasizing, in the

abuse-of-discretion context, the need for the district court to provide a "reasoned explanation" for

its discretionary judgment); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1226 (10th Cir.

2007) (holding that a district court must explain its discretionary denial of prejudgment interest);

*Okland Oil Co. v. Conoco Inc*., 144 F.3d 1308, 1329 (10th Cir. 1998) (holding that a district

court must provide an "adequate explanation" for its discretionary denial of costs).

### B.  Immigration Status is Undiscoverable Under Rule 26

Rule 26(b) will not permit unlimited discovery. All discovery is limited by Rule 26(b)(2),

which protects against, *inter alia*, overly burdensome discovery requests, discovery of

cumulative materials, and overly costly discovery requests." *Murphy v. Deloitte Touche*, 619

F.3d 1151, 1163 (10th Cir. 2010). Rule 26(b), although broad, has never been a license to engage

in an unwieldy, burdensome, and speculative fishing expedition. *Id*. In determining whether a

discovery request is overly costly or burdensome in light of its benefits, the district court will

need to consider the necessity of discovery. *Id*.

Plaintiff's immigration matter has no bearing on either liability or damages. Discovery of

immigration status is a potential weapon for harassing and intimidating individuals. *E.E.O.C. v.

First Wireless Grp., Inc*., No. 03-CV-4990 JS ARL, 2007 WL 586720, at *3 (E.D.N.Y. Feb. 20,

2007). [W]hile discovery under the Federal Rules of Civil Procedure is generally broad and far-

reaching, ... here the added *in terrorem* effect of producing these documents weighs in favor of

granting the request for a protective order [to not allow discovery into plaintiff's immigration

status]. See *Reyes v. Snowcap Creamery, Inc.*, 898 F. Supp. 2d 1233, 1234-1236 (D. Colo. 2012) (Finding the Magistrate Judge's order to produce entire file related to Plaintiff's immigration status to Defendants was incorrect as a matter of law after weighing the relevance of the information sought against the possible prejudice to Plaintiff if the Court mandates that Plaintiff disclose these documents); *Ferrer v. Limpiex Cleaning Servs.*, No. 3:19-cv-00940(JCH), at *5 (D. Conn. Apr. 1, 2020) (Granting a protective order to questions regarding Ms. Ferrer's immigration status in both written discovery and deposition testimony.)

In *Rivera v. Nibco, Inc.*, 364 F.3d 1057 (9th Cir. 2004), the Ninth Circuit affirmed a protective order "bar discovery into each plaintiffs immigration status" and determined that "requiring the plaintiffs to answer such questions [regarding immigration status] in the discovery process would likely deter them, and future plaintiffs, from bringing meritorious claims. *Id*. at 1064. The court recognized that discovering the various plaintiffs' eligibility for particular remedies would aid the defendant in making pre-trial estimates of the damage award for which it might be responsible if found liable. The convenience to defendant, however, is substantially outweighed by the harm the discovery would cause the plaintiffs. *Id*. at 1064-65. The court reasoned that even documented workers may fear that their immigration status would be changed, or that their status would reveal the immigration problems of their family or friends; similarly, new legal residents or citizens may feel intimidated by the prospect of having their immigration history examined in a public proceeding. Any of these individuals, failing to understand the relationship between their litigation and immigration status, might choose to forego civil rights litigation. *Id*. at 1065. The chilling effect such discovery could have on the bringing of civil rights actions unacceptably burdens the public interest. *Id*. If courts granted

discovery requests for information related to immigration status in every case, countless acts of

illegal and reprehensible conduct would go unreported. *Id.* See also *In re Reyes* , 814 F.2d 168,

169–71 (5th Cir. 1987) (barring discovery of petitioners' immigration status because their

entitlement to relief under the Fair Labor Standards Act did not depend on that status, which

apparently was not at issue in any other way in the appeal;) *EEOC v. Willamette Tree Wholesale,*

*Inc.*, No. CV 09–690–PK, 2010 U.S. Dist LEXIS 97380 at *13 (D. Or. July 8, 2010) (refusing

defendant employer's request for production of immigration documents in order to enable an

exploration of plaintiffs' employment history, where such history "had no bearing" on plaintiffs'

claims and, insofar as employers' defenses were concerned, would at best duplicate facts already

in the record;) *E.E.O.C. v. Rest. Co.* , 448 F.Supp.2d 1085, 1087 (D. Minn. 2006) (barring

discovery of Title VII complainant's immigration status where that status was legally irrelevant

to the defendant's asserted defense, and might otherwise be relevant only at a distant stage of the

litigation, if then;) *Topo v. Dhir* , 210 F.R.D. 76, 78 (S.D.N.Y. 2002) (barring discovery of

plaintiffs' immigration status where that status was "a collateral issue not relevant to any material

aspect of the case.")

Based on Plaintiff's observation of defense counsel's practice Plaintiff did not believe the

restriction to "attorneys' eyes only" until further order of the Court would be sufficient to protect

Plaintiff. Immigration matter is barred from discovery in the first place.

### C.  Refusal to Answer Impermissible Questions Does Not Constitute Contempt

First and foremost, Plaintiff DID NOT CONSENT to have a United States magistrate

judge conduct all proceedings in this civil action, including trial, and to order the entry of a final

judgment. ECF 1-5. Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), upon the commission of the act

constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served upon any person whose behavior is brought into question, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon **hear the evidence** as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge. The Magistrate Judge has no authority to determine that Plaintiff committed a direct contempt of court. ECF 218, p. 1. The Supreme Court has explained that civil contempt sanctions may be imposed in an ordinary civil proceeding upon notice and opportunity to be heard. *Roell v. Withrow*, 538 U.S. 580, 593 (2003). As no hearing was held Plaintiff shall not be determined that she committed a direct contempt of court.

Contempt of court is defined as any act which is **calculated to embarrass, hinder, or obstruct a court** in the administration of justice, or which is calculated to lessen the authority or dignity of a court. See Black's Law Dictionary 288 (5th ed. 1979). Civil contempt must be proved by clear and convincing evidence which is a standard higher than the "preponderance of the evidence" standard.

Refusal to answer impermissible questions is nowhere close to an act **calculated to embarrass, hinder, or obstruct a court** in the administration of justice. See *In re Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir.1987) ("We have defined a willful failure as 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.' " (quoting *Patterson v. C.I.T. Corp.*, 352 F.2d 333, 336 (10th Cir.1965)). Plaintiff had

no intent to violate any valid court order and she simply chose to invoke her constitutional right.

## II.    THE MAGISTRATE JUDGE CLEARLY ERRED IN CONCLUDING, WITHOUT EVIDENCE, THAT PLAINTIFF IS NOT DRAFTING HER OWN MOTIONS AND RESPONSES IN THIS CASE

On September 15, 2022 the Magistrate Judge has entered an order requiring any ghostwriting of anything Plaintiff submits to the Court must be acknowledged by the signature of the attorney involved. ECF 199. Plaintiff has received no prior warning that dismissal of the action would be a likely sanction for noncompliance of ECF 199.

Without disclosing what evidence or method he relied on[2], the Magistrate Judge has concluded that Plaintiff is not drafting her own motions and responses in this case and ECF 211[3] was **clearly** drafted by someone other than Plaintiff. After she received the district judge's denial of her motion to quash subpoena Plaintiff was in a hurry to file an emergency motion to stay prior to the subpoena's required production date set on September 20, 2022. After she sent the clerk her first version of ECF 211Plaintiff realized she forgot to include legal analysis. Plaintiff then proceeded to correct her first version and sent the second version with legal analysis to the clerk. Decl, Luo ¶7. If she had been assisted by counsel Plaintiff would not have made such mistake.

---

[2] For instance, the Magistrate Judge could have ordered Plaintiff to draft a legal document in his courtroom under his observation to test Plaintiff's writing skill.

[3] Plaintiff's emergency motion to stay compliance with subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action filed on September 19, 2022.

Therefore, the Magistrate Judge's belief that Plaintiff has violated ECF 199 with everything she has filed since September 15, 2022 is conclusory and unsupported by record evidence.

### A.  Financially Impossible

The average hourly rate of a licensed attorney in Southern California is roughly $480. Decl, Luo ¶8. If Plaintiff had hired an attorney to draft all of her court filings since the withdrawal of her prior counsel the attorney fees would have been phenomenal which is impossible according to Plaintiff's financial condition. ECF 2, ECF 201, p.9.

### B.  Technically Impossible

Plaintiff resides in California and has no connection in Colorado. It is impossible for Plaintiff to find any attorneys in Colorado. And Plaintiff has found no attorney who can practice law both in California and Colorado. Decl, Luo ¶8. The Magistrate Judge is not only accusing Plaintiff of violating a court order but also an attorney of malpractice. Such accusation is unsupported by fact, evidence, or common sense.

### C.  Speculation That A Pro Per Party Is 'Lying' About The Independent Preparation of A Motion Is A Clear Abuse of Discretion

Judge Joan Comparet-Cassani presided over the matter of *People v. Evan Perkins*, No. NA083318, which involved felony charges of theft and drug possession. Perkins was initially represented in this matter by appointed counsel. After being granted to proceed in pro per Perkins appeared before the judge for a pretrial hearing and submitted two motions, a *Pitchess* motion and a *Brady* motion.

Upon receiving the *Pitchess* motion, the judge stated that she did not believe that Perkins had prepared the motion himself. Perkins responded that he had prepared the motion himself and

that he had someone else type it. The judge proceeded to question Perkins about the motion and repeatedly stated that she did not believe he had prepared it despite Perkins's insistence that he had. The judge ultimately concluded that Perkins was lying to the court about not having received legal assistance in connection with the preparation of the motion.

The Commission on Judicial Performance has ordered Judge Joan Compuret-Cassani publicly admonished pursuant to article VI, section 18(d) of the California Constitution and commission rule 115. See https://cjp.ca.gov/wp-content/uploads/sites/40/2016/08/Comparet-Cassani_Pub_Adm_8-16-11.pdf

## III.   THE MAGISTRATE JUDGE CLEARLY ERRED IN CONCLUDING THAT PLAINTIFF HAS REFUSED TO COMPLY WITH ECF 196

The Magistrate Judge's first order, ECF 180, was entered during the stay of the case. Plaintiff was going to comply when the stay was lifted but it slipped through the cracks. After the Magistrate Judge reminded her Plaintiff immediately called the clerk as directed. See ECF 196 (The Clerk's Office (303-844-3433) may be able to assist in providing that information, if needed.) Once the clerk instructed her to download a form from the court's website Plaintiff immediately did so and filed ECF 200. Decl, Luo ¶9. Plaintiff has received no prior warning that dismissal of the action would be a likely sanction for noncompliance of ECF 180 or ECF 196.

The Magistrate Judge's allegation of considerable inconvenience to the Court is entirely unfounded. Even if the only manner in which the Court can notify Plaintiff of accelerated briefing or a hearing is to direct the Defendant to email the information to Plaintiff both the Court and Defendant have had Plaintiff's email address since July 2022. Decl, Luo ¶9.

## IV.   THE MAGISTRATE JUDGE CLEARLY ERRED IN CONCLUDING PLAINTIFF VIOLATED VARIOUS ORDERS

The summary of August 24, 2022 conference makes no mention of any violations of court orders. ECF 182, 186. All of a sudden Plaintiff was accused of violation of various court orders and being evasive at best and deceiving or untrue at worst. Such drastic shift and newly created charges bring discredit to a court as certainly as the conduct it penalizes.

Prior to the status conference held on August 24, 2022, other than ECF 178[4], Plaintiff received no explicit order to provide a financial affidavit, amend her request for damages, and provide an unredacted letter from Mr. Paraskevas.

Even if it is Plaintiff's oversight or misunderstanding, Plaintiff has indirectly provided financial affidavit, ECF 201, p.9, and Defendant spent substantial amount of time during deposition going through Plaintiff's financial affidavit. Any of Plaintiff's claims regarding economic damages are hereby WITHDRAWN. ECF 182, p. 1. And Plaintiff does not possess any unredacted letter from Mr. Paraskevas. Nowhere during the August 24, 2022 conference Plaintiff was warned by the Magistrate Judge that she violated various court orders. ECF 186. Once again, exaggeration and mischaracterization of Plaintiff as being evasive at best and deceiving or untrue at worst bring discredit to a court as certainly as the conduct it penalizes. In fact, the person was deceiving or untrue was Defendant when he initially told the court that his daughter was born in September 2019 which later was changed to December 3rd, 2019. ECF 186.

Plaintiff seeks only damages for garden-variety emotional distress in this diversity tort case based on the undismissed claim. Plaintiff had not waived the privilege and Plaintiff was not supposed to produce her psychological treatment records. See *Menapace v. Alaska Nat'l Ins. Co.*, Civil Action No. 20-cv-00053-REB-STV, at *9 (D. Colo. May 19, 2021) (Finding that the

---

[4] ECF 178 explicitly orders Plaintiff to provide medical records.

Colorado Supreme Court had made clear that mental health records need not be disclosed by a plaintiff where the plaintiff seeks damages only for generic, garden-variety emotional distress); *Weil v. Dillon Companies, Inc.*, 109 P.3d 127, 131-32 (Colo. 2005) (Holding that the trial court abused its discretion when it ordered the plaintiff to authorize blanket releases of all of his medical records and the defendant is not entitled to the plaintiff's medical history for his generic, garden variety, claims of pain and suffering and loss of quality of life); *Hoffman v. Brookfield Republic, Inc*., 87 P.3d 858, 863 (Colo. 2004) (Holding that a plaintiff does not impliedly make a complete waiver of the psychotherapist-client privilege simply by making generic claims of mental suffering incidental to the underlying suit.)

Nevertheless, Plaintiff still complied with the court's order to produce medical records. ECF 178. Defendant already received more than he is entitled to. Decl, Luo ¶10.

## V.   THE MAGISTRATE JUDGE CLEARLY ERRED IN RECOMMENDING SANCTIONS WITHOUT GIVING PLAINTIFF ANY OPPORTUNITY TO BE HEARD

Sanctions cannot be assessed without the "basic requirements of due process," which are "notice that such sanctions are being considered by the court and a subsequent opportunity to respond." *Braley v. Campbell*, 832 F.2d 1504, 1514 (10th Cir.1987) (en banc); see also *United States ex rel. Jimenez v. Health Net, Inc*., 400 F.3d 853, 857 (10th Cir.2005) ("Due process requires us to give Appellants notice that we are contemplating imposing sanctions and an opportunity to respond."). The notice must include not only the "conduct alleged to be sanctionable," but also "the standard by which that conduct [would] be assessed." *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 97 (2d Cir.1997). "The pursuit of sanctions under one ... provision [ ] does not constitute notice for purposes of the other" where, as here, the provisions differ "in

standards, procedure, and punitive scope." *Hutchinson v. Pfeil*, 208 F.3d 1180, 1185 (10th Cir.2000).

A party facing the possible assessment of costs, expenses or attorney fees has a due process right to notice that such sanctions are being considered by the court and a subsequent opportunity to respond. *Braley*, 832 F.2d 1514. An opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements. *White v. General Motors Corp.*, 908 F.2d 675, 686 (10th Cir. 1990), cert. denied, 498 U.S. 1069 (1991).

The deposition did not supply Plaintiff any meaningful opportunity to be heard. Decl, Luo ¶6. Plaintiff was unable, without sufficient time to do her legal research, to brief Defendant's oral motion to compel answers. After the deposition, the magistrate judge never set a briefing schedule for order to show cause or sanctions[5]. That subject was not broached until a recommendation of sanctions, before Plaintiff could even object to the magistrate judge's oral order pursuant to Fed. R. Civ. P. 72. See *United States v. Melot*, 768 F.3d 1082, 1083 (10th Cir. 2014) (Reversing sanctions order due to lack of notice and an opportunity to be heard that led to a denial of due process); *G.J.B. Assoc., Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990) (district court's error in failing to provide party with required due process constituted an abuse of discretion, requiring remand).

---

[5] Such as order Plaintiff to show cause why she should not be held in contempt of court or should not be ordered to pay reasonable fees and costs associated with arranging, preparing for, and attending the deposition of September 22, 2022.

## VI.   THE MAGISTRATE JUDGE CLEARLY ERRED IN RECOMMENDING EXCESSIVE SANCTIONS

### A.   Improper Recommendation of Dismissal as First Sanction Despite No Actual Prejudice Shown and No Lesser Sanction Tried

A dismissal or default sanctions order should be predicated on "willfulness, bad faith, or [some] fault" rather than just a simple "inability to comply. *Archibeque v. Atchison, Topeka Santa Fe Ry.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (quoting *Nat'l Hockey League*, 427 U.S. at 640, 96 S.Ct. 2778). See also *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988); *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872-73 (10th Cir. 1987); *In re Standard Metals Corp.*, 817 F.2d 625, 628-29 (10th Cir. 1987). In many cases, a lesser sanction will deter the errant party from further misconduct. "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, **rather than first**, resort,'" *Meade*, 841 F.2d at 1520 n. 6 (citations omitted). Particularly in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 n.3 (10th Cir. 1992).

The district court's discretion to choose a sanction is limited in that the chosen sanction must be both "just" and related to the particular "claim" which was at issue in the order to provide discovery. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade*, 841 F.2d at 1521 n. 7 (citations omitted). In cases where a

claimant fails to obey a court order through "inadvertence or simple neglect . . . the deterrent effect of a default or dismissal is likely to be substantially achieved through lesser sanctions." *Ocelot Oil Corp. v. Sparrow Ind., et al*., 847 F.2d 1458, 1465 (10th Cir. 1988).

Courts are reluctant to affirm on the basis of isolated instances of noncompliance or where the district court's findings did not make specific reference to fault by the parties or intentional conduct by their attorneys, and did not explain why lesser sanctions would be ineffective. See, e.g., *M.E.N. Co*., 834 F.2d 869; *Woodmore v. Git-N-Go*, 790 F.2d 1497 (10th Cir. 1986); *Hollis v. United States*, 744 F.2d 1430 (10th Cir. 1984).

There is no evidence supporting that Plaintiff committed any willful misconduct. A plaintiff's immigration status must be excluded in the first place due to the substantial risk of confusing the issues and unfairly prejudicing the plaintiff under Rule 403. A litigant's immigration status has so little relevance that its probative value is easily and substantially outweighed by the Rule 403 dangers. A plaintiff's immigration status will likely mislead the jury into considering immaterial issues, thereby wasting time and prejudicing the plaintiff with the negative implications of this unrelated evidence.

Beyond a conclusory assertion of prejudice – Plaintiff's refusal to provide relevant discovery will deprive Defendant of his right to defend this case, ECF 218, p. 5 – the Magistrate Judge presents no substantive analysis as to how Plaintiff's refusal to disclose her immigration matter has deprived Defendant of his right to defend his fabrication that Plaintiff committed insurance fraud taking into account the currently available and undisputed evidence showing that Defendant himself was the person who filed the insurance claim as a claimant and he pocketed the insurance money. ECF 194, p. 8-20; ECF 207, p. 13-27. Decl, Luo ¶11-12. The Magistrate

Judge does not bother to articulate what particular significant impact of Plaintiff's immigration matter has on this defamation case or why Plaintiff's immigration matter was so material to the determination of the central issue in the case. As such, the degree of actual prejudice to the defendant does not justify dismissal.

It is hard to imagine how Plaintiff caused an enormous expenditure of judicial resources while remote deposition was an available option and Plaintiff was not the person who requested in court deposition. ECF 186. Despite the violation of Rule 45, Plaintiff flew to Denver from California all at her own expenses and sat for a seven-hour deposition answering questions regarding her education, employment, financial situation, litigation history, relationships with wholly unrelated third parties, and the insurance claim etc etc. Decl, Luo ¶4. During these seven hours she only refused to disclose her immigration matter which was outside the scope of permissible discovery. See Part I. B. Therefore, Plaintiff does not take such blame lightly.

Plaintiff is knowingly, personally, and solely responsible for her actions. However, none of her actions was calculated to embarrass, hinder, or obstruct a court in the administration of justice. Plaintiff simply tried to do the right thing and stand up for her constitutional right to protect herself and her family and friends. Plaintiff's behavior was not sufficient to outweigh the judicial system's strong predisposition to resolve cases on their merits. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Without considering whether Plaintiff can demonstrate a meritorious claim, without exploring any lesser sanctions, such as adverse jury instructions and evidentiary sanctions etc., without explaining why any lesser sanctions are insufficient to cure any purported prejudice, the Magistrate Judge clearly erred in concluding that there is no option short of dismissal that would

accomplish the ends of justice.[6] ECF 218, p. 5. See *Nasious v. Two Unknown*, 492 F.3d 1158, 1163 (10th Cir. 2007) (Despite the first two of the *Ehrenhaus* factors are met, reversing the dismissal with prejudice due to the district court's failure to consider the practicability of alternatives); *Davis v. Miller*, 571 F.3d 1058, 1064 (10th Cir. 2009) (Reversing dismissal with prejudice after an obvious lesser sanction was presented); *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (Reversing dismissal with prejudice because the district court's order merely recites Mr. Mobley failed to comply with the conditions contained in the order and concluded this case should be dismissed, namely failure to consider whether a lesser sanction would be appropriate in order to achieve the purposes behind sanctioning a recalcitrant litigant); *In re Rains*, 946 F.2d 731, 734 (10th Cir. 1991) (In arriving at a determination regarding a possible lesser sanction, the district court may consider whether the sanctioned party can demonstrate a meritorious claim or defense); *Gillum v. U.S.*, 309 F. App'x 267, 270 (10th Cir. 2009) (Emphasizing that "litigation should promote the finding of the truth, and, wherever possible, the resolution of cases on their merits", holding that the total exclusion of Dr. Eckardt's testimony, which necessarily resulted in the grant of summary judgment for the defendant, was too extreme a sanction because any prejudice accruing to the defendant from [the] inadequate opportunity to prepare for the first deposition could be cured through an additional deposition at the plaintiff's expense); *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988) (Holding dismissal is usually appropriate "only where a lesser sanction would not serve the interest of justice.")

## B.  Improper Recommendation of All-Fees Award to Defendant

---

[6] The Magistrate Judge's reliance on Plaintiff's "disobedience of Court orders in other courts" is improper because he knows no facts and circumstances in other cases.

A civil contempt sanction when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature. *Mine Workers v. Bagwell*, 512 U.S. 821, 826-30 (1994). The fee award may go no further than to redress the wronged party "for losses sustained"; it may not impose an additional amount as punishment for the sanctioned party's misbehavior. *Id.,* at 829. See also *O'Connor v. Midwest Pipe Fabrications, Inc*., 972 F.2d 1204, 1211 (10th Cir. 1992).

Legal fees and costs beyond those resulting from the litigation misconduct cannot stand. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017). If an award extends further than that—to fees that would have been incurred without the misconduct—then it crosses the boundary from compensation to punishment. *Id*. 1186. A sanctioning court must determine which fees were incurred because of, and **solely because of**, the misconduct at issue (however serious, or concurrent with a lawyer's work, it might have been). *Id*. 1189. No such finding lies behind the recommended award of all deposition fees and costs made by the Magistrate Judge. See *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1190 (2017) (Holding that the innocent party would have paid even had the sanctioned party behaved immaculately in every respect.)

The causal connection is appropriately framed as a but-for test: The complaining party may recover "only the portion of his fees that he would not have paid but for" the misconduct. *Fox v. Vice*, 563 U.S. 826, 836 (2011); see *Paroline v. United States*, 572 U.S. 434 (2014) ("The traditional way to prove that one event was a factual cause of another is to show that the latter would not have occurred 'but for' the former"). In *Fox*, a prevailing defendant sought reimbursement under a fee-shifting statute for legal expenses incurred in defending against

several frivolous claims. See 563 U.S., at 830, 131 S.Ct. 2205; 42 U.S.C. § 1988. The trial court

granted fees for all legal work relating to those claims—regardless of whether the same work

would have been done (for example, the same depositions taken) to contest the non -frivolous

claims in the suit. When a "defendant would have incurred [an] expense in any event[,] he has

suffered no **incremental harm** from the frivolous claim," and so the court lacks a basis for

shifting the expense. *Fox*, 563 U.S., at 836, 131 S.Ct. 2205. Substitute "discovery abuse" for

"frivolous claim" in that sentence, and the same thing goes in this case. Or otherwise said (and

again borrowing from *Fox*), when "the cost[ ] would have been incurred in the absence of" the

discovery violation, then the court (possessing only the power to compensate for harm the

misconduct has directly caused) must leave it alone. *Id*., at 838, 131 S.Ct. 2205.

      Here, the record cannot demonstrate that Plaintiff's non-disclosure of her immigration

matter so permeated the deposition as to make that misconduct a but-for cause of every and all

legal expenses of the entire deposition. There is no causal connection between the sanction and

Plaintiff's refusal to disclose immigration matter. Plaintiff sat for a seven-hour deposition and

only refused to answer immigration question. Decl, Luo ¶4. There is no justification to

recommend all-fees reward for the entire deposition especially when Plaintiff did not elect to use

such an expensive form of deposition, e.g. in person and in court deposition. ECF 186.

      The court must not order payment of expenses if the failure of the disobedient party was

substantially justified or other circumstances make an award of expenses unjust. Fed.R.Civ.P.

37(b)(2)(C).

      The Supreme Court has described the test of "substantially justified" under Rule 37 as "a

genuine dispute or if reasonable people could differ as to the appropriateness of the contested

action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, brackets, and internal quotation marks omitted). "Substantially justified" connotes "not justified to a high degree, but rather justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." *Id*. (internal quotation marks omitted).

Plaintiff's the failure to comply with the Magistrate Judge's September 22, 2022 oral order was substantially justified. See Part I. Before the oral order was entered, Plaintiff had no meaningful opportunity to brief and present her legal argument. Nor did she have any opportunity to object pursuant to Rule 72. The only viable and long-recognized option was for her to defy a disclosure order and incur court-imposed sanctions. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009). Such sanctions allow a party to obtain postjudgment review without having to reveal its undiscoverable and sensitive information. *Id*. at 112. As Part I explained, Plaintiff's failure to comply with the oral order had reasonable basis both in law and fact.

Plaintiff is proceeding in forma pauperis based on financial hardship. Plaintiff's financial situation has not changed. ECF 201, p. 9. Despite her financial hardship, recent diagnosis of Covid, and the clear violation of Rule 45 Plaintiff appeared for the deposition at her own expenses. An award of fees against Plaintiff would be unjust in this circumstance.

At the very most and worst, Defendant is entitled to nothing but only reasonable attorney fees, costs, and expenses for his efforts in bringing his purported oral motion to compel Plaintiff to disclose immigration matter. See Fed.R.Civ.P. 37(b)(2)(C).

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff requests that the Court vacate the Magistrate Judge's

September 22, 2022 Oral Order requiring Plaintiff to disclose her immigration matter and reject

his recommendation because dismissal with prejudice is not warranted.

Dated: October 3, 2022                    Respectfully submitted,

                                          */s/ Xingfei Luo*
                                          Plaintiff and Sole Author

## DECLARATION OF XINGFEI LUO

I, Xingfei Luo, declare and state:

1.    I am the plaintiff in this case. I have personal knowledge of the facts in this declaration. If called on to testify, I could and would competently do so under oath.

2.    I booked and paid the round trip air tickets for the deposition prior to September 7, 2022 and notified both defendant and the court. A true and correct copy of email correspondence is attached hereto as Exhibit 1.

3.    I was tested positive right after I flew back to California after attending the August 24, 2022 status conference held in Denver. Prior to August 24, 2022 I was fully vaccinated. I wore a mask all the time during the entire trip to Denver.

4.    During the deposition on September 22, 2022 I answered all questions regarding my education, employment, financial situation, litigation history, relationships with wholly unrelated third parties, and the insurance claim etc etc. The only thing I refused to disclose was immigration matter.

5.    A simple public record search shows that Paul Wang owns at least the following real properties: 8935 Southurst St, Highlands Ranch, CO 80129; 11505 E Virginia Pl, Aurora, Co 80012; 2175 Ashwood Pl, Highlands Ranch, Co 80129; 1914 Clinton St, Aurora, Co 80010. The total market value of these properties is at least $3 million. Wang works for Visa Inc. (an American multinational financial services corporation) and has an annual W2 income at least $200 k plus rental income from his properties.

6.    During the September 22, 2022 deposition defense counsel went to Judge Hegarty's chamber and later Judge Hegarty came out and ordered me to disclose immigration matter. I was unaware of any legal argument or analysis defense counsel orally made to Judge Hegarty. Before ordering me to answer immigration question Judge Hegarty did not inform me of any legal analysis but just simply insisted immigration matter was relevant. At that point I had no tools or time to do any legal research. Therefore I was unable to present any legal argument, analysis, or authorities. I just knew it was wrong and I did read cases barring discovery of immigration status but I could not

remember the case name on the spot. I refused to disclose immigration matter on the grounds of relevance and intrusiveness.

7.    I received the court's order, ECF 208, denying my motion to quash subpoena directed to LASD in the afternoon of September 19, 2022. The required production date of the subpoena was September 20, 2022. I was in a rush to file an emergency motion prior to September 20, 2022. After I sent my first version of the emergency motion to the clerk I realized that I did not include legal analysis. Then I added legal analysis and sent to the clerk a corrected version which is now ECF 211. A true and correct copy of the first version of my emergency motion is attached hereto as Exhibit 2. I would not have made such mistake had I been assisted by counsel.

8.    The average hourly rate of a licensed attorney in Southern California is roughly $480. Financially it is impossible for me to hire any attorney. I have no connection in Colorado. It is impossible for me to find any attorney in Colorado. And I have found no attorney who can practice law both in California and Colorado.

9.    ECF 180 was entered during the stay of the case. I was going to comply when the stay was lifted but it slipped through the cracks. Once ECF 196 was entered I immediately called the clerk as directed. The clerk told me to download a form from the court's website and I immediately did so and filed ECF 200. Both the Court and Defendant have had my email address since July 2022. A true and correct copy of email correspondence is attached hereto as Exhibit 3.

10.  I have complied with the court's order by providing medical records which were released to defendant. A true and correct copy of email correspondence is attached hereto as Exhibit 4.

11.  Defendant was actually the insured. September 5, 2013 was a Thursday which means it was Paul Wang's work day. On September 5, 2013 at 5:24 pm Defendant sent email, using stealthzeus@gmail.com, to the insurance company TravelexClaims before he left work. He used his cell phone Samsung Galaxy Note II to email Travelex. I never used Samsung Galaxy Note II in my entire life. I never used stealthzeus@gmail.com in my entire life. On September 6, 2013 Travelex acknowledged the receipt of Paul Wang's email and stated "email from insured." A true and correct copy of Travelex's activity log

and correspondence is attached hereto as Exhibit 5.

12.   The email address stealthzeus@gmail.com is Paul Wang's personal email address. A true and correct copy of Paul Wang's text message telling WEAMER stealthzeus@gmail.com was his email address is attached hereto as Exhibit 6.

13.   Less than a month after the court denied Defendant's first rule 11 motion, ECF 165, defense counsel sent me and my prior counsel notice of his second rule 11 motion. A true and correct copy of the correspondence is attached hereto as Exhibit 7.

14.   My court appointed counsel believed that she was bullied into withdrawing by defendant. A true and correct copy of the transcript is attached hereto as Exhibit 8.

I declare under penalty of perjury, that the foregoing is true and correct.

Dated: October 3, 2022

*/s/ Xingfei Luo*

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. The CM/ECF system will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

Dated: October 3, 2022

*/s/ Xingfei Luo*

EXHIBIT 1



---

## Re: Notice of Deposition and Subpoena

**From:** co20_2765@mail.com

**To:** katy@kdonnellylaw.com

**Cc:** "Hegarty Chambers" <hegarty_chambers@cod.uscourts.gov>, "Michael Hegarty" <michael_e_hegarty@cod.uscourts.gov>

**Date:** Sep 7, 2022 1:02:48 PM

---

Please see attached. At this moment I can afford only the flights. Please book the hotel and send me the booking info by Sep 19, 2022 for me to complete the trip. Thanks.

> **Sent:** Wednesday, September 07, 2022 at 11:19 AM
> **From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
> **To:** "co20_2765@mail.com" <co20_2765@mail.com>
> **Cc:** "Hegarty Chambers" <hegarty_chambers@cod.uscourts.gov>, "Michael Hegarty" <michael_e_hegarty@cod.uscourts.gov>
> **Subject:** Re: Notice of Deposition and Subpoena
>
> Good morning,
>
> Ms. Luo, could you please send us the booking information for your September 22 lodging and travel expenses - pursuant to 28 USC § 1821 fee guidelines.
>
> Best,
> Katy
>
> **Katayoun A. Donnelly**
> *Azizpour Donnelly LLC*
>
> **2373 Central Park Blvd. | Suite 100**
> **Denver | Colorado | 80238**
> **Phone:(720) 675-8584**
> **Fax:(720) 880-3142**
> **katy@kdonnellylaw.com**
> http://www.kdonnellylaw.com
>
> This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.
>
> IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.
>
>
> On Tuesday, September 6, 2022 at 05:36:02 PM MDT, <co20_2765@mail.com> wrote:
>
>
> Yes, since you have not cured other issues, e.g. I cannot finish a sentence when speaking English.

EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

       Plaintiff,

v.

PAUL WANG,

       Defendant.

---

## PLAINTIFF'S EMERGENCY MOTION TO STAY COMPLIANCE WITH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

---

Plaintiff respectfully submits the following emergency motion to quash subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action directed to Los Angeles County Sheriff's Department.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff has conferred with Paul Wang (Defendant) and he has indicated he would oppose.

### ARGUMENT

Given the impending discovery obligations and this Court's decision to deny Plaintiff's motion to quash subpoena, Plaintiff has little choice but to seek a Petition for a Writ of Mandamus. In the absence of a stay, however, Plaintiff will be subject to the very discovery that she contends is unreasonable and intrusive in her motion. There is no justification for subjecting a litigant to potentially unlawful discovery before a writ mandamus that would eliminate the occasion for that discovery which would clearly constitute severe prejudice that could not be

remedied on appeal. By contrast, a stay of the discovery order during the pendency of Plaintiff's Petition for a Writ of Mandamus is not likely to appreciably harm Defendant.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully request that this Court stay the compliance with Defendant's subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action dated on September 4, 2022 in its entirety pending Plaintiff's Petition for a Writ of Mandamus.

Dated: September 19, 2022                    Respectfully submitted,

                                             */s/ Xingfei Luo*

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. Parties registered with the CM/ECF system will be notified of such filing through CM/ECF system.

Dated: September 19, 2022

*/s/ Xingfei Luo*



# Urgent - Emergency Motion - Case 20-cv-02765

**From:**     co20_2765@mail.com

**To:**       cod_prose_filing@cod.uscourts.gov

**Date:**     Sep 19, 2022 2:46:49 PM

Could you discard my previous email and file the attached?

> **Sent:** Monday, September 19, 2022 at 2:15 PM
> **From:** co20_2765@mail.com
> **To:** cod_prose_filing@cod.uscourts.gov
> **Subject:** Emergency Motion - Case 20-cv-02765
>
> Hi there,
>
> Could you please file the attached emergency motion today?
>
> Thank you.

**Attachments**

- Emergency Motion to Stay Compliance.pdf

EXHIBIT 3



---

# Re: 20-cv-02765-RMR-MEH Luo v. Wang

**From:**    co20_2765@mail.com
**To:**      "Hegarty Chambers" <hegarty_chambers@cod.uscourts.gov>
**Cc:**      "katy@kdonnellylaw.com" <katy@kdonnellylaw.com>
**Date:**    Jul 11, 2022 3:24:21 PM

---

Received. Thank you.

**Sent:** Monday, July 11, 2022 at 3:22 PM
**From:** "Hegarty Chambers" <hegarty_chambers@cod.uscourts.gov>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>, "katy@kdonnellylaw.com" <katy@kdonnellylaw.com>
**Subject:** 20-cv-02765-RMR-MEH Luo v. Wang

Good afternoon,

Chambers just received a call from Ms. Luo. She indicated that she previously sent an email to Chambers (copying Mr. Wang's counsel), but Chambers did not receive the email nor was the email located in the "Junk" folder. To ensure that Ms. Luo has the correct email address for Chambers, the Court is sending this email to which Ms. Luo can hopefully respond directly.

Ms. Luo also asked the Court if the status conference for August 22 could be reset for August 24 since she is unavailable on the 22nd. The Court is available at 1:00 p.m. on August 24. Would Mr. Wang have any objection to resetting the conference for that time on the 24th?

Thank you,

Chris Bach

Law Clerk to United States Magistrate Judge Michael E. Hegarty

United States District Court for the District of Colorado

901 19th Street, Room A542

Denver, Colorado 80294

303-844-4507



# RE: Proposed unrestricted order - ECF 165 (20-cv-02765) Luo v. Wang

**From:**     co20_2765@mail.com
**To:**       "Rodriguez Chambers" <Rodriguez_Chambers@cod.uscourts.gov>
**Cc:**       "katykdonnellylaw.com" <katy@kdonnellylaw.com>, "Volokh, Eugene" <VOLOKH@law.ucla.edu>
**Date:**     Jul 21, 2022 10:50:55 AM

Good morning,

Attached please find plaintiff's proposed redacted order (ECF 165) pursuant to this court's instruction on July 5, 2022. Once the case is resumed, plaintiff will file a motion to redact certain information or restrict the other documents in this case that she believes are inappropriately revealing her identity in connection with those other cases in which she has received a protective order to proceed under her initials or a pseudonym.

Thanks.

> **Sent:** Wednesday, July 20, 2022 at 1:23 PM
> **From:** "Rodriguez Chambers" <Rodriguez_Chambers@cod.uscourts.gov>
> **To:** "co20_2765@mail.com" <co20_2765@mail.com>, "Rodriguez Chambers" <Rodriguez_Chambers@cod.uscourts.gov>, "katykdonnellylaw.com" <katy@kdonnellylaw.com>
> **Subject:** RE: Proposed unrestricted order - ECF 165 (20-cv-02765) Luo v. Wang
>
> Thank you.  Will you please copy Professor Volokh to your email, including the attachment, so that he can review the proposed redactions.  His contact information can be found on the docket. If there are any objections to the proposed redaction(s), the parties should email Chambers regarding same.
>
>
> Thank you,
>
>
>
> *Darla J. Pearsall*
>
> Darla J. Pearsall
>
> Paralegal/Judicial Assistant to Judge Regina M. Rodriguez
>
> United States District Court
>
> Alfred A. Arraj Courthouse
>
> 901 19th Street, Room A-738
>
> Denver, CO 80294
>
> (303) 335-2170

**From:** co20_2765@mail.com <co20_2765@mail.com>
**Sent:** Friday, July 15, 2022 8:48 PM
**To:** Rodriguez Chambers <Rodriguez_Chambers@cod.uscourts.gov>; katykdonnellylaw.com <katy@kdonnellylaw.com>
**Subject:** Proposed unrestricted order - ECF 165

**CAUTION - EXTERNAL:**

Good evening.

As the case was ordered to stay on July 7, 2022 there has been some confusion. Attached please find plaintiff's proposed redacted order (ECF 165) pursuant to this court's instruction on July 5, 2022. Once the case is resumed, plaintiff will file a motion to redact certain information or restrict the other documents in this case that she believes are inappropriately revealing her identity in connection with those other cases in which she has received a protective order to proceed under her initials or a pseudonym.

Thanks.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**Attachments**

- ECF 165 Order of the Court 6-13-2022_Redacted.pdf



# RE: 20-cv-02765-RMR-MEH Luo v. Wang

**From:**   co20_2765@mail.com
**To:**   "Michael Hegarty" <michael_e_hegarty@cod.uscourts.gov>
**Cc:**   "Katayoun Donnelly" <katy@kdonnellylaw.com>, "Hegarty Chambers"
<hegarty_chambers@cod.uscourts.gov>
**Date:**   Aug 25, 2022 12:05:47 PM

Thank you for the court's guidance. Since Ms Donnelly alleged that I could not complete a sentence when speaking English I believe she cannot disagree about whether an interpreter is necessary. As such, I respectfully request a Cantonese interpreter at deposition.
Thank you.

**Sent:** Thursday, August 25, 2022 at 11:55 AM
**From:** "Michael Hegarty" <michael_e_hegarty@cod.uscourts.gov>
**To:** "Katayoun Donnelly" <katy@kdonnellylaw.com>, "co20_2765@mail.com" <co20_2765@mail.com>,
"Hegarty Chambers" <hegarty_chambers@cod.uscourts.gov>
**Subject:** RE: 20-cv-02765-RMR-MEH Luo v. Wang

My comments on the record should be construed as applying to the proceeding yesterday, and not as a judicial finding of fact regarding the ability of Ms. Luo to understand and speak English sufficient for sitting under deposition. Indeed, I make no such finding either way.

For information purposes, I believe the majority position of federal courts is that when a deponent requests an interpreter for a deposition, the cost for the service is borne by the party seeking the deposition, but the prevailing party may recover interpreter costs pursuant to 28 U.S.C. § 1920. Some courts do engage in a determination of necessity when the parties disagree about whether an interpreter is necessary.

**From:** Katayoun Donnelly <katy@kdonnellylaw.com>
**Sent:** Thursday, August 25, 2022 10:22 AM
**To:** co20_2765@mail.com; Hegarty Chambers <hegarty_chambers@cod.uscourts.gov>; Michael Hegarty
<michael_e_hegarty@cod.uscourts.gov>
**Subject:** Re: 20-cv-02765-RMR-MEH Luo v. Wang

**CAUTION - EXTERNAL:**

Good morning, Ms. Luo,

Thanks for your note. I will email you the notice of the Sep. 22 deposition later today.

Regarding your request for an interpreter, I believe Judge Hegarty determined that you are fluent in English and did not have any problem communicating during the hearing yesterday. I am coping the chambers here so we can seek guidance from the Court on this issue.

Best,

Katy Donnelly

**Katayoun A. Donnelly**

*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**

**Denver | Colorado | 80238**

**Phone:(720) 675-8584**

**Fax:(720) 880-3142**

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

Sent from my iPhone

On Thursday, August 25, 2022, 10:08 AM, co20_2765@mail.com wrote:

Ms Donnelly,

Please send me your official deposition notice ASAP. Since you are not happy with my English level please provide Cantonese interpreter at the deposition.

Thanks.

> **Sent:** Wednesday, August 24, 2022 at 9:14 PM
> **From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
> **To:** "co20_2765@mail.com" <co20_2765@mail.com>, "Chris Bach" <Chris_Bach@cod.uscourts.gov>
> **Subject:** Re: 20-cv-02765-RMR-MEH Luo v. Wang

Thank you.


Best,

Katy


**Katayoun A. Donnelly**

*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**

**Denver | Colorado | 80238**

**Phone:(720) 675-8584**

**Fax:(720) 880-3142**

**katy@kdonnellylaw.com**

http://www.kdonnellylaw.com


This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.


On Wednesday, August 24, 2022 at 03:08:38 PM MDT, Chris Bach <chris_bach@cod.uscourts.gov> wrote:


Good afternoon,


Following today's conference, please find attached the medical records reviewed and released by Judge Hegarty.



# Re: Activity in Case 1:20-cv-02765-RMR-MEH Luo v. Wang Order

**From:**    co20_2765@mail.com

**To:**      katy@kdonnellylaw.com

**Cc:**      "Michael Hegarty" <michael_e_hegarty@cod.uscourts.gov>, "Hegarty Chambers"
            <hegarty_chambers@cod.uscourts.gov>, "Rodriguez Chambers" <rodriguez_chambers@cod.uscourts.gov>

**Date:**    Sep 19, 2022 10:34:49 AM

"Rule 26(b)'s proportionality limitations apply equally to subpoenas to non-parties." See ECF 194 at p. 3 as attached for your convenience.
Therefore, proportionality is not a new argument in my reply.
If the court rules on the motion without considering my filing of reply, I have due process right to address the issue off-the-record.
Thank you.

**Sent:** Monday, September 19, 2022 at 8:13 AM
**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "Michael Hegarty" <michael_e_hegarty@cod.uscourts.gov>, "Hegarty Chambers"
<hegarty_chambers@cod.uscourts.gov>, "Rodriguez Chambers"
<rodriguez_chambers@cod.uscourts.gov>, "co20_2765@mail.com" <co20_2765@mail.com>
**Subject:** Re: Activity in Case 1:20-cv-02765-RMR-MEH Luo v. Wang Order

Good morning,

Ms. Luo has not sent Mr. Wang a copy of her submissions so it does not seem appropriate to address this issue in off-the-record correspondence. Considering the content of her email below, Mr. Wang objects to Ms. Luo's request to allow her to raise a new argument (proportionality), for the first time, in her reply - without allowing Mr. Wang an opportunity to respond.

Mr. Wang renews his request to order Ms. Luo to disclose the identity of the author of her submissions.

Best,
Katy

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
katy@kdonnellylaw.com
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Sunday, September 18, 2022 at 09:31:22 PM MDT, co20_2765@mail.com <co20_2765@mail.com> wrote:

I have sent my reply with exhibits to the clerk in support of motion to quash subpoena directed to LASD. However, I have no control over when the clerk will docket my reply. I would like to ask the court to rule on the motion after considering my reply. Even if the court does not consider my reply, I would like to ask the court to consider the following cases:

*SEC v. Strauss*, No. 09 Civ. 4150, 2009 WL 3459204, at *12 n.8 (S.D.N.Y. Oct. 28, 2009) ("There is a general reluctance to allow a party to access its adversary's own database directly."); *NOLA Spice Designs, LLC v. Haydel Enters., Inc.*, No. CIV.A. 12-2515, 2013 WL 3974535, at *2 (E.D. La. Aug. 2, 2013); *Locke v. Swift Transp. Co. of Ariz., LLC*, No. 5:18-CV-00119, 2019 WL 430930, at *3 (W.D. Ky. Feb. 4, 2019) (Denying motion to compel production of entirety of plaintiffs' social media accounts because it would "sanction an[] inquiry into scores of quasi-personal information that would be irrelevant and non-discoverable"); *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008) (Granting mandamus relief to two state defendants who had been ordered by the district court to provide forensic imaging of their computers, noting that "[t]he district court's compelled forensic imaging orders here fail[ed] to account properly for the significant privacy and confidentiality concerns present in this case."); *In re Premera Blue Cross Customer Data Security Breach Litigation*, 329 F.R.D. 656 (D. Or. 2019) (Denying a motion to compel forensic imaging of plaintiffs' personal digital devices in a healthcare data security breach class action and finding that the request was not proportional to the needs of the case in light of the competing privacy concerns); *In re 3M Combat Arms Earplugs Prods. Liab. Litig.*, No. 3:19-md-2885, 2020 WL 6140469 (N.D. Fla. Oct. 15, 2020) (Rejecting defendant's motion to compel forensic imaging of plaintiff's mobile device, holding that "[e]ven assuming" the relevance of the deleted messages with the allegation that plaintiff had spoliated evidence, "the parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."); *Estate of Logan v. City of South Bend*, No. 3:19-CV-495, 2021 WL 389412 (N.D. Ind. Feb. 3, 2021) (Denying a motion to compel forensic examination of defendant's cell phone and finding that plaintiff failed to identify how the requested cell phone information went "to the heart of — or [was] even relevant to — the . . . case," leaving the court unable to determine whether the request was proportional enough to justify invading defendant's privacy interests); *see also White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, No. CIV.A. 07-2319, 2009 WL 722056, at *7 (D. Kan. Mar. 18, 2009).

Thank you.

> **Sent:** Friday, September 16, 2022 at 1:11 PM
> **From:** co20_2765@mail.com
> **To:** "Michael Hegarty" <michael_e_hegarty@cod.uscourts.gov>
> **Cc:** "katy@kdonnellylaw.com" <katy@kdonnellylaw.com>, "Hegarty Chambers" <hegarty_chambers@cod.uscourts.gov>
> **Subject:** RE: Fw: Activity in Case 1:20-cv-02765-RMR-MEH Luo v. Wang Order
>
> I respectfully ask the court to reconsider the briefing schedule. If the court rules on Monday Sep 19, 2022 and denys my motion to quash, prior to any opportunity for me to make objection pursuant to Fed. R. Civ. P. 72 all my private phone data will be released and there is no way to remedy the harm. I ask the court to balance the harm and allow me to file a reply and make objection pursuant to Fed. R. Civ. P. 72. Defendant could have subpoenaed LASD long long time ago and while I was

represented by counsel. Defendant fails to show any urgency to receive the private data at issue on Sep 20, 2022. Thanks.

**Sent:** Friday, September 16, 2022 at 9:39 AM
**From:** "Michael Hegarty" <michael_e_hegarty@cod.uscourts.gov>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>, "katy@kdonnellylaw.com" <katy@kdonnellylaw.com>
**Cc:** "Hegarty Chambers" <hegarty_chambers@cod.uscourts.gov>, "Katayoun Donnelly" <katy@kdonnellylaw.com>
**Subject:** RE: Fw: Activity in Case 1:20-cv-02765-RMR-MEH Luo v. Wang Order

I will be issuing an order sometime on Monday regardless of the status of briefing. The 17th would be fine for a response.

---

**From:** co20_2765@mail.com <co20_2765@mail.com>
**Sent:** Thursday, September 15, 2022 8:17 PM
**To:** katy@kdonnellylaw.com
**Cc:** Michael Hegarty <michael_e_hegarty@cod.uscourts.gov>; Hegarty Chambers <hegarty_chambers@cod.uscourts.gov>; Katayoun Donnelly <katy@kdonnellylaw.com>
**Subject:** Re: Fw: Activity in Case 1:20-cv-02765-RMR-MEH Luo v. Wang Order

**CAUTION - EXTERNAL:**

Since I am not using e-filing I would like to ask the court to allow me sufficient time to file a reply. Thanks.

**Sent:** Thursday, September 15, 2022 at 4:56 PM
**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "Michael Hegarty" <michael_e_hegarty@cod.uscourts.gov>, "Hegarty Chambers" <hegarty_chambers@cod.uscourts.gov>, "co20_2765@mail.com" <co20_2765@mail.com>
**Cc:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**Subject:** Fw: Activity in Case 1:20-cv-02765-RMR-MEH Luo v. Wang Order

Good afternoon,

I am teaching an ABA CLE tomorrow. I will do my best to meet the below deadline but would like to seek the Court's leave to file the two responses by the 17th, if I am not able to finish drafting them by the end of the business tomorrow.

Best,

Katy

**Katayoun A. Donnelly**

*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**

**Denver | Colorado | 80238**

**Phone:(720) 675-8584**

**Fax:(720) 880-3142**

**katy@kdonnellylaw.com**

http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

----- Forwarded Message -----

**From:** "cod_enotice@cod.uscourts.gov" <cod_enotice@cod.uscourts.gov>

**To:** "cod_enotice@cod.uscourts.gov" <cod_enotice@cod.uscourts.gov>

**Sent:** Thursday, September 15, 2022 at 02:05:47 PM MDT

**Subject:** Activity in Case 1:20-cv-02765-RMR-MEH Luo v. Wang Order

This is an automatic e-mail message generated by the CM/ECF system.

Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users.  To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court - District of Colorado

District of Colorado

EXHIBIT 4



# Case 1:20-cv-02765 confidential medical records

**From:**     co20_2765@mail.com

**To:**       "Hegarty Chambers" <hegarty_chambers@cod.uscourts.gov>

**Date:**     Aug 8, 2022 9:54:27 AM

Good morning, Judge Hegarty,

Attached please find plaintiff's medical records.

Should you have any questions please let me know.

Thank you.

**Attachments**

- 2021 records.pdf
- 2022 records.pdf



# Re: 20-cv-02765-RMR-MEH Luo v. Wang

**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>, "Chris Bach" <Chris_Bach@cod.uscourts.gov>
**Date:** Aug 24, 2022 9:14:25 PM

Thank you.

Best,
Katy

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE: The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Wednesday, August 24, 2022 at 03:08:38 PM MDT, Chris Bach <chris_bach@cod.uscourts.gov> wrote:

Good afternoon,

Following today's conference, please find attached the medical records reviewed and released by Judge Hegarty.

Thank you,

Chris Bach

Law Clerk to United States Magistrate Judge Michael E. Hegarty

United States District Court for the District of Colorado

901 19th Street, Room A542

Denver, Colorado 80294

303-844-4507

---

**Attachments**

- 2021 records.pdf
- 2022 records.pdf

EXHIBIT 5

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Thursday, September 05, 2013 5:24 PM
**To:** TravelexClaims
**Subject:** Fwd: CheapOair.com Booking # 16641208

This is regarding the claim for booking number 16681208. The attached email is from cheapoair confirming the cancellation of reservation.

Paul

Sent from my Samsung Galaxy Note® II

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/06/2013 03:43 PM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 5, 2013<br>Email from Insured<br>TINM Form<br>Police Report<br>Email from Insured<br>Email from CheapOair | | | | | Jennifer Botelho |
| 09/04/2013 04:52 PM | Policy | 201A713842 | Incoming Call | CL-Insured | Insured called with general process questions - advised. Advised claim forms sent by e-mail not yet registered. | | | | | Robert Steele |
| 09/03/2013 03:40 PM | Policy | 201A713842 | Outgoing Email | CL-Claim Form Sent | Claim initiated. Paul requested TINM emailed to: student007@hotmail.com. He advised passport was stolen. Advised of report. | | | | Correspondence Merge(FORM-PKG010A-Trip Interruption Non-Medical)-ENGLISH.docx | Maja Dodik |

EXHIBIT 6



EXHIBIT 7



# Luo v. Wang: 20-cv-02765-RMR-MEH - Rule 11 Notice

| | |
|---|---|
| **From:** | "Katayoun Donnelly" <katy@kdonnellylaw.com> |
| **To:** | "Clarissa Collier" <collier@wtotrial.com>, "schaller@wtotrial.com" <schaller@wtotrial.com>, "co20_2765@mail.com" <co20_2765@mail.com> |
| **Cc:** | "Katayoun Donnelly" <katy@kdonnellylaw.com> |
| **Date:** | Jul 12, 2022 2:41:42 PM |

Dear Ms. Luo, Ms. Collier, and Mr. Schaller:
Please acknowledge that you have received this email and that you can successfully access the attachments.

Thank you, in advance, for your cooperation.

Regards,
Katy

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

---

**Attachments**

- Luo.v.Wang.Notice.Rule11Motion.July12.2022.Send.pdf
- Exhibit B (Plaintiff's Responses and Objections to Defendant's First Set of Written Discovery Requests - 05.04.2022).pdf
- Exhibit C (Plaintiff_000076-77).pdf
- Exhibit D (2022-05-25 Luo - Subpoena - Transamerica Casualty Ins. Company).pdf

EXHIBIT 8

1            THE COURT:  Okay.

2            MS. COLLIER:  Because it's an improper supplement

3  and the defendant did not seek leave of court, and I just

4  figured it was just going to delay this misery that we are

5  all living with right now.

6            THE COURT:  Okay.

7            MS. COLLIER:  So I believe that Plaintiff -- or

8  Defendant, has used and is continuing to use Rule 11 for an

9  improper purpose, which is to litigate the merits of this

10 case, to bully the plaintiff into dismissing her lawsuit, and

11 to bully me into withdrawing.  And so the sooner the Rule 11

12 motion is decided, the better, especially considering that

13 they just filed a supplement and I could imagine her

14 deposition comes up, another supplement.  Defendant's

15 deposition comes up, another supplement.

16            And although I am preparing pro bono, of course,

17 my time is just as valuable as everyone else's in this

18 courtroom, and so to the extent you can put whatever bugs in

19 Judge Rodriguez's ear to decide the Rule 11 motion, I would

20 appreciate it.

21            THE COURT:  Well, that's not my direct intent.  My

22 direct intent --

23            MS. COLLIER:  Yes.

24            THE COURT:  -- is to see if it is in the queue and

25 what their timing is.