IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  20-cv-02765-RMR-MEH

XINGFEI LUO,

      Plaintiff,

v.

PAUL WANG,

      Defendant,

and

EUGENE VOLOKH,

      Intervenor.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Plaintiff's "Amended Motion to Restrict and Redact." ECF 206. Plaintiff requests that the Court impose Level 2 restriction (i.e., restrict to Plaintiff and the Court) on the documents at ECF 65, 79-1, 81-1, 85, 92, 106, 115, 128, 144, 144-3, 160, 160-2, 160-3, 162, 162-1, 162-2, 167, 174, 174-1, and 187. *Id.* After restricting them, Plaintiff asks that the Court "replace" them with versions that she has redacted and attached to her Motion. *Id*. Intervenor Volokh continues to argue that documents filed un-restricted should stay in the public record. *See* Resp. at 2-6; ECF 125 at 3-4 (citing *Gunn v. WCA Logistics, LLC*, No. 13-cv-02197-WJM-MEH, 2016 WL 7868827, at *7 (D. Colo. Jan. 12, 2016) ("The cat has already been let out of the bag.")). Defendant joins Volokh's position. ECF 216.

This Court previously found that Plaintiff provides no legal argument for why this Court should restrict currently public documents. ECF 185. Now, Plaintiff submits her Amended Motion with relevant legal authority but still fails to identify any particular harm that would result if the public documents at issue remained unrestricted. Mot. at 3. She alleges that she faces "harassment and violence" but does not connect any specific harm of harassment or violence to the currently public documents. Reply at 4. She cites to a restraining order that she sought against Intervenor but does not connect the information she seeks to restrict to any of her allegations in the restraining order. Reply. at 2; ECF 213-3, 11. While the Plaintiff has a general fear that "haters" will threaten and harass her, this Court maintains once again, "the public [should not] be prevented from reaching its own conclusion in this case." ECF 113, 9.

Importantly, Plaintiff does not address the requirements of D.C.Colo.LCivR 7.2(c) for motions to restrict public access to court documents. She still fails to "identify a clearly defined and serious injury that would result if access is not restricted," especially considering that many of the documents were submitted by her (while represented by counsel) without redaction. D.C.Colo.LCivR 7.2(c)(3). In accordance with the cases cited by Plaintiff, "the [moving] party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). This Court agrees. "There is a presumption that documents essential to the judicial process are to be available to the public. . . . It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter." *General Steel Domestic Sales, LLC*

2

*v. Chumley*, 129 F. Supp. 3d 1158, 1188-90 (D. Colo. 2015) (denying a motion to restrict access because it was "difficult to see how public disclosure . . . could work any harm.").

Here, Plaintiff makes conclusory allegations that the public documents at issue violate her privacy rights and predicts that the availability of these documents will lead to harassment and violence. Mot. at 3; Reply at 4. She provides no facts to support her claim that the public documents at issue will cause her to experience harassment and violence. To the contrary, the Ninth Circuit has cautioned that Plaintiff's habit of attempting to restrict judicial records could abuse the judicial process. *O.L. v. Jara*, No. 21-55740, 2022 WL 1499656, at *3 n.1 (9th Cir. May 12, 2022). Because Plaintiff fails to provide specific facts, much less explain why filing the documents as restricted outweighs the presumption of public access, Plaintiff's Motion is denied.

Having found Plaintiff fails to meet the requirements of D.C.Colo.LCivR 7.2(c) for motions to restrict public access to court documents, the Court now turns to the issue of whether denial of Plaintiff's Motion should be with or without prejudice. Despite opportunities to amend and reply, and even being aware of at least some of the arguments to deny her Motion, Plaintiff fails to detail any harm she might experience if the documents at issue remained public. If the Court were to grant leave again, there is little reason to think another amended motion would be any different. *See Slawson Exploration Co., Inc. v. Arch Specialty Insurance Co.*, No. 15-CV-01131-KLM, 2016 WL 1572370, at *2 (D. Colo. April 19, 2016) (finding "leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be

futile."). Therefore, the Court finds that further amendment would be futile. Plaintiff's Motion [filed September 16, 2022; ECF 206] is **denied with prejudice**[1] and with no leave to amend.

Respectfully submitted this 19th day of October, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order.  *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (finding firm waiver rule applies to non-dispositive order); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2015) (holding firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").