**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty. ECF No. 218. Magistrate Judge Hegarty recommends that this matter be dismissed with prejudice and that Defendant Paul Wang be awarded his fees and expenses associated with Plaintiff's September 22, 2022 deposition because Plaintiff Xingfei Luo "committed a direct contempt of court by refusing numerous times to obey [Magistrate Judge Hegarty's] oral Order to answer questions." *Id.* at 1. The Recommendation was served on the parties on September 26, 2022. *Id.* On October 3, 2022, Plaintiff timely[1] filed with the Court her Objections to Magistrate

---

[1] As noted in the Recommendation, "parties shall have fourteen (14) days after service [of the Recommendation] to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned." ECF No. 218 at 6 n.3 (citing Fed. R. Civ. P. 72).

Judge Hegarty's September 22, 2022 Oral Order and Recommendation (ECF 218).  *See* ECF No. 220.  No other objection has been filed.

For the reasons stated below, the Court OVERRULES Plaintiff's Objections; ACCEPTS AND ADOPTS the Recommendation; DISMISSES this action WITH PREJUDICE; and ORDERS that Defendant shall receive his expenses and fees associated with the September 22, 2022 deposition.

## I.     LEGAL STANDARDS

Magistrate judges are authorized to hear and determine any non-dispositive matter referred to them.  *Portley-El v. Milyard*, No. 06-cv-00146-PSF-MJW, 2006 WL 3371642, at *2 (D. Colo. Nov. 21, 2006) (Figa, J.); *see* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  A magistrate judge's order will be deemed "clearly erroneous or contrary to law" only if the reviewing court, on the entire evidence, is left with the "definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  The "contrary to law" standard permits "plenary review as to matters of law," but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly.  *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (Martínez, J.).

In addition, the Court is required to make a de novo determination of those portions of a magistrate judge's recommendation on a dispositive matter to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate

2

judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *see United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

## II.     ANALYSIS

Plaintiff objects, first, to Magistrate Judge Hegarty's non-dispositive oral order to answer questions at her September 22, 2022 deposition. ECF No. 220 at 5–8. Second, Plaintiff objects to Magistrate Judge Hegarty's recommendation that Plaintiff be found in contempt and that this case be dismissed with prejudice and Defendant receive his expenses and fees associated with the September 22, 2022 deposition. *Id.* at 8–22. For the reasons stated below, the Court OVERRULES these objections and ACCEPTS AND ADOPTS the Recommendation.

### A.     Magistrate Judge Hegarty's Oral Order that Plaintiff Answer Questions During Her Deposition

Plaintiff first objects to Magistrate Judge Hegarty's oral order during Plaintiff's September 22, 2022 deposition to answer questions regarding Plaintiff's travel to and in the United States. Magistrate Judge Hegarty states in his Recommendation that:

> In the Complaint, ECF 1, Plaintiff alleges that in July 2013, she came to the United States at Defendant's invitation. *Id.* ¶ 11. At the deposition, Defendant was exploring this allegation and asked Plaintiff to identify the legal basis for her entry into the United States. Plaintiff refused to answer. I found the question sufficiently relevant for discovery purposes and ordered Plaintiff to answer. I advised her of the following:
>
> 1. If she thought the answer might incriminate her, she could invoke her Fifth Amendment right to refuse to answer. She affirmatively stated the answer would not involve any potential criminal conduct and declined to invoke her right to remain silent.
>
> 2. I would be willing to order Defendant out of the courtroom, restrict this line of questioning to "attorneys' eyes only," instruct counsel not to disclose to anyone the information provided by Plaintiff without further order of the Court, and mark the transcript as restricted. Plaintiff declined.
>
> 3. If she persisted in disobeying my Order to answer the questions, this could be construed as a contempt of court, and the sanction could include, without limitation, dismissal of her lawsuit with prejudice. She understood.
>
> In knowing and deliberate disobedience of my direct Order after these options and my advisement were provided to her, in my presence she refused to answer the questions concerning immigration status on the grounds of "relevance." Indeed, she refused to answer many questions on relevance grounds despite my Order that she may not do that. She fully understood my Order and its meaning. She intentionally and knowingly violated that Order, which leads to this Recommendation.

ECF No. 218 at 3–4.[2]

Plaintiff argues that this order to answer questions related to Plaintiff's travel to and entry into the United States "was entered without a proper hearing" and "was an

---

[2] Magistrate Judge Hegarty further notes that:

> After I left the courtroom, Plaintiff apparently indicated her willingness to answer the questions. When defense counsel then posed the immigration status queries, Plaintiff answered to each, "I do not remember." Rather than ameliorate Plaintiff's blatant contempt, I believe this only furthers her mockery of the Court's Order by disingenuously purporting to answer questions and, at the same time, potentially committing perjury.

ECF No. 218 at 4 n.1.

ambush that had Plaintiff cornered." ECF No. 220 at 5. Plaintiff continues that "[w]ithout giving Plaintiff any opportunity to do her legal research, properly present her argument and analysis, and fully brief the issue, the Magistrate Judge, without giving any explanation, conclusorily found the immigration matter sufficiently relevant for discovery purposes and orally ordered Plaintiff to answer immigration related questions without applying any analysis to the particular claim and defense of this case." *Id.* at 5–6.

Plaintiff continues that her "immigration matter has no bearing on either liability or damages" and that "[d]iscovery of immigration status is a potential weapon for harassing and intimidating individuals." *Id.* at 6; *see also id.* at 7–8 (citing cases) ("If courts granted discovery requests for information related to immigration status in every case, countless acts of illegal and reprehensible conduct would go unreported."). Therefore, according to Plaintiff, the "[i]mmigration matter is barred from discovery." *Id.* at 8. Plaintiff cites several cases, most of which are from outside of this District and this Circuit, in which the court limited the permissible discovery regarding parties' immigration status. *See id.* at 6–8. Plaintiff also argues that "[b]ased on Plaintiff's observation of defense counsel's practice Plaintiff did not believe the restriction to 'attorneys' eyes only' until further order of the Court would be sufficient to protect Plaintiff." *Id.*

The only case that Plaintiff cites from within the Tenth Circuit pertaining to this issue is *Reyes v. Snowcap Creamery, Inc.*, 898 F. Supp. 2d 1233, 1234–36 (D. Colo. 2012) (Martínez, J.). In that case, the Court concluded that "the risk of injury to Plaintiff if he is required to disclose his immigration attorney's file outweighs the need for its disclosure and, therefore, the Court should not compel disclosure." *Id.* at 1236. The

5

Court held that "the weight of authority clearly holds that a plaintiff's immigration status is irrelevant in an **FLSA action**." *Id.* at 1235 (emphasis added).

This case is distinguishable from *Reyes*. Here, Plaintiff has brought a defamation claim against Defendant related to his alleged statements that Plaintiff filed a false police report and committed insurance fraud related to her lost passport while she was in the United States and did not take a return flight to China. *See* ECF No. 85 (Third Amended Complaint) ¶¶ 39–46, 75–83. Plaintiff has brought an additional defamation claim and claims for intentional infliction of emotional distress/outrageous conduct and unreasonable disclosure of private facts. *See id.* ¶¶ 84–109. To support her claims, Plaintiff alleges in her Third Amended Complaint, which is currently the operative complaint in this case, that "[i]n July 2013, . . . [she] moved to the United States to live with Defendant in Aurora, Colorado," at which time she and Defendant had been in a romantic relationship. *Id.* ¶¶ 9, 37; *see also id.* ¶ 45 ("In October 2013, Plaintiff ended her relationship with Defendant and moved to California alone."). As pointed out in the Recommendation, Plaintiff had also alleged in her first Complaint filed in this case that "[i]n July 2013 Plaintiff came to the United States by Defendant's invitation." ECF No. 1 ¶ 11; *see also* ECF No. 218 at 3.

Magistrate Judge Hegarty determined that a line of questioning regarding the circumstances under which Plaintiff traveled to the United States was relevant. This conclusion was not "clearly erroneous or contrary to law." *See Ocelot Oil Corp.*, 847 F.2d at 1464. The circumstances of this case are clearly distinguishable from those in *Reyes*, as this is not an FLSA action, and the relevance of the line of questioning that Magistrate

6

Judge Hegarty ordered Plaintiff to answer is demonstrated by the fact that Plaintiff's allegations in her Complaint relate to her travels to and in the United States. *See* 898 F. Supp. 2d at 1234–36. Plaintiff's individual "belie[f]," based on her "observation of defense counsel's practice," that "the restriction to 'attorneys' eyes only' until further order of the Court"—a restriction which Plaintiff declined—would [not] be sufficient to protect Plaintiff" does not render Magistrate Judge Hegarty's order that she answer questions during her deposition improper. *Id.* Nor does the fact that Plaintiff apparently did not want to answer the questions deemed relevant by the Magistrate Judge make an order to do so an "ambush" or require that Plaintiff be given the opportunity to separately research and brief the issue before answering, as Plaintiff appears to contend. *See* ECF No. 220 at 5–6. This is especially true, given the Magistrate Judge's multiple advisements, including that the transcript of the deposition could be sealed and that the information could be restricted to "attorneys' eyes only," which Plaintiff declined. *See* ECF No. 218 at 3–4. The Court affirms Magistrate Judge Hegarty's order that Plaintiff answer the questions asked of her during her deposition.

    **B.    The Recommendation that the Case Be Dismissed with Prejudice and that Defendant Receive His Expenses and Fees Associated with the September 22, 2022 Deposition**

Next, Plaintiff objects to the Magistrate Judge's recommendation that she be found in contempt and that the Court dismiss her case with prejudice and award Defendant his expenses and fees associated with Plaintiff's September 22, 2022 deposition. To the extent Plaintiff argues that she should not be held in contempt because Magistrate Judge Hegarty's oral order to answer questions at her deposition was improper, *see, e.g.*, ECF

7

No. 220 at 9 (referring to "impermissible questions"), the Court rejects this argument because, for the reasons stated above, the Court affirms Magistrate Judge Hegarty's order to answer questions.  To the extent Plaintiff argues that refusal to answer questions at a deposition, despite a direct order from the Magistrate Judge to do so, does not constitute contempt, the Court also rejects that argument.  *See, e.g.*, *Ad-X Int'l, Inc. v. Kolbjornsen*, No. 99-cv-00332-WYD-CBS, 2008 WL 5101304, at *2–3 (D. Colo. Nov. 26, 2008) (Daniel, J.) (adopting the Magistrate Judge's recommendation to find judgment debtors in civil contempt for, *inter alia*, "failing to provide sworn answers to questions regarding their income, assets, and expenditures in their post-judgment depositions and in their responses to post-judgment interrogatories" where the judgment debtors made "efforts to conceal their income and assets" after judgment was entered against them).

Plaintiff further objects to the recommendation that her case be dismissed and Defendant be awarded fees and expenses associated with the deposition because, according to Plaintiff, Magistrate Judge Hegarty "has no authority to determine that Plaintiff committed a direct contempt of court" and Plaintiff did not receive "notice" and "an opportunity to respond" to the finding of contempt and recommendation of sanctions.  ECF No. 220 at 8–10, 14–15 (citing 28 U.S.C. § 636(e)(6)(B)(iii); *Braley v. Campbell*, 832 F.2d 1504, 1514 (10th Cir. 1987); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 857 (10th Cir. 2005)).  The Court addresses these arguments below.

Under 28 U.S.C. § 636(e)(6)(B)(iii), in a case such as this one, in which the Magistrate Judge is not exercising consent jurisdiction, and an act of civil contempt is committed, then:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Here, the Recommendation fully lays out the facts of Plaintiff's failure to answer questions at her deposition. *See supra* Section II.A.; ECF No. 218 at 3–4. Plaintiff does not deny in her Objections that she refused to answer questions posed to her, even after the direct order of the Magistrate Judge. *See* ECF No. 220. Therefore, there being no dispute regarding the facts of what took place, the Court finds a hearing on the matter is unnecessary. *See, e.g.*, *White v. General Motors Corp.*, 908 F.2d 675, 686 (10th Cir. 1990) ("[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue."). On *de novo* review, the Court agrees with the Magistrate Judge that the undisputed facts demonstrate that Plaintiff committed a civil contempt at her September 22, 2022 deposition.

In addition, Plaintiff received both "notice" and an "opportunity to respond" to the possibility of being sanctioned for contempt. *See Braley*, 832 F.2d at 1514; *Health Net, Inc.*, 400 F.3d at 857. Magistrate Judge Hegarty thoroughly advised Plaintiff at the deposition of the consequences of declining to answer the questions after being ordered to do so. *See* ECF No. 218 at 3–4 ("I advised her of the following . . . . If she persisted in disobeying my Order to answer the questions, this could be construed as a contempt of court, and the sanction could include, without limitation, dismissal of her lawsuit with

9

prejudice. She understood."). Nevertheless, Plaintiff continued to "refuse[] to answer the questions concerning immigration status on the grounds of 'relevance.'" *Id.* at 4. "Indeed, she refused to answer many questions on relevance grounds despite [Magistrate Judge Hegarty's] Order that she may not do that." *Id.* Moreover, Plaintiff has received notice of the Court's consideration of the sanction of dismissal of her case through the Magistrate Judge's Recommendation and her opportunity to provide briefing through her objections. *See, e.g.*, *White*, 908 F.2d at 686 ("The opportunity to fully brief the issue is sufficient to satisfy due process requirements."). Therefore, the Court overrules Plaintiff's objection that she has not received due process with regard to the recommendation that she be found in contempt and sanctioned.

Plaintiff also objects that the sanctions of dismissing her case and awarding Defendant his expenses and fees associated with the September 22, 2022 deposition were excessive. ECF No. 220 at 16–22. Plaintiff argues that "[a] dismissal or default sanctions order should be predicated on 'willfulness, bad faith, or [some] fault,' rather than just a simple 'inability to comply'" and that "[t]here is no evidence supporting that Plaintiff committed any willful misconduct." *Id.* at 16–17 (quoting *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995)). This argument, again, is based on Plaintiff's position that information regarding her immigration status "must be excluded," *see id.* at 17, and so she need not answer questions regarding her travel to and in the United States, which the Court has rejected for the reasons stated above. Plaintiff's individual belief that questions regarding her travel to and in the United States were irrelevant does not exempt her from obeying the Magistrate Judge's order to answer

the questions in the deposition, nor does it preclude the Court from finding that such disobedience was "willful[]." *See Archibeque*, 70 F.3d at 1174.

Plaintiff further argues that "[w]ithout considering whether Plaintiff can demonstrate a meritorious claim, without exploring any lesser sanctions, such as adverse jury instructions and evidentiary sanctions etc., without explaining why any lesser sanctions are insufficient to cure any purported prejudice, the Magistrate Judge clearly erred in concluding that there is no option short of dismissal that would accomplish the ends of justice." ECF No. 220 at 18–19. However, the Recommendation clearly outlines Magistrate Judge Hegarty's consideration of the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) to determine the appropriate sanction. *See* ECF No. 218 at 5. Magistrate Judge Hegarty determined that "[h]ere, the question is not a close one. . . . [Plaintiff] is knowingly, personally, and solely responsible for her actions, and her culpability is without question." *Id.* This Court agrees. The Court further agrees that Plaintiff's "refusal to provide relevant discovery will deprive Defendant of his right to defend this case," *see id.*, and finds that her refusal to comply with at least the Magistrate Judge's orders to answer questions during her deposition—and likely additional orders during the process of prosecuting her case, as discussed below—leads the Court to conclude that the recommended sanctions here are appropriate.

The Recommendation outlines various additional examples of "Plaintiff's history of contumacious behavior in this lawsuit," *id.* at 1–3, such as violating the Magistrate Judge's Order to reveal any attorney involved in any ghostwriting of filings to the Court, and such as violating an order to provide a financial affidavit, all of which Plaintiff attempts to refute

11

one by one in her Objections, ECF No. 220 at 2–5, 10–14.  However, at least some of these attempts appear to be mere continuations of Plaintiff's obfuscations.  For example, Plaintiff argues that it would be financially and technically impossible for her to retain an attorney because she cannot afford one and because she does not live in Colorado, *see id.* at 10–11, which ignores the fact that Plaintiff was previously represented by Colorado pro bono counsel before those attorneys withdrew.  *See* ECF No. 218 at 2; *see also, e.g.*, ECF No. 220 at 10–13 (also arguing that Plaintiff would not have made certain mistakes if an attorney had been helping her).  Regarding the order to provide a financial affidavit, Plaintiff argues that "[e]ven if it is Plaintiff's oversight or misunderstanding, Plaintiff has indirectly provided financial affidavit, ECF 201 p.9." ECF No. 220 at 13.  These arguments fail to rebut the Magistrate Judge's conclusion that Plaintiff's behavior overall in prosecuting this case has been "contumacious" and "evasive at best and deceiving or untrue at worst."  *See* ECF No. 218 at 1–2.  The Court agrees that the ends of justice would be accomplished through dismissal of the case with prejudice.

Regarding the award of Defendant's expenses and fees associated with the September 22, 2022 deposition, Plaintiff argues that "[a] civil contempt sanction when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature. . . .  The fee award may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." ECF No. 220 at 20 (citing *Int'l Union v. Bagwell*, 512 U.S. 821, 826–30 (1994); *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992)).  However, the case law cited by Plaintiff supports the recommended sanction of

an award of Defendant's expenses and fees for the deposition. The Supreme Court held in *Bagwell* that a "contempt fine . . . is considered civil and remedial if it either 'coerce[s] the defendant into compliance with the court's order, [or] . . . compensate[s] the complainant for losses sustained.'" 512 U.S. at 829 (alterations in original) (quoting *United States v. Mine Workers*, 330 U.S. 258, 303–04 (1947)); *see also O'Connor*, 972 F.2d at 1211 (same). The Supreme Court reasoned that "[w]hen a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it also is seeking to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms required in the order." *Bagwell*, 512 U.S. at 828.

The recommendation that Defendant be awarded his expenses and fees for a deposition in which Plaintiff committed contempt by refusing to answer questions, even when directly ordered to do so, certainly serves to compensate the Defendant for the "losses sustained" from Plaintiff's contempt during her deposition. *See id.* at 829. In addition, it "vindicat[es]" the Court's "initial order" that Plaintiff answer the questions posed during the deposition. *See id.* at 828. The Court agrees with Magistrate Judge Hegarty that the sanction of awarding Defendant his expenses and fees associated with the September 22, 2022 deposition is proper, as is the sanction of dismissing this case with prejudice.

### III. CONCLUSION

For the reasons stated above, it is

ORDERED that Plaintiff's Objections to Magistrate Judge Hegarty's September 22, 2022 Oral Order and Recommendation (ECF 218), ECF No. 220, are OVERRULED; it is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge, ECF No. 218, is ACCEPTED AND ADOPTED; it is

FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE; and it is

FURTHER ORDERED that Defendant shall be awarded his expenses and fees for Plaintiff's September 22, 2022 deposition.

DATED: October 19, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge