UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
3:41 pm, Oct 26, 2022
JEFFREY P. COLWELL, CLERK

---

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE HEGARTY'S OCTOBER 19, 2022 ORDER DENYING PLAINTIFF'S AMENDED MOTION TO RESTRICT AND REDACT (ECF 221)**

---

Pursuant to Fed. R. Civ. P. 72, Plaintiff respectfully submits her Objections to Magistrate Judge Hegarty's Order denying Plaintiff's Amended Motion to Restrict and Redact (the "Order").

## INTRODUCTION

Pursuant to ECF 165, Plaintiff sought to redact information inappropriately revealing her identity in connection with other cases with court orders to maintain Plaintiff's anonymity. ECF 206. Plaintiff objects to the Magistrate Judge's order denying her request because the denial is contradicted with this court's own orders. ECF 113, 143, 165.

## ARGUMENT

Where a magistrate judge's order relates to "a pretrial matter not dispositive of a party's claim or defense," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under the clearly erroneous standard, the reviewing court [must] affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase,*

*Inc.,* 468 F.3d 642, 658–59 (10th Cir. 2006) (internal quotations and citation omitted). Here, the Magistrate Judge clearly erred in several respects.

I.  **THE MAGISTRATE JUDGE CLEARLY ERRED IN CONCLUDING THAT "THE CAT HAS ALREADY BEEN LET OUT OF THE BAG." JUSTIFIED THE DENIAL OF REDACTION**

The Magistrate Judge previously observed that the court risked undermining the orders granting Plaintiff pseudonymous status by not restricting its order or the briefing. ECF 143, p. 3. In essence, the court has recognized the harm to Plaintiff for losing protection from other court orders if access is not restricted.

However, in justifying his denial of redaction the Magistrate Judge relied on "The cat has already been let out of the bag." which is a typical backward-looking view rather than forward-looking. ECF 219, p. 2. See *Deschenes Consulting LLC v. Nu Life Mkt. LLC*, Civil Action No. 1:19-cv-03465-RM-SKC, at *8 (D. Colo. May 27, 2020) (concluding that restricting access to the unredacted Zoho Audit Log cannot undue whatever harm has been done by virtue of these names being made public for four months but it can, however, prevent future harm that cannot otherwise be remedied if allowed to remain public after rejecting "The cat has already been let out of the bag.")

II. **THE MAGISTRATE JUDGE CLEARLY ERRED IN CONCLUDING THAT PLAINTIFF DID NOT IDENTIFY ANY PARTICULAR HARM OR SERIOUS INJURY**

The court is talking out of both sides of its mouth if on one hand it forces Plaintiff to continue prosecution of this case with a justification that it would not undermine other orders granting Plaintiff pseudonymous status but on the other hand it denies Plaintiff's request to redact information inappropriately revealing her identity in connection with other cases. ECF

165, p. 18. The Magistrate Judge observes that many of the documents were submitted by Plaintiff (while represented by counsel) without redaction but he omits the fact that the documents were filed before the court permits Plaintiff to file a motion to restrict other documents, ECF 165, p. 18, and even before Defendant filed his belated motion to reconsider. ECF 101.

The Magistrate Judge misread *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) completely. *Kamakana* does not require compelling reasons to seal each document. See *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir.2006) (holding parties to a lower standard when they seek to file under seal documents attached to non-dispositive rather than dispositive motions.) Further, Plaintiff did not seek to seal the entirety of the documents and the Magistrate Judge fails to identify why redaction would not serve the same purpose while supporting the public's interest in access to judicial records. In particular, how the redacted information which is inappropriately revealing Plaintiff's identity in connection with other cases with court orders to maintain her anonymity, would prohibit the public from reaching its own conclusion in this case, considering the concrete evidence showing that Defendant himself was the insurance claimant and himself submitted the proof of claim and pocketed the insurance money? ECF 220, p. 51, ECF 207, p. 13-25. Stating that the public [should not] be prevented from reaching its own conclusion in this case is no more than a conclusory presumption without applying any facts or circumstances of this particular case.

The Magistrate Judge's reliance on *General Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158 (D. Colo. 2015) is misplaced. There, the motion to restrict access was denied because all sensitive information—prices for each service, web passwords, specific keywords to

be targeted, are already redacted. *Id*, at 1189. Here, Plaintiff simply sought redaction instead of full restriction of access.

In concluding that Plaintiff has provided no facts to support her claim that the public documents at issue will cause her to experience harassment and violence, the Magistrate Judge ignores other facts that Plaintiff does not have other life event that would cause her to experience harassment and violence and Plaintiff did not experience harassment and violence until the improper disclosure of her identity. The Magistrate Judge clearly erred in concluding that plaintiff did not identify any particular harm or serious injury. Despite the Ninth Circuit found no evidence of abuse of judicial process by Plaintiff the Magistrate Judge exceeded his authority to run afoul of other court order by citing the case name and number.

## CONCLUSION

Based on the foregoing, Plaintiff requests that the Court vacate the Order and grant her amended motion.

Dated: October 26, 2022                                Respectfully submitted,

                                                        */s/ Xingfei Luo*
                                                        Plaintiff in Pro Se

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. The CM/ECF system will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

*/s/ Xingfei Luo*