UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

---

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF WRITTEN DISCOVERY REQUESTS**

---

        Plaintiff Xingfei Luo ("Plaintiff"), by and through her undersigned counsel, hereby submits the following responses and objections to Defendant's First Set of Discovery Requests, pursuant to Federal Rules of Civil Procedure 33, 34 and 36.

## <u>PRELIMINARY STATEMENT AND GENERAL OBJECTIONS</u>

        Plaintiff has made a reasonable and good faith effort to respond to those Discovery Requests that are intelligible in the context of this case, and are not otherwise objectionable. Plaintiff has not yet completed her investigation of the facts related to this case, interviewed all witnesses in connection with this case, or completed her discovery or preparation of the factual and legal issues in this case. Each of the following responses, therefore, is based upon information known to Plaintiff at this time and specifically known to her after a reasonable inquiry.

The responses contained herein are made in a good faith effort to supply documents presently in Plaintiff's possession, custody, or control, or factual information as it is presently known, but are in no way to be to the prejudice of Plaintiff in relation to further discovery, research, or analysis.

Plaintiff's Preliminary Statement and General Objections apply to each and every response given below and are incorporated by reference as though fully set forth in each of the following responses.

1.      Plaintiff objects to the Discovery Requests to the extent they seek to impose upon Plaintiff obligations and/or burdens greater than, or in contradiction to, those imposed by the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the Discovery Requests as overly broad and unduly burdensome to the extent they purport to require Plaintiff to perform any unreasonable additional search or inquiry for documents or information. Plaintiff will undertake: (a) a reasonable and thorough search for documents or information maintained in her possession, custody, or control, in locations where documents or information responsive to the Discovery Requests are most likely to be found; and (b) a reasonable and thorough inquiry of those persons reasonably available to Plaintiff who are most likely to have knowledge of documents or information responsive to the Discovery Requests.

3.      Plaintiff objects to Requests for Production Nos. 1 –15 because each request for production that seeks "all," "any," "any and all" documents or an "entire" category of documents is overly broad, seeks information that is duplicative or cumulative of other documents that might contain some information related in some way to the topic, but in a remote or tangential

manner, or if found in a location within the company that would not be expected to maintain documents or information relevant to this matter, and on those bases, is unduly burdensome.

4.      Plaintiff objects to any Request for Production that seeks documents that "refer to," "relate to," "reflect," or "pertain to" as vague, ambiguous, overly broad, and seeks information duplicative or cumulative of other documents or responses, or that might contain some information that "refer or relate to" in some way, or obliquely and inconsequentially referred, to the topic or issue, but in a remote or tangential manner, or found in a location within the company that would not be expected to maintain documents or information relevant to this case, and on those bases, is unduly burdensome.

5.      Plaintiff objects to the production of any information or documents which fall within the scope of the attorney-client privilege, joint defense privilege, or other statutory or common law privileges, or which constitute protected work product. To the extent any information or documents are withheld because they are privileged or work product, Plaintiff will produce, with the documents requested or shortly thereafter, a privilege log providing information concerning the privileged nature of any documents withheld on that basis. Such materials protected from disclosure also would include communications between Plaintiff and her counsel made, and related work product created, subsequent to the filing of this action or in anticipation of and in connection with this action. Plaintiff assumes Defendant would not contest the privileged nature of such communications, just as Defendant would not contest such communications between Plaintiff and her counsel and related work product. Accordingly, such documents will not appear on any privilege log created in connection with this action. In the event that any document is produced or information is disclosed that is protected by any

privilege or the work product doctrine, such production or disclosure is inadvertent and shall not constitute a waiver of any claim of privilege or other protection.

6.      Plaintiff objects to the Discovery Requests to the extent they seek the disclosure of confidential information that is protected by Plaintiff's right of privacy or the disclosure of which would violate the right of privacy of Plaintiff's family members.

7.      Plaintiff objects to the extent the Discovery Requests seek information already obtained or obtainable from sources that are more convenient, less burdensome, or less expensive, as set out in the Federal Rules of Civil Procedure.

8.      Plaintiff objects to the extent the burden or expense of the Discovery Requests outweighs her likely benefit, as set out in the Federal Rules of Civil Procedure.

9.      In responding to the Discovery Requests, Plaintiff does not waive or intend to waive, but rather reserves the right to object on all appropriate grounds to the introduction of any evidence covered or referred to in the specific responses below.

10.     No incidental or implied admissions are intended by the individual responses below. The fact that Plaintiff has responded or objected to any Discovery Request shall not be deemed an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such interrogatory or request, or that such response or objection constitutes admissible evidence. The fact that Plaintiff has responded to any interrogatory or request is not intended to be, and shall not be construed as, a waiver by Plaintiff of any part of any objection to any interrogatory or request.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person who supplied any factual information that is included in your responses to these discovery requests. For each person, please identify the interrogatories and/or requests for production for which that person supplied any information.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff's counsel prepared her responses to these Discovery Requests and therefore, Plaintiff objects to this interrogatory as impermissibly seeking discovery of confidential work product, attorney-client privileged communications, and information gathered, prepared, or maintained in anticipation of litigation.

Subject to and without waiving these objections, Plaintiff herself supplied the factual information included in her responses to these Discovery Requests.

### INTERROGATORY NO. 2:

Have you or anyone on your behalf interviewed any individual concerning the allegations made in the Complaint or Mr. Wang's defenses thereto? If so, for each individual state: (a) the name, address, and telephone number of the individual interviewed; (b) the date of the interview; and (c) the name, address, and telephone number of the person or entity who conducted the interview.

### RESPONSE TO INTERROGATORY NO. 2:

Plaintiff objects to this Interrogatory to the extent it calls for information protected by the attorney client privilege or work product privilege. Currently, Plaintiff is not withholding any responsive information on the basis of this privilege. Plaintiff also objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr.

Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret this interrogatory as asking about those defenses.

Subject to and without waiving this objection, Plaintiff has not interviewed any individual concerning the allegations made in the Complaint or Defendant's assertion of the statute of limitations and absolute litigation privilege.

**INTERROGATORY NO. 3:**

Identify all communications between you or anyone acting on your behalf and any other person or entity relating to the allegations made in the Complaint and Mr. Wang's defenses thereto. For each such communication, please: (a) identify to whom the statement was made; (b) state whether the statement was oral or written and, if oral, state whether the statement was recorded; (c) state when and where the statement was made; and (d) provide the name and address of all persons present when the statement was made.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this interrogatory to the extent it seeks to discover confidential work product, attorney-client privileged communications, and information gathered, prepared or maintained in anticipation of litigation. Plaintiff also objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to

dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret this interrogatory as asking about those defenses..

Subject to and without waiving this objection, other than her counsel, Plaintiff has discussed this lawsuit and the allegations she made in her Complaint with:

(a) Lucy Han and Allison Zhu (Plaintiff's therapist at Pacific Clinics in Rosemead, California)

(b) Ying Luo (Plaintiff's mother)

(c) Lixian Lu

For each of these individuals, the statements have been oral. With respect to the individual identified in subparagraph (a) the oral communications took place in person during therapy sessions as Pacific Clinics. With respect to the individuals identified in subparagraphs (b) – (c), the oral communications took place over the telephone or via Zoom videoconference. Plaintiff cannot recall the dates and time for all of these conversations as they span a ten-year period and were for the purpose of seeking advice, counsel, and comfort. Plaintiff's knowledge, these oral discussions were not recorded and no one was present except her and the other party during these conversations.

Other than with her counsel, Plaintiff has not had any communications or discussions with other individuals regarding Defendant's assertion of the statute of limitations and absolute litigation privilege.

**<u>INTERROGATORY NO. 4:</u>**

Identify every blog, forum, or other website or online forum on which you have posted and/or commented regarding Mr. Wang, or any matter related to the allegations made in your

Complaint or Mr. Wang's defenses thereto. For each such blog/forum/website, identify the URL link, the first and last date you accessed the blog/forum/website, and the username/handle under which you made the post and/or comment.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this request as vague and ambiguous as to the use of the term "forum" because reasonable minds could differ on the interpretation of that term. Plaintiff also objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret this interrogatory as asking about those defenses.

Subject to and without waiving these objection,

- Plaintiff has not posted and/or commented on any blog, "forum," or other website regarding Defendant.

- Plaintiff has not posted and/or commented on any blog, "forum," or other website regarding any of the matters alleged in her Complaint (i.e., she has not posted and/or commented online regarding her sexual assault by Chen Guochang, her lost passport, or Defendant's false statements regarding both of these issues).

- Plaintiff has not posted and/or commented on any blog, "forum," or other website regarding Defendant's assertion of the statute of limitations and absolute litigation privilege.

**INTERROGATORY NO. 5:**

Other than your legal counsel in this above-captioned action, identify each person you have written or spoken to since 2012 regarding Mr. Wang and/or the allegations made in the Complaint.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates her objections and responses to Interrogatory No. 3 as if fully set forth herein.

**INTERROGATORY NO. 6:**

Identify all documents regarding Mr. Wang that you authored in full or in part or shared online.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates her objections and responses to Interrogatory No. 4 as if fully set forth herein.

**INTERROGATORY NO. 7:**

Identify any screen names, user names, e-mail addresses and/or aliases you have used and/or continue to use in connection with any communications or other writings you have authored or shared about Mr. Wang, or any matter related to the allegations made in your Complaint or Mr. Wang's defenses thereto.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to

the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret that part of the interrogatory as asking about those defenses and has no responsive information.

Plaintiff also interprets this Interrogatory to call for the screen names, user names, e-mail addresses and/or aliases used for the posts and/or comments identified in Interrogatory No. 3, which there are none.

**INTERROGATORY NO. 8:**

Other than your legal counsel in this above-captioned action, identify each person you have written or spoken to since 2012 regarding Mr. Chen Guochang.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory to the extent it seeks to discover confidential work product, attorney-client privileged communications, and information gathered, prepared or maintained in anticipation of litigation.

Subject to and without waiving this objection, other than her counsel, Plaintiff has spoken to the following individuals regarding Mr. Chen Guochang:

(a) Lucy Han and Allison Zhu (Plaintiff's therapists at Pacific Clinics in Rosemead, California). With respect to Plaintiff's therapists at Pacific Clinics, Plaintiff has not discussed the specifics of her assault, but has shared with her therapists that Defendant falsely accused Mr. Chen Guochang of sexual assault.

(b) Ying Luo (Plaintiff's mother)

(c) Defendant

(d) Donglun Li (Plaintiff's attorney in China)

(e) Agents for the Tiane District Suboffice of Guangzhou Public Security Bureau

**INTERROGATORY NO. 9:**

Identify all written documents that you authored in full or in part, including blogs; and all forums, or websites or online forums, on which you have posted and/or commented on matters related to your allegations in the Complaint regarding Mr. Chen Guochang (regardless of whether he is mentioned by name).

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this interrogatory to the extent it seeks to discover confidential work product, attorney-client privileged communications, and information gathered, prepared or maintained in anticipation of litigation.

Subject to and without waiving this objection, and other than documents related to this lawsuit while Plaintiff was appearing pro se, Plaintiff has not authored any documents regarding Mr. Chen Guochang sexually assaulting her.

**INTERROGATORY NO. 10:**

Other than this lawsuit, identify all lawsuits, litigation, or other legal action in which you have been involved (as a plaintiff, defendant, or witness) in the past ten years. In your answer, please: identify (a) the first date you became involved in the lawsuit/litigation/legal action, (b) the jurisdiction and case number for each case, (c) the nature of the claims asserted by and/or against you, and (d) the resolution of the litigation.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this interrogatory to the extent it seeks information that is not relevant to the claims or defenses of any party. Plaintiff also objects to this interrogatory to the extent it

requires Plaintiff to re-produce information that Defendant already has in his possession. Finally, Plaintiff requests to this request as overbroad in that it covers a ten year period.

Subject to and without waiving these objections, and subject to the confidentiality protection of the Court's Protective Order, Plaintiff refers Defendant to Defendant_000018-000019 and identifies an additional legal action that Plaintiff filed on May 7, 2021 in California state court as Case No. 30-2021-01199121. The nature of the claims asserted are defamation. The case is currently pending.

**INTERROGATORY NO. 11:**

Identify each person or place you visited outside of the Denver area from the time you arrived in the United States in July 2013 until December 2013.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this Interrogatory as vague and ambiguous in that it does not define the phrase "Denver area" and reasonable minds could differ as to what constitutes the "Denver area." Plaintiff further objects to this Interrogatory as overbroad in that it seeks to discover Plaintiff's whereabouts anywhere outside the "Denver area" over a five month period. Plaintiff also objects because this Interrogatory seeks information that is not relevant to the claims or defenses of any party as required under Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff's whereabouts has no tendency to make a fact at issue in this case more or less probably than it would be without the evidence. Equally so, Plaintiff's whereabouts during any period of time is not of consequence in determining the action. This action involves allegations of defamation and libel—neither of which require the determination of either party's whereabouts during a given time. Finally, Plaintiff objects because this interrogatory invades her privacy without a stated

legitimate basis and reason for doing so. Therefore, Plaintiff will stand on her objections and without further explanation as to the relevancy of this information or what constitutes the "Denver area", will not provide this information.

## INTERROGATORY NO. 12:

Identify any and all individuals you or anyone acting on your behalf have communicated with regarding your report in 2013 of a stolen/lost passport.

## RESPONSE TO INTERROGATORY NO. 12:

Plaintiff objects to this interrogatory to the extent it seeks to discover confidential work product, attorney-client privileged communications, and information gathered, prepared or maintained in anticipation of litigation.

Subject to and without waiving this objection, other than her counsel, Plaintiff has only communicated with Defendant and the Aurora Police Department regarding her lost passport.

## INTERROGATORY NO. 13:

For each Request for Admission ("RFA") set forth below that you have failed to provide any response other than an unqualified admission, please: (a) state each and every fact, premise, or conclusion upon which you base your failure to unqualifiedly admit the RFA; (b) identify each and every document and/or piece of evidence that supports your denial or failure to unqualifiedly admit the RFA, in addition to any document and/or piece of evidence that supports and/or contradicts your answers provided in response to this interrogatory; (c) identify each and every person who has knowledge of or information regarding the facts and/or documents identified in subparts (a) and (b) above, indicating which person has knowledge or information concerning each fact and/or document.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and vague, and to the extent it calls for information protected by the attorney-client privilege and/or work-product doctrine. Defendant further objects to this interrogatory because the phrase "supplied any factual information that is included in your responses to these discovery requests" is vague and ambiguous inasmuch as it is undefined and subject to a multitude of meanings.

Subject to and without waiving these objections, Plaintiff has produced all non-privileged information and documents that she has in her possession, custody, and control that may relate to her responses to the RFAs with her initial disclosure and in response to the preceding Interrogatories and below Requests for Production.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents identified, referred to, or relied on to answer any of these Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff refers Defendant to the documents produced with her Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all communications you, or anyone acting on your behalf, have had with Mr. Morgann Paraskevas and/or anyone acting on his behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this request to the extent it seeks communications protected by the attorney-client privilege and work product doctrine. Currently, Plaintiff is not withholding any responsive information on the basis of these privileges. Plaintiff also objects to this request as

overbroad in that it seeks all communication that Plaintiff has had with a third party at any point in time regardless of whether those communications bear any relation to the claims or defenses of any party in this case.

Subject to and without waiving these objections, Plaintiff has no responsive communications with Mr. Morgann Parakevas regarding the allegations in her Complaint or her claims against Defendant.

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all communications you, or anyone acting on your behalf, have had with any law enforcement agency, insurance company, or other private or government institutions and/or anyone acting on their behalves regarding your claim of stolen/lost passport.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this request to the extent it seeks communications protected by the attorney-client privilege and work product doctrine. Currently, Plaintiff is not withholding any responsive information on the basis of these privileges.

Subject to and without waiving these objections, Plaintiff refers Defendant to the police report she filed with the Aurora Police Department regarding her lost passport produced contemporaneously herewith as [Plaintiff_000059-64]. Plaintiff, however, has issued a third party subpoena to Travelex and will supplement this Response with any responsive documents that Travelex produces.

**REQUEST FOR PRODUCTION NO. 4:**

Produce any and all communications you, or anyone acting on your behalf, have had with Guochang Chen and/or anyone acting on his behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this request to the extent it seeks communications protected by the attorney-client privilege and work product doctrine. Currently, Plaintiff is not withholding any responsive information on the basis of these privileges.

Subject to and without waiving this objection, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 5:**

Produce any and all communications you, or anyone acting on your behalf, have had with Tomas Czodor and/or anyone acting on his behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff objects to this request to the extent it seeks communications protected by the attorney-client privilege and work product doctrine. Currently, Plaintiff is not withholding any responsive information on the basis of these privileges. Plaintiff also objects to this request as overbroad in that it seeks all communication that Plaintiff has had with a third party at any point in time regardless of whether those communications bear any relation to the claims or defenses of any party in this case.

Subject to and without waiving these objections, Plaintiff has no responsive communications with Mr. Tomas Czodor regarding the allegations in her Complaint or her claims against Defendant.

**REQUEST FOR PRODUCTION NO. 6:**

Produce any and all communications you, or anyone acting on your behalf, have had with Edward Weamer and/or anyone acting on his behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to this request to the extent it seeks communications protected by the attorney-client privilege and work product doctrine. Currently, Plaintiff is not withholding any responsive information on the basis of these privileges. Plaintiff also objects to this request as overbroad in that it seeks all communication that Plaintiff has had with a third party at any point in time regardless of whether those communications bear any relation to the claims or defenses of any party in this case.

Subject to and without waiving these objections, Plaintiff has no responsive communications with Mr. Edward Weamer regarding the allegations in her Complaint or her claims against Defendant.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all non-privileged documents and communications between you or anyone acting on your behalf and any other person or entity relating to the allegations made in the Complaint, this lawsuit, or Mr. Wang's defenses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff objects to this request to the extent it seeks communications protected by the attorney-client privilege and work product doctrine. Plaintiff also objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret that part of the interrogatory as asking about those defenses.

Subject to and without waiving these objections, Plaintiff and has no responsive documents or communications that are not subject to the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all litigation holds and/or requests to preserve documents that you, or anyone acting on your behalf, have sent to anyone relating to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff objects to this request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege and or work product doctrine.

Subject to and without waiving this objection, Plaintiff possesses no responsive documents that are not subject to the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all copies of any photographs, diagrams, films, or video that relate, in any way, to the allegations made in the Complaint and/or Mr. Wang's defenses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret that part of the interrogatory as asking about those defenses.

Subject to and without waiving this objection, Plaintiff refers Defendant to the photographs produced with her Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all journals, diaries, notes, letters, calendars, electronic mail, text messages, and all comments, posting and messages from all social media or business networking websites (including but not limited to Facebook, Twitter, LinkedIn, Google+, and YouTube) that relate to the allegations made in the Complaint, this lawsuit, and/or Mr. Wang's defenses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret that part of the interrogatory as asking about those defenses.

Other than Plaintiff's privileged communications with her counsel, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all written documents and/or online postings that you have authored in full or in part regarding Mr. Wang, this lawsuit, and/or Mr. Wang's defenses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects to this interrogatory as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the

statute of limitations and absolute litigation privilege so Plaintiff will interpret that part of the interrogatory as asking about those defenses.

Other than Plaintiff's privileged communications with her counsel, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 12:**

Produce complete copies of all non-privileged investigation files related to the allegations made in the Complaint, this lawsuit, and/or Mr. Wang's defenses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to this request as vague in that the phrase "investigation files" is undefined and subject to different interpretations. Subject to and without waiving this objection, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents in support of your claims in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to this request as overbroad in that it seeks all documents that could conceivably be construed as "support[ing]" Plaintiff's claims, even if only tangentially. Plaintiff also objects to this request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving these objections, Plaintiff refers Defendant to her Initial Disclosures, Defendant_000001-000012, Defendant_000044, Defendant 000086-00089, and [Plaintiff_000059-65]. As with all of her discovery responses, Plaintiff will supplement this response with any responsive information she obtains during discovery.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all statements you, or someone on your behalf, have made, electronically or otherwise, regarding or related to Mr. Wang.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving these objections, Plaintiff incorporates her objections and responses to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 15:**

Produce any and all communications and documents that you have received from, or provided to, any third party that relate in any way to the allegations made in the Complaint, Mr. Wang's defenses thereto, or this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Plaintiff also objects to this request as vague, ambiguous, and confusing to the extent it calls for responsive information related to "Mr. Wang's defenses." Defendant has not filed an Answer to the Complaint. Therefore, Plaintiff does not know what Defendant's "defenses" are to the Complaint. Defendant, however, has sought to dismiss the Complaint on the basis of the statute of limitations and absolute litigation privilege so Plaintiff will interpret that part of the interrogatory as asking about those defenses.

Subject to and without waiving these objections, Plaintiff produces contemporaneously herewith a verification of treatment received from her therapists at Pacific Clinics and the police

report that she filed with the Aurora Police Department regarding her lost passport

[Plaintiff_000059-65]. As with all of her discovery requests, Plaintiff will supplement this

responsive with any responsive documents or communications she receives through discovery.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that you, or someone with whom you communicated prior to publication,

published the information attached to these Discovery Requests as Exhibit 1

(https://cheaterland.com/paul-wang-highlands-ranch-co.html), at p.1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff objects to this request for admission because seeks information that is not

relevant to the claims or defenses of any party. Defendant has not answered Plaintiff's Complaint

or asserted any counterclaims against Plaintiff. Therefore, the publisher of Exhibit 1 is irrelevant.

Subject to and without waiving these objections, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you, or someone with whom you communicated prior to publication,

published the information attached to these Discovery Requests as Exhibit 2

(http://xingfeiluo.blogspot.com).

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff objects to this request for admission because seeks information that is not

relevant to the claims or defenses of any party. Defendant has not answered Plaintiff's Complaint

or asserted any counterclaims against Plaintiff. Therefore, the publisher of Exhibit 2 is irrelevant.

Subject to and without waiving these objections, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you, or someone with whom you communicated prior to publication, published the information attached to these Discovery Requests as Exhibit 3 (https://cserinusa.wordpress.com).

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff objects to this request for admission because seeks information that is not relevant to the claims or defenses of any party. Defendant has not answered Plaintiff's Complaint or asserted any counterclaims against Plaintiff. Therefore, the publisher of Exhibit 3 is irrelevant.

Subject to and without waiving these objections, Plaintiff admits that she published Exhibit 3.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you, or someone with whom you communicated prior to publication, published the information attached to these Discovery Requests as Exhibit 4 (https://pppwang.wordpress.com/).

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff objects to this request for admission because seeks information that is not relevant to the claims or defenses of any party. Defendant has not answered Plaintiff's Complaint or asserted any counterclaims against Plaintiff. Therefore, the publisher of Exhibit 4 is irrelevant. Plaintiff also objects to the completeness of the portion of Exhibit 4 that purports to be part of Mr. Edward Weamer's production in the Weamer litigation.

Subject to and without waiving these objections, Plaintiff denies the request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you, or someone with whom you communicated prior to publication, published the information in:

https://www.reportacheater.com/paul-wang-colorado

https://reportedcheaters.co/31039/paul-wang-colorado

https://worstcheaters.com/paul-wang-colorado

https://www.complainboard.com/paul-wang-colorado

https://www.dirtyex.com/paul-wang-colorado

https://www.ripofflist.com/paul-wang-colorado

https://cheatersdiaries.com/paul-wang-colorado

https://www.iripoff.com/paul-wang-colorado

https://www.cheaterarchive.com/paul-wang-colorado

https://reportedcheaters.co/31039/paul-wang-colorado

http://xingfeiluo.blogspot.com/2018/11/xingfei-luo.html

https://morgannparaskevas.blogspot.com

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiff objects to this request for admission because seeks information that is not relevant to the claims or defenses of any party. Defendant has not answered Plaintiff's Complaint or asserted any counterclaims against Plaintiff. Therefore, the publisher of these online posts or websites are irrelevant. Plaintiff further objects to this request for admission because out of the links listed above only some of the links led to substantive content. Specifically, only https://www.dirtyex.com/paul-wang-colorado; https://www.ripofflist.com/paul-wang-colorado;

http://xingfeiluo.blogspot.com/2018/11/xingfei-luo.html; and

https://morgannparaskevas.blogspot.com lead to substantive content. The rest of the identified

websites lead to pages stating "This site can't be reached." Therefore, because Plaintiff cannot

view these websites, Plaintiff can neither admit nor deny the allegations in the request as to them.

Subject to and without waiving these objections, and with respect to the four remaining

website that direct you to substantive content, Plaintiff denies.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you did not use the United States to China leg of the roundtrip ticket

Mr. Wang purchased for you in 2013.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiff objects to this request as vague and ambiguous in its use of the phrase "leg of the

roundtrip ticket." Plaintiff also objects to this request as confusing because Defendant purchased

more than one plane ticket for Plaintiff in 2013 and the request does not clarify to which ticket is

refers.

Subject to and without waiving this objection, Plaintiff admits that Defendant purchased

Plaintiff a roundtrip ticket from the United States to China in June 2013. Plaintiff admits that she

did not use that roundtrip ticket. Plaintiff further states, however, that Defendant purchased

another plane ticket for her sometime in the fall of 2013. That ticket was a one-way ticket to

China and Plaintiff used that ticket.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you received a check from an insurance company to reimburse you for the

United States to China leg of the roundtrip ticket you did not use.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiff objects to this request as vague and ambiguous in that it does not state the dates of the roundtrip ticket that Defendant seeks information on. Plaintiff will interpret this request to be asking for responsive information regarding the roundtrip ticket that Mr. Wang purchased for Plaintiff from the United States to China in June 2013.

Subject to that objection and interpretation, Plaintiff denies.

**REQUEST FOR ADMISSION NO. 8:**

Admit that in 2018 you contacted WordPress.com regarding https://morgann070.wordpress.com/2013/12/16/xingfei-luo-better-known-as-ophelia-luo-and-her-chinese-scam/.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff objects to this request as vague and ambiguous in that it is unclear how Plaintiff "contacts" a website or whether Defendant simply means that Plaintiff accessed or visited the referenced website. Plaintiff also objects to this request as confusing in that when she goes to the link it states "morgann070.wordpress.com is no longer available." Because Plaintiff cannot view the contents of the website, she can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you registered with Blogspot, or some other webhosting service, for the rights to use the URL http://xingfeiluo.blogspot.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff objects to this request for admission because seeks information that is not relevant to the claims or defenses of any party. Defendant has not answered Plaintiff's Complaint

or asserted any counterclaims against Plaintiff. Therefore, whether Plaintiff "registered with Blogspot, or some other webhosting service" is irrelevant.

      Subject to and without waiving this objection, Plaintiff denies.

Dated:  May 4, 2022.                    AS TO OBJECTIONS,


                                        *s/ Clarissa M. Collier*
                                        David J. Schaller
                                        Clarissa M. Collier
                                        Wheeler Trigg O'Donnell LLP
                                        370 Seventeenth Street, Suite 4500
                                        Denver, CO 80202
                                        Telephone:   303.244.1800
                                        Facsimile:    303.244.1879
                                        Email:   schaller@wtotrial.com
                                                 collier@wtotrial.com

                                        Attorneys for Plaintiff

## VERIFICATION PAGE

I, Xingfei Luo, being duly sworn, affirm that I have read the interrogatory responses set forth in Plaintiff's Responses and Objections to Defendant's First Set of Written Discovery Requests, that I know the contents thereof, and that the answers to the interrogatories are true and correct to the best of my knowledge, information, and belief.

DATED: 5/4/ 2022

_____
Xingfei Luo

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

I HEREBY CERTIFY that on May 4, 2022, I electronically filed the foregoing **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF WRITTEN DISCOVERY REQUESTS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

*s/ Catherine Lacey*