ALLMTN,APPEAL,JD1,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:20–cv–02765–RMR–MEH

Luo v. Wang

Assigned to: Judge Regina M. Rodriguez

Referred to: Magistrate Judge Michael E. Hegarty

 Case in other court:  Tenth Circuit, 22–01200

Cause: 28:1332 Diversity–Injunctive & Declaratory Relief

Date Filed: 09/11/2020

Date Terminated: 10/19/2022

Jury Demand: Both

Nature of Suit: 360 P.I.: Other

Jurisdiction: Diversity

**In Re**

| | | |
|---|---|---|
| **Wheeler Trigg O'Donnell LLP** | represented by | **Craig E. Stewart** |
| | | Holland & Hart LLP |
| | | P. O. Box 8749 |
| | | 555 17th Street |
| | | Suite 3200 |
| | | Denver, CO 80201–8749 |
| | | 303–295–8000 |
| | | Fax: 303–295–8261 |
| | | Email: cstewart@hollandhart.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Hannah E. Armentrout** |
| | | Holland & Hart LLP |
| | | P. O. Box 8749 |
| | | 555 17th Street |
| | | Suite 3200 |
| | | Denver, CO 80201–8749 |
| | | 303–295–8408 |
| | | Fax: 303–416–8906 |
| | | Email: hearmentrout@hollandhart.com |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Xingfei Luo** | represented by | **Xingfei Luo** |
| | | PO Box 4886 |
| | | El Monte, CA 91734 |
| | | 626–319–2568 |
| | | PRO SE |
| | | |
| | | **Clarissa M. Collier** |
| | | Wheeler Trigg O'Donnell LLP |
| | | 370 17th Street |
| | | Suite 4500 |
| | | Denver, CO 80202–5647 |
| | | 303–244–0155 |
| | | Fax: 303–244–1879 |
| | | Email: collier@wtotrial.com |
| | | *TERMINATED: 07/08/2022* |

*ATTORNEY TO BE NOTICED*

**David Jonathan Schaller**
Wheeler Trigg O'Donnell LLP
370 17th Street
Suite 4500
Denver, CO 80202–5647
303–244–1836
Fax: 303–294–1879
Email: schaller@wtotrial.com
*TERMINATED: 07/08/2022*
*ATTORNEY TO BE NOTICED*

**Jacob Douglas Jones**
Greenspoon Marder LLP
1144 Fifteenth Street
Suite 2700
Denver, CO 80202
720–370–1163
Email: jacob.jones@gmlaw.com
*TERMINATED: 09/26/2022*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| Paul Wang | represented by | **Katayoun A. Donnelly** |
|---|---|---|
| | | Azizpour Donnelly LLC |
| | | 2373 Central Park Boulevard |
| | | Suite 100 |
| | | Denver, CO 80238 |
| | | 720–675–8584 |
| | | Fax: 720–880–8584 |
| | | Email: katy@kdonnellylaw.com |
| | | *ATTORNEY TO BE NOTICED* |

**Intervenor**

| Eugene Volokh | represented by | **Eugene Volokh** |
|---|---|---|
| | | UCLA School of Law |
| | | 385 Charles Young Drive. East |
| | | Los Angeles, CA 90095 |
| | | 310–206–3926 |
| | | Email: volokh@law.ucla.edu |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/11/2020 | 1 | | COMPLAINT against Paul Wang, filed by Jane Doe. (Attachments: # 1 Civil Cover Sheet, # 2 Request for Protective Order, # 3 Proposed Order, # 4 Request for Service via USMS, # 5 Magistrate Judge Consent Form, # 6 |

| | | | Electronic Filing Application, # 7 Proposed Document, # 8 Envelope)(cpomm, ) (Entered: 09/11/2020) |
|---|---|---|---|
| 09/11/2020 | 2 | | RESTRICTED DOCUMENT – Level 3: by Plaintiff Jane Doe.. (cpomm, ) (Entered: 09/11/2020) |
| 09/11/2020 | 3 | | Case assigned to Magistrate Judge Gordon P. Gallagher. Text Only Entry (cpomm, ) (Entered: 09/11/2020) |
| 09/11/2020 | 4 | | Application to Proceed in District Court Without Prepaying Fees or Costs. by Plaintiff Jane Doe. Public Entry for ECF No. 2 (cpomm, ) Modified to correct text on 9/16/2020 (rvill, ). (Entered: 09/11/2020) |
| 09/14/2020 | 5 | | ORDER Granting Leave to Proceed In Forma Pauperis and Drawing Case. Upon completion of the Court's review of the Complaint (ECF No. 1 ) pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that this case does not appear to be appropriate for summary dismissal. Case randomly reassigned to Judge R. Brooke Jackson for all further proceedings and drawn to Magistrate Judge Michael E. Hegarty. All future pleadings should be designated as 20–cv–02765–RBJ. The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 4 ) is GRANTED. By Magistrate Judge Gordon P. Gallagher on September 14, 2020. (rvill, ) Modified to correct text on 9/14/2020 (rvill, ). (Entered: 09/14/2020) |
| 09/14/2020 | 6 | | Magistrate Judge consent form issued pursuant to 28 U.S.C. 636(c). (rvill, ) (Entered: 09/14/2020) |
| 09/15/2020 | 7 | | ORDER OF REFERENCE to United States Magistrate Judge Michael E. Hegarty by Judge R. Brooke Jackson on September 15, 2020. (rvill, ) (Entered: 09/15/2020) |
| 09/15/2020 | 8 | | CERTIFICATE of Service by Clerk of Court re 1 Complaint and Jury Trial Demand for Service of Process. (Attachments: # 1 U.S. Marshal Service Form) (trvo, ) (Entered: 09/15/2020) |
| 09/15/2020 | 9 | | MINUTE ORDER by Magistrate Judge Michael E. Hegarty on 15 September 2020. This Court will hold the Fed. R. Civ. P. 16(b) Scheduling Conference on November 30, 2020, at 10:30 a.m. in Courtroom A–501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. Proposed Scheduling Order due 11/23/2020. (cmadr, ) (Entered: 09/15/2020) |
| 11/04/2020 | 10 | | MOTION to Continue *Rule16(b) Scheduling Conference* by Plaintiff Jane Doe. (Attachments: # 1 Proposed Order (PDF Only))(Doe, Jane) (Entered: 11/04/2020) |
| 11/04/2020 | 11 | | MOTION for Protective Order *and to proceed under a pseudonym* by Plaintiff Jane Doe. (Attachments: # 1 Proposed Order (PDF Only))(Doe, Jane) (Entered: 11/04/2020) |
| 11/05/2020 | 12 | | MEMORANDUM regarding 10 MOTION to Continue *Rule16(b) Scheduling Conference* filed by Jane Doe, 11 MOTION for Protective Order *and to proceed under a pseudonym* filed by Jane Doe. Motions 10 and 11 are referred to Magistrate Judge Michael E. Hegarty, by Judge R. Brooke Jackson on 11/5/2020. Text Only Entry (rbjsec. ) (Entered: 11/05/2020) |

| 11/10/2020 | 13 | | PROTECTIVE ORDER by Magistrate Judge Michael E. Hegarty on 10 November 2020. (cmadr, ) (Entered: 11/10/2020) |
|---|---|---|---|
| 11/13/2020 | 14 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 13 November 2020. For good cause shown, Plaintiff's "Motion for Continuance of Rule 16(b) Scheduling Conference" 10 is granted. The Fed. R. Civ. P. 16(b) Scheduling Conference set for November 30, 2020 is vacated and rescheduled for January 25, 2021, at 10:15 a.m. in Courtroom A−501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. Proposed Scheduling Order due 1/18/2021.(cmadr, ) (Entered: 11/13/2020) |
| 12/02/2020 | 15 | | Summons Returned Unexecuted as to Paul Wang. (rvill, ) (Entered: 12/02/2020) |
| 12/03/2020 | 16 | | MOTION for Extension of Time to *Complete Service* by Plaintiff Jane Doe. (Attachments: # 1 Exhibit, # 2 Proposed Order (PDF Only))(Doe, Jane) (Entered: 12/03/2020) |
| 12/04/2020 | 17 | | MEMORANDUM regarding 16 MOTION for Extension of Time to *Complete Service* filed by Jane Doe. Motion 16 is referred to Magistrate Judge Michael E. Hegarty, by Judge R. Brooke Jackson on 12/4/2020. Text Only Entry (rbjsec, ) (Entered: 12/04/2020) |
| 12/04/2020 | 18 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 4 December 2020. For good cause shown, Plaintiff's "Motion for Extension of Time for Service" 16 is granted. Plaintiff shall serve her Complaint upon Defendant on or before March 10, 2021.(cmadr, ) (Entered: 12/04/2020) |
| 01/11/2021 | 19 | | MOTION for Order to *direct the clerk to issue a new summons and continue the Rule 16(b) scheduling conference* by Plaintiff Jane Doe. (Attachments: # 1 Summons Proposed summons)(Doe, Jane) (Entered: 01/11/2021) |
| 01/12/2021 | 20 | | MEMORANDUM regarding 19 MOTION for Order to *direct the clerk to issue a new summons and continue the Rule 16(b) scheduling conference* filed by Jane Doe. Motion 19 is referred to Magistrate Judge Michael E. Hegarty, by Judge R. Brooke Jackson on 1/12/2021. Text Only Entry (rbjsec.) (Entered: 01/12/2021) |
| 01/14/2021 | 21 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 14 January 2021. For good cause shown, Plaintiff's "Motion for Issuance of New Summons and Continuance of Rule 16(b) Scheduling Conference" 19 is granted. The Court directs the Clerk of the Court to issue an amended summons to reflect the Defendant's current address listed at ECF 19−1. Additionally. the Fed. R. Civ. P. 16(b) Scheduling Conference set for January 25, 2021 is **vacated and rescheduled for April 19, 2021, at 10:00 a.m.** in Courtroom A−501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. Proposed Scheduling Order due4/12/2021 Scheduling Conference set for 4/19/2021 10:00 AM in Courtroom A 501 before Magistrate Judge Michael E. Hegarty. by Magistrate Judge Michael E. Hegarty on 14 January 2021.(cmadr, ) (Entered: 01/14/2021) |
| 01/14/2021 | 22 | | SUMMONS issued by Clerk. (cmadr, ) (Entered: 01/14/2021) |
| 02/05/2021 | 23 | | |

| | | | |
|---|---|---|---|
| | | | SUMMONS Returned Executed by Jane Doe. Paul Wang served on 1/25/2021, answer due 2/15/2021. (Doe, Jane) (Entered: 02/05/2021) |
| 02/08/2021 | 24 | | ANSWER to 1 Complaint, by Paul Wang.(rvill, ) (Entered: 02/08/2021) |
| 02/08/2021 | 25 | | ANSWER to 1 Complaint, by Paul Wang.(rvill, ) (Entered: 02/09/2021) |
| 02/09/2021 | 26 | | MOTION to Appoint Counsel by Plaintiff Jane Doe. (Doe, Jane) (Entered: 02/09/2021) |
| 02/10/2021 | 27 | | MEMORANDUM regarding 26 MOTION to Appoint Counsel filed by Jane Doe. Motion 26 referred to Magistrate Judge Michael E. Hegarty, by Judge R. Brooke Jackson on 2/10/2021. Text Only Entry (rbjsec.) (Entered: 02/10/2021) |
| 02/10/2021 | 28 | | CERTIFICATE of Mailing/Service re 24 Answer to Complaint by Defendant Paul Wang. (rvill, ) (Entered: 02/10/2021) |
| 02/11/2021 | 29 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 11 February 2021. Before the Court is Plaintiff's "Motion for Appointment of Counsel" 26 . Plaintiff's motion is denied without prejudice with leave to refile in compliance with the conferral requirement of the Local Rules. (cmadr, ) (Entered: 02/11/2021) |
| 02/15/2021 | 30 | | Second MOTION to Appoint Counsel by Plaintiff Jane Doe. (Attachments: # 1 Exhibit, # 2 Proposed Order (PDF Only))(Doe, Jane) (Entered: 02/15/2021) |
| 02/15/2021 | 31 | | MOTION for Order to *Pay expenses incurred in making service of summons* by Plaintiff Jane Doe. (Attachments: # 1 Exhibit, # 2 Proposed Order (PDF Only))(Doe, Jane) (Entered: 02/15/2021) |
| 02/16/2021 | 32 | | MEMORANDUM regarding 30 Second MOTION to Appoint Counsel filed by Jane Doe, 31 MOTION for Order to Pay expenses incurred in making service of summons filed by Jane Doe. Motion 30 and 31 are referred to Magistrate Judge Michael E. Hegarty, by Judge R. Brooke Jackson on 2/16/2021. Text Only Entry (rbjsec. ) (Entered: 02/16/2021) |
| 02/16/2021 | 33 | | ORDER APPOINTING PRO BONO COUNSEL by Magistrate Judge Michael E. Hegarty on 16 February 2021. Plaintiff is advised that the Clerk will select counsel from the Panel; however, there is no guarantee that Panel members will undertake representation in every case selected as part of the Civil Pro Bono Panel program. The Court cautions that Plaintiff remains responsible for all discovery requirements and scheduled matters, including hearings, depositions, motions, and trial.(cmadr, ) (Entered: 02/16/2021) |
| 02/16/2021 | 34 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 16 February 2021. Before the Court is Plaintiff's "Motion for Defendant's Payment of Service Fee" (ECF 31 ). Defendant shall file a response to the motion on or before March 9, 2021. Plaintiff may file a reply in support of the motion on or before fourteen days after the filing of the response. (cmadr, ) (Entered: 02/16/2021) |
| 02/18/2021 | 35 | | MOTION for Summary Judgment by Defendant Paul Wang. (rvill, ) (Entered: 02/18/2021) |
| 02/18/2021 | 36 | | MOTION to Dismiss (12(B)(6)) by Defendant Paul Wang. (rvill, ) (Entered: 02/18/2021) |

| 02/18/2021 | 37 | | MOTION to Strike 35 MOTION for Summary Judgment, 25 Answer to Complaint by Plaintiff Jane Doe. (Attachments: # 1 Proposed Order (PDF Only))(Doe, Jane) (Entered: 02/18/2021) |
|---|---|---|---|
| 02/19/2021 | 38 | | MEMORANDUM regarding 35 MOTION for Summary Judgment filed by Paul Wang, 36 MOTION to Dismiss filed by Paul Wang, 37 MOTION to Strike 35 MOTION for Summary Judgment, 25 Answer to Complaint filed by Jane Doe. Motions 35 , 36 , and 37 are referred to Magistrate Judge Michael E. Hegarty, by Judge R. Brooke Jackson on 2/19/2021. Text Only Entry (rbjsec. ) (Entered: 02/19/2021) |
| 02/24/2021 | 39 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 24 February 2021. Plaintiff's "Motion to Strike Defendant's Motions for Summary Judgment" 37 is denied without prejudice for failure to comply with D.C.Colo.LCivR 7.1(a).(cmadr, ) (Entered: 02/24/2021) |
| 02/24/2021 | 40 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 24 February 2021. Due to a conflict on the Court's calendar. the Fed. R. Civ. P. 16(b) Scheduling Conference set for April 19, 2021 is vacated and rescheduled for March 18, 2021, at 11:00 a.m. in Courtroom A–501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. (cmadr, ) (Entered: 02/24/2021) |
| 02/25/2021 | 41 | | Second MOTION to Strike 35 MOTION for Summary Judgment, 25 Answer to Complaint by Plaintiff Jane Doe. (Attachments: # 1 Exhibit, # 2 Proposed Order (PDF Only))(Doe, Jane) (Entered: 02/25/2021) |
| 02/25/2021 | 42 | | MEMORANDUM regarding 41 Second MOTION to Strike 35 MOTION for Summary Judgment, 25 Answer to Complaint filed by Jane Doe. Motion 41 is referred to Magistrate Judge Michael E. Hegarty, by Judge R. Brooke Jackson on 2/25/2021. Text Only Entry (rbjsec, ) (Entered: 02/25/2021) |
| 02/26/2021 | 43 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 26 February 2021. This matter comes before the Court sua sponte. Before the Court is Defendant's "Motion for Summary Judgment" 35 . Defendant has failed to comply with D.C.Colo.LCivR. 56.1(a). Defendant's Motion does not contain a statement of undisputed facts or legal authority incorporated in the Motion. Therefore, the Motion is denied without prejudice, with leave to re–file in compliance with the Local Rules and Federal Rules of Civil Procedure.(cmadr, ) (Entered: 02/26/2021) |
| 02/26/2021 | 44 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 26 February 2021. Before the Court is Plaintiff's "Second Motion to Strike" (ECF 41 ). Defendant shall file a response to that motion on or before March 17, 2021.Additionally, the Court reminds the parties that the Scheduling Conference is set for March 18, 2021. ECF 40 . In addition to discussing the scheduling of the case, the parties should be prepared to discuss the pending motion to dismiss (ECF 36 ) and Plaintiff's motion to strike (ECF 41 ). (cmadr, ) (Entered: 02/26/2021) |
| 02/28/2021 | 45 | | MOTION to Dismiss *Defendant's Counterclaims* by Plaintiff Jane Doe. (Attachments: # 1 Exhibit, # 2 Proposed Order (PDF Only))(Doe, Jane) (Entered: 02/28/2021) |
| 02/28/2021 | 46 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Filing Amended Pleading re 1 Complaint, by Plaintiff Jane Doe (Attachments: # 1 Exhibit)(Doe, Jane) (Entered: 02/28/2021) |
| 02/28/2021 | 47 | | AMENDED COMPLAINT against Paul Wang, filed by Jane Doe.(Doe, Jane) (Entered: 02/28/2021) |
| 03/01/2021 | 48 | | MEMORANDUM regarding 45 MOTION to Dismiss *Defendant's Counterclaims* filed by Jane Doe. Motions 45 referred to Magistrate Judge Michael E. Hegarty, by Judge R. Brooke Jackson on 3/1/2021. Text Only Entry (rbjsec. ) (Entered: 03/01/2021) |
| 03/01/2021 | 49 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 1 March 2021. Before the Court is Plaintiff's "Motion to Dismiss Defendant's Purported Counterclaims" (ECF 12 ). Defendant shall file a response to that motion on or before March 24, 2021. (cmadr, ) (Entered: 03/01/2021) |
| 03/03/2021 | 50 | | ORDER by Magistrate Judge Michael E. Hegarty on 3 March 2021. In light of the Amended Complaint, Defendant's Motion to Dismiss 36 is denied without prejudice with leave to re–file, if Defendant so chooses, in response to the Amended Complaint. Because the Court has now denied Defendant's motion to dismiss, Plaintiff's motion 41 is denied as moot.(cmadr, ) (Entered: 03/03/2021) |
| 03/04/2021 | 51 | | Notice of Pro Bono Appointment: Attorneys Clarissa Collier and David Schaller of the firm Wheeler Trigg ODonnell LLP have been selected as counsel to represent the Plaintiff, in accordance with the Court's Order of February 16, 2021 and D.C.COLO.LAttyR 15(f) of the U.S. District Court's Local Rules of Practice. Counsel have thirty days to either enter their appearances in the case or to file a Notice Declining Appointment. This Notice of Appointment will be sent to the pro se litigant and selected counsel by the undersigned designated clerk. (kmont) (Entered: 03/04/2021) |
| 03/05/2021 | 52 | | NOTICE of Entry of Appearance *of Clarissa M. Collier* by Clarissa M. Collier on behalf of Jane DoeAttorney Clarissa M. Collier added to party Jane Doe(pty:pla) (Collier, Clarissa) (Entered: 03/05/2021) |
| 03/05/2021 | 53 | | NOTICE of Entry of Appearance *of David J. Schaller* by David Jonathan Schaller on behalf of Jane DoeAttorney David Jonathan Schaller added to party Jane Doe(pty:pla) (Schaller, David) (Entered: 03/05/2021) |
| 03/08/2021 | 54 | | NOTICE of Entry of Appearance by Katayoun A. Donnelly on behalf of Paul WangAttorney Katayoun A. Donnelly added to party Paul Wang(pty:dft) (Donnelly, Katayoun) (Entered: 03/08/2021) |
| 03/08/2021 | 55 | | MOTION to Stay *JOINT MOTION TO STAY ALL DEADLINES AND CONVERT THE MARCH 18 SCHEDULING CONFERENCE TO A STATUS CONFERENCE* by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 03/08/2021) |
| 03/09/2021 | 56 | | MEMORANDUM regarding 55 MOTION to Stay *JOINT MOTION TO STAY ALL DEADLINES AND CONVERT THE MARCH 18 SCHEDULING CONFERENCE TO A STATUS CONFERENCE* filed by Paul Wang. Motion 55 is referred to Magistrate Judge Michael E. Hegarty, by Judge R. Brooke Jackson on 3/9/2021. Text Only Entry (rbjsec, ) (Entered: 03/09/2021) |
| 03/09/2021 | 57 | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER granting <u>55</u> Joint Motion to Stay All Deadlines and Convert the March 18 Scheduling Conference to a Status Conference by Magistrate Judge Michael E. Hegarty on 3/9/2021. Status Conference set for 3/18/2021 11:00 AM in Courtroom A 501 before Magistrate Judge Michael E. Hegarty. (jgonz, ) (Entered: 03/09/2021) |
| 03/15/2021 | <u>58</u> | | NOTICE re <u>40</u> Order, *To Set Teleconference for Status Conference on 3/18/2021* by Plaintiff Jane Doe (Collier, Clarissa) (Entered: 03/15/2021) |
| 03/16/2021 | <u>59</u> | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 16 March 2021. Before the Court is Plaintiff's "Notice to Set Teleconference for Status Conference on 3/18/21." ECF <u>58</u> . On March 9, 2021, at the request of the parties (see ECF <u>55</u> ), the Court issued an order converting the Scheduling Conference in this case to a Status Conference. In doing so, the Court did not explicitly state how the parties could participate in the Status Conference. As was the case with the original Scheduling Conference, the litigants (counsel and parties) and the public may appear at the Status Conference either in person or by telephone. Anyone appearing by telephone shall call the following conference line at the appointed time: Number: 888–278–0296 Access code: 8212991# (cmadr, ) (Entered: 03/16/2021) |
| 03/18/2021 | <u>60</u> | | COURTROOM MINUTES for proceedings held before Magistrate Judge Michael E. Hegarty: Status Conference held on 3/18/2021. FTR: A501. (cthom, ) (Entered: 03/18/2021) |
| 03/19/2021 | <u>61</u> | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 19 March 2021. At the request of the parties, this Court will hold a settlement conference in this case on March 24, 2021 at 10:30 a.m. in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The litigants (counsel and parties) are permitted to appear at the conference either in person or by video. Anyone appearing in person must comply with General Order 2021–3, which may be accessed at www.cod.uscourts.gov. Anyone appearing by video shall provide the Court with a meeting ID and password using the Zoom platform; this information may be emailed to hegarty_chambers@cod.uscourts.gov. (cmadr, ) (Entered: 03/19/2021) |
| 03/24/2021 | <u>62</u> | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 24 March 2021. The Court will hold a status conference regarding scheduling on April 8, 2021 at 1:00 p.m. in Courtroom A–501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. Counsel for the parties and the parties themselves shall appear at the conference in person. The wearing of masks and social distancing will be honored. See General Order 2021–3, available at www.cod.uscourts.gov. The case remains stayed until the status conference. (cmadr, ) (Entered: 03/24/2021) |
| 03/24/2021 | <u>63</u> | | MINUTE ENTRY for proceedings held before Magistrate Judge Michael E. Hegarty: Settlement Conference held on 3/24/2021. (cthom, ) (Entered: 03/25/2021) |
| 04/08/2021 | <u>64</u> | | COURTROOM MINUTES for proceedings held before Magistrate Judge Michael E. Hegarty: Status Conference held on 4/8/2021. FTR: A501. (cthom, ) (Entered: 04/08/2021) |

| 04/22/2021 | 65 | | AMENDED COMPLAINT – *Second Amended Complaint and Jury Demand* against Paul Wang, filed by Jane Doe.(Collier, Clarissa) (Entered: 04/22/2021) |
| 05/10/2021 | 66 | | MOTION for Extension of Time to *Respond to Second Amended Complaint* by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 05/10/2021) |
| 05/10/2021 | 67 | | MEMORANDUM regarding 66 MOTION for Extension of Time to *Respond to Second Amended Complaint* filed by Paul Wang. Motion 66 is referred to Magistrate Judge Michael E. Hegarty. By Judge R. Brooke Jackson on 5/10/2021. Text Only Entry (rbjsec. ) (Entered: 05/10/2021) |
| 05/10/2021 | 68 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 10 May 2021. For good cause shown, Defendant's Unopposed Motion for Extension to Respond to the Second Amended Complaint 66 is granted. Defendant shall file his answer or other response to the operative Second Amended Complaint on or before May 25, 2021.(cmadr, ) (Entered: 05/10/2021) |
| 05/25/2021 | 69 | | MOTION to Dismiss *Second Amended Complaint* by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 05/25/2021) |
| 05/26/2021 | 70 | | ORDER denying 69 MOTION to Dismiss Second Amended Complaint. Denied without prejudice. Please see this Court's Practice Standards regarding the letter procedure for motions to dismiss. By Judge R. Brooke Jackson on 5/26/2021. Text Only Entry(rbjsec. ) (Entered: 05/26/2021) |
| 05/27/2021 | 71 | | LETTER *Re Motion to Dismiss* by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 05/27/2021) |
| 06/01/2021 | 72 | | Unopposed MOTION for Extension of Time to *Respond to Defendant's Letter Regarding Motion to Dismiss* by Plaintiff Jane Doe. (Attachments: # 1 Proposed Order (PDF Only))(Collier, Clarissa) (Entered: 06/01/2021) |
| 06/02/2021 | 73 | | ORDER granting 72 Unopposed MOTION for Extension of Time to Respond to Defendant's Letter Regarding Motion to Dismiss. By Judge R. Brooke Jackson on 6/2/2021. Text Only Entry(rbjsec.) (Entered: 06/02/2021) |
| 06/07/2021 | 74 | | TRANSCRIPT of Status Conference held on April 8, 2021 before Magistrate Judge Hegarty. Pages: 1–24. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 06/07/2021) |
| 06/10/2021 | 75 | | RESPONSE to 71 Letter *Regarding Motion to Dismiss* by Plaintiff Jane Doe. (Attachments: # 1 Exhibit 1 – 2021–04–08 – Status Conference Hearing Transcript)(Collier, Clarissa) (Entered: 06/10/2021) |
| 06/11/2021 | 76 | | MINUTE ORDER re: 71 Letter filed by Paul Wang The Court has reviewed the parties' letters and 75 Response filed by Jane Doe. The Court agrees with |

|  |  |  | Judge Hegarty's advice. The two parties are now represented by experienced and able counsel. A motion to dismiss is likely to be denied and a waste of time. You good lawyers should confer and either resolve this case or agree that plaintiff will file one more amended complaint that takes into account defendant's issues and pleads only what she believes she has evidence to prove. This does appear to be Marbury v. Madison. By Judge R. Brooke Jackson on 6/11/2021. Text Only Entry (rbjsec. ) (Entered: 06/11/2021) |
|------------|----|--|---|
| 07/06/2021 | 77 |  | This action is reassigned to Judge Regina M. Rodriguez upon her appointment. Unless otherwise ordered, the dates and times for all previously scheduled matters will be maintained and will now be handled by Judge Rodriguez in Courtroom A–702. Her chambers are located in A–738 of the Alfred A. Arraj Courthouse. Her telephone number is 303–335–2170. All future pleadings should be designated as **20–cv–2765–RMR**. Text only entry. (angar, ) (Entered: 07/06/2021) |
| 07/09/2021 | 78 |  | Renewed MOTION to Dismiss by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 07/09/2021) |
| 07/20/2021 | 79 |  | RESPONSE to 78 Renewed MOTION to Dismiss filed by Plaintiff Jane Doe. (Attachments: # 1 [Proposed] Third Amended Complaint and Jury Demand)(Collier, Clarissa) (Entered: 07/20/2021) |
| 07/20/2021 | 80 |  | MOTION for Leave to Restrict by Plaintiff Jane Doe. (Attachments: # 1 Proposed Order (PDF Only))(Collier, Clarissa) (Entered: 07/20/2021) |
| 07/20/2021 | 81 |  | NOTICE re 79 Response to Motion *Notice Of Filing Of Attachment To Plaintiffs Response To Defendants Renewed Motion To Dismiss* by Plaintiff Jane Doe (Attachments: # 1 Redlined Third Amended Complaint and Jury Demand)(Collier, Clarissa) (Entered: 07/20/2021) |
| 07/21/2021 | 82 |  | MEMORANDUM regarding 78 Renewed MOTION to Dismiss filed by Paul Wang. Motions referred to Magistrate Judge Michael E. Hegarty. By Judge Regina M Rodriguez on 7/21/2021. Text Only Entry (rmrja) (Entered: 07/21/2021) |
| 07/21/2021 | 83 |  | ORDER on 80 Motion to Restrict Public Access to 79 –1 Attachment filed to Plaintiff's Response to Defendant's Renewed Motion to Dismiss. ORDERED by Judge Regina M Rodriguez on 7/21/2021.(angar, ) (Entered: 07/21/2021) |
| 07/27/2021 | 84 |  | ORDER denying without prejudice 78 Defendants Renewed Motion to Dismiss, by Magistrate Judge Michael E. Hegarty on 7/27/2021.(jgonz, ) (Entered: 07/27/2021) |
| 07/28/2021 | 85 |  | AMENDED COMPLAINT *Third Amended Complaint and Jury Demand* against Paul Wang, filed by Jane Doe.(Collier, Clarissa) (Entered: 07/28/2021) |
| 08/09/2021 | 86 |  | First MOTION for Extension of Time to File Answer or Otherwise Respond re 85 Amended Complaint by Defendant Paul Wang. (Attachments: # 1 Proposed Order (PDF Only))(Donnelly, Katayoun) (Entered: 08/09/2021) |
| 08/09/2021 | 87 |  | RESPONSE to 86 First MOTION for Extension of Time to File Answer or Otherwise Respond re 85 Amended Complaint filed by Plaintiff Jane Doe. (Collier, Clarissa) (Entered: 08/09/2021) |
| 08/09/2021 | 88 |  |  |

| | | | |
|---|---|---|---|
| | | | MEMORANDUM regarding 86 First MOTION for Extension of Time to File Answer or Otherwise Respond re 85 Amended Complaint filed by Paul Wang. Motion referred to Magistrate Judge Michael E. Hegarty. By Judge Regina M Rodriguez on 8/9/2021. Text Only Entry (rmrja) (Entered: 08/09/2021) |
| 08/10/2021 | 89 | | ORDER by Magistrate Judge Michael E. Hegarty on 10 August 2021. Accordingly, Defendant's Motion for Extension to Respond to the Third Amended Complaint 86 is granted in part. Defendant shall file a responsive pleading to the TAC on or before August 25, 2021.(cmadr, ) (Entered: 08/10/2021) |
| 08/25/2021 | 90 | | RESTRICTED DOCUMENT – Level 1 – Public version available at 92 : by Defendant Paul Wang.. (Donnelly, Katayoun) Modified on 8/26/2021 to add title (angar, ). (Entered: 08/25/2021) |
| 08/25/2021 | 91 | | MOTION for Leave to Restrict by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 08/25/2021) |
| 08/25/2021 | 92 | | MOTION to Dismiss *the Third Amended Complaint* by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 08/25/2021) |
| 08/26/2021 | 93 | | ORDER granting 91 Defendant's Motion for Leave to Restrict. The Clerk of the Court is DIRECTED to MAINTAIN a Level 1 Restriction for document 90 . SO ORDERED by Judge Regina M Rodriguez on 8/26/2021. Text Only Entry(rmrja) (Entered: 08/26/2021) |
| 08/27/2021 | 94 | | RESTRICTED DOCUMENT – Level 1: by Defendant Paul Wang.. (Donnelly, Katayoun) (Entered: 08/27/2021) |
| 08/27/2021 | 95 | | MOTION for Leave to Restrict by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 08/27/2021) |
| 08/27/2021 | 96 | | MOTION for Reconsideration *of the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym* by Defendant Paul Wang. (Donnelly, Katayoun) Modified to restrict pursuant to ECF 103 on 9/8/2021 (cmadr, ). (Entered: 08/27/2021) |
| 08/30/2021 | 97 | | MEMORANDUM regarding 96 MOTION for Reconsideration *of the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym* filed by Paul Wang. Motion referred to Magistrate Judge Michael E. Hegarty. By Judge Regina M Rodriguez on 8/30/2021. Text Only Entry (rmrja) (Entered: 08/30/2021) |
| 08/30/2021 | 98 | | MEMORANDUM regarding 95 MOTION for Leave to Restrict filed by Paul Wang. Motion referred to Magistrate Judge Michael E. Hegarty. By Judge Regina M Rodriguez on 8/30/2021. Text Only Entry (rmrja) (Entered: 08/30/2021) |
| 08/31/2021 | 99 | | NOTICE re 95 MOTION for Leave to Restrict by Plaintiff Jane Doe (Collier, Clarissa) (Entered: 08/31/2021) |
| 08/31/2021 | 100 | | MOTION for Leave to Restrict by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 08/31/2021) |
| 08/31/2021 | 101 | | MOTION for Reconsideration re 13 Protective Order by Defendant Paul Wang. (Donnelly, Katayoun) Modified to restrict pursuant to ECF 114 on |

| | | | |
|---|---|---|---|
| | | | 11/8/2021 (cmadr, ). (Entered: 08/31/2021) |
| 09/02/2021 | 102 | | MEMORANDUM regarding 100 MOTION for Leave to Restrict filed by Paul Wang, 101 MOTION for Reconsideration re 13 Protective Order filed by Paul Wang. Motions referred to Magistrate Judge Michael E. Hegarty. By Judge Regina M Rodriguez on 9/2/2021. Text Only Entry (rmrja) (Entered: 09/02/2021) |
| 09/08/2021 | 103 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 8 September 2021. Pursuant to D.C.Colo.LCivR 7.2, Defendant's first Motion for Leave to Restrict 95 and second Motion for Leave to Restrict 100 are granted. The Clerk of the Court is directed to maintain under Restriction Level One the document filed at ECF 94 until further order of the Court. Additionally, the Clerk of the Court is directed to place and maintain under Restriction Level One the motion filed at ECF 96 until further order of the Court. Furthermore, because the motion for reconsideration filed at ECF 101 seeks the same relief as the motion filed at ECF 96, Defendant's motion [filed August 27, 2021; ECF 96] is denied as moot.(cmadr, ) (Entered: 09/08/2021) |
| 09/14/2021 | 104 | | RESPONSE to 92 MOTION to Dismiss *the Third Amended Complaint* filed by Plaintiff Jane Doe. (Collier, Clarissa) (Entered: 09/14/2021) |
| 09/16/2021 | 105 | | RESPONSE to 96 MOTION for Reconsideration *of the November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym* filed by Plaintiff Jane Doe. (Collier, Clarissa) Modified restrict pursuant to ECF 114 on 11/8/2021 (cmadr, ). (Entered: 09/16/2021) |
| 09/28/2021 | 106 | | REPLY to Response to 92 MOTION to Dismiss *the Third Amended Complaint REPLY IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED COMPLAINT (Doc. 90)* filed by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 09/28/2021) |
| 09/30/2021 | 107 | | RESTRICTED DOCUMENT – Level 1: by Defendant Paul Wang.. (Donnelly, Katayoun) Modified on 10/1/2021 public entry filed at 109 (angar, ). (Entered: 09/30/2021) |
| 09/30/2021 | 108 | | MOTION for Leave to Restrict by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 09/30/2021) |
| 09/30/2021 | 109 | | REPLY to Response to 101 MOTION for Reconsideration re 13 Protective Order *REDACTED REPLY IN SUPPORT OF MOTION TO RECONSIDER THE NOVEMBER 10, 2020 ORDER ALLOWING PLAINTIFF TO PROCEED UNDER PSEUDONYM (DOC. 94)* filed by Defendant Paul Wang. (Donnelly, Katayoun) Modified restrict pursuant to ECF 114 on 11/8/2021 (cmadr, ). (Entered: 09/30/2021) |
| 10/05/2021 | 110 | | MEMORANDUM regarding 108 MOTION for Leave to Restrict filed by Paul Wang. Motion referred to Magistrate Judge Michael E. Hegarty. By Judge Regina M Rodriguez on 10/5/2021. Text Only Entry (rmrja) (Entered: 10/05/2021) |
| 10/07/2021 | 111 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 7 October 2021. Pursuant to D.C.Colo.LCivR 7.2, Defendant's Motion for Leave to Restrict 108 is granted. The Clerk of the Court is directed to maintain under Restriction Level One the document filed at ECF 107 until further order of the |

| | | | |
|---|---|---|---|
| | | | Court.(cmadr, ) (Entered: 10/07/2021) |
| 11/04/2021 | 112 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 4 November 2021. The Court now lifts the stay currently in place and sets a scheduling conference. The scheduling conference shall be held on December 1, 2021, at 10:30 a.m. in Courtroom A−501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. (cmadr, ) (Entered: 11/04/2021) |
| 11/08/2021 | 113 | | RESTRICTED DOCUMENT – Level 1:. (cmadr, ) (Entered: 11/08/2021) |
| 11/08/2021 | 114 | | ORDER granting 101 Motion for Reconsideration by Magistrate Judge Michael E. Hegarty on 8 November 2021. (**Public Entry for ECF 113**)(cmadr, ) (Entered: 11/08/2021) |
| 11/18/2021 | 115 | | Proposed Scheduling Order by Plaintiff Xingfei Luo. (Collier, Clarissa) (Entered: 11/18/2021) |
| 11/19/2021 | 116 | | MOTION to Intervene , MOTION to Unrestrict Document by Intervenor Eugene Volokh. (Volokh, Eugene) (Entered: 11/19/2021) |
| 11/22/2021 | 117 | | RESTRICTED DOCUMENT – Level 1: by Plaintiff Xingfei Luo.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Collier, Clarissa) (Entered: 11/22/2021) |
| 11/22/2021 | 118 | | **WITHDRAWN** MOTION for Leave to Restrict by Plaintiff Xingfei Luo. (Attachments: # 1 Proposed Order (PDF Only))(Collier, Clarissa) Modified on 11/22/2021 to show as withdrawn pursuant to 121 Order (angar, ). (Entered: 11/22/2021) |
| 11/22/2021 | 119 | | MOTION to Withdraw Document re 118 MOTION for Leave to Restrict by Plaintiff Xingfei Luo. (Attachments: # 1 Proposed Order (PDF Only))(Collier, Clarissa) (Entered: 11/22/2021) |
| 11/22/2021 | 120 | | MOTION for Leave to Restrict by Plaintiff Xingfei Luo. (Attachments: # 1 Proposed Order (PDF Only))(Collier, Clarissa) (Entered: 11/22/2021) |
| 11/22/2021 | 121 | | ORDER granting 119 MOTION to Withdraw Document re 118 MOTION for Leave to Restrict . Plaintiff's motion is GRANTED and 118 is hereby WITHDRAWN. SO ORDERED by Judge Regina M Rodriguez on 11/22/2021. Text Only Entry(rmrja) (Entered: 11/22/2021) |
| 11/22/2021 | 123 | | Plaintiff's Objections to Magistrate Judge Hegarty's November 8, 2021 Order Granting Defendant's Motion to Reconsider ( 113 ), by Plaintiff Xingfei Luo. (Public Entry to 117 Restricted Level 1) Text Only Entry (angar, ) (Entered: 11/24/2021) |
| 11/23/2021 | 122 | | **WITHDRAWN** MOTION to Unrestrict Document 120 MOTION for Leave to Restrict filed by Xingfei Luo *(Motion to Unrestrict Nos. 101, 105, 109 & Objection to No. 120)* by Intervenor Eugene Volokh. (Volokh, Eugene) Modified on 12/6/2021 to withdraw motion pursuant to [#135] Order. (sphil, ). (Entered: 11/23/2021) |
| 11/29/2021 | 124 | | MOTION to Withdraw Document re 122 MOTION to Unrestrict Document 120 MOTION for Leave to Restrict filed by Xingfei Luo *(Motion to Unrestrict Nos. 101, 105, 109 & Objection to No. 120)* by Intervenor Eugene Volokh. |

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Proposed Order (PDF Only))(Volokh, Eugene) (Entered: 11/29/2021) |
| 11/29/2021 | 125 | | MOTION to Unrestrict Document *101, 105, 109* by Intervenor Eugene Volokh. (Volokh, Eugene) (Entered: 11/29/2021) |
| 11/29/2021 | 126 | | RESPONSE to 120 MOTION for Leave to Restrict filed by Intervenor Eugene Volokh. (Volokh, Eugene) (Entered: 11/29/2021) |
| 12/01/2021 | 127 | | COURTROOM MINUTES for proceedings held before Magistrate Judge Michael E. Hegarty: Scheduling Conference held on 12/1/2021. FTR: A501. (cthom, ) (Entered: 12/01/2021) |
| 12/01/2021 | 128 | | SCHEDULING ORDER by Magistrate Judge Michael E. Hegarty on 1 December 2021. (cmadr, ) (Entered: 12/01/2021) |
| 12/02/2021 | 129 | | Joint MOTION for Protective Order *(Stipulated) to be Entered* by Plaintiff Xingfei Luo. (Attachments: # 1 Exhibit 1 – Stipulated Protective Order)(Collier, Clarissa) (Entered: 12/02/2021) |
| 12/02/2021 | 130 | | MEMORANDUM regarding 129 Joint MOTION for Protective Order *(Stipulated) to be Entered* filed by Xingfei Luo. Motion referred to Magistrate Judge Michael E. Hegarty. By Judge Regina M Rodriguez on 12/2/2021. Text Only Entry (rmrja) (Entered: 12/02/2021) |
| 12/03/2021 | 131 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 3 December 2021. Before the Court is the parties' Joint Motion for Entry of Stipulated Protective Order 129 and the proposed stipulated protective order. For good cause shown, the Motion is granted. For issuance of the stipulated protective order, the parties are directed to send a Word copy of the proposed stipulated protective order to hegarty_chambers@cod.uscourts.gov.(cmadr, ) (Entered: 12/03/2021) |
| 12/03/2021 | 132 | | MOTION for Sanctions *Defendants Motion for Imposition of Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Against Plaintiff and Her Counsel by Defendant Paul Wang* by Defendant Paul Wang. (Attachments: # 1 Exhibit Exhibit 1 to Defendants Motion for Imposition of Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Against Plaintiff and Her Counsel, # 2 Exhibit Exhibit 2 to Defendants Motion for Imposition of Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Against Plaintiff and Her Counsel, # 3 Exhibit Exhibit 3 to Defendants Motion for Imposition of Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Against Plaintiff and Her Counsel)(Donnelly, Katayoun) (Entered: 12/03/2021) |
| 12/06/2021 | 133 | | RESPONSE to 123 Objection/Appeal of Magistrate Judge Decision *Response to Plaintiffs Objections to Magistrate Judge Hegartys November 8, 2021 Order Granting Defendants Motion to Reconsider Doc. 117* filed by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 12/06/2021) |
| 12/06/2021 | 134 | | STIPULATED PROTECTIVE ORDER by Magistrate Judge Michael E. Hegarty on 6 December 2021. (cmadr, ) (Entered: 12/06/2021) |
| 12/06/2021 | 135 | | ORDER granting 124 MOTION to Withdraw Document re 122 MOTION to Unrestrict Document 120 MOTION for Leave to Restrict filed by Xingfei Luo *(Motion to Unrestrict Nos. 101, 105, 109 & Objection to No. 120)* . The Clerk |

| | | | |
|---|---|---|---|
| | | | of the Court is DIRECTED to withdraw ECF No. 122. SO ORDERED by Judge Regina M Rodriguez on 12/6/2021. Text Only Entry(rmrja) (Entered: 12/06/2021) |
| 12/06/2021 | 136 | | MEMORANDUM regarding 120 MOTION for Leave to Restrict filed by Xingfei Luo, 122 MOTION to Unrestrict Document 120 MOTION for Leave to Restrict filed by Xingfei Luo *(Motion to Unrestrict Nos. 101, 105, 109 & Objection to No. 120)* filed by Eugene Volokh, 116 MOTION to Intervene MOTION to Unrestrict Document filed by Eugene Volokh, 125 MOTION to Unrestrict Document *101, 105, 109* filed by Eugene Volokh. Motions referred to Magistrate Judge Michael E. Hegarty. By Judge Regina M Rodriguez on 12/6/2021. Text Only Entry (rmrja) (Entered: 12/06/2021) |
| 12/09/2021 | 137 | | RESPONSE to 132 MOTION for Sanctions *Defendants Motion for Imposition of Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Against Plaintiff and Her Counsel by Defendant Paul Wang* filed by Plaintiff Xingfei Luo. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Collier, Clarissa) (Entered: 12/09/2021) |
| 12/10/2021 | 138 | | Plaintiff's Response to 116 Motion to Intervene and Unrestrict Document, filed by Plaintiff Xingfei Luo. (Collier, Clarissa) Modified on 12/10/2021 to correct title (angar, ). (Entered: 12/10/2021) |
| 12/10/2021 | 139 | | REPLY to Response to 116 MOTION to Intervene MOTION to Unrestrict Document filed by Intervenor Eugene Volokh. (Volokh, Eugene) (Entered: 12/10/2021) |
| 12/13/2021 | 140 | | REPLY to Response to 120 MOTION for Leave to Restrict *Objections to Magistrate Judge Hegarty's November 8, 2021 Order Granting Defendant's Motion to Reconsider* filed by Plaintiff Xingfei Luo. (Collier, Clarissa) (Entered: 12/13/2021) |
| 12/17/2021 | 141 | | REPLY to Response to 123 OBJECTION/Appeal of Magistrate Judge Decision to District Court re 114 Order on Motion for Reconsideration, 117 Restricted Document – Level 1, 113 Restricted Document – Level 1 by Plaintiff Xingfei Luo. filed by Plaintiff Xingfei Luo. (Collier, Clarissa) (Entered: 12/17/2021) |
| 12/20/2021 | 142 | | RESPONSE to 125 MOTION to Unrestrict Document *101, 105, 109* filed by Plaintiff Xingfei Luo. (Collier, Clarissa) (Entered: 12/20/2021) |
| 12/22/2021 | 143 | | ORDER by Magistrate Judge Michael E. Hegarty on 22 December 2021. Accordingly, Professor Volokh's motion to intervene 116 and motion to un−restrict 125 are granted in part as stated herein. Plaintiff's motion to restrict 120 is granted, understanding that a redacted version of Plaintiffs objections will be filed.(cmadr, ) (Entered: 12/22/2021) |
| 12/23/2021 | 144 | | REPLY to Response to 132 MOTION for Sanctions *Defendants Motion for Imposition of Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Against Plaintiff and Her Counsel by Defendant Paul Wang* filed by Defendant Paul Wang. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhiibt 2, # 3 Exhibit Exhibit 4, # 4 Exhibit Exhibit 6, # 5 Exhibit Exhibit 7, # 6 Exhibit Exhibit 8)(Donnelly, Katayoun) (Entered: 12/23/2021) |

| 12/23/2021 | 145 | | RESTRICTED DOCUMENT – Level 1: EXHIBIT 3 to 144 Reply by Defendant Paul Wang.. (Donnelly, Katayoun)(Modified on 12/27/2021 edited the title of the text to reflect the title of the document filed)(evana, ). (Entered: 12/23/2021) |
|---|---|---|---|
| 12/23/2021 | 146 | | RESTRICTED DOCUMENT – Level 1: EXHIBIT 5 to 144 Reply by Defendant Paul Wang.. (Donnelly, Katayoun) (Modified on 12/27/2021 edited the title of the text to reflect the title of the document filed) (evana, ). (Entered: 12/23/2021) |
| 12/23/2021 | 147 | | MOTION for Leave to Restrict by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 12/23/2021) |
| 12/27/2021 | 148 | | MOTION to Stay *Defendants Motion to Stay Discovery Pending the Courts Ruling on The Motion to Dismiss the Third Amended Complaint* by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 12/27/2021) |
| 12/29/2021 | 149 | | MEMORANDUM regarding 148 MOTION to Stay *Defendants Motion to Stay Discovery Pending the Courts Ruling on The Motion to Dismiss the Third Amended Complaint* filed by Paul Wang. Motion referred to Magistrate Judge Michael E. Hegarty. By Judge Regina M Rodriguez on 12/29/2021. Text Only Entry (rmrja) (Entered: 12/29/2021) |
| 01/04/2022 | 150 | | MEMORANDUM regarding 147 MOTION for Leave to Restrict filed by Paul Wang. Motion referred to Magistrate Judge Michael E. Hegarty. By Judge Regina M Rodriguez on 1/4/2022. Text Only Entry (rmrja) (Entered: 01/04/2022) |
| 01/06/2022 | 151 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 6 January 2022. This matter comes before the Court following Plaintiff's email to Chambers regarding redactions of certain documents pursuant to this Court's December 22, 2021 order. ECF 143 . Attached to this Minute Order as exhibits are the redacted versions of ECF 101 , 109 , 113 , and 117 . After further review, the Court agrees with Plaintiff that ECF 105 needs no further redactions. The Court attaches that original filing as an exhibit as well. (Attachments: # 1 Exhibit 101, # 2 Exhibit 105, # 3 Exhibit 109, # 4 Exhibit 113, # 5 Exhibit 117) (cmadr, ) (Entered: 01/06/2022) |
| 01/17/2022 | 152 | | RESPONSE to 148 MOTION to Stay *Defendants Motion to Stay Discovery Pending the Courts Ruling on The Motion to Dismiss the Third Amended Complaint* filed by Plaintiff Xingfei Luo. (Collier, Clarissa) (Entered: 01/17/2022) |
| 01/24/2022 | 153 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 24 January 2022. Pursuant to D.C.Colo.LCivR 7.2, Defendant's motion to restrict 147 is granted. The Clerk of the Court is directed to maintain under Restriction Level One Exhibits 3 and 5 filed at ECF 145 and 146 , respectively, until further order of the Court.(cmadr, ) (Entered: 01/24/2022) |
| 01/26/2022 | 154 | | REPLY to Response to 148 MOTION to Stay *Defendants Motion to Stay Discovery Pending the Courts Ruling on The Motion to Dismiss the Third Amended Complaint* filed by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 01/26/2022) |
| 02/09/2022 | 155 | | |

| | | | |
|---|---|---|---|
| | | | ORDER denying <u>148</u> Motion to Stay by Magistrate Judge Michael E. Hegarty on 9 February 2022. Defendant's burden in proceeding with discovery is not exceptional or unduly burdensome in light of the fact that it is not clear that the pending motion to dismiss would resolve this case in its entirety.(cmadr, ) (Entered: 02/09/2022) |
| 04/13/2022 | <u>156</u> | | Joint MOTION to Amend/Correct/Modify *Scheduling Order* by Plaintiff Xingfei Luo. (Attachments: # <u>1</u> Proposed Order (PDF Only) Proposed Order Granting Joint Motion to Modify Scheduling Order)(Collier, Clarissa) (Entered: 04/13/2022) |
| 04/13/2022 | 157 | | MEMORANDUM regarding <u>156</u> Joint MOTION to Amend/Correct/Modify *Scheduling Order* filed by Xingfei Luo. Motion referred to Magistrate Judge Michael E. Hegarty, by Judge Regina M. Rodriguez on 4/13/2022. Text Only Entry (rmrja) (Entered: 04/13/2022) |
| 04/14/2022 | <u>158</u> | | MINUTE ORDER by Magistrate Judge Michael E. Hegarty on 04/14/2022. For good cause shown, the parties' "Joint Motion to Modify Scheduling Order" ECF <u>156</u> is granted. The Court modifies Section 9 of the Scheduling Order as follows: Discovery Cut−off: September 1, 2022. Dispositive Motion Deadline: October 17, 2022. Affirmative Expert Disclosure Deadline: May 16, 2022. Rebuttal Expert Disclosure Deadline: June 30, 2022. (alave, ) (Entered: 04/14/2022) |
| 05/03/2022 | <u>159</u> | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 3 May 2022. At the parties' emailed request, the Court will hold a Discovery Conference on May 31, 2022, at 3:30 p.m. in Courtroom A−501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. In advance of the conference, the parties may each prepare a short statement identifying the nature of the dispute(s) and provide the statements and any other documents/information that may assist in the resolution of the issues by email to hegarty_chambers@cod.uscourts.gov. These materials shall be submitted before noon on May 26, 2022. (cmadr, ) (Entered: 05/03/2022) |
| 05/20/2022 | <u>160</u> | | SUPPLEMENT/AMENDMENT to <u>144</u> Reply to Response to Motion, by Defendant Paul Wang. (Attachments: # <u>1</u> Exhibit Exhibit A, # <u>2</u> Exhibit Exhibit B, # <u>3</u> Exhibit C)(Donnelly, Katayoun) (Entered: 05/20/2022) |
| 05/23/2022 | <u>161</u> | | MOTION to Strike <u>160</u> Supplement/Amendment by Plaintiff Xingfei Luo. (Collier, Clarissa) (Entered: 05/23/2022) |
| 05/24/2022 | <u>162</u> | | RESPONSE to <u>161</u> MOTION to Strike <u>160</u> Supplement/Amendment filed by Defendant Paul Wang. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C)(Donnelly, Katayoun) (Entered: 05/24/2022) |
| 05/31/2022 | <u>163</u> | | COURTROOM MINUTES for proceedings held before Magistrate Judge Michael E. Hegarty: Discovery Hearing held on 5/31/2022. FTR: A501. (cthom, ) (Entered: 05/31/2022) |
| 06/02/2022 | <u>164</u> | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 2 June 2022. In light of the discussion held at the discovery conference on May 31, 2022 (ECF <u>163</u> ), and especially considering both parties' counsels' availability over the next several weeks, the Court issues a stay of all discovery and briefing for thirty (30) days. The Court will hold a status conference to discuss next steps following this stay on July 7, 2022, at 2:00 p.m., in Courtroom A−501, on the |

| | | | |
|---|---|---|---|
| | | | fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. Counsel is expected to appear for the conference in person. (cmadr, ) (Entered: 06/02/2022) |
| 06/13/2022 | 165 | | RESTRICTED DOCUMENT – Level 1: ORDER, by Judge Regina Rodriguez on 6/13/2022 (angar, ) (Entered: 06/13/2022) |
| 06/23/2022 | 166 | | Unopposed MOTION to Unrestrict Document by Intervenor Eugene Volokh. (Attachments: # 1 Proposed Order (PDF Only))(Volokh, Eugene) (Entered: 06/23/2022) |
| 06/27/2022 | 167 | | ANSWER to 85 Amended Complaint *Answer to Third Amended Complaint* by Paul Wang.(Donnelly, Katayoun) (Entered: 06/27/2022) |
| 06/27/2022 | 168 | | NOTICE OF APPEAL as to 165 Restricted Document – Level 1 – Order by Judge Regina M. Rodriguez, by Plaintiff Xingfei Luo. (angar, ) (Entered: 06/29/2022) |
| 06/29/2022 | 169 | | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 168 Notice of Appeal filed by Xingfei Luo to the U.S. Court of Appeals. ( Retained Counsel, Fee not paid,) (Attachments: # 1 Preliminary Record and Docket Sheet and # 2 Restricted Document Level 1 Order, by Judge Rodriguez) (angar, ). (Entered: 06/29/2022) |
| 06/29/2022 | 171 | | USCA Case Number 22–1200 for 168 Notice of Appeal filed by Xingfei Luo. (angar, ) (Entered: 06/30/2022) |
| 06/30/2022 | 170 | | TRANSCRIPT of DISCOVERY HEARING held on 05/31/2022 before Magistrate Judge Hegarty. Pages: 1–76. Prepared by: AB Litigation Services. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 06/30/2022) |
| 07/05/2022 | 172 | | MOTION to Expedite *Consideration of June 23, 2022 Motion to Unrestrict Document* by Intervenor Eugene Volokh. (Volokh, Eugene) (Entered: 07/05/2022) |
| 07/05/2022 | 173 | | ORDER granting in part 166 Unopposed Motion to Unrestrict Document by Intervenor Eugene Volokh and denying as moot 172 Unopposed Motion to Expedite Consideration of June 23, 2022 Motion to Unrestrict Document by Intervenor Eugene Volokh. Professor Volokh requests that the Court un–restrict its June 13, 2022 Order filed at ECF No. 165. In considering Professor Volokh's prior motions to un–restrict documents in this case, ECF Nos. 116, 125, Magistrate Judge Hegarty previously found redaction to be appropriate and ordered Plaintiff to propose redactions to the pertinent documents. See ECF No. 143 at 24. For the same reasons, the Court finds that un–restriction of a redacted version of its 165 June 13, 2022 Order would be |

| | | | |
|---|---|---|---|
| | | | appropriate here and that Plaintiff should proposed redactions. Therefore, Plaintiff shall email a copy of the 165 Order with proposed redactions to Chambers (copying all parties) at Rodriguez_Chambers@cod.uscourts.gov within five business days of this Order. The Court will then proceed expeditiously in reviewing the redactions, making any appropriate changes, and filing the documents on the public record. Because the Court will be filing redacted versions of the documents at issue, the Court will continue to maintain the original filings under Level 1 restriction. Professor Volokh's 166 Unopposed Motion to Unrestrict Document is thereby GRANTED IN PART as stated herein. Professor Volokh's 172 Unopposed Motion to Expedite Consideration of June 23, 2022 Motion to Unrestrict Document is DENIED AS MOOT. SO ORDERED by Judge Regina M. Rodriguez on 7/5/2022. Text Only Entry(rmrja) (Entered: 07/05/2022) |
| 07/07/2022 | 174 | | MOTION to Withdraw as Attorney by Plaintiff Xingfei Luo. (Attachments: # 1 Exhibit 1 – Notice of Withdrawal)(Collier, Clarissa) (Entered: 07/07/2022) |
| 07/07/2022 | 175 | | MEMORANDUM regarding 174 MOTION to Withdraw as Attorney filed by Xingfei Luo. Motion referred to Magistrate Judge Michael E. Hegarty, by Judge Regina M. Rodriguez on 7/7/2022. Text Only Entry (rmrja) (Entered: 07/07/2022) |
| 07/07/2022 | 176 | | COURTROOM MINUTES for proceedings held before Magistrate Judge Michael E. Hegarty: Status Conference held on 7/7/2022. The case is STAYED for 30 days. FTR: A501. (cthom, ) (Entered: 07/07/2022) |
| 07/07/2022 | 179 | | RECORD ON APPEAL re: 168 Notice of Appeal filed by the Tenth Circuit – Volume I – Pleadings; Volume II – Restricted Pleadings; Text Only Entry (USCA Case No. 22–1200). (angar, ) (Entered: 07/11/2022) |
| 07/08/2022 | 177 | | RESPONSE to 174 MOTION to Withdraw as Attorney filed by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 07/08/2022) |
| 07/08/2022 | 178 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 8 July 2022. Before the Court is the Motion to Withdraw as Counsel by Clarissa M. Collier and David J. Schaller. The Court previously ordered a thirty–day stay. That stay, which included a stay of all discovery and briefing in this case, is continued for another thirty days. As previously ordered (ECF 163 ), Plaintiff will direct all relevant medical records to be sent to the Chambers of U.S. Magistrate Judge Michael E. Hegarty for an in camera review. These records are due to Chambers no later than thirty days from the date of this Minute Order (i.e., August 8, 2022). Ms. Collier is directed to provide notice of this Order to Plaintiff within one business day of receiving this Minute Order. The Motion to Withdraw as Counsel 174 is granted. Ms. Collier's and Mr. Schaller's representation of Plaintiff in this case is terminated. All pro se parties (including Ms. Luo) and counsel shall appear in courtroom A–501 (no remote video or telephonic attendance permitted) on August 22, 2022 at 1:00 p.m. to discuss the issue of the medical records and to discuss the status of the case and, if necessary, schedule further proceedings designed to bring a resolution to this lawsuit. If this date is inconvenient for any party or counsel, both sides should contact the Court (either by telephone at 303–844–4507 or email athegarty_chambers@cod.uscourts.gov) to obtain a more convenient setting.(cmadr, ) (Entered: 07/08/2022) |

| 07/12/2022 | 180 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 12 July 2022. At the request of Plaintiff (and without opposition from Defendant), the status conference set for August 22, 2022 is vacated and **rescheduled for August 24, 2022, at 1:00 p.m.**, in courtroom A−501 of the Alfred A. Arraj United States Courthouse. As a reminder, all pro se parties (including Ms. Luo) and counsel shall appear in courtroom A−501 (no remote video or telephonic attendance permitted) to discuss the issue of the medical records and to discuss the status of the case and, if necessary, schedule further proceedings designed to bring a resolution to this lawsuit. Also, pursuant to D.C.Colo.LCivR 5.1(c), Plaintiff is directed to provide her current contact information (e.g., mailing address, telephone number, email address, etc.) to the Court. The Clerks Office (303−844−3433) may be able to assist in providing that information, if needed. (cmadr, ) (Entered: 07/12/2022) |
|---|---|---|---|
| 07/25/2022 | 181 | | ORDER granting proposed redactions to ECF No. 165. SO ORDERED by Judge Regina M. Rodriguez on 7/25/2022. (Attachments: # 1 ECF 165 Redacted Order) (rmrja) (Entered: 07/25/2022) |
| 08/24/2022 | 182 | | COURTROOM MINUTES for proceedings held before Magistrate Judge Michael E. Hegarty: Status Conference held on 8/24/2022. FTR: A501. (cthom, ) (Entered: 08/24/2022) |
| 08/24/2022 | 183 | | Plaintiff's Motion to Restrict and Redact, by Plaintiff Xingfei Luo. (angar, ) (Entered: 08/26/2022) |
| 08/29/2022 | 184 | | MEMORANDUM regarding 183 MOTION for Leave to Restrict filed by Xingfei Luo. Motion referred to Magistrate Judge Michael E. Hegarty, by Judge Regina M. Rodriguez on 8/29/2022. Text Only Entry (rmrja) (Entered: 08/29/2022) |
| 08/30/2022 | 185 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 30 August 2022. Plaintiff's Motion 183 is denied without prejudice, with leave to refile with appropriate legal analysis supporting the relief Plaintiff requests.(cmadr, ) (Entered: 08/30/2022) |
| 09/01/2022 | 186 | | TRANSCRIPT of TRANSCRIPT OF PROCEEDINGS held on 08/24/2022 before Magistrate Judge Hegarty. Pages: 1−69. Prepared by: AB Litigation Services.<br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br> Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 09/01/2022) |
| 09/06/2022 | 187 | | Emergency MOTION for Order to *TO DICLOSE THE IDENTITY OF THE AUTHOR(S) OF XINGFEI LUOS FILINGS AND TO DETERMINE IF MS. LUO NEEDS AN INTERPRETER FOR HER SEPTEMBER 22, 2022 DEPOSITION* by Defendant Paul Wang. (Attachments: # 1 Exhibit |

| | | | |
|---|---|---|---|
| | | | Attachment A)(Donnelly, Katayoun) (Entered: 09/06/2022) |
| 09/07/2022 | 188 | | MEMORANDUM regarding 187 Emergency MOTION for Order to *TO DICLOSE THE IDENTITY OF THE AUTHOR(S) OF XINGFEI LUOS FILINGS AND TO DETERMINE IF MS. LUO NEEDS AN INTERPRETER FOR HER SEPTEMBER 22, 2022 DEPOSITION* filed by Paul Wang. Motion referred to Magistrate Judge Michael E. Hegarty by Judge Regina M. Rodriguez on 9/7/2022. Text Only Entry (kmyha, ) (Entered: 09/07/2022) |
| 09/07/2022 | 189 | | ORDER denying 187 Motion to Determine Need for an Interpreter. The parties have brought to the Court a dispute concerning the need for an interpreter at Plaintiffs deposition. Defendant seeks Plaintiffs deposition. Plaintiff, proceeding pro se, is a native of China. She requests an interpreter at the deposition at Defendants expense. Defendant opposes. Part of Plaintiffs request is that primary defense counsel is also not a native English speaker and, purportedly, Plaintiff has difficulty understanding defense counsel. Defense counsel has offered to have the deposition conducted by a native English speaker. It appears that in many jurisdictions, when a deponent requests an interpreter for a deposition, the cost for the service is borne by the party seeking the deposition, but the prevailing party may recover interpreter costs pursuant to 28 U.S.C. § 1920. Some courts do engage in a determination of necessity when the parties disagree about whether an interpreter is necessary. I do not believe a hearing is necessary. I have had significant opportunity to perceive Plaintiff in person as well as review her filings with the Court. I believe an interpreter is not factually justified. In addition, I have granted Plaintiffs request to appoint pro bono counsel for a limited purpose, for her deposition. This, in addition to defense counsels offer to have a native English speaker conduct the deposition, constitute sufficient mitigation for any concerns Plaintiff has. Her request to have Defendant provide and pay for an interpreter is denied. SO ORDERED. by Magistrate Judge Michael E. Hegarty on 09/07/2022. Text Only Entry(mehlc3, ) (Entered: 09/07/2022) |
| 09/07/2022 | 190 | | ORDER setting September 16, 2022 as the deadline to respond to Defendant's Motion to Disclose the Identity of the Author(s) of Xingfei Lou's Filings contained in ECF 187. by Magistrate Judge Michael E. Hegarty on 09/07/2022. Text Only Entry (mehlc3, ) (Entered: 09/07/2022) |
| 09/12/2022 | 191 | | RESPONSE to Defendant's 187 MOTION to Disclose the Identity of the Author(s) of Xingfei Luo's Filings, filed by Plaintiff Xingfei Luo. (angar, ) (Entered: 09/14/2022) |
| 09/12/2022 | 192 | | Plaintiff's Motion to Quash Subpoena to Testify at a Deposition in a Civil Action and/or for a Protective Order, by Plaintiff Xingfei Luo. (angar, ) (Entered: 09/14/2022) |
| 09/12/2022 | 193 | | Plaintiff's Motion to Quash Subpoena to Produce Documents, Information, or Object or to Permit Inspection of Premises in a Civil Action, by Plaintiff Xingfei Luo. (angar, ) (Entered: 09/14/2022) |
| 09/12/2022 | 194 | | Plaintiff's Emergency Motion to Quash Subpoena to Produce Documents, Information, or to Permit Inspection of Premises in a Civil Action, by Plaintiff Xingfei Luo. (angar, ) (Entered: 09/14/2022) |
| 09/14/2022 | 195 | | MEMORANDUM regarding 193 MOTION to Quash filed by Xingfei Luo, 192 MOTION to Quash filed by Xingfei Luo, 194 MOTION to Quash filed by |

| | | | |
|---|---|---|---|
| | | | Xingfei Luo. Motions referred to Magistrate Judge Michael E. Hegarty, by Judge Regina M. Rodriguez on 9/14/2022. Text Only Entry (kmyha, ) (Entered: 09/14/2022) |
| 09/14/2022 | 196 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 14 September 2022. Plaintiff's Motion to Quash Subpoena to Testify at a Deposition 192 is denied. Plaintiff's deposition is occurring pursuant to the Court's own order. The Court reminds Plaintiff that pursuant to D.C.Colo.LCivR 5.1(c), she is directed to provide her current contact information (e.g., mailing address, telephone number, email address, etc.) to the Court. On July 12, 2022, the Court ordered her to provide contact information at ECF 180 , but to date, she has not complied. She shall bring herself into compliance by September 22, 2022 (the date of her courtroom deposition). Because the Court has no contact information for Plaintiff, counsel for Defendant shall forward a copy of this Minute Order to Plaintiff via the email address(es) that she has for her.(cmadr, ) (Entered: 09/14/2022) |
| 09/14/2022 | 197 | | Notice of Pro Bono Appointment. Attorneys Alan D. Schindler and Jacob D. Jones of Greenspoon Marder LLP have been selected for this limited appearance for the purpose of assisting Plaintiff in her deposition in accordance with the Court's Order of September 7, 2022 and D.C.COLO.LAttyR 15(f) of the U.S. District Court's Local Rules of Practice. Counsel has thirty days to either enter an appearance in the case or to file a Notice Declining Appointment. This Notice of Appointment will be sent to the pro se litigant and selected counsel by the undersigned designated clerk. (ashee) (Entered: 09/14/2022) |
| 09/15/2022 | 198 | | ORDER requiring Defendant to respond to Plaintiff's Motions at ECF 193 and ECF 194 by close of business on September 16, 2022. by Magistrate Judge Michael E. Hegarty on 09/15/2022. Text Only Entry (mehlc1, ) (Entered: 09/15/2022) |
| 09/15/2022 | 199 | | ORDER Defendant has filed a motion seeking an order from this Court requiring Plaintiff to disclose the author of her filings, contending that Plaintiff cannot, herself, be drafting her submissions to this Court based on their sophistication. ECF 187. In response, Plaintiff states there is legal no authority (particularly in the Tenth Circuit) for Defendants requested relief. I disagree. We hold today, however, that any ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved. Duran v. Carris, 238 F.3d 1268, 1273 (10th Cir. 2001). While I will not require disclosure of the authors of prior filings, I will enter the same order: Any ghostwriting of anything Plaintiff submits to the Court must be acknowledged by the signature of the attorney involved. by Magistrate Judge Michael E. Hegarty on 09/15/2022. Text Only Entry (mehlc1, ) (Entered: 09/15/2022) |
| 09/15/2022 | 200 | | NOTICE of Change of Address/Contact Information by Plaintiff Xingfei Luo (angar, ) (Entered: 09/16/2022) |
| 09/16/2022 | 201 | | Plaintiff's Objections to 196 Magistrate Judge Hegarty's September 14th, 2022 Order Denying Plaintiff's Motion to Quash Subpoena to Testify at a Deposition and/or for a Protective Order and Motion for a Protective Order, by Plaintiff Xingfei Luo. (angar, ) (Entered: 09/16/2022) |
| 09/16/2022 | 202 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to Appoint Counsel *to Provide Limited Scope Representation* by Plaintiff Xingfei Luo. (Attachments: # 1 Exhibit Entry of Appearance to Proved Limited Representation, # 2 Proposed Order (PDF Only) Proposed Order Granting Motion for Leave to Provide Limited Scope Representation to Plaintiff)(Jones, Jacob) (Entered: 09/16/2022) |
| 09/16/2022 | | | Motion(s) No Longer Referred: 193 MOTION to Quash, 194 MOTION to Quash entered by by Judge Regina M. Rodriguez on 9/16/2022. Text Only Entry (kmyha, ) (Entered: 09/16/2022) |
| 09/16/2022 | 206 | | Amended MOTION to Restrict and Redact by Plaintiff Xingfei Luo. (Attachments: # 1 Exhibit 1, # 2 Exhibit 11)(sdunb, ) (Entered: 09/19/2022) |
| 09/17/2022 | 203 | | RESPONSE to 193 MOTION to Quash, 194 MOTION to Quash filed by Defendant Paul Wang. (Attachments: # 1 Exhibit Attachment 1, # 2 Exhibit Attachment 2, # 3 Exhibit Attachment 3, # 4 Exhibit Attachment 4)(Donnelly, Katayoun) (Entered: 09/17/2022) |
| 09/19/2022 | 204 | | MEMORANDUM regarding 202 MOTION to Appoint Counsel *to Provide Limited Scope Representation* filed by Xingfei Luo. Motion referred to Magistrate Judge Michael E. Hegarty, by Judge Regina M. Rodriguez on 9/19/2022. Text Only Entry (rmrja) (Entered: 09/19/2022) |
| 09/19/2022 | 205 | | Minute ORDER by Magistrate Judge Michael E. Hegarty on 19 September 2022. The Motion for Leave to Provide Limited Scope Representation 202 is granted. Pursuant to D.C.COLO.LAttyR 2(b)(1), 5(a)–(b), and 15, Jacob D. Jones, Esq., may serve as pro bono counsel for the limited purpose of defending Plaintiff at her deposition scheduled on September 22, 2022 in Courtroom A501 of the Arraj Courthouse. At the conclusion of this limited representation, Mr. Jones shall file a motion to withdraw.(cmadr, ) (Entered: 09/19/2022) |
| 09/19/2022 | 207 | | REPLY in Support of 194 Emergency MOTION to Quash Subpoena to Produce Documents, Information, or to Permit Inspection of Premises in a Civil Action by Plaintiff Xingfei Luo. (sdunb, ) (Entered: 09/19/2022) |
| 09/19/2022 | 208 | | ORDER denying 193 Motion to Quash and 194 Motion to Quash. Plaintiff's Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, ECF No. 193 , and Plaintiff's Emergency Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Act, ECF No. 194 , are DENIED. SO ORDERED by Judge Regina M. Rodriguez on 09/19/2022. (rmrlc1, ) (Entered: 09/19/2022) |
| 09/19/2022 | 209 | | MEMORANDUM regarding 206 MOTION for Leave to Restrict and Redact filed by Xingfei Luo. Motion referred to Magistrate Judge Michael E. Hegarty, by Judge Regina M. Rodriguez on 9/19/2022. Text Only Entry (rmrja) (Entered: 09/19/2022) |
| 09/19/2022 | 210 | | ORDER denying 201 APPEAL OF MAGISTRATE JUDGE DECISION to District Court. Plaintiff's Objections to Magistrate Judge Hegarty's September 14, 2022 Order Denying Plaintiff's Motion to Quash Subpoena to Testify at a Deposition and/or for a Protective Order (ECF 196) and Motion for a Protective Order, ECF No. 201, are OVERRULED, and Magistrate Judge Hegarty's September 14, 2022 Minute Order, ECF No. 196, is AFFIRMED. |

| | | | |
|---|---|---|---|
| | | | SO ORDERED by Judge Regina M. Rodriguez on 09/19/2022. (rmrlc1, ) (Entered: 09/19/2022) |
| 09/19/2022 | 211 | | Plaintiff's Emergency Motion to Stay Compliance with Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, by Plaintiff Xingfei Luo. (angar, ) (Entered: 09/20/2022) |
| 09/20/2022 | 212 | | ORDER denying 211 Plaintiff's Emergency Motion to Stay Compliance with Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. Plaintiff has filed yet another motion requesting relief from enforcement of the subpoena to produce documents, information, or objections or to permit inspection of premises in a civil action directed to Los Angeles County Sheriff's Department. The Court has already ruled on this issue, denying Plaintiff's motions to quash that subpoena, ECF Nos. 193 , 194 . For the same reasons that the Court articulated to deny the motions to quash, *see* ECF No. 208 , including particularly Plaintiff's lack of standing to dispute a subpoena directed to the Los Angeles County Sheriff's Department, Plaintiff has not "made a strong showing that [s]he is likely to succeed on the merits," *see Nken v. Holder,* 556 U.S. 418, 434 (2009). Therefore, the Court DENIES the 211 Motion to Stay. Plaintiff is FURTHER reminded that the Orders of this Court are to be heeded and followed, and Plaintiff is FURTHER warned that continued excessive or duplicative motions may be summarily stricken and/or the Court may impose filing restrictions against Plaintiff. SO ORDERED by Judge Regina M. Rodriguez on 9/20/2022. Text Only Entry(rmrja) (Entered: 09/20/2022) |
| 09/21/2022 | 213 | | RESPONSE to 206 MOTION for Leave to Restrict */Objection Under LCivR 7.2(d)* filed by Intervenor Eugene Volokh. (Attachments: # 1 Exhibit Attachment A: Luo v. County of Los Angeles, # 2 Exhibit Attachment B: Doe v. City of Concord Reply, # 3 Exhibit Attachment C: Doe v. Voloky [sic] Petition, # 4 Exhibit Attachment D: Bloomberg Search Results, # 5 Exhibit Attachment E: Doe v. Weamer Docket, # 6 Exhibit Attachment F: Luo v. County of Los Angeles Denial of Motion to Seal)(Volokh, Eugene) (Entered: 09/21/2022) |
| 09/21/2022 | 215 | | Petition for Writ of Mandamus with Emergency Motion for Stay of Compliance with Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, by Plaintiff Xingfei Luo (angar, ) (Entered: 09/23/2022) |
| 09/23/2022 | 214 | | MOTION to Withdraw as Attorney *from Limited Scope Representation* by Plaintiff Xingfei Luo. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order Granting Motion to Withdraw from Limited Representation)(Jones, Jacob) (Entered: 09/23/2022) |
| 09/23/2022 | 216 | | RESPONSE to 206 MOTION for Leave to Restrict *ADOPTING Doc. 213* filed by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 09/23/2022) |
| 09/26/2022 | 217 | | ORDER granting 214 Motion to Withdraw as Attorney. Attorney Jacob Douglas Jones is permitted to withdraw from providing limited scope representation of Plaintiff. The Court notes that Plaintiff Xingfei Luo has been notified by counsel of her obligation to prepare for any hearings or trial and respond to any motions or deadlines, or hire other counsel to prepare for any such hearings, trial or motions. FURTHER, Mr. Jones is DIRECTED to |

| | | | |
|---|---|---|---|
| | | | provide Plaintiff with a copy of this Order forthwith. FURTHER ORDERED that the Clerk of the Court is DIRECTED to delete Mr. Jones' email address from future ECF filings and electronic notifications in this case. SO ORDERED by Judge Regina M. Rodriguez on 9/26/2022.(rmrja) (Entered: 09/26/2022) |
| 09/26/2022 | 218 | | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE by Magistrate Judge Michael E. Hegarty on 26 September 2022. The Court respectfully recommends that this action be dismissed with prejudice, and that Defendant be awarded his reasonable fees and costs associated with arranging, preparing for, and attending the deposition of September 22, 2022. Further, pursuant to Fed. R. Civ. P. 37(b), this case is stayed pending any objection to this Recommendation and its final adjudication by Judge Rodriguez. (cmadr, ) (Entered: 09/26/2022) |
| 09/26/2022 | 219 | | Plaintiff's Reply in Support of her 206 Amended Motion to Restrict and Redact, filed by Plaintiff Xingfei Luo. (angar, ) (Entered: 09/28/2022) |
| 10/03/2022 | 220 | | Plaintiff's OBJECTION to Magistrate Judge Hegarty's September 22, 2022, Ora Order and 218 Recommendations, filed by Plaintiff Xingfei Luo. (angar,) (Entered: 10/05/2022) |
| 10/19/2022 | 221 | | ORDER denying 206 Motion for Leave to Restrict by Magistrate Judge Michael E. Hegarty on 19 October 2022.(cmadr, ) (Entered: 10/19/2022) |
| 10/19/2022 | 222 | | ORDER 218 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE is Accepted and Adopted. This action is dismissed with prejudice. Entered by Judge Regina M. Rodriguez on 10/19/2022. (kmyha, ) (Entered: 10/19/2022) |
| 10/19/2022 | 223 | | FINAL JUDGMENT re: 222 Order, Civil Case Terminated. Entered by Judge Regina M. Rodriguez on 10/19/2022. (kmyha, ) (Entered: 10/19/2022) |
| 10/21/2022 | 225 | | ORDER of USCA as to 168 Notice of Appeal filed by Xingfei Luo. "we deny Ms. Luo's mandamus petition. We grant her motion to proceed without prepayment of costs or fees. We deny as moot Defendant Paul Wang's "Motion to Stay or Otherwise Hold in Abeyance" (USCA Case No. 22–1302) (angar, ) (Entered: 10/27/2022) |
| 10/26/2022 | 224 | | OBJECTION/Appeal of Magistrate Judge Decision to District Court re 221 Order on Motion for Leave to Restrict by Plaintiff Xingfei Luo. (athom, ) (Entered: 10/26/2022) |
| 11/02/2022 | 226 | | MOTION for Sanctions by Defendant Paul Wang. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Donnelly, Katayoun) (Entered: 11/02/2022) |
| 11/02/2022 | 227 | | Proposed Bill of Costs by Defendant Paul Wang. (Donnelly, Katayoun) (Entered: 11/02/2022) |
| 11/02/2022 | 228 | | Proposed Bill of Costs by Defendant Paul Wang. (Attachments: # 1 Exhibit Exhibit A)(Donnelly, Katayoun) (Entered: 11/02/2022) |
| 11/03/2022 | 229 | | MEMORANDUM regarding 226 MOTION for Sanctions filed by Paul Wang. Motion referred to Magistrate Judge Michael E. Hegarty, by Judge Regina M. Rodriguez on 11/3/2022. Text Only Entry (rmrja) (Entered: 11/03/2022) |

| 11/03/2022 | 230 | | NOTICE of Entry of Appearance by Craig E. Stewart on behalf of Wheeler Trigg O'Donnell LLPAttorney Craig E. Stewart added to party Wheeler Trigg O'Donnell LLP(pty:misc) (Stewart, Craig) (Entered: 11/03/2022) |
| 11/04/2022 | 231 | | NOTICE of Entry of Appearance by Hannah E. Armentrout on behalf of Wheeler Trigg O'Donnell LLPAttorney Hannah E. Armentrout added to party Wheeler Trigg O'Donnell LLP(pty:inre) (Armentrout, Hannah) (Entered: 11/04/2022) |
| 11/10/2022 | | | Motion 226 MOTION for Sanctions is no Longer Referred: 226 , by Judge Regina M. Rodriguez on 11/10/2022. Text Only Entry (angar, ) (Entered: 11/10/2022) |
| 11/14/2022 | 232 | | NOTICE OF APPEAL as to 222 Order and 223 Judgment by Clerk, by Plaintiff Xingfei Luo. (angar, ) (Entered: 11/15/2022) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  20-cv-02765-RMR-MEH

XINGFEI LUO,

      Plaintiff,

v.

PAUL WANG,

      Defendant,

and

EUGENE VOLOKH,

      Intervenor.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Michael E. Hegarty, United States Magistrate Judge.**

On September 22, 2022, Defendant conducted the deposition of Plaintiff in my courtroom. Although an unusual procedure, I believed this was necessary because of Plaintiff's history of contumacious behavior in this lawsuit. During that deposition, Plaintiff committed a direct contempt of court by refusing numerous times to obey my oral Order to answer questions. As a result, the only remedy that would serve justice is dismissal of this action with prejudice, along with costs to the Defendant, which I hereby recommend.

This diversity tort case between two natural persons, which began with a three-page Complaint on September 11, 2020, has 217 entries on the docket sheet. Plaintiff has unreasonably refused necessary efforts to conduct discovery and prepare this case for its conclusion. The Court

has even tried to assist Plaintiff by arranging pro bono counsel, who ultimately withdrew from the case.

Docket 132 outlines the initial efforts of Plaintiff to refuse relevant discovery requests and other information. On June 27, 2022, despite having counsel appointed by the Court, Plaintiff filed a pro se, interlocutory Notice of Appeal of Judge Rodriguez's Order (ECF 165) affirming my recommendation that Plaintiff not be permitted to proceed under a pseudonym. ECF 168. Shortly thereafter, her attorney withdrew from the case. ECF 174. On July 12, 2022, I ordered that Plaintiff "provide her current contact information (*e.g.*, mailing address, telephone number, email address, etc.) to the Court." ECF 180. I reiterated that Order on September 14, 2022. ECF 196. Plaintiff has refused to comply with this Order. This has caused considerable inconvenience to the Court, as the parties have recently filed numerous motions for emergency or expedited rulings, the Court has had to set these for accelerated briefing or a hearing, and the only manner in which the Court can notify Plaintiff of settings is to direct the Defendant to email the information to Plaintiff.

I held a discovery conference on August 24, 2022, at which I ordered Plaintiff's deposition to occur in my courtroom on September 22, 2022. Also at that discovery conference, Defendant's counsel outlined various orders of this Court that Plaintiff had violated, including providing a financial affidavit, amending her request for damages, and providing an unredacted letter from a Mr. Paraskevas. I permitted Defendant's counsel at that conference to question Plaintiff on the record. I also questioned Plaintiff. ECF 186 (transcript of conference). I believe Plaintiff's responses to counsel's and my questions were evasive at best and deceiving or untrue at worst.

Furthermore, it has been obvious that Plaintiff is not drafting her own motions and responses in this case. Defendant moved to require Plaintiff to reveal the author of her filings. I denied that request but ordered that "[a]ny ghostwriting of anything Plaintiff submits to the Court

2

must be acknowledged by the signature of the attorney involved." ECF 199. It is my belief that Plaintiff has violated this Order with everything she has filed since September 15, 2022.

Thereafter, Defendant subpoenaed relevant records associated with Plaintiff from the Los Angeles Sheriff's Department and JP Morgan Chase Bank, N.A. Plaintiff moved to quash those subpoenas. ECF 192, 193. Judge Rodriguez denied those motions. ECF 208. Plaintiff tried again to stop this discovery with an "Emergency Motion." ECF 211. The Motion was clearly drafted by someone other than Plaintiff. She did not reveal the author. Judge Rodriguez denied this motion as well. ECF 212.

Plaintiff also attempted to avoid her deposition. ECF 192. I denied that request. This leads us to the most current, and serious, violation by Plaintiff. As noted above, on September 22, 2022, Defendant conducted her deposition in my courtroom. During the deposition, Defendant's counsel asked me into the courtroom and explained that Plaintiff was refusing to answer questions concerning her travel to the United States. In the Complaint, ECF 1, Plaintiff alleges that in July 2013, she came to the United States at Defendant's invitation. *Id.* ¶ 11. At the deposition, Defendant was exploring this allegation and asked Plaintiff to identify the legal basis for her entry into the United States. Plaintiff refused to answer. I found the question sufficiently relevant for discovery purposes and ordered Plaintiff to answer. I advised her of the following:

1.  If she thought the answer might incriminate her, she could invoke her Fifth Amendment right to refuse to answer. She affirmatively stated the answer would not involve any potential criminal conduct and declined to invoke her right to remain silent.

2.  I would be willing to order Defendant out of the courtroom, restrict this line of questioning to "attorneys' eyes only," instruct counsel not to disclose to anyone the

3

information provided by Plaintiff without further order of the Court, and mark the transcript as restricted. Plaintiff declined.

3. If she persisted in disobeying my Order to answer the questions, this could be construed as a contempt of court, and the sanction could include, without limitation, dismissal of her lawsuit with prejudice. She understood.

In knowing and deliberate disobedience of my direct Order after these options and my advisement were provided to her, in my presence she refused to answer the questions concerning immigration status on the grounds of "relevance." Indeed, she refused to answer many questions on relevance grounds despite my Order that she may not do that. She fully understood my Order and its meaning. She intentionally and knowingly violated that Order, which leads to this Recommendation.[1]

Rule 37(b) of the Federal Rules of Civil Procedure permits the Court to enter sanctions against a party for failure to cooperate in discovery. In pertinent part, that rule provides:

(A)    For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  striking pleadings in whole or in part;

(iv)   staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)   rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[1] After I left the courtroom, Plaintiff apparently indicated her willingness to answer the questions. When defense counsel then posed the immigration status queries, Plaintiff answered to each, "I do not remember." Rather than ameliorate Plaintiff's blatant contempt, I believe this only furthers her mockery of the Court's Order by disingenuously purporting to answer questions and, at the same time, potentially committing perjury.

4

. . . . . .

    (C)    Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2). In the Tenth Circuit, I look to the decision in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992) to determine an appropriate sanction. *E.g.*, *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000) (affirming dismissal as a sanction).

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant," . . ., (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, . . . , and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921. Here, the question is not a close one.

Plaintiff's evasive conduct has cost the Defendant (a private individual) in this basic tort case over $100,000 in attorney's fees. Her refusal to provide relevant discovery will deprive Defendant of his right to defend this case. She has also caused an enormous expenditure of judicial resources, including vacating an entire day's proceedings so her deposition could be held in my courtroom. She is knowingly, personally, and solely responsible for her actions, and her culpability is without question. I warned Plaintiff for five minutes to re-think her refusal to answer the questions and, in fact, ordered her to answer them numerous times. I told her that her refusal and disobedience could result in dismissal of her action with prejudice. Finally, after repeated disobedience of Court orders (not simply in this Court but in others as well – see ECF 94, noting "Plaintiff has been sanctioned several times for her litigation conduct" and citing cases), including a direct contempt,[2] there is no option short of dismissal that would accomplish the ends of justice.

---

[2] "[I]n a direct contempt the judge has observed the contemptuous act, there is 'no need of evidence or assistance of counsel before punishment.' *Cooke v. United States*, 267 U.S. 517, 534, 45 S. Ct.

I also recommend under Fed. R. Civ. P. 37(b)(2)(C) that Defendant's expenses and fees for the deposition be awarded.

For the foregoing reasons, the Court respectfully recommends that this action be **dismissed with prejudice**, and that Defendant be awarded his reasonable fees and costs associated with arranging, preparing for, and attending the deposition of September 22, 2022.[3] Further, pursuant to Fed. R. Civ. P. 37(b), this case is stayed pending any objection to this Recommendation and its final adjudication by Judge Rodriguez.

Respectfully submitted this 26th day of September, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty

United States Magistrate Judge

---

390, 394, 69 L.Ed. 767 (1925)." *United States v. Baldwin*, 770 F.2d 1550, 1553–54 (11th Cir. 1985). Despite my authority to act immediately on Plaintiff's contempt, I issue this Recommendation in an abundance of caution.

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

     Plaintiff,

v.

PAUL WANG,

     Defendant.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty. ECF No. 218. Magistrate Judge Hegarty recommends that this matter be dismissed with prejudice and that Defendant Paul Wang be awarded his fees and expenses associated with Plaintiff's September 22, 2022 deposition because Plaintiff Xingfei Luo "committed a direct contempt of court by refusing numerous times to obey [Magistrate Judge Hegarty's] oral Order to answer questions." *Id.* at 1. The Recommendation was served on the parties on September 26, 2022. *Id.* On October 3, 2022, Plaintiff timely[1] filed with the Court her Objections to Magistrate

---

[1] As noted in the Recommendation, "parties shall have fourteen (14) days after service [of the Recommendation] to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned." ECF No. 218 at 6 n.3 (citing Fed. R. Civ. P. 72).

Judge Hegarty's September 22, 2022 Oral Order and Recommendation (ECF 218).  *See* ECF No. 220.  No other objection has been filed.

For the reasons stated below, the Court OVERRULES Plaintiff's Objections; ACCEPTS AND ADOPTS the Recommendation; DISMISSES this action WITH PREJUDICE; and ORDERS that Defendant shall receive his expenses and fees associated with the September 22, 2022 deposition.

## I.     LEGAL STANDARDS

Magistrate judges are authorized to hear and determine any non-dispositive matter referred to them.  *Portley-El v. Milyard*, No. 06-cv-00146-PSF-MJW, 2006 WL 3371642, at *2 (D. Colo. Nov. 21, 2006) (Figa, J.); *see* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  A magistrate judge's order will be deemed "clearly erroneous or contrary to law" only if the reviewing court, on the entire evidence, is left with the "definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  The "contrary to law" standard permits "plenary review as to matters of law," but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly.  *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (Martínez, J.).

In addition, the Court is required to make a de novo determination of those portions of a magistrate judge's recommendation on a dispositive matter to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate

judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *see United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

## II.     ANALYSIS

Plaintiff objects, first, to Magistrate Judge Hegarty's non-dispositive oral order to answer questions at her September 22, 2022 deposition. ECF No. 220 at 5–8. Second, Plaintiff objects to Magistrate Judge Hegarty's recommendation that Plaintiff be found in contempt and that this case be dismissed with prejudice and Defendant receive his expenses and fees associated with the September 22, 2022 deposition. *Id.* at 8–22. For the reasons stated below, the Court OVERRULES these objections and ACCEPTS AND ADOPTS the Recommendation.

### A.     Magistrate Judge Hegarty's Oral Order that Plaintiff Answer Questions During Her Deposition

Plaintiff first objects to Magistrate Judge Hegarty's oral order during Plaintiff's September 22, 2022 deposition to answer questions regarding Plaintiff's travel to and in the United States. Magistrate Judge Hegarty states in his Recommendation that:

In the Complaint, ECF 1, Plaintiff alleges that in July 2013, she came to the United States at Defendant's invitation. *Id.* ¶ 11. At the deposition, Defendant was exploring this allegation and asked Plaintiff to identify the legal basis for her entry into the United States. Plaintiff refused to answer. I found the question sufficiently relevant for discovery purposes and ordered Plaintiff to answer. I advised her of the following:

1. If she thought the answer might incriminate her, she could invoke her Fifth Amendment right to refuse to answer. She affirmatively stated the answer would not involve any potential criminal conduct and declined to invoke her right to remain silent.

2. I would be willing to order Defendant out of the courtroom, restrict this line of questioning to "attorneys' eyes only," instruct counsel not to disclose to anyone the information provided by Plaintiff without further order of the Court, and mark the transcript as restricted. Plaintiff declined.

3. If she persisted in disobeying my Order to answer the questions, this could be construed as a contempt of court, and the sanction could include, without limitation, dismissal of her lawsuit with prejudice. She understood.

In knowing and deliberate disobedience of my direct Order after these options and my advisement were provided to her, in my presence she refused to answer the questions concerning immigration status on the grounds of "relevance." Indeed, she refused to answer many questions on relevance grounds despite my Order that she may not do that. She fully understood my Order and its meaning. She intentionally and knowingly violated that Order, which leads to this Recommendation.

ECF No. 218 at 3–4.[2]

Plaintiff argues that this order to answer questions related to Plaintiff's travel to

and entry into the United States "was entered without a proper hearing" and "was an

---

[2] Magistrate Judge Hegarty further notes that:

> After I left the courtroom, Plaintiff apparently indicated her willingness to answer the questions. When defense counsel then posed the immigration status queries, Plaintiff answered to each, "I do not remember." Rather than ameliorate Plaintiff's blatant contempt, I believe this only furthers her mockery of the Court's Order by disingenuously purporting to answer questions and, at the same time, potentially committing perjury.

ECF No. 218 at 4 n.1.

ambush that had Plaintiff cornered." ECF No. 220 at 5. Plaintiff continues that "[w]ithout giving Plaintiff any opportunity to do her legal research, properly present her argument and analysis, and fully brief the issue, the Magistrate Judge, without giving any explanation, conclusorily found the immigration matter sufficiently relevant for discovery purposes and orally ordered Plaintiff to answer immigration related questions without applying any analysis to the particular claim and defense of this case." *Id.* at 5–6.

Plaintiff continues that her "immigration matter has no bearing on either liability or damages" and that "[d]iscovery of immigration status is a potential weapon for harassing and intimidating individuals." *Id.* at 6; *see also id.* at 7–8 (citing cases) ("If courts granted discovery requests for information related to immigration status in every case, countless acts of illegal and reprehensible conduct would go unreported."). Therefore, according to Plaintiff, the "[i]mmigration matter is barred from discovery." *Id.* at 8. Plaintiff cites several cases, most of which are from outside of this District and this Circuit, in which the court limited the permissible discovery regarding parties' immigration status. *See id.* at 6–8. Plaintiff also argues that "[b]ased on Plaintiff's observation of defense counsel's practice Plaintiff did not believe the restriction to 'attorneys' eyes only' until further order of the Court would be sufficient to protect Plaintiff." *Id.*

The only case that Plaintiff cites from within the Tenth Circuit pertaining to this issue is *Reyes v. Snowcap Creamery, Inc.*, 898 F. Supp. 2d 1233, 1234–36 (D. Colo. 2012) (Martínez, J.). In that case, the Court concluded that "the risk of injury to Plaintiff if he is required to disclose his immigration attorney's file outweighs the need for its disclosure and, therefore, the Court should not compel disclosure." *Id.* at 1236. The

Court held that "the weight of authority clearly holds that a plaintiff's immigration status is irrelevant in an **FLSA action**." *Id.* at 1235 (emphasis added).

This case is distinguishable from *Reyes*. Here, Plaintiff has brought a defamation claim against Defendant related to his alleged statements that Plaintiff filed a false police report and committed insurance fraud related to her lost passport while she was in the United States and did not take a return flight to China. *See* ECF No. 85 (Third Amended Complaint) ¶¶ 39–46, 75–83. Plaintiff has brought an additional defamation claim and claims for intentional infliction of emotional distress/outrageous conduct and unreasonable disclosure of private facts. *See id.* ¶¶ 84–109. To support her claims, Plaintiff alleges in her Third Amended Complaint, which is currently the operative complaint in this case, that "[i]n July 2013, . . . [she] moved to the United States to live with Defendant in Aurora, Colorado," at which time she and Defendant had been in a romantic relationship. *Id.* ¶¶ 9, 37; *see also id.* ¶ 45 ("In October 2013, Plaintiff ended her relationship with Defendant and moved to California alone."). As pointed out in the Recommendation, Plaintiff had also alleged in her first Complaint filed in this case that "[i]n July 2013 Plaintiff came to the United States by Defendant's invitation." ECF No. 1 ¶ 11; *see also* ECF No. 218 at 3.

Magistrate Judge Hegarty determined that a line of questioning regarding the circumstances under which Plaintiff traveled to the United States was relevant. This conclusion was not "clearly erroneous or contrary to law." *See Ocelot Oil Corp.*, 847 F.2d at 1464. The circumstances of this case are clearly distinguishable from those in *Reyes*, as this is not an FLSA action, and the relevance of the line of questioning that Magistrate

Judge Hegarty ordered Plaintiff to answer is demonstrated by the fact that Plaintiff's allegations in her Complaint relate to her travels to and in the United States. *See* 898 F. Supp. 2d at 1234–36. Plaintiff's individual "belie[f]," based on her "observation of defense counsel's practice," that "the restriction to 'attorneys' eyes only' until further order of the Court"—a restriction which Plaintiff declined—would [not] be sufficient to protect Plaintiff" does not render Magistrate Judge Hegarty's order that she answer questions during her deposition improper. *Id.* Nor does the fact that Plaintiff apparently did not want to answer the questions deemed relevant by the Magistrate Judge make an order to do so an "ambush" or require that Plaintiff be given the opportunity to separately research and brief the issue before answering, as Plaintiff appears to contend. *See* ECF No. 220 at 5–6. This is especially true, given the Magistrate Judge's multiple advisements, including that the transcript of the deposition could be sealed and that the information could be restricted to "attorneys' eyes only," which Plaintiff declined. *See* ECF No. 218 at 3–4. The Court affirms Magistrate Judge Hegarty's order that Plaintiff answer the questions asked of her during her deposition.

**B.    The Recommendation that the Case Be Dismissed with Prejudice and that Defendant Receive His Expenses and Fees Associated with the September 22, 2022 Deposition**

Next, Plaintiff objects to the Magistrate Judge's recommendation that she be found in contempt and that the Court dismiss her case with prejudice and award Defendant his expenses and fees associated with Plaintiff's September 22, 2022 deposition. To the extent Plaintiff argues that she should not be held in contempt because Magistrate Judge Hegarty's oral order to answer questions at her deposition was improper, *see, e.g.*, ECF

No. 220 at 9 (referring to "impermissible questions"), the Court rejects this argument because, for the reasons stated above, the Court affirms Magistrate Judge Hegarty's order to answer questions. To the extent Plaintiff argues that refusal to answer questions at a deposition, despite a direct order from the Magistrate Judge to do so, does not constitute contempt, the Court also rejects that argument. *See, e.g.*, *Ad-X Int'l, Inc. v. Kolbjornsen*, No. 99-cv-00332-WYD-CBS, 2008 WL 5101304, at *2–3 (D. Colo. Nov. 26, 2008) (Daniel, J.) (adopting the Magistrate Judge's recommendation to find judgment debtors in civil contempt for, *inter alia*, "failing to provide sworn answers to questions regarding their income, assets, and expenditures in their post-judgment depositions and in their responses to post-judgment interrogatories" where the judgment debtors made "efforts to conceal their income and assets" after judgment was entered against them).

Plaintiff further objects to the recommendation that her case be dismissed and Defendant be awarded fees and expenses associated with the deposition because, according to Plaintiff, Magistrate Judge Hegarty "has no authority to determine that Plaintiff committed a direct contempt of court" and Plaintiff did not receive "notice" and "an opportunity to respond" to the finding of contempt and recommendation of sanctions. ECF No. 220 at 8–10, 14–15 (citing 28 U.S.C. § 636(e)(6)(B)(iii); *Braley v. Campbell*, 832 F.2d 1504, 1514 (10th Cir. 1987); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 857 (10th Cir. 2005)). The Court addresses these arguments below.

Under 28 U.S.C. § 636(e)(6)(B)(iii), in a case such as this one, in which the Magistrate Judge is not exercising consent jurisdiction, and an act of civil contempt is committed, then:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Here, the Recommendation fully lays out the facts of Plaintiff's failure to answer questions at her deposition. *See supra* Section II.A.; ECF No. 218 at 3–4. Plaintiff does not deny in her Objections that she refused to answer questions posed to her, even after the direct order of the Magistrate Judge. *See* ECF No. 220. Therefore, there being no dispute regarding the facts of what took place, the Court finds a hearing on the matter is unnecessary. *See, e.g.*, *White v. General Motors Corp.*, 908 F.2d 675, 686 (10th Cir. 1990) ("[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue."). On *de novo* review, the Court agrees with the Magistrate Judge that the undisputed facts demonstrate that Plaintiff committed a civil contempt at her September 22, 2022 deposition.

In addition, Plaintiff received both "notice" and an "opportunity to respond" to the possibility of being sanctioned for contempt. *See Braley*, 832 F.2d at 1514; *Health Net, Inc.*, 400 F.3d at 857. Magistrate Judge Hegarty thoroughly advised Plaintiff at the deposition of the consequences of declining to answer the questions after being ordered to do so. *See* ECF No. 218 at 3–4 ("I advised her of the following . . . . If she persisted in disobeying my Order to answer the questions, this could be construed as a contempt of court, and the sanction could include, without limitation, dismissal of her lawsuit with

9

prejudice. She understood."). Nevertheless, Plaintiff continued to "refuse[] to answer the questions concerning immigration status on the grounds of 'relevance.'" *Id.* at 4. "Indeed, she refused to answer many questions on relevance grounds despite [Magistrate Judge Hegarty's] Order that she may not do that." *Id.* Moreover, Plaintiff has received notice of the Court's consideration of the sanction of dismissal of her case through the Magistrate Judge's Recommendation and her opportunity to provide briefing through her objections. *See, e.g.*, *White*, 908 F.2d at 686 ("The opportunity to fully brief the issue is sufficient to satisfy due process requirements."). Therefore, the Court overrules Plaintiff's objection that she has not received due process with regard to the recommendation that she be found in contempt and sanctioned.

Plaintiff also objects that the sanctions of dismissing her case and awarding Defendant his expenses and fees associated with the September 22, 2022 deposition were excessive. ECF No. 220 at 16–22. Plaintiff argues that "[a] dismissal or default sanctions order should be predicated on 'willfulness, bad faith, or [some] fault,' rather than just a simple 'inability to comply'" and that "[t]here is no evidence supporting that Plaintiff committed any willful misconduct." *Id.* at 16–17 (quoting *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995)). This argument, again, is based on Plaintiff's position that information regarding her immigration status "must be excluded," *see id.* at 17, and so she need not answer questions regarding her travel to and in the United States, which the Court has rejected for the reasons stated above. Plaintiff's individual belief that questions regarding her travel to and in the United States were irrelevant does not exempt her from obeying the Magistrate Judge's order to answer

the questions in the deposition, nor does it preclude the Court from finding that such disobedience was "willful[]." *See Archibeque*, 70 F.3d at 1174.

Plaintiff further argues that "[w]ithout considering whether Plaintiff can demonstrate a meritorious claim, without exploring any lesser sanctions, such as adverse jury instructions and evidentiary sanctions etc., without explaining why any lesser sanctions are insufficient to cure any purported prejudice, the Magistrate Judge clearly erred in concluding that there is no option short of dismissal that would accomplish the ends of justice." ECF No. 220 at 18–19. However, the Recommendation clearly outlines Magistrate Judge Hegarty's consideration of the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) to determine the appropriate sanction. *See* ECF No. 218 at 5. Magistrate Judge Hegarty determined that "[h]ere, the question is not a close one. . . . [Plaintiff] is knowingly, personally, and solely responsible for her actions, and her culpability is without question." *Id.* This Court agrees. The Court further agrees that Plaintiff's "refusal to provide relevant discovery will deprive Defendant of his right to defend this case," *see id.*, and finds that her refusal to comply with at least the Magistrate Judge's orders to answer questions during her deposition—and likely additional orders during the process of prosecuting her case, as discussed below—leads the Court to conclude that the recommended sanctions here are appropriate.

The Recommendation outlines various additional examples of "Plaintiff's history of contumacious behavior in this lawsuit," *id.* at 1–3, such as violating the Magistrate Judge's Order to reveal any attorney involved in any ghostwriting of filings to the Court, and such as violating an order to provide a financial affidavit, all of which Plaintiff attempts to refute

one by one in her Objections, ECF No. 220 at 2–5, 10–14.  However, at least some of these attempts appear to be mere continuations of Plaintiff's obfuscations.  For example, Plaintiff argues that it would be financially and technically impossible for her to retain an attorney because she cannot afford one and because she does not live in Colorado, *see id.* at 10–11, which ignores the fact that Plaintiff was previously represented by Colorado pro bono counsel before those attorneys withdrew.  *See* ECF No. 218 at 2; *see also, e.g.*, ECF No. 220 at 10–13 (also arguing that Plaintiff would not have made certain mistakes if an attorney had been helping her).  Regarding the order to provide a financial affidavit, Plaintiff argues that "[e]ven if it is Plaintiff's oversight or misunderstanding, Plaintiff has indirectly provided financial affidavit, ECF 201 p.9."  ECF No. 220 at 13.  These arguments fail to rebut the Magistrate Judge's conclusion that Plaintiff's behavior overall in prosecuting this case has been "contumacious" and "evasive at best and deceiving or untrue at worst."  *See* ECF No. 218 at 1–2.  The Court agrees that the ends of justice would be accomplished through dismissal of the case with prejudice.

Regarding the award of Defendant's expenses and fees associated with the September 22, 2022 deposition, Plaintiff argues that "[a] civil contempt sanction when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature. . . .  The fee award may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior."  ECF No. 220 at 20 (citing *Int'l Union v. Bagwell*, 512 U.S. 821, 826–30 (1994); *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992)).  However, the case law cited by Plaintiff supports the recommended sanction of

12

an award of Defendant's expenses and fees for the deposition. The Supreme Court held in *Bagwell* that a "contempt fine . . . is considered civil and remedial if it either 'coerce[s] the defendant into compliance with the court's order, [or] . . . compensate[s] the complainant for losses sustained.'" 512 U.S. at 829 (alterations in original) (quoting *United States v. Mine Workers*, 330 U.S. 258, 303–04 (1947)); *see also O'Connor*, 972 F.2d at 1211 (same). The Supreme Court reasoned that "[w]hen a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it also is seeking to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms required in the order." *Bagwell*, 512 U.S. at 828.

The recommendation that Defendant be awarded his expenses and fees for a deposition in which Plaintiff committed contempt by refusing to answer questions, even when directly ordered to do so, certainly serves to compensate the Defendant for the "losses sustained" from Plaintiff's contempt during her deposition. *See id.* at 829. In addition, it "vindicat[es]" the Court's "initial order" that Plaintiff answer the questions posed during the deposition. *See id.* at 828. The Court agrees with Magistrate Judge Hegarty that the sanction of awarding Defendant his expenses and fees associated with the September 22, 2022 deposition is proper, as is the sanction of dismissing this case with prejudice.

### III.    CONCLUSION

For the reasons stated above, it is

ORDERED that Plaintiff's Objections to Magistrate Judge Hegarty's September 22, 2022 Oral Order and Recommendation (ECF 218), ECF No. 220, are OVERRULED; it is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge, ECF No. 218, is ACCEPTED AND ADOPTED; it is

FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE; and it is

FURTHER ORDERED that Defendant shall be awarded his expenses and fees for Plaintiff's September 22, 2022 deposition.


DATED:  October 19, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

      Plaintiff,

v.

PAUL WANG,

      Defendant.

---

**FINAL JUDGMENT**

---

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the Order of Judge Regina M. Rodriguez entered on October 19, 2022 [ECF No. 222], it is

ORDERED that this action is dismissed with prejudice. It is

FURTHER ORDERED that Defendant shall be awarded his expenses and fees for Plaintiff's September 22, 2022 deposition. It is

FURTHER ORDERED that Defendant shall have his costs by the filing of a Bill of Costs with the Clerk of this Court within fourteen days after the entry of judgment, pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated at Denver, Colorado this 19th day of October, 2022.

                FOR THE COURT:
                JEFFREY P. COLWELL, CLERK

                By: s/ K. Myhaver
                    K. Myhaver, Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*3:41 pm, Oct 26, 2022*
**JEFFREY P. COLWELL, CLERK**

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE HEGARTY'S OCTOBER 19, 2022 ORDER DENYING PLAINTIFF'S AMENDED MOTION TO RESTRICT AND REDACT (ECF 221)

Pursuant to Fed. R. Civ. P. 72, Plaintiff respectfully submits her Objections to Magistrate Judge Hegarty's Order denying Plaintiff's Amended Motion to Restrict and Redact (the "Order").

### INTRODUCTION

Pursuant to ECF 165, Plaintiff sought to redact information inappropriately revealing her identity in connection with other cases with court orders to maintain Plaintiff's anonymity. ECF 206. Plaintiff objects to the Magistrate Judge's order denying her request because the denial is contradicted with this court's own orders. ECF 113, 143, 165.

### ARGUMENT

Where a magistrate judge's order relates to "a pretrial matter not dispositive of a party's claim or defense," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under the clearly erroneous standard, the reviewing court [must] affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase,*

*Inc.,* 468 F.3d 642, 658–59 (10th Cir. 2006) (internal quotations and citation omitted). Here, the Magistrate Judge clearly erred in several respects.

## I.    THE MAGISTRATE JUDGE CLEARLY ERRED IN CONCLUDING THAT "THE CAT HAS ALREADY BEEN LET OUT OF THE BAG." JUSTIFIED THE DENIAL OF REDACTION

The Magistrate Judge previously observed that the court risked undermining the orders granting Plaintiff pseudonymous status by not restricting its order or the briefing. ECF 143, p. 3. In essence, the court has recognized the harm to Plaintiff for losing protection from other court orders if access is not restricted.

However, in justifying his denial of redaction the Magistrate Judge relied on "The cat has already been let out of the bag." which is a typical backward-looking view rather than forward-looking. ECF 219, p. 2. See *Deschenes Consulting LLC v. Nu Life Mkt. LLC*, Civil Action No. 1:19-cv-03465-RM-SKC, at *8 (D. Colo. May 27, 2020) (concluding that restricting access to the unredacted Zoho Audit Log cannot undue whatever harm has been done by virtue of these names being made public for four months but it can, however, prevent future harm that cannot otherwise be remedied if allowed to remain public after rejecting "The cat has already been let out of the bag.")

## II.    THE MAGISTRATE JUDGE CLEARLY ERRED IN CONCLUDING THAT PLAINTIFF DID NOT IDENTIFY ANY PARTICULAR HARM OR SERIOUS INJURY

The court is talking out of both sides of its mouth if on one hand it forces Plaintiff to continue prosecution of this case with a justification that it would not undermine other orders granting Plaintiff pseudonymous status but on the other hand it denies Plaintiff's request to redact information inappropriately revealing her identity in connection with other cases. ECF

165, p. 18. The Magistrate Judge observes that many of the documents were submitted by Plaintiff (while represented by counsel) without redaction but he omits the fact that the documents were filed before the court permits Plaintiff to file a motion to restrict other documents, ECF 165, p. 18, and even before Defendant filed his belated motion to reconsider. ECF 101.

The Magistrate Judge misread *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) completely. *Kamakana* does not require compelling reasons to seal each document. See *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir.2006) (holding parties to a lower standard when they seek to file under seal documents attached to non-dispositive rather than dispositive motions.) Further, Plaintiff did not seek to seal the entirety of the documents and the Magistrate Judge fails to identify why redaction would not serve the same purpose while supporting the public's interest in access to judicial records. In particular, how the redacted information which is inappropriately revealing Plaintiff's identity in connection with other cases with court orders to maintain her anonymity, would prohibit the public from reaching its own conclusion in this case, considering the concrete evidence showing that Defendant himself was the insurance claimant and himself submitted the proof of claim and pocketed the insurance money? ECF 220, p. 51, ECF 207, p. 13-25. Stating that the public [should not] be prevented from reaching its own conclusion in this case is no more than a conclusory presumption without applying any facts or circumstances of this particular case.

The Magistrate Judge's reliance on *General Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158 (D. Colo. 2015) is misplaced. There, the motion to restrict access was denied because all sensitive information—prices for each service, web passwords, specific keywords to

be targeted, are already redacted. *Id*, at 1189. Here, Plaintiff simply sought redaction instead of full restriction of access.

In concluding that Plaintiff has provided no facts to support her claim that the public documents at issue will cause her to experience harassment and violence, the Magistrate Judge ignores other facts that Plaintiff does not have other life event that would cause her to experience harassment and violence and Plaintiff did not experience harassment and violence until the improper disclosure of her identity. The Magistrate Judge clearly erred in concluding that plaintiff did not identify any particular harm or serious injury. Despite the Ninth Circuit found no evidence of abuse of judicial process by Plaintiff the Magistrate Judge exceeded his authority to run afoul of other court order by citing the case name and number.

<u>**CONCLUSION**</u>

Based on the foregoing, Plaintiff requests that the Court vacate the Order and grant her amended motion.

Dated: October 26, 2022                    Respectfully submitted,

                                           */s/ Xingfei Luo*
                                           Plaintiff in Pro Se

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. The CM/ECF system will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com


_/s/ Xingfei Luo_

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

          Plaintiff(s),

v.

PAUL WANG,

          Defendant(s).

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*3:12 pm, Nov 14, 2022*
**JEFFREY P. COLWELL, CLERK**

---

## NOTICE OF APPEAL FROM FINAL JUDGMENT

---

Xingfei Luo appeal(s) to the United States Court of Appeals for the Tenth Circuit from the final judgment entered on 10/19/2022.

Dated: <u>11/14/2022</u>.

                        */s/ Xingfei Luo*
                        Plaintiff, In Pro Per

*Rev. 12/2021*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing with the Clerk of Court. The CM/ECF system will send notification of such filing to all ECF registered users.

Date: November 14, 2022

/s/ Xingfei Luo
Plaintiff, In Pro Per