EXHIBIT 1



## Re: Activity in Case 1:20-cv-02765-RMR-MEH Luo v. Wang Order on Motion to Quash

| | |
|---|---|
| **From:** | "Katayoun Donnelly" <katy@kdonnellylaw.com> |
| **To:** | "co20_2765@mail.com" <co20_2765@mail.com> |
| **Cc:** | "Katayoun Donnelly" <katy@kdonnellylaw.com> |
| **Date:** | Sep 15, 2022 6:49:50 AM |

Dear Ms. Luo,

Mr. Wang will continue to comply with all court orders.

Best,
Katy

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
Phone:(720) 675-8584
Fax:(720) 880-3142
katy@kdonnellylaw.com
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Wednesday, September 14, 2022 at 11:57:44 PM MDT, co20_2765@mail.com <co20_2765@mail.com> wrote:

This ruling is unfortunate to both sides since you already booked the hotel which I deem it as your agreement to bear my travel expenses.

There are two options before me:
1. I will be filing objection to this ruling pursuant to Fed. R. Civ. P. 72. Concurrently I will file a motion to stay deposition and reconsider.
2. We enter a stipulation that you bear all my travel expenses for the deposition on Sep 22, 2022.

Please let me know your position.
Thanks.

**Sent:** Wednesday, September 14, 2022 at 3:16 PM
**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>
**Cc:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**Subject:** Fw: Activity in Case 1:20-cv-02765-RMR-MEH Luo v. Wang Order on Motion to Quash

Dear Ms. Luo,

Please see below, the Court's order.

Docket Text:
Minute ORDER  by Magistrate Judge Michael
E. Hegarty on 14 September 2022. Plaintiff's Motion to Quash Subpoena
to Testify at a Deposition [192] is denied. Plaintiff's deposition is
occurring pursuant to the Court's own order. The Court reminds Plaintiff
that pursuant to D.C.Colo.LCivR 5.1(c), she is directed to provide her current
contact information (e.g., mailing address, telephone number, email address,
etc.) to the Court. On July 12, 2022, the Court ordered her to provide contact
information at ECF [180], but to date, she has not complied. She shall bring
herself into compliance by September 22, 2022 (the date of her courtroom
deposition). Because the Court has no contact information for Plaintiff,
counsel for Defendant shall forward a copy of this Minute Order to Plaintiff
via the email address(es) that she has for her.(cmadr, )

Best,
Katy

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic
Communications Privacy Act, 18 U.S.C. Section 2510 et. seq. and the attorney-client or attorney work-product privileges. If you are not the addressee, note that any
disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify
the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding
any penalties that may be imposed by any governmental taxing authority or agency.

----- Forwarded Message -----
**From:** "cod_enotice@cod.uscourts.gov" <cod_enotice@cod.uscourts.gov>
**To:** "cod_enotice@cod.uscourts.gov" <cod_enotice@cod.uscourts.gov>
**Sent:** Wednesday, September 14, 2022 at 03:56:45 PM MDT
**Subject:** Activity in Case 1:20-cv-02765-RMR-MEH Luo v. Wang Order on Motion to Quash

This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits
attorneys of record and parties in a case (including pro se litigants) to receive one free electronic
copy of all documents filed electronically, if receipt is required by law or directed by the filer.
PACER access fees apply to all other users.  To avoid later charges, download a copy of each
document during this first viewing. However, if the referenced document is a transcript, the free
copy and 30 page limit do not apply.

U.S. District Court - District of Colorado
District of Colorado

Notice of Electronic Filing
The following transaction was entered  on 9/14/2022 3:56 PM MDT and filed
on 9/14/2022

Case Name: Luo v. Wang

Case Number: 1:20-cv-02765-RMR-MEH  https://ecf.cod.uscourts.gov/cgi-bin/DktRpt.pl?200789

Filer:

Document Number: 196

Copy the URL address from the line below into the location bar
of your Web browser to view the document:
https://ecf.cod.uscourts.gov/doc1/039110253241?
caseid=200789&de_seq_num=508&magic_num=26526833

Docket Text:
Minute ORDER  by Magistrate Judge Michael
E. Hegarty on 14 September 2022. Plaintiff's Motion to Quash Subpoena
to Testify at a Deposition [192] is denied. Plaintiff's deposition is
occurring pursuant to the Court's own order. The Court reminds Plaintiff
that pursuant to D.C.Colo.LCivR 5.1(c), she is directed to provide her current
contact information (e.g., mailing address, telephone number, email address,
etc.) to the Court. On July 12, 2022, the Court ordered her to provide contact
information at ECF [180], but to date, she has not complied. She shall bring
herself into compliance by September 22, 2022 (the date of her courtroom
deposition). Because the Court has no contact information for Plaintiff,
counsel for Defendant shall forward a copy of this Minute Order to Plaintiff
via the email address(es) that she has for her.(cmadr, )

1:20-cv-02765-RMR-MEH Notice has been electronically mailed to:
David Jonathan Schaller (Terminated)     schaller@wtotrial.com, umaguing@wtotrial.com

Katayoun A. Donnelly  katy@kdonnellylaw.com
Clarissa M. Collier (Terminated)     collier@wtotrial.com, Lacey@wtotrial.com

Eugene Volokh  volokh@law.ucla.edu, eugenevolokh@recap.email

EXHIBIT 2



# Re: Case 20-cv-02765 deposition

**From:**     "Katayoun Donnelly" <katy@kdonnellylaw.com>

**To:**       "Hegarty Chambers" <hegarty_chambers@cod.uscourts.gov>, "Michael Hegarty"
              <michael_e_hegarty@cod.uscourts.gov>, "Rodriguez Chambers" <rodriguez_chambers@cod.uscourts.gov>,
              "co20_2765@mail.com" <co20_2765@mail.com>

**Date:**     Sep 19, 2022 4:47:54 PM

---

Good evening,

Ms. Luo's statements are not accurate.

Best,
Katy

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic
Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure,
copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the
sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any
penalties that may be imposed by any governmental taxing authority or agency.

On Monday, September 19, 2022 at 06:45:49 PM MDT, <co20_2765@mail.com> wrote:

Dear Judge Rodriguez,
I am writing to seek guidance from the Court. One of the reasons the court overruled my objection to the
magistrate judge's order is that Defendant has "stipulat[ed] to bear Plaintiff's travel expenses." ECF 210, p.4.
However, Defendant withdrew his stipulation after the Sep 14 order (ECF 196) was entered and now refuses to
pay any travel expenses. As I stated before I have no sufficient financial means to complete the trip. Under
these circumstances would the court allow remote deposition?

Thank you.

EXHIBIT 3

Xingfei Luo
September 22, 2022

---

Page 2

```
 1              A P P E A R A N C E S
 2   For the Plaintiff:
 3              JACOB D. JONES, ESQ.
                Greenspoon Marder, LLP
 4              1144 15th Street
                Suite 2700
 5              Denver, Colorado 80202
                jacob.jones@gmlaw.com
 6
 7   For the Defendant:
 8              STEVEN D. ZANSBERG, ESQ.
                The Law Office of Steven D. Zansberg LLC
 9              100 Fillmore Street
                Suite 500
10              Denver, Colorado 80206
                steve@zansberglaw.com
11
                KATAYOUN AZIZPOUR DONNELLY, ESQ.
12              Azizpour Donnelly LLC
                2373 Central Park Boulevard
13              Suite 100
                Denver, Colorado 80238
14              katy@kdonnellylaw.com
15
     Also Present:
16
                Magistrate Judge Hegarty
17              Paul Wang
18
19
20
21
22
23
24
25
```

---

Page 3

```
 1              I N D E X
 2   EXAMINATION OF XINGFEI LUO:               PAGE
     September 22, 2022
 3
     By Mr. Zansberg                            5, 247
 4
     By Mr. Jones                               245
 5
 6   ATTENDANCE BY MAGISTRATE JUDGE HEGARTY:
 7   Pages 183 to 187
     Pages 188 to 197
 8   Pages 204 to 207
 9                                          INITIAL
     DEPOSITION EXHIBITS:                  REFERENCE
10
     Exhibit 1   Declaration of Xingfei Luo, 9/9/22,   33
11               Filed 9/12/22
12   Exhibit 2   Case 21-8023, Xingfei Luo v. State    40
                 of California, Motion for Leave to
13               Proceed In Forma Pauperis, 4/29/22,
                 Filed 5/6/22
14
     Exhibit 3   United States Court of Appeals for    42
15               the Ninth Circuit, Motion and
                 Affidavit for Permission to Proceed
16               In Forma Pauperis by O.L., 10/5/20
17   Exhibit 4   Xingfeiluo.blogspot.com Posting on    50
                 11/12/18, printout dated 5/19/20
18
     Exhibit 5   Gmail to Wang from Paraskevas,        55
19               12/15/13, Subject:  "I sent her
                 this, and trust me, I am not
20               bluffing.  If you have any more
                 news let me know," printout dated
21               8/16/21
22   Exhibit 6   Printout from cserinusa               58
                 couchsurfing experience titled
23               "Paraskevas Morgann," 5/6/14; with
                 attachments
24
25
```

---

Page 4

```
 1   Exhibit 7   Printout from cserinusa               58
                 couchsurfing experience titled
 2               "Let's see what a funny jerk did,"
                 (redacted), 12/17/13
 3
     Exhibit 8   Printout of Posting by                65
 4               Anonymous123177 titled "[REDACT]
                 Better Known as [REDACTED] and Her
 5               Chinese Scam.  Beware.  Defamation
                 Specialis...," (redacted), posted
 6               12/16/13, printout dated 2/26/20
 7   Exhibit 9   Monthly Archives:  December 2013,     67
                 Posting by Anonymous123177 titled
 8               "Xingfei Luo - Beware of this
                 scammer," posted 12/16/13
 9
     Exhibit 10  Printout of CheaterLand Posting      104
10               titled "Paul Wang, Highlands Ranch,
                 CO," undated; with attachment
11
     Exhibit 11  Printout from Insurance Company      113
12               Claim 201A713842-1, for loss date
                 8/31/13, printout dated 3/10/22;
13               with attachment
14
15
16
17
18
19
20
21
22
23
24
25
```

---

Page 5

```
 1        WHEREUPON, the following proceedings
 2   were taken pursuant to the Federal Rules of Civil
 3   Procedure.
 4        *      *      *      *      *      *
 5             (At this time Magistrate Judge Hegarty
 6   was not present.)
 7                  XINGFEI LUO,
 8   having been first duly sworn to state the whole truth,
 9   testified as follows:
10             (Response to oath:  "Yes.")
11                  EXAMINATION
12   BY MR. ZANSBERG:
13        Q.   Good morning.
14        A.   Good morning.
15        Q.   Nice to meet you.  I'm Steve Zansberg.
16   I am going to be taking the deposition pursuant to
17   Magistrate Judge Hegarty's order that it be done by an
18   English speaker, native English speaker, instead of
19   Ms. Donnelly.
20             I understand that you've been deposed
21   before, correct?
22        A.   Yes.
23        Q.   All right.  So you understand that your
24   answers have to be oral.  Simply shaking your head
25   instead of saying "no" or "yes" is not acceptable.
```

---

EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

      Plaintiff,

v.

PAUL WANG,

      Defendant.

---

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST SET OF WRITTEN DISCOVERY REQUESTS

---

Defendant Paul Wang, by and through his counsel, hereby responds to Plaintiff's First Set of Written Discovery ("Discovery Requests"), as follows:

## GENERAL OBJECTIONS

The following General Objections are applicable to, and hereby incorporated by reference into each of Defendant's responses to the Discovery Requests. Defendant's provision of a response is not intended to waive any of these objections.

1. Defendant objects to each and any Discovery Request that is overly broad, vague, ambiguous, unduly burdensome, or that seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to each Discovery Request that fails to provide a relevant time period on the ground that such failure makes the Discovery Request vague, overly broad, and unduly

burdensome and seeks information that is irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to each and any Discovery Request that seeks legal conclusions.

4. Defendant objects to the Discovery Requests to the extent that they purport to impose obligations on Defendant inconsistent with or additional to those imposed by the Federal Rules of Civil Procedure or the Court's Scheduling Order.

5. Defendant objects to the Discovery Requests to the extent that they purport to demand information not in his possession, custody, or control or require Defendant to undertake efforts to respond to Discovery Requests that are not reasonably calculated to ascertain information responsive to one or more of the specific requests contained in the Discovery Requests, if any.

6. Defendant objects to the Discovery Requests to the extent that they call for information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, joint-defense, common interest, or any other applicable privilege. Defendant thus objects to divulging any such information in response to such Discovery Requests. To the extent that any such information is or may be divulged in response to the Discovery Requests, the divulging of any such information is inadvertent and is not to be deemed a waiver of the privilege in question (or any other applicable privilege) with respect to the divulged information or any other information.

7. Defendant objects to the Discovery Requests to the extent that they purport to demand production of any documents or information containing confidential or proprietary information. To the extent such information is requested and is relevant to the issues raised in this litigation, Defendant will provide such information subject to entry of an appropriate Protective Order by the Court.

8. Defendant reserves the right at any time to revise, correct, add to, supplement, modify, or clarify the responses set forth below or the information contained therein, although Defendant does not hereby undertake to do so except to the extent required by the Federal Rules of Civil Procedure.

## RESPONSES TO INTERROGATORIES

1.    Identify each person who supplied any factual information that is included in your responses to these discovery requests. For each person, please identify the interrogatories and/or requests for production for which that person supplied any information.

**Response:**    Defendant objects to this interrogatory as overly broad, unduly burdensome, and to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this interrogatory because the phrase "factual information" is vague and ambiguous inasmuch as it is undefined and subject to a multitude of meanings.

Subject to and without waiving the foregoing objections, Defendant states that he has provided the responses to discovery requests.

2.    Have you or anyone on your behalf interviewed any individual concerning the allegations made in the Complaint or your defenses thereto? If so, for each individual state: (a) the name, address, and telephone number of the individual interviewed; (b) the date of the interview; and (c) the name, address, and telephone number of the person or entity who conducted the interview.

**Response:**    Defendant objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections, Defendant states that he has not conducted any interviews.

3.      Identify all communications between you or anyone acting on your behalf and any other person or entity relating to the allegations made in the Complaint and your defenses thereto. For each such communication, please: (a) identify to whom the statement was made; (b) state whether the statement was oral or written and, if oral, state whether the statement was recorded; (c) state when and where the statement was made; and (d) provide the name and address of all persons present when the statement was made.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly burdensome, and to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Defendant states:

*See* Declarations of Dawn Ceizler, Erin Dunkerly, and Amanda Papac. In addition, Mr. Wang has communicated with Travelex Insurance Company, Aurora Police Department, Guochang Chen, Ed Weamer, Morgann Paraskevas, Tosha Zeitlin (Dish Network, Human Resource Department), Xin Liang, and Siva Rama Krishna Surya Yelaswarapu Venkata Maruthi.

4.      Identify any blogs, forums, or other websites/online forums on which you have posted and/or commented on regarding the Plaintiff. For each such blog/forum/website, identify the URL link, the last date you accessed the blog/forum/website, and the username/handle under which you made the post and/or comment.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly vague, and burdensome. Further, it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: Mr. Wang responded to Ms. Luo's defamatory statements regarding him posted on https://cheaterland.com/paul-wang-highlands-ranch-co.html, using no username or password.

5.      Other than your legal counsel in this above-captioned action, identify each person you have spoken to regarding the Plaintiff and the allegations made in the Complaint within the past ten years.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly vague, and burdensome. Further, it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: *See* response to Interrogatory No. 3.

6.   Identify all written documents that you authored in full or in part, regarding the Plaintiff.

**Response:** Defendant objects to this interrogatory as overly broad, unduly vague, and burdensome. Further, it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: *See* responses to Interrogatory Nos. 4&5.

7.      Identify any screen names, user names, e-mail addresses and/or aliases you have used and/or continue to use in connection with any communications or other writings you have authored about the Plaintiff.

**Response:** *See* responses to Interrogatory Nos. 4&5.

8.      Do you intend to rely on truth as a defense to Plaintiff's First and Second Claims for Relief in the Complaint? If so, identify all facts, circumstances and documents supporting that defense.

**Response:** Defendant objects to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Defendant states that he intends to rely on all defenses available to him,

including the defense of truth, and will be relying on the information he expects to receive in discovery. *See* Mr. Wang's motions, the replies, and the documents and information cited in support of them.

9.      Do you claim that Plaintiff had actual knowledge of the facts, documents and/or communications giving rise to her First and Second Claims for Relief before September 11, 2019? If so, identify all facts and circumstances supporting that claim.

**Response:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Further, it is vague and ambiguous because the term "communications giving rise to her First and Second Claims for Relief" is undefined. Subject to and without waiving the foregoing objections, Defendant states: *See* Mr. Wang's motions to dismiss and the Rule 11 motion, the replies, and the documents and information cited in support thereof. In addition, Mr. Wang will be relying on the information he expects to receive in discovery.

10.     Other than this lawsuit, identify all lawsuits, litigation, or other legal action involving or relating to the Plaintiff in which you have been involved. In your answer, please: (a) identify the first date you became involved in the lawsuit/litigation/legal action; (b) the last date you had any involvement in the lawsuit/litigation/legal action; (c) describe in detail the scope of your involvement, and/or your role, in the lawsuit/litigation/legal action; (d) the name(s) of any person(s) who requested your involvement; and (e) what information you provided, if any, in the lawsuit/litigation/legal action.

**Response:** Defendant objects to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: Mr. Wang was on the witness list in the *Weamer*

case (*see* Ms. Luo's complaint). And will be a witness in that case if there is ever a remand. He had been also asked to be a witness in legal disputes involving Ms. Luo and Mr. Paraskevas in 2013. *See* Mr. Wang's Initial Disclosures.

11.     For each Request for Admission ("RFA") set forth below that you have failed to provide any response other than an unqualified admission, please: (a) state each and every fact, premise, or conclusion upon which you base your failure to unqualifiedly admit the RFA; (b) identify each and every document and/or piece of evidence that supports your denial or failure to unqualifiedly admit the RFA, in addition to any document and/or piece of evidence that supports and/or contradicts your answers provided in response to this interrogatory; (c) identify each and every person who has knowledge of or information regarding the facts and/or documents identified in subparts (a) and (b) above, indicating which person has knowledge or information concerning each fact and/or document.

**Response:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and vague, and to the extent it calls for information protected by the attorney-client privilege and/or work-product doctrine. Defendant further objects to this interrogatory because the phrase "supplied any factual information that is included in your responses to these discovery requests" is vague and ambiguous inasmuch as it is undefined and subject to a multitude of meanings.

12.     Have you or anyone acting on your behalf conducted surveillance on Plaintiff? If so, state: (a) the time(s), date(s) and place(s) of the surveillance and (b) the name(s), address(es) and telephone number(s) of the individual(s) who conducted the surveillance.

**Response:** Defendant objects to this interrogatory because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses. Subject to and without waiving the foregoing objections, Defendant states: No.

13.     If your answer to Interrogatory No. 12 is "yes," has a written report been prepared on the surveillance identified in your response to Interrogatory No. 12? If so, for each written report state: (a) the time of the report; (b) the date of the report; (c) the name, address and telephone number of the person who prepared the report; and (d) the name, address and telephone number of each person or entity who has the original or a copy of the report.

**Response:** *See* response to Interrogatory No. 12.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Produce all documents identified, referred to, or relied on to answer any of these Interrogatories.

**Response:** Defendant objects to this request as ambiguous and to the extent it seeks information protected by the attorney-client privilege and/or the work-product and joint defense/common interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced. (*See also* documents referenced in and attached to Mr. Wang's motions and relies. Mr. Wang will supplement his responses when/if he receives additional documents in discovery.)

2.     Produce any and all communications you, or anyone acting on your behalf, have had with Mr. Edward Weamer and/or his counsel Dawn Ceizler.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

3.      Produce any and all communications you, or anyone acting on your behalf, have had with  Mr. Morgann Paraskevas and/or anyone acting on his behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

4.      Produce any and all communications you, or anyone acting on your behalf, have had with Guochang Chen and/or anyone acting on his behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

5.      Produce any and all communications you, or anyone acting on your behalf, have had with Tomas Czodor and/or anyone acting on his behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

6.      Produce any and all communications you, or anyone acting on your behalf, have had with Erin Dunkerly and/or anyone acting on her behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *See* documents produced.

7.      Produce all non-privileged documents and communications between you or anyone acting on your behalf and any other person or entity relating to the allegations made in the Complaint, this lawsuit, or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

8.      Produce all litigation holds and/or requests to preserve documents that you, or anyone acting on your behalf, have sent to anyone relating to this lawsuit.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

9.       Produce all copies of any photographs, diagrams, films, or video that relate, in any way, to the allegations made in the Complaint and/or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

10.      Produce all journals, diaries, notes, letters, calendars, electronic mail, text messages, and all comments, posting and messages from all social media or business networking websites

(including but not limited to Facebook, Twitter, LinkedIn, Google+, and YouTube) that relate to the allegations made in the Complaint, this lawsuit, and/or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

11.     Produce all written documents and/or online postings that you have authored in full or in part, regarding the Plaintiff.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, s*ee* response to interrogatory Nos. 4&5.

12.     Produce complete copies of all non-privileged investigation files related to the allegations made in the Complaint, this lawsuit, and/or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

13.     If your answer to Interrogatory No. 9 is yes, please produce all documents in support of your claim that Plaintiff had actual knowledge of the facts, documents, and/or communications giving rise to her First and Second Claim for Relief before September 11, 2019.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

14.     Produce any and all communications you, or anyone acting on your behalf, have had with Amanda Papac and/or anyone acting on her behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

15.     Produce any and all communications and documents that you have received from, or provided to, any third party that relate in any way to the allegations made in the Complaint, your defenses thereto, or this lawsuit.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

## RESPONSE TO REQUESTS FOR ADMISSION

1. Admit that you are the author of the written statement that is attached to these Discovery Requests as Exhibit 1.

   **Response:** *See* response to interrogatory No. 4.

2. Admit that you have stated (orally or in writing) to one or more third parties that Plaintiff filed a false police report in relation to the passport that she lost in 2013.

   **Response:** *See* response to interrogatory No. 4.

3. Admit that you disclosed (orally or in writing) Plaintiff's alleged sexual assault by Guochang Chen to one or more third parties.

   **Response:** In his capacity as a witness, Mr. Wang has responded to questions regarding this issue.

4. Admit that Plaintiff did not consent or agree to your disclosure of Plaintiff's alleged sexual assault by Guochang Chen to one or more third parties.

   **Response:** Deny.

5. Admit that you have stated (orally or in writing) to one or more third parties that Plaintiff falsely accused Guochang Chen of sexual assault.

   **Response:** Deny.

6. Admit that, prior to September 11, 2020, you had never been served with a subpoena in any lawsuit, litigation or other legal action involving the Plaintiff.

**Response:** Admit. But Mr. Wang had been approached to be a witness prior to September 2020.

7. Admit that, prior to September 11, 2020, you had never testified in any lawsuit, litigation or other legal action involving the Plaintiff.

**Response:** Admit. But Mr. Wang had been approached to be a witness prior to September 2020.

## VERIFICATION

Paul Wang has read Defendant's Responses to Plaintiff's First Set of Written Discovery and believes the same to be true as of the date of signing based on information available to him.

By: _____

Date: 2/24/2022

AS TO OBJECTIONS:

_/s/ Katayoun A. Donnelly_
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com


*Attorney for Paul Wang*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2022, I served an electronic copy of the foregoing via email on counsel of record.

/s/ Katayoun A. Donnelly
Katayoun A. Donnelly

EXHIBIT 5



CONFIDENTIAL

Paul Wang <stealthzeus@gmail.com>

## Cases
1 message

Paul Wang <stealthzeus@gmail.com>
To: E████d Weamer <e██████████il.com>

| Total # | | Jurisdiction | Type | Case Number | Case Name | Date Filed | Link | How to Search | Case Status |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0A | The Superior Court of California County of Los Angeles | Small Claim | ████ | ████████ | ████ | ████████ | ████████ | Dismissed |
| 2 | 1A | The Superior Court of California County of Orange | Family | ████ | ██████ | ████ | ████████ | ████████ | Order - Protect |
| 3 | 1B | California 4th Appellate District Division 3 | State Appeal | | ██████ | ████ | ████████ | ████████ | Affirmed In Full |
| 4 | 1C | The Superior Court of California County of Los Angeles | State Civil | ████ | ██████ | ████ | ██████████ | ██████████ | Dismissed |
| 5 | 1D | The Superior Court of California County of Orange | Criminal | ████ | ██████ | ████ | ██████████ | ██████████ | Sentenced |
| 6 | 2A | CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles) | Federal Civil | █████ | ██████ | ████ | ██████████ | ██████████ | Dismissed, App |
| 7 | 3 | CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana) | Federal Civil | | ████████ | ████ | ████████████ | | Open |
| 8 | 4 | California Northern District (San Francisco) | Federal Civil | | ██████ | ████ | ██████████ | | Open |
| 9 | 5A | The Superior Court of California Contra Costa County | State Civil | | ██████ | ████ | ████████ | ████████ | Terminated |
| 10 | 6A | CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles) | Federal Civil | █████ | ██████ | ████ | ██████████ | | Dismissed, App |
| 11 | 2B | United States Court of Appeals for the Ninth Circuit | Federal Appeal | ███ | ██████ | ████ | ████ | ████ | Terminated |
| 12 | 8 | U.S. District Court - District of Colorado | Federal Civil | | ████████ | ████ | ████ | | Open |
| 13 | 9A | The Superior Court of California Contra Costa County | State Civil | ████ | ██████ | ████ | ██████████ | ██████████ | Terminated |
| 14 | 10A | The Superior Court of California County of Sonoma | State Civil | | ██████ | ████ | ████████ | ████████ | Terminated, A |
| 15 | 2C | United States Court of Appeals for the Ninth Circuit | Federal Appeal | | ██████ | 10/ | ██████ | ██████ | Terminated |
| 16 | 12 | The Superior Court of California County of Los Angeles | State Civil | ████ | ██████ | ████ | ██████ | ██████ | After Trial |
| 17 | 9B | California 1th Appellate District Division 2 | State Appeal | | ████████ | ████ | ████████ | ████████ | Terminated |
| 18 | 9C | California Supreme Court Division SF | State Supreme | | ██████ | ████ | ██████ | ██████ | Terminated |
| 19 | 13 | The Superior Court of California County of Los Angeles | State Civil | | ██████ | ████ | ██████ | ██████ | Open |
| 20 | 2D | United States Court of Appeals for the Ninth Circuit | Federal Appeal | | ██████ | ████ | ██████ | ██████ | Terminated |
| 21 | 6B | United States Court of Appeals for the Ninth Circuit | Federal Appeal | ███ | ██████ | ████ | ██████ | ████████ R | Open |
| 22 | 16 | The Superior Court of California County of Los Angeles | State Civil | ████ | ██████ | ████ | ██████ | ██████ | Dismissed |
| 23 | 2E | United States Court of Appeals for the Ninth Circuit | Federal Appeal | ███ | ██████ | ████ | ████ | ████ | Open |
| 24 | 1E | The Superior Court of California County of Orange | State Appeal | ████████ | ████████ | ████ | ██████ | ████████████ | Open |
| 25 | 18 | The Superior Court of California County of Los Angeles | State Civil | ████ | ██████ | ████ | ██████ | ██████ | Open |
| 26 | 1F | California 4th Appellate District Division 3 | State Appeal | | ██████ | 10/6/ | ██████ | ██████ | Open |
| 27 | 1G | California 4th Appellate District Division 3 | State Appeal | | ██████ | ████ | ██████ | ██████ | Terminated |
| 28 | 5B | California 1th Appellate District Division 2 | State Appeal | | ██████ | ████ | ██████ | ██████ | Open |
| 29 | 20 | The Superior Court of California County of Los Angeles | State Civil | ████ | ██████ | ████ | ██████ | ██████ | Open |
| 30 | 21 | The Superior Court of California County of Los Angeles | State Civil | ████ | ██████ | ████ | ██████ | ██████ er 20 | Open |
| 31 | 9D | California 1th Appellate District Division 3 | State Appeal | ███ | ██████ | ████ | ██████ | ██████ | Open |

CONFIDENTIAL
Defendant_000018

courtinfo.ca.gov/search.cfm?dist=1

32 **10B** California 1th Appellate District Division 1     State Appeal █████ ███████████ ████████████ █████████ Terminated

CONFIDENTIAL

Defendant_000019

EXHIBIT 6



## RE: FW: email from Anon Ymous ?????

**From:** rlbullocklaw@twc.com
**To:** " ████████████████ >
**Date:** Feb 9, 2022 5:46:17 PM

Anon Ymous @ courtproceeding69@gmail.com

**Law Office of Robert Livingston Bullock**

**5130 East La Palma Avenue, Suite 210**

**Anaheim, California, 92807-2078**

**(714) 767-3504  fax (714) 996-1209**

**Privileged And Confidential Communication.**

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**From:** Olivia Luo
**Sent:** Wednesday, February 9, 2022 2:29 PM
**To:** rlbullocklaw@twc.com
**Subject:** Re: FW: email from Anon Ymous ?????

I don't know who this person is. What is his/her email address?

**Sent:** Tuesday, February 08, 2022 at 11:14 PM
**From:** rlbullocklaw@twc.com
**To:** " ████████████████ >
**Subject:** FW: email from Anon Ymous ?????

Olivia,

Do you know why I received this email?

Do you know Anon Ymous?

Please advise.

Robert L. Bullock

**Law Office of Robert Livingston Bullock**

**5130 East La Palma Avenue, Suite 210**

**Anaheim, California, 92807-2078**

**(714) 767-3504  fax (714) 996-1209**

**Privileged And Confidential Communication.**

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**From:** Anon Ymous
**Sent:** Tuesday, February 8, 2022 1:42 PM

**To:** rlbullocklaw@twc.com
**Subject:** Luo Case Info

Hello,

In the interest of Justice, it shall be known that Chinese National Xingfei Luo (a.k.a. Ophelia Luo, a.k.a. Olivia Luo) has the following 31 cases since 2018, 29 of which are filed **in propria persona** by Xingfei Luo against various individuals and entities in the United States.

| # | Jurisdiction | Type | Case Number | Case Name | Date Filed | Case Status | Date Term |
|---|---|---|---|---|---|---|---|
| 1 | The Superior Court of California County of Orange | Family | ███ | ███████ | ███ | Order - Protection | DVRO in |
| 2 | California 4th Appellate District Division 3 | State Appeal | ███ | █████ | ███ | Affirmed In Full | |
| 3 | The Superior Court of California County of Los Angeles | State Civil | ███ | ████████ | ███ | Dismissed | |
| 4 | The Superior Court of California County of Orange | Criminal | ███ | ███ | ███ | Sentenced | |
| 5 | CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles) | Federal Civil | █████ | █████ | ███ | Dismissed, Appeal | |
| 6 | CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana) | Federal Civil | █████ | ███████ | ███ | Open | |
| 7 | California Northern District (San Francisco) | Federal Civil | 3██ | | ███ | Open | |
| 8 | The Superior Court of California Contra Costa County | State Civil | ███ | █████ | ███ | Terminated | |
| 9 | CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles) | Federal Civil | █████ | ███████ | ███ | Dismissed, Appeal | |
| 10 | United States Court of Appeals for the Ninth Circuit | Federal Appeal | ███ | ██████ | ███ | Terminated | |
| 11 | U.S. District Court - District of Colorado | Federal Civil | ███ | ████ | ███ | Open | |
| 12 | The Superior Court of California Contra Costa County | State Civil | ███ | █████ | ███ | Terminated | |
| 13 | The Superior Court of California County of Sonoma | State Civil | ███ | ██████ | ███ | Terminated, Appeal | |
| 14 | United States Court of Appeals for the Ninth Circuit | Federal Appeal | ███ | █████ | ███ | Terminated | |
| 15 | The Superior Court of California County of Los Angeles | State Civil | ███ | █████████ | ███ | After Trial | |
| 16 | California 1th Appellate District Division 2 | State Appeal | ███ | ██████████ | ███ | Terminated | |
| 17 | California Supreme Court Division SF | State Supreme | ███ | ██████ | ███ | Terminated | |
| 18 | The Superior Court of California County of Los Angeles | State Civil | ███ | ████████ | ███ | Open | |
| 19 | United States Court of Appeals for the Ninth Circuit | Federal Appeal | ███ | █████ | ███ | Terminated | |
| 20 | United States Court of Appeals for the Ninth Circuit | Federal Appeal | 21█ | ██████ | ███ | Open | |
| 21 | The Superior Court of California County of Los Angeles | State Civil | ███ | ███████ | ███ | Dismissed | |
| 22 | United States Court of Appeals for the Ninth Circuit | Federal Appeal | ███ | ██████ | ███ | Open | |
| 23 | The Superior Court of California County of Orange | State Appeal | ███████ | █████████ | ███ | Open | |
| 24 | The Superior Court of California County of Los Angeles | State Civil | ███ | █████████ | ███ | Open | |
| 25 | California 4th Appellate District Division 3 | State Appeal | ███ | ██████ | ███ | Open | |
| 26 | California 4th Appellate District Division 3 | State Appeal | ███ | ██████ | ███ | Terminated | |
| 27 | California 1th Appellate District Division 2 | State Appeal | ███ | ███████ | ███ | Open | |
| 28 | The Superior Court of California County of Los Angeles | State Civil | ███ | ████████ | ███ | Open | |
| 29 | The Superior Court of California County of Los Angeles | State Civil | ███ | ████████ | ███ | Open | |
| 30 | California 1th Appellate District Division 3 | State Appeal | ███ | ████████ | ███ | Open | |
| 31 | California 1th Appellate District Division 1 | State Appeal | ███ | █████████ | ███ | Terminated | |

Code Civ. Proc. § 391(b) defines a vexatious litigant as a person who does any of the following:

(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

Please note the follow 8 instances, in the past 7 years:

1)

On 10/19/2018 Xingfei Luo **in propria persona** filed State Appeal Case Number: ████████████████
in California 4th Appellate District Division 3, related to Superior Court of California County of Orange Family Case
Current status of the case is Affirmed Judgement in full on 10/31/2019.
This is a final judgement against Xingfei Luo. (Strike 1)

2)

On 4/30/2019 Xingfei Luo **in propria persona** filed State Civil Case Number: ████████████████
in The Superior Court of California County of Los Angeles.
Current status of the case is Dismissed on 12/11/2019.
This is a final Judgement against Xingfei Luo. (Strike 2)

3)

On 01/27/2020  Xingfei Luo **in propria persona** filed Federal Civil Case Number: ████████████████████
In CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles).
Current status of the case is Dismissed on 7/2/2021.
This is a final Judgement against Xingfei Luo. (Strike 3)

4)

On 05/07/2020  Xingfei Luo **in propria persona** filed State Civil Case Number: ██████████████
In The Superior Court of California Contra Costa County.
Current status of the case is Terminated on 11/22/2021.
This is a final Judgement against Xingfei Luo. (Strike 4)

5)

On 05/20/2020  Xingfei Luo **in propria persona** filed Federal Civil Case Number: ████████████████████
In CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles).
Current status of the case is Dismissed due to lack of standing on 3/26/2021.
This is a final Judgement against Xingfei Luo. (Strike 5)

6)

On 09/22/2020  Xingfei Luo **in propria persona** filed State Civil Case Number: ██████████████████
In The Superior Court of California Contra Costa County.
Current status of the case is Dismissed on 12/10/2021.
This is a final Judgement against Xingfei Luo. (Strike 6)

7)

On 10/05/2020  Xingfei Luo **in propria persona** filed State Civil Case Number: ████████████████
In The Superior Court of California County of Sonoma.
Current status of the case is Dismissed on 12/15/2021.

This is a final Judgement against Xingfei Luo. (Strike 7)

8)

On 11/08/2021  Xingfei Luo **in propria persona** filed State Appeal Case Number ███████████████████
In California 4th Appellate District Division 3, against her Criminal Case ███████ in The Superior Court of California County of Orange.
Current status of the case is Dismissed as premature on 11/10/2021.
This is a final Judgement against Xingfei Luo. (Strike 8)


Section 391.1 - Motion for order requiring plaintiff furnish security or dismissal of litigation

In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant
may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for
an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order
requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing,
that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will
prevail in the litigation against the moving defendant.

*Ca. Civ. Proc. Code § 391.1*

Amended by Stats 2012 ch 417 (AB 2274),s 1, eff. 1/1/2013, op. 1/1/2014.

Virus-free. www.avast.com