UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
4:02 pm, Nov 25, 2022
JEFFREY P. COLWELL, CLERK

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS (ECF 235)**

    Plaintiff hereby submits the following Objections to Defendant's bill of costs filed on November 17, 2022. ECF 235.

## **OBJECTIONS**

### I.    DEFENDANT'S FAILURE TO COMPLY WITH LOCAL RULES

    A bill of costs shall be filed <u>on the form provided by the court</u> no later than 14 days after entry of the judgment or final order. D.C.COLO.LCivR 54.1. Local rule does not permit the bill of costs to be filed on any form not provided by this court within 14 days after entry of the judgment or final order. An untimely filed bill of costs will be summarily denied, with prejudice. Final judgment was entered on October 19, 2022. ECF 223. Defendant did not file his bill of costs <u>on the form provided by the court</u> until November 17, 2022. Therefore, Defendant's bill of costs, ECF 235, should be denied with prejudice.[1]

---

[1] Defendant filed a bill of costs on November 2, 2022, ECF 228, which should be stricken for the following reasons in failing to comply with D.C.COLO.LCivR 54.1: Defendant did not file <u>on the form provided by the court</u>; Defendant did not provide signed declaration; Defendant did not provide Itemization Chart; Defendant did not provide any proof of payment.

1

## II. EXPENSES NOT SPECIFICALLY AUTHORIZED BY STATUTE ARE NOT RECOVERABLE

28 U.S.C. § 1920 enumerates six categories of costs that may be taxed: (1) clerk and marshal fees, (2) fees for "recorded transcripts necessarily obtained for use in the case," (3) expenses for printing and witnesses, (4) expenses for exemplification and necessary copies, (5) docket fees, and (6) compensation of interpreters and court-appointed experts.

If Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever. *Crawford Fitting Co. v. J. T. Gibbons, Inc*., 482 U.S. 437, 441 (1987).

"Expenses not specifically authorized by statute are not recoverable as costs." *Medina v. Catholic Health Initiatives*, 1:13-cv1249-REB-KLM, 2017 WL 219314 at *1 (D. Colo. 2017). Section 1920 does not allow the Clerk to award costs "associated with the making of copies, or even [costs] necessary to the production of copies." Id. at *2. In fact, even costs that "may have promoted efficiency and economy in the discovery process" are not necessarily recoverable. Id. Rather, "[t]he language of the statute is narrow and controlling." Id. The statute provides that only the "costs of making copies" are recoverable. 28 U.S.C. § 1920(4). Computer-Assisted Legal Research (CALR) – fee-paid services through Westlaw, Lexis/Nexis, Bloomberg, Casemaker, Colorado Courts E-Filing[2], and PACER – are not awardable under 28 U.S.C. § 1920. *Sorbo v. U.P.S.*, 435 F.3d 1169, 1180 (10th Cir. 2005); *Jones v. Unisys Corp*., 54 F.3d 624, 633 (10th Cir. 1995). Therefore, errand expenses (ECF 235, p. 9), Pacer Fee, and LA Court Fee (ECF 235, p. 11) are not recoverable under 28 U.S.C. § 1920.

---

[2] California Courts E-filing is analogous to Colorado Courts E-Filing.

Further, Pacer fees are incurred from use of the e-filing system (CM/ECF). After receipt of a "Notice of Electronic Filing" from a court order, opposing party's filing, or an attorney's own filing, an ECF user has an opportunity to download the document at no charge = "one free look." The clerk will not award PACER charges because of this opportunity for free downloading, nor will the clerk award costs for searches of previous filings or other cases – such searches are a form of Computer-Assisted Legal Research (CALR) not permissible under 28 U.S.C. §1920. *Sorbo v. U.P.S.*, 435 F.3d 1169, 1180 (10th Cir. 2005); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995).

## III. EXPENSES INCURRED MERELY FOR THE CONVENIENCE OF COUNSEL IS NOT RECOVERABLE

The burden is on the party seeking costs to establish the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1208 (10th Cir. 1986). Items proposed by prevailing parties "as costs should always be given careful scrutiny." *U.S. Indus., Inc. v. Touche Ross Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), overruled on other grounds as recognized by *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996). The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. *Touche Ross*, 854 F.2d at 1245.

A. <u>Errand Expenses Are Not Recoverable</u>

Although Defendant described the $194.30 as cost associated with obtaining evidence for the Deposition, the invoice shows it is in fact errand expenses which include tips (ECF 235, p. 9). Defendant provided no information or evidence showing what particular evidence was

3

obtained by spending $194.30, including why such expenses in obtaining evidence included tips. As such, errand expenses are not recoverable.

B. Pacer Fee and LA Court Fee (ECF 235, p. 11) Are Not Recoverable

Any and all court documents are reviewable free of charge at the court house. Reviewing court documents remotely for a fee is merely for the convenience of counsel. Pacer Fee and LA Court Fee (ECF 235, p. 11) for reviewing court documents remotely are not recoverable merely for the convenience of counsel.

C. Court Hearing or Conference Transcript Fees Are Not Recoverable

Court hearing transcripts are often taken to assist practitioners with keeping track of a myriad of court rulings on pending motions, discovery matters, trial practices, or jury instructions. If a transcript is ordered to assist counsel in understanding what the court has ordered, counsel can take notes themselves or assign staff to do so – but a printed court transcript is not "necessarily obtained" in the sense of § 1920. Use of a transcript for those purposes is a matter of "convenience of counsel" and the clerk exercises discretion and declines awards on this basis.

A hearing transcript that is "actually used" in a case, as part of the record, is far more likely to be awarded – "the most direct evidence of necessity is the actual use of materials obtained by counsel or by the court." *Nero v. Amer. Fam. Mutual Ins. Co*., No. 11-CV-02717-PAB-MJW, 2013 WL 5323262, at 5 (D.Colo. Sept. 23, 2013). Not all "cited" or referenced hearing materials will be awarded however – a transcript that is used as a means to summarize a court's rulings, that seems to duplicate information available elsewhere, or one not used by the court in reaching a decision have been grounds for a court's denial of costs for court transcripts.

*Crandall v. City & Cty. of Denver, Colo*., 594 F. Supp. 2d 1245, 1248 (D. Colo. 2009). The clerk, however, will be less exacting by not examining what seems unnecessarily repetitive or by scrutinizing the record to gauge what the Court did or did not use for its important decisions. The clerk will be satisfied that pretrial transcripts are cited in motions or other court documents (not necessarily dispositive) and the end result was successful as to the motion. *Nero*, 2013 WL 5323262, at *5 (use of transcripts in litigating discovery disputes and responding to post-judgment motion requiring re-examining of discovery issues). See also *Karsian v. Inter-Regional Finance Group, Inc*., 13 F.Supp.2d 1085, 1091 (D. Colo. 1998) (award of pretrial transcripts).

Defendant failed to provide any information or evidence showing how the court hearing or conference transcripts were used in this case for a substantive purpose. None of the deposition exhibits include any court hearing or conference transcripts. Decl., Luo ¶8. The transcript copy fees Defendant claims, ECF 235, pp. 14, 30, 32, were for counsel's convenience therefore are not recoverable.

**IV.    EXPENSES INCURRED SOLELY FOR DISCOVERY IS NOT RECOVERABLE**

Materials produced "solely for discovery" do not meet the threshold of "reasonably necessary to the litigation of the case." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009); *Furr v. AT T Techs., Inc*., 824 F.2d 1537, 1550 (10th Cir. 1987). There is no authority for the recovery of costs related to the copying of "pleadings" and motions. *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 174 F.R.D. 479, 484 (D. Colo. 1997). Reviewing court documents, including all court filings, is solely for discovery. The court documents Defendant reviewed from Pacer and LA Court (ECF 235, p. 11) can never be admissible evidence, nor can they even be introduced at trial. Therefore, Pacer Fee and LA Court Fee (ECF

235, p. 11) for reviewing court documents are not recoverable.

## V.     EXPENSES WITHOUT ADEQUATE EXPLANATION IS NOT RECOVERABLE

Even when costs are allowed by statute, the party seeking costs still must demonstrate that the amount requested is reasonable. See *U.S. Industries, Inc. v. Touche Ross & Co*., 854 F.2d 1223, 1245 (10th Cir. 1988), overruled on other grounds as recognized by *Anixter v. Home-Stake Products Co*., 77 F.3d 1215, 1231 (10th Cir. 1996).

Defendant provides no information about how errand expenses (ECF 235, p. 9), Pacer Fee and LA Court Fee (ECF 235, p. 11) were incurred, what and where they were used for, why they were necessarily incurred in this case, and HOW those costs contributed to Defendant becoming the prevailing party. See *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002) (the party seeking costs must provide "an adequate explanation for the necessity of the requested costs.") Therefore, errand expenses (ECF 235, p. 9), Pacer Fee and LA Court Fee (ECF 235, p. 11) are not recoverable for failure to provide an adequate explanation. See *Karsian v. Inter-Regional Financial Group Inc*., 13 F. Supp. 2d 1085, 1093 (D. Colo. 1998) (denying copying costs where prevailing party did not "demonstrate[] with sufficient specificity why these costs were necessarily obtained for use in this case");  *United Fire Casualty Co. v. Boulder Plaza Residential*, Civil Action No. 06-cv-00037-PAB-CBS, at *5-6 (D. Colo. Mar. 29, 2011) (denying copying costs for failure to "specify what these various copies were, even in broad categories, ... provides no basis for the Court to find that these copies were necessarily incurred in litigating this case" and failure to provide sufficient details as to the nature of these documents to determine whether they were necessary for use in the case.)

## VI. FEE OF EXPEDITED TRANSCRIPT IS NOT RECOVERABLE

The total award of all deposition transcripts does not include expedited, realtime, and rough draft charges, as such charges tend to be for counsel's convenience, unless there is a demonstrated need. *Stender v. Archstone-Smith Operating Tr.*, No. 07-CV-2503-WJM-MJW, 2018 WL 4635984, at *2 (D. Colo. Sept. 27, 2018).

Defendant apparently used expedited service because the transcript has approximately 250 pages which renders the deposition transcript fee as high as $10.63 per page ($2657.05/250=10.63). Ordinary transcript service is to deliver transcript within thirty (30) calendar days after a deposition. Defender ordered the transcript to be delivered within fourteen (14) calendar days after the deposition. Defendant failed to demonstrate any need for expedited deposition transcript. Therefore, expedited deposition transcript fee is neither reasonable nor recoverable.

Defendant also used expedited service for status conference - 08/24/2022, ECF 235, p. 14, and status conference - 04/08/2021, ECF 235, p. 30, therefore, charges for expedited transcripts are not recoverable.

## VII. UNREASONABLY LENGTHY DEPOSITION

The injured party has a duty to mitigate costs by not overstaffing, overresearching or overdiscovering clearly meritless claims. *White v. GMC, Inc.*, 908 F.2d 675, 684 (10th Cir. 1990) (quoting *Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers*, 855 F.2d 1080, 1092-94 (3d Cir. 1988); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878-81 (5th Cir. 1988) (en banc).) On one hand Defendant claimed Plaintiff's claims were meritless, ECFs 132, 226, on the other hand Defendant chose in court deposition, the most expensive way to

7

depose Plaintiff, and used a native English speaking attorney over an interpreter who would charge a much lower rate to conduct an unreasonably lengthy deposition despite concrete evidence was readily available to show Defendant was in fact the travel insurance claimant prior to the deposition.

In light of the unambiguous documentary evidence, ECF 194, demonstrating Defendant was the insurance claimant and actual insured, and it was Defendant, not Plaintiff, cashed the refund check and pocketed the insurance refund, the seven-hour deposition was excessive and unnecessary. Defendant failed to provide any information or evidence explaining how an unreasonably lengthy deposition contributed to Defendant becoming the prevailing party.

Defendant failed to establish the reasonableness of each dollar and each hour by failing to demonstrate what part of Plaintiff's testimony would change the facts that it was Defendant, not Plaintiff, signed the proof of claim as the insurance claimant, that all email correspondence made to the insurance company was by Defendant, not Plaintiff, that Defendant, not Plaintiff, pocketed the insurance refund, and that Defendant, after pocketing the insurance refund, spread libel that Plaintiff defrauded the insurance and used the insurance refund to buy a ticket flying to California from Colorado. Decl., Luo ¶2.

**VIII. DEFENDANT CANNOT RECOVER THE SAME EXPENSE TWICE**

Defendant is not entitled to recover the same expense twice, such as transcript cost for 9-22-2022, Hotel Booking non refundable, and transcript copy for 8/24/2022 that he has claimed pursuant to October 19, 2022 order. See ECF 227.

Defendant is not entitled to recover the hostel expenses $100.37 as he refused to stipulate to bear Plaintiff's travel expenses and caused Plaintiff to complete the travel for deposition all at

her own expenses. Decl., Luo ¶5-7.

## IX.     AN AWARD OF COSTS TO AN INDIGENT PARTY SHOULD BE BARRED

"Circumstances in which a district court may properly deny costs to a prevailing party include when (1) the prevailing party is 'only partially successful,' (2) the prevailing party was 'obstructive and acted in bad faith during the course of the litigation,' (3) damages are 'only nominal,' (4) the nonprevailing party is indigent, (5) costs are 'unreasonably high or unnecessary,' or (6) the issues are 'close and difficult.'" *Debord v. Mercy Health System of Kansas, Inc*., 737 F.3d 642, 659–60 (10th Cir. 2013) (quoting *Cantrell v. Int'l Bhd. of Elec. Workers*, AFL-CIO, Local 2021, 69 F.3d 456, 458 (10th Cir. 1995)).

Plaintiff was granted Leave to Proceed In Forma Pauperis in this case and relevant proceedings. ECFs 2, 5, 225. Plaintiff being indigent and Defendant's unreasonably high or unnecessary costs should bar an award of costs against Plaintiff.

## X.      OBJECTIONS BY ITEMS

| Item# | Cost description | Amount | Objections |
|---|---|---|---|
| 1 | Transcript cost for the Deposition on 9-22-2022. Exhibit A-1. | 2,657.05 | Charges for expedited transcripts are typical prohibited costs. The clerk limits the total award of all deposition transcripts by eliminating expedited, realtime, and rough draft charges, as such charges tend to be for counsel's convenience, unless there is a demonstrated need.<br>Transcript fee of unreasonably lengthy deposition is not recoverable. See Part VI, VII, VIII. |
| 2 | Hotel Booking non-refundable for Plaintiff's stay during the deposition period 9-22-2022 to 9-24-2022. Exhibit A-2. | 100.37 | Defendant is not entitled to recover the hostel expenses $100.37 as he refused to stipulate to bear Plaintiff's travel expenses and caused Plaintiff to complete the travel for deposition all at her own expenses. See Part VIII. |

9

| 3 | Cost associated with obtaining evidence for the Deposition on 9-22-2022. Exhibit A-3. | 194.3 | The invoice shows it is in fact errand expenses and it included tips. Defendant failed to explain what particular evidence was obtained and why obtaining evidence included tips. See Part II, III, IV, V. |
|---|---|---|---|
| 4 | Cost associated with obtaining evidence for the Deposition on 9-22-2022. Exhibit A-4. | 65.81 | The invoice shows it is in fact costs for obtaining court documents, similar to Pacer fee or Colorado Courts E-filing. Fee-paid services through California Courts E-filing and Pacer are not awardable under 28 U.S.C. §1920. Costs for searches of previous filings or other cases – such searches are a form of Computer-Assisted Legal Research (CALR) not permissible under 28 U.S.C. §1920. *Sorbo v. U.P.S.*, 435 F.3d 1169, 1180 (10th Cir. 2005); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995).<br>Defendant failed to explain what particular evidence was obtained. None of the exhibits used during deposition included any LA court cases. See Part II, III, IV, V. |
| 5 | Transcript copy fee for the court date 8/24/2022. Exhibit A-5. | 334.65 | The invoice shows it was status conference and expedited. Charges of expedited transcripts are not recoverable.<br>Court hearing transcripts are often taken to assist practitioners with keeping track of a myriad of court rulings on pending motions, discovery matters, trial practices, or jury instructions. If a transcript is ordered to assist counsel in understanding what the court has ordered, counsel can take notes themselves or assign staff to do so – but a printed court transcript is not "necessarily obtained" in the sense of §1920. Use of a transcript for those purposes is a matter of "convenience of counsel."<br>None of the exhibits used during deposition included the transcript of 8/24/2022 conference. Defendant failed to provide any information or evidence showing how any of the hearing or conference transcript was "actually used" in this case, as part of the record. See Part II, III, IV, V, VIII. |

10

| 6 | Pacer Fee Usage From 01-01-2021 to 03-31-2021. Exhibit A-6. | 446.4 | Costs for searches of previous filings or other cases – such searches are a form of Computer-Assisted Legal Research (CALR) not permissible under 28 U.S.C. §1920. *Sorbo v. U.P.S.*, 435 F.3d 1169, 1180 (10th Cir. 2005); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995). Expenses incurred solely for discovery or counsel's convenience are not recoverable. See Part II, III, IV, V. |
| 7 | Pacer Fee Usage From 04-01-2021 to 06-30-2021. Exhibit A-7. | 186.1 | Costs for searches of previous filings or other cases – such searches are a form of Computer-Assisted Legal Research (CALR) not permissible under 28 U.S.C. §1920. *Sorbo v. U.P.S.*, 435 F.3d 1169, 1180 (10th Cir. 2005); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995). Expenses incurred solely for discovery or counsel's convenience are not recoverable. See Part II, III, IV, V. |
| 8 | Pacer Fee Usage From 07-01-2021 to 09-30-2021. Exhibit A-8. | 124.1 | Costs for searches of previous filings or other cases – such searches are a form of Computer-Assisted Legal Research (CALR) not permissible under 28 U.S.C. §1920. *Sorbo v. U.P.S.*, 435 F.3d 1169, 1180 (10th Cir. 2005); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995). Expenses incurred solely for discovery or counsel's convenience are not recoverable. See Part II, III, IV, V. |
| 9 | Pacer Fee Usage From 10-1-2021 to 12-31-2021. Exhibit A-9. | 55.4 | Costs for searches of previous filings or other cases – such searches are a form of Computer-Assisted Legal Research (CALR) not permissible under 28 U.S.C. §1920. *Sorbo v. U.P.S.*, 435 F.3d 1169, 1180 (10th Cir. 2005); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995). Expenses incurred solely for discovery or counsel's convenience are not recoverable. See Part II, III, IV, V. |
| 10 | Pacer Fee Usage From 1-1-2022 to 3-31-2022. Exhibit A-10. | 23.2 | Costs for searches of previous filings or other cases – such searches are a form of Computer-Assisted Legal Research (CALR) not permissible under 28 U.S.C. §1920. *Sorbo v. U.P.S.*, 435 F.3d 1169, 1180 (10th Cir. 2005); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995). Expenses incurred solely for |

| | | | |
|---|---|---|---|
| | | | discovery or counsel's convenience are not recoverable. See Part II, III, IV, V. |
| 11 | Pacer Fee Usage from 4-1-2022 to 6-30-2022. Exhibit A-11. | 63.9 | Costs for searches of previous filings or other cases – such searches are a form of Computer-Assisted Legal Research (CALR) not permissible under 28 U.S.C. §1920. *Sorbo v. U.P.S.*, 435 F.3d 1169, 1180 (10th Cir. 2005); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995). Expenses incurred solely for discovery or counsel's convenience are not recoverable. See Part II, III, IV, V. |
| 12 | Pacer Fee Usage from 7-1-2022 to 9-30-2022. Exhibit A-12. | 52.3 | Costs for searches of previous filings or other cases – such searches are a form of Computer-Assisted Legal Research (CALR) not permissible under 28 U.S.C. §1920. *Sorbo v. U.P.S.*, 435 F.3d 1169, 1180 (10th Cir. 2005); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995). Expenses incurred solely for discovery or counsel's convenience are not recoverable. See Part II, III, IV, V. |
| 13 | Transcript copy fee for the court date 4/8/2021. Necessary to brief the issues. Exhibit A-13. | 28.8 | The invoice shows it was expedited transcript. Expedited transcript charges are typical prohibited costs.<br>Court hearing transcripts are often taken to assist practitioners with keeping track of a myriad of court rulings on pending motions, discovery matters, trial practices, or jury instructions. If a transcript is ordered to assist counsel in understanding what the court has ordered, counsel can take notes themselves or assign staff to do so – but a printed court transcript is not "necessarily obtained" in the sense of §1920. Use of a transcript for those purposes is a matter of "convenience of counsel."<br>Defendant failed to provide any information or evidence showing how any of the hearing or conference transcript was "actually used" in this case, as part of the record. See Part II, III, IV, V, VI. |
| 14 | Transcript copy fee for the court date 5/31/2022. Exhibit A-14. | 68.4 | The invoice shows it was discovery conference. Court hearing transcripts are often taken to assist practitioners with keeping track of a myriad of court rulings on pending motions, |

| | | | |
|---|---|---|---|
| | | | discovery matters, trial practices, or jury instructions. If a transcript is ordered to assist counsel in understanding what the court has ordered, counsel can take notes themselves or assign staff to do so – but a printed court transcript is not "necessarily obtained" in the sense of §1920. Use of a transcript for those purposes is a matter of "convenience of counsel." <br> Defendant failed to provide any information or evidence showing how any of the hearing or conference transcript was "actually used" in this case, as part of the record. See Part II, III, IV, V, VI. |
| | Total | $4,400.78 | |

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's bill of costs in its entirety.

Dated: November 25, 2022   Respectfully submitted,

*/s/ Xingfei Luo*
Plaintiff in Pro Se and sole author

13

## DECLARATION OF XINGFEI LUO

I, Xingfei Luo, declare and state:

1. I am the plaintiff in this case. I have personal knowledge of the facts in this declaration. If called on to testify, I could and would competently do so under oath.

2. In 2013 I never bought a ticket flying to California to Colorado.

3. In my entire life, I speak primarily a language other than the English language.

4. I was granted Leave to Proceed In Forma Pauperis in this case. ECFs 2, 5. Since then my financial condition has not changed.

5. On September 14, 2022 I asked Ms Donnelly to enter a stipulation that Defendant would bear all my travel expenses for the deposition on Sep 22, 2022 but she refused to do so by stating Defendant would only comply with court orders while the court did not order Defendant to pay for my travel expenses. A true and correct copy of the correspondence is attached hereto as Exhibit 1.

6. On September 19, 2022 I informed the court that I had no sufficient financial means to complete the trip to Denver and inquire whether the court would allow remote deposition. After receiving my email Ms Donnelly did not inform me that Defendant would pay for my lodging in Denver. A true and correct copy of the correspondence is attached hereto as Exhibit 2.

7. I did not stay in the hostel Defendant booked as he refused to enter a stipulation to bear my travel expenses. I appeared for the deposition on September 22, 2022 all at my own expenses.

8. During the deposition on September 22, 2022, Defendant used eleven exhibits. A true and correct copy of the exhibit list is attached hereto as Exhibit 3.

9. I have reviewed the transcript of the deposition on September 22, 2022. There are about 250 pages of deposition transcript and there are only approximately 20 pages related to the questioning of my immigration matter.

I declare under penalty of perjury, that the foregoing is true and correct.

DATED: NOVEMBER 25, 2022

*/S/ XINGFEI LUO*

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. The CM/ECF system will send notification of such filing to all ECF registered users.

DATED: NOVEMBER 25, 2022

                                        */s/ Xingfei Luo*