EXHIBIT 1

**Claims Administration Office for Stonebridge Casualty Insurance**

Travelex Claims
4600 Witmer Industrial Estates, Suite 6
Niagara Falls, NY 14305
Telephone: 1-855-876-3447  Fax: 877-367-2496

<div style="border:1px solid">

**TRIP INTERRUPTION
NON MEDICAL CLAIM FORM**

</div>

**Please Note:**  *Benefits under any coverage will not be paid for expenses reimbursed or services provided by any other source.
Benefits cannot be duplicated under this Protection Plan.*

**PROOF OF CLAIM** MUST BE SUBMITTED WITHIN 90 DAYS OF THE OCCURRENCE

| Part I | GENERAL INFORMATION |
|---|---|

Claimant's Name *(Last, First)*  — *Claimant is Paul Wang*
WANG, PAUL

Conf. No./Booking No.  1 6 6 4 1 2 0 8

Date of Birth  ▮▮▮▮

Full Address
11505 E. Virginia Place, Aurora, CO 80012  *Paul Wang's residence in 2013.*

Home Phone No.
720 323 1113  *Same phone # as Dkt. 28*

Business Phone No.

Full name of all persons claiming | Ages | Relationship to Claimant | Policy No.
1) N/A
2)
3)
4)

Tour Operator's Name (e.g. Cruise Line, Airline, etc)
Cheap O air

Travel Suppliers Name
Cheap O air          Telephone No.

Travel Supplier's Address
135 W 50th Street, Suite 500, New York, NY 10020

| Date Initial Deposit Paid for Trip | Date of Final Payment for Trip | Departure Date | Scheduled Return Date | Actual Return Date |
|---|---|---|---|---|
| 06/17/2013 | 06/17/2013 | 07/03/2013 | 09/11/2013 | |
| *(MM / DD / YY)* | *(MM / DD / YY)* | *(MM / DD / YY)* | *(MM / DD / YY)* | *(MM / DD / YY)* |

Departure City  Hong Kong, China

Destination *(City, Country)*  Denver, USA

| Part II | EXPLANATION OF LOSS |
|---|---|

Type of claim  ☐ Cancellation   ☒ Interruption

Reason for cancellation/interruption/delay

Passport lost/stolen

| Total Amount of Claim (in US $) | Tour Cost Per Person (in US $) | Cruise Cost Per Person (in US $) | Air Fare Per Person (in US $) |
|---|---|---|---|
| 1364 00 | 1364.00 | N/A | 1364.00 |

| Date trip was cancelled, interrupted or delayed | Length of delay (hours, days) | Did you receive a refund from the Travel Agent/Tour Operator after cancellation?  ☐ Yes ☒ No | If Yes, please indicate amount |
|---|---|---|---|
| 08/31/2013 *(MM / DD / YY)* | N/A | | N/A |

**For Trip Interruption, please indicate any additional transportation cost incurred**

| Type of Expense | Date incurred *(MM / DD / YY)* | Amount |
|---|---|---|
| 1) N/A | | |
| 2) | | |
| 3) | | |

**Please enclose the original receipts for the above claimed expenses**

**IMPORTANT – CLAIM CANNOT BE PROCESSED IF THIS FORM IS INCOMPLETE. PLEASE COMPLETE ALL APPLICABLE AREAS.**

## EXPLANATION OF LOSS CONTINUED

| Scheduled number of nights on Trip | Number of nights missed due to Interruption | Was the Interruption caused by the Common Carrier? (i.e. Airline, Cruise Line, etc)   ☐ Yes ☒ No | If Yes, was any compensation received?   ☐ Yes ☐ No |
|---|---|---|---|
| N/A | N/A | | |

| If Yes, please explain or indicate amount (in US $) | Name of Airline on which you returned home or rejoined Trip |
|---|---|
| N/A | |

| Point of departure | Destination |
|---|---|
| Denver, CO, USA | Hong Kong, China |

| Date returned home or rejoined Trip | Was this the lowest fare available? | Was a substitute flight provided by the Tour Operator/Airline? | Did you receive a credit for future travel? |
|---|---|---|---|
| N/A   (MM / DD / YY) | ☐ Yes ☐ No | ☐ Yes ☐ No | ☐ Yes ☐ No |

| Is the original unused return ticket enclosed?   ☒ Yes ☐ No | If Not, Please Explain   N/A |
|---|---|

IF THE INTERRUPTION WAS CAUSED BY THE COMMON CARRIER, PLEASE ATTACH WRITTEN NOTIFICATION FROM THE COMMON CARRIER REGARDING CANCELLATION OR PROVIDE DETAILS REGARDING DELAY AND TIMES.

## Part III                OTHER COVERAGE

| Did you purchase any portion of your trip on a Credit Card?   ☒ Yes ☐ No | If Yes, name and type of Credit Card (e.g. Visa Gold card)   Chase Sapphire |
|---|---|

| Do you have any other Insurance Coverage/Plans? (e.g. Travel, Credit Cards, etc)   ☐ Yes ☒ No | Has your loss been reported to any other Insurance Company?   ☐ Yes ☒ No | If Yes, which Company?   N/A |
|---|---|---|

| 1) Name of Insurance Company | Policy No. | Telephone No. |
|---|---|---|
| | | |

| Address of Insurance Company |
|---|
| |

| 2) Name of Insurance Company | Policy No. | Telephone No. |
|---|---|---|
| | | |

| Address of Insurance Company |
|---|
| |

**I DECLARE THAT THE ABOVE INFORMATION IS TRUE, COMPLETE AND CORRECT.**
*I/We authorize any other insurance plan, under which I/we have coverage, to disclose information as may be necessary or to make payment in respect of my/our claim to Stonebridge Casualty Insurance Company directly. I/We also authorize Stonebridge Casualty Insurance Company to disclose to any other Plan, under which I/we have coverage, any and all information as may be necessary with respect to my/our claim.*

Signature of Insured/Claimant        Same signature as Dkt. 28

Date   9/2/2013   (MM / DD / YY)

Signature of Insured/Claimant        Date   (MM / DD / YY)



| Payment Due Date | New Balance | Past Due Amount | Minimum Payment | or | Blueprint Payment |
|---|---|---|---|---|---|
| 08/01/13 | $1,905.64 | $25.00 | $84.00 | | $123.86 |

**Account number:** ▮▮▮▮ 6643

$ _____

Make your check payable to:
**Chase Card Services.**
Please write amount enclosed.
New address or e-mail? Print on back.

▮▮▮▮▮▮5430000840000190564000123860000000

33847 8EX Z 18513 D
PAUL M WANG
11505 E VIRGINIA PL
AURORA CO 80012-2257

<span style="color:red">Paul Wang's residence in 2013</span>

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

5000 160 28        66436

# CHASE
## SAPPHIRE℠

Manage your account online:
www.chase.com

Customer Service
1-800-493-3319

Additional contact
information on back ⇨

## ACCOUNT SUMMARY

**Account Number: 4147 2021 1930 6643**

| | |
|---|---|
| Previous Balance | $313.90 |
| Payment, Credits | $0.00 |
| Purchases | +$1,551.63 |
| Cash Advances | $0.00 |
| Balance Transfers | $0.00 |
| Fees Charged | +$25.00 |
| Interest Charged | +$15.11 |
| New Balance | $1,905.64 |
| Opening/Closing Date | 06/05/13 - 07/04/13 |
| Credit Access Line | $18,700 |
| Available Credit | $0 |
| Cash Access Line | $3,740 |
| Available for Cash | $0 |

## PAYMENT INFORMATION

| | |
|---|---|
| New Balance | $1,905.64 |
| Payment Due Date | 08/01/13 |
| Minimum Payment Due | $59.00 |
| Past Due Amount | $25.00 |
| Total Minimum Payment Due | $84.00 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00 and your APR's will be subject to increase to a maximum Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 10 years | $3,462 |
| $66 | 3 years | $2,390 (Savings=$1,072) |

If you would like information about credit counseling services, call 1-866-797-2885.

**Please pay the Minimum Payment shown at the top of this statement.** It includes any past due and amounts over the credit access line. The minimum payments used to calculate the estimates shown in the above table do not include past due or amounts over the credit access line.

## ULTIMATE REWARDS® SUMMARY

| | | |
|---|---|---|
| Previous points balance | 321 | Start redeeming today. Visit Ultimate |
| + 1 Point per $1 on all other purchases | 1,552 | Rewards® at www.ultimaterewards.com |
| + 1 Point per $1 earned on dining | 67 | |
| + Bonus points on Ultimate Rewards Travel | 0 | |
| + Points transferred to another account | -321 | |
| = Total points available for redemption | 1,619 | |

As a Chase Sapphire customer you earn 1 point per dollar on all purchases, and an additional point for each dollar you spend when dining at restaurants. Plus, you earn an additional point per dollar spent when you book airfare and hotel accommodations online through Ultimate Rewards®. Learn more about your card benefits at www.chase.com/ultimaterewards

## BLUEPRINT SUMMARY

Here is a summary of your plan totals for this month:

| ☑ Full Pay | 🌀 Split | 🎯 Finish It |
|---|---|---|
| $66.94 | For details to go www.chase.com/blueprint | For details to go www.chase.com/blueprint |

**BLUEPRINT Payment** $123.86

NOTE: Pay this amount to stay on track with your Blueprint plan(s). This amount includes your minimum payment due, so only one payment is needed.

See the **BLUEPRINT Feature Activity** section of this statement for more details on this month's activity.

**This Statement is a Facsimile - Not an original**

Statement Date:   06/05/13 - 07/04/13
Account Number:   4147 2021 1930 6643
Page 2 of 3
OVER

*Paul Wang's credit card statement. In June 2013 Plaintiff was not in the U.S.*

## ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| | **PURCHASES** | |
| 06/03 | IKEA CENTENNIAL CENTENNIAL CO | 8.83 |
| 06/02 | THE HOME DEPOT 1501 AURORA CO | 53.31 |
| 06/05 | BROCK & COMPANY - 352 MALVERN PA | 3.42 |
| 06/03 | HARBOR FREIGHT TOOLS 59 AURORA CO | 32.38 |
| 06/15 | SUSHI KATSU GREENWOOD VLG CO | 29.69 |
| 06/19 | CHEAPOAIR.COM AIR 888-793-4229 NY | 62.00 |
| 06/18 | AMERICAN AI 0017287055136 NEW YORK NY | 1,337.00 |
| | 070313 1 N      HKG      NRT | |
| | 2 N      NRT      LAX | |
| | 3 NX      LAX      DEN | |
| | 4 NO      DEN      ORD | |
| 06/22 | SUSHI KATSU GREENWOOD VLG CO | 25.00 |
| | **FEES CHARGED** | |
| 07/01 | LATE FEE | 25.00 |
| | TOTAL FEES FOR THIS PERIOD | $25.00 |
| | **INTEREST CHARGED** | |
| 07/04 | PURCHASE INTEREST CHARGE | 15.11 |
| | TOTAL INTEREST FOR THIS PERIOD | $15.11 |

*$62 paid for insurance. $1337 paid for air tickets. All was paid by Paul Wang.*

| 2013 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2013 | $25.00 |
| Total interest charged in 2013 | $15.11 |

Year-to-date totals reflect all charges minus any refunds applied to your account.

## INTEREST CHARGES

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Balance Type | Annual Percentage Rate (APR) | Balance Subject To Interest Rate | Interest Charges |
|---|---|---|---|
| **PURCHASES** | | | |
| Purchases | 15.24% (v) | $1,206.28 | $15.11 |
| **CASH ADVANCES** | | | |
| Cash Advances | 19.24% (v) | -0- | -0- |
| **BALANCE TRANSFERS** | | | |
| Balance Transfer | 15.24% (v) | -0- | -0- |

(v) = Variable Rate                                    30 Days in Billing Period

Please see Information About Your Account section for the Calculation of Balance Subject to Interest Rate, Annual Renewal Notice, How to Avoid Interest on Purchases, and other important information, as applicable.

## BLUEPRINT FEATURE ACTIVITY

☑ **Full Pay**                          **Full Pay Payment Due: $66.94**

Below is your spending in your Full Pay categories. You can avoid interest when you pay these purchases in full each month, even when you carry a balance. Remember, you can change your categories any time.

| Full Pay Category | Category Spending | Number of Transactions |
|---|---|---|
| Restaurants | $66.94 | 4 |
| Departmt/Clothing Store | $0.00 | 0 |
| Drugstores | $0.00 | 0 |
| Entertainment | $0.00 | 0 |
| Gas Stations | $0.00 | 0 |
| Grocery Stores | $0.00 | 0 |
| Health Club/Memberships | $0.00 | 0 |
| Dry Cleaner/Laundromats | $0.00 | 0 |
| Office Supply Stores | $0.00 | 0 |
| Salon/Beauty Supply | $0.00 | 0 |
| Transit | $0.00 | 0 |
| Utilities | $0.00 | 0 |
| Wholesale/Discount Club | $0.00 | 0 |
| All Blink Purchases | $0.00 | 0 |
| **Total** | **$66.94** | |

**This Statement is a Facsimile - Not an original**

X 0000001 FiS33338 D 13          000   N   Z   04   13/07/04          Page 2 of 3          06530   MA MA  33847          1851000013000334702



**BLUEPRINT FEATURE ACTIVITY CONTINUED**

Full Pay Historical Spending

Your Full Pay has been activated, as requested.  To avoid interest on your Full Pay purchases, make purchases in these categories and pay them in full each month.  Paying your Blueprint payment will satisfy your account minimum due and your Full Pay purchases.



**This Statement is a Facsimile - Not an original**

X  0000001   FIS33338 D 13          000   N   Z   04   13/07/04          Page 3 of 3          06530   MA MA  33847       1651000013000338470

EXHIBIT 2

3/10/22, 9:21 AM                                                                                    ORIS - PROD

ORIS - PROD - Version 4.1.0.38439                                                                          RPOLICELLI

| Home | Organization | Policy | Claims | Reports | Accounting | Activities | Utilities | | Log Out |

Claim: 201A713842-1  Policy: 201A713842        Return          Connections:  201A713842-1 ▮▮▮▮▮ / CLOSED / Trip Interruption ⌄

| | | | | | |
|---|---|---|---|---|---|
| Insured: | ▮▮▮▮ | Opened: | jbotelho (09/06/2013) | Travel Dates: | 07/03/2013 - 09/12/2013 | Branch: | FAREPORTAL INC (32-0493) |
| Plan: | 201A - cheapOair Base (TXS-cOaBase) | Closed: | dmcnally (09/17/2013) | Application Date: | 06/18/2013 | Reserve Available: | 0.00 |
| Benefit: | Trip Interruption (TI) | Loss Date: | 08/31/2013 | Effective Date: | 06/19/2013 | EOC Num: | 201A-0112 | Admin Overview: | Not Available |

**View**

Claim Info

Policy Connections (0)

**Activities (17) »**

Documents (11)

Tasks (0/3)

Notes (0)

Workflows (0)

Policy Summary

Events (9)

Payees (0)

**Actions**

| Change Status |
| Add Payment |
| Add Recovery |
| Authorize Payments (0) |
| Delete Claim |

**Activities**

Ref Num: (all) ⌄     Activity Type: (all) ⌄                                          Add Activity

| | Created | Context | Ref Num | Acty Type | Title | Details | Email Subject | Email To | Email Body | Document(s) | Operator | Actions |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12/15/2021 01:10 PM | Claim | 201A713842-1 | Miscellaneous | Miscellaneous | Documents from file have been uploaded. | | | | Copy of RA Sheets & Notes from Examiner (394883).pdf TINM Form (394884).pdf Email from Mukesh Thakur (394885).pdf Emails from Paul Wang (394886).pdf CC Statement (394887).pdf Police Report (394888).pdf | Sarah Williams | |
| | 12/15/2021 09:59 AM | Claim | 201A713842-1 | Review | Note to File | File retrieved from to storage. File contents to be scanned to ORIS and original file to be held in the office. No action needed regarding subpoena at until received. | | | | | Marnie English | |
| | 12/07/2021 01:18 PM | Claim | 201A713842-1 | Review | Note to File | Emailed management regarding possible subpoena. | | | | | Debbie McNally | |
| | 12/07/2021 01:11 PM | Claim | 201A713842-1 | Incoming Email | CL-Legal | Dec 7, 2021 Email from Paul Wang Hello Travelex, Please preserve all documents for Policy #: 201A713842 We will be sending subpoena for all documents and cashed check copies/information soon for a federal lawsuit. Thanks, | | | | FW Auto Reply RE EXTERNAL - Re Policy # 201A713842 Correspondence Letter (Thread 807495) (393180).pdf | Cindy Dungavel | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Paul<br><br>show less | | | | | |
| 07/14/2021 11:23 AM | Claim | 201A713842-1 | Review | Note to File | Management has already been advised of the email received from Paul Wang. Transamerica is being contacted as per CT's activity below. Emailed CT to advise an email is now submitted from lawyer. | | | | | Debbie McNally |
| 07/14/2021 11:17 AM | Claim | 201A713842-1 | Incoming Email | CL-Legal | July 14, 2021<br>Email from Azizpour Donnelly, LLC | | | | FW EXTERNAL Legal Hold - Re Policy # 201A713842 (368161).pdf | Cindy Dungavel |
| 07/14/2021 11:16 AM | Policy | 201A713842 | Incoming Email | CL-Legal | From: Cassandra Timms<br>Sent: Wednesday, July 14, 2021 11:15 AM<br>To: Angela Madathil<br>Cc: TIS Reviews ; CC Supervisor<br>Subject: RE: [EXTERNAL]Policy #: 201A713842 Correspondence Letter - claims documentation request<br><br>Good morning Angela –<br><br>We are aware of an inquiry from an individual by the name of Paul Wang and his attorney. This is not the insured on this policy, so are unable to provide policy/claim details. We will be consulting Transamerica.<br><br>Thanks for providing the heads-up.<br><br>Cass<br><br>Cassandra Timms<br>Vice President | A&S Operations<br><br>T: 905.523.5936 x1353 | F: 866.551.1704 | TF: 800.465.0661 x1353<br>ctimms@orican.com<br>Old Republic Canada | Old Republic Insurance Group<br>100 King St W., Hamilton, ON L8N 3K9<br>www.orican.com<br>show less | | | | RE EXTERNALPolicy # 201A713842 Correspondence Letter - claims documentation request (368154).msg | Brenda Lupton |
| 03/12/2021 04:36 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Insured's friend called to ask about status of claim. He asked if payment was issued. Explained that yes, however I cannot release details as I can only provide to insured directly. He advised that this person has filed lawsuit against him. Apologized but advised legally without written auth I cannot provide at this time. He wanted me to note that they may have to subpoena records for lawsuits. Advised would note file.<br>show less | | | | | Melissa Charko |
| 09/18/2013 06:02 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Insured boyfriend called for status. I adv check issued Sept 17th .He insisted on the amount.I adv to have the insured contact us. | | | | | Emmanuel Kimenyi |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/17/2013 11:02 AM | Claim | 201A713842-1 | Incoming Mail | CL-Insured | Sept 17, 2013<br>Note from Mukesh Thakur | | | | Cindy Dungavel | |
| 09/17/2013 08:32 AM | Claim | 201A713842-1 | Review | File to Checking | TICKET COST IS $1346.00. INSURANCE IS NON-REF.<br><br>UNUSED RETURN TICKET IS $673.00.<br><br>ALSO - POLICY IS FOR XINGFEI LUO. ALL DOCS ON FILE RELATE TO THIS PERSON. PAYMENT IS TO THE INSURED. THERE IS NO AUTH ON FILE TO PAY A THIRD PARTY.<br>show less | | | | Debbie McNally | |
| 09/12/2013 08:40 AM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 11, 2013<br>Note from Paul Wang<br>CC Stat ement | | | | Cindy Dungavel | |
| 09/11/2013 02:34 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Paul called to check status. Advised requesting POP. He advised insured hasnt returned home and has cancelled return ticket.<br><br>Emailed correspondence to: student007@hotmail.com | | | | Maja Dodik | |
| 09/10/2013 01:39 PM | Claim | 201A713842-1 | Outgoing Letter | CL-Insured | requesting proof of payment for TINM -- if insured incurred a change fee as passport was stolen. No pop on file. Just police report.<br><br>emailed fareportal<br><br>file to pending. | | | Correspondence Merge(LTR001 - Blank with Tokens)-ENGLISH.docx | Brittany Bienker | |
| 09/06/2013 03:43 PM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 5, 2013<br>Email from Insured<br>TINM Form<br>Police Report<br>Email from Insured<br>Email from CheapOair | | | | Jennifer Botelho | |
| 09/04/2013 04:52 PM | Policy | 201A713842 | Incoming Call | CL-Insured | Insured called with general process questions - advised. Advised claim forms sent by e-mail not yet registered. | | | | Robert Steele | |
| 09/03/2013 03:40 PM | Policy | 201A713842 | Outgoing Email | CL-Claim Form Sent | Claim initiated. Paul requested TINM emailed to: student007@hotmail.com. He advised passport was stolen. Advised of report. | | | Correspondence Merge(FORM-PKG010A-Trip Interruption Non-Medical)-ENGLISH.docx | Maja Dodik | |

EXHIBIT 3

20IA713842

**Shelly Fozard**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Thursday, September 05, 2013 5:28 PM |
| **To:** | Shelly Fozard; Cindy Dungavel |
| **Subject:** | FW: CheapOair.com Booking # 16641208 |

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Thursday, September 05, 2013 5:24 PM
**To:** TravelexClaims
**Subject:** Fwd: CheapOair.com Booking # 16641208

This is regarding the claim for booking number 16681208. The attached email is from cheapoair confirming the cancellation of reservation.

Paul

Sent from my Samsung Galaxy Note® II

-------- Original message --------
From: cheapoair@cheapoair.com
Date: 09/05/2013 3:20 PM (GMT-07:00)
To: stealthzeus@gmail.com
Subject: CheapOair.com Booking # 16641208

Dear ██████

Thank you for choosing CheapOair.com.

This is in reference to booking #16641208
As per our telephone conversation, we would like to reconfirm the following details:
The ticket you have purchased is non-refundable but can be changed with a penalty of $103.00 plus difference in fare if any. The Changes have to be made prior to the departure date.  We have cancelled the return reservation as per your request.
Please reply to this email to confirm this conversation.

Thank You,
CheapOair.com

**Shelly Fozard**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Wednesday, September 04, 2013 4:29 PM |
| **To:** | Shelly Fozard |
| **Cc:** | Cindy Dungavel |
| **Subject:** | FW: Booking Number 16641208 Trip Interruption Claim |
| **Attachments:** | OpheliaClaim023.pdf |

**From:** Paul Wang [mailto:student007@hotmail.com]
**Sent:** Wednesday, September 04, 2013 4:25 PM
**To:** TravelexClaims; Me Haha
**Subject:** Booking Number 16641208 Trip Interruption Claim

Hi,

I am claiming trip interruption for booking number 16641208 due to theft of passport.
Please find the form and police report attached. Please let me know what else we need to provide.

Thank you.

Paul

EXHIBIT 4

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Thursday, September 05, 2013 5:24 PM
**To:** TravelexClaims
**Subject:** Fwd: CheapOair.com Booking # 16641208

This is regarding the claim for booking number 16681208. The attached email is from cheapoair confirming the cancellation of reservation.

Paul

Sent from my Samsung Galaxy Note® II

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | me to pending. | | | | | | |
| 09/06/2013 03:43 PM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 5, 2013 Email from Insured TINM Form Police Report Email from Insured Email from CheapOair | | | | | Jennifer Botelho |
| 09/04/2013 04:52 PM | Policy | 201A713842 | Incoming Call | CL-Insured | Insured called with general process questions - advised. Advised claim forms sent by e-mail not yet registered. | | | | | Robert Steele |
| 09/03/2013 03:40 PM | Policy | 201A713842 | Outgoing Email | CL-Claim Form Sent | Claim initiated. Paul requested TINM emailed to: student007@hotmail.com. He advised passport was stolen. Advised of report. | | | | Correspondence Merge(FORM-PKG010A-Trip Interruption Non-Medical)-ENGLISH.docx | Maja Dodik |

EXHIBIT 5



EXHIBIT 6

*201A713842*

**Cindy Dungavel**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Wednesday, September 11, 2013 3:46 PM |
| **To:** | Shelly Fozard; Cindy Dungavel |
| **Subject:** | FW: Credit card statement |
| **Attachments:** | creditcard.pdf |

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Wednesday, September 11, 2013 2:59 PM
**To:** TravelexClaims
**Subject:** Fwd: Credit card statement

Hi, this is regarding booking number 16641208. In the attached statement there are two transactions. One for the tickets, $1337, the other for the insurance $62.

Paul

Sent from my Samsung Galaxy Note® II

EXHIBIT 7

transvestism →

# 1 thought on "Paul Wang, Highlands Ranch, CO"



**Paul Wang**
at 4:28 am

███████ is my classmate from middle school. We met for the first time in almost 20 years in a class reunion in China in October 2012, and started a long distance relationship. In the summer of 2013, I invited her to come visit me in the states. After living with her for a while, I started to find out more and more about her. She had hidden much from me, and her true personality was shown to both vindictive and vile. At the time we were supposed to be dating, she would constantly flirt with other men online. In August she left my place to go to New York to "visit her friends", who turned out to be another man she been dating online. I decided to break off the relationship with her. After about a month or two, she kept calling me to beg me to take her back. Being the nice person, I said okay, and took her back in. However, things were never back to normal. And our relationship was extremely strained to say the least. I originally purchased the round trip non refundable plane tickets for her to go back to China in early October, but she decided to stay in the US by any means. I don't have a problem with that, but she demanded that buy her a new ticket for departure after Xmas. I told her to buy her own ticket back. She later filed a false police report claiming her passport got stolen, and was issued a refund from the travel insurance company for half the ticket price. She used that refund to purchase a ticket to California. On the way to the airport, I once again broke up with her. This time I told her there's no chance we are getting back together.

After she went to California, she kept emailing and texting me, showing pictures of convertible she was riding in, or guns that her new boyfriend owns etc. I blocked her number and repeatedly told her in email response that I don't want to hear from her again. I don't want to have anything to do with such a crazy person.

A week later, I was at work when I was called into the HR department to explain some mysterious emails. Apparently someone created an email with my full name @163.net which is a free email service in China, and had been sending emails in my name to everyone I know, including my parents, friends, coworkers and my supervisor who is a female. In some of the emails was an attachement of a photo that I immediately recognized as one of my most private pictures. This was a scanned Polaroid picture of a celebration of my 21st birthday in a gentleman's club in Dallas, Texas. It depicts me holding a naked porn star in a very compromised position, and the picture was signed by the porn star. I have never shown this picture to anyone. It had been kept in my private collection for sentimental reasons. I was in shocked but soon realized what happened and who sent those emails. It was ███████ who is the only person with unlimited access to all my personal properties when living at my house. She had stolen my private property and try to use it to make me look like a pervert. Fortunately everyone who knows me understood that these emails came from someone else. She was trying to get me into trouble but my company HR department stands by me and blocked this email address.

I confronted her via instance messages on a Wechat group for our classmates, and she uploaded the same picture to show that she was the one sending those emails. That's when I blocked her on Wechat as well and that was the last time I had any contact with this vile woman.

I got married in 2015, and have a young daughter now. Just a couple of days ago, a co worker called me and told me that when he searched for my name in google this page came up. I don't want my daughter or any one who doesn't know me came to this page to see this fabricated accusation without having the full context of what really happened. The cheater was her, not me.

If you have any questions regarding anything in this letter, you can contact me at my cell above. I will try to get this page removed from everywhere if it is possible. If not possible at least I can tell my side of the story.

Thanks

Paul

WEAMER 0004

EXHIBIT 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

      Plaintiff,

v.

PAUL WANG,

      Defendant.

---

**DEFENDANT'S INITIAL DISCLOSURES**

---

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendant Paul Wang submits the following disclosures, to be supplemented as necessary.

**I.**    **The following individuals are likely to have discoverable information that Defendant may use to support his claims or defenses in this case:**

1.    Xingfei Luo, c/o Clarissa Collier and David Schaller, Wheeler Trigg O'Donnell LLP, 370 17th Street, Suite 4500, Denver, Colorado 80202, (303) 244-1800. Ms. Luo is the plaintiff in this action. She is likely to have information regarding her allegations in the complaint and Mr. Wang's defenses.

2.    Paul Wang, c/o Katayoun Donnelly, Azizpour Donnelly LLC, 2373 Central Park Blvd., Ste 100, Denver, CO 80238, (720) 675-8584. Mr. Wang is the defendant in this action.  He is likely to have information regarding Ms. Luo's allegations in the complaint and his defenses.

3.      Guochang Chen. Mr. Chen's address is currently unknown to

Defendant. Mr. Chen may have discoverable information related to

Plaintiff's allegations regarding him.

4.      Tomas Czodor. Due to the Domestic Relation Restraining Order in place against

Ms. Luo, Defendant is not at liberty to disclose Mr. Czodor's address. Mr.

Czodor may have discoverable information regarding Ms. Luo's claims and Mr.

Wang's defenses.

5.      Morgann Paraskevas. Mr. Paraskevas' address is currently unknown to

Defendant. Mr. Paraskevas may have discoverable information regarding Ms.

Luo's claims and Mr. Wang's defenses.

6.      ████ Weamer, c/o ██████. Law Offices of ████████

████████, Walnut Creek, CA 94598, ████████. Mr.

Weamer may have discoverable information related to Plaintiff's

allegations regarding the *Weamer* case, and Ms. Luo's claims and Mr.

Wang's defenses.

7.      ████████. Law Offices of ████████ Lennon Lane, Ste.

██ Walnut Creek, CA 94598, ████████. Ms. ████ was Mr.

████ Weamer's attorney in the *Weamer* case referenced in Plaintiff's

complaint. She may have discoverable information related to Plaintiff's

allegations regarding the *Weamer* case, and Ms. Luo's claims and Mr.

Wang's defenses.

8.      Erin Dunkerly. Collins + Collins LLP, 790 E. Colorado Boulevard, Suite 60 Pasadena, CA 91101. Ms. Dunkerly is defendants' attorney in ███████████ ████, *et al.*, Case Number ██████████-JDE. She may have discoverable information related to Ms. Luo's claims and Mr. Wang's defenses.

9.      Any friend, family member, or other person who knows or is known to the parties and has knowledge of the allegations in the complaint, defenses, or claimed damages.

10.     Any individual or entity disclosed or otherwise identified in discovery by any party.

11.      Any individual necessary to authenticate or lay the foundation for any exhibit offered at trial.

12.      Any individual necessary for rebuttal or impeachment.

13.      Any expert witness or consultant retained by any party.

**II.      Defendant may rely on the following categories of documents to support his claims or defenses:**

1.      Documents referenced in and attached to Mr. Wang's motions to dismiss and motion to reconsider the November 10, 2020 order allowing Plaintiff to proceed under pseudonym, and the replies filed in their support.

2.      Plaintiff's online publications and publications related to or referencing her.

3.      Documents related to other lawsuits involving Plaintiff.

4.      Any exhibits, documents, and other tangible things listed by Plaintiff in her disclosures.

5.      Any exhibits to any depositions taken in this action.

By identifying the foregoing documents or categories of documents, Defendant does not waive any claims of attorney work product or attorney-client privilege pertaining to such documents, nor does he waive any objections he may have as to relevance or the proper scope of discovery.  Defendant reserves the right to object to the admissibility of the above documents or portions thereof and further reserves the right to supplement this list.

## III.    Damages

Defendant seeks attorney fees and costs, jointly and severally, against Plaintiff and her counsel.

## IV.    Insurance agreement under which an insurance business may be liable to satisfy all or part of possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable.

Consistent with Fed. R. Civ. P. 26(c), Defendant reserves the right to supplement these disclosures as appropriate.

DATED: this 1st day of December 2021

*s/ Katayoun A. Donnelly/*
Katayoun Donnelly
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO 80238
Telephone: (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Defendant*

EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

     Plaintiff,

v.

PAUL WANG,

     Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**FIRST SET OF WRITTEN DISCOVERY REQUESTS**

---

Defendant Paul Wang, by and through his counsel, hereby responds to Plaintiff's First Set of Written Discovery ("Discovery Requests"), as follows:

## GENERAL OBJECTIONS

The following General Objections are applicable to, and hereby incorporated by reference into each of Defendant's responses to the Discovery Requests. Defendant's provision of a response is not intended to waive any of these objections.

1. Defendant objects to each and any Discovery Request that is overly broad, vague, ambiguous, unduly burdensome, or that seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to each Discovery Request that fails to provide a relevant time period on the ground that such failure makes the Discovery Request vague, overly broad, and unduly

burdensome and seeks information that is irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to each and any Discovery Request that seeks legal conclusions.

4. Defendant objects to the Discovery Requests to the extent that they purport to impose obligations on Defendant inconsistent with or additional to those imposed by the Federal Rules of Civil Procedure or the Court's Scheduling Order.

5. Defendant objects to the Discovery Requests to the extent that they purport to demand information not in his possession, custody, or control or require Defendant to undertake efforts to respond to Discovery Requests that are not reasonably calculated to ascertain information responsive to one or more of the specific requests contained in the Discovery Requests, if any.

6. Defendant objects to the Discovery Requests to the extent that they call for information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, joint-defense, common interest, or any other applicable privilege. Defendant thus objects to divulging any such information in response to such Discovery Requests. To the extent that any such information is or may be divulged in response to the Discovery Requests, the divulging of any such information is inadvertent and is not to be deemed a waiver of the privilege in question (or any other applicable privilege) with respect to the divulged information or any other information.

7. Defendant objects to the Discovery Requests to the extent that they purport to demand production of any documents or information containing confidential or proprietary information. To the extent such information is requested and is relevant to the issues raised in this litigation, Defendant will provide such information subject to entry of an appropriate Protective Order by the Court.

8. Defendant reserves the right at any time to revise, correct, add to, supplement, modify, or clarify the responses set forth below or the information contained therein, although Defendant does not hereby undertake to do so except to the extent required by the Federal Rules of Civil Procedure.

## RESPONSES TO INTERROGATORIES

1.      Identify each person who supplied any factual information that is included in your responses to these discovery requests. For each person, please identify the interrogatories and/or requests for production for which that person supplied any information.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly burdensome, and to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this interrogatory because the phrase "factual information" is vague and ambiguous inasmuch as it is undefined and subject to a multitude of meanings.

Subject to and without waiving the foregoing objections, Defendant states that he has provided the responses to discovery requests.

2.      Have you or anyone on your behalf interviewed any individual concerning the allegations made in the Complaint or your defenses thereto? If so, for each individual state: (a) the name, address, and telephone number of the individual interviewed; (b) the date of the interview; and (c) the name, address, and telephone number of the person or entity who conducted the interview.

**Response:**      Defendant objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections, Defendant states that he has not conducted any interviews.

3.      Identify all communications between you or anyone acting on your behalf and any other person or entity relating to the allegations made in the Complaint and your defenses thereto. For each such communication, please: (a) identify to whom the statement was made; (b) state whether the statement was oral or written and, if oral, state whether the statement was recorded; (c) state when and where the statement was made; and (d) provide the name and address of all persons present when the statement was made.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly burdensome, and to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Defendant states:

*See* Declarations of ███████, Erin Dunkerly, and Amanda Papac. In addition, Mr. Wang has communicated with Travelex Insurance Company, Aurora Police Department, Guochang Chen, Ed Weamer, Morgann Paraskevas, Tosha Zeitlin (Dish Network, Human Resource Department), Xin Liang, and Siva Rama Krishna Surya Yelaswarapu Venkata Maruthi.

4.      Identify any blogs, forums, or other websites/online forums on which you have posted and/or commented on regarding the Plaintiff. For each such blog/forum/website, identify the URL link, the last date you accessed the blog/forum/website, and the username/handle under which you made the post and/or comment.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly vague, and burdensome. Further, it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: Mr. Wang responded to Ms. Luo's defamatory statements regarding him posted on https://cheaterland.com/paul-wang-highlands-ranch-co.html, using no username or password.

5.      Other than your legal counsel in this above-captioned action, identify each person you have spoken to regarding the Plaintiff and the allegations made in the Complaint within the past ten years.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly vague, and burdensome. Further, it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: *See* response to Interrogatory No. 3.

6.   Identify all written documents that you authored in full or in part, regarding the Plaintiff.

**Response:** Defendant objects to this interrogatory as overly broad, unduly vague, and burdensome. Further, it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: *See* responses to Interrogatory Nos. 4&5.

7.      Identify any screen names, user names, e-mail addresses and/or aliases you have used and/or continue to use in connection with any communications or other writings you have authored about the Plaintiff.

**Response:** *See* responses to Interrogatory Nos. 4&5.

8.      Do you intend to rely on truth as a defense to Plaintiff's First and Second Claims for Relief in the Complaint? If so, identify all facts, circumstances and documents supporting that defense.

**Response:** Defendant objects to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Defendant states that he intends to rely on all defenses available to him,

including the defense of truth, and will be relying on the information he expects to receive in discovery. *See* Mr. Wang's motions, the replies, and the documents and information cited in support of them.

9.      Do you claim that Plaintiff had actual knowledge of the facts, documents and/or communications giving rise to her First and Second Claims for Relief before September 11, 2019? If so, identify all facts and circumstances supporting that claim.

**Response:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Further, it is vague and ambiguous because the term "communications giving rise to her First and Second Claims for Relief" is undefined. Subject to and without waiving the foregoing objections, Defendant states: *See* Mr. Wang's motions to dismiss and the Rule 11 motion, the replies, and the documents and information cited in support thereof. In addition, Mr. Wang will be relying on the information he expects to receive in discovery.

10.     Other than this lawsuit, identify all lawsuits, litigation, or other legal action involving or relating to the Plaintiff in which you have been involved. In your answer, please: (a) identify the first date you became involved in the lawsuit/litigation/legal action; (b) the last date you had any involvement in the lawsuit/litigation/legal action; (c) describe in detail the scope of your involvement, and/or your role, in the lawsuit/litigation/legal action; (d) the name(s) of any person(s) who requested your involvement; and (e) what information you provided, if any, in the lawsuit/litigation/legal action.

**Response:** Defendant objects to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: Mr. Wang was on the witness list in the *Weamer*

case (*see* Ms. Luo's complaint). And will be a witness in that case if there is ever a remand. He had been also asked to be a witness in legal disputes involving Ms. Luo and Mr. Paraskevas in 2013. *See* Mr. Wang's Initial Disclosures.

11.     For each Request for Admission ("RFA") set forth below that you have failed to provide any response other than an unqualified admission, please: (a) state each and every fact, premise, or conclusion upon which you base your failure to unqualifiedly admit the RFA; (b) identify each and every document and/or piece of evidence that supports your denial or failure to unqualifiedly admit the RFA, in addition to any document and/or piece of evidence that supports and/or contradicts your answers provided in response to this interrogatory; (c) identify each and every person who has knowledge of or information regarding the facts and/or documents identified in subparts (a) and (b) above, indicating which person has knowledge or information concerning each fact and/or document.

**Response:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and vague, and to the extent it calls for information protected by the attorney-client privilege and/or work-product doctrine. Defendant further objects to this interrogatory because the phrase "supplied any factual information that is included in your responses to these discovery requests" is vague and ambiguous inasmuch as it is undefined and subject to a multitude of meanings.

12.     Have you or anyone acting on your behalf conducted surveillance on Plaintiff? If so, state: (a) the time(s), date(s) and place(s) of the surveillance and (b) the name(s), address(es) and telephone number(s) of the individual(s) who conducted the surveillance.

**Response:** Defendant objects to this interrogatory because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses. Subject to and without waiving the foregoing objections, Defendant states: No.

13.     If your answer to Interrogatory No. 12 is "yes," has a written report been prepared on the surveillance identified in your response to Interrogatory No. 12? If so, for each written report state: (a) the time of the report; (b) the date of the report; (c) the name, address and telephone number of the person who prepared the report; and (d) the name, address and telephone number of each person or entity who has the original or a copy of the report.

**Response:** *See* response to Interrogatory No. 12.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Produce all documents identified, referred to, or relied on to answer any of these Interrogatories.

**Response:** Defendant objects to this request as ambiguous and to the extent it seeks information protected by the attorney-client privilege and/or the work-product and joint defense/common interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced. (*See also* documents referenced in and attached to Mr. Wang's motions and relies. Mr. Wang will supplement his responses when/if he receives additional documents in discovery.)

2.      Produce any and all communications you, or anyone acting on your behalf, have had with Mr. █████ Weamer and/or his counsel █████████ .

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

3.     Produce any and all communications you, or anyone acting on your behalf, have had with  Mr. Morgann Paraskevas and/or anyone acting on his behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

4.     Produce any and all communications you, or anyone acting on your behalf, have had with Guochang Chen and/or anyone acting on his behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

5.      Produce any and all communications you, or anyone acting on your behalf, have had with Tomas Czodor and/or anyone acting on his behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

6.      Produce any and all communications you, or anyone acting on your behalf, have had with Erin Dunkerly and/or anyone acting on her behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *See* documents produced.

7.      Produce all non-privileged documents and communications between you or anyone acting on your behalf and any other person or entity relating to the allegations made in the Complaint, this lawsuit, or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

8.      Produce all litigation holds and/or requests to preserve documents that you, or anyone acting on your behalf, have sent to anyone relating to this lawsuit.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

9.      Produce all copies of any photographs, diagrams, films, or video that relate, in any way, to the allegations made in the Complaint and/or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

10.      Produce all journals, diaries, notes, letters, calendars, electronic mail, text messages, and all comments, posting and messages from all social media or business networking websites

(including but not limited to Facebook, Twitter, LinkedIn, Google+, and YouTube) that relate to the allegations made in the Complaint, this lawsuit, and/or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

11.     Produce all written documents and/or online postings that you have authored in full or in part, regarding the Plaintiff.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, s*ee* response to interrogatory Nos. 4&5.

12.     Produce complete copies of all non-privileged investigation files related to the allegations made in the Complaint, this lawsuit, and/or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

13.     If your answer to Interrogatory No. 9 is yes, please produce all documents in support of your claim that Plaintiff had actual knowledge of the facts, documents, and/or communications giving rise to her First and Second Claim for Relief before September 11, 2019.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

14.     Produce any and all communications you, or anyone acting on your behalf, have had with Amanda Papac and/or anyone acting on her behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

15.     Produce any and all communications and documents that you have received from, or provided to, any third party that relate in any way to the allegations made in the Complaint, your defenses thereto, or this lawsuit.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

## RESPONSE TO REQUESTS FOR ADMISSION

1. Admit that you are the author of the written statement that is attached to these Discovery Requests as Exhibit 1.

   **Response:** *See* response to interrogatory No. 4.

2. Admit that you have stated (orally or in writing) to one or more third parties that Plaintiff filed a false police report in relation to the passport that she lost in 2013.

   **Response:** *See* response to interrogatory No. 4.

3. Admit that you disclosed (orally or in writing) Plaintiff's alleged sexual assault by Guochang Chen to one or more third parties.

   **Response:** In his capacity as a witness, Mr. Wang has responded to questions regarding this issue.

4. Admit that Plaintiff did not consent or agree to your disclosure of Plaintiff's alleged sexual assault by Guochang Chen to one or more third parties.

   **Response:** Deny.

5. Admit that you have stated (orally or in writing) to one or more third parties that Plaintiff falsely accused Guochang Chen of sexual assault.

   **Response:** Deny.

6. Admit that, prior to September 11, 2020, you had never been served with a subpoena in any lawsuit, litigation or other legal action involving the Plaintiff.

16

**Response:** Admit. But Mr. Wang had been approached to be a witness prior to September 2020.

7. Admit that, prior to September 11, 2020, you had never testified in any lawsuit, litigation or other legal action involving the Plaintiff.

**Response:** Admit. But Mr. Wang had been approached to be a witness prior to September 2020.

## VERIFICATION

Paul Wang has read Defendant's Responses to Plaintiff's First Set of Written Discovery and believes the same to be true as of the date of signing based on information available to him.

By: _____

Date: _____2/24/2022_____

AS TO OBJECTIONS:

/s/ Katayoun A. Donnelly
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Paul Wang*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 24, 2022, I served an electronic copy of the foregoing via email on counsel of record.


*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly

EXHIBIT 10

Xingfei Luo
September 22, 2022

Page 2

```
 1              A P P E A R A N C E S
 2   For the Plaintiff:
 3              JACOB D. JONES, ESQ.
                Greenspoon Marder, LLP
 4              1144 15th Street
                Suite 2700
 5              Denver, Colorado 80202
                jacob.jones@gmlaw.com
 6
 7   For the Defendant:
 8              STEVEN D. ZANSBERG, ESQ.
                The Law Office of Steven D. Zansberg LLC
 9              100 Fillmore Street
                Suite 500
10              Denver, Colorado 80206
                steve@zansberglaw.com
11
                KATAYOUN AZIZPOUR DONNELLY, ESQ.
12              Azizpour Donnelly LLC
                2373 Central Park Boulevard
13              Suite 100
                Denver, Colorado 80238
14              katy@kdonnellylaw.com
15
     Also Present:
16
                Magistrate Judge Hegarty
17              Paul Wang
18
19
20
21
22
23
24
25
```

Page 3

```
 1                I N D E X
 2   EXAMINATION OF XINGFEI LUO:                  PAGE
     September 22, 2022
 3
     By Mr. Zansberg                               5, 247
 4
     By Mr. Jones                                    245
 5
 6   ATTENDANCE BY MAGISTRATE JUDGE HEGARTY:
 7   Pages 183 to 187
     Pages 188 to 197
 8   Pages 204 to 207
 9                                             INITIAL
     DEPOSITION EXHIBITS:                      REFERENCE
10
     Exhibit 1   Declaration of Xingfei Luo, 9/9/22,   33
11               Filed 9/12/22
12   Exhibit 2   Case 21-8023, Xingfei Luo v. State    40
                 of California, Motion for Leave to
13               Proceed In Forma Pauperis, 4/29/22,
                 Filed 5/6/22
14
     Exhibit 3   United States Court of Appeals for    42
15               the Ninth Circuit, Motion and
                 Affidavit for Permission to Proceed
16               In Forma Pauperis by O.L., 10/5/20
17   Exhibit 4   Xingfeiluo.blogspot.com Posting on    50
                 11/12/18, printout dated 5/19/20
18
     Exhibit 5   Gmail to Wang from Paraskevas,        55
19               12/15/13, Subject: "I sent her
                 this, and trust me, I am not
20               bluffing. If you have any more
                 news let me know," printout dated
21               8/16/21
22   Exhibit 6   Printout from cserinusa              58
                 couchsurfing experience titled
23               "Paraskevas Morgann," 5/6/14; with
                 attachments
24
25
```

Page 4

```
 1   Exhibit 7   Printout from cserinusa              58
                 couchsurfing experience titled
 2               "Let's see what a funny jerk did,"
                 (redacted), 12/17/13
 3
     Exhibit 8   Printout of Posting by              65
 4               Anonymous123177 titled "[REDACT]
                 Better Known as [REDACTED] and Her
 5               Chinese Scam. Beware. Defamation
                 Specialis...," (redacted), posted
 6               12/16/13, printout dated 2/26/20
 7   Exhibit 9   Monthly Archives: December 2013,    67
                 Posting by Anonymous123177 titled
 8               "Xingfei Luo - Beware of this
                 scammer," posted 12/16/13
 9
     Exhibit 10  Printout of CheaterLand Posting     104
10               titled "Paul Wang, Highlands Ranch,
                 CO," undated; with attachment
11
     Exhibit 11  Printout from Insurance Company      113
12               Claim 201A713842-1, for loss date
                 8/31/13, printout dated 3/10/22;
13               with attachment
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 5

```
 1            WHEREUPON, the following proceedings
 2   were taken pursuant to the Federal Rules of Civil
 3   Procedure.
 4            *      *      *      *      *      *
 5            (At this time Magistrate Judge Hegarty
 6   was not present.)
 7                 XINGFEI LUO,
 8   having been first duly sworn to state the whole truth,
 9   testified as follows:
10            (Response to oath:  "Yes.")
11                 EXAMINATION
12   BY MR. ZANSBERG:
13        Q.   Good morning.
14        A.   Good morning.
15        Q.   Nice to meet you. I'm Steve Zansberg.
16   I am going to be taking the deposition pursuant to
17   Magistrate Judge Hegarty's order that it be done by an
18   English speaker, native English speaker, instead of
19   Ms. Donnelly.
20            I understand that you've been deposed
21   before, correct?
22        A.   Yes.
23        Q.   All right. So you understand that your
24   answers have to be oral. Simply shaking your head
25   instead of saying "no" or "yes" is not acceptable.
```

EXHIBIT 11



# Xingfei Luo v. Paul Wang – 9/22/2022 – 6230304-001

**From:**      clientsolutions@uslegalsupport.com
**To:**          co20_2765@mail.com
**Date:**       Oct 5, 2022 12:14:09 PM

Please find below link(s) to files in the above referenced case.

When you click the links to download your documents, you will be required to enter your email address, for security purposes.

Thank you for choosing U.S. Legal Support.

**File Information**

| | | | |
|---|---|---|---|
| Case Name | Xingfei Luo v. Paul Wang | | |
| Case No. | 120CV02765RMRMEH | | |
| Job No. | 6230304 | Job Date | 9/22/2022 |
| Witness | Xingfei Luo | | |

**Links will expire in 60 days (12/04/2022 15:14:08).**

**Available File(s)**

| File Type | File Name | Description Size(KB) |
|---|---|---|
| Mini Transcript (PDF A) | Xingfei Luo 092222 MINI PDFA.pdf | 417020 |
| Amendment Sheet/Signature Page | Errata.pdf | 810497 |
| Production Letter - Witness | 6230304-001 Xingfei Luo WitnessLetter.pdf | 117200 |

To ensure timely receipt of US Legal Support correspondence, please add our emails to your firm's safe sender list. This e-mail contains proprietary information and may be confidential. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you received this message in error, please delete it immediately.

U.S. Legal Support operates in all 50 states and is licensed where required. Nevada Firm Registration # 067F.

EXHIBIT 12



# Re: 20-cv-02765-RMR-MEH - Doc 236 - Conferral

| | |
|---|---|
| **From:** | "Katayoun Donnelly" <katy@kdonnellylaw.com> |
| **To:** | "co20_2765@mail.com" <co20_2765@mail.com> |
| **Cc:** | "Katayoun Donnelly" <katy@kdonnellylaw.com> |
| **Date:** | Dec 2, 2022 12:04:04 PM |

Yes, Mr. Wang objects.

Thanks,
Katy

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Friday, December 2, 2022 at 11:57:10 AM MST, co20_2765@mail.com <co20_2765@mail.com> wrote:

Good morning,

Plaintiff will be filing a motion for review of costs. Please let me know if you would oppose.

Thanks.

> **Sent:** Wednesday, November 30, 2022 at 1:54 PM
> **From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
> **To:** "co20_2765@mail.com" <co20_2765@mail.com>
> **Cc:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
> **Subject:** Re: 20-cv-02765-RMR-MEH - Doc 236 - Conferral
>
> Thanks for your email. We'll file the statement of conferral.
>
> Best,
> Katy
>
> **Katayoun A. Donnelly**
> *Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
katy@kdonnellylaw.com
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Wednesday, November 30, 2022 at 01:44:28 PM MST, co20_2765@mail.com <co20_2765@mail.com> wrote:

Please see response in red:

**1-** The order to transcribe your deposition was not expedited.

<span style="color:red">ECF 235, p. 5 shows the transcript was ordered to produce within 14 days which was expedited. Please explain why deposition transcript fee is as high as $10.63 per page if it was not expedited.</span>

**2-** See the email correspondence below, confirming that Mr. Wang had booked you a hotel

<span style="color:red">It does not matter whether you booked the hotel. Your refusal to stipulate to pay plaintiff's travel expenses caused plaintiff to travel all at her own expenses and plaintiff did not stay whatever you booked.</span>

**3-** This was necessary to obtain evidence of your criminal trial, which you had not disclosed.

<span style="color:red">Please explain how evidence of plaintiff's criminal trial would change the facts that it was Defendant, not Plaintiff, signed the proof of claim as the insurance claimant, that all email correspondence made to the insurance company was by Defendant, not Plaintiff, that Defendant, not Plaintiff, pocketed the insurance refund, and that Defendant, after pocketing the insurance refund, spread libel that Plaintiff defrauded the insurance and used the insurance refund to buy a ticket flying to California from Colorado.</span>

**4-** The evidence obtained was used to establish that your disclosures were incomplete. See the motions for sanctions.

<span style="color:red">Please explain what evidence was obtained to establish that what disclosure was incomplete and how the disclosure would change the facts that it was Defendant, not Plaintiff, signed the proof of claim as the insurance claimant, that all email correspondence made to the insurance company was by Defendant, not Plaintiff, that Defendant, not Plaintiff, pocketed the insurance refund, and that</span>

Defendant, after pocketing the insurance refund, spread libel that Plaintiff defrauded the insurance and used the insurance refund to buy a ticket flying to California from Colorado.

**5-** We needed the transcript, which included your admissions, to prepare for your deposition and our motions.

Please explain what part of the transcript was used during the deposition. Please provide the relevant part of deposition transcript.

**6-** These Pacer fees were incurred during the time Mr. Wang was pro se.

First and foremost, the Pacer fees were not incurred during defendant was pro se. See ECF 235, p. 18 – 28 showing the time period. Secondly, it does not matter whether defendant was pro se. Pacer fee was prohibited cost to recover.

**7-** These are Pacer fees for your other cases, which were not disclosed in your discovery responses. Discovery of your other cases was a necessary cost that resulted in Mr. Wang's successful challenge to your request to proceed under a pseudonym and the eventual dismissal of this case.

Pacer fee and fee for discovery are typical prohibited costs to recover. The court's ruling to deny plaintiff's request to proceed under a pseudonym was not based on plaintiff's other cases. Please explain how other cases involved plaintiff would change the facts that it was Defendant, not Plaintiff, signed the proof of claim as the insurance claimant, that all email correspondence made to the insurance company was by Defendant, not Plaintiff, that Defendant, not Plaintiff, pocketed the insurance refund, and that Defendant, after pocketing the insurance refund, spread libel that Plaintiff defrauded the insurance and used the insurance refund to buy a ticket flying to California from Colorado.

**8-** See 7.

**9-** See 7.

**10-** See 7.

**11-** See 7.

**12-** See 7.

**13-** This was the cost to obtain a copy of the transcript you had ordered but not provided to Mr. Wang.

<span style="color:red">Conference transcript is typical prohibited cost to recover. Please read Clerk's Guide to Bills of Cost Hearings.</span>

**14-** This was also the cost to obtain a copy of the transcript you had ordered but not provided to Mr. Wang.

<span style="color:red">Conference transcript is typical prohibited cost to recover. Please read Clerk's Guide to Bills of Cost Hearings.</span>

Therefore, plaintiff will not withdraw her objections.

**Sent:** Wednesday, November 30, 2022 at 11:42 AM
**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>
**Cc:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**Subject:** Re: Doc 236 - Conferral

Hi,

Here are Mr. Wang's responses to your objections (X. pp- 9-13):

**1-** The order to transcribe your deposition was not expedited.
**2-** See the email correspondence below, confirming that Mr. Wang had booked your a hotel:

On Thursday, September 8, 2022 at 07:14:42 PM MDT, <co20_2765@mail.com> wrote:

Okay, I will not be filing the amended motion.

**Sent:** Thursday, September 08, 2022 at 4:50 PM
**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>
**Subject:** Re: Hotel info

It is a private room, rated 8 out of 10.

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE: The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Thursday, September 8, 2022 at 05:49:56 PM MDT, Katayoun Donnelly <katy@kdonnellylaw.com> wrote:

It is a single room.

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE: The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Thursday, September 8, 2022 at 05:23:50 PM MDT, <co20_2765@mail.com> wrote:

What is this? Hostel? You booked a private room or dorm room?

**Sent:** Thursday, September 08, 2022 at 3:58 PM
**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>
**Subject:** Hotel info



| | CHECK-IN | CHECK-OUT | UNITS | NIGHTS |
|---|---|---|---|---|
| **11th Avenue Hostel**<br>**Address:** 1112 Broadway Avenue, Denver, CO 80203, United States of America<br>**Phone:** +1 303 894 0529<br>**GPS Coordinates:** N 039° 44.046, W 104° 59.263 | **21**<br>SEPTEMBER<br>*Wednesday*<br>🕐 2:00 PM -<br>12:00 AM | **23**<br>SEPTEMBER<br>*Friday*<br>🕐 7:00 AM -<br>11:00 AM | **1** | **2** |

**3-** This was necessary to obtain evidence of your criminal trial, which you had not disclosed.
**4-** The evidence obtained was used to establish that your disclosures were incomplete. See the motions for sanctions.
**5-** We needed the transcript, which included your admissions, to prepare for your deposition and our motions.
**6-** These Pacer fees were incurred during the time Mr. Wang was pro se.
**7-** These are Pacer fees for your other cases, which were not disclosed in your discovery responses. Discovery of your other cases was a necessary cost that resulted in Mr. Wang's successful challenge to your request to proceed under a pseudonym and the eventual dismissal of this case.
**8-** See 7.
**9-** See 7.
**10-** See 7.

**11-** See 7.
**12-** See 7.
**13-** This was the cost to obtain a copy of the transcript you had ordered but not provided to Mr. Wang.
**14-** This was also the cost to obtain a copy of the transcript you had ordered but not provided to Mr. Wang.

Please let us know if you are withdrawing any of your objections.

Best,
Katy


**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.


On Wednesday, November 30, 2022 at 11:26:03 AM MST, co20_2765@mail.com <co20_2765@mail.com> wrote:


I can be reached at ▮▮▮▮▮▮▮. If I do not pick up your call, I will return your call as soon as I can.


**Sent:** Wednesday, November 30, 2022 at 9:58 AM
**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>
**Cc:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**Subject:** Re: Doc 236 - Conferral

What is the best number to reach you at 6:00 pm MT?

Best,
Katy

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Wednesday, November 30, 2022 at 10:55:57 AM MST, co20_2765@mail.com <co20_2765@mail.com> wrote:

I will be out this afternoon but I will try my best to respond to your email.

> **Sent:** Wednesday, November 30, 2022 at 9:04 AM
> **From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
> **To:** "co20_2765@mail.com" <co20_2765@mail.com>
> **Cc:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
> **Subject:** Re: Doc 236 - Conferral
>
> Good morning,
>
> That's fine. We will review your objections and get back to you by early afternoon. Please respond then so we can figure out if there is a chance of settlement and file the statement of settlement.
>
> Thanks,
> Katy
>
> **Katayoun A. Donnelly**
> *Azizpour Donnelly LLC*
>
> **2373 Central Park Blvd. | Suite 100**
> **Denver | Colorado | 80238**
> **Phone:(720) 675-8584**
> **Fax:(720) 880-3142**
> **katy@kdonnellylaw.com**
> http://www.kdonnellylaw.com
>
> This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.
>
> IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.
>
> On Tuesday, November 29, 2022 at 08:08:11 PM MST, co20_2765@mail.com <co20_2765@mail.com> wrote:
>
> Objections have been sent to you in a separate email. Tomorrow I am only available before mountain time 10:00 am or after 6:00 pm for a quick call. If I am not mistaken, there is no requirement that the coverral must be done over the phone. I confirm that I have utilized the Clerk's Guide to Bills of Cost Hearings to prepare my objections.

**Sent:** Tuesday, November 29, 2022 at 4:03 PM
**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>
**Cc:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**Subject:** Re: Doc 236 - Conferral

Could you please email me what you filed? Also, just to be safe, can we schedule a call tomorrow to discuss so we can file a timely statement of conferral?

Thanks,
Katy

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Tuesday, November 29, 2022 at 04:58:43 PM MST, <co20_2765@mail.com> wrote:

No, I filed the objections to attorney fees on November 23 and objection to bill of cost on November 25. It looks like the clerk was in chaos. The exhibits to Plaintiff's motion for rule 11 sanctions were left out. I just called the clerk and they will fix the issues.

**Sent:** Tuesday, November 29, 2022 at 3:51 PM
**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>
**Cc:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**Subject:** Re: Doc 236 - Conferral

Are you referring to

| 11/23/2022 | 242 | Plaintiff's Objections to Defendants' Submission of Attorneys' Fees and Expenses according to October 19, 2022 |
|---|---|---|

?

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Tuesday, November 29, 2022 at 04:43:16 PM MST, <co20_2765@mail.com> wrote:

I have filed the objection to your bill of costs last Friday and the clerk has not yet entered it. I will call the clerk and see why it has not been processed.

**Sent:** Tuesday, November 29, 2022 at 3:12 PM
**From:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>
**Cc:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
**Subject:** Doc 236 - Conferral

Dear Ms. Luo:

When is a good time for a phone call today or tomorrow to confer regarding the Bill of Costs? If you do not have time for a phone call, could you please provide us any objections you might have to Mr. Wang's submitted Bill of Costs?

Doc 236:

. . . a Statement of Conferral must be filed no later than the day before the hearing in order to confirm the attempts to reach a settlement on either some or all of the requested costs, per local rule LCivR 54.1, and to confirm the parties have utilized the Clerk's Guide to Bills of Cost Hearings (see attached) in their discussions. Failure to file a Statement of Conferral by the close of business the day before the hearing will result in the Bill of Costs being summarily denied and the hearing will be vacated. Finally, the Clerk strongly encourages the parties to reach an agreement as to individual costs items - or preferably - a global settlement, in light of the Rule One directive that the court and PARTIES work to secure the just, speedy, and inexpensive determination of every action and proceeding ....

Best,
Katy

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use

of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE:  The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

---

**Attachments**

- Untitled