EXHIBIT 1

**Claims Administration Office for Stonebridge Casualty Insurance**

**Travelex Claims**
4600 Witmer Industrial Estates, Suite 6
Niagara Falls, NY 14305
Telephone: 1-855-876-3447  Fax: 877-367-2496

┌─────────────────────────┐
│ TRIP INTERRUPTION        │
│ NON MEDICAL CLAIM FORM   │
└─────────────────────────┘

**Please Note:** *Benefits under any coverage will not be paid for expenses reimbursed or services provided by any other source. Benefits cannot be duplicated under this Protection Plan.*

**PROOF OF CLAIM** MUST BE SUBMITTED WITHIN 90 DAYS OF THE OCCURRENCE

| Part I | GENERAL INFORMATION | | |
|---|---|---|---|
| Claimant's Name *(Last, First)*  *Claimant is Paul Wang* <br> WANG, PAUL | | Conf. No./Booking No. <br> 16641208 | Date of Birth <br> ▓▓▓▓▓▓ |

Full Address
11505 E. Virginia Place, Aurora, CO 80012  *Paul Wang's residence in 2013.*

| Home Phone No. <br> 720 323 1113  *Same phone # as Dkt. 28* | Business Phone No. |
|---|---|

| Full name of all persons claiming | Ages | Relationship to Claimant | Policy No. |
|---|---|---|---|
| 1) N/A | | | |
| 2) | | | |
| 3) | | | |
| 4) | | | |

Tour Operator's Name (e.g. Cruise Line, Airline, etc)
Cheap O air

Travel Suppliers Name
Cheap O air                                   Telephone No.

Travel Supplier's Address
135 W 50th Street, Suite 500, New York, NY 10020

| Date Initial Deposit Paid for Trip <br> 06/17/2013 <br> *(MM / DD / YY)* | Date of Final Payment for Trip <br> 06/17/2013 <br> *(MM / DD / YY)* | Departure Date <br> 07/03/2013 <br> *(MM / DD / YY)* | Scheduled Return Date <br> 09/11/2013 <br> *(MM / DD / YY)* | Actual Return Date <br> *(MM / DD / YY)* |
|---|---|---|---|---|

Departure City  Hong Kong, China          Destination *(City, Country)*  Denver, USA

| Part II | EXPLANATION OF LOSS |
|---|---|

Type of claim   ☐ Cancellation   ☒ Interruption

Reason for cancellation/interruption/delay
Passport lost/stolen

| Total Amount of Claim (in US $) <br> 1364 00 | Tour Cost Per Person (in US $) <br> 1364.00 | Cruise Cost Per Person (in US $) <br> N/A | Air Fare Per Person (in US $) <br> 1364.00 |
|---|---|---|---|
| Date trip was cancelled, interrupted or delayed <br> 08/31/2013 <br> *(MM / DD / YY)* | Length of delay (hours, days) <br> N/A | Did you receive a refund from the Travel Agent/Tour Operator after cancellation?  ☐ Yes  ☒ No | If Yes, please indicate amount <br> N/A |

For Trip Interruption, please indicate any additional transportation cost incurred

| Type of Expense | Date incurred *(MM / DD / YY)* | Amount |
|---|---|---|
| 1) N/A | | |
| 2) | | |
| 3) | | |

Please enclose the original receipts for the above claimed expenses

**IMPORTANT – CLAIM CANNOT BE PROCESSED IF THIS FORM IS INCOMPLETE. PLEASE COMPLETE ALL APPLICABLE AREAS.**

## EXPLANATION OF LOSS CONTINUED

| Scheduled number of nights on Trip | Number of nights missed due to Interruption | Was the interruption caused by the Common Carrier? (i.e. Airline, Cruise Line, etc)   ☐ Yes  ☒ No | If Yes, was any compensation received?   ☐ Yes  ☐ No |
|---|---|---|---|
| N/A | N/A | | |

| If Yes, please explain or indicate amount (in US $) | Name of Airline on which you returned home or rejoined Trip |
|---|---|
| N/A | |

| Point of departure | Destination |
|---|---|
| Denver, CO, USA | Hong Kong, China |

| Date returned home or rejoined Trip | Was this the lowest fare available? | Was a substitute flight provided by the Tour Operator/Airline? | Did you receive a credit for future travel? |
|---|---|---|---|
| N/A   (MM / DD / YY) | ☐ Yes  ☐ No | ☐ Yes  ☐ No | ☐ Yes  ☐ No |

| Is the original unused return ticket enclosed?   ☒ Yes  ☐ No | If Not, Please Explain |
|---|---|
| | N/A |

IF THE INTERRUPTION WAS CAUSED BY THE COMMON CARRIER, PLEASE ATTACH WRITTEN NOTIFICATION FROM THE COMMON CARRIER REGARDING CANCELLATION OR PROVIDE DETAILS REGARDING DELAY AND TIMES.

## Part III                                    OTHER COVERAGE

| Did you purchase any portion of your trip on a Credit Card?   ☒ Yes  ☐ No | If Yes, name and type of Credit Card (e.g. Visa Gold card) |
|---|---|
| | Chase Sapphire |

| Do you have any other Insurance Coverage/Plans? (e.g. Travel, Credit Cards, etc)   ☐ Yes  ☒ No | Has your loss been reported to any other Insurance Company?   ☐ Yes  ☒ No | If Yes, which Company?   N/A |
|---|---|---|

| 1) Name of Insurance Company | Policy No. | Telephone No. |
|---|---|---|
| | | |

Address of Insurance Company

| 2) Name of Insurance Company | Policy No. | Telephone No. |
|---|---|---|
| | | |

Address of Insurance Company

**I DECLARE THAT THE ABOVE INFORMATION IS TRUE, COMPLETE AND CORRECT.**
*I/We authorize any other insurance plan, under which I/We have coverage, to disclose information as may be necessary or to make payment in respect of my/our claim to Stonebridge Casualty Insurance Company directly. I/We also authorize Stonebridge Casualty Insurance Company to disclose to any other Plan, under which I/We have coverage, any and all information as may be necessary with respect to my/our claim.*

_____          9/2/2013
Signature of Insured/Claimant   Same signature as Dkt. 28          Date        ( MM / DD / YY )

_____          _____
Signature of Insured/Claimant          Date        ( MM / DD / YY )



| Payment Due Date | New Balance | Past Due Amount | Minimum Payment | or | Blueprint Payment |
|---|---|---|---|---|---|
| 08/01/13 | $1,905.64 | $25.00 | $84.00 | | $123.86 |

**Account number:** ████ 6643

$ [                    ]

**Make your check payable to:**
Chase Card Services.
Please write amount enclosed.
New address or e-mail? Print on back.

█████████4300008400001905640001238600000000

33847 6EX Z 18513 D
PAUL M WANG
11505 E VIRGINIA PL
AURORA CO 80012-2257

Paul Wang's residence in 2013

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

5000 1602 8          66436

# CHASE ◯
# SAPPHIRE℠

Manage your account online:
www.chase.com

Customer Service
1-800-493-3319

Additional contact
information on back ⇨

## ACCOUNT SUMMARY

**Account Number: 4147 2021 1930 6643**

| | |
|---|---|
| Previous Balance | $313.90 |
| Payment, Credits | $0.00 |
| Purchases | +$1,551.63 |
| Cash Advances | $0.00 |
| Balance Transfers | $0.00 |
| Fees Charged | +$25.00 |
| Interest Charged | +$15.11 |
| New Balance | $1,905.64 |
| Opening/Closing Date | 06/05/13 - 07/04/13 |
| Credit Access Line | $18,700 |
| Available Credit | $0 |
| Cash Access Line | $3,740 |
| Available for Cash | $0 |

## PAYMENT INFORMATION

| | |
|---|---|
| New Balance | $1,905.64 |
| Payment Due Date | 08/01/13 |
| Minimum Payment Due | $59.00 |
| Past Due Amount | $25.00 |
| Total Minimum Payment Due | $84.00 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00 and your APR's will be subject to increase to a maximum Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 10 years | $3,462 |
| $66 | 3 years | $2,390 (Savings=$1,072) |

If you would like information about credit counseling services, call 1-866-797-2885.

**Please pay the Minimum Payment shown at the top of this statement.** It includes any past due and amounts over the credit access line. The minimum payments used to calculate the estimates shown in the above table do not include past due or amounts over the credit access line.

## ULTIMATE REWARDS® SUMMARY

| | |
|---|---|
| Previous points balance | 321 |
| + 1 Point per $1 on all other purchases | 1,552 |
| + 1 Point per $1 earned on dining | 67 |
| + Bonus points on Ultimate Rewards Travel | 0 |
| + Points transferred to another account | -321 |
| = Total points available for redemption | 1,619 |

Start redeeming today. Visit Ultimate Rewards® at www.ultimaterewards.com

As a Chase Sapphire customer you earn 1 point per dollar on all purchases, and an additional point for each dollar you spend when dining at restaurants. Plus, you earn an additional point per dollar spent when you book airfare and hotel accommodations online through Ultimate Rewards®. Learn more about your card benefits at www.chase.com/ultimaterewards

## BLUEPRINT SUMMARY

Here is a summary of your plan totals for this month:

| ☑ Full Pay | ⊗ Split | ⧉ Finish It |
|---|---|---|
| $66.94 | For details go to www.chase.com/blueprint | For details go to www.chase.com/blueprint |

BLUEPRINT Payment | $123.86

NOTE: Pay this amount to stay on track with your Blueprint plan(s). This amount includes your minimum payment due, so only one payment is needed.

See the **BLUEPRINT Feature Activity** section of this statement for more details on this month's activity.



**This Statement is a Facsimile - Not an original**

0000001   FIS33338 D 13          000   N Z   04   13/07/04          Page 1 of 3          06530   MA MA 33847      1851000013000338470  X 0419

Statement Date: 06/05/13 - 07/04/13
Account Number: 4147 2021 1930 6643
Page 2 of 3
OVER

*Paul Wang's credit card statement. In June 2013 Plaintiff was not in the U.S.*

## ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| | **PURCHASES** | |
| 06/03 | IKEA CENTENNIAL CENTENNIAL CO | 8.83 |
| 06/02 | THE HOME DEPOT 1501 AURORA CO | 53.31 |
| 06/05 | BROCK & COMPANY - 352 MALVERN PA | 3.42 |
| 06/03 | HARBOR FREIGHT TOOLS 59 AURORA CO | 32.38 |
| 06/15 | SUSHI KATSU GREENWOOD VLG CO | 29.69 |
| 06/19 | CHEAPOAIR.COM AIR 888-793-4229 NY | 62.00 |
| 06/18 | AMERICAN AI 0017287055136 NEW YORK NY | 1,337.00 |
| | 070313 1 N        HKG        NRT | |
| | 2 N        NRT        LAX | |
| | 3 NX        LAX        DEN | |
| | 4 NO        DEN        ORD | |
| 06/22 | SUSHI KATSU GREENWOOD VLG CO | 25.00 |
| | **FEES CHARGED** | |
| 07/01 | LATE FEE | 25.00 |
| | TOTAL FEES FOR THIS PERIOD | $25.00 |
| | **INTEREST CHARGED** | |
| 07/04 | PURCHASE INTEREST CHARGE | 15.11 |
| | TOTAL INTEREST FOR THIS PERIOD | $15.11 |

*$62 paid for insurance. $1337 paid for air tickets. All was paid by Paul Wang.*

| 2013 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2013 | $25.00 |
| Total interest charged in 2013 | $15.11 |

Year-to-date totals reflect all charges minus any refunds applied to your account.

## INTEREST CHARGES

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Balance Type | Annual Percentage Rate (APR) | Balance Subject To Interest Rate | Interest Charges |
|---|---|---|---|
| **PURCHASES** | | | |
| Purchases | 15.24% (v) | $1,206.28 | $15.11 |
| **CASH ADVANCES** | | | |
| Cash Advances | 19.24% (v) | -0- | -0- |
| **BALANCE TRANSFERS** | | | |
| Balance Transfer | 15.24% (v) | -0- | -0- |

(v) = Variable Rate                                    30 Days in Billing Period

Please see Information About Your Account section for the Calculation of Balance Subject to Interest Rate, Annual Renewal Notice, How to Avoid Interest on Purchases, and other important information, as applicable.

## BLUEPRINT FEATURE ACTIVITY

☑ **Full Pay**                    **Full Pay Payment Due: $66.94**

Below is your spending in your Full Pay categories. You can avoid interest when you pay these purchases in full each month, even when you carry a balance. Remember, you can change your categories any time.

| Full Pay Category | Category Spending | Number of Transactions |
|---|---|---|
| Restaurants | $66.94 | 4 |
| Departmt/Clothing Store | $0.00 | 0 |
| Drugstores | $0.00 | 0 |
| Entertainment | $0.00 | 0 |
| Gas Stations | $0.00 | 0 |
| Grocery Stores | $0.00 | 0 |
| Health Club/Memberships | $0.00 | 0 |
| Dry Cleaner/Laundromats | $0.00 | 0 |
| Office Supply Stores | $0.00 | 0 |
| Salon/Beauty Supply | $0.00 | 0 |
| Transit | $0.00 | 0 |
| Utilities | $0.00 | 0 |
| Wholesale/Discount Club | $0.00 | 0 |
| All Blink Purchases | $0.00 | 0 |
| **Total** | **$66.94** | |

**This Statement is a Facsimile - Not an original**



**BLUEPRINT FEATURE ACTIVITY  CONTINUED**

Full Pay Historical Spending



Your Full Pay has been activated, as requested.  To avoid interest on your Full Pay purchases, make purchases in these categories and pay them in full each month.  Paying your Blueprint payment will satisfy your account minimum due and your Full Pay purchases.

EXHIBIT 2

3/10/22, 9:21 AM

ORIS - PROD

ORIS - PROD - Version 4.1.0.38439 RPOLICELLI

| Home | Organization | Policy | Claims | Reports | Accounting | Activities | Utilities | | Log Out |

Claim: 201A713842-1  Policy: 201A713842    **Return**    Connections: 201A713842-1 ▇▇▇▇ / CLOSED / Trip Interruption ⌄

| Insured: ▇▇▇▇ | Opened: jbotelho (09/06/2013) | Travel Dates: 07/03/2013 - 09/12/2013 | Branch: FAREPORTAL INC (32-0493) |
| Plan: 201A - cheapOair Base (TXS-cOaBase) | Closed: dmcnally (09/17/2013) | Application Date: 06/18/2013 | Reserve Available: 0.00 | |
| Benefit: Trip Interruption (TI) | Loss Date: 08/31/2013 | Effective Date: 06/19/2013 | EOC Num: 201A-0112 | Admin Overview: Not Available |

## Activities

### View

Claim Info

Policy Connections (0)

**Activities (17) »**

Documents (11)

Tasks (0/3)

Notes (0)

Workflows (0)

Policy Summary

Events (9)

Payees (0)

### Actions

| Change Status |
| Add Payment |
| Add Recovery |
| Authorize Payments (0) |
| Delete Claim |

Ref Num: (all) ⌄    Activity Type: (all) ⌄    **Add Activity**

| I Created | Context | Ref Num | Acty Type | Title | Details | Email Subject | Email To | Email Body | Document(s) | Operator | Actions |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/15/2021 01:10 PM | Claim | 201A713842-1 | Miscellaneous | Miscellaneous | Documents from file have been uploaded. | | | | Copy of RA Sheets & Notes from Examiner (394883).pdf<br>TINM Form (394884).pdf<br>Email from Mukesh Thakur (394885).pdf<br>Emails from Paul Wang (394886).pdf<br>CC Statement (394887).pdf<br>Police Report (394888).pdf | Sarah Williams | |
| 12/15/2021 09:59 AM | Claim | 201A713842-1 | Review | Note to File | File retrieved from to storage. File contents to be scanned to ORIS and original file to be held in the office.<br>No action needed regarding subpoena at until received. | | | | | Marnie English | |
| 12/07/2021 01:18 PM | Claim | 201A713842-1 | Review | Note to File | Emailed management regarding possible subpoena. | | | | | Debbie McNally | |
| 12/07/2021 01:11 PM | Claim | 201A713842-1 | Incoming Email | CL-Legal | Dec 7, 2021<br><br>Email from Paul Wang<br><br>Hello Travelex,<br><br>Please preserve all documents for Policy #:<br>201A713842<br>We will be sending subpoena for all documents and cashed check copies/information soon for a federal lawsuit.<br><br>Thanks, | | | | FW Auto Reply RE EXTERNAL - Re Policy # 201A713842 Correspondence Letter (Thread 807495) (393180).pdf | Cindy Dungavel | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Paul<br><br>show less | | | | | | |
| 07/14/2021 11:23 AM | Claim | 201A713842-1 | Review | Note to File | Management has already been advised of the email received from Paul Wang. Transamerica is being contacted as per CT's activity below. Emailed CT to advise an email is now submitted from lawyer. | | | | | Debbie McNally | |
| 07/14/2021 11:17 AM | Claim | 201A713842-1 | Incoming Email | CL-Legal | July 14, 2021<br>Email from Azizpour Donnelly, LLC | | | | FW EXTERNAL Legal Hold - Re Policy # 201A713842 (368161).pdf | Cindy Dungavel | |
| 07/14/2021 11:16 AM | Policy | 201A713842 | Incoming Email | CL-Legal | From: Cassandra Timms<br>Sent: Wednesday, July 14, 2021 11:15 AM<br>To: Angela Madathil<br>Cc: TIS Reviews ; CC Supervisor<br>Subject: RE: [EXTERNAL]Policy #: 201A713842 Correspondence Letter - claims documentation request<br><br>Good morning Angela –<br><br>We are aware of an inquiry from an individual by the name of Paul Wang and his attorney. This is not the insured on this policy, so are unable to provide policy/claim details. We will be consulting Transamerica.<br><br>Thanks for providing the heads-up.<br><br>Cass<br><br>Cassandra Timms<br>Vice President | A&S Operations<br><br>T: 905.523.5936 x1353 | F: 866.551.1704 | TF: 800.465.0661 x1353<br>ctimms@orican.com<br>Old Republic Canada | Old Republic Insurance Group<br>100 King St W., Hamilton, ON L8N 3K9<br>www.orican.com<br>show less | | | | RE EXTERNALPolicy # 201A713842 Correspondence Letter - claims documentation request (368154).msg | Brenda Lupton | |
| 03/12/2021 04:36 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Insured's friend called to ask about status of claim. He asked if payment was issued. Explained that yes, however I cannot release details as I can only provide to insured directly. He advised that this person has filed lawsuit against him. Apologized but advised legally without written auth I cannot provide at this time. He wanted me to note that they may have to subpoena records for lawsuits. Advised would note file.<br><br>show less | | | | | Melissa Charko | |
| 09/18/2013 06:02 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Insured boyfriend called for status. I adv check issued Sept 17th .He insisted on the amount.I adv to have the insured contact us. | | | | | Emmanuel Kimenyi | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/17/2013 11:02 AM | Claim | 201A713842-1 | Incoming Mail | CL-Insured | Sept 17, 2013<br>Note from Mukesh Thakur | | | | Cindy Dungavel | |
| 09/17/2013 08:32 AM | Claim | 201A713842-1 | Review | File to Checking | TICKET COST IS $1346.00. INSURANCE IS NON-REF.<br><br>UNUSED RETURN TICKET IS $673.00.<br><br>ALSO - POLICY IS FOR XINGFEI LUO. ALL DOCS ON FILE RELATE TO THIS PERSON. PAYMENT IS TO THE INSURED. THERE IS NO AUTH ON FILE TO PAY A THIRD PARTY.<br>show less | | | | Debbie McNally | |
| 09/12/2013 08:40 AM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 11, 2013<br>Note from Paul Wang<br>CC Stat ement | | | | Cindy Dungavel | |
| 09/11/2013 02:34 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Paul called to check status. Advised requesting POP. He advised insured hasnt returned home and has cancelled return ticket.<br><br>Emailed correspondence to: student007@hotmail.com | | | | Maja Dodik | |
| 09/10/2013 01:39 PM | Claim | 201A713842-1 | Outgoing Letter | CL-Insured | requesting proof of payment for TINM -- if insured incurred a change fee as passport was stolen. No pop on file. Just police report.<br><br>emailed fareportal<br><br>file to pending. | | | Correspondence Merge(LTR001 - Blank with Tokens)- ENGLISH.docx | Brittany Bienker | |
| 09/06/2013 03:43 PM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 5, 2013<br>Email from Insured<br>TINM Form<br>Police Report<br>Email from Insured<br>Email from CheapOair | | | | Jennifer Botelho | |
| 09/04/2013 04:52 PM | Policy | 201A713842 | Incoming Call | CL-Insured | Insured called with general process questions - advised. Advised claim forms sent by e-mail not yet registered. | | | | Robert Steele | |
| 09/03/2013 03:40 PM | Policy | 201A713842 | Outgoing Email | CL-Claim Form Sent | Claim initiated. Paul requested TINM emailed to: student007@hotmail.com. He advised passport was stolen. Advised of report. | | | Correspondence Merge(FORM- PKG010A-Trip Interruption Non-Medical)- ENGLISH.docx | Maja Dodik | |

EXHIBIT 3

2o1A713842

**Shelly Fozard**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Thursday, September 05, 2013 5:28 PM |
| **To:** | Shelly Fozard; Cindy Dungavel |
| **Subject:** | FW: CheapOair.com Booking # 16641208 |

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Thursday, September 05, 2013 5:24 PM
**To:** TravelexClaims
**Subject:** Fwd: CheapOair.com Booking # 16641208

This is regarding the claim for booking number 16681208. The attached email is from cheapoair confirming the cancellation of reservation.

Paul

Sent from my Samsung Galaxy Note® II

-------- Original message --------
From: cheapoair@cheapoair.com
Date: 09/05/2013 3:20 PM (GMT-07:00)
To: stealthzeus@gmail.com
Subject: CheapOair.com Booking # 16641208

Dear ███████

Thank you for choosing CheapOair.com.

This is in reference to booking #16641208
As per our telephone conversation, we would like to reconfirm the following details:
The ticket you have purchased is non-refundable but can be changed with a penalty of $103.00 plus difference in fare if any. The Changes have to be made prior to the departure date.  We have cancelled the return reservation as per your request.
Please reply to this email to confirm this conversation.

Thank You,
CheapOair.com

**Shelly Fozard**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Wednesday, September 04, 2013 4:29 PM |
| **To:** | Shelly Fozard |
| **Cc:** | Cindy Dungavel |
| **Subject:** | FW: Booking Number 16641208 Trip Interruption Claim |
| **Attachments:** | OpheliaClaim023.pdf |

**From:** Paul Wang [mailto:student007@hotmail.com]
**Sent:** Wednesday, September 04, 2013 4:25 PM
**To:** TravelexClaims; Me Haha
**Subject:** Booking Number 16641208 Trip Interruption Claim

Hi,

I am claiming trip interruption for booking number 16641208 due to theft of passport.
Please find the form and police report attached. Please let me know what else we need to provide.

Thank you.

Paul

EXHIBIT 4

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Thursday, September 05, 2013 5:24 PM
**To:** TravelexClaims
**Subject:** Fwd: CheapOair.com Booking # 16641208

This is regarding the claim for booking number 16681208. The attached email is from cheapoair confirming the cancellation of reservation.

Paul

Sent from my Samsung Galaxy Note® II

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Sept 5, 2013 Email from Insured TINM Form Police Report Email from Insured Email from CheapOair | | | | | | |
| 09/06/2013 03:43 PM | Claim | 201A713842-1 | Incoming Email | CL-Insured | | | | | | Jennifer Botelho |
| 09/04/2013 04:52 PM | Policy | 201A713842 | Incoming Call | CL-Insured | Insured called with general process questions - advised. Advised claim forms sent by e-mail not yet registered. | | | | | Robert Steele |
| 09/03/2013 03:40 PM | Policy | 201A713842 | Outgoing Email | CL-Claim Form Sent | Claim initiated. Paul requested TINM emailed to: student007@hotmail.com. He advised passport was stolen. Advised of report. | | | | Correspondence Merge(FORM-PKG010A-Trip Interruption Non-Medical)-ENGLISH.docx | Maja Dodik |

EXHIBIT 5



EXHIBIT 6

201A713842

**Cindy Dungavel**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Wednesday, September 11, 2013 3:46 PM |
| **To:** | Shelly Fozard; Cindy Dungavel |
| **Subject:** | FW: Credit card statement |
| **Attachments:** | creditcard.pdf |

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Wednesday, September 11, 2013 2:59 PM
**To:** TravelexClaims
**Subject:** Fwd: Credit card statement

Hi, this is regarding booking number 16641208. In the attached statement there are two transactions. One for the tickets, $1337, the other for the insurance $62.

Paul

Sent from my Samsung Galaxy Note® II

EXHIBIT 7

transvestism →

## 1 thought on "Paul Wang, Highlands Ranch, CO"



**Paul Wang**
at 4:28 am

████████ is my classmate from middle school. We met for the first time in almost 20 years in a class reunion in China in October 2012, and started a long distance relationship. In the summer of 2013, I invited her to come visit me in the states. After living with her for a while, I started to find out more and more about her. She had hidden much from me, and her true personality was shown to both vindictive and vile. At the time we were supposed to be dating, she would constantly flirt with other men online. In August she left my place to go to New York to "visit her friends", who turned out to be another man she been dating online. I decided to break off the relationship with her. After about a month or two, she kept calling me to beg me to take her back. Being the nice person, I said okay, and took her back in. However, things were never back to normal. And our relationship was extremely strained to say the least. I originally purchased the round trip non refundable plane tickets for her to go back to China in early October, but she decided to stay in the US by any means. I don't have a problem with that, but she demanded that buy her a new ticket for departure after Xmas. I told her to buy her own ticket back. She later filed a false police report claiming her passport got stolen, and was issued a refund from the travel insurance company for half the ticket price. She used that refund to purchase a ticket to California. On the way to the airport, I once again broke up with her. This time I told her there's no chance we are getting back together.

After she went to California, she kept emailing and texting me, showing pictures of convertible she was riding in, or guns that her new boyfriend owns etc. I blocked her number and repeatedly told her in email response that I don't want to hear from her again. I don't want to have anything to do with such a crazy person.

A week later, I was at work when I was called into the HR department to explain some mysterious emails. Apparently someone created an email with my full name @163.net which is a free email service in China, and had been sending emails in my name to everyone I know, including my parents, friends, coworkers and my supervisor who is a female. In some of the emails was an attachedment of a photo that I immediately recognized as one of my most private pictures. This was a scanned Polaroid picture of a celebration of my 21st birthday in a gentleman's club in Dallas, Texas. It depicts me holding a naked porn star in a very compromised position, and the picture was signed by the porn star. I have never shown this picture to anyone. It had been kept in my private collection for sentimental reasons. I was in shocked but soon realized what happened and who sent those emails. It was ████████ who is the only person with unlimited access to all my personal properties when living at my house. She had stolen my private property and try to use it to make me look like a pervert. Fortunately everyone who knows me understood that these emails came from someone else. She was trying to get me into trouble but my company HR department stands by me and blocked this email address.

I confronted her via instance messages on a Wechat group for our classmates, and she uploaded the same picture to show that she was the one sending those emails. That's when I blocked her on Wechat as well and that was the last time I had any contact with this vile woman.

I got married in 2015, and have a young daughter now. Just a couple of days ago, a co worker called me and told me that when he searched for my name in google this page came up. I don't want my daughter or any one who doesn't know me came to this page to see this fabricated accusation without having the full context of what really happened. The cheater was her, not me.

If you have any questions regarding anything in this letter, you can contact me at my cell above. I will try to get this page removed from everywhere if it is possible. If not possible at least I can tell my side of the story.

Thanks

Paul

WEAMER 0004

EXHIBIT 8



# Re: Luo v. Wang: 20-cv-02765-RMR-MEH - Rule 11 Notice

**From:**  co20_2765@mail.com
**To:**  "katykdonnellylaw.com" <katy@kdonnellylaw.com>, "Collier, Clarissa" <Collier@wtotrial.com>
**Date:**  Aug 7, 2022 10:23:01 PM

Ms Donnelly,

Attached please find plaintiff's rule 11 motion.

Thanks.
Luo

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02765-RMR-MEH

*XINGFEI LUO,*

      Plaintiff(s),

v.

*PAUL WANG,*

      Defendant(s).

---

## PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS

---

COMES NOW PLAINTIFF, pursuant to Rule 11, Federal Rules of Civil Procedure, Colorado Rule of Professional Conduct 3.3(a)(1) and D.C.COLO.LAttyR 2(a) hereby moves this Court to impose sanctions against Defendant and his counsel, jointly and severally, on the ground that Defendant's Second Motion for Rule 11 sanctions is frivolous, not warranted by existing law, and presented for an improper purpose in bad faith. Further, Defendant and his counsel should be enjoined from filing any new actions against Plaintiff without first obtaining leave of court.

A copy of this motion was served on Defendant and his counsel on August 7, 2022. Thus, pursuant to Federal Rule of Civil Procedure 11(c)(1)(A), Defendant and his counsel had more than twenty-one days to voluntarily withdraw defendant's second rule 11 motion, under Fed. R. Civ. P. 11. As the record shows, both Defendant and his counsel have failed to do so.

On August 7, 2022 Plaintiff conferred with Defendant regarding this motion, as required under local rule D.C.Colo.LCivR 7.1(a). Defendant has indicated he would oppose Plaintiff's motion.

## INTRODUCTION

Paul Wang (Defendant) – a thief cries "Stop thief!" – filed his first Rule 11 motion on December 3, 2021. Dkt. 132. Right after Defendant's first Rule 11 motion was denied on June 13, 2022 (Dkt. 165) and once the stay of the case was lifted, Defendant filed his second Rule 11 motion, primarily based on the same arguments but was added extra false representation. Defendant's second Rule 11 motion is part of a pattern of reargument and re-litigation that has marked his efforts in this lawsuit to harass and intimidate Plaintiff, and that is not a proper use of Rule 11. See Advisory Committee Notes, 1993 Amendments ("Rule 11 motions [should not] be prepared [in order to] emphasize the merit's of a party's position. . . ."); see also *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (imposition of sanctions was supported by evidence that litigant brought action based on allegations which had been adversely decided against him previously). A sanction imposed for a violation of Rule 11 must be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(2). A monetary sanction is insufficient to deter Defendant from future baseless, bad-faith filings and therefore would be insufficient to protect the court's ability to carry out its judicial functions. Defendant should be enjoined from filing any new actions against Plaintiff without first obtaining leave of court and ordered to pay a penalty into court.

## LEGAL ARGUMENT

Under Federal Rule of Civil Procedure 11, the court may impose sanctions on attorneys or unrepresented parties if "a pleading, written motion, or other paper . . . [is] presented for any improper purpose[;] . . . the claims, defenses, and other legal contentions therein are [un]warranted by existing law[;] . . . the allegations and other factual contentions have [no] evidentiary support[; or] the denials of factual contentions are [un]warranted on the evidence[.]"

FED. R. CIV. P. 11(b).

Courts often impose sanctions when a litigant refuses to withdraw baseless claims after service of a motion for sanctions. See *Terra Partners v. AG Acceptance Corp.*, CV 16-1036 WPL/CG, at *9 (D.N.M. Mar. 7, 2017), quoting *Barrett-Bowie v. Select Portfolio Servicing, Inc.*, 631 F. App'x 219, 221 (5th Cir. 2015); *Cook-Benjamin v. MHM Corr. Servs., Inc.*, 571 F.App'x 944, 949 (11th Cir. 2014).

The court also has the authority to impose Rule 11 sanctions *sua sponte*. FED. R. CIV. P. 11(c)(1)(B). This inherent power "guard[s] against abuses of the judicial process." *Shepherd v. Am. Board. Co.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995). In this regard, Rule 11 serves the purpose of protecting the court from "frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings." *Cobell v. Norton*, 211 F.R.D. 7, 10 (D.D.C. 2002) (quoting *Cobell v. Norton*, 157 F. Supp. 2d 82, 86 n.8 (D.D.C. 2001)). If the court determines that the motive and intent of the offending party is to harass the other party, or that a party has otherwise violated Rule 11(b), it has the inherent power to consider a Rule 11 sanctions motion *sua sponte* by issuing an order directing the offending party to show case why it has not violated Rule 11(b). FED. R. CIV. P. 11(c)(1)(B); see *McLaughlin v. Brandlee*, 602 F. Supp. 1412 (D.D.C.1985), aff'd 803 F.2d 1197 (D.C. Cir.1986). When the court exercises its discretion and imposes sanctions *sua sponte*, it is not required to provide the party with the safe harbor period, as is required in Rule 11(c)(1)(A). Compare FED. R. CIV. P. 11(c)(1)(B) (containing no explicit safe harbor provision) with FED. R. CIV. P. 11(c)(1)(A) (containing an explicit safe harbor provision); see, e.g., *Elliot v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (distinguishing between the safe harbor required when sanctions are requested by motion and the absence of the safe harbor requirement when the court is acting *sua*

*sponte*).

Finally, this court has the "discretion to determine both whether a Rule 11 violation has occurred and what sanctions should be imposed if there has been a violation." *Cobell*, 211 F.R.D. at 10 (citations omitted).

A.  Sanctions are Proper against Defendant and His Counsel for Making False
    Representation of Material Facts and Intentionally Failing to Disclose Material Facts

"A lawyer shall not knowingly make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Colorado Rule of Professional Conduct 3.3(a)(1) (emphasis added); D.C.COLO.LAttyR 2(a) (adopting the Colorado Rules of Professional Conduct as standards of professional responsibility in the U.S. District Court for the District of Colorado).

Rule 11 of the Federal Rules of Civil Procedure "allows the court to sanction a party, if the court determines that the party has violated Rule 11(b) by making false, misleading, improper, or frivolous representations to the court." *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008); see also *Matter of Olsen*, 326 P.3d 1004. Pursuant to Rule 11(b), a party's or an attorney's signature on a pleading or motion constitutes a certification that, among other things, "to the best of the person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances . . . the claims, . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law . . . [and] the factual contentions have evidentiary support" (emphasis added). The certification requirement mandates that "all signers consider their behavior in terms of the duty they owe to the court system to conserve its resources and avoid unnecessary proceedings." 5A C. Wright & A. Miller, Federal Practice & Procedure §1335, at 57-58 (2d ed. 1990).

A party or an attorney need not act willfully or in bad faith to be subject to sanctions under Rule 11. *Nikols v. Chesnoff, 435 F. App'x 766, 773* (10th Cir. 2011) (reversing and remanding denial of motion for sanctions where the district court appeared to require a showing of bad faith); *Storage Partners II v. Storage Tech, Corp*., 117 F.R.D. 675, 680 (D. Colo. 1987). Rather, to avoid sanctions a party and an attorney must meet a standard of objective reasonableness. *White v. General Motors Corp., Inc*., 908 F.2d 675, 680 (10th Cir. 1990); *Marotta v. Cooper*, No. 10-CV-01687-WJM-CBS, 2011 WL 2784423, at *8 (D. Colo. July 13, 2011) ("Rule 11 applies a standard of objective reasonableness, that is, whether a reasonable attorney admitted to practice before the District Court would file such a document."). A subjective good faith belief in the merits of asserted claims does not suffice to meet this standard. White, 908 F.2d at 680. Instead, that belief must "be in accord with what a reasonable, competent attorney would believe under the circumstances." Id.; C*ooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 393 (1990) ("Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'").

Under Rule 11, a signing attorney has a "nondelegable responsibility" to "personally . . . validate the truth and legal reasonableness of the papers filed." P*avelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 126 (1989) (emphasis added). The "heart of Rule 11" is the message conveyed by the signer's certification that counsel "has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc*., 498 U.S. 533, 542 (1991) (emphasis added).

Sanctions are properly imposed against parties, counsel, and any associated law firm for filing papers that (1) "harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2)

contain legal contentions that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) contain factual contentions that have no "evidentiary support" and that are not "likely" to have evidentiary support even after a reasonable opportunity for discovery; or (4) contain denials that are not "warranted on the evidence or, if specifically so identified, [not] reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b).

<u>Online Publications</u>

Defendant's argument with respect to the online publications in his second Rule 11 motion is primarily same as what he argued in his first Rule 11 motion. Defendant has alleged that Plaintiff's only specified claims against defendant are premised on two web postings published outside the statute of limitations. Defendant's argument is flawed. First, republication occurs when (1) the original publication was modified; or (2) the republication was directed to a new, different audience. Defendant proffered nothing to show the online publications at issue here were never modified. Republication occurs when (1) the original publication was modified; or (2) the republication was directed to a new, different audience. In *Davis v. Mitan* (*In re Davis*), the United States District Court for the Western District of Kentucky held that "where substantive material is added to a website, and that material is related to defamatory material that is already posted, a republication has occurred." 347 B.R. 607, 612 (W.D. Ky. 2006). Similarly, in *Larue v. Brown*, the Court of Appeals of Arizona held that republication occurs on a website when an "update or modification [of an internet publication] affects the substance of the allegedly defamatory material." 235 Ariz. 440, 333 P.3d 767, 772 (Ariz. Ct. App. 2014), finding that the defendants' responses to readers' comments—posted directly below the original articles—not only repeated the earlier defamatory allegations, but "also added to and altered the

substance [*255] of the original material." Id. at 773. The court held that when the statement itself is substantively altered or added to, or the website is directed to a new audience, the statement will be considered to be "republished."

Information is placed on the Internet with the intention that it will be available to reach new audiences over time. The Internet is more like a television, radio, or motion picture exhibition, which gives material a renewed impact each time it is broadcast, or each time the defamatory material is accessed. This repeat impact justifies a new cause of action. As Restatement (Second) Of Torts § 577A cmt. D. explains: If the same defamatory statement is published in the morning and evening editions of a newspaper, each edition is a separate single publication and there are two causes of action. The same is true of a rebroadcast of the defamation over radio or television or second run of a motion picture on the same evening. In these cases the publication reaches a new group, and the repetition justifies a new cause of action. The justification for this conclusion usually offered is that in these cases the second publication is intended to and does reach a new group. Echoing the words of the Second Restatement, the Internet "is intended to and does reach a new group."

The Second Restatement of Torts enforces the idea that different communications are different publications. According to the Restatement, "Each communication of the same defamatory matter by the same defamer, whether to a new person or to the same person, is a separate and distinct publication, for which a separate cause of action arises." Thus, one printing of an edition of a book, magazine, or newspaper is one communication, one call for attention. One broadcast of a television program, radio show or motion picture exhibition is one communication. However, a repeat broadcast, exhibition, printing or edition is an additional communication, is an additional call for attention, and thus permits an additional cause of action.

By analogy, each time a defamatory message or report is accessed on a computer, it is a new communication, making a new opportunity for injury, and should warrant a new cause of action.

Without evidence, Defendant has alleged that one of the online publications is authored by someone else. In supporting his speculation, Defendant proffered (1) Plaintiff's December 17, 2013 letter; (2) a sentence stating that "I have filed a police report about her stealing money from me as well." Defendant's speculation has significant flaws: (1) Plaintiff's letter is not proof of the author of any online publications; (2) Defendant failed to provide the police report filed by someone else about Plaintiff stealing money; (3) Had Defendant been sure that Mr. Paraskevas was the author of the statements in paragraph 62 of the TAC he could have provided a declaration of Mr. Paraskevas acknowledging he was the author.

Further, Defendant did not deny he was the originator of the defamatory statements. The originator of defamatory matter may be liable for each "repetition" of the defamatory matter by a second party "if he could reasonably have foreseen the repetition." *McKinney v. County of Santa Clara*, 110 Cal. App. 3d 787, 795, 797 (1980); See also *Mitchell v. Superior Court*, 37 Cal. 3d 268, 281 (1984). "The rationale for making the originator of a defamatory statement liable for its foreseeable republication is the strong causal link between the actions of the originator and the damage caused by the republication." *Churchey v. Adolph Coors*, 759 P.2d 1336, 1344 (Colo. 1988).

Here, while Defendant made defamatory statements to anyone about Plaintiff, he could reasonably have foreseen the repetition of his defamatory statements by a second party and therefore he should be held liable for each republication.

<u>Insurance Claim</u>

Despite Defendant admits that all travel insurance documents were produced to him at

10:00 am on July 7, 2022[1], Defendant falsely alleges that Plaintiff had made an insurance claim by reporting her passport stolen but if fact the insurance claimant was Defendant. Defendant further concealed material facts by alleging that Plaintiff was issued an insurance check in her name for the flight she canceled" but in fact the check issued by the insurance company was mailed to Defendant's residence and he cashed the check issued to Plaintiff.

On Sep 2, 2013 proof of claim was signed and submitted by Paul Wang as a claimant. Decl. Luo, ¶2.

On Sep 3, 2013 at 3:40 pm Claim was initiated by Paul Wang, not Plaintiff. Email was sent to student007@hotmail.com, the exact same email address he provided to this court. See Dkt. 28. On Sep 4, 2013 Paul Wang emailed Travelex to claim trip interruption with attachment of police report. On Sep 5, 2013 Paul Wang emailed Travelex the cancellation of reservation. Decl. Luo, ¶3-4.

On Sep 11, 2013 at 2:34pm Paul called to check status. Email was sent to student007@hotmail.com, the exact same email address he provided to this court. See Dkt. 28. On Sep 11, 2013 at 2:59 pm Paul Wang emailed his bank statement to Travelex, indicating that he paid $1337 for the air tickets and $62 for the insurance. On Sep 18, 2013 at 6:02 pm Paul called for status and insisted on the inquiry of the claim amount. Decl. Luo, ¶5-6.

Despite Paul Wang was the insurance claimant, after he cashed the check issued by insurance company without giving any money to Plaintiff, he wrote "She later filed a false police report claiming her passport got stolen, and was issued a refund from the travel insurance company for half the ticket price. She used that refund to purchase a ticket to California." Decl.

---

[1] On June 2, 2022 the court issued a stay of all discovery and briefing for thirty (30) days. Dkt. 164. Neither Plaintiff nor her prior counsel had any obligation to disclose the subpoenaed production of insurance company while the discovery was stayed. Defendant could have subpoenaed the insurance documents himself but he strategically chose not to and waited for the work product from Plaintiff's counsel. Then Defendant turned around and complained about not receiving the subpoenaed document sooner.

Luo, ¶9.

In sum, Defendant was well aware of the following facts but intentionally concealed from the court: Defendant, not Plaintiff, paid the travel insurance; although Plaintiff was the traveller on the air ticket, insurance company's records clearly show Defendant was the claimant; Plaintiff never made any contact with the insurance company for any claim; The check issued by the insurance company was mailed to Defendant's residence; In 2013 Plaintiff was a foreigner without a social security number therefore she had no bank account in the U.S. Plaintiff was unable to cash any checks without a bank account in 2013. Defendant cashed the check issued by the insurance company; Defendant did not give Plaintiff any money cahsed from the check issued by insurance; Plaintiff never received a dime from the insurance company. It is impossible that Plaintiff used the refund to purchase a ticket to California while she never cashed the check. Decl. Luo, ¶8, 10.

Defendant and his counsel knowingly made false representation of material fact to the Court. Colorado Rule of Professional Conduct 3.3(a)(1) ("A lawyer shall not knowingly make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.")

Litigation Privilege

Defendant's argument with respect to witness privilege in his second Rule 11 motion is primarily same as what he argued in his first Rule 11 motion.

The actions of a potential witness are not absolutely immune merely because he labels himself a potential witness. Immunity analysis rests on functional categories, not on the defendant's status. *Briscoe v. LaHue*, 460 U.S. 325 (1983). The supreme court was careful to emphasize that witness immunity does not extend to "all activity that a witness conducts" before

testifying, and noted in particular that it had "accorded only qualified immunity to law enforcement officials who falsify affidavits." *Rehberg v. Paulk*, 566 U.S. 356, 369 n. 1 (2012) (treating law enforcement officers the same as private  witnesses; citing *Kalina v. Fletcher*, 522 U.S. 118, 129–131 (1997), and *Malley v. Briggs*, 475 U.S. 335, 340–45, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

Plaintiff has alleged that Defendant fabricated that Plaintiff committed several crimes which are unfounded. ECF No. 85 ¶¶51–52, 75–83, 57–62, 84–92. Defendant's fabrication was not made to achieve any legitimate purpose of litigation but simply to cause harm to Plaintiff. The circumstances presented here fall squarely outside the carefully limited holding of *Rehberg*.

A pretrial, out-of-court effort to ... fabricate evidence ... is not "inextricably tied"—or tied at all—to any witness' own testimony, even [i]f a potential witness does happen to be involved. *Paine v. City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001).

When defendants have "dual roles as witness and fabricator," extending protection from the testimony to the fabricated evidence "would transform the immunity from a shield to ensure" candor into "a sword allowing them to trample the statutory and constitutional rights of others." *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1243 (9th Cir. 2015).

B.  <u>Defendant's Repeated Baseless Rule 11 Motions are Litigation Abuse</u>

Defendant's repeated Rule 11 Motions, continue a pattern of abuse, are deceitful, have been brought for the sole purpose of harassment and intimidation, and are an abuse of process. Defendant's conduct is precisely the type of conduct that Rule 11 seeks to deter.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court impose sanctions, pursuant to Fed. R. Civ. P. 11, against Defendant and his counsel, jointly and

severally, in the form of a penalty into court in the amount that the Court deems sufficient to deter Defendant and his counsel from future misconduct. Meanwhile, Defendant and his counsel should be enjoined from filing any new actions against Plaintiff without first obtaining leave of court.

Dated: August 7, 2022

*/s/XINGFEI LUO*
Plaintiff, in Pro Se

## DECLARATION OF PLAINTIFF XINGFEI LUO

I, XINGFEI LUO, declare and state:

1. I am the plaintiff in this case. I have personal knowledge of all facts stated herein. If called as a witness, I could and would competently testify thereto.

2. On Sep 2, 2013 proof of claim was signed and submitted by Paul Wang as claimant. A true and correct copy of the signed proof of claim is attached hereto as Exhibit 1.

3. On Sep 3, 2013 at 3:40 pm Claim was initiated by Paul Wang. Email was sent to student007@hotmail.com, the exact same email address he provided to this court. See Dkt. 28. A true and correct copy of the correspondence is attached hereto as Exhibit 2.

4. On Sep 4, 2013 Paul Wang emailed Travelex to claim trip interruption with attachment of police report. On Sep 5, 2013 Paul Wang emailed Travelex the cancellation of reservation.  A true and correct copy of the email correspondence is attached hereto as Exhibit 3.

5. On Sep 11, 2013 at 2:34pm Paul called to check status. Email was sent to student007@hotmail.com, the exact same email address he provided to this court. See Dkt. 28. A true and correct copy of the call log is attached hereto as Exhibit 2.

6. On Sep 11, 2013 at 2:59 pm Paul Wang emailed his credit card statement to Travelex, indicating that he paid $1337 for the air tickets and $62 for the insurance. A true and correct copy of the email correspondence is attached hereto as Exhibit 4.

7. On Sep 18, 2013 at 6:02 pm Paul called for status and insisted on the inquiry of the claim amount.  A true and correct copy of the call log is attached hereto as Exhibit 2.

8. All of the above insurance related documents were disclosed to Defendant and his counsel on July 7, 2022.

9. A true and correct copy of defendant's statement is attached hereto as Exhibit 5.

10. In 2013 I was a foreign visitor in the U.S. which was well aware by defendant Paul Wang. I did not have a social security number in 2013. I did not have a bank account in 2013 in the U.S. I did not cash the check issued by the insurance company. In fact, Paul Wang cashed the check and took the money. I received not a single dime from the insurance company. I never made any contact with the insurance company for any claim. Everything was done and controlled by Paul Wang.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: August 7, 2022

*/s/ Xingfei Luo*
Plaintiff, In Pro Per

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2022, I served an electronic copy of the foregoing on:

Katayoun A. Donnelly katy@kdonnellylaw.com

Date: August 7, 2022

/s/ Xingfei Luo
Plaintiff, In Pro Per

EXHIBIT 1

**Claims Administration Office for Stonebridge Casualty Insurance**

**Travelex Claims**
4600 Witmer Industrial Estates, Suite 6
Niagara Falls, NY 14305
Telephone: 1-855-876-3447   Fax: 877-367-2496

| TRIP INTERRUPTION NON MEDICAL CLAIM FORM |
| --- |

**Please Note:** *Benefits under any coverage will not be paid for expenses reimbursed or services provided by any other source. Benefits cannot be duplicated under this Protection Plan.*

**PROOF OF CLAIM** MUST BE SUBMITTED WITHIN 90 DAYS OF THE OCCURRENCE

| Part I | GENERAL INFORMATION |
| --- | --- |

Claimant's Name *(Last, First)*    *Claimant is Paul Wang*
WANG, PAUL

Conf. No./Booking No.
16641208

Date of Birth ▮▮▮▮

Full Address
11505 E. Virginia Place, Aurora, CO 80012   *Paul Wang's residence in 2013.*

Home Phone No.
720 323 1113   *Same phone # as Dkt. 28*

Business Phone No.

| Full name of all persons claiming | Ages | Relationship to Claimant | Policy No. |
| --- | --- | --- | --- |
| 1) N/A | | | |
| 2) | | | |
| 3) | | | |
| 4) | | | |

Tour Operator's Name (e.g. Cruise Line, Airline, etc)
Cheap O air

Travel Supplier's Name
Cheap O air

Telephone No.

Travel Supplier's Address
135 W 50th Street, Suite 500, New York, NY 10020

| Date Initial Deposit Paid for Trip | Date of Final Payment for Trip | Departure Date | Scheduled Return Date | Actual Return Date |
| --- | --- | --- | --- | --- |
| 06/17/2013 | 06/17/2013 | 07/03/2013 | 09/11/2013 | |
| *( MM / DD / YY )* | *( MM / DD / YY )* | *( MM / DD / YY )* | *( MM / DD / YY )* | *( MM / DD / YY )* |

Departure City   Hong Kong, China

Destination *(City, Country)*   Denver, USA

| Part II | EXPLANATION OF LOSS |
| --- | --- |

Type of claim   ☐ Cancellation   ☒ Interruption

Reason for cancellation/interruption/delay
Passport lost/stolen

| Total Amount of Claim (in US $) | Tour Cost Per Person (in US $) | Cruise Cost Per Person (in US $) | Air Fare Per Person (in US $) |
| --- | --- | --- | --- |
| 1364 00 | 1364.00 | N/A | 1364.00 |

| Date trip was cancelled, interrupted or delayed | Length of delay (hours, days) | Did you receive a refund from the Travel Agent/Tour Operator after cancellation?  ☐ Yes  ☒ No | If Yes, please indicate amount |
| --- | --- | --- | --- |
| 08/31/2013 *( MM / DD / YY )* | N/A | | N/A |

For Trip Interruption, please indicate any additional transportation cost incurred

| Type of Expense | Date incurred *( MM / DD / YY )* | Amount |
| --- | --- | --- |
| 1) N/A | | |
| 2) | | |
| 3) | | |

Please enclose the original receipts for the above claimed expenses

**IMPORTANT – CLAIM CANNOT BE PROCESSED IF THIS FORM IS INCOMPLETE. PLEASE COMPLETE ALL APPLICABLE AREAS.**

## EXPLANATION OF LOSS CONTINUED

| Scheduled number of nights on Trip | Number of nights missed due to Interruption | Was the Interruption caused by the Common Carrier? (i.e. Airline, Cruise Line, etc)   ☐ Yes  ☒ No | If Yes, was any compensation received?  ☐ Yes  ☐ No |
|---|---|---|---|
| N/A | N/A | | |

| If Yes, please explain or indicate amount (in US $) | Name of Airline on which you returned home or rejoined Trip |
|---|---|
| N/A | |

| Point of departure | Destination |
|---|---|
| Denver, CO, USA | Hong Kong, China |

| Date returned home or rejoined Trip | Was this the lowest fare available? | Was a substitute flight provided by the Tour Operator/Airline? | Did you receive a credit for future travel? |
|---|---|---|---|
| N/A  (MM / DD / YY) | ☐ Yes  ☐ No | ☐ Yes  ☐ No | ☐ Yes  ☐ No |

| Is the original unused return ticket enclosed?  ☒ Yes  ☐ No | If Not, Please Explain |
|---|---|
| | N/A |

IF THE INTERRUPTION WAS CAUSED BY THE COMMON CARRIER, PLEASE ATTACH WRITTEN NOTIFICATION FROM THE COMMON CARRIER REGARDING CANCELLATION OR PROVIDE DETAILS REGARDING DELAY AND TIMES.

## Part III                    OTHER COVERAGE

| Did you purchase any portion of your trip on a Credit Card?  ☒ Yes  ☐ No | If Yes, name and type of Credit Card (e.g. Visa Gold card)  Chase Sapphire | |
|---|---|---|
| Do you have any other Insurance Coverage/Plans? (e.g. Travel, Credit Cards, etc)  ☐ Yes  ☒ No | Has your loss been reported to any other Insurance Company?  ☐ Yes  ☒ No | If Yes, which Company?  N/A |

| 1) Name of Insurance Company | Policy No. | Telephone No. |
|---|---|---|
| | | |

| Address of Insurance Company | | |
|---|---|---|

| 2) Name of Insurance Company | Policy No. | Telephone No. |
|---|---|---|
| | | |

| Address of Insurance Company | | |
|---|---|---|

**I DECLARE THAT THE ABOVE INFORMATION IS TRUE, COMPLETE AND CORRECT.**
*I/We authorize any other insurance plan, under which I/We have coverage, to disclose information as may be necessary or to make payment in respect of my/our claim to Stonebridge Casualty Insurance Company directly. I/We also authorize Stonebridge Casualty Insurance Company to disclose to any other Plan, under which I/We have coverage, any and all information as may be necessary with respect to my/our claim.*

| Signature of Insured/Claimant    Same signature as Dkt. 28 | 9/2/2013 |
|---|---|
| | Date    ( MM / DD / YY ) |

| Signature of Insured/Claimant | Date    ( MM / DD / YY ) |
|---|---|

| Payment Due Date | New Balance | Past Due Amount | Minimum Payment | or | Blueprint Payment |
|---|---|---|---|---|---|
| 08/01/13 | $1,905.64 | $25.00 | $84.00 | | $123.86 |

Account number: ███████6643

$ _____.___

Make your check payable to:
Chase Card Services.
Please write amount enclosed.
New address or e-mail? Print on back.

█████4300008400001905640001236D0000000

33847 8EX Z 18513 D
PAUL M WANG
11505 E VIRGINIA PL
AURORA CO 80012-2257

Paul Wang's residence in 2013

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

5000 16028   66436

# CHASE ◯
# SAPPHIRE℠

Manage your account online:
www.chase.com

Customer Service
1-800-493-3319

Additional contact
information on back ⇨

## ACCOUNT SUMMARY

Account Number: 4147 2021 1930 6643

| | |
|---|---|
| Previous Balance | $313.90 |
| Payment, Credits | $0.00 |
| Purchases | +$1,551.63 |
| Cash Advances | $0.00 |
| Balance Transfers | $0.00 |
| Fees Charged | +$25.00 |
| Interest Charged | +$15.11 |
| New Balance | $1,905.64 |
| Opening/Closing Date | 06/05/13 - 07/04/13 |
| Credit Access Line | $18,700 |
| Available Credit | $0 |
| Cash Access Line | $3,740 |
| Available for Cash | $0 |

## PAYMENT INFORMATION

| | |
|---|---|
| New Balance | $1,905.64 |
| Payment Due Date | 08/01/13 |
| Minimum Payment Due | $59.00 |
| Past Due Amount | $25.00 |
| Total Minimum Payment Due | $84.00 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00 and your APR's will be subject to increase to a maximum Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 10 years | $3,462 |
| $66 | 3 years | $2,390 (Savings=$1,072) |

If you would like information about credit counseling services, call 1-866-797-2885.

**Please pay the Minimum Payment shown at the top of this statement.** It includes any past due and amounts over the credit access line. The minimum payments used to calculate the estimates shown in the above table do not include past due or amounts over the credit access line.

## ULTIMATE REWARDS® SUMMARY

| | |
|---|---|
| Previous points balance | 321 |
| + 1 Point per $1 on all other purchases | 1,552 |
| + 1 Point per $1 earned on dining | 67 |
| + Bonus points on Ultimate Rewards Travel | 0 |
| + Points transferred to another account | -321 |
| = Total points available for redemption | 1,619 |

Start redeeming today. Visit Ultimate Rewards® at www.ultimaterewards.com

As a Chase Sapphire customer you earn 1 point per dollar on all purchases, and an additional point for each dollar you spend when dining at restaurants. Plus, you earn an additional point per dollar spent when you book airfare and hotel accommodations online through Ultimate Rewards®. Learn more about your card benefits at www.chase.com/ultimaterewards

## BL▢EPRINT SUMMARY

Here is a summary of your plan totals for this month:



| ☑ Full Pay | 🎱 Split | 📰 Finish It |
|---|---|---|
| $66.94 | For details go to www.chase.com/blueprint | For details go to www.chase.com/blueprint |

BLUEPRINT Payment   $123.86

NOTE: Pay this amount to stay on track with your Blueprint plan(s). This amount includes your minimum payment due, so only one payment is needed.

See the **BLUEPRINT Feature Activity** section of this statement for more details on this month's activity.

**This Statement is a Facsimile - Not an original**

0000001  FIS33338 D 13          000  N  Z  04  13/07/04        Page 1 of 3          06530  MA MA 33847      1851000013000338470 1
X 0419

Statement Date: 06/05/13 - 07/04/13
Account Number: 4147 2021 1930 6643
Page 2 of 3
OVER

*Paul Wang's credit card statement. In June 2013 Plaintiff was not in the U.S.*

## ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| | **PURCHASES** | |
| 06/03 | IKEA CENTENNIAL CENTENNIAL CO | 8.83 |
| 06/02 | THE HOME DEPOT 1501 AURORA CO | 53.31 |
| 06/05 | BROCK & COMPANY - 352 MALVERN PA | 3.42 |
| 06/03 | HARBOR FREIGHT TOOLS 59 AURORA CO | 32.38 |
| 06/15 | SUSHI KATSU GREENWOOD VLG CO | 29.69 |
| 06/19 | CHEAPOAIR.COM AIR 888-793-4229 NY | 62.00 |
| 06/18 | AMERICAN AI 0017287055136 NEW YORK NY | 1,337.00 |
| | 070313 1 N         HKG        NRT | |
| | 2 N        NRT        LAX | |
| | 3 NX        LAX        DEN | |
| | 4 NO        DEN        ORD | |
| 06/22 | SUSHI KATSU GREENWOOD VLG CO | 25.00 |
| | **FEES CHARGED** | |
| 07/01 | LATE FEE | 25.00 |
| | TOTAL FEES FOR THIS PERIOD | $25.00 |
| | **INTEREST CHARGED** | |
| 07/04 | PURCHASE INTEREST CHARGE | 15.11 |
| | TOTAL INTEREST FOR THIS PERIOD | $15.11 |

*$62 paid for insurance. $1337 paid for air tickets. All was paid by Paul Wang.*

| 2013 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2013 | $25.00 |
| Total interest charged in 2013 | $15.11 |

Year-to-date totals reflect all charges minus any refunds applied to your account.

## INTEREST CHARGES

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Balance Type | Annual Percentage Rate (APR) | Balance Subject To Interest Rate | Interest Charges |
|---|---|---|---|
| **PURCHASES** | | | |
| Purchases | 15.24% (v) | $1,206.28 | $15.11 |
| **CASH ADVANCES** | | | |
| Cash Advances | 19.24% (v) | -0- | -0- |
| **BALANCE TRANSFERS** | | | |
| Balance Transfer | 15.24% (v) | -0- | -0- |

(v) = Variable Rate                                   30 Days in Billing Period

Please see Information About Your Account section for the Calculation of Balance Subject to Interest Rate, Annual Renewal Notice, How to Avoid Interest on Purchases, and other important information, as applicable.

## BLUEPRINT FEATURE ACTIVITY

☑ **Full Pay**                                      **Full Pay Payment Due: $66.94**

Below is your spending in your Full Pay categories. You can avoid interest when you pay these purchases in full each month, even when you carry a balance. Remember, you can change your categories any time.

| Full Pay Category | Category Spending | Number of Transactions |
|---|---|---|
| Restaurants | $66.94 | 4 |
| Departmt/Clothing Store | $0.00 | 0 |
| Drugstores | $0.00 | 0 |
| Entertainment | $0.00 | 0 |
| Gas Stations | $0.00 | 0 |
| Grocery Stores | $0.00 | 0 |
| Health Club/Memberships | $0.00 | 0 |
| Dry Cleaner/Laundromats | $0.00 | 0 |
| Office Supply Stores | $0.00 | 0 |
| Salon/Beauty Supply | $0.00 | 0 |
| Transit | $0.00 | 0 |
| Utilities | $0.00 | 0 |
| Wholesale/Discount Club | $0.00 | 0 |
| All Blink Purchases | $0.00 | 0 |
| **Total** | **$66.94** | |

**This Statement is a Facsimile - Not an original**

BLUEPRINT FEATURE ACTIVITY  CONTINUED

Full Pay Historical Spending



Your Full Pay has been activated, as requested.  To avoid interest on your Full Pay purchases, make purchases in these
categories and pay them in full each month.  Paying your Blueprint payment will satisfy your account minimum due and
your Full Pay purchases.

EXHIBIT 2

3/10/22, 9:21 AM

ORIS - PROD - Version 4.1.0.38439                                                                    RPOLICELLI

ORIS - PROD

| Home | Organization | Policy | Claims | Reports | Accounting | Activities | Utilities | | Log Out |

Claim: 201A713842-1  Policy: 201A713842          **Return**          Connections:  201A713842-1 ▇▇▇▇ / CLOSED / Trip Interruption ⌄

| Insured: | ▇▇▇ | Opened: | jbotelho (09/06/2013) | Travel Dates: | 07/03/2013 - 09/12/2013 | Branch: | FAREPORTAL INC (32-0493) |
| Plan: | 201A - cheapOair Base (TXS-cOaBase) | Closed: | dmcnally (09/17/2013) | Application Date: | 06/18/2013 | Reserve Available: | 0.00 |
| Benefit: | Trip Interruption (TI) | Loss Date: | 08/31/2013 | Effective Date: | 06/19/2013 | EOC Num: | 201A-0112 |
| | | | | | | Admin Overview: | Not Available |

## Activities

**View**

Claim Info

Policy Connections (0)

**Activities (17) »**

Documents (11)

Tasks (0/3)

Notes (0)

Workflows (0)

Policy Summary

Events (9)

Payees (0)

**Actions**

| Change Status |
| Add Payment |
| Add Recovery |
| Authorize Payments (0) |
| Delete Claim |

Ref Num: (all) ⌄     Activity Type: (all) ⌄                                      **Add Activity**

| | Created | Context | Ref Num | Acty Type | Title | Details | Email Subject | Email To | Email Body | Document(s) | Operator | Actions |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12/15/2021 01:10 PM | Claim | 201A713842-1 | Miscellaneous | Miscellaneous | Documents from file have been uploaded. | | | | Copy of RA Sheets & Notes from Examiner (394883).pdf TINM Form (394884).pdf Email from Mukesh Thakur (394885).pdf Emails from Paul Wang (394886).pdf CC Statement (394887).pdf Police Report (394888).pdf | Sarah Williams | |
| | 12/15/2021 09:59 AM | Claim | 201A713842-1 | Review | Note to File | File retrieved from to storage. File contents to be scanned to ORIS and original file to be held in the office. No action needed regarding subpoena at until received. | | | | | Marnie English | |
| | 12/07/2021 01:18 PM | Claim | 201A713842-1 | Review | Note to File | Emailed management regarding possible subpoena. | | | | | Debbie McNally | |
| | 12/07/2021 01:11 PM | Claim | 201A713842-1 | Incoming Email | CL-Legal | Dec 7, 2021  Email from Paul Wang  Hello Travelex,  Please preserve all documents for Policy #: 201A713842 We will be sending subpoena for all documents and cashed check copies/information soon for a federal lawsuit.  Thanks, | | | | FW Auto Reply RE EXTERNAL - Re Policy # 201A713842 Correspondence Letter (Thread 807495) (393180).pdf | Cindy Dungavel | |

3/10/22, 9:21 AM

ORIS - PROD

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Paul<br><br>show less | | | | | |
| 07/14/2021 11:23 AM | Claim | 201A713842-1 | Review | Note to File | Management has already been advised of the email received from Paul Wang. Transamerica is being contacted as per CT's activity below. Emailed CT to advise an email is now submitted from lawyer. | | | | Debbie McNally | |
| 07/14/2021 11:17 AM | Claim | 201A713842-1 | Incoming Email | CL-Legal | July 14, 2021<br>Email from Azizpour Donnelly, LLC | | | FW EXTERNAL Legal Hold - Re Policy # 201A713842 (368161).pdf | Cindy Dungavel | |
| 07/14/2021 11:16 AM | Policy | 201A713842 | Incoming Email | CL-Legal | From: Cassandra Timms<br>Sent: Wednesday, July 14, 2021 11:15 AM<br>To: Angela Madathil<br>Cc: TIS Reviews ; CC Supervisor<br>Subject: RE: [EXTERNAL]Policy #: 201A713842 Correspondence Letter - claims documentation request<br><br>Good morning Angela –<br><br>We are aware of an inquiry from an individual by the name of Paul Wang and his attorney. This is not the insured on this policy, so are unable to provide policy/claim details. We will be consulting Transamerica.<br><br>Thanks for providing the heads-up.<br><br>Cass<br><br>Cassandra Timms<br>Vice President | A&S Operations<br><br>T: 905.523.5936 x1353 | F: 866.551.1704 | TF: 800.465.0661 x1353<br>ctimms@orican.com<br>Old Republic Canada | Old Republic Insurance Group<br>100 King St W., Hamilton, ON L8N 3K9<br>www.orican.com<br>show less | | | RE EXTERNALPolicy # 201A713842 Correspondence Letter - claims documentation request (368154).msg | Brenda Lupton | |
| 03/12/2021 04:36 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Insured's friend called to ask about status of claim. He asked if payment was issued. Explained that yes, however I cannot release details as I can only provide to insured directly. He advised that this person has filed lawsuit against him. Apologized but advised legally without written auth I cannot provide at this time. He wanted me to note that they may have to subpoena records for lawsuits. Advised would note file.<br>show less | | | | Melissa Charko | |
| 09/18/2013 06:02 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Insured boyfriend called for status. I adv check issued Sept 17th .He insisted on the amount.I adv to have the insured contact us. | | | | Emmanuel Kimenyi | |

| Date | Type | Claim # | Activity | Status | Notes | | | | Document | User | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/17/2013 11:02 AM | Claim | 201A713842-1 | Incoming Mail | CL-Insured | Sept 17, 2013<br>Note from Mukesh Thakur | | | | | Cindy Dungavel | |
| 09/17/2013 08:32 AM | Claim | 201A713842-1 | Review | File to Checking | TICKET COST IS $1346.00. INSURANCE IS NON-REF.<br><br>UNUSED RETURN TICKET IS $673.00.<br><br>ALSO - POLICY IS FOR XINGFEI LUO. ALL DOCS ON FILE RELATE TO THIS PERSON. PAYMENT IS TO THE INSURED. THERE IS NO AUTH ON FILE TO PAY A THIRD PARTY.<br>show less | | | | | Debbie McNally | |
| 09/12/2013 08:40 AM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 11, 2013<br>Note from Paul Wang<br>CC Stat ement | | | | | Cindy Dungavel | |
| 09/11/2013 02:34 PM | Claim | 201A713842-1 | Incoming Call | CL-Insured | Paul called to check status. Advised requesting POP. He advised insured hasnt returned home and has cancelled return ticket.<br><br>Emailed correspondence to: student007@hotmail.com | | | | | Maja Dodik | |
| 09/10/2013 01:39 PM | Claim | 201A713842-1 | Outgoing Letter | CL-Insured | requesting proof of payment for TINM -- if insured incurred a change fee as passport was stolen. No pop on file. Just police report.<br><br>emailed fareportal<br><br>file to pending. | | | | Correspondence Merge(LTR001 - Blank with Tokens)-ENGLISH.docx | Brittany Bienker | |
| 09/06/2013 03:43 PM | Claim | 201A713842-1 | Incoming Email | CL-Insured | Sept 5, 2013<br>Email from Insured<br>TINM Form<br>Police Report<br>Email from Insured<br>Email from CheapOair | | | | | Jennifer Botelho | |
| 09/04/2013 04:52 PM | Policy | 201A713842 | Incoming Call | CL-Insured | Insured called with general process questions - advised. Advised claim forms sent by e-mail not yet registered. | | | | | Robert Steele | |
| 09/03/2013 03:40 PM | Policy | 201A713842 | Outgoing Email | CL-Claim Form Sent | Claim initiated. Paul requested TINM emailed to: student007@hotmail.com. He advised passport was stolen. Advised of report. | | | | Correspondence Merge(FORM-PKG010A-Trip Interruption Non-Medical)-ENGLISH.docx | Maja Dodik | |

EXHIBIT 3

2O1A713842

**Shelly Fozard**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Thursday, September 05, 2013 5:28 PM |
| **To:** | Shelly Fozard; Cindy Dungavel |
| **Subject:** | FW: CheapOair.com Booking # 16641208 |

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Thursday, September 05, 2013 5:24 PM
**To:** TravelexClaims
**Subject:** Fwd: CheapOair.com Booking # 16641208

This is regarding the claim for booking number 16681208. The attached email is from cheapoair confirming the cancellation of reservation.

Paul

Sent from my Samsung Galaxy Note® II

-------- Original message --------
From: cheapoair@cheapoair.com
Date: 09/05/2013 3:20 PM (GMT-07:00)
To: stealthzeus@gmail.com
Subject: CheapOair.com Booking # 16641208

Dear ████

Thank you for choosing CheapOair.com.

This is in reference to booking #16641208
As per our telephone conversation, we would like to reconfirm the following details:
The ticket you have purchased is non-refundable but can be changed with a penalty of $103.00 plus difference in fare if any. The Changes have to be made prior to the departure date.  We have cancelled the return reservation as per your request.
Please reply to this email to confirm this conversation.

Thank You,
CheapOair.com

**Shelly Fozard**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Wednesday, September 04, 2013 4:29 PM |
| **To:** | Shelly Fozard |
| **Cc:** | Cindy Dungavel |
| **Subject:** | FW: Booking Number 16641208 Trip Interruption Claim |
| **Attachments:** | OpheliaClaim023.pdf |

**From:** Paul Wang [mailto:student007@hotmail.com]
**Sent:** Wednesday, September 04, 2013 4:25 PM
**To:** TravelexClaims; Me Haha
**Subject:** Booking Number 16641208 Trip Interruption Claim

Hi,

I am claiming trip interruption for booking number 16641208 due to theft of passport.
Please find the form and police report attached. Please let me know what else we need to provide.

Thank you.

Paul

EXHIBIT 4

201A713842

**Cindy Dungavel**

| | |
|---|---|
| **From:** | TravelexClaims |
| **Sent:** | Wednesday, September 11, 2013 3:46 PM |
| **To:** | Shelly Fozard; Cindy Dungavel |
| **Subject:** | FW: Credit card statement |
| **Attachments:** | creditcard.pdf |

**From:** Paul Wang [mailto:stealthzeus@gmail.com]
**Sent:** Wednesday, September 11, 2013 2:59 PM
**To:** TravelexClaims
**Subject:** Fwd: Credit card statement

Hi, this is regarding booking number 16641208. In the attached statement there are two transactions. One for the tickets, $1337, the other for the insurance $62.

Paul

Sent from my Samsung Galaxy Note® II

EXHIBIT 5

transvestism →

## 1 thought on "Paul Wang, Highlands Ranch, CO"



**Paul Wang**
at 4:28 am

███████ is my classmate from middle school. We met for the first time in almost 20 years in a class reunion in China in October 2012, and started a long distance relationship. In the summer of 2013, I invited her to come visit me in the states. After living with her for a while, I started to find out more and more about her. She had hidden much from me, and her true personality was shown to both vindictive and vile. At the time we were supposed to be dating, she would constantly flirt with other men online. In August she left my place to go to New York to "visit her friends", who turned out to be another man she been dating online. I decided to break off the relationship with her. After about a month or two, she kept calling me to beg me to take her back. Being the nice person, I said okay, and took her back in. However, things were never back to normal. And our relationship was extremely strained to say the least. I originally purchased the round trip non refundable plane tickets for her to go back to China in early October, but she decided to stay in the US by any means. I don't have a problem with that, but she demanded that buy her a new ticket for departure after Xmas. I told her to buy her own ticket back. She later filed a false police report claiming her passport got stolen, and was issued a refund from the travel insurance company for half the ticket price. She used that refund to purchase a ticket to California. On the way to the airport, I once again broke up with her. This time I told her there's no chance we are getting back together.

After she went to California, she kept emailing and texting me, showing pictures of convertible she was riding in, or guns that her new boyfriend owns etc. I blocked her number and repeatedly told her in email response that I don't want to hear from her again. I don't want to have anything to do with such a crazy person.

A week later, I was at work when I was called into the HR department to explain some mysterious emails. Apparently someone created an email with my full name @163.net which is a free email service in China, and had been sending emails in my name to everyone I know, including my parents, friends, coworkers and my supervisor who is a female. In some of the emails was an attachement of a photo that I immediately recognized as one of my most private pictures. This was a scanned Polaroid picture of a celebration of my 21st birthday in a gentleman's club in Dallas, Texas. It depicts me holding a naked porn star in a very compromised position, and the picture was signed by the porn star. I have never shown this picture to anyone. It had been kept in my private collection for sentimental reasons. I was in shocked but soon realized what happened and who sent those emails. It was ██████ who is the only person with unlimited access to all my personal properties when living at my house. She had stolen my private property and try to use it to make me look like a pervert. Fortunately everyone who knows me understood that these emails came from someone else. She was trying to get me into trouble but my company HR department stands by me and blocked this email address.

I confronted her via instance messages on a Wechat group for our classmates, and she uploaded the same picture to show that she was the one sending those emails. That's when I blocked her on Wechat as well and that was the last time I had any contact with this vile woman.

I got married in 2015, and have a young daughter now. Just a couple of days ago, a co worker called me and told me that when he searched for my name in google this page came up. I don't want my daughter or any one who doesn't know me came to this page to see this fabricated accusation without having the full context of what really happened. The cheater was her, not me.

If you have any questions regarding anything in this letter, you can contact me at my cell above. I will try to get this page removed from everywhere if it is possible. If not possible at least I can tell my side of the story.

Thanks

Paul

WEAMER 0004

EXHIBIT 9



# Re: Luo v. Wang: 20-cv-02765-RMR-MEH – Rule 11 Notice

**From:**   "Katayoun Donnelly" <katy@kdonnellylaw.com>
**To:**     "co20_2765@mail.com" <co20_2765@mail.com>
**Date:**   Oct 20, 2022 11:41:14 AM

Good afternoon,

Mr. Wang plans to file this motion. Please let us know if you object.

Best,
Katy

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com

This is a transmission from the law firm of Azizpour Donnelly LLC and may contain information which is privileged, confidential and protected by the Electronic Communications Privacy Act, 18 U.S.C Section 2510 et. seq. and the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you receive this transmission in error, please delete all copies of it and notify the sender immediately.

IRS NOTICE: The IRS requires that I advise you that any advice given in this communication, including any attachments, cannot be used for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

On Tuesday, July 12, 2022 at 03:41:50 PM MDT, Katayoun Donnelly <katy@kdonnellylaw.com> wrote:

Dear Ms. Luo, Ms. Collier, and Mr. Schaller:
Please acknowledge that you have received this email and that you can successfully access the attachments.

Thank you, in advance, for your cooperation.

Regards,
Katy

**Katayoun A. Donnelly**
*Azizpour Donnelly LLC*

**2373 Central Park Blvd. | Suite 100**
**Denver | Colorado | 80238**
**Phone:(720) 675-8584**
**Fax:(720) 880-3142**
**katy@kdonnellylaw.com**
http://www.kdonnellylaw.com



# Re: Luo v. Wang: 20-cv-02765-RMR-MEH - Rule 11 Notice

**From:**    co20_2765@mail.com
**To:**      "katykdonnellylaw.com" <katy@kdonnellylaw.com>
**Date:**    Oct 20, 2022 12:57:15 PM

---

Courts have uniformly denied **Rule 11** motions where a motion was not filed until after the case was dismissed. See Roth v. Green, 466 F.3d 1179, 1193 (10th Cir. 2006) (motions for **Rule 11 sanctions** filed after district court dismissed complaint should have been denied; citing cases from four other circuits); VanDanacker, 109 F.Supp.2d at 1054.

The courts have reasoned that to grant **Rule 11 sanctions** based on a motion filed post-dismissal would defeat the purpose of the safe harbor provision. The advisory committee notes to **Rule 11** provide strong support for this conclusion:

Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely. . . . Given the "safe harbor" provisions . . . [in **Rule 11**(c)(2)], a party cannot delay serving its **Rule 11** motion until conclusion of the case (or judicial rejection of the offending contention).Fed. R. Civ. P. **11**, Advisory Committee Notes (1993 Amendments). A leading federal practice treatise explains the rationale for this **rule**: "if the court disposes of the offending contention within the 21-day safe-harbor period after service, it becomes impossible under the provision of **Rule 11**(c)(2) to file the motion or otherwise present it to the court." 2 James Wm. Moore et al., Moore's Federal Practice § 11.22[1][c] (3d ed. 2014); see also 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1337.2, at 727 (3d ed. 2004) ("[S]ervice of a **sanctions** motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected.").

Because defendants' motion for **Rule 11 sanctions** was not filed until after the Court dismissed plaintiff's complaint with prejudice, the motion is untimely and must be denied because it defeats the purpose of the safe harbor provision of**Rule 11**.

Plaintiff will file her rule 11 motion as sent to you on August 7, 2022 in the event you file your second rule 11 motion.

> **Sent:** Sunday, August 07, 2022 at 10:23 PM
> **From:** co20_2765@mail.com
> **To:** "katykdonnellylaw.com" <katy@kdonnellylaw.com>, "Collier, Clarissa" <Collier@wtotrial.com>
> **Subject:** Re: Luo v. Wang: 20-cv-02765-RMR-MEH - Rule 11 Notice
>
> Ms Donnelly,
>
> Attached please find plaintiff's rule 11 motion.
>
> Thanks.
> Luo
>
> > **Sent:** Thursday, July 14, 2022 at 10:49 AM
> > **From:** co20_2765@mail.com
> > **To:** katy@kdonnellylaw.com
> > **Cc:** "Katayoun Donnelly" <katy@kdonnellylaw.com>
> > **Subject:** Re: Luo v. Wang: 20-cv-02765-RMR-MEH - Rule 11 Notice
> >
> > Ms Donnelly,
> >
> > First, I suggest that you should start to establish a habit to comply with court orders. The court has ordered this case stayed. By sending me anything you have violated the court's July 7 order. Second,

EXHIBIT 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

                  Plaintiff,

v.

PAUL WANG,

                  Defendant.

---

## DEFENDANT'S INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendant Paul Wang submits the following disclosures, to be supplemented as necessary.

**I.  The following individuals are likely to have discoverable information that Defendant may use to support his claims or defenses in this case:**

1.  Xingfei Luo, c/o Clarissa Collier and David Schaller, Wheeler Trigg O'Donnell LLP, 370 17th Street, Suite 4500, Denver, Colorado 80202, (303) 244-1800. Ms. Luo is the plaintiff in this action. She is likely to have information regarding her allegations in the complaint and Mr. Wang's defenses.

2 .  Paul Wang, c/o Katayoun Donnelly, Azizpour Donnelly LLC, 2373 Central Park Blvd., Ste 100, Denver, CO 80238, (720) 675-8584. Mr. Wang is the defendant in this action.  He is likely to have information regarding Ms. Luo's allegations in the complaint and his defenses.

3.     Guochang Chen. Mr. Chen's address is currently unknown to Defendant. Mr. Chen may have discoverable information related to Plaintiff's allegations regarding him.

4.     Tomas Czodor. Due to the Domestic Relation Restraining Order in place against Ms. Luo, Defendant is not at liberty to disclose Mr. Czodor's address. Mr. Czodor may have discoverable information regarding Ms. Luo's claims and Mr. Wang's defenses.

5.     Morgann Paraskevas. Mr. Paraskevas' address is currently unknown to Defendant. Mr. Paraskevas may have discoverable information regarding Ms. Luo's claims and Mr. Wang's defenses.

6.     ████ Weamer, c/o ████████. Law Offices of ████████ ████████, Walnut Creek, CA 94598, ████████. Mr. Weamer may have discoverable information related to Plaintiff's allegations regarding the *Weamer* case, and Ms. Luo's claims and Mr. Wang's defenses.

7.     ████████. Law Offices of ████████ Lennon Lane, Ste. ██ Walnut Creek, CA 94598, ████████. Ms. ████ was Mr. ████ Weamer's attorney in the *Weamer* case referenced in Plaintiff's complaint. She may have discoverable information related to Plaintiff's allegations regarding the *Weamer* case, and Ms. Luo's claims and Mr. Wang's defenses.

8.      Erin Dunkerly. Collins + Collins LLP, 790 E. Colorado Boulevard, Suite 60 Pasadena, CA 91101. Ms. Dunkerly is defendants' attorney in ███████████ ████, *et al.*, Case Number ███████████-JDE. She may have discoverable information related to Ms. Luo's claims and Mr. Wang's defenses.

9.      Any friend, family member, or other person who knows or is known to the parties and has knowledge of the allegations in the complaint, defenses, or claimed damages.

10.     Any individual or entity disclosed or otherwise identified in discovery by any party.

11.      Any individual necessary to authenticate or lay the foundation for any exhibit offered at trial.

12.      Any individual necessary for rebuttal or impeachment.

13.      Any expert witness or consultant retained by any party.

**II.     Defendant may rely on the following categories of documents to support his claims or defenses:**

1.      Documents referenced in and attached to Mr. Wang's motions to dismiss and motion to reconsider the November 10, 2020 order allowing Plaintiff to proceed under pseudonym, and the replies filed in their support.

2.      Plaintiff's online publications and publications related to or referencing her.

3.      Documents related to other lawsuits involving Plaintiff.

4.      Any exhibits, documents, and other tangible things listed by Plaintiff in her disclosures.

5.      Any exhibits to any depositions taken in this action.

By identifying the foregoing documents or categories of documents, Defendant does not waive any claims of attorney work product or attorney-client privilege pertaining to such documents, nor does he waive any objections he may have as to relevance or the proper scope of discovery.  Defendant reserves the right to object to the admissibility of the above documents or portions thereof and further reserves the right to supplement this list.

## III.    Damages

Defendant seeks attorney fees and costs, jointly and severally, against Plaintiff and her counsel.

## IV.    Insurance agreement under which an insurance business may be liable to satisfy all or part of possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable.

Consistent with Fed. R. Civ. P. 26(c), Defendant reserves the right to supplement these disclosures as appropriate.

DATED: this 1st day of December 2021

*s/ Katayoun A. Donnelly/*_____
Katayoun Donnelly
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO 80238
Telephone: (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Defendant*

EXHIBIT 11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

      Plaintiff,

v.

PAUL WANG,

      Defendant.

---

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST SET OF WRITTEN DISCOVERY REQUESTS

---

Defendant Paul Wang, by and through his counsel, hereby responds to Plaintiff's First Set of Written Discovery ("Discovery Requests"), as follows:

## <u>GENERAL OBJECTIONS</u>

The following General Objections are applicable to, and hereby incorporated by reference into each of Defendant's responses to the Discovery Requests. Defendant's provision of a response is not intended to waive any of these objections.

1. Defendant objects to each and any Discovery Request that is overly broad, vague, ambiguous, unduly burdensome, or that seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to each Discovery Request that fails to provide a relevant time period on the ground that such failure makes the Discovery Request vague, overly broad, and unduly

1

burdensome and seeks information that is irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to each and any Discovery Request that seeks legal conclusions.

4. Defendant objects to the Discovery Requests to the extent that they purport to impose obligations on Defendant inconsistent with or additional to those imposed by the Federal Rules of Civil Procedure or the Court's Scheduling Order.

5. Defendant objects to the Discovery Requests to the extent that they purport to demand information not in his possession, custody, or control or require Defendant to undertake efforts to respond to Discovery Requests that are not reasonably calculated to ascertain information responsive to one or more of the specific requests contained in the Discovery Requests, if any.

6. Defendant objects to the Discovery Requests to the extent that they call for information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, joint-defense, common interest, or any other applicable privilege. Defendant thus objects to divulging any such information in response to such Discovery Requests. To the extent that any such information is or may be divulged in response to the Discovery Requests, the divulging of any such information is inadvertent and is not to be deemed a waiver of the privilege in question (or any other applicable privilege) with respect to the divulged information or any other information.

7. Defendant objects to the Discovery Requests to the extent that they purport to demand production of any documents or information containing confidential or proprietary information. To the extent such information is requested and is relevant to the issues raised in this litigation, Defendant will provide such information subject to entry of an appropriate Protective Order by the Court.

8. Defendant reserves the right at any time to revise, correct, add to, supplement, modify, or clarify the responses set forth below or the information contained therein, although Defendant does not hereby undertake to do so except to the extent required by the Federal Rules of Civil Procedure.

## RESPONSES TO INTERROGATORIES

1.      Identify each person who supplied any factual information that is included in your responses to these discovery requests. For each person, please identify the interrogatories and/or requests for production for which that person supplied any information.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly burdensome, and to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this interrogatory because the phrase "factual information" is vague and ambiguous inasmuch as it is undefined and subject to a multitude of meanings.

Subject to and without waiving the foregoing objections, Defendant states that he has provided the responses to discovery requests.

2.      Have you or anyone on your behalf interviewed any individual concerning the allegations made in the Complaint or your defenses thereto? If so, for each individual state: (a) the name, address, and telephone number of the individual interviewed; (b) the date of the interview; and (c) the name, address, and telephone number of the person or entity who conducted the interview.

**Response:**      Defendant objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections, Defendant states that he has not conducted any interviews.

3.      Identify all communications between you or anyone acting on your behalf and any other person or entity relating to the allegations made in the Complaint and your defenses thereto. For each such communication, please: (a) identify to whom the statement was made; (b) state whether the statement was oral or written and, if oral, state whether the statement was recorded; (c) state when and where the statement was made; and (d) provide the name and address of all persons present when the statement was made.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly burdensome, and to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Defendant states:

*See* Declarations of ████████, Erin Dunkerly, and Amanda Papac. In addition, Mr. Wang has communicated with Travelex Insurance Company, Aurora Police Department, Guochang Chen, Ed Weamer, Morgann Paraskevas, Tosha Zeitlin (Dish Network, Human Resource Department), Xin Liang, and Siva Rama Krishna Surya Yelaswarapu Venkata Maruthi.

4.      Identify any blogs, forums, or other websites/online forums on which you have posted and/or commented on regarding the Plaintiff. For each such blog/forum/website, identify the URL link, the last date you accessed the blog/forum/website, and the username/handle under which you made the post and/or comment.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly vague, and burdensome. Further, it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: Mr. Wang responded to Ms. Luo's defamatory statements regarding him posted on https://cheaterland.com/paul-wang-highlands-ranch-co.html, using no username or password.

5.      Other than your legal counsel in this above-captioned action, identify each person you have spoken to regarding the Plaintiff and the allegations made in the Complaint within the past ten years.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly vague, and burdensome. Further, it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: *See* response to Interrogatory No. 3.

6.   Identify all written documents that you authored in full or in part, regarding the Plaintiff.

**Response:** Defendant objects to this interrogatory as overly broad, unduly vague, and burdensome. Further, it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: *See* responses to Interrogatory Nos. 4&5.

7.      Identify any screen names, user names, e-mail addresses and/or aliases you have used and/or continue to use in connection with any communications or other writings you have authored about the Plaintiff.

**Response:** *See* responses to Interrogatory Nos. 4&5.

8.      Do you intend to rely on truth as a defense to Plaintiff's First and Second Claims for Relief in the Complaint? If so, identify all facts, circumstances and documents supporting that defense.

**Response:** Defendant objects to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Defendant states that he intends to rely on all defenses available to him,

5

including the defense of truth, and will be relying on the information he expects to receive in discovery. *See* Mr. Wang's motions, the replies, and the documents and information cited in support of them.

9.      Do you claim that Plaintiff had actual knowledge of the facts, documents and/or communications giving rise to her First and Second Claims for Relief before September 11, 2019? If so, identify all facts and circumstances supporting that claim.

**Response:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Further, it is vague and ambiguous because the term "communications giving rise to her First and Second Claims for Relief" is undefined. Subject to and without waiving the foregoing objections, Defendant states: *See* Mr. Wang's motions to dismiss and the Rule 11 motion, the replies, and the documents and information cited in support thereof. In addition, Mr. Wang will be relying on the information he expects to receive in discovery.

10.     Other than this lawsuit, identify all lawsuits, litigation, or other legal action involving or relating to the Plaintiff in which you have been involved. In your answer, please: (a) identify the first date you became involved in the lawsuit/litigation/legal action; (b) the last date you had any involvement in the lawsuit/litigation/legal action; (c) describe in detail the scope of your involvement, and/or your role, in the lawsuit/litigation/legal action; (d) the name(s) of any person(s) who requested your involvement; and (e) what information you provided, if any, in the lawsuit/litigation/legal action.

**Response:** Defendant objects to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: Mr. Wang was on the witness list in the *Weamer*

case (*see* Ms. Luo's complaint). And will be a witness in that case if there is ever a remand. He had

been also asked to be a witness in legal disputes involving Ms. Luo and Mr. Paraskevas in 2013. *See*

Mr. Wang's Initial Disclosures.

11.     For each Request for Admission ("RFA") set forth below that you have failed to

provide any response other than an unqualified admission, please: (a) state each and every fact,

premise, or conclusion upon which you base your failure to unqualifiedly admit the RFA; (b) identify

each and every document and/or piece of evidence that supports your denial or failure to

unqualifiedly admit the RFA, in addition to any document and/or piece of evidence that supports

and/or contradicts your answers provided in response to this interrogatory; (c) identify each and

every person who has knowledge of or information regarding the facts and/or documents identified

in subparts (a) and (b) above, indicating which person has knowledge or information concerning

each fact and/or document.

**Response:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and

vague, and to the extent it calls for information protected by the attorney-client privilege and/or

work-product doctrine. Defendant further objects to this interrogatory because the phrase "supplied

any factual information that is included in your responses to these discovery requests" is vague and

ambiguous inasmuch as it is undefined and subject to a multitude of meanings.

12.     Have you or anyone acting on your behalf conducted surveillance on Plaintiff? If so,

state: (a) the time(s), date(s) and place(s) of the surveillance and (b) the name(s), address(es) and

telephone number(s) of the individual(s) who conducted the surveillance.

**Response:** Defendant objects to this interrogatory because, under Fed. R. Civ. P. 26(b)(1), it

seeks information that is not relevant to any party's claims or defenses. Subject to and without

waiving the foregoing objections, Defendant states: No.

13.     If your answer to Interrogatory No. 12 is "yes," has a written report been prepared on the surveillance identified in your response to Interrogatory No. 12? If so, for each written report state: (a) the time of the report; (b) the date of the report; (c) the name, address and telephone number of the person who prepared the report; and (d) the name, address and telephone number of each person or entity who has the original or a copy of the report.

**Response:** *See* response to Interrogatory No. 12.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Produce all documents identified, referred to, or relied on to answer any of these Interrogatories.

**Response:** Defendant objects to this request as ambiguous and to the extent it seeks information protected by the attorney-client privilege and/or the work-product and joint defense/common interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced. (*See also* documents referenced in and attached to Mr. Wang's motions and relies. Mr. Wang will supplement his responses when/if he receives additional documents in discovery.)

2.     Produce any and all communications you, or anyone acting on your behalf, have had with Mr. ████ Weamer and/or his counsel ████████ .

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

3.      Produce any and all communications you, or anyone acting on your behalf, have had with  Mr. Morgann Paraskevas and/or anyone acting on his behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

4.      Produce any and all communications you, or anyone acting on your behalf, have had with Guochang Chen and/or anyone acting on his behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

5.       Produce any and all communications you, or anyone acting on your behalf, have had with Tomas Czodor and/or anyone acting on his behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

6.       Produce any and all communications you, or anyone acting on your behalf, have had with Erin Dunkerly and/or anyone acting on her behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *See* documents produced.

7.      Produce all non-privileged documents and communications between you or anyone acting on your behalf and any other person or entity relating to the allegations made in the Complaint, this lawsuit, or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

8.      Produce all litigation holds and/or requests to preserve documents that you, or anyone acting on your behalf, have sent to anyone relating to this lawsuit.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

9.      Produce all copies of any photographs, diagrams, films, or video that relate, in any way, to the allegations made in the Complaint and/or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

10.      Produce all journals, diaries, notes, letters, calendars, electronic mail, text messages, and all comments, posting and messages from all social media or business networking websites

(including but not limited to Facebook, Twitter, LinkedIn, Google+, and YouTube) that relate to the allegations made in the Complaint, this lawsuit, and/or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

11.     Produce all written documents and/or online postings that you have authored in full or in part, regarding the Plaintiff.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, s*ee* response to interrogatory Nos. 4&5.

12.     Produce complete copies of all non-privileged investigation files related to the allegations made in the Complaint, this lawsuit, and/or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

13.     If your answer to Interrogatory No. 9 is yes, please produce all documents in support of your claim that Plaintiff had actual knowledge of the facts, documents, and/or communications giving rise to her First and Second Claim for Relief before September 11, 2019.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

14.     Produce any and all communications you, or anyone acting on your behalf, have had with Amanda Papac and/or anyone acting on her behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See,* e.g., *Bat v. A.G. Edwards & Sons, Inc.,* 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

15.     Produce any and all communications and documents that you have received from, or provided to, any third party that relate in any way to the allegations made in the Complaint, your defenses thereto, or this lawsuit.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See,* e.g., *Bat v. A.G. Edwards & Sons, Inc.,* 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

<u>**RESPONSE TO REQUESTS FOR ADMISSION**</u>

1. Admit that you are the author of the written statement that is attached to these Discovery Requests as Exhibit 1.

   <u>**Response:**</u> *See* response to interrogatory No. 4.

2. Admit that you have stated (orally or in writing) to one or more third parties that Plaintiff filed a false police report in relation to the passport that she lost in 2013.

   <u>**Response:**</u> *See* response to interrogatory No. 4.

3. Admit that you disclosed (orally or in writing) Plaintiff's alleged sexual assault by Guochang Chen to one or more third parties.

   <u>**Response:**</u> In his capacity as a witness, Mr. Wang has responded to questions regarding this issue.

4. Admit that Plaintiff did not consent or agree to your disclosure of Plaintiff's alleged sexual assault by Guochang Chen to one or more third parties.

   <u>**Response:**</u> Deny.

5. Admit that you have stated (orally or in writing) to one or more third parties that Plaintiff falsely accused Guochang Chen of sexual assault.

   <u>**Response:**</u> Deny.

6. Admit that, prior to September 11, 2020, you had never been served with a subpoena in any lawsuit, litigation or other legal action involving the Plaintiff.

**Response:** Admit. But Mr. Wang had been approached to be a witness prior to September 2020.

7. Admit that, prior to September 11, 2020, you had never testified in any lawsuit, litigation or other legal action involving the Plaintiff.

**Response:** Admit. But Mr. Wang had been approached to be a witness prior to September 2020.

## VERIFICATION

Paul Wang has read Defendant's Responses to Plaintiff's First Set of Written Discovery and believes the same to be true as of the date of signing based on information available to him.

By: _____

Date: _2/24/2022_____

AS TO OBJECTIONS:

/s/ Katayoun A. Donnelly
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com


*Attorney for Paul Wang*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2022, I served an electronic copy of the foregoing via email on counsel of record.

*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly

EXHIBIT 12



CONFIDENTIAL

Gmail

Paul Wang <stealthzeus@gmail.com>

## Cases

1 message

**Paul Wang** <stealthzeus@gmail.com>
To: E[redacted]d Weamer <e[redacted]il.com>

| Total # | Jurisdiction | Type | Case Number | Case Name | Date Filed | Link | How to Search | Case Status |
|---|---|---|---|---|---|---|---|---|
| 1 **0A** | The Superior Court of California County of Los Angeles | Small Claim | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Dismissed |
| 2 **1A** | The Superior Court of California County of Orange | Family | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Order - Protect |
| 3 **1B** | California 4th Appellate District Division 3 | State Appeal | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Affirmed In Ful |
| 4 **1C** | The Superior Court of California County of Los Angeles | State Civil | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Dismissed |
| 5 **1D** | The Superior Court of California County of Orange | Criminal | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Sentenced |
| 6 **2A** | CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles) | Federal Civil | [redacted] | [redacted] | [redacted] | [redacted] | | Dismissed, App |
| 7 **3** | CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana) | Federal Civil | [redacted] | [redacted] | [redacted] | [redacted]/ | | Open |
| 8 **4** | California Northern District (San Francisco) | Federal Civil | [redacted] | [redacted] | [redacted] | [redacted] | | Open |
| 9 **5A** | The Superior Court of California Contra Costa County | State Civil | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Terminated |
| 10 **6A** | CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles) | Federal Civil | [redacted] | [redacted] | [redacted] | [redacted]/ | | Dismissed, App |
| 11 **2B** | United States Court of Appeals for the Ninth Circuit | Federal Appeal | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Terminated |
| 12 **8** | U.S. District Court - District of Colorado | Federal Civil | [redacted] | [redacted] | [redacted] | [redacted] | | Open |
| 13 **9A** | The Superior Court of California Contra Costa County | State Civil | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Terminated |
| 14 **10A** | The Superior Court of California County of Sonoma | State Civil | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Terminated, Ap |
| 15 **2C** | United States Court of Appeals for the Ninth Circuit | Federal Appeal | [redacted] | [redacted] | 10/[redacted] | [redacted] | [redacted] | Terminated |
| 16 **12** | The Superior Court of California County of Los Angeles | State Civil | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | After Trial |
| 17 **9B** | California 1th Appellate District Division 2 | State Appeal | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Terminated |
| 18 **9C** | California Supreme Court Division SF | State Supreme | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Terminated |
| 19 **13** | The Superior Court of California County of Los Angeles | State Civil | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Open |
| 20 **2D** | United States Court of Appeals for the Ninth Circuit | Federal Appeal | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Terminated |
| 21 **6B** | United States Court of Appeals for the Ninth Circuit | Federal Appeal | [redacted] | [redacted] | [redacted] | [redacted] | [redacted]R | Open |
| 22 **16** | The Superior Court of California County of Los Angeles | State Civil | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Dismissed |
| 23 **2E** | United States Court of Appeals for the Ninth Circuit | Federal Appeal | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Open |
| 24 **1E** | The Superior Court of California County of Orange | State Appeal | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Open |
| 25 **18** | The Superior Court of California County of Los Angeles | State Civil | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Open |
| 26 **1F** | California 4th Appellate District Division 3 | State Appeal | [redacted] | [redacted] | 10/6/[redacted] | [redacted] | [redacted] | Open |
| 27 **1G** | California 4th Appellate District Division 3 | State Appeal | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Terminated |
| 28 **5B** | California 1th Appellate District Division 2 | State Appeal | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Open |
| 29 **20** | The Superior Court of California County of Los Angeles | State Civil | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Open |
| 30 **21** | The Superior Court of California County of Los Angeles | State Civil | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | Open |
| 31 **9D** | California 1th Appellate District Division 3 | State Appeal | [redacted] | [redacted] | [redacted] | [redacted] | [redacted]er[redacted]20 | Open |

ONFIDENTIAL
Defendant_000018

courtinfo.ca.gov/search.cfm?dist=1

32 **10B**  California 1th Appellate District Division 1          State Appeal   ██████   ████████████████   ████████████████   ████████████   Terminated

CONFIDENTIAL

Defendant_000019

EXHIBIT 13



---

## RE: FW: email from Anon Ymous ?????

**From:** rlbullocklaw@twc.com
**To:** "████████████████ >
**Date:** Feb 9, 2022 5:46:17 PM

---

Anon Ymous  @ courtproceeding69@gmail.com

**Law Office of Robert Livingston Bullock**

**5130 East La Palma Avenue, Suite 210**

**Anaheim, California, 92807-2078**

**(714) 767-3504  fax (714) 996-1209**

**Privileged And Confidential Communication.**

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

---

**From:** Olivia Luo
**Sent:** Wednesday, February 9, 2022 2:29 PM
**To:** rlbullocklaw@twc.com
**Subject:** Re: FW: email from Anon Ymous ?????

I don't know who this person is. What is his/her email address?

**Sent:** Tuesday, February 08, 2022 at 11:14 PM
**From:** rlbullocklaw@twc.com
**To:** "█████████████ >
**Subject:** FW: email from Anon Ymous ?????

Olivia,

Do you know why I received this email?

Do you know Anon Ymous?

Please advise.

Robert L. Bullock

**Law Office of Robert Livingston Bullock**

**5130 East La Palma Avenue, Suite 210**

**Anaheim, California, 92807-2078**

**(714) 767-3504  fax (714) 996-1209**

**Privileged And Confidential Communication.**

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

---

**From:** Anon Ymous
**Sent:** Tuesday, February 8, 2022 1:42 PM

**To:** rlbullocklaw@twc.com
**Subject:** Luo Case Info

Hello,

In the interest of Justice, it shall be known that Chinese National Xingfei Luo (a.k.a. Ophelia Luo, a.k.a. Olivia Luo) has the following 31 cases since 2018, 29 of which are filed **in propria persona** by Xingfei Luo against various individuals and entities in the United States.

| # | Jurisdiction | Type | Case Number | Case Name | Date Filed | Case Status | Date Ter |
|---|---|---|---|---|---|---|---|
| 1 | The Superior Court of California County of Orange | Family | ▆▆▆ | ▆▆▆▆▆▆▆ | ▆▆ | Order - Protection | DVRO in |
| 2 | California 4th Appellate District Division 3 | State Appeal | ▆▆▆ | ▆▆▆▆ | ▆▆ | Affirmed In Full | |
| 3 | The Superior Court of California County of Los Angeles | State Civil | ▆▆▆ | ▆▆▆▆▆▆▆ | ▆▆ | Dismissed | |
| 4 | The Superior Court of California County of Orange | Criminal | ▆▆▆ | ▆▆▆▆ | ▆▆ | Sentenced | |
| 5 | CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles) | Federal Civil | ▆▆▆▆▆ | ▆▆▆▆▆ | ▆▆ | Dismissed, Appeal | |
| 6 | CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana) | Federal Civil | ▆▆▆▆ | ▆▆▆▆▆▆▆ | ▆▆ | Open | |
| 7 | California Northern District (San Francisco) | Federal Civil | 3▆▆ | ▆▆▆▆▆ | ▆▆ | Open | |
| 8 | The Superior Court of California Contra Costa County | State Civil | ▆▆▆ | ▆▆▆▆▆ | ▆▆ | Terminated | |
| 9 | CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles) | Federal Civil | ▆▆▆▆ | ▆▆▆▆▆ | ▆▆ | Dismissed, Appeal | |
| 10 | United States Court of Appeals for the Ninth Circuit | Federal Appeal | ▆▆▆ | ▆▆▆▆▆ | ▆▆ | Terminated | |
| 11 | U.S. District Court - District of Colorado | Federal Civil | ▆▆▆ | ▆▆▆▆ | ▆▆ | Open | |
| 12 | The Superior Court of California Contra Costa County | State Civil | ▆▆▆ | ▆▆▆▆▆ | ▆▆ | Terminated | |
| 13 | The Superior Court of California County of Sonoma | State Civil | ▆▆▆ | ▆▆▆▆▆ | ▆▆ | Terminated, Appeal | |
| 14 | United States Court of Appeals for the Ninth Circuit | Federal Appeal | ▆▆▆ | ▆▆▆▆ | ▆▆ | Terminated | |
| 15 | The Superior Court of California County of Los Angeles | State Civil | ▆▆▆ | ▆▆▆▆▆▆▆▆ | ▆▆ | After Trial | |
| 16 | California 1th Appellate District Division 2 | State Appeal | ▆▆▆ | ▆▆▆▆▆▆▆▆▆ | ▆▆ | Terminated | |
| 17 | California Supreme Court Division SF | State Supreme | ▆▆▆ | ▆▆▆▆▆ | ▆▆ | Terminated | |
| 18 | The Superior Court of California County of Los Angeles | State Civil | ▆▆▆ | ▆▆▆▆▆▆ | ▆▆ | Open | |
| 19 | United States Court of Appeals for the Ninth Circuit | Federal Appeal | ▆▆▆ | ▆▆▆▆▆ | ▆▆ | Terminated | |
| 20 | United States Court of Appeals for the Ninth Circuit | Federal Appeal | 21▆ | ▆▆▆▆▆ | ▆▆ | Open | |
| 21 | The Superior Court of California County of Los Angeles | State Civil | ▆▆▆ | ▆▆▆▆▆▆ | ▆▆ | Dismissed | |
| 22 | United States Court of Appeals for the Ninth Circuit | Federal Appeal | ▆▆▆ | ▆▆▆▆▆ | ▆▆ | Open | |
| 23 | The Superior Court of California County of Orange | State Appeal | ▆▆▆▆▆ | ▆▆▆▆▆▆▆ | ▆▆ | Open | |
| 24 | The Superior Court of California County of Los Angeles | State Civil | ▆▆▆ | ▆▆▆▆▆▆▆ | ▆▆ | Open | |
| 25 | California 4th Appellate District Division 3 | State Appeal | ▆▆▆ | ▆▆▆▆▆ | ▆▆ | Open | |
| 26 | California 4th Appellate District Division 3 | State Appeal | ▆▆▆ | ▆▆▆▆▆ | ▆▆ | Terminated | |
| 27 | California 1th Appellate District Division 2 | State Appeal | ▆▆▆ | ▆▆▆▆▆ | ▆▆ | Open | |
| 28 | The Superior Court of California County of Los Angeles | State Civil | ▆▆▆ | ▆▆▆▆▆▆ | ▆▆ | Open | |
| 29 | The Superior Court of California County of Los Angeles | State Civil | ▆▆▆ | ▆▆▆▆▆▆▆ | ▆▆ | Open | |
| 30 | California 1th Appellate District Division 3 | State Appeal | ▆▆▆ | ▆▆▆▆▆▆▆▆ | ▆▆ | Open | |
| 31 | California 1th Appellate District Division 1 | State Appeal | ▆▆▆ | ▆▆▆▆▆▆▆ | ▆▆ | Terminated | |

Code Civ. Proc. § 391(b) defines a vexatious litigant as a person who does any of the following:

(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

Please note the follow 8 instances, in the past 7 years:

1)

On 10/19/2018 Xingfei Luo **in propria persona** filed State Appeal Case Number: ▆▆▆▆▆▆▆▆ in California 4th Appellate District Division 3, related to Superior Court of California County of Orange Family Case Current status of the case is Affirmed Judgement in full on 10/31/2019.
This is a final judgement against Xingfei Luo. (Strike 1)

2)

On 4/30/2019 Xingfei Luo **in propria persona** filed State Civil Case Number: ████████████████
in The Superior Court of California County of Los Angeles.
Current status of the case is Dismissed on 12/11/2019.
This is a final Judgement against Xingfei Luo. (Strike 2)

3)

On 01/27/2020  Xingfei Luo **in propria persona** filed Federal Civil Case Number: ████████████████
In CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles).
Current status of the case is Dismissed on 7/2/2021.
This is a final Judgement against Xingfei Luo. (Strike 3)

4)

On 05/07/2020  Xingfei Luo **in propria persona** filed State Civil Case Number: ███████████
In The Superior Court of California Contra Costa County.
Current status of the case is Terminated on 11/22/2021.
This is a final Judgement against Xingfei Luo. (Strike 4)

5)

On 05/20/2020  Xingfei Luo **in propria persona** filed Federal Civil Case Number: ████████████████
In CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles).
Current status of the case is Dismissed due to lack of standing on 3/26/2021.
This is a final Judgement against Xingfei Luo. (Strike 5)

6)

On 09/22/2020  Xingfei Luo **in propria persona** filed State Civil Case Number: ███████████████
In The Superior Court of California Contra Costa County.
Current status of the case is Dismissed on 12/10/2021.
This is a final Judgement against Xingfei Luo. (Strike 6)

7)

On 10/05/2020  Xingfei Luo **in propria persona** filed State Civil Case Number: ████████████
In The Superior Court of California County of Sonoma.
Current status of the case is Dismissed on 12/15/2021.

This is a final Judgement against Xingfei Luo. (Strike 7)

8)

On 11/08/2021  Xingfei Luo **in propria persona** filed State Appeal Case Number ██████████████
In California 4th Appellate District Division 3, against her Criminal Case ████████ in The Superior Court of California County of Orange.
Current status of the case is Dismissed as premature on 11/10/2021.
This is a final Judgement against Xingfei Luo. (Strike 8)


Section 391.1 - Motion for order requiring plaintiff furnish security or dismissal of litigation


In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant
may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for
an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order
requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing,
that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will
prevail in the litigation against the moving defendant.

*Ca. Civ. Proc. Code § 391.1*

Amended by Stats 2012 ch 417 (AB 2274),s 1, eff. 1/1/2013, op. 1/1/2014.


Virus-free. www.avast.com