IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant,

and

EUGENE VOLOKH,

    Intervenor.

## ORDER

Pending before the Court are Plaintiff's Objections to Magistrate Judge Hegarty's October 19, 2022 Order Denying Plaintiff's Amended Motion to Restrict and Redact (ECF 221), ECF No. 224. For the reasons stated below, the Objections are OVERRULED, and Magistrate Judge Hegarty's October 19, 2022 Order, ECF No. 221, is AFFIRMED.

### I.    LEGAL STANDARD

Magistrate judges are authorized to hear and determine any non-dispositive matter referred to them. *Portley-El v. Milyard*, No. 06-cv-00146-PSF-MJW, 2006 WL 3371642, at *2 (D. Colo. Nov. 21, 2006) (Figa, J.); *see* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order will be deemed "clearly erroneous or contrary

to law" only if the reviewing court, on the entire evidence, is left with the "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  The "contrary to law" standard permits "plenary review as to matters of law," but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly.  *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (Martínez, J.).

## II.   ANALYSIS

Nothing in Plaintiff's Objections has left the Court with the "definite and firm conviction that a mistake has been committed"; that Magistrate Judge Hegarty applied the wrong legal standard; or that Magistrate Judge Hegarty applied the appropriate legal standard incorrectly by denying Plaintiff's Amended Motion to Restrict and Redact, ECF No. 206.  *See Ocelot Oil Corp.*, 847 F.2d at 1464; *Residences at Olde Town Square Ass'n*, 413 F. Supp. 3d at 1072.  In his Order, Magistrate Judge Hegarty notes that Intervenor Eugene Volokh argued in response to Plaintiff's Amended Motion to Restrict that documents filed un-restricted should stay in the public record.  ECF No. 221 at 1.  Magistrate Judge Hegarty further notes that Volokh quoted *Gunn v. WCA Logistics, LLC*, No. 13-cv-02197-WJM-MEH, 2016 WL 7868827, at *1 (D. Colo. Jan. 12, 2016) for the proposition that "[t]he cat has already been let out of the bag."  *Id.* (citing ECF No. 213 at 2).  Magistrate Judge Hegarty then went on to conclude that Plaintiff's motion to restrict,

ECF No. 206, "fails to identify any particular harm that would result if the public documents at issue remained unrestricted." ECF No. 221 at 2.

First, Plaintiff argues that Magistrate Judge Hegarty erred by "rel[ying] on 'The cat has already been let out of the bag.'" ECF No. 224 at 2. However, Magistrate Judge Hegarty did not "rel[y]" on this principle in denying Plaintiff's motion to restrict. Instead, he concluded that Plaintiff failed to identify the particular harm that would result from keeping the documents at issue public. *See* ECF No. 221 at 2–3. Plaintiff's argument therefore does not point to a "mistake that has been committed" or any way that the Magistrate Judge applied the wrong legal standard. Plaintiff also cites *Deschenes Consulting LLC v. Nu Life Mkt. LLC*, No. 1:19-cv-03465-RMR-SKC, 2020 WL 2747702, at *5 (D. Colo. May 27, 2020) (Moore, J.) as an example of a case in which the Court did not apply the logic that "the cat's already been let out of the bag" and instead concluded that "restricting access to the unredacted [document] . . . cannot und[o] whatever harm has been done by virtue of [the document's contents] being made public for four months . . . . It can, however, prevent future harm to [the restricting party's] property rights . . . ." *See* ECF No. 224 at 2 (citing *Deschenes Consulting*, 2020 WL 2747702, at *5). However, Plaintiff ignores the fact that the Court in *Deschenes Consulting* distinguished cases that apply the logic that "the cat's already been let out of the bag" from that case because "none of [those] cases involve trade secrets," while *Deschenes Consulting* did involve alleged trade secrets, "which have long been recognized to be of significant economic value to both the owner and competitors." *See* 2020 WL 2747702,

3

at *4.  Given that Plaintiff's case here does not involve trade secrets, *Deschenes Consulting* and its holding is distinguishable.

Second, Plaintiff argues that Magistrate Judge Hegarty "clearly erred in concluding that plaintiff did not identify any particular harm or serious injury."  ECF No. 224 at 4.  Plaintiff contends that Magistrate Judge Hegarty "ignores other facts that Plaintiff does not have other life event that would cause her to experience harassment and violence and Plaintiff did not experience harassment and violence until the improper disclosure of her identity."  *Id.*  However, Plaintiff did not raise this argument in her motions to restrict, and the Court is not convinced that such a conclusory statement, unsupported by more specific facts, would bear Plaintiff's burden.  *See* ECF Nos. 183, 206.  Hence, Magistrate Judge Hegarty's Order that Plaintiff failed in those motions to "identify any particular harm that would result if the public documents at issue remained unrestricted" is not "clearly erroneous or contrary to law."  *See Ocelot Oil Corp.*, 847 F.2d at 1464.

Third, Plaintiff argues that the documents she seeks to restrict were filed while Plaintiff was still proceeding using a pseudonym, so there was not a need for restriction at the time they were filed.  ECF No. 224 at 3.  However, some of the documents for which Plaintiff seeks restriction and redaction were, in fact, filed after the Court's Order at ECF No. 165.  *See* ECF No. 206 at 1 (requesting Level 2 restriction of and redaction of the public versions of the documents at ECF Nos. 167, 174, 174-1, 187).  In addition, the Court's order affirming Magistrate Judge Hegarty's decision to discontinue Plaintiff's use of a pseudonym in this case and noting that Plaintiff may file a motion to restrict documents in the case that "she believes are inappropriately revealing her identity in

4

connection with those other cases" was entered on June 13, 2022. ECF No. 165 at 18 n.8. Plaintiff waited more than two months to file her first motion to restrict, requesting restriction of twenty documents in this case. ECF No. 183. After Magistrate Judge Hegarty denied that motion without prejudice for failure to address the requirements of D.C.COLO.LCivR 7.2(c) and for failure to include the necessary legal analysis, ECF No. 185, Plaintiff then filed her Amended Motion to Restrict that is at issue here two weeks later, ECF No. 206. As a result, the twenty documents that Plaintiff now seeks to restrict and redact remained public while Plaintiff was proceeding without a pseudonym for three months before she filed her present motion to restrict, and as Magistrate Judge Hegarty found, ECF No. 221 at 2–3, neither motion to restrict identified the specific harm that would result if the public documents remained unrestricted. *See* ECF No. 183 (making no arguments regarding restriction of access and instead arguing that Intervenor Volokh "has no right to intervene"); ECF No. 206 at 3 (stating only that "[t]he improper purposes, or the relevant harm in the context of this case is to deprive Plaintiff's [sic] of protection of her privacy rights"); ECF No. 221 at 2–3.

Fourth, Plaintiff argues that "the Magistrate Judge fails to identify why redaction would not serve the same purpose while supporting the public's interest in access to judicial records." ECF No. 224 at 3. However, this argument misplaces the burdens. It is Plaintiff's burden to demonstrate that the requirements of D.C.COLO.LCivR 7.2(c) are fulfilled and to overcome the presumption set forth in Local Rule 7.2 that, "[u]nless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings." D.C.COLO.LCivR 7.2(a);

5

*see also, e.g.*, *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) ("The party seeking to overcome the presumption of public access to documents bears the burden of showing some significant interest that outweighs the presumption.") (internal quotations and citation omitted); D.C.COLO.LCivR 7.2(c)(2) (noting the "presumption of public access"). The Court agrees with Magistrate Judge Hegarty that Plaintiff has not met that burden here.

Fifth, Magistrate Judge Hegarty reiterated his statement from a prior order that "the public [should not] be prevented from reaching its own conclusion in this case." ECF No. 221 at 2 (quoting ECF No. 113 at 9). Plaintiff argues that this is "no more than a conclusory presumption without applying any facts or circumstances of this particular case." ECF No. 224 at 3. On the contrary, this statement reflects the principles that there is a "presumption of public access" to court documents, D.C.COLO.LCivR 7.2(c)(2); that "[c]ourts have long recognized a common-law right of access to judicial records," *JetAway Aviation, LLC v. Board of Cnty. Comm'rs of County of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (internal quotations and citation omitted); and that "the interests of the public" in access to judicial records "are presumptively paramount," *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015). Magistrate Judge Hegarty's statement also reflects the fact that, here, Plaintiff has not identified particular harms that would result from making the documents public.

Finally, Plaintiff raises arguments regarding some of the case law cited by Magistrate Judge Hegarty. She argues that the Ninth Circuit case *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) "does not require compelling reasons

6

to seal each document" because it holds parties to a lower "good cause" standard to seal records attached to non-dispositive motions than the "compelling reasons" standard for documents attached to dispositive motions. ECF No. 224 at 3; *Kamakana*, 447 F.3d at 1180. Regardless of the standard in the Ninth Circuit, the fact remains that this Court requires movants to "address the interest to be protected and why such interest outweighs the presumption of public access," D.C.COLO.LCivR 7.2(c)(2), and the Tenth Circuit requires "[t]he party seeking to overcome the presumption of public access to the documents [to] bear[] the burden of showing some **significant interest** that outweighs the presumption," *Helm*, 656 F.3d at 1292 (emphasis added). Plaintiff has not done so here.

Plaintiff also attempts to distinguish *General Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158 (D. Colo. 2015) from this case, noting that in that case, "the motion to restrict access was denied because all sensitive information . . . are [sic] already redacted." ECF No. 224 at 3–4 (citing *Chumley*, 129 F. Supp. 3d at 1189). However, Magistrate Judge Hegarty merely cited that case for the general proposition that "[t]here is a presumption that documents essential to the judicial process are to be available to the public. . . . It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter." ECF No. 221 at 2–3 (quoting *Chumley*, 129 F. Supp. 3d at 1188–90). The Tenth Circuit and this Court agree with that general proposition. *See, e.g.*, *Helm*, 656 F.3d at 1292; *Dillard*, 795 F.3d at 1205. For these

reasons, Plaintiff has not established that Magistrate Judge Hegarty's Order at ECF No. 221 is "clearly erroneous or contrary to law." *See Ocelot Oil Corp.*, 847 F.2d at 1464.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's Objections to Magistrate Judge Hegarty's October 19, 2022 Order Denying Plaintiff's Amended Motion to Restrict and Redact (ECF 221), ECF No. 224, is OVERRULED, and Magistrate Judge Hegarty's October 19, 2022 Order, ECF No. 221, is AFFIRMED.

DATED:  December 16, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

8