FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
03/14/2023
JEFFREY P. COLWELL, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

---

## PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO
## FED. R. CIV. P. 37(C)(1) AND 26(G)

Plaintiff hereby moves the Court (1) for an order for mandatory sanctions pursuant to

Fed. R. Civ. P. 37(c)(1) and 26(g) against Defendant and/or his counsel, (2) to strike declaration

of Surya Yelaswarapu (ECF 267, p. 5), and (3) to strike Surya Yelaswarapu as a substantive or

merits witness in this action[1]. In the alternative, Defendant must pay Yelaswarapu's deposition

costs, including attorney fees, because Plaintiff would have been entitled to depose Yelaswarapu

had Defendant complied with Rule 26.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff has conferred with Defendant who has

indicated he would oppose.

### FACTS

Plaintiff filed her original complaint on September 11, 2020. ECF 1. Defendant was

served with the complaint by certified mail on Dec 16, 2020 and by personal service on Feb 5,

---

[1] Although the case is closed Defendant's attempt to supply evidence from Yelaswarapu on a motion warrants exclusion of witness.

2021. ECF 74 at 3-4. On December 1, 2021, almost one year after he was served with the complaint, Defendant served Plaintiff with his initial disclosure. See Attachment 1. Nowhere in Defendant's initial disclosure identified Mr. Surya Yelaswarapu as a witness or provided any subjects of discoverable information he may have. Let alone his contact information.

In Defendant's response to Plaintiff's interrogatory No. 3, served upon Plaintiff on February 24, 2022, Defendant identified that he had communications with Surya Yelaswarapu relating to the allegations in this action (Attachment 2, p. 4) which indicates that Defendant certainly had Yelaswarapu's contact information. Yet since then Defendant still never supplemented his initial disclosure to identify Surya Yelaswarapu as a witness and disclose the scope of his knowledge he possessed related to this action, nor Surya Yelaswarapu's contact information was ever provided to Plaintiff despite Defendant and Yelaswarapu have been well known to each other.

During the status conference held on August 24, 2022, Defendant explicitly alleged he had witnesses to provide the information regarding the date of publication at issue. ECF 186. Even since then, Defendant did not supplement the identity and contact information of the said potential witnesses.

Now, over two years after he was served with the complaint and over one year after he made his initial disclosure, Defendant attempted to introduce Yelaswarapu as a witness under the theory that he published his defamatory statement days after Yelaswarapu told him about the cheaterland website. ECF 267, p. 5. What a huge surprise! Further, as of the filing of this motion, twenty-eight (28) months after he was served with the complaint, Defendant has not disclosed to Plaintiff the contact information of Surya Yelaswarapu.

Defendant had failed to comply with his duty under Rule 26 of the FRCP to identify Yelaswarapu as a witness while Yelaswarapu was not offered solely for impeachment. ECF 267, p. 5. Declaration of Mr. Surya Yelaswarapu, states events occurred between 2018 and 2019 while Yelaswarapu and Defendant were well known and has been well known to each other. ECF 267, p. 5. Defendant had communications with Yelaswarapu related to this action before February 24, 2022 (Attachment 2, p. 4). Defendant has been privy to Yelaswarapu and his putative testimony since the very beginning of the case. Defendant has not provided a reason for his failure to disclose Surya Yelaswarapu as a witness, the scope of his knowledge, and his contact information as Rule 26 required. Defendant simply alleged that the name of Surya Yelaswarapu was included in his response to Plaintiff's interrogatory No. 3.

## ARGUMENT

### I.    THE PURPOSE AND REQUIREMENT UNDER FRCP Rule 26

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that a party must disclose to the other party without awaiting a discovery request:

> the name and, if known, the **address and telephone number** of each individual likely to have discoverable information - **along with the subjects of that information** - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). While a party is not required to provide a complete recitation of an individual's knowledge, Rule 26(a)(1)(A) disclosures should indicate "briefly the general topics on which such persons have information." See Fed. R. Civ. P. 26(a)(1)(A) Adv. Comm. Notes (1993); accord *Lobato v. Ford*, No. 05-cv-01437-LTB-CBS, 2007 WL 2593485, at *5 (D. Colo. Sept. 5, 2007).

The mandatory disclosure requirements under Rule 26(a)(1) are designed to accelerate the exchange of basic information, to "help **focus the discovery that is needed**, and facilitate preparation for trial or settlement." See Fed. R. Civ. P. 26(a) Adv. Comm. Notes (1993). Because the purpose of Rule 26(a)(1) is to accelerate the exchange of basic information and prevent a party from being unfairly surprised, "disclosure requirements should, in short, be applied with common sense" to help focus discovery and prevent the risk that litigants will "indulge in gamesmanship with respect to the[ir] disclosure obligations." *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011) (citing Fed. R. Civ. P. 26(a) Adv. Comm. Notes (1993). See also *Ollier v. Sweetwater Union High School District*, 768 F.3d 843, 863 (9th Cir. 2014) ("An adverse party should not have to guess which undisclosed witnesses may be called to testify.")

More to the point, initial disclosures should be "complete and detailed," and should "give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation." *Crouse Cartage Co. v. National Warehouse Investment Co*.,  No. IP02-071CTK, 2003 WL 23142182, at *1 (S.D. Ind. Jan. 13, 2003) (quoting *Biltrite Corp. v. World Road Markings, Inc*., 202 F.R.D. 359, 362 (D. Mass. 2001)). "Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed." See Fed.R.Civ.P. 26(a) advisory committee's note to 1993 amendment.

This is not a minor consideration. If one party lists a potential witness on its Rule 26 disclosures, the other parties know that they might see or hear that person's testimony for the first time at summary judgment or trial. The other parties can then make a calculated decision

whether to seek discovery from that person and thereby mitigate the possibility of surprise, or, on the other hand, whether the expense of deposing that individual outweighs the consequences of potential surprise later. Obviously a party is deprived of this choice if the person is never listed as a potential witness. This holds true even when all parties are aware of other individuals who might have relevant knowledge. *Smith v. Aurora Public Schools*, 318 F.R.D. 429, 431 (D. Colo. 2016).

In short, the Rule 26(a)(1) disclosure requirements should "be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations." See Fed.R.Civ.P. 26(a) advisory committee's note to 1993 amendment. See also *Fitz, Inc. v. Ralph Wilson Plastics Co*., 174 F.R.D. 587, 589 (D.N.J. 1997) (Rule 26 disclosure requirement should be applied with common sense). Counsel who make the mistake of treating Rule 26(a)(1) disclosures as a technical formality, rather than as an efficient start to relevant discovery, do their clients no service and necessarily risk the imposition of sanctions.

Rule 26(e)(1)(A), imposing a self-executing obligation, requires that a party supplements its Rule 26(a) disclosures "in a timely manner" upon learning that its initial disclosures were incomplete, if " the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Rule 26(e) "creates a duty to supplement, not a right" and does not "create a loophole" to be exploited by a party to its advantage. *Dayton Valley Investors, LLC v. Union Pacific R. Co*., No.2:08-cv-00127-ECR-RJJ, 2010 WL 3829219, at *3 (D. Nev. Sept. 24, 2010). See also *Reed v. Washington Area Metropolitan Transit Authority*, No. 1:14cv65, 2014 WL 2967920, at *2 (E.D. Va. July 1, 2014) ("Making a supplemental disclosure

of a known fact witness a mere two days before the close of discovery . . . is not timely by any definition.")

Rule 26(a)(1) and (e)(1) impose an affirmative obligation to provide disclosures that are complete and correct as of the time they are made. The importance of that disclosure obligation is reflected in the certification requirement imposed on counsel under Rule 26(g). A passing and perhaps oblique reference to an individual during a deposition should not presumptively equate to a Rule 26(a)(1)(A)(i) disclosure that reflects counsel's "knowledge, information and belief formed after a reasonable inquiry." Similarly, the phrase "otherwise made known to the other parties during the discovery process" should not be broadly applied to circumvent Rule 26(g) or give a party "license" to engage in ambush or supplement their disclosures almost by happenstance. Cf. *Bath and Body Works Brand Management, Inc. v. Summit Entertainment, LLC.*, No. 11 Civ. 1594 (GBD)(JLC), 2012 WL 5278528, at *2 (S.D.N.Y. Oct. 23, 2012).

## II.   SANCTIONS AUTHORIZED UNDER FRCP RULE 37(c)(1)

Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence **on a motion, at a hearing, or at a trial**, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). See also *Vesom v. Atchison Hosp. Ass'n*, 279 F. App'x  624, 631 (10th Cir. 2008) (unpublished) ("The exclusion of evidence presented out of time is 'automatic and mandatory' unless the violation was either justified or harmless." (quoting *Finley v. Marathon Oil Co*., 75 F.3d 1225, 1230 (7th Cir. 1996). See *Roadway Exp. Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) ("Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction,

[and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976))

The non-moving party has the burden of showing that it was substantially justified in failing to comply with Rule 26(a) or that such failure was harmless. See *Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004) (citation omitted).

Defendant has not offered any reason, let alone a substantial justification, for his non-compliance. Nor can he, given that the facts that he has known about Yelaswarapu since as early as 2015 (ECF 267, p. 5), he had communications with Yelaswarapu related to this action before February 24, 2022 (Attachment 2, p. 4), and he alleged he had witnesses with the date of publication information (ECF 186). Instead, Defendant states that he should be excused from his discovery obligations imposed by the federal rules because the name of Yelaswarapu was included in his response to Plaintiff's interrogatory No. 3. See Attachment 2, p. 4. It is undisputed that the mere mentioning of Yelaswarapu does not suffice the requirement under Rule 26. See *L-3 Communications Corp. v. Jaxon Engineering & Maintenance, Inc.*, No.10-cv-02868-MSK-KMT, 125 F.Supp.3d 1155, 2015 WL 5117792, at *8 (D. Colo. Sept. 1, 2015) ("To satisfy the 'made known' requirement, a party's collateral disclosure of the information that would normally be contained in a supplemental discovery response must be in such form and of such specificity as to be the functional equivalent of a supplemental discovery response; merely pointing to places in the discovery where the information was mentioned in passing is not sufficient.")

## III.     SANCTIONS AUTHORIZED UNDER FRCP RULE 26(g)

Further reflecting the important role that initial disclosures play in the discovery process, Fed. R. Civ. P. 26(g) provides that "every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record.... By signing, an attorney or party certifies that to the best of that person's knowledge, information, and belief formed after a reasonable inquiry . . . [that] with respect to a disclosure, it is complete and correct as of the time it is made; with respect to a discovery request, response, or objection, it is . . . consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; . . . not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and . . . neither unreasonable nor unduly burdensome or expensive considering the needs of the case, the amount in controversy, and the importance of the issues at stake in the action.... If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The order may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."

"[S]anctions imposed under Rule 26(g)(3) do not require a showing of bad faith.... [and w]here a violation of Rule 26(g) occurs, **imposition of sanctions is mandatory**.'" *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 2018 WL 6939800 at *9 (internal quotation omitted). See also *Cache La Poudre Feeds, LLC v. Land O'Lakes Farmland Feed, LLC*, 244 FRD at 636 (same).

## IV.    DEFENDANT'S FAILURE TO COMPLY WITH RULE 26

It is undisputed that Defendant did not include Surya Yelaswarapu in his initial Rule 26(a)(1) disclosures or in any written supplemental disclosure provided to Plaintiff prior to his attempt to introduce Surya Yelaswarapu's declaration. See Attachment 1.

In suggesting that he complied with his obligations under Rule 26 (a)(1) and Rule 26(e), Defendant argues that the name of Surya Yelaswarapu was included in his response to Plaintiff's interrogatory No. 3. See Attachment 2, p. 4. It is difficult to reconcile the key role of Surya Yelaswarapu with the very generic, and limited, nature of Defendant's reference to Surya Yelaswarapu.

As the court noted in *Auraria Student Housing at the Regency, LLC v. Campus Village Apartments, LLC*, No. 10-cv-02516-WJM-KLM, 2014 WL 2933189, at *2 (D. Colo. June 30, 2014), "knowledge of the existence of a person is distinctly different from knowledge that the person will be relied upon as a fact witness." Cf. *Jama v. City and County of Denver*, 304 F.R.D. 289, 297 (D. Colo. 2014) ("[B]ecause the purpose of the disclosure under Rule 26(a) was to inform Denver of which individuals the Plaintiffs believed had pertinent information, what the information was and how to contact the individual, Denver's identification of individuals in response to discovery requests did not relieve Plaintiffs of the obligation of disclosing the individuals they thought had useful information.") (emphasis added).

While discovery is, by necessity, an iterative process, Defendant's interpretation of the "otherwise made known" phrase has the potential to convert the Rule 26(e) supplementation requirement into a "whack-a-mole" game. *Poitra v. School District No. 1*, 311 F.R.D. 659, 667 (D. Colo. 2015). Cf. *Cohlmia v. Ardent Health Services, LLC*, 254 F.R.D. 426, 433 (N.D. Okl. 2008) (observing that Rule 26(e) "does not give license to sandbag one's opponent"). Constrained

by the numerical limit on depositions imposed under Rule 30(a)(2) and by proportionality factors expressly incorporated in Fed.R.Civ.P. 26(b)(1), opposing counsel is confronted with a real dilemma if the mere mention of an individual's name during a deposition discharges a party's disclosure and supplementation obligations. A risk-averse party must either expend time and money taking a deposition that could prove worthless, or risk surprise at trial. Cf. *Sender*, 255 F.R.D. at 656 (Rule 26(e) "disclosures must be sufficiently detailed to allow [the opposing party] to make intelligent decisions regarding how [it] will efficiently use the limited number of depositions permitted under the Rule 16 scheduling order"). Cf. *Johnson v. School District 1*, No. 12-cv-02950-MSK-MEH, 2014 WL 983521, at *3 (D. Colo. Mar. 13, 2014) (suggesting that a party has no reason to depose a witness whom the other side did not disclose; "[d]efendants' argument that [p]laintiff knew about all 10 administrators prior to their disclosure does not excuse their failure to disclose").

It is undisputed that, from the very beginning of this action, Defendant has possessed Surya Yelaswarapu's contact information. See Attachment 2, p. 4 and ECF 267, p. 5. However, as of the filing of this motion, twenty-eight (28) months after he was served with the complaint, Defendant has not disclosed to Plaintiff the contact information of Surya Yelaswarapu.

## V.    FACTORS TO BE CONSIDERED WHEN IMPOSING SANCTIONS

A district court need not make explicit findings in its decision, but four factors should be considered: (1) prejudice or surprise; (2) ability to cure prejudice, if any; (3) extent to which the testimony would disrupt a trial; and (4) bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

### A.    Prejudice or Surprise

10

In weighing the element of prejudice or surprise, the court must again take heed of the purposes underlying Rule 26(a)(1). "The importance of lay . . . witness disclosures and the harms resulting from a failure to disclose need little elaboration." *Saudi v. Valmet-Appleton, Inc*., 219 F.R.D. 128, 134 (E.D. Wis. 2003). See also *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (recognizing that delay and mounting attorneys fees can equate to prejudice). Cf. *Lintz v. American General Finance, Inc*., No. 98-2213-JWL, 1999 WL 619045, *6 (D. Kan. August 2, 1999) (noting that non-compliance is harmless only when there is no prejudice to the opposing party).

The Tenth Circuit has stated that "[t]he withholding of evidence 'substantially prejudices an opposing party by casting doubt on the veracity of all of the culpable party's submissions throughout the litigation." *Freddie v. Marten Transport, Ltd*., 428 Fed.Appx. 801, 804 (10th Cir. 2011) (quoting *Garcia v. Berkshire Life Ins. Co. of Am*., 569 F.3d 1174, 1180 (10th Cir. 2009). Other Circuits have found prejudice when, in addition to having costs imposed on it, a party is impaired in its ability to prepare a defense (see *Tech. Recycling Corp. v. City of Taylor*, 186 Fed.Appx. 624, 636 (Sixth Cir. 2006)) or is "depriv[ed] of information through non-cooperation with discovery and costs [are] expended obtaining court orders to force compliance with discovery." *Adams v. Trustees, N.J. Brewery Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citation omitted). See also *City of East Cleveland, Ohio v. CH2M Hill/OMI*, Civ. Ac. No. 1:08-cv-2309, 2009 WL 10688206, at *2 (N.D. Ohio Oct. 30, 2009) (quoting *Tech. Recycling Corp. v. City of Taylor*, 186 Fed.Appx. at 636).

The belated disclosure of witnesses, particularly after the close of discovery, is antithetical to the objectives underlying Rule 1; i.e., the just, speedy, and inexpensive

determination of every action. Cf. *D.L. v. Unified School District # 497*, 270 F.Supp.2d 1217,

1241 (D. Kan. 2002) (finding prejudice to the extent that plaintiffs' failure to make required Rule

26(a)(1) disclosures undermined defendants' ability to conduct discovery as to the non-disclosed

witnesses), aff'd in part, vacated in part, and remanded on other grounds, 392 F.3d 1223 (10th

Cir. 2004); *Poitra v. School District No. 1*, 311 F.R.D. 659, 671 (D. Colo. 2015) (striking Ms.

Ortega as a witness due to non-compliance with Rule 26, despite she had been referenced in

deposition and she was included in witness list eight months prior to trial.)

There is no doubt that Defendant's non-compliance is prejudicial and the declaration of

Surya Yelaswarapu is a huge surprise. There is also no doubt that Defendant's substantial delay

in disclosing Yelaswarapu as a witness and his withholding of Yelaswarapu's contact

information deprived Plaintiff of her ability to conduct discovery.

B.  Ability to Cure Prejudice

There is no way to cure the prejudice by the substantial delay in disclosing Surya

Yelaswarapu's role as a witness right before Defendant's attempt to supply evidence from

Yelaswarapu. There is also no way to cure the prejudice due to the withholding of Surya

Yelaswarapu's contact information. See *Poitra v. School District No. 1*, 311 F.R.D. 659, 670 (D.

Colo. 2015) (rejecting remedy to take surprise witness's deposition on the eve of trial because

that same "remedy" presumably would be available in any case where Rules 26(a)(1) and

(e)(1)(A) are violated.) More to the point, the default remedy of last-minute discovery threatens

to undermine the very objectives underlying the disclosure and supplementation requirements.

Cf. *Transclean Corp. v. Bridgewood Services, Inc.*, 77 F.Supp.2d 1045, 1064 (D. Minn. 1999)

(noting while a continuance and reopening of discovery might alleviate some of the prejudice

caused by non-disclosure under Rule 26(a), "such a remedy would wreak its own distinctive prejudice," by unnecessarily prolonging the pretrial process and increasing the expense of litigation), aff'd in part and vacated in part on other grounds, 290 F.3d 1364 (Fed. Cir. 2002).

      C.  <u>Extent to Which The Testimony Would Disrupt A Trial</u>

      It is undisputed that Defendant disclosed Yelaswarapu as a witness right before he attempted to introduce Yelaswarapu's declaration to support his position in a motion or a proceeding. There is now little time to cure the prejudice and there is no way to cure the prejudice when Defendant never disclosed Yelaswarapu's contact information. Even if Yelaswarapu's testimony would not disrupt a hearing, a proceeding, or a trial, imposition of sanctions is appropriate here due to the substantial delay in disclosing witness's identity and withholding of witness's contact information. See *Poitra v. School District No. 1*, 311 F.R.D. 659, 670 (D. Colo. 2015) (holding that permitting last minute discovery or reset the trial would effectively reward a party's non-compliance.)

      D.  <u>Bad Faith or Willfulness</u>

      District Courts within the Tenth Circuit have held that "[a] party acts in bad faith when actions taken during the litigation are 'entirely without color and [have] been asserted wantonly, for purposes of harassment or delay or for other improper reasons.'" *Kokot v. Maxim Healthcare Svc., Inc.*, Civ. Ac. No. 18-cv-00689-RM-KMT, 2019 WL 5095727, at *14 (D. Colo. Aug, 15, 2019((quoting *Sterling Energy, Ltd. v. Friendly Nat. Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984) (emphasis added)). They have defined "bad faith" as "the antithesis of good faith" and/or "when a thing is done dishonestly and not merely negligently. Bad faith has also been defined as that which imports a dishonest purpose and implies wrongdoing or some motive of self-interest.

*RCHFU, LLC v. Marriott Vacations Worldwide Corp*., Civ. Ac. No. 16-cv-1301-PAB-GPG, 2018 WL 6839800, at *10 (D. Colo. Dec. 31, 2018); *Cache La Poudre Feeds, LLC v. Land O'Lakes Farmland Feed, LLC*, 244 F.R.D. 614, 635 (D. Colo. 2007) (same).

The Tenth Circuit has defined "a willful failure as 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'" *RCHFU, LLC v. Marriott Vacations Worldwide Corp*., 2018 WL 6839800 at *10 (quoting both *In re Standard Metals Corp.*, 817 F.2d 625, 628-29 (10th Cir. 1987) and *Patterson v. C.I.T. Corp*., 352 F.2d 333, 336 (10th Cir. 1965) (both citing cases) (emphasis added)). "Willfulness is found where a party has engaged in a 'pattern of conduct' in 'flagrant disregard' of the rules of discovery and a specific court order." *Teleglobe USA, Inc. v. BCE Inc*. (*In re Teleglobe Communs., Corp*.), 392 B.R. 561, 582 (Bankr. D. Del. 2008) (citation omitted) (emphasis added).

There is no doubt Defendant's non-compliance was the product of a calculated strategy. There is no difficulty on Defendant's part in disclosing Yelaswarapu's role as a witness and providing his contact information considering Defendant's relationship with Yelaswarapu. ECF 267, p. 5. Defendant had acted in continuing disregard of discovery obligations by intentionally concealing witness information. Defendant's conduct was inexcusably deliberate, in bad faith, and sufficiently serious to warrant the severe sanction of witness preclusion. See *Taylor v. Illinois*, 484 U.S. 400, 413-417 (1988)[2] (emphasizing that the defendant's willful bad faith alone would justify suppression even if no prejudice suffered or if a lesser sanction would minimize any prejudice); *United States v. Russell*, 109 F.3d 1503, 1512 (10th Cir.) (stating that "if bad

---

[2] *Taylor* was guided by the standard governing civil cases. When a court determines that a sanction is justified by bad faith discovery violations, the structural analysis should not change according to whether the party is the criminal defendant, the prosecution, a civil plaintiff, or a civil defendant.

faith were involved, exclusion would have been proper regardless of prejudice or the feasibility of a continuance"); *United States v. de la Cruz-Paulino*, 61 F.3d 986, 995 (5th Cir. 1995) ("Where governmental noncompliance is the result of bad faith, exclusion of the undesignated evidence may be appropriate."); cf. *Eckert v. Tansy*, 936 F.2d 444, 446 (9th Cir. 1991) (determining that bad faith of defendant and ease of compliance with alibi statute supported exclusion of proffered witness); *United States v. Cueto*, 628 F.2d 1273, 1276 (10th Cir. 1980) (stating that suppression of evidence was not justified without evidence of government's willful withholding of exculpatory material).

 A non-compliance party should not be permitted to ignore his disclosure obligations throughout the discovery period and then avoid sanctions simply by claiming his deficiencies were not willful. *Poitra v. School District No. 1*, 311 F.R.D. 659, 670 (D. Colo. 2015).

### CONCLUSION

 WHEREFORE, Plaintiff respectfully requests an entry of an order (1) imposing mandatory sanctions pursuant to Fed. R. Civ. P. 37(c)(1) and 26(g) against Defendant and/or his counsel, (2) striking declaration of Surya Yelaswarapu (ECF 267, p. 5), and (3) striking Surya Yelaswarapu as a substantive or merits witness in this action. In the alternative, Defendant must pay Yelaswarapu's deposition costs, including attorney fees.

Dated: March 14, 2023     Respectfully submitted,

             */s/ Xingfei Luo*
             Plaintiff and sole author

### CERTIFICATE OF SERVICE (CM/ECF)

 I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. Parties registered with the CM/ECF system will be notified of such filing through CM/ECF system.

Dated: March 14, 2023       */s/ Xingfei Luo*

Attachment 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

       Plaintiff,

v.

PAUL WANG,

       Defendant.

---

## DEFENDANT'S INITIAL DISCLOSURES

---

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendant Paul Wang submits the following

disclosures, to be supplemented as necessary.

**I.**    **The following individuals are likely to have discoverable information that Defendant may use to support his claims or defenses in this case:**

1.    Xingfei Luo, c/o Clarissa Collier and David Schaller, Wheeler Trigg

O'Donnell LLP, 370 17th Street, Suite 4500, Denver, Colorado 80202,

(303) 244-1800. Ms. Luo is the plaintiff in this action. She is likely to

have information regarding her allegations in the complaint and Mr.

Wang's defenses.

2.    Paul Wang, c/o Katayoun Donnelly, Azizpour Donnelly LLC, 2373

Central Park Blvd., Ste 100, Denver, CO 80238, (720) 675-8584. Mr.

Wang is the defendant in this action.  He is likely to have information

regarding Ms. Luo's allegations in the complaint and his defenses.

3.      Guochang Chen. Mr. Chen's address is currently unknown to

Defendant. Mr. Chen may have discoverable information related to

Plaintiff's allegations regarding him.

4.      Tomas Czodor. Due to the Domestic Relation Restraining Order in place against

Ms. Luo, Defendant is not at liberty to disclose Mr. Czodor's address. Mr.

Czodor may have discoverable information regarding Ms. Luo's claims and Mr.

Wang's defenses.

5.      Morgann Paraskevas. Mr. Paraskevas' address is currently unknown to

Defendant. Mr. Paraskevas may have discoverable information regarding Ms.

Luo's claims and Mr. Wang's defenses.

6.      Edward Weamer, c/o Dawn Ceizler. Law Offices of Dawn Ceizler, 165

Lennon Lane, Ste. 101, Walnut Creek, CA 94598, 925-932-8225. Mr.

Weamer may have discoverable information related to Plaintiff's

allegations regarding the *Weamer* case, and Ms. Luo's claims and Mr.

Wang's defenses.

7.      Dawn Ceizler. Law Offices of Dawn Ceizler, 165 Lennon Lane, Ste.

101, Walnut Creek, CA 94598, 925-932-8225. Ms. Ceizler was Mr.

Edward Weamer's attorney in the *Weamer* case referenced in Plaintiff's

complaint. She may have discoverable information related to Plaintiff's

allegations regarding the *Weamer* case, and Ms. Luo's claims and Mr.

Wang's defenses.

8.      Erin Dunkerly. Collins + Collins LLP, 790 E. Colorado Boulevard, Suite 60 Pasadena, CA 91101. Ms. Dunkerly is defendants' attorney in *O.L. v. City of El Monte, et al.*, Case Number 2:20-CV-00797-RGK-JDE. She may have discoverable information related to Ms. Luo's claims and Mr. Wang's defenses.

9.      Any friend, family member, or other person who knows or is known to the parties and has knowledge of the allegations in the complaint, defenses, or claimed damages.

10.     Any individual or entity disclosed or otherwise identified in discovery by any party.

11.      Any individual necessary to authenticate or lay the foundation for any exhibit offered at trial.

12.      Any individual necessary for rebuttal or impeachment.

13.      Any expert witness or consultant retained by any party.

## II.     Defendant may rely on the following categories of documents to support his claims or defenses:

1.      Documents referenced in and attached to Mr. Wang's motions to dismiss and motion to reconsider the November 10, 2020 order allowing Plaintiff to proceed under pseudonym, and the replies filed in their support.

2.      Plaintiff's online publications and publications related to or referencing her.

3.      Documents related to other lawsuits involving Plaintiff.

4.      Any exhibits, documents, and other tangible things listed by Plaintiff in her disclosures.

5.      Any exhibits to any depositions taken in this action.

By identifying the foregoing documents or categories of documents, Defendant does not

waive any claims of attorney work product or attorney-client privilege pertaining to such

documents, nor does he waive any objections he may have as to relevance or the proper scope

of discovery.  Defendant reserves the right to object to the admissibility of the above

documents or portions thereof and further reserves the right to supplement this list.

### III.    Damages

Defendant seeks attorney fees and costs, jointly and severally, against Plaintiff

and her counsel.

### IV.    Insurance agreement under which an insurance business may be liable to satisfy all or part of possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable.

Consistent with Fed. R. Civ. P. 26(c), Defendant reserves the right to supplement

these disclosures as appropriate.

DATED: this 1st day of December 2021

*s/ Katayoun A. Donnelly/*
Katayoun Donnelly
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO 80238
Telephone: (720) 675-8584
katy@kdonnellylaw.com

*Attorney for Defendant*

4

Attachment 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

     Plaintiff,

v.

PAUL WANG,

     Defendant.

---

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST SET OF WRITTEN DISCOVERY REQUESTS

---

Defendant Paul Wang, by and through his counsel, hereby responds to Plaintiff's First Set of Written Discovery ("Discovery Requests"), as follows:

## GENERAL OBJECTIONS

The following General Objections are applicable to, and hereby incorporated by reference into each of Defendant's responses to the Discovery Requests. Defendant's provision of a response is not intended to waive any of these objections.

1. Defendant objects to each and any Discovery Request that is overly broad, vague, ambiguous, unduly burdensome, or that seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to each Discovery Request that fails to provide a relevant time period on the ground that such failure makes the Discovery Request vague, overly broad, and unduly

burdensome and seeks information that is irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to each and any Discovery Request that seeks legal conclusions.

4. Defendant objects to the Discovery Requests to the extent that they purport to impose obligations on Defendant inconsistent with or additional to those imposed by the Federal Rules of Civil Procedure or the Court's Scheduling Order.

5. Defendant objects to the Discovery Requests to the extent that they purport to demand information not in his possession, custody, or control or require Defendant to undertake efforts to respond to Discovery Requests that are not reasonably calculated to ascertain information responsive to one or more of the specific requests contained in the Discovery Requests, if any.

6. Defendant objects to the Discovery Requests to the extent that they call for information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, joint-defense, common interest, or any other applicable privilege. Defendant thus objects to divulging any such information in response to such Discovery Requests. To the extent that any such information is or may be divulged in response to the Discovery Requests, the divulging of any such information is inadvertent and is not to be deemed a waiver of the privilege in question (or any other applicable privilege) with respect to the divulged information or any other information.

7. Defendant objects to the Discovery Requests to the extent that they purport to demand production of any documents or information containing confidential or proprietary information. To the extent such information is requested and is relevant to the issues raised in this litigation, Defendant will provide such information subject to entry of an appropriate Protective Order by the Court.

8. Defendant reserves the right at any time to revise, correct, add to, supplement, modify, or clarify the responses set forth below or the information contained therein, although Defendant does not hereby undertake to do so except to the extent required by the Federal Rules of Civil Procedure.

## RESPONSES TO INTERROGATORIES

1.      Identify each person who supplied any factual information that is included in your responses to these discovery requests. For each person, please identify the interrogatories and/or requests for production for which that person supplied any information.

**<u>Response:</u>**      Defendant objects to this interrogatory as overly broad, unduly burdensome, and to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this interrogatory because the phrase "factual information" is vague and ambiguous inasmuch as it is undefined and subject to a multitude of meanings.

Subject to and without waiving the foregoing objections, Defendant states that he has provided the responses to discovery requests.

2.      Have you or anyone on your behalf interviewed any individual concerning the allegations made in the Complaint or your defenses thereto? If so, for each individual state: (a) the name, address, and telephone number of the individual interviewed; (b) the date of the interview; and (c) the name, address, and telephone number of the person or entity who conducted the interview.

**<u>Response:</u>**      Defendant objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections, Defendant states that he has not conducted any interviews.

3.      Identify all communications between you or anyone acting on your behalf and any other person or entity relating to the allegations made in the Complaint and your defenses thereto. For each such communication, please: (a) identify to whom the statement was made; (b) state whether the statement was oral or written and, if oral, state whether the statement was recorded; (c) state when and where the statement was made; and (d) provide the name and address of all persons present when the statement was made.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly burdensome, and to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Defendant states:

*See* Declarations of Dawn Ceizler, Erin Dunkerly, and Amanda Papac. In addition, Mr. Wang has communicated with Travelex Insurance Company, Aurora Police Department, Guochang Chen, Ed Weamer, Morgann Paraskevas, Tosha Zeitlin (Dish Network, Human Resource Department), Xin Liang, and Siva Rama Krishna Surya Yelaswarapu Venkata Maruthi.

4.      Identify any blogs, forums, or other websites/online forums on which you have posted and/or commented on regarding the Plaintiff. For each such blog/forum/website, identify the URL link, the last date you accessed the blog/forum/website, and the username/handle under which you made the post and/or comment.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly vague, and burdensome. Further, it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: Mr. Wang responded to Ms. Luo's defamatory statements regarding him posted on https://cheaterland.com/paul-wang-highlands-ranch-co.html, using no username or password.

5.      Other than your legal counsel in this above-captioned action, identify each person you have spoken to regarding the Plaintiff and the allegations made in the Complaint within the past ten years.

**Response:**      Defendant objects to this interrogatory as overly broad, unduly vague, and burdensome. Further, it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: *See* response to Interrogatory No. 3.

6.   Identify all written documents that you authored in full or in part, regarding the Plaintiff.

**Response:** Defendant objects to this interrogatory as overly broad, unduly vague, and burdensome. Further, it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: *See* responses to Interrogatory Nos. 4&5.

7.      Identify any screen names, user names, e-mail addresses and/or aliases you have used and/or continue to use in connection with any communications or other writings you have authored about the Plaintiff.

**Response:** *See* responses to Interrogatory Nos. 4&5.

8.      Do you intend to rely on truth as a defense to Plaintiff's First and Second Claims for Relief in the Complaint? If so, identify all facts, circumstances and documents supporting that defense.

**Response:** Defendant objects to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Defendant states that he intends to rely on all defenses available to him,

including the defense of truth, and will be relying on the information he expects to receive in discovery. *See* Mr. Wang's motions, the replies, and the documents and information cited in support of them.

9.      Do you claim that Plaintiff had actual knowledge of the facts, documents and/or communications giving rise to her First and Second Claims for Relief before September 11, 2019? If so, identify all facts and circumstances supporting that claim.

**Response:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Further, it is vague and ambiguous because the term "communications giving rise to her First and Second Claims for Relief" is undefined. Subject to and without waiving the foregoing objections, Defendant states: *See* Mr. Wang's motions to dismiss and the Rule 11 motion, the replies, and the documents and information cited in support thereof. In addition, Mr. Wang will be relying on the information he expects to receive in discovery.

10.      Other than this lawsuit, identify all lawsuits, litigation, or other legal action involving or relating to the Plaintiff in which you have been involved. In your answer, please: (a) identify the first date you became involved in the lawsuit/litigation/legal action; (b) the last date you had any involvement in the lawsuit/litigation/legal action; (c) describe in detail the scope of your involvement, and/or your role, in the lawsuit/litigation/legal action; (d) the name(s) of any person(s) who requested your involvement; and (e) what information you provided, if any, in the lawsuit/litigation/legal action.

**Response:** Defendant objects to this interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses under Fed. R. Civ. P. 26(b)(1). Subject to and without waiving the foregoing objections, Defendant states: Mr. Wang was on the witness list in the *Weamer*

case (*see* Ms. Luo's complaint). And will be a witness in that case if there is ever a remand. He had been also asked to be a witness in legal disputes involving Ms. Luo and Mr. Paraskevas in 2013. *See* Mr. Wang's Initial Disclosures.

11.     For each Request for Admission ("RFA") set forth below that you have failed to provide any response other than an unqualified admission, please: (a) state each and every fact, premise, or conclusion upon which you base your failure to unqualifiedly admit the RFA; (b) identify each and every document and/or piece of evidence that supports your denial or failure to unqualifiedly admit the RFA, in addition to any document and/or piece of evidence that supports and/or contradicts your answers provided in response to this interrogatory; (c) identify each and every person who has knowledge of or information regarding the facts and/or documents identified in subparts (a) and (b) above, indicating which person has knowledge or information concerning each fact and/or document.

**Response:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and vague, and to the extent it calls for information protected by the attorney-client privilege and/or work-product doctrine. Defendant further objects to this interrogatory because the phrase "supplied any factual information that is included in your responses to these discovery requests" is vague and ambiguous inasmuch as it is undefined and subject to a multitude of meanings.

12.     Have you or anyone acting on your behalf conducted surveillance on Plaintiff? If so, state: (a) the time(s), date(s) and place(s) of the surveillance and (b) the name(s), address(es) and telephone number(s) of the individual(s) who conducted the surveillance.

**Response:** Defendant objects to this interrogatory because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses. Subject to and without waiving the foregoing objections, Defendant states: No.

13.     If your answer to Interrogatory No. 12 is "yes," has a written report been prepared on the surveillance identified in your response to Interrogatory No. 12? If so, for each written report state: (a) the time of the report; (b) the date of the report; (c) the name, address and telephone number of the person who prepared the report; and (d) the name, address and telephone number of each person or entity who has the original or a copy of the report.

**Response:** *See* response to Interrogatory No. 12.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Produce all documents identified, referred to, or relied on to answer any of these Interrogatories.

**Response:** Defendant objects to this request as ambiguous and to the extent it seeks information protected by the attorney-client privilege and/or the work-product and joint defense/common interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced. (*See also* documents referenced in and attached to Mr. Wang's motions and relies. Mr. Wang will supplement his responses when/if he receives additional documents in discovery.)

2.     Produce any and all communications you, or anyone acting on your behalf, have had with Mr. Edward Weamer and/or his counsel Dawn Ceizler.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

3.      Produce any and all communications you, or anyone acting on your behalf, have had with  Mr. Morgann Paraskevas and/or anyone acting on his behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

4.      Produce any and all communications you, or anyone acting on your behalf, have had with Guochang Chen and/or anyone acting on his behalf.

**<u>Response:</u>** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at \*11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

5.      Produce any and all communications you, or anyone acting on your behalf, have had with Tomas Czodor and/or anyone acting on his behalf.

**<u>Response:</u>** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at \*11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

6.      Produce any and all communications you, or anyone acting on your behalf, have had with Erin Dunkerly and/or anyone acting on her behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *See* documents produced.

7.      Produce all non-privileged documents and communications between you or anyone acting on your behalf and any other person or entity relating to the allegations made in the Complaint, this lawsuit, or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

8.      Produce all litigation holds and/or requests to preserve documents that you, or anyone acting on your behalf, have sent to anyone relating to this lawsuit.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

9.      Produce all copies of any photographs, diagrams, films, or video that relate, in any way, to the allegations made in the Complaint and/or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

10.      Produce all journals, diaries, notes, letters, calendars, electronic mail, text messages, and all comments, posting and messages from all social media or business networking websites

(including but not limited to Facebook, Twitter, LinkedIn, Google+, and YouTube) that relate to the allegations made in the Complaint, this lawsuit, and/or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

11.     Produce all written documents and/or online postings that you have authored in full or in part, regarding the Plaintiff.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, s*ee* response to interrogatory Nos. 4&5.

12.      Produce complete copies of all non-privileged investigation files related to the allegations made in the Complaint, this lawsuit, and/or your defenses thereto.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

13.      If your answer to Interrogatory No. 9 is yes, please produce all documents in support of your claim that Plaintiff had actual knowledge of the facts, documents, and/or communications giving rise to her First and Second Claim for Relief before September 11, 2019.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

14.     Produce any and all communications you, or anyone acting on your behalf, have had with Amanda Papac and/or anyone acting on her behalf.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

15.     Produce any and all communications and documents that you have received from, or provided to, any third party that relate in any way to the allegations made in the Complaint, your defenses thereto, or this lawsuit.

**Response:** Defendant objects to this request as ambiguous and to the extent that it seeks information protected by the attorney-client privilege and/or the work-product and joint-defense/common-interest doctrines. Defendant further objects to this request as overly broad, unduly burdensome, not properly limited in scope, and because, under Fed. R. Civ. P. 26(b)(1), it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. *See*, e.g., *Bat v. A.G. Edwards & Sons, Inc.*, 2005 WL 6776838, at *11 (D. Colo. Nov. 18, 2005) (holding request for production seeking "all emails concerning [plaintiff]" impose undue burden, cost, and delay, and are objectionable and an answering party need not produce responsive documents). Subject to and without waiving the foregoing objections, *see* documents produced.

**RESPONSE TO REQUESTS FOR ADMISSION**

1. Admit that you are the author of the written statement that is attached to these Discovery Requests as Exhibit 1.

   **Response:** *See* response to interrogatory No. 4.

2. Admit that you have stated (orally or in writing) to one or more third parties that Plaintiff filed a false police report in relation to the passport that she lost in 2013.

   **Response:** *See* response to interrogatory No. 4.

3. Admit that you disclosed (orally or in writing) Plaintiff's alleged sexual assault by Guochang Chen to one or more third parties.

   **Response:** In his capacity as a witness, Mr. Wang has responded to questions regarding this issue.

4. Admit that Plaintiff did not consent or agree to your disclosure of Plaintiff's alleged sexual assault by Guochang Chen to one or more third parties.

   **Response:** Deny.

5. Admit that you have stated (orally or in writing) to one or more third parties that Plaintiff falsely accused Guochang Chen of sexual assault.

   **Response:** Deny.

6. Admit that, prior to September 11, 2020, you had never been served with a subpoena in any lawsuit, litigation or other legal action involving the Plaintiff.

**Response:** Admit. But Mr. Wang had been approached to be a witness prior to September 2020.

7.  Admit that, prior to September 11, 2020, you had never testified in any lawsuit, litigation or other legal action involving the Plaintiff.

**Response:** Admit. But Mr. Wang had been approached to be a witness prior to September 2020.

## VERIFICATION

Paul Wang has read Defendant's Responses to Plaintiff's First Set of Written Discovery and believes the same to be true as of the date of signing based on information available to him.

By: _____

Date: __2/24/2022__

AS TO OBJECTIONS:

/s/ Katayoun A. Donnelly
Katayoun A. Donnelly (#38439)
Azizpour Donnelly, LLC
2373 Central Park Blvd., Suite 100
Denver, CO  80238
Tel. (720) 675-8584
katy@kdonnellylaw.com


*Attorney for Paul Wang*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2022, I served an electronic copy of the foregoing via email on counsel of record.

*/s/ Katayoun A. Donnelly*
Katayoun A. Donnelly