IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:21 am, Mar 20, 2023
JEFFREY P. COLWELL, CLERK

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
TO SEEK LEAVE TO RESPOND TO NEW MATERIAL RAISED IN DOC 266**

Plaintiff respectfully submits this Response in opposition to Defendant's Motion to seek leave to file sur-surply. ECF 267.

**I.   DEFENDANT WAIVED HIS ARGUMENT DUE TO HIS FAILURE TO RESPOND**

Plaintiff filed her original complaint on September 11, 2020. ECF 1. On December 3, 2021 Defendant filed his first Rule 11 motion. ECF 132. The court denied the motion on June 13, 2022. ECF 165.

During the status conference on August 24, 2022 the magistrate judge determined that the birthdate of Defendant's daughter provided circumstantial evidence as to the date of publication. ECF 186.

Defendant's First Rule 11 Motion was substantially duplicative of the Second Rule 11 motion, filed on November 2, 2022, with Defendant arguing that because of legal deficiencies with Plaintiff's claims, both Plaintiff and her counsel should be required to pay Defendant's fees as a sanction. ECF 226.

On November 25, 2022 Plaintiff filed her motion for Rule 11 sanctions. ECF 241.

On December 14, 2022 Plaintiff filed her response opposing Defendant's second motion for Rule 11 sanctions. ECF 256. In her response, Plaintiff argued that the birthdate of Defendant's daughter provided circumstantial evidence as to the date of publication. ECF 256, p. 10.

On January 9, 2023 Defendant filed his response to Plaintiff's motion for rule 11 sanctions. ECF 262. In his response, Defendant stated that Plaintiff's arguments in her Motion for Rule 11 Sanctions (Doc. 241) are nearly identical to those in her response (Doc. 256) to Defendant's Second Rule 11 motion. Therefore, Defendant elected to include any response to Plaintiff's motion for Rule 11 sanctions in the reply he would be filing in support of his Second Rule 11 motion. ECF 262.

On February 1, 2023 Defendant filed his combined brief (response to Plaintiff's motion for Rule 11 sanction and reply in support of Defendant's second motion for Rule 11 sanctions). ECF 265. In his combined brief, Defendant did not respond to Plaintiff's argument raised regarding his daughter's birthdate. ECF 256, p. 10.

Two and a half months after Plaintiff's argument was raised, ECF 256, p. 10, Defendant filed a motion for leave to respond to the new material raised in Plaintiff's latest filing. ECF 267.

Leave to file a sur-reply is generally granted only in rare circumstances, for instance when the movant has improperly raised new arguments in the reply brief. See *Jackson v. U.S. Postal Service*, 162 F. Supp. 2d 1246, 1249 (D. Kan. 2001) (Lungstrum, J.). Defendant's so-called new assertion, mentioning of Defendant's daughter, was fleeting, comprising just only one sentence in a six-page reply. ECF 266 at 1-2. Plaintiff did not improperly raised new argument and therefore Defendant's motion for leave should be denied.

Defendant did not seek leave to respond to new material raised for the first time in Plaintiff's latest filing (ECF 266, p. 1-2) because the birthdate of Defendant's daughter was raised during the status conference on August 24, 2022 (ECF 186) and in Plaintiff's response to Defendant's second Rule 11 sanction motion (ECF 256, p. 10). Obviously the alleged new material was not raised for the first time and Defendant's motion should be denied. See *Green v. New Mexico*, 420 F.3d 1189, 1196-97 (10th Cir. 2005) (where the materials are not new or a court disregards any materials that are, that court need not permit a surreply.)

In fact, Defendant sought leave to file a sur-reply because he failed to respond to Plaintiff's argument raised in ECF 256, p. 10. Defendant did not address his daughter's birthday in his combined brief and has therefore waived argument.

## II. MR. SURYA YELASWARAPU SHOULD BE EXCLUDED AS A WITNESS AND HIS DECLARATION SHOULD BE STRICKEN

See ECF 268.

Even if the court inclines to consider the Declaration of Mr. Surya Yelaswarapu, Yelaswarapu's affidavit merely supports the fact that when he informed Defendant of the cheaterland posting. It has no bearing, however, on when Defendant in fact did publish his defamatory statement. Defendant could make his comments after his daughter was born as he stated in his publication.

## III. DEFENDANT POSTED THE DEFAMATORY STATEMENT AFTER HIS DAUGHTER WAS BORN

Defendant made his defamatory comments after his daughter was born as he stated in his publication that he had a young daughter. This inference is consistent with the reason why Defendant initially claimed his daughter was born in September 2019 in order to make Plaintiff's claim out of the one year statute of limitation. ECF 186. The fact that the live birth of Defendant's daughter prompted him to publish his comments is also consistent with his statement that he didn't want his daughter to find that page because Defendant had no such concern while his IVF baby was unborn. Specifically, there was no guarantee that IVF could result in a live birth. For women ages 35-37, the IVF success rate is 38.3% for live births using the patient's own eggs for a singleton (one child) birth. At ages 38-40, the percentage drops to 25.1%, and for 41-42, it is 12.7%. https://www.today.com/parents/pregnancy/ivf-success-rate-rcna38775  At aged 30, one in five pregnancies ends in miscarriage. At aged 42, it's one in two. Older mothers also have a higher risk of stillbirth.

Defendant's wife – Deidra Nguyen – was born on August 8, 1979. When Defendant's wife,

graduated from University of Colorado, was pregnant with their IVF daughter in 2019, she was around age 40, therefore they had an IVF success rate of 25.1% for live birth. With such low live birth rate, Defendant had no reason to worry his might-not-be-born-live child would find out the cheaterland page. As Defendant got married in 2015 and had his first child in 2019, the four years apart indicate the low success rate of IVF.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court strike Declaration of Mr. Surya Yelaswarapu and deny Defendant's Motion to seek leave to respond to new material which is in fact not new at all.

Dated: 3/19/2023.

Respectfully submitted,

*/s/ Xingfei Luo*
Plaintiff in Pro Se and Sole Author

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I filed the forgoing with the clerk of the court, ECF/CM system will serve the forgoing to all registered users.


Dated: 3/19/2023


                                            */s/ Xingfei Luo*
                                            Plaintiff in Pro Se