IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff(s),

v.

PAUL WANG,

    Defendant(s).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:23 am, Mar 20, 2023
JEFFREY P. COLWELL, CLERK

### PLAINTIFF'S OBJECTIONS TO DECLARATION OF PAUL WANG

Plaintiff respectfully submits the following Evidentiary Objections to the Declaration of Paul Wang offered in support of Defendant's motion to seek leave to respond to the new material. ECF 267, p. 7.

| Objectionable Portion | Grounds for Objection | Ruling |
|---|---|---|
| "… which appears to be a 'doxing page' authored in September 2018 by an ex-girlfriend, Xingfei Luo, as it contains a photo that Xingfei Luo has taken of me during her stay in 2013, with the word 'Cheater' plastered across my face." | Argumentative; Speculation as to a photo that Xingfei Luo has taken of Defendant during her stay in 2013; Speculation and Improper Lay Opinion Testimony/Calls for Expert Testimony – as Defendant lacks any personal knowledge, expert, technical or specialized knowledge as to who authored the webpage and there is no rationale that Plaintiff authored anything about Defendant | ___ Sustained<br>___ Overruled |

1

| | | |
|---|---|---|
| | in 2018 while she ended her relationship with Defendant in 2013; Contradiction of Evidence –as to the term "doxing" because doxing means revealing and publicizing the records of an individual, which were previously private or difficult to obtain but Defendant's birthdate, birth place, addresses, cell phone number, relatives, past and current relationships, previous and current employers, job title, resume and education have been publicly available and accessible. | |
| "It contains my birth month and year, birth place, my two addresses, a private cell number, my previous employer, my job title information, as well as defamatory statements about me." | Argumentative; Contradiction of Evidence – as to the term "a private cell number" because Defendant's phone number has been publicly available and accessible; Contradiction of Evidence –as to the term "defamatory statements" because Defendant never alleged that the cheater statement was false, he was not a cheater or he never cheated.[1] Further, whether Defendant is a | ___ Sustained<br>___ Overruled |

---

[1] Defendant is in fact a cheater. Defendant initially alleged that his daughter was born in September 2019. ECF 186. Compare his own admission that he was fully refunded by the insurance company and his assertion that Plaintiff was the only person who could have cashed the check despite the check was mailed to Defendant's residence and Plaintiff, as a visitor without bank account and access to Defendant's mail, was impossible to cash the check. ECF 266 p. 9; ECF 265, p. 9. It has turned out the person who received financial gain was Defendant because he was fully refunded and used lesser amount of money to repurchase Plaintiff's ticket back to China from California.

| | | |
|---|---|---|
| | cheater is pure opinion protected by First Amendment. [2] | |
| "This defamation page had done a lot of professional damage to my reputation." | Argumentative; Vague; Speculation; Contradiction of Evidence –as to the term "defamation" because Defendant never alleged that the cheater statement was false, he was not a cheater or he never cheated and in fact Defendant is a cheater. See footnote 1. | ___ Sustained<br><br>___ Overruled |
| "… on or about August 9th, 2019, I replied to this post by adding a comment, telling my side of the story." | Argumentative; Contradiction of Evidence – as to the date of publication because Defendant's statement indicates he posted his comment after her daughter was born while he had a young daughter. | |
| "I did not want to divulge to the internet, including to Luo about when my daughter, being an IVF baby, would be born, …" | Argumentative; Contradiction of Evidence – as to the term "when my daughter … would be born" because indication of an unborn daughter would not divulge when the unborn would be born. | ___ Sustained<br><br>___ Overruled |

Dated: 3/19/2023                                          /s/XINGFEI LUO (Sole Author)

---

[2] While false statements of fact and opinions that reasonably imply undisclosed defamatory facts as their premise are actionable, pure opinion is not. *Gertz v. Robert Welch, Inc*., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). See *Burns v. McGraw Hill Broadcasting, Inc*., 659 P.2d 1351 (Colo. 1983). Because pure opinion by its nature cannot be proven false and, therefore, cannot be defamatory, it is equally protected regardless of whether the addressee is public or private or whether the issue is of public or only private concern. *Ollman v. Evans*, 750 F.2d 970 (D.C. Cir. 1984), cert. denied, 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d 278 (1985); see B. Sanford, Libel and Privacy § 5.4.2.1 (fn. 44) (1987 Supp.). The question of whether allegedly defamatory language is constitutionally protected opinion is a matter of law. *Bucher v. Roberts*, 198 Colo. 1, 595 P.2d 239 (1979).

## CERTIFICATE OF SERVICE (CM/ECF)

      I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. The CM/ECF system will send notification of such filing to all ECF registered users.

Dated: 3/19/2023

                                                      */s/ Xingfei Luo*