**FILED**
**United States Court of Appeals**
**Tenth Circuit**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 3, 2023**

Christopher M. Wolpert
**Clerk of Court**

_____

| | |
|---|---|
| XINGFEI LUO, | |
| Plaintiff - Appellant, | |
| v. | No. 22-1200 |
| PAUL WANG, | |
| Defendant - Appellee. | |
| ------------------------------ | |
| THE COLORADO FREEDOM OF INFORMATION COALITION; THE COLORADO PRESS ASSOCIATION; EUGENE VOLOKH, | |
| Amici Curiae. | |

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:20-CV-02765-RMR-MEH)**

_____

Submitted on the briefs:[*]

Xingfei Luo, pro se.

Katayoun A. Donnelly, Azizpour Donnelly LLC, Denver, Colorado, for Defendant-Appellee.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

_____

Before **HOLMES**, Chief Judge, **HARTZ** and **ROSSMAN**, Circuit Judges.

_____

**ROSSMAN**, Circuit Judge.

_____

Xingfei Luo appeals pro se[1] from the district court's order granting Paul Wang's motion to reconsider the court's order allowing Ms. Luo to proceed in this case using a pseudonym. Exercising jurisdiction under 28 U.S.C. § 1291,[2] we affirm.

## I.   BACKGROUND

### A.   Protective Order and Service of Complaint

Ms. Luo filed this federal action pro se against Mr. Wang on September 11, 2020, using the pseudonym Jane Doe. Before serving Mr. Wang with the complaint, Ms. Luo moved on November 4 asking to proceed under that pseudonym. As we explain, Ms. Luo stated she had been the victim of a sexual assault, and she sought "to protect her privacy and prevent further harm from the stigma that can attach to

_____

[1] Based on the legal sophistication of Ms. Luo's filings in this appeal, the court ordered her to disclose any participation of an attorney in drafting them. *See Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001). Ms. Luo declared under penalty of perjury that no attorney participated in drafting her filings. Because she is proceeding pro se on appeal, we liberally construe her filings, but we do not act as her advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] Ms. Luo filed this appeal before the district court issued a final order in the underlying case. *See Doe v. Coll. of N.J.*, 997 F.3d 489, 494 (3d Cir. 2021) ("[O]rders denying motions to proceed anonymously are immediately appealable under the collateral order doctrine."). While this appeal has been pending, the district court entered a final order.

victims of sexual assault." R., Vol. 1 at 37. The magistrate judge entered a

protective order (PO) on November 10:

> The Court orders that PAUL WANG ("Defendant") and his
> attorneys, and any persons in active concert or participation with
> Defendant, may not publicly reveal the identity of Plaintiff in connection
> with the above captioned action, including to any member of the media.

> The Court further orders the following documents and information to
> be filed under seal in accordance with FRCP 5.2 and D.C. Colo. LCivR 7.2:

> 1) All documents and information containing Plaintiff's personally
> identifiable information, including but not limited to true name, date of
> birth, social security number, driver's license's number, webpage, blogs,
> social media, home/email address etc.

> 2) All documents and information that reveal Plaintiff's financial
> and medical information.

*Id.* at 43. The PO did not advise Mr. Wang of the 14-day deadline to object under

Federal Rule of Civil Procedure 72(a).

Ms. Luo did not serve Mr. Wang with the complaint until January 25, 2021.

After initially proceeding pro se, Mr. Wang retained counsel in March. The

magistrate judge appointed pro bono counsel for Ms. Luo, who entered an appearance

in April.

## B.     Third Amended Complaint

After amending her complaint several times, Ms. Luo's operative complaint

was her Third Amended Complaint (TAC), which she filed in late July 2021.

Ms. Luo alleged she and Mr. Wang had attended school together in China in the early

1990s, after which Mr. Wang left China to study in the United States. Ms. Luo and

Mr. Wang reconnected in China in late 2012, where they began a romantic

relationship.  Ms. Luo alleged that a mutual classmate, Mr. Chen, sexually assaulted her in China in May 2013.  She alleged she disclosed the sexual assault by Mr. Chen to Mr. Wang.

In July 2013, Ms. Luo traveled to the United States at Mr. Wang's invitation and lived with him in Colorado for several months.  Mr. Wang had purchased an airline ticket for Ms. Luo to return to China.  She alleged she did not take that flight because she lost her passport.  She reported her passport as lost or stolen to local police, but she found her passport shortly thereafter.  When her relationship with Mr. Wang ended in October 2013, Ms. Luo moved from Colorado to California.

Ms. Luo alleged that seven years later she learned that Mr. Wang was making false and defamatory statements about her.  According to Ms. Luo, she learned of Mr. Wang's statements through a separate lawsuit she had filed anonymously in California state court.  Ms. Luo alleged Mr. Wang had made false statements, both online and in connection with her California lawsuit, that she (1) filed a false police report regarding her lost passport and obtained a refund from a travel insurance company for a portion of the airline ticket price, and (2) falsely accused Mr. Chen of sexual assault.  Ms. Luo asserted several claims against Mr. Wang, namely, defamation, intentional infliction of emotional distress/outrageous conduct, and unreasonable disclosure of private facts about her sexual assault by Mr. Chen.  She originally requested damages and injunctive relief, but her TAC sought only damages.

4

### C.    Motion to Reconsider PO

### 1.    Timing of Motion

In April 2021, soon after she entered an appearance, Mr. Wang's counsel raised at a status conference "the issue of the Jane Doe status that has been granted here without the discussion of the realities of what Ms. Doe has been doing in various litigations."  Suppl. R., Vol. 3 at 21.  Mr. Wang's counsel asked the magistrate judge for "scheduling deadlines" to address that issue.  *Id.*  The magistrate judge responded, "I'm not putting any limits on you.  So you can file that at any time, because it's ripe right now, right?"  *Id.*  Counsel responded, "Okay, Your Honor."  *Id.*

In late August 2021, Mr. Wang moved to reconsider the PO.  He contended he had not been served with the complaint when Ms. Luo moved to proceed under a pseudonym or when the magistrate judge entered the PO.  Therefore, he had no opportunity at that time to provide information relevant to the court's determination whether Ms. Luo's interest in privacy outweighs the public's interest in access to open court proceedings.

### 2.    Mr. Wang's Evidence and Arguments

In his motion, Mr. Wang argued Ms. Luo had not met her burden to overcome the public's presumptive right to know her identity in this action.  His motion included almost 400 pages of exhibits about (1) other litigation Ms. Luo had filed using a pseudonym (collectively, Ms. Luo's "Jane Doe cases") and (2) a California domestic-relations restraining order against Ms. Luo and her related criminal conviction.

5

Mr. Wang pointed to a Jane Doe case Ms. Luo identified in her complaints filed in this action, where she had sued a man for sexual battery and other claims. In other Jane Doe cases, Ms. Luo sued several municipalities and a state for allegedly failing to prosecute two men for separate alleged sexual assaults against her. Mr. Wang, through declarations offered by defense counsel, submitted evidence of Ms. Luo's litigious behavior and discovery abuses in two of her other Jane Doe cases, including her refusal to identify in discovery the other lawsuits she had filed. In another Jane Doe case, Ms. Luo had persuaded the trial court to allow her to proceed using only her initials, in part, by representing in her motion that the case had gained media attention.  In a deposition, Ms. Luo later testified to two additional facts she did not disclose in her motion:  (1) the initials she proposed to use did not pertain to her real name but to one or more of her aliases; and (2) the news outlets she claimed had taken an interest had learned of the case from Ms. Luo.

Mr. Wang also submitted evidence that Ms. Luo was subject to a domestic-relations restraining order filed in her real name in state court in Orange County, California.  In a decision affirming that order, the court described the underlying dispute:

> Plaintiff and [Ms. Luo] had a very short relationship, a matter of weeks, after they met on a dating Web site.  When plaintiff sent a message to [Ms. Luo] through the dating Web site to stop contacting him, [Ms. Luo] called plaintiff numerous times using several different phone numbers, which plaintiff had to block.  [Ms. Luo] also created fake Facebook, Instagram, and Yelp accounts with plaintiff's name showing naked pictures of him.  She sent those pictures to plaintiff's various friends and business acquaintances.

*Czodor v. Xingfei Luo*, No. G056955, 2019 WL 4071771, at *1 (Cal. Ct. App. Aug.

29, 2019) (unpublished).  The appellate court observed the trial court's findings that

the plaintiff and his evidence were "credible," while Ms. Luo had been "evasive

regarding posting pictures of plaintiff online."  *Id.* (internal quotation marks omitted).

Mr. Wang also offered evidence that Ms. Luo was subsequently convicted by a

California state-court jury in July 2021 of violating the above protective order,

vandalism, and disorderly conduct by disseminating private photographs.

Mr. Wang further alleged Ms. Luo had posted private and defamatory

information about him on the internet.

Mr. Wang contended the facts weighed against Ms. Luo proceeding

anonymously in this case given the strong public interest in access to open court

proceedings.  He maintained Ms. Luo had not accused him of sexually assaulting her,

and he argued the concerns she alleged in her motion for a protective order were

purely speculative and outweighed by her own conduct.  According to Mr. Wang, he

and other defendants in Ms. Luo's Jane Doe cases were prejudiced by decisions

allowing her to proceed under pseudonym, thereby restricting access to relevant

information about Ms. Luo.  He further contended Ms. Luo's Jane Doe status in her

various cases has circumvented the courts' ability to determine whether she is a

vexatious litigant.  Ms. Luo should not be permitted to proceed anonymously,

Mr. Wang said, because the injury she alleged in this case had already occurred.

Finally, he insisted he should not be forced to defend himself publicly while Ms. Luo

made accusations against him anonymously.

**D.     Magistrate Judge's Order Granting Reconsideration of the PO**

The magistrate judge granted Mr. Wang's motion to reconsider the PO

(MJ Order).  He first rejected Ms. Luo's contention that Mr. Wang's motion to

reconsider was untimely, citing Federal Rule of Civil Procedure 54(b), which

provides that "any order . . . that adjudicates fewer than all the claims or the rights

and liabilities of fewer than all the parties . . . may be revised at any time before the

entry of a judgment."  Analogizing to post-judgment motions filed under Federal

Rule of Civil Procedure 60(b), the magistrate judge reasoned "a motion should be

brought within a reasonable time, which is determined by balancing the interests of

finality with the reasons for any delay in bringing the motion."  Suppl. R., Vol. 3

at 87 (internal quotation marks omitted).  He concluded the delay was sufficiently

explained by Mr. Wang's assertion he was conducting due diligence to identify all

necessary information to seek the requested relief.

Next, again analogizing to motions filed under Rule 60(b), the magistrate

judge found grounds for reconsideration of the PO, specifically, new evidence

previously unavailable and a need to correct clear error or prevent manifest injustice.

Mr. Wang's evidence was new, the magistrate judge reasoned, because Mr. Wang

had not yet been served when the court entered the PO and Ms. Luo had divulged

none of the information Mr. Wang presented in his motion when she sought a

protective order.  Even if the evidence were not new, the magistrate judge concluded

reconsideration was warranted to prevent manifest injustice or correct clear error.

The magistrate judge cited the "exceptional circumstances" this court has recognized as "warranting some form of anonymity in judicial proceedings," namely, "cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotation marks omitted).  Considering these examples, he concluded Ms. Luo has a privacy interest because the facts alleged in her TAC concern a sexual assault by a third party and thus are of a highly sensitive and personal nature.  But the magistrate judge decided "the injury litigated against"— Ms. Luo's pursuit of damages based on Mr. Wang's alleged defamation and disclosure of her private information—"would [not] be incurred as a result of the disclosure of [her] identity" in this case.  Suppl. R., Vol. 3 at 92 (internal quotation marks omitted) (addressing one of the "exceptional circumstances" this court has cited).

The magistrate judge recognized he must consider the specific circumstances of this case and weigh Ms. Luo's asserted privacy interest against the public's right of access to these proceedings.  In doing so, the magistrate judge took judicial notice of Ms. Luo's other lawsuits, "several of which involve circumstances similar to this case."  *Id.*  He found that Mr. Wang's claim Ms. Luo is a vexatious litigant "goes directly to [her] credibility."  *Id.*  The magistrate judge concluded Mr. Wang "should not be hampered in pursuing that defense."  *Id.*  He also considered the public's interest in knowing the facts and the parties involved in this litigation, finding that

9

the public should not "be prevented from reaching its own conclusions in this case."
*Id.* He further concluded "that will not occur, and [Mr. Wang] will be substantially
prejudiced, if he were forced to defend himself publicly" while Ms. Luo "is permitted
to hurl her accusations from behind a cloak of anonymity." *Id.* (brackets and internal
quotation marks omitted).

The magistrate judge acknowledged Ms. Luo's contention that disclosing her
identity in this litigation could subject her to "re-victimization," *id.*, but concluded
"this is far from the typical case. While [Ms. Luo] may be a victim of sexual assault,
[Mr. Wang] alleges that he too is a victim of [Ms. Luo's] dissemination of sensitive
material," although Ms. Luo denies doing so. *Id.* at 92-93. Because Ms. Luo had not
accused Mr. Wang of sexual assault, the magistrate judge also concluded that "the
need to divulge any details about the assault will be minimal, if not nonexistent." *Id.*
at 93. He ultimately found that "[t]he prejudice to [Mr. Wang] and the nature of the
parties' claims and defenses[] weigh against whatever threat of re-victimization may
occur in this particular case." *Id.*

In sum, the magistrate judge "considered the totality of the circumstances" in
this "unusual case," and concluded that "the balance of all facts before the Court
weighs in favor of disallowing [Ms. Luo] from continuing to proceed under 'Jane
Doe.'" *Id.* The magistrate judge therefore granted Mr. Wang's motion and directed
the clerk of the court to change the case caption to reflect Ms. Luo's legal name.
Because of existing court orders allowing Ms. Luo to proceed anonymously in her

other Jane Doe litigation, the magistrate judge placed under Level 1 restriction the

MJ Order and related briefing.[3]  Ms. Luo filed timely objections to the MJ Order.

## E.   Public Access to Redacted Filings

Shortly after the MJ Order entered, Eugene Volokh, a professor at UCLA

School of Law, moved to intervene in the district court "for the limited purpose of

unrestricting access to" the MJ Order.  R., Vol. 1 at 64.[4]  He later also moved to

unrestrict access to the parties' briefing regarding Mr. Wang's motion to reconsider,

and he objected to restricting Ms. Luo's objections to the MJ Order.

Ms. Luo did not object to Prof. Volokh's intervention for the limited purpose

of challenging the restriction of access to documents.  But she opposed unrestricting

the MJ Order, related briefing, and her objections because they disclosed her

connection to other cases in which courts had allowed her to proceed under a

pseudonym and because of the sensitive nature of the facts in this case involving

sexual assault.  She alternatively sought permission to redact information identifying

her Jane Doe cases in the documents to which Prof. Volokh sought access.

Relying on Ms. Luo's non-opposition, the magistrate judge granted

Prof. Volokh's motion to intervene "solely to challenge the restriction of

---

[3] Under the district court's local rules, Level 1 restriction limits access to a
document to the parties and the court.  D.C.COLO.LCivR 7.2(b).

[4] In an amici brief Prof. Volokh has submitted to this court, he states that he
"writes often about libel and pseudonymity cases" and "is interested in the sound
development of the law of pseudonymous litigation."  *Br. of Amici Curiae of Colo.
Freedom of Info. Coal., Colo. Press Ass'n, & Eugene Volokh in Support of
Appellee* 1 (Feb. 28, 2023).

documents." *Id.* at 112.  The magistrate judge concluded the public interest favored

unrestricting access to the MJ Order, related briefing, and Ms. Luo's objections, but

he allowed Ms. Luo to propose redactions to prevent the disclosure of identifying

information regarding her Jane Doe cases.  Documents including Ms. Luo's requested

redactions were then docketed without restriction.

## F.    District Court's Order Affirming MJ Order

The district court overruled Ms. Luo's objections and entered an order

affirming the MJ Order (Affirm Order).  The court first held the magistrate judge did

not err in concluding Mr. Wang's motion was not untimely.  It discerned no clear

factual error or legal error in the magistrate judge's reasons for finding that any delay

in filing the motion was justified.

The district court also affirmed the magistrate judge's conclusion that, on

balance, the facts weighed against permitting Ms. Luo to proceed under a

pseudonym.  The court observed Ms. Luo never denied the information in the

declarations from the defense counsel in her Jane Doe cases.  According to the

district court, (1) Ms. Luo had contacted the media herself about one of her Jane Doe

cases, and (2) she had posted online about the subject matter of this litigation.[5]

While acknowledging that Ms. Luo's online posting did not reveal her name, the

---

[5] Regarding Ms. Luo's online posting, the district court cited a filing by
Mr. Wang in support of a motion for sanctions.  In that motion, Mr. Wang presented
evidence of (1) a blog post from 2013 that he said contained the statements Ms. Luo
claims are defamatory in this case, and (2) Ms. Luo's admission that she is the author
of that blog post.

court weighed against her that, while claiming she needed anonymity, Ms. Luo had tried to call attention to the topic on the internet.

Finally, the court addressed Ms. Luo's concern that the Level 1 restriction was insufficient to avoid running afoul of protective orders entered in other cases. Ms. Lou could move to restrict other documents, the district court concluded, if she believes they inappropriately reveal her identity in her Jane Doe cases.[6]

This background brings us to the matter before this court. Ms. Luo has appealed the Affirm Order. She has also filed motions seeking (1) to proceed on appeal without prepayment of fees and costs, (2) the appointment of counsel on appeal, and (3) to redact and seal certain filings in this appeal (Redact/Seal Motions). Prof. Volokh, the Colorado Freedom of Information Coalition, and the Colorado Press Association (Amici Parties) have moved to file an amici brief supporting Mr. Wang (Amici Brief). As we explain, we affirm the district court's Affirm Order and grant, in part, Ms. Luo's Redact/Seal Motions. We also grant Ms. Luo's motion to proceed on appeal without prepayment of fees and costs, but we deny as moot her motion to appoint counsel. We grant the Amici Parties' motion to file the Amici Brief.

---

[6] Ms. Luo did not object to Prof. Volokh's later motion to unrestrict access to a redacted version of the district court's Affirm Order.

## II.    DISCUSSION

### A.    Applicable Law and Standards of Review

"Lawsuits are public events" and "there is no legal right in parties . . . to be allowed anonymity." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (internal quotation marks omitted).  "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer*, 227 F.3d at 1246.  There is no court rule or statute permitting pseudonymous pleading.  *See id.*  Rather, Federal Rule of Civil Procedure 10(a) requires the names of all parties to appear in the caption of a complaint, and the title of all other pleadings must name the first party on each side.

But "[f]ederal courts traditionally have recognized that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for a party or witness anonymity." *Zavaras*, 139 F.3d at 803 (internal quotation marks omitted).  "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real dangers of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* (internal quotation marks omitted).  And "the need for party anonymity [must] outweigh[] the presumption of openness." *Id.* (internal quotation marks omitted).  "Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer*, 227 F.3d at 1246 (internal quotation marks omitted).

14

This court reviews a district court's order denying leave to proceed under a pseudonym for an abuse of discretion. *See Zavaras*, 139 F.3d at 803-04. Such a decision must be based upon "informed discretion, after taking all relevant factors into consideration." *Id.* at 803 (internal quotation marks omitted). "Failure to take relevant factors into account or acting on the basis of legal or factual misapprehensions respecting those factors makes an exercise of discretion not 'informed', hence potentially an abuse of discretion." *Id.* (internal quotation marks omitted).

We also review a district court's decision to reconsider an interlocutory order for an abuse of discretion. *See Elephant Butte Irr. Dist. of N.M. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge." (internal quotation marks omitted)). The court's discretion to do so derives from Federal Rule of Civil Procedure 54(b), which provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment." Thus, Rule 54(b) "expressly allows for revision of an interlocutory order before entry of final judgment." *Elephant Butte Irr. Dist.*, 538 F.3d at 1306.

When a district court has exercised its discretion, "we will reverse only upon a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Fresquez v. BNSF Ry. Co.*, 52 F.4th 1280, 1311 (10th Cir. 2022) (internal quotation marks omitted). We will also find an abuse of discretion when the district court "commits a legal

error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling." *Cruz v. Farmers Ins. Exch.*, 42 F.4th 1205, 1210 (10th Cir. 2022) (internal quotation marks omitted).

**B.    Scope of Appeal - Firm Waiver Rule**

Ms. Luo asserts many contentions of error, but we consider only those she raised in her objections to the MJ Order.  *See Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782-83 (10th Cir. 2021) (holding firm waiver rule applies to a magistrate judge's non-dispositive ruling); *Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996) (holding that specific appellate arguments not raised in objections to a magistrate judge's order are waived).  We conclude that the interests of justice do not support an exception to our firm waiver rule in this case.  *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (discussing the factors relevant to determining whether to apply the interests of justice exception).[7]

**C.    Timeliness of Mr. Wang's Motion to Reconsider the PO**

Ms. Luo argued in the district court that Mr. Wang's motion to reconsider the PO was untimely.  In addressing that contention, the magistrate judge analogized to the reasonable-time requirement for filing a post-judgment motion under Rule 60(b).  *See* Rule 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable

---

[7] The district court correctly predicted that we would not apply the firm waiver rule to Mr. Wang's contentions on appeal, despite his failure to object within fourteen days of service of the PO, because Mr. Wang initially proceeded pro se in the district court and the PO did not inform him "of the time period for objecting and the consequences of failing to object."  *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005).

time . . . .").  But we have held that post-judgment-motion deadlines do not apply to interlocutory orders until after entry of a final judgment.  *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) (holding the timeline for moving to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) does not begin with respect to an interlocutory order until entry of final judgment).  Thus, Rule 60(c)'s reasonable-time requirement does not apply to a motion seeking reconsideration of a district court's interlocutory order before the entry of a final judgment.  Rather, a district court may revise an interlocutory order "at any time before the entry of a judgment." Fed. R. Civ. P. 54(b).

This is not to say that a district court cannot consider the timing of a motion in its discretionary analysis whether to reconsider an interlocutory order.  Here the magistrate judge concluded that any delay by Mr. Wang in filing his motion was sufficiently explained by his assertion he was conducting due diligence to identify all necessary information to seek the requested relief.  The district court found no error in the magistrate judge's reasoning.

Ms. Luo continues to argue Mr. Wang's motion was untimely.  She contends the majority of the evidence he submitted was available to Mr. Wang by March 2021.  And she notes that his counsel stated on the record in April 2021 he would challenge her Jane Doe status in this case based on her other anonymous litigation.  Because he did not move to reconsider the PO until August 2021, Ms. Luo asserts the district court's failure to find dilatory conduct was arbitrary and manifestly unreasonable.

17

Ms. Luo fails to show the district court abused its discretion in concluding

Mr. Wang's motion to reconsider the PO was not untimely.  In particular, she does

not demonstrate the court's diligence finding is clearly erroneous.  *See Cruz*, 42 F.4th

at 1210 (holding district court abuses its discretion by relying on clearly erroneous

factual findings).  Although Mr. Wang raised the issue of challenging Ms. Luo's Jane

Doe status in April 2021, she does not show there was no work required to acquire

and present the evidence supporting his motion.  At the April hearing, Mr. Wang

sought the magistrate judge's consent to communicate with counsel in Ms. Luo's

other cases, *see* Suppl. R., Vol. 3 at 19, and he ultimately filed declarations from two

of those attorneys.  When Mr. Wang's counsel asked for a deadline to present the

issue, the magistrate judge responded, "I'm not putting any limits on you . . . [Y]ou

can file that at any time."  *Id.* at 21.  Ms. Luo points to the district court's statement

that the issue was "ripe" at that time, *id.*, but at least some of the evidence Mr. Wang

submitted with his motion did not yet exist.  *See id.* at 18-19 (indicating a trial date

had not been set in Ms. Luo's criminal prosecution).  Ms. Luo fails to demonstrate

the district court abused its discretion in rejecting her contention that Mr. Wang's

motion was untimely.[8]

---

[8] In opposing Mr. Wang's motion to reconsider the PO, Ms. Luo also contended Mr. Wang's failure to object to the PO within fourteen days of service, as required by Rule 72(a), precluded him from later moving to reconsider the PO.  The magistrate judge rejected that contention because Ms. Luo failed to cite any authority for it and because the PO did not warn Mr. Wang of the deadline and the consequences for failing to object.  Although Ms. Luo repeated this argument in her objections to the PO, we do not construe her opening appeal brief as raising this issue.

### D.      Grounds for Reconsideration

The magistrate judge, relying on *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), agreed to reconsider the PO because Mr. Wang had presented new evidence, and in any event, there was a need to correct clear error or prevent manifest injustice.  But we have distinguished the *Servants of the Paraclete* principles, which apply to "a motion for reconsideration after a final judgment," from a district court's discretionary reconsideration of an interlocutory order.  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252 (10th Cir. 2011).[9]  Thus, the district court did not have to apply the *Servants of the Paraclete* principles to its reconsideration of the PO.  And to the extent Ms. Luo contends the district court erred because Mr. Wang failed to satisfy the *Servants of the Paraclete* factors, we consider only whether the court abused its discretion in weighing the facts and applying the law.

### E.      District Court's Fact-Balancing Analysis

The magistrate judge concluded that the totality of the circumstances supported disallowing Ms. Luo from continuing to proceed under a pseudonym.  He found she has a privacy interest in facts related to sexual assault, which is a matter of a highly sensitive and personal nature.  The magistrate judge also considered her contentions regarding re-victimization.  But he ultimately concluded Ms. Luo's

---

[9] In a similar vein, we also have rejected the proposition that a district court's interlocutory ruling "represents the law of the case, which should not be disturbed except in very narrow circumstances."  *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007) (affirming a district court's decision to overturn an interlocutory order entered 18 months earlier, *see id.* at 1225).

privacy interest does not outweigh the public's interest in knowing the facts and the parties involved in this case.

The magistrate judge pointed to Ms. Luo's other Jane Doe cases involving similar circumstances; Mr. Wang's contention she is a vexatious litigant, which affects her credibility; Mr. Wang's allegation that Ms. Luo has disseminated sensitive material about him; prejudice to Mr. Wang from having to defend himself publicly while Ms. Luo remains anonymous; and the lessened need to divulge details about the sexual assault because Mr. Wang is not the accused.

In affirming the MJ Order, the district court observed Ms. Luo denied none of the information in the declarations by defense counsel in her other Jane Doe cases. And the court pointed to her admission that she had posted on the internet about the subject matter of this litigation and had also tried to drum up media attention about another Jane Doe case in which she claimed a need for anonymity.

Ms. Luo raises several claims of error in the district court's decision to reconsider the PO.  None is availing.

## 1.    "Exceptional Case" Analysis

We have recognized certain "exceptional circumstances warranting some form of anonymity in judicial proceedings," in particular, "those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, 227 F.3d at 1246 (internal quotation marks omitted).  The magistrate judge found that Ms. Luo's case involves a highly

sensitive and personal matter related to sexual assault.  But he concluded this is not a case in which the injury litigated against would be incurred because of the disclosure of her identity.  *See id.*  Ms. Luo objected to the latter determination, but the district court affirmed.

The district court relied on *Doe v. FBI*, 218 F.R.D. 256, 257-58 (D. Colo. 2003), where the plaintiff alleged an invasion of privacy related to the FBI's release of a file identifying him as a confidential informant.  In denying the plaintiff's request to proceed anonymously, the court found his was "not a case where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."  *Id.* at 260 (internal quotation marks omitted).  The court reasoned:  "The injury of which Plaintiff complains . . . has already occurred.  Plaintiff is not suing in this Court in order to prevent the disclosure of his private File; rather, he is suing for compensation for disclosure that has already happened."  *Id.*

In an unpublished decision, this court has similarly rejected a plaintiff's argument that, by proceeding under his real name, "he would incur the very injury against which he is litigating."  *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 812 n.2 (10th Cir. 2006).  The plaintiff sued the defendants raising claims based on their references to his mental history in previous litigation.  *See id.* at 811.  Affirming the denial of plaintiff's request to proceed anonymously, this court stated, "Preventing disclosure of his identity is not the basis of Raiser's lawsuit.  Instead, he seeks monetary compensation for a disclosure that has already occurred."  *Id.* at 812 n.2.  Similarly, in *Patton v. Entercom Kansas City, LLC*,

No. 13-2186, 2013 WL 3524157 (D. Kan. July 11, 2013) (unpublished), the plaintiff alleged a radio station had broadcast a false comment from a listener identifying the plaintiff as a "local porn star." *Id.* at *1 (internal quotation marks omitted). The district court denied her request to proceed using a pseudonym, in part, because the injury litigated against would not be incurred as a result of disclosure of her identity. *Id.* at *2-3. The court reasoned: "Taking plaintiff's allegations as true, the injury already occurred. She is not suing to prevent disclosures from being made; rather, she is suing for compensation for disclosures that have been made." *Id.* at *2 (internal quotation marks omitted).

Ms. Luo contends the district court erred because, in addition to her defamation claim, she also asserted a claim for disclosure of private information. But her TAC did not seek an injunction precluding Mr. Wang from disclosing her private information; she sought only damages for past injury. *See* Suppl. R., Vol. 3 at 40. Ms. Luo nonetheless argues, although she is seeking only compensation for a past disclosure of her private matter, requiring her to proceed under her real name will cause her additional harm. She cites *Roe v. Ingraham*, 364 F. Supp. 536, 540-41 (S.D.N.Y. 1973), where the plaintiffs challenged on privacy grounds the constitutionality of record keeping under a state controlled-substances act. The district court allowed plaintiffs to proceed anonymously. If the plaintiffs had to reveal their identities before their privacy claims were adjudicated on the merits, the court reasoned, they will already have sustained the very injury they seek to avoid in the litigation. *See id.* at 541 n.7.

*Roe v. Ingraham* is distinguishable because, unlike in Ms. Luo's case, the plaintiffs there sued to prevent the disclosure of their private information, seeking injunctive relief. *See id.* at 541. We conclude Ms. Luo has not shown the district court abused its discretion. We are persuaded by the reasoning in *Doe v. FBI* and our unpublished decision in *Raiser* in concluding that the injury she litigated against— Mr. Wang's previous alleged defamation and disclosure of her private information— would not be incurred because of the disclosure of her identity in this case.

Moreover, *Femedeer* lists several "exceptional circumstances warranting some form of anonymity in judicial proceedings." 227 F.3d at 1246. And the district court found Ms. Luo's case involves an exceptional circumstance based upon the allegations of sexual assault—a "matter[] of a highly sensitive and personal nature." *Id.* (internal quotation marks omitted). The court then weighed that privacy interest in the totality of the circumstances. Ms. Luo's contention that disclosing her identity in this case will cause her further harm is based upon that same highly sensitive and personal matter. Thus, the district court clearly accounted for Ms. Luo's personal matter as an "exceptional circumstance" in its analysis.

### 2.    Concern Regarding Re-Victimization

Ms. Luo contends the district court did not give due consideration to the re-victimization she will endure if her identity in this case is disclosed. The magistrate judge acknowledged re-victimization is a valid concern but concluded other circumstances outweighed it. Although Ms. Luo objected to this finding, the district court affirmed. On appeal, Ms. Luo contends she will suffer stigma and

23

public scorn because she was sexually assaulted.  While we appreciate Ms. Luo's concern, her challenge to the district court's weighing of the evidence does not leave us with "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances," *Fresquez*, 52 F.4th at 1311 (internal quotation marks omitted).

Ms. Luo also asserts the district court erred in concluding the need to divulge any details about the sexual assault will be minimal because Mr. Wang is not the person accused of assaulting her.  Although she does not develop this argument on appeal, we liberally construe her contention as consistent with her objections to the MJ Order.  We discern no error.  Whether she proceeds under a pseudonym or uses her real name, Ms. Luo is likely to experience re-victimization.  *See, e.g.*, *Patton*, 2013 WL 3524157, at *2 ("Plaintiff will have an obligation to tell her side of the story.  She will also have to relive the facts of the case whether or not she proceeds under a pseudonym.").  Thus, Ms. Luo has not shown clear error by the district court in weighing her concern about re-victimization as it relates to her request to proceed as Jane Doe.

### 3.     Prejudice to Mr. Wang and the Public Interest

Ms. Luo contends the district court abused its discretion by not requiring Mr. Wang to demonstrate actual prejudice to his ability to conduct discovery or mount a defense in this case because of her proceeding under a pseudonym.

Contrary to Ms. Luo's assertion, the district court did not find Mr. Wang would be prejudiced in his ability to conduct discovery if she proceeds under a

pseudonym.  But the court did conclude Mr. Wang should not be hampered in challenging Ms. Luo's credibility as it relates to being a vexatious litigant.  *See* R., Vol. 2 at 50 ("Defendant maintains that Plaintiff is a 'vexatious litigant.' This goes directly to Plaintiff's credibility, and Defendant should not be hampered in pursing that defense." (citation omitted)).  Ms. Luo now contends her real identity is irrelevant to Mr. Wang's ability to challenge her credibility.  But she did not argue in her objections to the MJ Order that her real identity is irrelevant to her credibility, so this contention is waived.[10]

The district court's analysis was not limited to Mr. Wang's ability to mount a defense.  In finding this is not a typical case involving facts related to sexual assault, the magistrate judge pointed to Mr. Wang's assertion that Ms. Luo had disseminated sensitive material about him.  He concluded Ms. Luo's anonymity would (1) hinder the public's interest in reaching its own conclusions, and (2) result in prejudice to Mr. Wang if he had to defend himself publicly while she remained anonymous, despite Mr. Wang's contention she had disseminated sensitive material about him.  In affirming the MJ Order, the district court also referenced the undisputed evidence of Ms. Luo's litigation conduct in her other Jane Doe cases, her online posting about the subject matter of this litigation, and her effort to seek publicity about another Jane Doe case.

---

[10] In any event, Ms. Luo fails to demonstrate that the district court's finding was clearly erroneous.  *See, e.g.*, *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015) (discussing the various effects of a plaintiff's anonymity on her credibility).

On appeal, as she did in her objections to the MJ Order, Ms. Luo (1) argues her substantial privacy interests outweigh the judicial presumption of openness, and (2) asserts there is no evidence of a unique threat of fundamental unfairness to Mr. Wang.[11]  Ms. Luo's contentions largely fail to address the district court's reasoning that her admitted and alleged conduct—in connection with her other Jane Doe litigation and otherwise—tipped the scales in favor of the public's right to know her identity in this case.  Where she addresses this crucial aspect of the court's reasoning, she shows no abuse of discretion.

First, the district court weighed against Ms. Luo her contacts with the media about one of her Jane Doe cases.  She argues she did not attempt to drum up attention to her *identity* in that case.  But seeking publicity can be seen as inconsistent with a stated desire to conceal a private matter.  *See, e.g.*, *Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *8 (D.N.J. Aug. 7, 2018) (unpublished) ("When a plaintiff willingly engages in disclosing information to the media about a case, this factor weighs against granting permission for the plaintiff to proceed anonymously."); *Doe v. N.C. Cent. Univ.*, No. 98CV01095, 1999 WL 1939248, at *4 (M.D.N.C. Apr. 15, 1999) (unpublished) (weighing against a plaintiff who alleged a sexual assault her public accusations and her counsel's statements to the media).  Ms. Luo fails to show the district court abused its discretion in considering that she admittedly contacted the media about one of her other Jane Doe cases.

---

[11] Ms. Luo makes additional arguments she did not raise in her objections to the MJ Order.  These new contentions are waived.

Second, the district court found Ms. Luo's anonymity prejudiced Mr. Wang's ability to demonstrate she is a vexatious litigator and that her conduct in her other cases justified the public's right to know her identity. In denying a request to proceed anonymously based, in part, on vexatious litigation, another court summarized the relevant concern:

> [P]laintiff has engaged in [a] campaign to conceal his litigation history across the country. Plaintiff's behavior may make it more difficult for other courts (and the public) to find his litigation history, which could act to conceal future vexatious litigation or behavior. . . . [O]ther courts have deemed plaintiff a vexatious litigant in the past, so this is already an issue of public concern.

*Del Nero v. Allstate Ins. Co.*, No. 00-cv-01126, 2022 WL 1618839, at *3 (D. Nev. May 23, 2022) (unpublished); *see also Smith v. Corizon Healthcare*, No. 16-cv-00461, 2016 WL 3538350, at *3 (E.D. Cal. June 28, 2016) (unpublished) (recommending denial of motion to proceed under a pseudonym, in part, based on "the public's right to know who is filing lawsuits" and because "Plaintiff's identity is relevant also for tracking vexatious litigants"). Here the district court cited evidence of Ms. Luo's conduct in her other Jane Doe cases, which she did not dispute, and Mr. Wang's wish to challenge her credibility as a vexatious litigant. The court did not abuse its discretion in weighing these facts against Ms. Luo's request to proceed anonymously.

Finally, since Mr. Wang contends Ms. Luo has posted sensitive material about him, the district court emphasized the allegations of wrongdoing in this case are not one sided. The court found "[t]he prejudice to Defendant and the nature of the

parties' claims and defenses[] weigh against whatever threat of re-victimization may occur in this particular case." R., Vol. 2 at 51. The court therefore concluded Mr. Wang should not have to defend himself publicly while Ms. Luo remains anonymous. For this proposition, the court cited *Doe v. Merck & Co.*, No. 11-cv-02680, 2012 WL 555520 (D. Colo. Feb. 17, 2012) (unpublished), in which the district court concluded, "Plaintiff's assertion that no prejudice or harm will come to Defendants from Plaintiff's used of a pseudonym is undercut by Defendants' observation that they must defend themselves publicly, while Plaintiff is permitted to hurl his accusations from behind a cloak of anonymity," *id.* at *3 (brackets and internal quotation marks omitted); *see also Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015) (same). Ms. Luo argues *Doe v. Merck & Co.* is distinguishable because it did not involve facts related to sexual assault. But other decisions have considered the fairness issue in that context. *See, e.g.*, *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (civil action alleging sexual assault); *Ramsbottom v. Ashton*, No. 21-cv-00272, 2021 WL 2651188, at *6 (M.D. Tenn. June 28, 2021) (same) (unpublished). The district court appropriately based its conclusion on the nature of the parties' claims and defenses and Ms. Luo's admitted and alleged conduct.[12] Under the circumstances, Ms. Luo fails to show an abuse of discretion.

---

[12] Once again, we do not consider Ms. Luo's new arguments regarding this issue that she failed to raise in her objections to the MJ Order.

### 4.     Violation of Protective Orders in Jane Doe Cases

In her final contention, Ms. Luo argues that, by granting Mr. Wang's motion to reconsider the PO and immediately changing the caption to reflect her real name, the district court "ran afoul" of protective orders entered in her other pseudonymous cases.  Aplt. Opening Br. at 28.  Ms. Luo has not sufficiently developed this argument, either in her objections to the MJ Order or on appeal.  She fails to show the terms of these other protective orders, including what parties or entities they bind and what conduct they preclude.[13]  She has demonstrated no violation of any protective order resulting from the district court ordering her to proceed using her real name in this case. We therefore conclude that Ms. Luo has not shown an abuse of discretion by the district court on this basis.

### F.     Motions to Redact and Seal Appellate Filings

Ms. Luo filed five motions asking this court to (1) allow her to redact information about her other Jane Doe cases from the publicly available versions of certain documents filed in this appeal, and (2) seal the unredacted versions of these filings.  In support of her Redact/Seal Motions, Ms. Luo points to the protective orders entered in her Jane Doe cases and argues that identifying information about those cases in filings in this appeal discloses her identity as the pseudonymous plaintiffs.  When she filed this appeal, the district court had granted her this relief

---

[13] Ms. Luo does not indicate whether she filed the other protective orders in the district court, nor does she provide any citation to where those orders appear in the record on appeal, if at all.

regarding the MJ Order and related briefing, her objections to the MJ Order, and the Affirm Order.

Ms. Luo's five motions seek to redact and seal the following filings:

- First motion:  Prof. Volokh's intervenor/appellee response brief[14];

- Second motion:  Prof. Volokh's responses to Ms. Luo's First Redact/Seal Motion and to her motion to strike his intervenor/appellee response brief;

- Third motion:  Mr. Wang's motion to disclose the authors of Ms. Luo's appellate filings;

- Fourth motion:  Mr. Wang's appellee response brief; and

- Fifth motion:  Amici Parties' motion to file the Amici Brief and their proposed Amici Brief.

Prof. Volokh responded to some of Ms. Luo's Redact/Seal Motions, and Mr. Wang joined in one such response.

Courts have discretion whether to seal or otherwise withhold judicial records from the public.  *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

> A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records.  The moving party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.

*Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017) (citation and internal quotation marks omitted).  This is a "high standard."  *Id.*  Medical records and confidential business records are examples of the types of private information

---

[14] Prof. Volokh initially filed a response brief as an intervenor/appellee in this appeal.  We granted Ms. Luo's motion to strike Prof. Volokh's intervenor/appellee response brief, but that filing remains on this court's docket.

this court has allowed to be sealed.  *See id.*  Redacting documents with confidential information is preferable to sealing entire documents.  10th Cir. R. 25.6(B).

Other courts have permitted Ms. Luo to proceed anonymously in her Jane Doe cases.  If filings in this appeal disclose her identity as Ms. Luo *and* connect her identity to her Jane Doe cases, there is a potential disclosure of confidential information.  On this basis, the magistrate judge allowed Ms. Luo to redact information about her Jane Doe cases from the MJ Order and related filings.  Although "this court is not bound by a district court's decision to seal a document," 10th Cir. R. 25.6(A)(4), we are persuaded by the district court's reasoning in doing so.

Ms. Luo's identity in connection with her Jane Doe cases is similar to the type of confidential information we have allowed to be sealed.  *See Williams*, 849 F.3d at 905.  Prof. Volokh does not contend otherwise.  He argues instead that Ms. Luo's identity as the plaintiff in her Jane Doe cases is no longer confidential.  Mostly, however, his evidence shows only that it is possible to make that connection using publicly available information.  Where his evidence includes documents directly disclosing the connection between Ms. Luo and her Jane Doe cases, he fails to show that information is widely available.

We therefore grant Ms. Luo's Redact/Seal Motions to the following extent: identifying information regarding her Jane Doe cases may be redacted from the publicly available relevant documents.  "Identifying information" is limited to case

names, case numbers, and other case citation information that directly identifies those cases.  The unredacted versions of these documents will remain under seal.

As required by Tenth Circuit Rule 25.6(B), Ms. Luo publicly filed proposed redacted versions of the documents she seeks to redact in her First, Third, and Fourth Redact/Seal Motions.  Her proposed redactions in her Third motion are consistent with redacting only identifying information regarding her Jane Doe cases.  We therefore grant Ms. Luo's Third motion seeking to redact Mr. Wang's motion to disclose the authors of her appellate filings.  The court will docket her proposed redacted version of this document.

Ms. Luo's proposed redactions in her First and Fourth motions are overbroad.  We therefore grant her First and Fourth motions only in part.  The court will docket redacted versions of Prof. Volokh's intervenor/response brief and Mr. Wang's appellee response brief consistent with redacting only identifying information regarding Ms. Luo's Jane Doe cases.

Ms. Luo did not publicly file proposed redacted versions of the documents she seeks to redact in her Second and Fifth Redact/Seal Motions, namely Prof. Volokh's response to her First Redact/Seal Motion, Prof. Volokh's response to her motion to strike his intervenor/appellee response brief, Amici Parties' motion to file the Amici Brief, and the proposed Amici Brief.  In these two motions, she asked the court to allow her to provide proposed redactions.

We grant her Second and Fifth motions subject to her filing with the court, within thirty days of the issuance of this opinion, proposed redactions of these

documents consistent with redacting only identifying information regarding her Jane Doe cases.  The court will review Ms. Luo's proposed redactions, make any appropriate changes, and docket redacted versions of these documents.  If Ms. Luo fails to provide timely proposed redactions, the court will deny her Second and Fifth Redact/Seal motions and unseal these documents.

### III.   CONCLUSION

We affirm the district court's order reconsidering the PO and requiring Ms. Luo to proceed under her real name in this case.  We grant her Redact/Seal Motions to the extent described in this opinion.  We grant her motion to proceed on appeal without prepayment of fees and costs.  We grant the Amici Parties' motion to file the Amici Brief.  We deny as moot Ms. Luo's motion seeking the appointment of counsel on appeal.

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

July 03, 2023

XINGFEI LUO
11151 Valley Boulevard, Unit 4886
El Monte, CA 91734

**RE:**    **22-1200, Doe v. Wang**
          Dist/Ag docket: 1:20-CV-02765-RMR-MEH

Dear Appellant:

Enclosed is a copy of the opinion of the court issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:    Katayoun A. Donnelly
       Eugene Volokh

CMW/jm