**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

      Plaintiff,

v.

PAUL WANG,

      Defendant.

---

**ORDER**

---

Pending before the Court are the following motions pertinent to the parties' requests that the Court impose sanctions:

- Defendant's Motion for Imposition of Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Against Plaintiff and Her Counsel, ECF No. 226;

- Plaintiff's Motion for Rule 11 Sanctions, ECF No. 241;

- Defendant's Motion to Seek Leave to Re[s]pond to New Material Raised in Doc 266 (With Attachments), ECF No. 267; and

- Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(c)(1) and 26(g), ECF No. 268.

For the reasons stated below, the Defendant's Motion for Sanctions, ECF No. 226, and Plaintiff's Motion for Rule 11 Sanctions, ECF No. 241, are DENIED. In accordance with the reasoning stated below, Defendant's Motion to Seek Leave to Re[s]pond to New Material Raised in Doc 266, ECF No. 267, is DENIED AS MOOT. Plaintiff's Motion for

Sanctions Pursuant to Fed. R. Civ. P. 37(c)(1) and 26(g), ECF No. 268, is predicated on Defendant's Motion to Seek Leave to Re[s]pond to New Material Raised in Doc 266, ECF No. 267, and therefore is also DENIED AS MOOT.

Also pending before the Court is Plaintiff's Motion for Review of Clerk's Taxation Award to Defendant Under FRCP 54(d)(1), ECF No. 249.  For the reasons also stated below, that motion is DENIED.

## I.      BACKGROUND

On September 11, 2020, Plaintiff Xingfei Luo, proceeding *pro se*, filed the first Complaint in this case.  ECF No. 1.  Defendant Paul Wang was served on January 25, 2021.  ECF No. 23.  On February 16, 2021, Magistrate Judge Hegarty entered an order appointing pro bono counsel for Plaintiff.  ECF No. 33.  On March 5, 2021, Plaintiff's former counsel entered their appearances, ECF Nos. 52–53, and on March 8, 2021, Defendant's counsel entered her appearance, ECF No. 54.

On July 28, 2021, Plaintiff filed her Third Amended Complaint, which is the last operative complaint in this matter.  ECF No. 85.  Plaintiff and Defendant have a personal relationship that began when they attended school together in China from 1990 through 1993 and resumed when Defendant visited China in 2012 and "he and Plaintiff reconnected and began a romantic and intimate relationship." *Id.* ¶¶ 5, 8.  Plaintiff alleges she was sexually assaulted by an individual named Mr. Chen Guochang while she was unconscious in May of 2013.  *Id.* ¶¶ 10–16.  Plaintiff alleges Defendant was one of the only people whom she told about this incident, other than the local authorities, her mother, and her attorney at the time.  *Id.* ¶¶ 17–20.  Plaintiff moved to Colorado to live with

Defendant in July of 2013, until October of 2013, when Defendant purchased a plane ticket for Plaintiff to return to China.  *Id.* ¶¶ 37–39.  Plaintiff alleged she lost her passport and did not take that flight. *Id.* ¶ 40. She filed a police report regarding a "lost/stolen" passport with the Aurora Police Department, but later "discovered that she misplaced her passport and found her passport shortly thereafter."  *Id.* ¶¶ 42–44.

Plaintiff alleges that she "learned through a separate lawsuit" filed against a different man by the name of Weamer, that Defendant has "made several false and incredibly damaging statements against Plaintiff," both by contacting Mr. Weamer in that separate lawsuit (the "*Weamer* Litigation") and by publishing blog posts on the internet containing statements.  *Id.* ¶¶ 47, 51, 62, 77, 86.  Those statements include the following:

- "In [a] written statement [posted online], Defendant states that Plaintiff 'filed a false police report claiming her passport got stolen, and was issued a refund from the travel insurance company for half the ticket price." *Id.* ¶ 52.

- "Defendant stated that Plaintiff falsely accused Mr. Chen of sexual assault."  *Id.* ¶ 57.

Plaintiff now asserts claims for defamation, intentional infliction of emotional distress, and unreasonable disclosure of private facts against Defendant in the instant case.  *Id.* ¶¶ 75–109.

On August 25, 2021, Defendant moved to dismiss the Third Amended Complaint, and the Court granted the motion in part, finding that the litigation privilege protects

statements made by Defendant in connection with the *Weamer* Litigation.  ECF No. 165[1] at 14.  The Court also found that the claims related to statements made in online blog posts accrued "upon the date of publication."  *Id.* at 12.  However, the Court could not determine, at the time of that Order, whether the claims related to blog posts were barred by the statute of limitations because the Third Amended Complaint did not contain allegations about what specific blog post(s) and their date(s) of publication served as the basis of the defamation claims.  *Id.*  Therefore, those claims were not dismissed.

In the Order ruling on the Motion to Dismiss, the Court also denied a motion for sanctions filed by Defendant on December 3, 2021, ECF No. 132.  *Id.* at 14–15.  The Court reasoned that "Defendant's arguments in favor of sanctions are largely premised on Defendant's arguments in his motion to dismiss, especially his argument that Plaintiff's claims are time-barred by the statute of limitations."  *Id.* at 14.  For similar reasons that the Court did not dismiss the claims as time-barred, the Court found that it could not impose sanctions at that time, noting, "discovery has not progressed far enough to confirm Defendant's theory" regarding which blog post(s) are referenced in the Third Amended Complaint.  *Id.* at 15 (citing *Infant Swimming Rsch., Inc. v. Faegre & Benson, LLP*, No. 07-cv-00839-LTB-BNB, 2007 WL 3274431, at *2 (D. Colo. Nov. 5, 2007)).

Discovery proceeded, but on July 7, 2022, Plaintiff's former counsel withdrew, and Plaintiff continued to proceed *pro se*.  ECF No. 174.  On September 22, 2022, Defendant conducted the deposition of Plaintiff in the courtroom of Magistrate Judge Michael E.

---

[1] The Order was filed under restriction at ECF No. 165, and a redacted version was filed publicly at ECF No. 181-1.  The Court cites to the unredacted, restricted version at ECF No. 165 throughout this Order.

Hegarty.  *See* ECF No. 218 at 1.  On September 26, 2022, Magistrate Judge Hegarty issued a Recommendation in which he recommended dismissal of the case with prejudice and awarded the Defendant costs and expenses related to the September 22 deposition. ECF No. 218 at 1, 6.  Magistrate Judge Hegarty certified facts regarding Plaintiff's behavior at the September 22 deposition that he believed constituted contempt of court, and he recommended to this Court that dismissal with prejudice be entered, and the award of costs and fees related to the deposition should be the sanction.  ECF No. 218 at 1–6. On October 19, 2022, the Court accepted and adopted the Recommendation and entered judgment against Plaintiff and in favor of Defendant, dismissing the case with prejudice.  ECF Nos. 222, 223.

On November 2, 2022, Defendant filed a second motion for sanctions— Defendant's Motion for Imposition of Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Against Plaintiff and Her Counsel.  ECF No. 226.  On December 1, 2022, counsel for Plaintiff's former attorneys entered their appearances, ECF Nos. 245– 46, and on December 14, 2022, they filed a Response in opposition to Defendant's second Motion for Sanctions.  ECF No. 254.  Plaintiff, herself, also filed a Response in opposition.  ECF No. 256.  Defendant's second Motion for Sanctions is fully briefed and ripe for review.

On November 25, 2022, Plaintiff filed her own Motion for Rule 11 Sanctions.  ECF No. 241.  Briefing on Plaintiff's motion progressed, and on February 15, 2023, she filed her Reply in Support of her Motion for Rule 11 Sanctions.  ECF No. 266.  On March 1, 2023, Defendant filed a Motion to Seek Leave to Re[s]pond to New Material Raised in

Doc 266, which attached Declarations by a witness named Surya Yelaswarapu and by Defendant, Paul Wang, himself.  ECF No. 267.  Plaintiff filed a Response in Opposition to Defendant's Motion to Seek Leave to Respond to New Material Raised in Doc 266, ECF No. 270, as well as Objections to Declaration of Paul Wang, ECF No. 271.  Plaintiff also filed yet another Motion for Sanctions, this time pursuant to Federal Rules of Civil Procedure 37(c)(1) and 26(g), regarding Defendant's request to include the Declaration of Yelaswarapu.  ECF No. 268.  On March 20, 2023, the Court stayed briefing on this new Motion for Sanctions, pending the Court's decision whether to grant Defendant's request that the Court consider the Declarations filed at ECF No. 267 in ruling on Plaintiff's Motion for Rule 11 Sanctions.  ECF No. 269.  Plaintiff's Motion for Rule 11 Sanctions is now fully briefed and ripe for review, and the time to file any additional briefings on the related motions has elapsed, so those motions are also ripe for review.

Finally, pursuant to the Final Judgment, ECF No. 223, Defendant filed a Proposed Bill of Costs and amended it several times.  *See* ECF Nos. 227–28, 235.  Defendant filed his final Amended Proposed Bill of Costs on November 30, 2022, ECF No. 244, and on December 1, 2022, the Clerk taxed costs in the amount of $3,392.61 against Plaintiff and in favor of Defendant.  ECF No. 247.  On December 8, 2022, Plaintiff filed a Motion for Review of Clerk's Taxation Award to Defendant Under FRCP 54(d)(1).  ECF No. 249.  No responsive briefing was filed, and the time to file responsive briefing has elapsed. Therefore, this motion is also ripe for review.

## II.    MOTIONS FOR SANCTIONS

### A.    Legal Standard

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > . . .
>
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(2)–(3).  Further, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).  "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).  "In reviewing a decision to impose Rule 11 sanctions, the appellate court applies an abuse of discretion standard."  *Greeley Publ'g Co. v. Hergert*, 233 F.R.D. 607, 611 (D. Colo. 2006).

"Rule 11 sanctions are an extraordinary remedy."  *Id.*  Further, "Rule 11 imposes a standard of objective reasonableness."  *Id.* at 610.  "A Rule 11 violation occurs where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or

reverse the law as it stands." *Id.* "Litigants misuse [Rule 11] when sanctions are sought against a party or counsel whose only sin was being on the unsuccessful side of a ruling or judgment." *Id.* at 611–12 (quoting *In re Cendant Corp. Derivative Action Litig.*, 96 F. Supp. 2d 403, 406 (D.N.J. 2000)).

"While Rule 11 sets a threshold for the factual and legal assertions of a complaint, it is not a broad mechanism for testing the sufficiency of a plaintiff's claims." *Ross v. Mukasey*, No. 08-cv-00643-PAB-MJW, 2009 WL 4250124, at *1 (D. Colo. Nov. 24, 2009) (citing 5A Charles Wright, Arthur Miller & Edward Cooper, *Federal Practice and Procedure* § 1336.3 (3d ed. 2009)). "[U]nlike a motion for summary judgment or other established means for addressing the merits of a case, Rule 11 lacks a framework under which factual issues may be settled." *Id.* at *2; *see also Trimarco v. Ergen*, No. 18-cv-00170-PAB, 2019 WL 142124, at *5 (D. Colo. Jan. 9, 2019) (citing *Tso v. Murray*, No. 16-cv-02480-WJM-STV, 2018 WL 684767, at *2 (D. Colo. Feb. 1, 2018)) (noting that it is not "appropriate for the Court to resolve the parties' factual disputes on a motion for sanctions under Rule 11").

In addition, the District of Colorado has "adopted" the "Colorado Rules of Professional Conduct (Colo. RPC) . . . as standards of professional responsibility." D.C.COLO.LAttyR 2(a). Pursuant to Colorado Rule of Professional Conduct 3.3(a)(1), "[a] lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Colo. RPC 3.3(a)(1). "[A]n attorney's actual knowledge" is required to trigger this rule. *Matter of Olsen*, 326 P.3d 1004, 1010 (Colo. 2014).

Arguments that an attorney "should have known" of the falsity of statements are not enough to show that the attorney "ha[d] the requisite mental state—knowledge." *Id.*

### B.   Analysis

#### 1.   Defendant's Motion for Sanctions

Defendant has moved for the second time for sanctions to be imposed against Plaintiff and her (now) former counsel.  ECF No. 226; *see also* ECF No. 132.  Defendant argues that, pursuant to Federal Rule of Civil Procedure 11(b) and (c)(1), Colorado Rule of Professional Conduct 3.3(a)(1), D.C.COLO.LAttyR 2(a), *Matter of Olsen*, 326 P.3d 1004, 1008 (Colo. 2014), and the Court's June 13, 2022 Order, ECF No. 165 at 10 n.3, 14–15, the Court should "impose sanctions jointly and severally on Plaintiff and her counsel for refusing, after proper notice, to take remedial actions to correct the material inaccurate representations made in this case and to make Mr. Wang whole" by "reimbursing Mr. Wang for all costs and reasonable attorney's fees."  ECF No. 226 at 1–2.

The Court denied Defendant's previous motion for sanctions, ECF No. 132, because the arguments in that motion were "largely premised on Defendant's arguments in his motion to dismiss, especially his argument that Plaintiff's claims are time-barred by the statute of limitations," but the Court declined to dismiss Plaintiff's claims as time-barred at the motion-to-dismiss stage.  ECF No. 165 at 14.  The Court noted that "Defendant's arguments rest[ed] on his belief that Plaintiff's Third Amended Complaint refers to the specific publications that he attaches to his motion to dismiss, but discovery ha[d] not progressed far enough to confirm Defendant's theory that these are the

publications in question."   *Id.* at 15 (internal citation omitted) (citing *Infant Swimming Rsch.*, 2007 WL 3274431, at *2).

In Defendant's present motion, he again raises arguments that the allegations in the Third Amended Complaint were not truthful; that Plaintiff knew they were not truthful; and that Plaintiff's former counsel failed to conduct a "reasonable inquiry" to ensure the claims were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law . . . [and] the factual contentions have evidentiary support."   ECF No. 226 at 2 (quoting Fed. R. Civ. P. 11(b)(2)–(3)).   Defendant raises arguments regarding whether Plaintiff and her counsel knew that Plaintiff was bringing time-barred claims, in light of the documents reflecting blog posts upon which Defendant argues certain defamation claims are based.   ECF No. 226 at 4–11.   Defendant also argues that various allegations in the Third Amended Complaint were not true (and Plaintiff and her former counsel knew they were not true). *Id.* at 10–14. These arguments pertain to whether Defendant was the author of the blog post(s) in question and whether Plaintiff was the beneficiary of a travel insurance policy regarding which she alleges Defendant defamed her by stating she committed insurance fraud.   *Id.* at 11–13. Defendant also argues that text messages produced during discovery that were exchanged between him and the *Weamer* Litigation defendant indicate the falsity and frivolousness of various allegations in the Third Amended Complaint.   *Id.* at 18–21. Finally, Defendant argues that Plaintiff's counsel failed to later correct with the Court inaccurate statements regarding discovery responses and productions.   The Court addresses each issue, in turn, below.

### a.    Timeliness of Claims Based on Blog Posts

The Court first addresses the argument that Defendant raises again, as he did in his first Motion for Sanctions: "on its face, any defamation claim based on th[e] 2013 publication [in the form of the blog post] is unquestionably time-barred."  ECF No. 226 at 7.  However, the argument that Plaintiff's defamation claims based on any blog posts published in 2013 were time-barred and therefore frivolous, meriting Ruel 11 sanctions, must be rejected here.

Rule 11 requires that the "claims, defense, and other legal contentions" in a "pleading, written motion, or other paper" must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  Here, in his Motion to Dismiss the Third Amended Complaint, Defendant argued that Plaintiff's claims "must be dismissed with prejudice as time-barred because they are premised on statements published in December 2013."  ECF No. 92 ¶ 28.  In Colorado, tort actions for libel and slander "shall be commenced within one year after the cause of action accrues, and not thereafter."  Colo. Rev. Stat. § 13-80-103(1)(a).  Here, Plaintiff first filed her Complaint on September 11, 2020.  ECF No. 1.  Therefore, if the claims accrued upon publication of certain blogs in 2013, they would be time-barred.  In response, Plaintiff argued that she "first learned that Defendant made the defamatory statements about her in 2020."  ECF No. 104 at 6.

In the Order ruling on that aspect of the Motion to Dismiss, the issue was therefore when the claims accrued.  The Court noted that "[n]either the parties nor the Court has identified Colorado case law interpreting Colo. Rev. Stat. § 13-80-108(1)'s provision that

a claim accrues when the injury and its cause '*should have been known* by exercise of reasonable diligence,' as providing that a plaintiff 'should . . . know[]' of a defamatory statement upon the date of its publication."  ECF No. 165 at 12.  Therefore, the Court looked to the "general weight and trend of authority" to find that "defamation claims accrue upon the date of publication," rather than when Plaintiff allegedly learned of the statements.[2]  *Id.*

"[L]egal contentions are 'frivolous' under Rule 11 where a party fails to make reasonable inquiry into the governing law . . . ."  *Greeley Publ'g Co.*, 233 F.R.D. at 611 (citing *Ridge v. United States Postal Serv.*, 154 F.R.D. 182, 184 (N.D.Ill. 1992)).  "A Rule 11 violation occurs" only "where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands."  *Id.* at 610.  "Litigants misuse [Rule 11] when sanctions are sought against a party or counsel whose only sin was being on the unsuccessful side of a ruling or judgment."  *Id.* at 611–12. Here, given the uncertainty that the Court noted in its ruling on the Motion to Dismiss regarding how the Colorado Supreme Court would interpret the statute regarding accrual of the claims, it was not "patently clear" that Plaintiff had "absolutely no chance of success under the existing precedents" when she took the position that the claims were not time-barred because she, allegedly, did not know of them until 2020 and brought the claims within

---

[2] Nonetheless, the Court did not dismiss the defamation claims based on any blog posts at that time because there were no allegations in the Third Amended Complaint regarding which "specific blog post(s) contain[ed] the allegedly defamatory statements and their date(s) of publication."  ECF No. 165 at 12. Therefore, the Court could not, on the Motion to Dismiss, "determine whether the blog post(s) underlying Plaintiff's claims were published outside of the statute of limitations."  *Id.*

one year of learning of them.  *See Greeley Publ'g Co.*, 233 F.R.D. at 610.  Neither Plaintiff nor her counsel should be sanctioned on these grounds, as it does not appear that they "fail[ed] to make reasonable inquiry into the governing law."  *Id.* at 611.

Defendant appears to argue that, even if the Court had made the legal determination that the claims accrued later—upon Plaintiff's discovery of the allegedly defamatory statements—certain materials produced in discovery demonstrate that the allegations in the Third Amended Complaint about when Plaintiff discovered the statements were false.  ECF No. 226 at 7–11.  In particular, Defendant argues that Plaintiff's own blog, which Plaintiff confirmed was hers during discovery, shows that she had knowledge of the subject matter of Defendant's allegedly defamatory statements in 2013.  Plaintiff's blog, dated December 17, 2013, includes a screenshot of a third party's blog, which discusses the subject matter of some of the allegedly defamatory statements. ECF No. 226 at 9.  In response to that screenshot, Plaintiff stated in her blog, "I exactly know where you got [the information] from."  *Id.*  Defendant appears to argue that, given this blog post, Plaintiff's statement in the Third Amended Complaint that the only people who knew about the subject matter of the allegedly defamatory statements in 2013 were Defendant, Plaintiff, and Plaintiff's mother is false.  *See* ECF No. 226 at 5, 8.  Therefore, according to Defendant, Plaintiff had to have known about Defendant's allegedly defamatory statements in 2013 and therefore knew that they were time-barred when she brought them.

Conceivably, Plaintiff could have believed that Defendant relayed the information to the third party in 2013 but not known about the particular blog posts at issue in this

action until 2020.  As this Court has noted and applied to the claims for defamation here, the Colorado Court of Appeals has held that "each separate publication constitutes a separate and distinct claim for libel."  ECF No. 165 at 7 (quoting *Russell v. McMillen*, 685 P.2d 255, 258 (Colo. App. 1984)) (citing *Corporon v. Safeway Stores, Inc.*, 708 P.2d 1385, 1390 (Colo. App. 1985)).  If so, Plaintiff could have had a non-frivolous basis to argue that the claims were not time-barred here, as discussed above, if she did not find out about the pertinent blog post(s) until 2020.   Whether Plaintiff truly did not discover the blog post(s) at issue here until 2020 is unknown, and likely unknowable at this point because, as further discussed below, *see infra* Section II.B.2., Plaintiff has not shown herself to be a reliable litigant and, in any case, "unlike a motion for summary judgment or other established means for addressing the merits of a case, Rule 11 lacks a framework under which factual issues may be settled."   *See Ross*, 2009 WL 4250124, at *2; *see also Trimarco*, 2019 WL 142124, at *5 (noting that it is not "appropriate for the Court to resolve the parties' factual disputes on a motion for sanctions under Rule 11.").

### b.  Veracity of Allegations that Defendant Authored the Blog Post(s) In Question

Defendant also argues that Plaintiff knew that the author of the blog post(s) on which the defamation claims are based was Morgann Paraskevas, not Defendant Mr. Wang.  ECF No. 226 at 13–18.  Defendant argues that there was a way to determine that the author username "anonymous123177" was, in fact, associated with Morgann Paraskevas, who also used the username "morgann070."  *Id.*  From the Court's attempts to decipher Defendant's annotations to screenshots of various blog posts referenced in this case, the Court believes that Defendant is indicating that when a computer cursor

hovers over the username for "morgann070" within a comment in an unspecified internet blog post, the username "anonymous123177" appears, indicating that the two usernames are connected to the same individual. *See id.* at 15. Accordingly, Defendant argues, Plaintiff and her former counsel "falsely represent to this Court that she believes Mr. Wang (not Mr. Paraskevas) was the author of the blog post referenced." *Id.* at 18. However, again, this line of reasoning would require the Court to "resolve the parties' factual disputes" regarding whether the author of the blog in question was not Defendant and whether and when Plaintiff knew that. *See Trimarco*, 2019 WL 142124, at *5. But "Rule 11 lacks a framework under which factual issues may be settled." *Ross*, 2009 WL 4250124, at *2; *see also id.* at *1 (citing 5A Charles Wright, Arthur Miller & Edward Cooper, *Federal Practice and Procedure* § 1336.3 (3d ed. 2009)) ("While Rule 11 sets a threshold for the factual and legal assertions of a complaint, it is not a broad mechanism for testing the sufficiency of a plaintiff's claims."). For these reasons, allegations about whether Defendant authored the blog post(s) and Plaintiff's knowledge about this issue does not serve as a proper basis to grant sanctions here.

### c.    Veracity of Allegations Related to Travel Insurance

Defendant goes on to argue that materials produced in discovery indicate that the Third Amended Complaint contains untrue allegations that Defendant made false statements that Plaintiff committed insurance fraud. ECF No. 226 at 11–13. In particular, the Third Amended Complaint states that "Defendant's statements against Plaintiff are objectively false because . . . Plaintiff did not ever purchase or have travel insurance in 2013." ECF No. 85 ¶ 67. In the present Motion for Sanctions, Defendant argues that

documents produced in discovery show that Plaintiff "was, in fact, insured" and "had made an insurance claim" and "was issued an insurance check in her name for the flight she canceled." ECF No. 226 at 12.  However, the documents Defendant provides only show that the insurance company listed Plaintiff as the "payee" of an insurance check that was made out to her.  ECF No. 226 at 12–13.  As Plaintiff's former counsel discusses in response to Defendant's motion, *see* ECF No. 254 at 17–18, Plaintiff receiving a check from an insurance company as a "payee" does not demonstrate that she purchased travel insurance in 2013, was the insured, and submitted a claim, or that the statements in the Third Amended Complaint regarding this were necessarily false.  Sanctions are not warranted on this basis, either.

> ### d.    Issues Regarding Text Messages Sent by Defendant in Connection with the *Weamer* Litigation

Defendant argues that text messages between him and the defendant in the *Weamer* Litigation that Defendant produced during discovery demonstrate that the allegations in the Third Amended Complaint that he made defamatory statements to the *Weamer* defendant were false, and Plaintiff and her former counsel should have corrected these allegations.  ECF No. 226 at 18–21.  The text message that Defendant focuses on is one in which he states that Plaintiff "had **accused** someone else who was a middle school class mate of raping her."  ECF No. 226 at 19 (emphasis added).  According to Defendant, this shows that Plaintiff never told anyone associated with the *Weamer* Litigation that the accusations of rape were **false** accusations.  *See id*.  However, the fact that Defendant stated in one text message that Plaintiff "**accused**" someone of raping her does not preclude the possibility that further discovery would have yielded more

information about statements by Defendant in connection with the *Weamer* Litigaiton about a **false** accusation of rape.  As stated, that type of further factual inquiry is not appropriate on a Motion for Sanctions.  *See Ross*, 2009 WL 4250124, at *2; *see also Trimarco*, 2019 WL 142124, at *5.

Defendant also faults Plaintiff and her former counsel for failing to reveal the entire chain of text messages Defendant sent to the *Weamer* defendant when Plaintiff referenced the text messages in a Motion to Strike Defendant's supplemental briefing regarding Defendant's previous Motion for Sanctions, ECF No. 132.  Defendant argues that, had the entire conversation been revealed, it would have been clear that the defamation claims related to that text message conversation should be dismissed pursuant to the litigation privilege because the full conversation reveals that the conversation was for the purpose of gathering information for the purpose of the litigation.  ECF No. 226 at 19–20.  However, Plaintiff referenced the text messages in that Motion to Strike only in the context of discussing whether the claims were time-barred.  *See* ECF No. 161 at 5–9.  Therefore, it does not appear that excerpting portions of the text messages in this context was done to obfuscate anything regarding the application of the litigation privilege.  In any case, Defendant already had access to the text messages that indicate that the conversation was connected to the *Weamer* Litigation and therefore was able to make these arguments, himself.  *See, e.g.*, *Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104–05 (10th Cir. 1993) ("It is the obligation of counsel opposing the value of evidence, not the proponent, to expose weakness in evidence upon which an attorney relies for the filing of pleadings, motions and other papers.").  The issues raised by Defendant

regarding the text messages he sent in connection with the *Weamer* Litigation do not provide grounds for sanctions against Plaintiff or her former counsel.

### e.        Veracity of Discovery Responses and Productions

The remainder of Defendant's second Motion for Sanctions appears to raise arguments about the veracity of statements and productions made in response to his discovery requests.  ECF No. 226 at 7–21.  However, Defendant has not moved for sanctions for failure to make disclosures or cooperate in discovery pursuant to Federal Rules of Civil Procedure 26 and 37.  *See id. passim.*  Therefore, Defendant has waived any arguments as to either Plaintiff or her former counsel regarding sanctions under Rules 26 and 37 for failure to cooperate in discovery.

To the extent Defendant argues that these issues with discovery productions and responses violate Rule 11, that contention is incorrect.  Rule 11, by its terms, "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."  Fed. R. Civ. P. 11(d); *see also, e.g., Grays v. Auto Mart USA, LLC*, No. 18-cv-01761-MSK-NYW, 2019 WL 7289024, at *3, *6 (D. Colo. Sept. 25, 2019) ("As to any suggestion that Rule 11 sanctions are appropriate because Defendants' Initial Disclosures pursuant to Rule 26(a)(1) consisted of or were fraudulent evidence, Rule 11(d) explicitly excludes sanctions concerning 'disclosures and discovery requests, responses, objections, and motions under Rule[ ] 26.'").  Therefore, Rule 11 sanctions are not warranted on the grounds raised related to discovery productions and responses.

To the extent that Defendant argues that Plaintiff's counsel violated Colorado Rule of Professional Conduct 3.3(a)(1), which is "adopted as [a] standard[] of professional

responsibility for the United States District Court" pursuant to D.C.COLO.LAttyR 2(a), by "knowingly . . . mak[ing] a false statement of material fact or law to a tribunal or fail[ing] to correct a false statement of material fact or law previously made to the tribunal," the Court still disagrees.  Throughout his Motion, Defendant cites *Matter of Olsen*, 326 P.3d 1004, 1008 (Colo. 2014).  *See* ECF No. 226 at 1, 2, 21, 23.  In that case, the Colorado Supreme Court noted that the Hearing Board, which issued an Opinion and Decision Imposing Sanctions on an attorney after a disciplinary hearing, "properly interpreted Rule 3.3(a)(3) as requiring an attorney's actual knowledge that evidence is false before the duty to take remedial measures is triggered."  *Matter of Olsen*, 326 P.3d at 1010.  "Because the Board could not find that [the attorney] actually knew his client was lying, only that he 'should have known . . . that his client's statements and documents were false,' it concluded that he did not have the requisite mental state—knowledge—for a Rule 3.3(a)(3) violation." *Id.*  The same "actual knowledge" requirement applies to Colorado Rule of Professional Conduct 3.3(a)(1).  *See* Colo. RPC 3.3(a)(1) ("A lawyer shall not **knowingly** . . . make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.") (emphasis added).

However, as in *Matter of Olsen*, Defendant here has not demonstrated that Plaintiff's former counsel "actually knew" that their client was lying such that the duty to "correct a false statement of material fact . . . previously made to the tribunal" could have been triggered.  *See* 326 P.3d at 1010; Colo. RPC 3.3(a)(1).  The arguments in the present motion could only show, at most, that Plaintiff's lawyers "should have known" that the statements or productions of documents during discovery were false.

For example, as Plaintiff points out, ECF No. 226 at 8–9, within the same document submitted by Plaintiff's former counsel—Plaintiff's Responses and Objections to Defendant's First Set of Written Discovery Requests, ECF No. 226-2—Plaintiff, while represented by her former counsel, both "admits" that she is the author of a blog that addresses "Morgan Paraskevas" regarding statements made in another blog, and also states that Plaintiff "has no responsive communications with Mr. Morgann Parakevas regarding the allegations in her Complaint or her claims against Defendant."  ECF No. 226-2 at 15, 23.  Defendant appears to argue that these statements are simultaneously contradictory and therefore show that Plaintiff's former counsel knew that at least the second statement was untrue.  However, given that Plaintiff's admission indicates that Defendant has notice of the blog, and given that an online blog that is not mailed or otherwise directly sent to the attention of a person is arguably not a "communication[]" with that person, the Court finds that Plaintiff's former counsel did not knowingly make a false statement in Plaintiff's Responses and Objections to Defendant's First Set of Written Discovery Requests that needed to be corrected.  These issues that Plaintiff has raised regarding documents and interrogatory responses produced during discovery, ECF No. 226 at 7–12, do not give rise to sanctions against Plaintiff's former counsel.

### f.    Timeliness of the Motion and Rule 11's Safe Harbor Provision

Finally, Plaintiff and her former counsel have both raised arguments regarding the timeliness of the present Motion for Sanctions and whether it complies with Rule 11's safe harbor provision.  *See* ECF No. 254 at 4–5, 10–11, 20–21; ECF No. 256 at 7–9; Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or be

presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.").  However, because the Court finds, for the reasons stated above, that the motion should be denied, in any case, it need not reach these additional arguments for denial.  Accordingly, Defendant's Motion for Imposition of Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Against Plaintiff and her Counsel, ECF No. 226, is DENIED.

### 2.    Plaintiff's Motion for Sanctions

Plaintiff moves pursuant to Rule 11 for sanctions "against Defendant and his counsel, jointly and severally, on the grounds that Defendant's Motion for Rule 11 sanctions is frivolous, not warranted by existing law, presented for an improper purpose in bad faith, and Defendant's factual contentions have NO evidentiary support."  ECF No. 241 at 1.  Although Defendant's motion is, for the reasons stated above, unsuccessful, that does not render it frivolous.  *See, e.g.*, *Greeley Publ'g Co.*, 233 F.R.D. at 611–12 ("Litigants misuse [Rule 11] when sanctions are sought against a party or counsel whose only sin was being on the unsuccessful side of a ruling or judgment.").

Here, as in *Greeley*, "it is clear that defense counsel made reasonable inquiries into the applicable case law and carefully considered her legal arguments."  *See* 233 F.R.D. at 611.  Further, the Court does not find that Defendant's Motion was "presented for an improper purpose in bad faith."  *Cf.* ECF No. 241 at 1.  Allegations of untruthfulness on the part of both parties have been slung from both sides.  This case was dismissed before discovery was completed as a sanction against Plaintiff for contempt, *see* ECF

Nos. 218, 222, and "Rule 11 lacks a framework under which factual issues may be settled," *Ross*, 2009 WL 4250124, at *2.  It appears from the record in this case that the Court cannot rely on Plaintiff to testify truthfully or submit truthful filings to the Court.  *See, e.g.*, ECF No. 218 at 2–3, 4 n.1 (Magistrate Judge Hegarty's Recommendation, stating, "I believe Plaintiff's responses to counsel's and my questions were evasive at best and deceiving or untrue at worst"; "It is my belief that Plaintiff has violated [the Court's] Order [to disclose the author of any ghostwritten submissions to the Court] with everything she has filed since September 15, 2022"; and "I believe [Plaintiff's answer to a question that she did not remember] only furthers her mockery of the Court's Order by disingenuously purporting to answer questions and, at the same time, potentially committing perjury").  Given all this, it is difficult, if not impossible, for the Court to get to the bottom of who has been untruthful when.[3]  Particularly in light of Magistrate Judge Hegarty's observations and beliefs that Plaintiff has been untruthful during this litigation, *see* ECF No. 218 at 2–3, which the Court accepted and adopted, ECF No. 222, the Court does not find that Defendant's Motion for Sanctions was entirely frivolous or "presented for an improper purpose in bad faith."  *Cf.* ECF No. 241 at 1.  Accordingly, the Court DENIES Plaintiff's Motion for Rule 11 Sanctions, ECF No. 241.

---

[3] In any case, as stated, it is not "appropriate for the Court to resolve the parties' factual disputes on a motion for sanctions under Rule 11."  *Trimarco*, 2019 WL 142124, at *5; *Ross*, 2009 WL 4250124, at *2 ("[U]nlike a motion for summary judgment or other established means for addressing the merits of a case, Rule 11 lacks a framework under which factual issues may be settled.").

### 3. Motions Regarding Defendant's Request for Supplemental Briefing

After Plaintiff filed a Reply in Support of Her Motion for Rule 11 Sanctions, ECF No. 266, Defendant filed a Motion to Seek Leave to Respond to New Material Raised in Doc 266 (With Attachments), ECF No. 267. Defendant's motion requests leave to respond to a statement made by Plaintiff in her Reply in Support of her Motion for Rule 11 Sanctions, ECF No. 266 at 1–2, regarding the date of birth of Defendant's daughter and whether it serves as circumstantial evidence to "prove the date of publication and Defendant's online statement was published within one year before Plaintiff filed suit." ECF No. 267 at 1 (citing ECF No. 266 at 1–2). Defendant attaches two declarations— one signed by him and another signed by an individual named Surya Yelaswarapu—to "explain why Ms. Luo's new assertion is incorrect" and requests that the Court consider them in deciding Plaintiff's Motion for Sanctions. *Id.* at 2. Plaintiff filed a Response in Opposition to this request, ECF No. 270, and Objections to Defendant Wang's Declaration, ECF No. 271, as well as a second Motion for Sanctions, this time pursuant to Fed. R. Civ. P. 37(c)(1) and 26(g), arising from Defendant's request to submit the Declaration of Yelaswarapu, ECF No. 268.

Plaintiff's second Motion for Sanctions argues that Defendant failed to disclose Yelaswarapu as an "individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses" pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i). *See* ECF No. 268 at 2–3, 5, 9–10. Plaintiff also argues that Defendant failed to later supplement his initial disclosure with information about Yelaswarapu pursuant to Rule 26(e)(1)(A). *See id.*

Hence, Plaintiff argues that Defendant should be subject to sanctions pursuant to Rules 26(g)(3) and 37(c)(1).  *Id.* at 6–8, 10–15.  On March 20, 2023, the Court entered an order staying any briefing on this Motion for Sanctions, noting that "[i]f the Court denies [Defendant's motion to file new material, ECF No. 267], Plaintiff's new motion for sanctions, ECF No. 268, will be rendered moot."  ECF No. 269.

Indeed, the Court concludes that Defendant's request that the Court consider the Declarations submitted at ECF No. 267 should be DENIED AS MOOT because the Court need not—and declines to—address the argument raised in Plaintiff's reply brief regarding whether the date of birth of Defendant's daughter serves as circumstantial evidence of the date of publication of any alleged defamatory statement.  As Defendant points out, ECF No. 267 at 1, Plaintiff's argument, to which Defendant's Declarations are intended to respond, was raised for the first time in her Reply brief, rather than her initial motion.  *Compare* ECF No. 241 *passim*, *with* ECF No. 266 at 1–2.  As such, that argument is waived, and the Court declines to consider it in deciding Plaintiff's Motion for Sanctions, ECF No. 241.  *See, e.g.*, *In re Motor Fuel Temperature Sales Pracs. Litig.*, 872 F.3d 1094, 1112 n.5 (10th Cir. 2017) (citing *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011)) ("[A]rguments raised for the first time in a reply brief are waived."); *Midtown Invs., LP v. Auto-Owners Ins. Co.*, No. 20-cv-01594-PAB-STV, 2022 WL 17039225, at *3 n.2 (D. Colo. Nov. 17, 2022) (citing *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016)) ("An argument raised for the first time in a reply brief is waived.").  Given that the Court will not consider Plaintiff's argument to which Defendant's Declarations are intended to respond,

Defendant's request to submit those Declarations is moot, and Defendant's motion at ECF No. 267 is accordingly DENIED AS MOOT.

Further, given that the Court denies as moot Defendant's request that the Court consider the Declarations submitted at ECF No. 267, Plaintiff's motion for sanctions related to Defendant's attempt to use one of those Declarations, ECF No. 268, is also moot, as are her Objections to Defendant Wang's Declaration, ECF No. 271.  For these reasons, Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(c)(1) and 26(g), ECF No. 268, is also DENIED AS MOOT.

## III.   PLAINTIFF'S MOTION FOR REVIEW OF THE CLERK'S TAXATION AWARD

### A.   Legal Standard

Generally, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  "The clerk may tax costs on 14 days' notice."  *Id.*  "On motion served within the next 7 days, the court may review the clerk's action."  *Id.*  Further, 28 U.S.C. § 1920 provides that:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;
>
> (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)   Fees and disbursements for printing and witnesses;
>
> (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)   Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"Rule 54 creates a presumption that the district court will award costs to the prevailing party."  *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009); *see also Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995) (noting "the presumption favoring award of statutorily authorized costs").   "[D]enying costs to a prevailing party is a 'severe penalty,'" and "the district court 'must provide a valid reason' for denying such costs."  *In re Williams Sec. Litig.*, 558 F.3d at 1147 (quoting *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995)) (citing *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458–59 (10th Cir. 1995)).

"A prevailing party bears the burden of establishing the amount of costs to which it is entitled," which "must be reasonable."  *Id.* (internal quotations and citations omitted).  "Once a prevailing establishes its right to recover allowable costs, however, the burden shifts to the 'non-prevailing party to overcome' the presumption that these costs will be taxed."  *Id.* (quoting *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004)).   "The taxing of costs rests in the sound judicial discretion of the district court."  *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998).

**B.     Analysis**

Pursuant to the October 19, 2022 Order adopting the September 26, 2022 Recommendation of United States Magistrate Judge Hegarty and dismissing this case with prejudice and the October 19, 2022 Final Judgment entered in Defendant's favor, ECF No. 223, Defendant is the prevailing party under Rule 54(d)(1) and is entitled to

costs.  *See Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2011) (quoting Wright & Miller, *Federal Practice & Procedure* § 2667) ("[U]sually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1).").  Defendant submitted his Itemization of Costs Requested Pursuant to 28 U.S.C. § 1920, listing 14 items to be taxed, and his request for costs totaled $4,400.78.  ECF No. 244 at 4.  The Clerk awarded most of those costs but declined to award costs listed in items 2, 6, 7, 8, and 14.  *See* ECF No. 247 at 2.  The Clerk also awarded a decreased amount of the costs associated with "[t]ranscript copy fee for the court date 8/24/2022," which was item 5.  *Id.*  In total, the Clerk taxed a total of $3,392.61 in costs.  *Id.*  Plaintiff requests that the Court review the award of costs that the Clerk did allow.  The Court addresses Plaintiff's arguments regarding various categories of items taxed against her below, and for the reasons stated, the Court DENIES Plaintiff's request to review the award of costs and "order that no costs [be] awarded to Defendant or, in the alternative, issue an order limiting those costs . . . ."  *See* ECF No. 249 at 26.

### 1.    Costs Associated with the September 22, 2022 Deposition

First, to the extent Plaintiff requests that the Court review the Clerk's award of any costs to Defendant associated with the September 22, 2022 deposition, that request is denied.  In his September 26, 2022 Recommendation to sanction Plaintiff for contempt, Magistrate Judge Hegarty recommended not only that Plaintiff's case be dismissed, but also that "Defendant be awarded his reasonable fees and costs associated with arranging, preparing for, and attending the deposition of September 22, 2022."  ECF No. 218 at 6.  The Court accepted and adopted this Recommendation in its October 19, 2022

Order.  ECF No. 222 at 2, 13–14.  Hence, the costs "associated with arranging, preparing for, and attending the deposition of September 22, 2022" were ordered separately by the Court to sanction Plaintiff for contempt and therefore may not now be subject to a motion to review the clerk's taxation of those costs without the Court reconsidering its prior order sanctioning Plaintiff, ECF No. 222.  Nothing in Plaintiff's present motion has given the Court any reason to do so, nor is the Court inclined to do so.

Therefore, the costs "associated with arranging, preparing for, and attending the deposition of September 22, 2022" were properly awarded by the Clerk.  *See* ECF No. 247 at 2; *cf.* ECF No. 249 at 7–8.  Those costs include all costs taxed by the Clerk in items 1, 3, 4, and 5, which were:

1. "Transcript cost for the Deposition on 9-22-2022," totaling $2,657.05, ECF No. 247 at 2;

3. "Cost associated with obtaining evidence for the Deposition on 9-22-2022," totaling $194.30, *id.*;

4. "Cost associated with obtaining evidence for the Deposition on 9-22-2022," totaling $65.81, *id.*;

5. "Transcript copy fee for the court date 8/24/2022," which was "ordered and used in preparation for the 9/22/2022 deposition" and for which the Clerk "reduced the per page charge to the standard court reporter rate, striking the expedited rate," totaling $251.85, *id.*

Plaintiff also argues that "Defendant is not entitled to recover the same expense twice, such as transcript cost for 9-22-2022 transcript and copy for 8/24/2022 conference

that he has claimed pursuant to October 19, 2022 order." ECF No. 249 at 25. However, there is nothing in the record to indicate that Defendant is receiving double recovery of any costs. He has requested and been awarded costs for transcripts for three different court settings: the "Deposition on 9-22-2022," the "court date 8/24/2022," and the "court date 4/8/2021." ECF No. 247 at 2. These transcripts are not duplicative of each other. Nor does the October 19, 2022 order allowing costs associated with the September 22 deposition render any award in the Clerk's Bill of Costs duplicative. *See* ECF No. 222; ECF No. 247.

The only remaining costs that the Clerk taxed against Plaintiff are items 9 through 12 involving costs for "Pacer Fee Usage," totaling $194.80, and item 13 for the "[t]ranscript copy fee for the court date 4/8/2021," amounting to $28.80. ECF No. 247 at 2. Plaintiff challenges these costs, as well, and the Court addresses those arguments below.

### 2. Costs for "Pacer Fee Usage"

Regarding the $194.80 in costs taxed in items 9 through 12 for "Pacer Fee Usage," the Clerk noted that he "treated [these items] as *copying* charges under 28 U.S.C. § 1920(2) [sic]." ECF No. 247 at 2 (emphasis in original); *compare* 28 U.S.C. § 1920(2) (authorizing taxation of costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"), *with* § 1920(4) (authorizing taxation of costs for "[f]ees for exemplification and the costs of making **copies** of any materials where the copies are necessarily obtained for use in the case") (emphasis added). Plaintiff argues that these PACER charges are not properly taxed as copying charges and instead are non-taxable costs for "Computer-Assisted Legal Research (CALR)." ECF No. 249 at 19–

20 (citing *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1180 (10th Cir. 2005); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995)).  However, the Clerk acknowledged that "PACER charges are not normally awarded" but went on to note that "the documents obtained through PACER were of records of proceedings in other federal cases involving Plaintiff, and those records were obtained and used as part of the discover[y] process." ECF No. 247 at 2.  These copies of records from other cases were made for fact-finding purposes, rather than legal research purposes.  Given this, and being mindful that there is a "presumption favoring award of statutorily authorized costs," *Jones*, 54 F.3d at 633, the Court finds that the Clerk appropriately "treated [these items] as *copying* charges," which are statutorily authorized under 28 U.S.C. § 1920(4).

Plaintiff goes on to argue that "other federal cases involving Plaintiff . . . have no bearing on the merits of this case."  ECF No. 249 at 21.  However, courts "do not 'employ the benefit of hindsight' in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case."  *In re Williams Sec. Litig.*, 558 F.3d at 1148 (quoting *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998)).  Courts "base this determination, instead, solely 'on the particular facts and circumstances at the time the expense was incurred.'"  *Id.*  "The standard is one of reasonableness.  If 'materials or services are reasonably necessary for use in the case,' even if they are ultimately not used to dispose of the matter, the district court 'can find necessity and award the recovery of costs.'"  *Id.* (internal citation omitted) (quoting *Callicrate*, 139 F.3d at 1339).  Here, the fact that Plaintiff was engaged in other litigation and the fact that she had "been sanctioned several times for her litigation conduct" in

other cases was noted in Magistrate Judge Hegarty's September 26, 2022 Recommendation in which he noted Plaintiff's "repeated disobedience of Court orders (not simply in this Court but in others as well)."  ECF No. 218 at 5 (citing ECF No. 94). Further, Plaintiff's participation in other litigation was pertinent to the disputes in this case regarding whether she should proceed under a pseudonym here.  *See, e.g.*, ECF No. 94 at 6.  Therefore, the Court rejects Plaintiff's argument that the PACER fees were not reasonably necessary.

Plaintiff also argues that Defendant should not have had to incur these charges because "[e]lectronic records and paper court records retained at the court can be viewed for free at the court public terminal"; because Defendant "could have made a request for production of documents and Plaintiff could have produced those documents free of charge"; and because the number of copies that Defendant needed was "grossly excessive."  ECF No. 249 at 20, 22.  However, the Court concludes that these arguments are not sufficient to rebut the presumption that favors awarding statutorily authorized costs.  For these reasons, the Court finds, in its discretion, that the costs taxed against Plaintiff related to Defendant's PACER fees in items 9 through 12 were reasonable.

### 3.    Costs for the 4/8/2021 Transcript

Regarding the $28.80 in costs taxed in item 13 for the "[t]ranscript copy fee for the court date 4/8/2021," the itemization of costs in the Clerk's Bill of Costs states that this transcript was "[n]ecessary to brief the issues."  ECF No. 247 at 2.  In addition, the Clerk noted that "Plaintiff's counsel, before withdrawal, cited extensively from that hearing in a response to a motion to dismiss.  Defendant would logically need a copy for adequate

preparation of a response." *Id.* Plaintiff argues, first, that her "former counsel did not cite extensively from the 4/8/21 hearing in a response to a motion to dismiss." ECF No. 249 at 24. This is incorrect, as Plaintiff's former counsel discussed the "April 8, 2021 status conference" in their letter filed in response to Defendant's letter regarding his intention to move to dismiss the Complaint, filed pursuant to the previously presiding District Judge's Practice Standards. *See* ECF Nos 71, 75, 75-1 (exhibit to Plaintiff's former counsel's letter including one page from a 24-page transcript of the April 8, 2021 status conference). In addition, Plaintiff's former counsel cited to the April 8, 2021 status conference transcript again in the Response to Defendant's Renewed Motion to Dismiss. ECF No. 79 at 3.

Next, Plaintiff argues that Defendant "nowhere shows that the transcript was used by the court in reaching a decision" and argues that the fact that Defendant requested the expedited transcript after the April 8, 2021 status conference, rather than months later once the responses to the motion to dismiss letter and briefing were filed, "indicates the transcript was not obtained to prepare Defendant's reply to Plaintiff's response to MTD." ECF No. 249 at 24. Further, Plaintiff argues that "Defendant did not address the 4/8/21 conference in his reply in support of (ISO) MTD"; that "Defendant was only partially successful in his motion to dismiss"; and that counsel could have taken notes at the April 8, 2021 status conference, rather than ordering a transcript. *Id.*

However, as stated above, courts "do not 'employ the benefit of hindsight' in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case." *In re Williams Sec. Litig.*, 558 F.3d at 1148. Thus, the Court "will not 'penalize a party who happens to prevail on a dispositive motion by not

awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.'"   *Id.* (quoting *Callicrate*, 139 F.3d at 1340).   Plaintiff's former counsel cited to, and attached, a page of the April 8, 2021 status conference transcript in briefing at the motion to dismiss stage.   The Court finds, in its discretion, that the facts that Defendant anticipated the need for that transcript soon after the status conference and did, in fact, use the transcript in briefing on Defendant's motion to dismiss constitute "particular facts and circumstances at the time the expense was incurred" that warrant a taxation of the cost of the transcript against Plaintiff.   *See id.*

### 4.      Plaintiff's Indigent Status

Finally, Plaintiff argues that costs should not be taxed against her because she is indigent and was granted leave to proceed in forma pauperis in this case and to proceed in the Tenth Circuit without pre-paying costs and fees.   *See* ECF No. 249 at 25 (citing ECF Nos. 2, 5, 225; *Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 659–60 (10th Cir. 2013)).   However, in *Debord*, the Tenth Circuit held that "[t]he circumstances in which a district court **may** [not must] properly deny costs to a prevailing party include when . . . the nonprevailing party is indigent."   737 F.3d at 659–60 (emphasis added). Here, this case was dismissed when Plaintiff was found in contempt; her "evasive conduct ha[d] cost the Defendant (a private individual) in this basic tort case over $100,000 in attorney's fees"; she "ha[d] . . . caused an enormous expenditure of judicial resources"; and "[s]he [wa]s knowingly, personally, and solely responsible for her actions, and her culpability is without question."   ECF No. 218 at 5.   The Court concludes, in its discretion,

that, under these circumstances, Plaintiff cannot hide behind her indigent status to avoid

payment of Defendant's reasonable costs here.

## IV.   CONCLUSION

For the reasons stated above:

- Defendant's Motion for Imposition of Sanctions, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Against Plaintiff and Her Counsel, ECF No. 226, is DENIED;

- Plaintiff's Motion for Rule 11 Sanctions, ECF No. 241, is DENIED;

- Defendant's Motion to Seek Leave to Re[s]pond to New Material Raised in Doc 266 (With Attachments), ECF No. 267, is DENIED AS MOOT; and

- Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(c)(1) and 26(g), ECF No. 268, is DENIED AS MOOT.

In addition, for the reasons also stated above, Plaintiff's Motion for Review of Clerk's

Taxation Award to Defendant Under FRCP 54(d)(1), ECF No. 249, is DENIED.


DATED:  July 13, 2023.


BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge