UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

        Plaintiff,

v.

PAUL WANG,

        Defendant.

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*8:36 am, Feb 22, 2024*
**JEFFREY P. COLWELL, CLERK**

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR FINAL JUDGMENT AMOUNT

Plaintiff hereby submits the following opposition to Defendant's motion for final judgment amount. ECF 281.

## I. DEFENDANT FAILED TO CONFER IN GOOD FAITH

Defendant's motion should be denied due to his failure to engage in good faith confer as required by court rules. The sequence of events, including the lack of specificity in communication, unreasonable demands for response times, baseless accusations, and name-calling, demonstrates a clear disregard for the principles of cooperation and professionalism in legal proceedings.

On Friday, February 16, 2024, Defendant sent an email without specificity and demanded response from Plaintiff by Sunday, February 18, 2024, 5 pm. Decl., Luo ¶2. On Sunday, February 18, 2024 Defendant sent Plaintiff a second email to request response **by the end of President's Day, February 19, 2024**. Decl., Luo ¶3. On Sunday, February 18, 2024 at 8:19 PM, Plaintiff emailed Defendant to acknowledge receipt of his communication, express her concern regarding the lack of engagement in good faith meet and confer, and remind him that while

1

Plaintiff is committed to addressing legal matters promptly, she respectfully request that he refrains from demanding or expecting correspondence during weekends and holidays unless there is an emergency motion. Decl., Luo ¶4.

In response to Plaintiff's assertion of the failure to engage in good faith confer, on President's Day, February 19, 2024 at 8:23 AM, despite Plaintiff did not send Defendant any email on February 11, 2011, nor did she file any motion on President's Day, February 15, 2011, Defendant sent Plaintiff an email with the use of derogatory language making baseless accusations and engaging in name-calling. Decl., Luo ¶5.

Approximately 20 minutes after name-calling Plaintiff, before response deadline set by Defendant, Defendant electronically served Plaintiff the instant motion. Decl., Luo ¶6. Denying Defendant's motion is necessary to maintain the integrity of the legal process and protect the rights of all parties involved.

## II.     DEFENDANT'S MOTION FOR FINAL JUDGMENT AMOUNT IS UNTIMELY AND IMPROPER

First, as a general matter, the Tenth Circuit has indicated that a party may not file motions in a closed case. *Pemberton v. Patton*, 757 Fed.Appx. 689, 691-92 (10th Cir. 2018). Rather, the party must first successfully move to re-open the case under either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. Id.; see also *Kobel v. Lansing Corr. Facility*, No. 13-3088-SAC, 2013 WL 12064535, at *3 (D. Kan. Nov. 12, 2013) ("A party may not file motions in a closed case unless it is has first been reopened."). Courts regularly decline to substantively consider motions filed in a case after the case has been closed. See, e.g., *Garcia v. Waken*, No. 16-cv-01977-PA B -NYW, 2021 WL 4947236, at *3 (D. Colo. Aug. 3, 2021); *Palomarez v. Young*, No. CV 21-00417 WJ/LF, 2021 WL 1784941, at *2 (D.N.M. May 5, 2021); *Center v.*

*United States*, No. 16-cv-102-F, 2017 WL 7520596, at *3 (D. Wyo. Mar. 31, 2017).

Second, this case was closed on October 19, 2022. Defendant has unreasonably delayed 489 days in filing the instant motion and he has not articulated any factual or legal basis for the unreasonable delay. Litigants have a duty to diligently pursue their legal matters and to act promptly in accordance with court procedures and deadlines. Defendant's failure to file the instant motion in a timely manner reflects a lack of diligence and disregard for their legal obligations. Considering the recent withdrawal of Defendant's attorney on February 7, 2024, it is clear that Defendant, although being no longer represented by counsel, cannot claim ignorance as a pro se litigant and was expected to have conducted themselves with due diligence for 476 days.

Both the Tenth and Eleventh Circuits have found a party's claims barred by laches where: (1) a party delays bringing a claim; (2) the delay is unreasonable or inexcusable; and (3) the delay causes undue or material prejudice to the party against whom the claim is asserted. See, e.g., *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 949 (10th Cir. 2002); *Kason Indus., Inc. v. Component Hardware Group, Inc*., 120 F.3d 1199, 1203 (11th Cir.1997). After the close of the case, Plaintiff proceeded with appeal with no anticipation that, years down the road, she would have to defend against Defendant's stale motion, which "unfairly surprises or prejudices the affected party." *White v. New Hampshire Dept. of Emp't Sec*., 455 U.S. 445, 454 (1982).

### III. DEFENDANT'S MOTION SHOULD BE DENIED DUE TO HIS UNCLEAN HANDS

The unclean hands doctrine requires that "he who comes into equity must come with clean hands." *Precision Instrument Mfg. Co v. Auto. Maint. Mach. Co*., 324 U.S. 806, 814 (1945). The doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." Id. Stated conversely, a party seeking

relief must "have acted fairly and without fraud or deceit as to the controversy in issue." Id. at 815; see *Worthington v. Anderson*, 386 F.3d 1314, 1319 (10th Cir. 2004) (using the Supreme Court's unclean hands standard from Precision in the Tenth Circuit). See also *In re Kingsley*, 518 F.3d 874, 878 (11th Cir. 2008) (noting the Eleventh Circuit's unclean hands doctrine bars relief to a party who "has acted in bad faith, resorted to trickery and deception, or been guilty of fraud, injustice or unfairness").

In this case, Defendant's intentional failure to disclose crucial witness information as mandated by Rule 26 of the FRCP, despite ample time passing since the commencement of the legal proceedings, undermines the integrity of the discovery process and impedes Plaintiff's ability to prepare her case adequately. See ECF 268. Defendant's actions deprived Plaintiff of the opportunity to address the fraudulence in a timely manner[1], resulting in prejudice to Plaintiff's legal rights and interests.

Defendant's inequitable and fraudulent conduct in this case, as outlined above, rises to the level of unclean hands. As such, the Court should Defendant's motion for final judgment amount under the doctrine of unclean hands.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion for final judgment amount.

Dated: February 21, 2024        Respectfully submitted,

*/s/ Xingfei Luo*
Plaintiff in Pro Se and sole author

---

[1] Plaintiff could not discover Defendant's fraud until March 1, 2023 when he filed ECF 267.

4

## **DECLARATION OF XINGFEI LUO**

I, Xingfei Luo, declare and state:

1. I am the plaintiff in this case. I have personal knowledge of the facts in this declaration. If called on to testify, I could and would competently do so under oath.

2. On Friday, February 16, 2024 Defendant sent me a confer email and demanded response by Sunday, Feb 18 at 5 pm. In his email he did not provide legal authority or specify the amount involved. A true and correct copy of the correspondence is attached hereto as Exhibit 1.

3. On Sunday, February 18, 2024 Defendant sent me a second email to request response by the end of President's Day, February 19, 2024. A true and correct copy of the correspondence is attached hereto as Exhibit 1.

4. On Sunday, February 18, 2024 at 8:19 PM, I emailed Defendant to acknowledge receipt of his communication, express my concern regarding the lack of engagement in good faith confer, and remind him that while I am committed to addressing legal matters promptly, I respectfully request that he refrains from demanding or expecting correspondence during weekends and holidays unless there is an emergency motion. A true and correct copy of the correspondence is attached hereto as Exhibit 1.

5. On President's Day, February 19, 2024 at 8:23 AM, despite I did not send Defendant any email on February 11, 2011, nor did I file any motion on President's Day, February 15, 2011, Defendant sent me an email with the use of derogatory language making baseless accusations and engaging in name-calling. A true and correct copy of the correspondence is attached hereto as Exhibit 1.

6. Approximately 20 minutes after his name-calling email, Defendant electronically served me the motion. A true and correct copy of the correspondence is attached hereto as Exhibit 2.

I declare under penalty of perjury, that the foregoing is true and correct.

DATED: February 21, 2024

*/S/ XINGFEI LUO*

## **CERTIFICATE OF SERVICE (CM/ECF)**

  I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. The CM/ECF system will send notification of such filing to all ECF registered users. In addition, the foregoing has been electronically served to the following email address:

 Paul Wang

 student007@hotmail.com


 DATED: February 21, 2024

           */s/ Xingfei Luo*

# EXHIBIT 1



### Re: Case 1:20-cv-02765 - meet and confer

**From:** "Paul Wang" <student007@hotmail.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>
**Date:** Feb 19, 2024 8:23:10 AM

In case you haven't noticed, I replied to the conferral email you sent on Friday Feb 11, 2011 at 1:16 PM demanding that I gave an answer by end of day that day a mere 4 hour window, and then you filed your motion on President's day, Feb 15, 2011 which was a Federal Holiday. So the notice I afforded you was more than what you gave me. Stop being a hypocrite.

The legal authority is the final order, Final Judgement October 19th, 2022 Order (ECF 223). I have submitted "Proposed Bill of Cost" for Attorney's Fees (ECF 227) and Expenses (ECF 228) associated with the September 22, 2022 deposition. You filed motion to oppose them, both Attorney's Fees (ECF 242) and Expenses (ECF 243). Costs Taxed by Clerk in the amount of $3,392.61 against Plaintiff and in favor of Defendant was entered on December 1st, 2022 (ECF 247) The court had denied your ECF 243 with an Order on July 13, 2023 (ECF 274). My motion is to ask the court to rule on ECF 227 and issue a final order in the amount including both Attorney fees and Expenses associated with the Sep 22, 2022 deposition.

Am I understanding correctly that your position is to oppose?

---

**From:** co20_2765@mail.com <co20_2765@mail.com>
**Sent:** Sunday, February 18, 2024 8:19 PM
**To:** Paul Wang <student007@hotmail.com>
**Subject:** Re: Case 1:20-cv-02765 - meet and confer

While I acknowledge receipt of your communication, I must express my concern regarding the lack of engagement in good faith meet and confer prior to your decision to pursue the motion. It is imperative that parties engage in meaningful dialogue, exchange relevant legal authority, and discuss the amount in question before resorting to formal proceedings. Your failure to provide legal authority and specify the amount involved in your email is troubling and contrary to the spirit of cooperation expected in local rules.
Additionally, I must remind you that while I am committed to addressing legal matters promptly, I respectfully request that you refrain from demanding or expecting correspondence during weekends and holidays unless there is an emergency motion. It is essential to allow reasonable time for response, especially during non-business hours. I also caution against making contact through channels no longer registered with this court.

---

> **Sent:** Sunday, February 18, 2024 at 4:53 PM
> **From:** "Paul Wang" <student007@hotmail.com>
> **To:** "Jane Doe" <courtproceeding9@gmail.com>, "co20_2765@mail.com" <co20_2765@mail.com>
> **Subject:** Re: Case 1:20-cv-02765 - meet and confer
>
> Ms Luo,
>
> This is the 2nd attempt to meet and confer about this motion. I have not received any response from you.
>
> Please state by the end of tomorrow (2/19/2024) your position, including but not limited to whether you would oppose the motion, and on what grounds you would

oppose the motion.

Paul

---

**From:** Paul Wang <student007@hotmail.com>
**Sent:** Friday, February 16, 2024 7:37 AM
**To:** Jane Doe <courtproceeding9@gmail.com>; co20_2765@mail.com <co20_2765@mail.com>
**Subject:** Re: Case 1:20-cv-02765 - meet and confer

Ms Luo,

I am writing to inform you of a forthcoming post-judgment motion I intend to file in the Colorado District Court for a final judgement amount on the attorney fees and cost associated with the 9/22/2022 deposition, following the recent affirmation in the Tenth Circuit. As you are aware, the case was dismissed with prejudice, and subsequent appeals and applications for en banc review were unsuccessful.

In accordance with the Colorado District Court Local Rules, specifically D.C.COLO.LCivR 7.1(a), I am obliged to confer with opposing parties before filing such motions. Therefore, I kindly request your response to the proposed motion by Sunday, Feb 18 at 5 pm.

Let me know your position, including but not limited to whether you would oppose the motion, and on what grounds you would oppose the motion.

Sincerely,

Paul Wang


Get Outlook for iOS

**From:** Jane Doe <courtproceeding9@gmail.com>
**Sent:** Thursday, February 11, 2021 1:16 PM
**To:** student007@hotmail.com <student007@hotmail.com>
**Subject:** Case 1:20-cv-02765 - meet and confer

Mr Wang,
This email is an attempt to meet and confer pursuant to D.C.COLO.LCivR 7.1. Plaintiff intends to file a motion for appointment of counsel. Please let me know by the end of today your position, including but not limited to whether you would oppose the motion, and on what grounds you would oppose the motion.
Thank you.
Doe

EXHIBIT 2



## Re: Case 1:20-cv-02765 - meet and confer

**From:** "Paul Wang" <student007@hotmail.com>
**To:** "co20_2765@mail.com" <co20_2765@mail.com>
**Date:** Feb 19, 2024 8:44:48 AM

📄 0-DefendantsPostAppealMotionForFinalJudgementAmount-Main.pdf
📄 1-DefendantsPostAppealMotionForFinalJudgementAmount-Exhibit1.pdf

This is to serve you the copy of the motion. I will file it today.

**From:** Paul Wang <student007@hotmail.com>
**Sent:** Monday, February 19, 2024 9:23 AM
**To:** co20_2765@mail.com <co20_2765@mail.com>
**Subject:** Re: Case 1:20-cv-02765 - meet and confer

In case you haven't noticed, I replied to the conferral email you sent on Friday Feb 11, 2011 at 1:16 PM demanding that I gave an answer by end of day that day a mere 4 hour window, and then you filed your motion on President's day, Feb 15, 2011 which was a Federal Holiday. So the notice I afforded you was more than what you gave me. Stop being a hypocrite.

The legal authority is the final order, Final Judgement October 19th, 2022 Order (ECF 223). I have submitted "Proposed Bill of Cost" for Attorney's Fees (ECF 227) and Expenses (ECF 228) associated with the September 22, 2022 deposition. You filed motion to oppose them, both Attorney's Fees (ECF 242) and Expenses (ECF 243). Costs Taxed by Clerk in the amount of $3,392.61 against Plaintiff and in favor of Defendant was entered on December 1st, 2022 (ECF 247) The court had denied your ECF 243 with an Order on July 13, 2023 (ECF 274). My motion is to ask the court to rule on ECF 227 and issue a final order in the amount including both Attorney fees and Expenses associated with the Sep 22, 2022 deposition.

Am I understanding correctly that your position is to oppose?

**From:** co20_2765@mail.com <co20_2765@mail.com>
**Sent:** Sunday, February 18, 2024 8:19 PM
**To:** Paul Wang <student007@hotmail.com>
**Subject:** Re: Case 1:20-cv-02765 - meet and confer

While I acknowledge receipt of your communication, I must express my concern regarding the lack of engagement in good faith meet and confer prior to your decision to pursue the motion. It is imperative that parties engage in meaningful dialogue, exchange relevant legal authority, and discuss the amount in question before resorting to formal proceedings. Your failure to provide legal authority and specify the amount involved in your email is troubling and contrary to the spirit of cooperation expected in local rules.
Additionally, I must remind you that while I am committed to addressing legal matters promptly, I respectfully request that you refrain from demanding or expecting correspondence during weekends and holidays unless there is an emergency motion. It is essential to allow reasonable time for response, especially during non-business hours. I also caution against making contact through channels no longer registered with this court.

**Sent:** Sunday, February 18, 2024 at 4:53 PM
**From:** "Paul Wang" <student007@hotmail.com>