FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:14 am, Feb 28, 2024
JEFFREY P. COLWELL, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02765-RMR-MEH

XINGFEI LUO,

    Plaintiff,

v.

PAUL WANG,

    Defendant.

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION FOR FINAL JUDGEMENT AMOUNT INCLUDING ATTORNY FEES AGAINST PLAINTIFF POST-APPEAL**

Defendant Paul Wang("Defendant"), in Propria Persona, hereby submits the reply to the Xingfei Luo ("Plaintiff", hereafter "Luo")'s Opposition (ECF 282).

### I. LUO COMMITTED FRAUD TO MISLEAD THE COURT:

Defendant made a typo in his conferral email to Luo, where he used 2011 instead of 2021 when indicating the date of the original conferral email Luo sent him on February 11th, 2021. Given that the original email with time stamp was attached to the exhibit (ECF 281, Exhibit 1), and given the context of the conversation, there is no way Luo would misunderstood the year to be 2011. And yet Luo filed her Opposition based on that fraudulent point, despite the Exhibit 1 clearly included the original email sent from her Jane Doe account with 2021 timestamp.

Luo did not disclose to Defendant or the Court that by February 9th, 2021 and since 2019, she had already filed **Fifteen** (15) Federal and State Civil Cases and Criminal Appeal in Propria

1

Persona[1]. After filing her first Motion for Appointment of Counsel (ECF 26) on Feb 9th, 2021, and subsequently getting denied by Magistrate Judge Michael E. Hegarty for failing to confer (ECF 29) with Defendant, on Friday, February 11th, 2021 at 1:16PM, Luo emailed a bad-faith, 2 sentence conferral to Defendant, demanding that Defendant gave a position by the End of Day that day, giving less than 4 hour window (assuming EOD means 5pm) for Defendant to respond, and promptly filed her Motion on the next **Monday, President's Day February 15th, 2021** (ECF 30).

Without proper disclosure of her fourteen other Federal and State lawsuits, or a proper conferral, the Court granted her 2nd Motion for Appointment of Counsel next day on February 16th, 2021 (ECF 33), not knowing that eventually by June of 2023, Luo would have filed at least 63 Federal and State Civil Cases and Criminal Appeals in Propria Persona. Such a person should not have been entitled to an Appointment of Counsel in a baseless Civil Suite she brought.

Given the context of Defendant's conferral email, it is dubious and borderline on perjury that Luo submitted this Opposition, stating that she "did not send a conferral in 2011". Is Luo's intent of putting the bad-faith denial in her "sworn statements" to mislead the Court? It would be disingenuous to believe that Luo did not know what a typo is after filing more than 1800 Motions herself in all her cases, especially after Defendant reply to her proposed motion (before Luo filed it with the Court) pointing out the typo. A true and correct copy of the full conferral email is attached as Exhibit 1.

II. **DEFENDANT'S MOTION IS TIMELY:**

The Court issued the Final Order on October 19th, 2022 (ECF 223) which clearly states

---

[1] See ECF 265, Exhibit A

that Defendant is entitled to expenses and fees for the Plaintiff's deposition on September 22, 2022. By that day, Luo already had two pending Appeal Cases stemming from this case with the 10th Circuit Court of Appeal, Case #22-1200 (Filed 6/29/2022, Denied 7/3/2023) and Case #22-1302 (Filed 9/21/2022, Denied 10/21/2022)

On November 14th, 2022, Luo filed a 3rd Appeal Case to the 10th Circuit Court of Appeal Case #22-1403, which was eventually Affirm in Full on December 13th, 2023, but the Mandate was not issued until January 26th, 2024. Days later, Defendant's attorney, Katayoun A. Donnelly, withdrew from the case, and the withdrawal was granted by the court (ECF 279 and 280). Defendant filed the instant motion on February 21st, 2024 only days after becoming Pro-Se, less than 30 days from the issuance of the Mandate for the Appeal Case.

Defendant believes that he should wait for all the Appeal Cases to settle before asking the Court to finalize the Final Judgement Amount against Plaintiff. Amidst the flurry of motions and appeals perhaps the Court forgot to make the Final Judgement Amount. This was not an invitation to re-litigate this frivolous and baseless case. And to take Luo's argument to the logical conclusion would mean that the part about "Defendant is entitled to the Fee and Cost" on the Final Order the Court entered on Oct 19th, 2022 was meaningless since Defendant could not begin collection process without an order clearly stating the Final Judgement Amount.

### III. LUO LOST THE CASE DUE TO HER CONTEMPT OF COURT:

Luo seem to have forgotten how her case was dismissed: It was due to her own actions at the September 22nd, 2022 Deposition. She was found to have committed Civil Contempt[2], and

---

[2] See ECF 218, Recommendation of U.S. Magistrate Judge, Page 3-4

3

possibly Perjury[3]. To quote U.S. Magistrate Judge Honorable Michael E. Hegarty:

> *"After I left the courtroom, Plaintiff apparently indicated her willingness to answer the questions. When defense counsel then posed the immigration status queries, Plaintiff answered to each, "I do not remember." Rather than ameliorate Plaintiff's blatant contempt, I believe this only furthers her mockery of the Court's Order by disingenuously purporting to answer questions and, at the same time, potentially committing perjury"* (ECF 218, Page 4, F.N. 1)

A vexatious litigant, who filed 63 known Federal and State Civil Cases and Criminal Appeals in the last 5 years, and got caught red-handed committing Civil Contempt and possibly Perjury in Court, should and did have her case dismissed with prejudice. This decision was also affirmed by the 10th Circuit Court as well[4].

It is also very telling that Luo believes her own self-serving declaration is the ultimate truth, while a neutral third party and the Defendant's Sworn Declarations, under the Penalty of Perjury, are just "fraud".

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that a party must disclose to the other party without awaiting a discovery request, ***unless the use would be solely for impeachment***:

> "…the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, **unless the use would be solely for impeachment**". Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added)

The third party witness's name and contact info had been disclosed to Luo since the first

---

[3] See ECF 218, Recommendation of U.S. Magistrate Judge, Page 4, Footnote 1
[4] See Order and Judgement Case #22-1403, 10 Cir., Page 8, Footnote 2 and 3

set of discovery response was sent to her. The subject of his testimony was considered solely for impeachment; therefore the Defendant did not need to disclose it to Luo. Only when Luo raise the issue of the date of the publication based purely on speculations[5], did Defendant provided the witness testimony to the Court. And the Court had already made the decision on those Motions (ECF 274). Luo lost her case because of her own illegal conduct, and she has no one else to blame but herself.

### IV. CONCLUSION:

The Defendant urges the court to promptly address this matter and enter an order specifying the Final Judgment Amount against the Plaintiff, as provided for in the Final Judgment Order (ECF 223). Based on the Submissions and the docket, Cost for Attorney's Fees was $15,428 (ECF 227, Page 2), and the adjusted Costs (Expenses) Taxed by Clerk was $3,392.61 (ECF 247), bringing the total amount before interest to be $ **18,820.61.**

In this instant action that had cost Defendant more than $100,000 in attorney's fees alone[6], this final judgement amount will enable the Defendant to proceed with the necessary legal steps to recover the awarded expenses and fees.

Respectfully Submitted on:  Feb 27, 2024.

*/s/Paul Wang*

Defendant in Pro Per

---

[5] Luo also denied authoring the defamation page against Defendant despite strong evidence showing she authored it. See ECF 265, Page 7, Footnote 6

[6] See ECF 218, Recommendation of US Magistrate Judge, Page 5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court. The CM/ECF system will send notification of such filing to all ECF registered users. In addition, the foregoing has been electronically served to the following email address:

Plaintiff:

Xingfei Luo
co20_2765@mail.com,

*/s/Paul Wang*

Defendant in Pro Per